IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

CASE NOS: 22-13410, 22-14099, 23-10387, & 23-13177

DONALD J. TRUMP,

*Plaintiff-Appellant*,

v.

HILLARY R. CLINTON, et al.,

*Defendants-Appellees*.

BRIEF OF APPELLEES ORBIS BUSINESS INTELLIGENCE LTD.,
CHARLES HALLIDAY DOLAN, JR., AND RODNEY JOFFE

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(CASE NO. 22-CV-14102)
(THE HONORABLE DONALD M. MIDDLEBROOKS, J.)

Enjoliqué Aytch Lett
Akiesha Gilcrist Sainvil
Greenberg Traurig, P.A.
Wells Fargo Center, Suite 4400
333 Southeast Second Avenue
Miami, Florida 33131
Telephone: 305.579.0500
Enjolique.Lett@gtlaw.com
Akiesha.Sainvil@gtlaw.com

*Counsel for Appellee Orbis Business Intelligence Ltd.*
(*Additional Appellees' Counsel listed in the signature block*)

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1, Appellees Orbis Business Intelligence Ltd. ("Orbis"), Charles H. Dolan, Jr. ("Dolan"), and Rodney Joffe ("Joffe") (collectively referred to herein as "Appellees") incorporate by reference the Certificate of Interested Persons in the Joint Defense Brief of Appellees [*see* CA11:154].

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 through 26.1-3 and 27-1(6), Appellee Orbis Business Intelligence Ltd. makes the following statement as to its corporate ownership: Orbis Business Intelligence Ltd. is a private limited corporation formed under the laws of England and wholly owned by Orbis Business International Ltd., which is also a private limited corporation formed under the laws of England.

/s/ *Enjoliqué Aytch Lett*
Enjoliqué Aytch Lett

## STATEMENT REGARDING ORAL ARGUMENT

Appellees believe this appeal presents neither a novel legal issue nor complex factual questions that would warrant oral argument. Moreover, oral argument will not assist in the resolution of this case and is unnecessary because the outcome is clearly controlled by binding precedent.

## STATEMENT REGARDING ADOPTION

Pursuant to Federal Rules of Appellate Procedure 28(i), and 28-1(f), Appellees Orbis, Joffe, and Dolan adopt pages C-1 to 91 of the Joint Brief of Appellees [*see* CA11:154], adopting in full arguments on the trial court's dismissal under Rule 12(b)(6), sanctions awarded to all Defendants, and all other issues besides (1) foreign personal jurisdiction and insufficient service of process issues specific to Orbis; (2) Rule 11 issues specific to Dolan; and (3) personal jurisdiction issues specific to Joffe, which are set forth herein. The arguments for affirmance addressed in this brief are separately and independently unique to Orbis, Joffe, and Dolan, and fully dispose of all of Appellant's claims against them.

# TABLE OF CONTENTS

STATEMENT OF THE ISSUES ................................................................ 1

STATEMENT OF THE CASE ................................................................. 1

  I.    Factual Background Unique to Orbis, Joffe, and Dolan. ....... 2

        A.   The Allegations Against Orbis, Joffe, and Dolan. ......... 2
        B.   Course of Proceedings and Disposition Below .............. 2

  II.   Factual Background Unique to Dolan ................................... 4

STANDARD OF REVIEW ...................................................................... 6

  I.    *De Novo* Review .................................................................. 6
  II.   Abuse of Discretion .............................................................. 7

SUMMARY OF THE ARGUMENT ........................................................ 7

  I.    Summary of Orbis' Argument ............................................... 7
  II.   Summary of Mr. Joffe's Argument ....................................... 8
  III.  Summary of Mr. Dolan's Argument ..................................... 10

ARGUMENT ..................................................................................... 12

  I.    THE DISTRICT COURT'S DISMISSAL SHOULD BE
        AFFIRMED AS TO ORBIS. ............................................... 12

        A.   The District Court Correctly Concluded That It
             Lacked Personal Jurisdiction As to Orbis. ................. 12

             1.   The district court does not have personal
                  jurisdiction over Orbis under the federal
                  RICO statute. ................................................. 13
             2.   The district court lacks specific jurisdiction
                  over Orbis. ..................................................... 16
             3.   Federal Due Process considerations require
                  dismissal ........................................................ 18

      B.    The District Court's Order May Be Affirmed On The Alternative Grounds Raised in Orbis' Motion to Dismiss. ..................................................................19

II.   THE DISTRICT COURT'S DISMISSAL SHOULD BE AFFIRMED AS TO MR. JOFFE. ..........................................20

III.  THE DISTRICT COURT'S RULE 11 AWARD SHOULD BE UPHELD AS TO MR. DOLAN. ....................23

      A.    Appellants Ignored Facts Despite Multiple Warnings and Repeatedly, Persistently Misstated the Same False Information as to Mr. Dolan. .............23

      B.    The Court Was Well Within Its Discretion To Award Sanctions Because President Trump's Lawsuit Had No Legal Basis and was Fueled by Improper Political Motivations. ...................................24

      C.    Cases Cited by Appellants Do Not Support Their Arguments. ...............................................................26

          1.    Sanctions are within the trial court's discretion. ........................................................26

          2.    Appellants did not do basic due diligence, or even apparently review prior pleadings. ............26

          3.    Excessive persistence justifies sanctions. ..........27

          4.    Given safe harbor provisions, Appellants could have easily avoided a Rule 11 filing. .........27

      D.    Appellants Are Attorneys, and Their Status As Officers of the Court Places Certain Limits on Their Advocacy, Which They Exceeded. .......................28

CONCLUSION ...........................................................................30

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Birmingham v. RoFx.net,*
    No. 21-23472-Civ, 2022 U.S. Dist. LEXIS 94981 (S.D. Fla.
    May 26, 2022) ....................................................................................... 17

*Carmouche v. Tamborlee Mgmt.,*
    789 F.3d 1201 (11th Cir. 2015) ............................................................. 6

*Catalyst Pharms., Inc. v. Fullerton,*
    748 F. App'x 944 (11th Cir. 2018) ....................................................... 17

*Clements v. LSI Title Agency, Inc.,*
    779 F.3d 1269 (11th Cir. 2015) ........................................................... 19

*Courboin v. Scott,*
    596 F. App'x 729 (11th Cir. 2014) ....................................................... 15

*Davis v. Carl,*
    906 F.2d 533 (11th Cir. 1990) ............................................................. 27

*Don't Look Media Ltd. Liab. Co. v. Fly Victor Ltd.,*
    999 F.3d 1284 (11th Cir. 2021) .................................................... 14, 15

*Donaldson v. Clark,*
    819 F.2d 1551 (11th Cir. 1987) ........................................................... 26

*Engwall v. Tinsley,*
    No. 8:22-cv-638-WFJ-AAS, 2023 U.S. Dist. LEXIS 72932
    (M.D. Fla. Apr. 26, 2023) .................................................................... 26

*Foreign Imported Prods. & Publ'g, Inc. v. Grupo Indus.*
    *Hotelero, S.A.,*
    No. 07-22066-CIV, 2008 U.S. Dist. LEXIS 108705 (S.D.
    Fla. Oct. 24, 2008) ............................................................................... 18

*Industrial Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*,
  141 F.3d 1434 (11th Cir. 1998) .......................................................... 27

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945) ............................................................................ 8

*Internet Sols. Corp. v. Marshall*,
  39 So.3d 1201 (Fla. 2010) ................................................................. 18

*Jackson v. Hall Cnty. Gov't*,
  568 F. App'x 676 (11th Cir. 2014) ...................................................... 7

*Louis Vuitton Malletier, S.A. v. Mosseri*,
  736 F.2d 1339 (11th Cir. 2013) ........................................................ 22

*McGregor v. In Tune Music Group*,
  No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190586
  (S.D. Fla. Feb. 10, 2016) .................................................................. 20

*Melgarejo v. Pycsa Panama*,
  S.A., 537 F. App'x 852 (11th Cir. 2013) ........................................... 18

*Newbauer v. Carnival Corp.*,
  26 F.4th 931 (11th Cir. 2022) ............................................................. 6

*Pardazi v. Cullman Med. Ctr.*,
  896 F.2d 1313 (11th Cir. 1990) ........................................................ 19

*Republic of Pan. V. BCCI Holdings (Luxembourg) S.A.*,
  119 F.3d 935 (11th Cir. 1997) .......................................................... 15

*Rogers v. Nacchio*,
  241 F. App'x 602 (11th Cir. 2007) .................................................... 18

*Sapuppo v. Allstate Floridian Ins. Co.*,
  739 F.3d 678 (11th Cir. 2014) ..................................................... 16, 21

*Snow v. DirecTV, Inc.*,
  450 F.3d 1314 (11th Cir. 2006) ........................................................ 17

*In re Takata Airbag Prod. Liab. Litig,*
   396 F. Supp. 3d 1101 (S.D. Fla. 2019) ................................................. 17

*Turi v. Stacey,*
   No: 5:13-cv-248-Oc-22PRL, 2014 U.S. Dist. LEXIS 202401
   (M.D. Fla. 2014) ....................................................................................... 20

## Statutes

18 U.S.C. §§ 1961-1968 ................................................................................. 13

18 U.S.C. § 1965 ............................................................................... 7, 12, 15

18 U.S.C. § 1965(b) ....................................................................................... 13

18 U.S.C. § 1965(d) ....................................................................................... 15

Fla. Stat. § 48.193 .................................................................................. 7, 12

Fla. Stat. § 48.193(1)(a)(2) .......................................................................... 12

## Other Authorities

Fed. R. Civ. P. 4(h) ...................................................................................... 19

Fed. R. Civ. P. 11 ..................... 1, 4, 5, 7, 10, 12, 23, 24, 25, 26, 27, 28, 29

Fed. R. Civ. P. 12(b)(6) ........................................................................ 3, 5, 6

## STATEMENT OF THE ISSUES

1.    Whether the district court correctly concluded that it lacked personal jurisdiction as to Orbis.

2.    Whether alternative grounds set forth in Orbis' motion to dismiss the amended complaint provide a sufficient alternative basis to affirm the district court's September 8, 2022 Order on Motions to Dismiss ("Order") dismissing Orbis.

3.    Whether the district court correctly concluded that it lacked personal jurisdiction as to Joffe.

4.    Whether the trial court abused its discretion – that is, made a clearly erroneous finding of fact or a clear error of law – in awarding Rule 11 sanctions against Appellants[1] as to Dolan.

## STATEMENT OF THE CASE

Appellees incorporate by reference the statement of the case set forth in the Joint Brief of Appellees [*see* CA11:154], filed by the Appellees

---

[1] For consistency, Appellees adopt the same citation style as Appellants. In addition, because this appeal includes appeals of both the dismissal order (to which Trump is the sole Appellant) and to the Rule 11 sanctions order (which includes his counsel as parties), this brief refers to "Trump" as the party to the merits issues and uses "Appellants" to refer to both Trump and his counsel.

in this appeal on June 3, 2024. Appellees expressly join in and adopt the facts therein as if fully set forth herein. Appellees Orbis, Joffe, and Dolan additionally include the following facts related to issues unique to them on appeal:

## I.    Factual Background Unique to Orbis, Joffe, and Dolan.

### A.    The Allegations Against Orbis, Joffe, and Dolan.

The original complaint in this action was filed on March 24, 2022. (DE:1.) The amended complaint, promising but failing "to cure the deficiencies raised in [defendants'] motions" (DE:66:2-3), was filed on June 21, 2022. (DE:177.) Both pleadings named Orbis, Joffe, and Dolan as defendants. (DE:1; DE:177.) The unchallenged facts below and on appeal are fully set forth in the motions to dismiss the amended complaint and reply filed Orbis, Joffe, and Dolan. (DE:260; DE:227; DE:225; *see also* DE:266; DE:249; DE:251.)

### B.    Course of Proceedings and Disposition Below

On July 14, 2022, Joffe and Dolan moved to dismiss the amended complaint for lack of personal jurisdiction and failure to state a claim upon which relief may be granted. (DE:227; DE:225; *see also* DE:249; DE:251.) Similarly, on August 18, 2022, Orbis moved to dismiss the amended complaint for lack of personal jurisdiction, insufficient service

of process, and failure to state a claim upon which relief may be granted. (DE:260; *see also* DE:266.) On September 8, 2022, in a collective opinion addressing all other defendants involved in the case, the district court granted Joffe's, Dolan's, and Orbis' motions to dismiss. (DE:267.) As to these defendants, the district court concluded that Trump failed to state a claim under RICO and, therefore, he could not rely upon that statute to establish jurisdiction. (DE:267:17.) The district court determined that it need not address any further argument concerning personal jurisdiction under RICO in light of its conclusion that Trump had failed to state a cognizable RICO claim. (*Id.*)

The district court went on to conclude, in light of Trump's specific jurisdiction argument (Trump did not argue general jurisdiction existed), that it also lacked personal jurisdiction over the defendants under Florida's long-arm statute. (DE:267:21.) In so concluding, the district court ruled that none of the torts alleged in Trump's complaint survived Rule 12(b)(6) scrutiny and, without those predicate torts, Florida's long-arm statute does not apply and the district court could not exercise jurisdiction over these defendants. (DE:267:19-21.) Further noting that "[i]t is undisputed that no part of [Defendants'] course of conduct occurred

in [Florida]," quoting *Walden v. Fiore*, 571 U.S. 277, 288 (2014), the district court ruled that Trump failed to allege "Defendants 'aimed' any conduct at Florida or could reasonably have anticipated that Plaintiff would be harmed in Florida, particularly in light of the fact that Plaintiff was a resident of New York at the time of the occurrences giving rise to Plaintiff's claims." (DE:267:19-20.)

The district court further added that the amended complaint lacked allegations "of any repeated and continuous efforts by any [d]efendant to avail themselves of Florida or its laws," therefore concluding it could not exercise personal jurisdiction under Florida's long-arm statute. (DE:267:21.) Finally, the district court concluded it need not consider whether exercise of specific jurisdiction would satisfy due process or, specifically to Orbis, whether Trump properly served Orbis. (*Id*.)

## II.  Factual Background Unique to Dolan

The trial court detailed the relevant facts in its Opinion of November 10, 2022 awarding Rule 11 sanctions as to Dolan. (DE:284.) In sum, Appellants misstated, and lied about, Dolan's past, stating that he was a past Chairman of the DNC (he was not), then stating he was a past Chairman of a national democratic political organization (again, he was

not. (DE:177:¶4.) Appellants repeatedly claimed he was an official in Hillary Clinton's campaign, which was also untrue. (DE:177:¶4.) Appellants kept alleging that Dolan was part of a conspiracy with multiple other defendants, when the only other defendant Dolan had even met was Igor Danchenko. (DE:284:2.) In sum, there was no basis to claim Dolan knew of or participated in any agreement or plan to smear Trump, despite Appellants' repeated assertions.

Counsel for Dolan sent a warning letter requesting that Appellants withdraw these false allegations, then counsel served a Rule 11 motion under the relevant safe harbor provisions. After the trial court granted motions to dismiss under Rule 12(b)(6), Dolan filed his Rule 11 motion. (DE:268:2; *see also* DE:269:1.) Rather than heeding Dolan's warnings and trimming their sails, Appellants doubled down with unwarranted persistence as they proceeded.

Appellants compounded factual errors in their amended complaint, stating for the first time that Dolan was a resident of New York, despite Dolan's declaration to the contrary in his earlier motion to dismiss. (DE:177:¶20.)

Appellants plowed through multiple warning signs and off a cliff, inviting sanctions. Having suffered the consequences, Appellants now seek to avoid the consequences of their own reckless actions.

Dolan is a business consultant who networked with other consultants who were based in the Washington D.C. area, including Danchenko. (DE:163-1:¶1.) There is no alleged contact between Dolan and any other defendants in the amended complaint, other than Danchenko. Nevertheless, Dolan was listed as a defendant in multiple conspiracy-related counts of the amended complaint (DE:177:620, 659, 680.)

## STANDARD OF REVIEW

### I.  *De Novo* Review

This Court reviews *de novo* the district court's Order granting the motion to dismiss under Federal Rule 12(b)(6). *Newbauer v. Carnival Corp.*, 26 F.4th 931, 934 (11th Cir. 2022). This Court reviews the district court's dismissal of an action for lack of personal jurisdiction *de novo*. *Carmouche v. Tamborlee Mgmt.*, 789 F.3d 1201, 1203 (11th Cir. 2015) ("A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of

jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment . . . .").

## II.   Abuse of Discretion

To overturn a Rule 11 award, this Court must find that the trial court abused its discretion. *Jackson v. Hall Cnty. Gov't*, 568 F. App'x 676, 679 (11th Cir. 2014). The trial court followed proper procedures, did not rely on "clearly erroneous" factual findings, and did not make any clear errors of law. *Id.* (factors for abuse of discretion).

## SUMMARY OF THE ARGUMENT

Trump's nearly 185-page amended complaint, larded with hyperbole and grievance, woefully lacked substance, fell well short of federal pleading standards, and demonstrated a fundamental misapprehension of the law.

## I.   Summary of Orbis' Argument

As to Orbis, the district court's ruling should be affirmed for three reasons:

***First***, the district court correctly ruled that it lacked personal jurisdiction over Orbis under both the federal RICO statute, 18 U.S.C. § 1965, and Florida's long-arm statute, Fla. Stat. § 48.193. Critically, in

addition to failing to state a RICO claim, which automatically renders jurisdiction invalid under the statute, Trump never served Orbis according to RICO's nationwide service of process provision. Moreover, it cannot fairly be said, under any standard, that Orbis has the requisite contacts with Florida such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).

**Second**, even if the first basis for affirmance were insufficient—which it is not—this Court may also affirm the district court's Order on the alternative ground that Trump has failed to properly serve Orbis.

**Third**, the amended complaint is procedurally and substantively deficient, as detailed in the Joint Brief of Appellees [*see* CA11:154], filed in this appeal on June 3, 2024, and incorporated by reference herein. The district court's Order dismissing the amended complaint should also be affirmed for each of those independent, straightforward reasons.

## II.    Summary of Mr. Joffe's Argument

The district court's determination that the amended complaint failed to allege sufficient facts to support the exercise personal jurisdiction over Joffe also should be affirmed.

In his opening brief, Trump rests his argument on the contention that RICO's nationwide service of process provision allows for the exercise of personal jurisdiction over Joffe. For the reasons set forth in appellees' Joint Brief, the district court rightly concluded that Trump's RICO claims were deficient and should be dismissed. In the absence of a viable RICO claim, RICO provides no basis for personal jurisdiction over Joffe.

The district court also found that the amended complaint failed to allege that Joffe had sufficient minimum contacts with Florida to support the exercise of personal jurisdiction. Because Trump makes no argument against this finding on appeal, he has waived any challenge to this aspect of the district court's ruling.

Even if that were not the case, however, the district court's decision regarding the absence of personal jurisdiction over Joffe, a Virginia resident whose actions relating to this case involved no targeted action toward or connection to Florida, should be affirmed. In the district court, Trump did not argue, nor could he, that there was general jurisdiction over Joffe. Thus, the district court focused on the issue of specific jurisdiction, finding that the amended complaint's "tellingly sparse"

allegations were insufficient to show that Joffe's conduct was aimed at Florida and caused harm there. In the face of the amended complaint's woefully inadequate allegations, the district court ruled that the requirements of Florida's long-arm statute were not met.

For these reasons, the judgment of the district court dismissing the amended complaint for lack of personal jurisdiction over Joffe should be affirmed.

## III.   Summary of Mr. Dolan's Argument

There was no abuse of discretion. Any one of three elements --- lack of support for factual contentions, lack of support for legal claims, or an improper purpose --- is independently sufficient for the Court to issue Rule 11 sanctions. Here, Appellants failed all three.

Rule 11 sanctions were appropriate because, first, Appellants had no factual basis for their allegations as to Dolan. If Appellants had mistaken one fact only, that one mistake might not merit sanctions. But Appellants made multiple factual errors, fixed none despite multiple warnings, and then compounded their mistakes. Appellants apparently wanted to exaggerate Dolan's stature and connections to make it seem

more plausible that he conspired with other Defendants, but there is no allegation that he even met any other Defendant, other than Danchenko.

Legally, aside from deficiencies with the amended complaint generally, there is no allegation of an agreement or conspiracy as to Dolan, and no basis for him to be named in the counts in which Appellants depict him as a co-conspirator. As to improper purpose, the amended complaint itself confirms that Trump was seeking to redress political grievances. (DE:177:¶525.) Appellant Habba admitted as much on national television. (DE:284:17-18.)

Trump's own lawyer in a New York case stated as a matter of public record (for which this Court can take judicial notice), "There's nothing wrong with trying to influence an election. It's called democracy." Opening Statement of Todd Blanche, *quoted* in Politico, April 22, 2024, *Trump's Defense Comes Into Focus*. That statement, by Trump's own lawyer, illuminates the purpose and intent of the actions detailed in the amended complaint. Trying to get elected is a feature of our system, and is not actionable. Dolan was not involved in the efforts Appellants described anyway, and Appellants' repeated fabrications to drag Dolan into such lawsuit are sanctionable.

The trial court followed proper procedures. Appellants misstated facts as to Dolan, repeatedly, despite warnings, and included him in various counts improperly despite his lack of contacts with any defendant other than Danchenko. Appellant Habba and other of Trump's lawyers have provided support for Rule 11 sanctions with their own statements. The trial court wrote a detailed opinion discussing all relevant factors. (DE:284.) There was no abuse of discretion.

## ARGUMENT

## I.    THE DISTRICT COURT'S DISMISSAL SHOULD BE AFFIRMED AS TO ORBIS.

### A.    The District Court Correctly Concluded That It Lacked Personal Jurisdiction As to Orbis.

On appeal, Trump contends that jurisdiction over Orbis is satisfied via the federal RICO statute, 18 U.S.C. § 1965, because Orbis was properly served and had sufficient minimum contacts with the United States. (Br. at 40-41.) In the district court, however, Trump alleged that there was personal jurisdiction over Orbis via the federal RICO statute, 18 U.S.C. § 1965, *and* under Florida's long-arm statute, Fla. Stat. § 48.193, contending that Orbis had minimum contacts with the state of Florida. (DE:262:2, 4.) ("Even assuming arguendo that the Court's analysis were to turn on application of Florida's long arm statute, Fla.

12

Stat. § 48.193(1)(a)(2), personal jurisdiction has been adequately established over Defendant all the same.") In apparent recognition of his baseless legal and factual assertion that there was personal jurisdiction over Orbis via Florida's long-arm statute, Trump has abandoned that argument on appeal—and now stakes his entire personal jurisdiction theory on the RICO nationwide service provision. But, as the district court correctly concluded, **_neither_** can serve as a basis for the exercise of jurisdiction over Orbis and, therefore, the district court's judgment should be affirmed.

### 1. The district court does not have personal jurisdiction over Orbis under the federal RICO statute.

Trump argues that 18 U.S.C. § 1965(b) authorizes nationwide service of process in actions brought pursuant to RICO: "Since Plaintiff has asserted a claim against Defendant under the civil RICO statute, 18 U.S.C. §§ 1961-1968, service must be done in accordance with this federal statute and, therefore, the question of jurisdiction must be analyzed under federal law as opposed to Florida's long arm statute." (DE:262:2.) But Trump's argument for personal jurisdiction under the federal RICO statute is incorrect and any reliance he places in the federal RICO statute is mistaken. Indeed, Trump's entire argument suffers a fatal flaw as to

13

Orbis—*Plaintiff never served Orbis according to RICO's nationwide service of process provision*. See *Don't Look Media Ltd. Liab. Co. v. Fly Victor Ltd.*, 999 F.3d 1284, 1292 (11th Cir. 2021) ("The problem in this case is that RICO does not provide for personal jurisdiction because [the plaintiff] did not serve any party 'according to' RICO's nationwide service of process provision."). Trump glossed over this glaring issue in the district court and continues to disregard its impact now. (DE:266:2-3.)

Trump does not dispute any of the facts Orbis presented in the district court concerning Orbis' place and nature of its business, (*see* DE:260:2-3), or allege that he has found and/or served Orbis, or any registered agent of Orbis, within a judicial district of the United States. (*See generally* DE:262.) In fact, in his opposition to Orbis's motion to dismiss below, Trump explicitly stated that service was attempted via The Hague in London, England—not in the United States. (*See id.* at 7-9.) Accordingly, "the nationwide service of process provision in RICO

cannot provide for personal jurisdiction in this case." *Don't Look Media Ltd. Liab. Co.*, 999 F.3d at 1293.[2]

Moreover, "[d]espite the fact that RICO contains a nationwide service-of-process provision, [Appellant] is entitled to take advantage of it only if his 'asserted federal claim is not wholly immaterial or insubstantial.'" *Courboin v. Scott*, 596 F. App'x 729, 730 (11th Cir. 2014) (*quoting Republic of Pan. v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997)). As the district court correctly concluded (DE:267:17), and as discussed in detail in the Joint Brief of Appellees [CA11:154], Trump ***does not*** have a colorable RICO claim—whether against Orbis or otherwise—providing yet another basis for rejecting his attempts to confer jurisdiction over Orbis utilizing the federal RICO statute. Thus, the district court properly concluded that jurisdiction could not be conferred under the federal RICO statute.

---

[2] Trump's assertion of personal jurisdiction over Orbis based on 18 U.S.C. § 1965 additionally fails because Orbis is neither at home, nor has an agent, in any United States judicial district. Further it does not transact its affairs in any United States judicial district. *See Don't Look Media Ltd. Liab. Co.*, 999 F.3d at 1294 ("Even setting aside that no defendant was served in the United States, § 1965(d)'s remaining terms do not apply. None of the Individual Defendants resides or has an agent in any United States judicial district. Nor do they "transact [their] affairs" in any such district.").

2.    <u>The district court lacks specific jurisdiction over Orbis.</u>

Trump alleged in the district court that "Florida's long arm statute serves as a separate and independent basis for this Court to maintain personal jurisdiction over Defendant." (DE:262:7.) This argument is nowhere to be found in Appellants' Initial Brief. Rather, Trump asserts only that "[j]urisdiction over . . . Orbis was valid given RICO'S [sic] nationwide service of process" and Orbis "had minimum contacts with the *United States* and failed to demonstrate that the chosen forum would be 'so gravely difficult and inconvenient that [they] will be at a severe disadvantage in comparison to Plaintiff.'" (Br. at 40-41) (emphasis added). Trump has failed to address personal jurisdiction via Florida's long-arm statute in his opening brief, even though it was "one of the grounds on which the district court based its judgment," *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680-82 (11th Cir. 2014); DE: 267:18-22, he has therefore "abandoned any challenge of that ground[.]" *Sapuppo*, 739 F.3d at 680-82. Nevertheless, this ground for dismissal should be affirmed on its merits.

In his amended complaint, Trump offered nothing more than conclusory statements concerning Orbis' role in the purported conspiracy

in support of jurisdiction over Orbis. (*See, e.g.,* DE:177:¶¶1, 9, 32, 70, 32, 292, 294.) The law is clear that such allegations are insufficient to establish personal jurisdiction. *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006) (finding "conclusory allegations" that defendant "conspired" with parties that "committed tortious acts in Florida" "insufficient to establish a prima facie case of personal jurisdiction"); *Takata Airbag Prod. Liab. Litig.*, 396 F. Supp. 3d 1101, 1142 (S.D. Fla. 2019) ("Relying on *Snow*, courts in the Eleventh Circuit have repeatedly declined to exercise specific jurisdiction over a nonresident defendant on the basis of generalized and conclusory allegations.").

Given the conclusory nature of his allegations, Trump has also not alleged specific facts—whether conspiracy-related or otherwise—which would bring Orbis within Florida's long-arm statute. *See Catalyst Pharms., Inc. v. Fullerton,* 748 F. App'x 944, 946 (11th Cir. 2018) (affirming the district court's dismissal for lack of personal jurisdiction, finding that Plaintiff "failed to allege sufficient facts to establish personal jurisdiction under Florida law"); *Birmingham v. RoFx.net*, No. 21-23472-Civ, 2022 U.S. Dist. LEXIS 94981, at *9 (S.D. Fla. May 26, 2022) ("[In Tavakoli], unlike here, the plaintiffs pled the relevant defendant's

participation in concrete events that took place in Florida to further a conspiracy.").[3] There was—and still is—simply no basis for the exercise of jurisdiction over Orbis under Florida's long-arm statute. Accordingly, the district court's Order should be affirmed.

3. Federal Due Process considerations require dismissal.

Because Trump failed to plead personal jurisdiction under Florida's long-arm statute, *a fortiori* he failed to satisfy the more stringent requirements of the Due Process Clause. *Melgarejo v. Pycsa Panama, S.A.*, 537 F. App'x 852, 859-60 (11th Cir. 2013) ("[T]he Due Process Clause imposes a 'more restrictive requirement' than does Florida's Long-Arm Statute.") (quoting *Internet Sols. Corp. v. Marshall*, 39 So.3d 1201, 1207 (Fla. 2010)). Accordingly, the district court's Order must be affirmed. *See, e.g.*, *Rogers v. Nacchio*, 241 F. App'x 602, 606 (11th Cir. 2007) (affirming the district court's decision to dismiss for lack of

---

[3] Trump cannot rely on his allegations that the dossier was disseminated in the United States to support the exercise of jurisdiction over Orbis under Florida's long-arm statute. Indeed, Florida law is clear that passive website information, such as the dossier, "that does little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction." *Foreign Imported Prods. & Publ'g, Inc. v. Grupo Indus. Hotelero, S.A.*, No. 07-22066-CIV, 2008 U.S. Dist. LEXIS 108705, at *21 (S.D. Fla. Oct. 24, 2008).

personal jurisdiction on the grounds that plaintiff did not meet its burden to establish jurisdiction over defendant).

**B.    The District Court's Order May Be Affirmed On The Alternative Grounds Raised in Orbis' Motion to Dismiss.**

This Court may also affirm the dismissal of Appellant's amended complaint on an alternative theory supported by the record, even if not considered by the district court in making its ruling. *Clements v. LSI Title Agency, Inc.*, 779 F.3d 1269, 1273 (11th Cir. 2015) ("The district court erred when it dismissed Clements's complaint for lack of standing, so we must consider whether the record supports an alternative ground for dismissal.") Here, Trump's failure to properly serve Orbis, a foreign England-based entity, under the Hague Convention serves as an alternative ground for dismissal. *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served.").

As an England-based entity, Orbis must be served pursuant to Federal Rule of Civil Procedure 4(h) and in compliance with the Hague Convention. Fed. R. Civ. P. 4(h) (service on foreign corporations); *see also*

*Turi v. Stacey*, No: 5:13-cv-248-Oc-22PRL, 2014 U.S. Dist. LEXIS 202401, *2 (M.D. Fla. 2014) ("The United Kingdom is a signatory to the Hague Convention."). As Orbis detailed in its motion to dismiss, there is no evidence that Trump has fully complied with any method of service authorized by the Hague Convention. (DE:260:3-4; *see also* DE:260-1:¶¶ 3-5; DE:260-2). Moreover, Orbis has never waived service in this case. There is, therefore, no waiver of service. *See McGregor v. In Tune Music Group*, No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190586, *6 (S.D. Fla. Feb. 10, 2016) ("[S]ince service was never waived, Plaintiff is not exempt from his duty to establish proof of service to this Court."). Because the record demonstrates Orbis has not been properly served, this failure can and should serve as an additional and alternative basis for dismissal of the claims against Orbis.

## II.   THE DISTRICT COURT'S DISMISSAL SHOULD BE AFFIRMED AS TO MR. JOFFE.

Joffe expressly joins in and adopts the grounds for dismissal set forth in the Joint Brief of Appellees [*see* CA11:154], filed in this appeal on June 3, 2024.

In his opening brief, Trump persists in his claim that RICO's nationwide service of process provision allows for the exercise of personal

jurisdiction over Joffe. (Br. at 40-41.)  For the reasons set forth in Appellees' Joint Brief, the district court rightly concluded, after a comprehensive analysis, that Trump's RICO claims were deficient in numerous respects and should be dismissed. (DE:267:23-42.)  Therefore, RICO provides no basis for personal jurisdiction over Joffe.

The district court also correctly determined that the amended complaint's factual allegations, even if true, are insufficient to establish that Joffe has a meaningful connection to Florida, let alone one that would support the exercise of personal jurisdiction.[4] (*id.* at 18-22.) In his brief, Trump does not address this finding, let alone develop an argument against it. Accordingly, he has waived any challenge to this aspect of the district court's ruling. *See Sapuppo*, 739 F.3d at 680-82.

Even if that were not true, however, the district court's determination that it lacked personal jurisdiction over Joffe, a Virginia resident whose actions involved no targeted connection to Florida, is unassailable. After noting that Trump was not alleging the existence of general jurisdiction over Joffe, the district court correctly observed that

---

[4] Joffe incorporates by reference Orbis' legal argument, *infra* Sec. I.A.2-3, concerning Trump's failure to allege facts to support the exercise of specific jurisdiction under Florida's long-arm statute.

the amended complaint's "tellingly sparse" allegations regarding Joffe's contacts with Florida were woefully inadequate to establish specific jurisdiction under Florida's long-arm statute. (DE:267:17-22.)

As an initial matter, the court rightly recognized that Trump's allegations were insufficient to sustain his tort claims. (*Id.* at 19-20.) Moreover, even if Trump had alleged facts to support his claims, he failed to allege facts sufficient to establish that Joffe engaged in conduct in Florida or that was aimed at Florida and caused harm there. Absent such allegations, the requirements of Florida's long-arm statute are not met. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.2d 1339, 1356 (11th Cir. 2013).[5]

The judgment of the district court dismissing the amended complaint for lack of personal jurisdiction over Joffe should be affirmed.

---

[5] Although the district court did not reach the question of whether the exercise of specific jurisdiction over Joffe would be consistent with the Due Process Clause (DE:267:21), Joffe made this argument before the district court and submits that it provides yet another basis for affirming the district court's judgment. (DE:227:2.)

## III. THE DISTRICT COURT'S RULE 11 AWARD SHOULD BE UPHELD AS TO MR. DOLAN.

Rule 11 sanctions should be upheld on multiple, independent grounds as to Dolan, as noted by the trial court. (DE:284.) The trial court wrote an extensive opinion. *Id.*

### A. Appellants Ignored Facts Despite Multiple Warnings and Repeatedly, Persistently Misstated the Same False Information as to Mr. Dolan.

Dolan wrote a letter apprising Appellants of facts and served a Rule 11 pleading. Instead of correcting their blatant mistakes, Appellants doubled down to try to fit Dolan into their narrative. Appellants disregarded that Dolan was a resident of Virginia, not New York, falsely alleged that he was a past Chairman of the DNC, falsely called him a senior Clinton campaign official, and also falsely alleged without at any basis that he had intimate ties to the Clinton campaign, among other things. (DE:343:13-14.)

Having lied about his connections and history, Appellants also twisted and misrepresented the Danchenko Indictment, which was their main basis for claiming that Dolan was the source of a rumor as to salacious activity by Trump. Appellants excluded portions that directly contradicted claim that Dolan conspired with Danchenko and others. (*See*

*id*. at 14.) Appellants relied on speculation and guesswork. (*Id*.) Despite no facts to support the claim in the Danchenko Indictment, Appellants continued to speculate that Danchenko and Dolan wanted to "create a 'dossier' to smear Donald J. Trump and to disseminate false accusations to the media." (DE:284:7; *see also* DE:270:6.)

The actual Danchenko Indictment, even the portions Appellants cited, make no such allegation of Dolan's participation in a smear campaign. (DE:270:6.) Appellants' amended complaint (DE:177:25) refers to the Indictment at ¶ 23 but that paragraph simply confirms that Dolan and Danchenko were business associates networking on business related to Russia and public relations. (*See* DE:284:7.)

### B. The Court Was Well Within Its Discretion To Award Sanctions Because President Trump's Lawsuit Had No Legal Basis and was Fueled by Improper Political Motivations.

As to the lack of a legal basis for his many legal claims, and further discussion of the political motivations of Appellants, Dolan largely relies on the underlying opinions of the trial court (DE:267), and the briefs filed or to be filed by the other Defendants in this matter, in which Dolan joins.

As just one example, Appellants conceded that statutes of limitation had expired on their face, but argued that Trump should be

given a special exemption given Trump's responsibilities. There was no basis for that argument. Trump had brought other litigation while president. (DE:250:2-3.)

In support of an improper purpose under Rule 11, Appellants' own amended complaint, states: "[Plaintiff] seeks damages for the cost of dealing with legal issues and **political issues**…" (DE:177:¶525 (emphasis added)). As noted by the trial court, Trump is "seeking to flaunt a two-hundred-page political manifesto[.]" (DE:267:64.) Appellant Habba herself went on national television using the case to seek political support for the President. (DE:302:2.)

The Durham Report, issued after the trial court's rulings, likewise does not help Appellants. The trial court denied Appellants' motion for an indicative ruling. But even if considered, the Durham Report provides no factual support for claiming that Dolan was the Chairman of the DNC, had intimate ties to the Clinton campaign, and other false factual allegations. Nor does the Durham Report tie Dolan to any other defendant other than Danchenko. Nor is there any basis other than speculation and rumor to tie Dolan to a salacious sexual rumor. The Durham Report provides no support for the underlying legal claims. The

Durham Report does not affect the lack of basis for any legal claims against Dolan.

### C.    Cases Cited by Appellants Do Not Support Their Arguments.

#### 1.    Sanctions are within the trial court's discretion.

All the cases cited by Appellants as to Dolan confirm that a Rule 11 motion is within the discretion of the trial judge and subject to an abuse of discretion standard. Trial judges make their own calls depending on facts and circumstances. None of the cases cited, even those that reversed sanctions, support Appellants' arguments for reversal. *Donaldson v. Clark*, confirmed that a hearing on Rule 11 sanctions is disfavored where a litigant has had multiple opportunities to correct a pleading. 819 F.2d 1551, 1561 (11th Cir. 1987). Appellants had multiple opportunities here. *See also Engwall v. Tinsley*, No. 8:22-cv-638-WFJ-AAS, 2023 U.S. Dist. LEXIS 72932, *7 (M.D. Fla. Apr. 26, 2023).

#### 2.    Appellants did not do basic due diligence, or even apparently review prior pleadings.

Rule 11 also, according to the *Donaldson* Court, incorporates an objective standard that is more stringent on attorneys than good faith, especially in crafting an amended complaint. Objectively, Appellants should have uncovered Dolan's biography and residence through a simple

background or Google check. Appellants could have also **reviewed the pleadings in their own case**, as Dolan, in his initial motion to dismiss, submitted a declaration confirming his residence in Virginia since 1986. (*See* DE:163-1:¶1.)

### 3.    Excessive persistence justifies sanctions.

The Court reversed sanctions in *Industrial Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, but noted that Rule 11 sanctions are appropriate where there is "excessive persistence" in making unfounded claims, a standard which would require sanctions here given the Appellants' bullheaded persistence. 141 F.3d 1434, 1448 (11th Cir. 1998).

Sanctions against individual public school teachers were reversed on the merits in *Davis v. Carl*, one of a series of school desegregation-related decisions over decades, but only after the 11th Circuit cited to a similar case where teachers had prevailed under another section of the teacher tenure law. 906 F.2d 533, 538 (11th Cir. 1990).

### 4.    Given safe harbor provisions, Appellants could have easily avoided a Rule 11 filing.

To the extent that Appellants cited cases that were from the pre-1993 era, before the 21-day safe harbor provision existed, all Appellants had to do was tweak the amended complaint to address Dolan's

27

complaints, to avoid the sanctions motion that was filed. Then Dolan at least would have had to modify his Rule 11 motion, serve it again, and wait an additional 21 days before filing. Because Appellants corrected <u>none</u> of their false facts as to Dolan, and if anything made their complaint worse, Dolan was able to file the same Rule 11 motion that he had initially served. Appellants' repeated false statements in the face of opportunities to make corrections differentiates this case from Appellants' cited cases.

### D.   Appellants Are Attorneys, and Their Status As Officers of the Court Places Certain Limits on Their Advocacy, Which They Exceeded.

Each Rule 11 case is different, as the *Donaldson* Court noted, and the trial court applies its own sound judgment. Appellants here are not public schoolteachers seeking the same relief other teachers have sought successfully, as in *Davis v. Carl*. Appellants are lawyers and have a duty to advocate for clients but also are subject to ethical standards. Appellants through this matter have achieved a level of fame, even becoming an apparent Instagram influencer and television celebrity in the case of Appellant Habba, but no matter their fame and connections, they remain officers of the Court.

In this case it was not Trump but Dolan who got wrongfully smeared, and whose business and reputation suffered.

Appellants did not undertake the most basic factual research, did not tie Dolan to any conspiracy, and advertised their improper purpose directly in pleadings and on television. While Dolan was dragged into a lawsuit a thousand miles from home, and relied on discounted rates from counsel, as reflected in an attorney fee award at $100 per hour, Appellants likely spent millions of dollars, and Trump continues to raise millions more, for legal fees not just to defend himself but to pursue wrongful claims, particularly against Dolan.[6]

This trial court comprehensively analyzed all relevant facts. There is no abuse of discretion. Dolan requests that this Court affirm the Rule 11 award, and order that the trial court assess additional legal fees on remand for defending this appeal, at undersigned counsel's regular rate of $495 per hour.

---

[6] As to lack of personal jurisdiction, Dolan adopts Joffe's and Orbis' arguments, both as to specific jurisdiction and RICO.

29

## CONCLUSION

For the above reasons, Appellees Orbis, Dolan, and Joffe respectfully request that this Court affirm the district court's September 8, 2022 Order dismissing Appellant's amended complaint in its entirety; and Appellee Dolan requests that this Court affirm the district court's November 10, 2022 Order on Rule 11 Sanctions.

Dated:  June 3, 2024                    Respectfully submitted,

                                        /s/ *Enjoliqué Aytch Lett*
                                        Enjoliqué Aytch Lett

                                        Enjoliqué Aytch Lett
                                        Akiesha Gilcrist Sainvil
                                        Greenberg Traurig, P.A.
                                        Wells Fargo Center, Suite 4400
                                        333 Southeast Second Avenue
                                        Miami, Florida 33131
                                        Telephone: 305.579.0500
                                        Enjoliqué.Lett@gtlaw.com
                                        Akiesha.Sainvil@gtlaw.com

                                        *Counsel for Appellee, Orbis*
                                        *Business Intelligence Ltd.*

*/s/ George R. A. Doumar*
George R. A. Doumar

George R. A. Dourmar
Admitted Pro Hac Vice
Jonathan E. Levine, Esquire
Florida Bar No. 937711
Mahdavi Bacon Halfhill & Young,
PLLC
11350 Random Hills Road, Suite
700
Fairfax, Virginia, 22030
Tel: (703) 352-1300
Fax: (703) 352-1301
Email:
gdoumar@doumarmartin.com

*Counsel for Charles Dolan*

*/s/ Steven A. Tyrrell*
Steven A. Tyrrell

Steven A. Tyrrell
BROWN RUDNICK
601 Thirteenth Street, NW
Suite 600
Washington, D.C. 20005
Tel:  (202) 536-1700
Fax:  (202) 536-1701
styrrell@brownrudnick.com

*Counsel for Rodney Joffe*

## CERTIFICATE OF COMPLIANCE
## WITH TYPEFACE AND WORD-COUNT LIMITATIONS

I certify that this document complies with the length limit of Fed. R. App. P. Rule 32(a)(7)(B)(i) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 5673 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared using Microsoft Word 2010 in Century Schoolbook, 14-point font.

*/s/ Enjoliqué Aytch Lett*
Enjoliqué Aytch Lett

## CERTIFICATE OF SERVICE

I certify that on June 3, 2024, I electronically filed the foregoing brief with the United States Court of Appeals for the Eleventh Circuit by using the appellate NextGen System. I certify that all participants in the case are registered NexGen users and that service will be accomplished by the appellate NextGen system.

*/s/ Enjoliqué Aytch Lett*
Enjoliqué Aytch Lett