Nos. 22-13410, 22-14099, 23-10387, & 23-13177

# In the United States Court of Appeals
# for the Eleventh Circuit

---

DONALD J. TRUMP, ET AL.,
*APPELLANTS*

*v.*

HILLARY R. CLINTON, ET AL.,
*APPELLEES*

---

*ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(CASE NO. 22-CV-14102)
(THE HONORABLE DONALD M. MIDDLEBROOKS, J.)*

---

**SUPPLEMENTAL APPENDIX TO BRIEF OF APPELLEES
VOLUME III OF III**

---

DAVID OSCAR MARKUS
MARKUS/MOSS PLLC
*40 NW 3rd Street, PH 1
Miami, FL 33128
(305) 379-6667*

DAVID E. KENDALL
KATHERINE M. TURNER
MICHAEL J. MESTITZ
JAMES N. SASSO
WILLIAMS & CONNOLLY LLP
*680 Maine Avenue, S.W.
Washington, DC 20024
(202) 434-5000*

*Counsel for Appellee
Hillary Clinton*

*Additional Appellees' Counsel
listed in the signature block*

# TABLE OF CONTENTS

**Docket/Tab No.**

## Volume III

Plaintiff and Plaintiff's Counsel's Response to Defendants' Motion for Sanctions Seeking Attorneys' Fees and Costs (Nov. 14, 2022)........285

Hillary Clinton's, HFACC, Inc.'s, John Podesta's, Robert Mook's, DNC's, DNC Services Corporation's, Debbie Wasserman Schultz's, Charles Halliday Dolan, Jr.'s, Fusion GPS's, Glenn Simpson's, Peter Fritsch's, Nellie Ohr's, Bruce Ohr's, Igor Danchenko's, Rodney Joffe's, Neustar Security Services's, Neustar Inc.'s, and Orbis Business Intelligence Ltd.'s Reply in Support of Motion for Sanctions (Nov. 21, 2022) ...................................................287

*Sua Sponte* Order Requiring Corrected Objections to Fees (Dec. 12, 2022)...................................................292

Plaintiff and Plaintiff's Counsel's Corrected Response to Defendants' Motion for Sanctions Seeking Attorneys' Fees and Costs (Dec. 15, 2022)...................................................297

Appellants' Motion for Judicial Notice or in the Alternative Motion for Stay (June 9, 2023) (11th Cir. No. 22-13410)...........................CA11 81

285

Plaintiff and Plaintiff's Counsel's Response to Defendants' Motion for
Sanctions Seeking Attorneys' Fees and Costs (Nov. 14, 2022)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 2:22-cv-14102-DMM

DONALD J. TRUMP,

       Plaintiff,

v.

HILLARY R. CLINTON, et al.,

       Defendant.

_____/

**PLAINTIFF AND PLAINTIFF'S COUNSEL'S RESPONSE TO DEFENDANTS'
MOTION FOR SANCTIONS SEEKING ATTORNEYS' FEES AND COSTS**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………..……..i

ARGUMENT……………………………………………………………………..1

   I.    SANCTIONS ARE NOT WARRANTED AGAINST PLAINTIFF OR
         PLAINTIFF'S COUNSEL………………………………………………1

       A.  28 U.S.C. § 1927………………………………………………….2

           i.     Plaintiff's Counsel did not engage in unreasonable or vexatious
                   Conduct…………………………………………………..…..2

           ii.    The conduct at issue did not "multiply the proceedings"………………..12

           iii.   The amount of the sanctions do not have a financial nexus to any
                  excess proceedings……………………………………………13

           iv.   To the extent necessary, Plainitff's Counsel request an evidentiary
                  hearing………………………………………....……………..14

       B.  The Court's Inherent Powers……………………………….……………14

       C.  Defend Trade Secrets Act……………………………………………...16

   II.    THE DEFENDANTS' FEES ARE UNREASONABLE AND IMPROPER………..17

       A.  A Large Portion of the Defendants' Fees Are Block Billing………………….17

       B.  Defendants' Fees are Unreasonable and Excessive……………………….....18

       C.  Redundant Hours Should Be Excluded…………………………………….18

       D.  Particulars As To The Defendants Invoices………….……………………..19

CONCLUSION…………………………………………………………………...19

# TABLE OF AUTHORITIES

## Cases

*ACLU v. Barnes*,
168 F.3d at 423, 428 (11th Cir. 1999) ........................................................................ 17

*Akkasha v. Bloomingdales, Inc.,*
 No. 17-CIV-22376, 2020 WL 6820879, at *2 (S.D. Fla. July 20, 2020) .................................... 3
*Akkasha v. Bloomingdales, Inc.,*
*Amlong & Amlong, P.A. v. Denny's, Inc.*,
500 F.3d 1230, 1252 (11th Cir. 2007). ........................................................................ 14

*Blankenship v. Gulf Power Co.*,
551 Fed. App'x 468 (11th Cir. 2013) .......................................................................... 16

*Bridge v. Phoenix Bond & Indemnity Co*,
553 U.S. 639 (2008) ............................................................................................ 7

*Bryant v. Military Dept. of Mississippi*,
597 F.3d 678 (5th Cir. 2010) .................................................................................. 2

*Byrne v. Nezhat*,
261 F.3d 1075 (11th Cir. 2001) ............................................................................ 2, 8

*Clinton v. Jones*,
520 U.S. 681 (1997) ......................................................................................... 4, 5

*Compulife Software Inc. v. Newman*,
959 F.3d 1288 (11th Cir. 2020) ............................................................................. 6,7

*Daniels v. Sodexo, Inc.*
2013 WL 4008744 (M.D. Fla. Aug. 5, 2013) ................................................................ 11

*Digiport, Inc. v. Foram Dev. BFC, LLC*,
314 So.3d 550 (Fla. Dist. Ct. App. 2020) ..................................................................... 6
*Digiport, Inc. v. Foram Dev. BFC, LLC,*
*Gianelli v. Schoenfeld*,
2021 WL 4690724, at *6 (E.D. Cal. Oct. 7, 2021) ............................................................ 5

*Gust, Inc. v. Alphacap Ventures*, LLC,
905 F.3d 1321 (Fed. Cir. 2018) ............................................................................... 3

*Harvey v Cable News Network, Inc.*,
48 F.4th 257, 280 (4th Cir. 2022) ........................................................................... 12

*Hensley v. Eckerhart,*
461 U.S. 424, 103 S. Ct. 1937, 76 L. Ed. 2d 40 (1983) ................................................ 16

*Hudson v. Int'l Computer Negotiations, Inc.,*
499 F.3d 1252, 1262 (11th Cir. 2007) ........................................................................ 2

*In re Ruben,*
825 F.2d 977 (6th Cir. 1987) ..................................................................................... 1

*Jackson v. Bank of America, NA,*
898 F.3d 1348 (11th Cir. 2018) ................................................................................. 8

*Kreager v. Solomon & Flanagan,*
775 F.2d 1541, 1543 (11th Cir. 1985) ........................................................................ 15

*Kremen v. Cohen,*
337 F.3d 1024 (9th Cir. 2003) ................................................................................... 6

*Leh v. Gen. Petroleum Corp.,*
382 U.S. 54, 59 (1965) ............................................................................................. 5

*LaSalle Nat'l Bank v. First Conn. Holding Group*, LLC,
287 F.3d 279 (3d Cir. 2002) ..................................................................................... 2

*Malautea v. Suzuki Motor Co., Ltd.,*
987 F.2d 1536, 1544 (11th Cir.1993) ......................................................................... 3

*McMahan v. Toto*,
256 F.3d 1120 (11th Cir. 2001) ................................................................................. 3

*Nemesis Veritas, L.P. v. Toto,*
 539 U.S. 914, 123 S.Ct. 2273, 156 L.Ed.2d 129 (2003) ............................................. 3

*Nixon v. Fitzgerald,*
457 U.S. 731 (1982) ................................................................................................. 4

*Norman v. Housing Auth. of Montgomery,*
836 F.2d 1292, 1299 (11th Cir. 1988) ........................................................................ 16

*Nollner v S. Baptist Convention, Inc.,*
628 Fed Appx 944 (6th Cir. 2015) ............................................................................. 11

*Mar. Mgmt., Inc. v. United States,*
242 F.3d 1326, 1333 (11th Cir. 2001) ........................................................................

*McMahan Sec. Co. L.P. v. FB Foods, Inc.*,
2006 WL 2092643 (M.D. Fla. July 27, 2006)) ............................................. 1

*Mid Atlantic Telecom, Inc. v. Long Distance Services, Inc.*,
18 F.3d 260, 264 (4th Cir. 1994) ................................................................ 7

*Peer v. Lewis*,
606 F.3d 1306 (11th Cir. 2010) ................................................................. 2

*Pension Fund Mid Jersey Trucking Industry v. Omni Funding*,
687 F.Supp. 962, 965 (D.N.J., June 28, 1988) ........................................... 5

*Peterson v. BMI Refractories*,
124 F.3d 1386 (11th Cir. 1997) ................................................................. 2

*Pharma Supply, Inc. v. Stein*
2015 WL 11439276 (S.D. Fla. May 27, 2015) ............................................ 1

*Pres. Petrified Forrest v. Renzi*,
2014 WL 530574, at *3-4 (D. Ariz. Feb. 12, 2013) .................................... 5

*Procter & Gamble Co. v. Amway Corp.*,
242 F.3d 539, 565 (5th Cir. 2001) ............................................................ 7

*Religious Tech. Ctr. v. Liebreich*,
98 Fed.Appx. 979 (5th Cir.2004) .............................................................. 2

*Reynolds v. Roberts*,
207 F.3d 1288, 1302 (11th Cir.2000). ..................................................... 13

*Riddle v. Egensperger*,
266 F3d 542, 556 (6th Cir. 2001) ......................................................... 1, 13

*Roadway Express, Inc. v. Piper*,
447 U.S. 752 (1980) ................................................................................. 1

*Schwartz v. Millon Air, Inc.*,
341 F.3d 1220 (11th Cir 2003) ................................................................. 3

*State Farm Mut. Auto. Ins. Co. v. Kugler*,
No. 11-80051, 2011 WL 4389915 (S.D. Fla. Sept. 21, 2011) ...................... 4

*Tello v. Dean Witter Reynolds, Inc.*,
410 F.3d 1275 (11th Cir. 2005) ................................................................ 4
*Trump v. Vance*,
140 S.Ct. 2412 (2020) .............................................................................. 4

*Vibe Micro, Inc. v. Shabanets,*
878 F.3d 1291, 1295 (11th Cir. 2018) ................................................................. 8


*United States v. Ronda,*
455 F.3d 1273 (11th Cir 2006) ........................................................................... 6

*United States v. Lee,*
919 F.3d 340 (6th Cir. 2019) .............................................................................. 6


**<u>Statutes</u>**

28 U.S.C. § 1927 ............................................................................................. 1, 3

15 U.S.C. § 16(i) ................................................................................................. 5

18 U.S.C. § 1512 ................................................................................................. 6

The Plaintiff, Donald J. Trump ("Plaintiff") and his undersigned attorneys ("Plaintiffs' Counsel") hereby submit this Response to the Joint Motion for Sanctions filed by Defendants, Hillary Clinton, HFACC, Inc., John Podesta, Robert Mook, DNC, DNC Services Corporation, Debbie Wasserman Schultz, Charles Halliday Dolan, Jr., Fusion GPS, Glenn Simpson, Peter Fritsch, Nellie Ohr, Bruce Ohr, Igor Danchenko, Rodney Joffe, Neustar Security Services, Neustar Inc., and Orbis Business Intelligence Ltd. (hereinafter collectively referred to as "Defendants"), and in support, state as follows:

## ARGUMENT

## I.    SANCTIONS ARE NOT WARRANTED AGAINST PLAINTIFF OR PLAINTIFF'S COUNSEL

The imposition of sanctions is a drastic remedy that "should not be assessed lightly or without fair notice and an opportunity for a hearing on the record." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980). The party requesting sanctions "bears a heavy burden of demonstrating that sanctions are warranted, with all doubts resolved in the non-movant's favor." *Pharma Supply, Inc. v. Stein*, 2015 WL 11439276, at *1 (S.D. Fla. May 27, 2015) (citing *McMahan Sec. Co. L.P. v. FB Foods, Inc.*, 2006 WL 2092643 at *2 (M.D. Fla. July 27, 2006)). Further, in imposing sanctions, "[a] district judge should not await the aggregation of what he considers multiple acts of misconduct and then levy an aggregated sanction without at least warning the attorneys at the time of each act or reserving decision upon timely requests by opposing counsel." *Riddle v. Egensperger*, 266 F.3d 542, 556 (6th Cir. 2001) (citing *In re Ruben,* 825 F.2d 977, 990 (6th Cir. 1987)).

In the instant matter, the Defendants have applied for sanctions against Plaintiff and/or Plaintiff's Counsel pursuant to three separate authorities: (i) 28 U.S.C. § 1927; (ii) the Court's inherent powers; and (iii) the Defend Trade Secrets Act. For the reasons set forth *infra*, there is no basis for awarding sanctions against Plaintiff or Plaintiff's Counsel under any of the three and, therefore, the Defendants' application must be denied.

### A.  28 U.S.C. § 1927

Despite the Defendants' claim to the contrary, Plaintiff's Counsel's conduct throughout course of this litigation does not in any way justify sanctions under 28 U.S.C. § 1927.

Section 1927 provides, in pertinent part, as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

"Unlike Rule 11, which is aimed primarily at pleadings, under section 1927 attorneys are obligated to avoid dilatory tactics throughout the entire litigation." *Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001)); *see also LaSalle Nat'l Bank v. First Conn. Holding Group*, LLC, 287 F.3d 279, 288 (3d Cir. 2002) (stating that sanctions under 28 U.S.C. § 1927 "are intended to deter an attorney from *intentionally* and unnecessarily delaying judicial proceedings.") (emphasis in original)). In other words, Section 1927 is focused on "the *conduct* of the litigation and not on the merits**."** *Bryant v. Military Dept. of Mississippi*, 597 F.3d 678, 694 (5th Cir. 2010) (citing *Religious Tech. Ctr. v. Liebreich,* 98 Fed.Appx. 979, 983 (5th Cir.2004)) (emphasis added).

In interpreting Section 1927, the Eleventh Circuit has noted that it is "not a 'catch-all' provision for sanctioning objectionable conduct by counsel." *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997). Rather, per the plain language of the statute, there are three essential requirements which must be satisfied to justify a fee award under Section 1927.  As the *Peterson* court has explained, those elements are as follows:

> First, the attorney must engage in unreasonable and vexatious conduct.  Second, that unreasonable and vexatious conduct must be conduct which multiplies the proceedings.  Finally, the dollar amount of the sanctions must bear a financial nexus to the excess proceedings, i.e., the sanction may not exceed the costs, expenses, and attorney's fees reasonably incurred because of such conduct.

As outlined below, none of these elements are met in the instant scenario. First, Plaintiff's Counsel did not engage in "unreasonable and vexatious conduct," since they did not prosecute the underlying proceedings in a frivolous or reckless manner, much less conduct themselves in a manner so egregious that it is "tantamount to bad faith." *See Hudson v. Int'l Computer Negotiations, Inc.*, 499 F.3d 1252, 1262 (11th Cir. 2007)(citation omitted). Second, Plaintiff's Counsel did not "multiply the proceedings" since the conduct at issue—amending the complaint—was undertaken in good faith and, critically, with leave of court. Third, even assuming *arguendo*

that any excess proceedings took place, Defendants have failed to establish a sufficient financial nexus between said proceedings and the exorbitant amount of fees sought by Defendants.

### i.     Plaintiff's Counsel did not engage in unreasonable or vexatious conduct

To impose sanctions under Section 1927, the movant must show that opposing counsel engaged in "unreasonable and vexatious conduct" during the course of litigation. 28 U.S.C. § 1927.

For this element to be satisfied, "something more than a lack of merit is required," *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir 2003) (citing *Nemesis Veritas, L.P. v. Toto,* 539 U.S. 914, 123 S.Ct. 2273, 156 L.Ed.2d 129 (2003)), since the statute was designed to sanction attorneys who "willfully abuse the judicial process by conduct tantamount to bad faith," *id.* (citing *Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1544 (11th Cir.1993)). "'Bad faith' is the touchstone . . . Section 1927 is not about mere negligence." *Schwartz*, 341 F.3d at 1225 (citations omitted); *see also McMahan v. Toto*, 256 F.3d 1120, 1129 (11th Cir. 2001) ("Something more than a lack of merit is required for § 1927 sanctions or they would be due in every case."). A determination of bad faith is warranted where an attorney "knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims." *Schwartz*, 341 F.3d at 1225 (citation omitted).

At the outset, Plaintiff's Counsel maintains that the claims are supported by existing precedent or, at a minimum, present a compelling argument for the extension of existing law. *Secs. Indus. Ass'n v. Clarke*, 898 F.2d 318, 321–22 (2d Cir. 1990), *abrogated on other grounds recognized by Mareno v. Rowe*, 910 F.2d 1043, 1047 (2d Cir. 1990) ("When the applicable law is unsettled, attorneys may not be sanctioned merely for making reasonable arguments for interpreting the law.").

"When assessing the frivolity of a non-prevailing [party's] case, courts 'view the evidence in the light most favorable to [that party].'" *Akkasha v. Bloomingdales, Inc.,* No. 17-CIV-22376, 2020 WL 6820879, at *2 (S.D. Fla. July 20, 2020), *report and recommendation adopted,* No. 17-CIV-22376, 2020 WL 6820878 (S.D. Fla. Sept. 14, 2020) (citation omitted). "[I]n cases where a finding of frivolity has been sustained, the [non-prevailing party] typically failed to introduce any evidence in support of [its] claims." *Id.* at 3. (citation omitted). "When the applicable law is unsettled, attorneys may not be sanctioned merely for making reasonable arguments for interpreting the law. *Gust, Inc. v. Alphacap Ventures*, LLC, 905 F.3d 1321, 1329 (Fed. Cir. 2018) (citing *Secs. Indus. Ass'n v. Clarke*, 898 F.2d 318, 321–22 (2d Cir. 1990), *abrogated on other*

*grounds recognized by Mareno v. Rowe*, 910 F.2d 1043, 1047 (2d Cir. 1990)).

Contrary to the Defendants' contention, Plaintiff's lawsuit has a sound legal basis. In attempting to argue otherwise, the Defendants misstate existing precedent and mischaracterize the positions taken by Plaintiff. As outlined below, these arguments are misguided.

To start, Defendants contention that Plaintiff's claims were barred by the statute of limitations ignores the numerous arguments advanced by Plaintiff in favor of a tolling of the statute of limitations. These arguments were well-founded in the law and, given the discretionary nature of a determination of a court's decision to grant or deny an equitable tolling, it can hardly be said that it "appear[ed] beyond a doubt that Plaintiff[] c[ould] prove no set of facts that toll the statute" at the motion to dismiss stage. *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 n.13 (11th Cir. 2005) (internal quotations omitted); *State Farm Mut. Auto. Ins. Co. v. Kugler,* No. 11-80051, 2011 WL 4389915 at *13 (S.D. Fla. Sept. 21, 2011) (denying motion to dismiss RICO and state law claims, noting "perimeters of [four year] limitations period are appropriately defined by reference to the delayed discovery doctrine. . . and the doctrine of equitable tolling" and refusing to resolve on motion to dismiss).

For instance, Plaintiff's position that he should be granted an equitable tolling of the statute of limitations for the duration of his presidency—which the Defendant acknowledge is a "novel" one—is a compelling argument for the extension of existing law. (DE 250 at 3). This argument is well-reasoned and based in Supreme Court precedent, which has consistently emphasized the all-encompassing nature of the President's position and the need for him to devote his undivided time and attention to fulfilling his duties. *See, e.g., Nixon v. Fitzgerald*, 457 U.S. 731, 749 (1982) (Because of the singular importance of the President's duties, diversion of his energies by concern with private lawsuits would raise unique risks to the effective functioning of government."); *Trump v. Vance*, 140 S.Ct. 2412, 2432 (2020) ("Incidental to the functions confided in Article II is 'the power to perform them[] without obstruction or impediment.'"); *Clinton v. Jones*, 520 U.S. 681, 698 (1997) (noting that the President "occupies a unique office with powers and responsibilities so vast and important that the public interest demands that he devote his undivided time and attention to his public duties."). The Defendants claim that the holding in *Clinton v. Jones* "arrived at the opposite conclusion than that which Plaintiff urges," but this is simply not the case.  While it is true that the *Clinton* court found that an automatic stay of all private litigation commenced against a sitting President was not a constitutional imperative under the separation of powers

doctrine, the Court noted that it "accepted the initial premise" that the "public interest demands that [the President] devote his undivided time and attention to his public duties." *Clinton*, 520 U.S. at 697-699. In rejecting this "categorical rule," the Court acknowledged that the "high respect that is owed to the office of the Chief Executive . . . is a matter that should inform the conduct of [an] entire proceeding" and stressed that "the question of whether a specific case should receive exceptional treatment is more appropriately the subject of the exercise of judicial discretion than an interpretation of the Constitution." *Id.* at 706. Accordingly, the holding in *Clinton* firmly supports Plaintiff's position that an equitable tolling of the statute of limitations was warranted for the duration of his presidency.

Likewise, Plaintiff's argument that the statute of limitations should be tolled pursuant to under the Clayton Act's tolling provision, 15 U.S.C. § 16(i), is a similarly compelling argument for an extension of the law. Indeed, the Court even acknowledged that it "appears to be an open question whether the Clayton Act's tolling provision applies in RICO actions," (DE 267 at 28), and there is ample out-of-circuit support for the proposition that it should be applied here, *see*, *e.g.*, *Pension Fund Mid Jersey Trucking Industry v. Omni Funding*, 687 F.Supp. 962, 965 (D.N.J., June 28, 1988) ("I conclude that the tolling provisions of the Clayton Act are applicable under RICO."); *Gianelli v. Schoenfeld*, 2021 WL 4690724, at *6 (E.D. Cal. Oct. 7, 2021) ("The court is willing to assume . . . that the Clayton Act's tolling provision applies to RICO claims."); *Pres. Petrified Forrest v. Renzi*, 2014 WL 530574, at *3-4 (D. Ariz. Feb. 12, 2013) ("The Court concludes that the tolling provision in 15 U.S.C. § 16(i) applies to the RICO civil enforcement provisions."). The Defendants argument that the tolling provision does not apply because there are no ""government actions founded on the specific RICO predicate acts [] alleged" in the Complaint, (DE 237 at 5), is misguided because there is no such requirement under § 16(i); the applicable test is whether "the matters complained of in the government suit bear a real relation to the private plaintiff's claim for relief," *Leh v. Gen. Petroleum Corp.*, 382 U.S. 54, 59 (1965); *see also Minnesota Min. & Mfg. Co.*, 381 U.S. at 323 (stating that § 16(i) "provides for tolling as long as the private claim is based 'in part on any matter complained of' in the government proceedings."), a standard which clearly applies to numerous actions, including: (i) *In the Matter of DNC Services Corp., et al.*, Federal Election Commission, MURs 7291, 7331 and 7449; (ii) *United States v. Michael Sussmann*, case no. 1:21-cr-00582-CRC, United States District Court, District of Columbia; and (iii) *United States v. Igor Danchenko*, case no. 1:21-cr-00245-AJT, United States District Court, Eastern District of

Virginia; and , under the caption, *United States v. Igor Danchenko*, case no. 1:21-cr-00245-AJT.

Beyond the statute of limitations, the Defendants point to several other purported deficiencies with Plaintiff's claims that simply do not withstand scrutiny. For example, the Defendants claim that Plaintiff is unable to sustain a single RICO predicate act is belied by binding case law.

*First*, with respect to the predicate act of obstruction of justice, the Defendants argue that it is frivolous because Plaintiff failed to identify an "official proceeding" that was obstructed. Def. Mem. at 6. However, this argument is misplaced for two reasons. First, one of the provisions which Plaintiff's obstruction of justice claims is brought under, 18 U.S.C. § 1512 (b)(3), a provision which "makes no mention of 'an official proceeding' and does not require that a defendant's misleading conduct relate in any way either to an 'official proceeding' or even to a particular ongoing investigation." *United States v. Ronda*, 455 F.3d 1273, 1288 (11th Cir 2006); see also 18 U.S.C. § 1512(b)(3) (containing no requirement that the alleged conduct relate to an "official proceeding."). The other relevant provision, 18 U.S.C. § 1512 (c)(2), does require some nexus to an "official proceeding," but this requirement is met because the FBI's Crossfire Hurricane investigation likely qualifies as an 'official proceeding,' s*ee, e.g., United States v. Lee*, 919 F.3d 340 (6th Cir. 2019) (finding that defendant's misleading acts and representations to FBI agents during preliminary investigation stage was sufficient to constitute a violation of 18 U.S.C. § 1512), and, even if it does not, Plaintiff sufficiently alleged that the Defendants "knew of or foresaw an official proceeding, and knew that [their actions were likely to affect it" – including the investigations carried out by the House Permanent Select Committee on Intelligence and the Department of Justice's Special Counsel, both of which were either pending or easily foreseeable when all of the predicate acts occurred.

*Second*, Plaintiff's predicate act for theft of trade secrets has a sound basis in the law. Indeed, Plaintiff's allegation that the Defendants stole large swaths of his DNS data qualifies under the statute since it is well established that "'distillation of' publicly available information [is] a protectable trade secret." *Compulife Software Inc. v. Newman*, 959 F.3d 1288, 1314 (11th Cir. 2020); *see also Digiport, Inc. v. Foram Dev. BFC, LLC*, 314 So.3d 550, 553 (Fla. Dist. Ct. App. 2020) ("Even if *all* of the information is publicly available, a unique compilation of that information, which adds value to the information, also may qualify as a trade secret.") (citing *Capital Asset Rsch. Corp. v. Finnegan*, 160 F.3d 683, 686 (11th Cir. 1998)). Thus, in reliance on

*Kremen v. Cohen*, 337 F.3d 1024 (9th Cir 2003) and its progeny, which recognized that "DNS is a document (or perhaps more accurately a collection of documents), Plaintiff has a compelling argument that he had ownership interest in his DNS data, which was stolen and misappropriated by the Defendants through utilization of special technology to compile an "infeasible amount of data." *Compulife Software Inc*, 959 F.3d at 1314.

*Third*, with respect to Plaintiff's wire fraud claim, the Defendants argue that Plaintiff lacks standing because his claim is premised upon the theory that the fraud was perpetrated against the media, not Plaintiff himself. However, this contention is sharply undercut by the Supreme Court's holding in *Bridge v. Phoenix Bond & Indemnity Co.*, which established that a wire fraud plaintiff "need not show, either as an element of [their] claim or as a prerequisite to establishing proximate causation, that it relied on [the [d]efendant's alleged misrepresentations." 553 U.S. 639, 661 (2008). Further, contrary to the Defendants' contention, a wire fraud claim need not be designed to "obtain" the property of another, but may be properly based upon the "deprivation" of the plaintiff's property. *See, e.g., Mid Atlantic Telecom, Inc. v. Long Distance Services, Inc.*, 18 F.3d 260, 264 (4th Cir. 1994) (recognizing "lost customers and lost revenue" as valid wire fraud injury); *Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 565 (5th Cir. 2001) (recognizing "injuries to competitive position" as valid wire fraud injury); *Alix v. McKinsey & Co.*, 23 F.4th 196, 204–06 (2d Cir. 2022) (recognizing loss of potential clients and contractual relations as cognizable RICO injury); *Lewis v. Lhu*, 696 F.Supp. 723, 727 (D.D.C. 1988) (recognizing reputational damages as valid wire fraud injury); *Bridge*, 553 U.S. at 649-650 (recognizing "lost valuable liens" as valid wire fraud injury; also, contemplating that "[if] an enterprise that wants to get rid of rival businesses mails misrepresentations about them to their customers and suppliers . . . [and] the rival businesses lose money as a result of the misrepresentations, it would certainly seem that they were injured in their business 'by reason of' a pattern of mail fraud[.]").

Moreover, with regard to the issue of personal jurisdiction, the Defendants entirely overlook the fact that 18 U.S.C. § 1965(b) and Florida Statute § 48.193(1)(a)(2) both provide a legitimate basis for Plaintiff to obtain personal jurisdiction over all of the defendants. The statutes' reach were only negated because the Court found the underlying claims to lack merit. Since Plaintiff's Counsel have, and, at all relevant times had, a good-faith belief that their claims are cognizable and valid, personal jurisdiction would not have otherwise been a bar to prosecuting this action.

Further, to the extent the Defendants' claim that the Amended Complaint is a 'shotgun pleading,' this issue is largely irrelevant to the determination of whether sanctions are appropriate since neither the Defendants, nor the Court, moved for a repleading order. *See Jackson v. Bank of America, NA*, 898 F.3d 1348, 1357-58 (11th Cir. 2018); *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018); *Byrne v. Nezhat*, 261 F.3d 1075 (11th Cir. 2001). The Eleventh Circuit requires that a District Court give a Plaintiff prior notice of a "shotgun pleading" and at least one opportunity to correct it before dismissing with prejudice. *Vibe Micro, Inc.*, 878 F.3d at 1294-95 (11th Cir. 2018) (plaintiff must be given "chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds"; district court must "explain how the offending pleading violates the shotgun pleading rule."). Since Plaintiff was not provided with "fair notice" that the Amended Complaint was purportedly a 'shotgun pleading,' nor a "meaningful chance" to correct any such deficiency, it would be inappropriate to award sanctions against Plaintiff's Counsel on this basis alone. *Jackson*, 898 F.3d at 1358.

Beyond these specific issues, given the breadth of the legal issues involved in this action, Plaintiff's Counsel will rely upon the arguments set forth in the memorandum of law filed in opposition to the Defendants motion to dismiss (DE 262) in support of their contention that Plaintiff's claims have merit.

The Defendants also generally allege that Plaintiff's Counsel conducted themselves throughout this litigation in a manner that is consistent with a showing of bad faith. This inflammatory accusation is entirely without merit. For instance, Defendants argue that the Amended Complaint is "replete with misleading citations of fact," and point to various footnotes which the Defendants claim were strategically placed in a misleading fashion. This was never Plaintiff Counsel's intention and there seems to be a general misunderstanding as to how footnotes were utilized in the Amended Complaint. For instance, the example pointed to by the Court— paragraph 3 of the Amended Complaint, which cited page 96 of the U.S. Dep't of Justice, Office of the Inspector General, Review of Four FISA Applications and Other Aspects of the FBI's Crossfire Hurricane Investigation (2019) (hereinafter "IG Report")[1]—reads as follows:

> "The scheme was conceived, coordinated and carried out by top-level officials at the Clinton Campaign and the DNC—including

---

[1] Available at https://www.justice.gov/storage/120919-examination.pdf.

*'the candidate'* herself—who attempted to shield her involvement behind a wall of third parties." *See* Am. Compl. at ¶ 3; *see also* September Order at 6.

Page 96 of the IG Report, in turn, states the following:

> "Steele told Handling Agent 1 that Steele was aware that 'Democratic Party associates' were paying for Fusion GPS's research, the 'ultimate client' was the leadership of the Clinton presidential campaign, and '*the candidate*' was aware of Steele's reporting . . . He also said it was clear that Fusion GPS was backed by Clinton supporters and senior Democrats who were supporting her."

The reference to Page 96 of the IG Report was merely included for the purpose of citing to the source of the quoted language – "the candidate" (i.e., Hillary Clinton) – which, in the context it was made, supports that Clinton was personally aware of the Steele Dossier and the roles of various players who contributed to the development of it. The purpose of the footnotes was not to mislead – it was to substantiate the evidentiary basis for Plaintiff's claims.

Defendants also claims that "although Plaintiff's counsel repeatedly cited unproven allegations from Special Counsel Durham's indictment of Michael Sussmann, they omitted that Sussmann was acquitted or that many of those allegations were never the subject of an offer of proof at trial." Def. Mem. at 8. With regard to the acquittal, Plaintiff's Counsel, of course, does not dispute that Mr. Sussmann was acquitted at trial. In fact, the acquittal was cited twice in Plaintiff's opposition papers, wherein it was further explained why his acquittal on such a narrow criminal charge (i.e., whether Sussmann's statement to Jim Baker that he was "not acting on behalf of his client" was false) is immaterial to the claims in the Amended Complaint:

> Defendants argue that Sussmann's misrepresentation to FBI General Counsel, Jim Baker, that he "was not acting on behalf of any client" cannot be tied to Plaintiff's injuries because Sussmann was ultimately acquitted by a jury on a related criminal charge. This argument is flawed for several reasons. First, criminal cases have an extremely high burden of proof, so an acquittal is by no means an acknowledgement of innocence. In fact, Sussmann relayed the very same to Baker in a text message—as referenced in the Complaint, *see* Am. Compl. ¶ 204—so the fact that the statement was made is not in dispute. More importantly, despite the high-profile jury trial that surrounded it, Sussmann's misrepresentation to Jim Baker is a very minor part of the RICO Defendants' wide-spanning scheme. In

> fact, it was not even the most noteworthy thing that happened at his
> meeting with Baker on September 19, 2017; he also handed over
> falsified records and threatened that a major media outlet would be
> reporting on the story imminently (omitting the fact that he had
> provided the story to the major media outlet) – which led to the FBI
> launching a "full field investigation" into the supposed Trump-Alfa
> Bank connections "as a direct result of Sussmann's meeting with
> Baker."

Pl. Opp. (DE 262) at 42; *see also id.* at 12 n. 2 ("[A]lthough Sussmann was acquitted on the charge

of making a false statement in violation of 18 U.S.C. § 1001(a)(2), the acquittal has no legal effect

on the applicability of the tolling provision of § 16(i) . . . [n]or should it, since Plaintiff was able

to "reap the benefits" of the Sussmann Action as evidenced by the vast number of references in

the Complaint to testimony and evidence adduced throughout the course of the Sussmann

Action.")[2].

Further, Defendants' contention that Plaintiff relied upon allegations that were "never the

subject of an offer of proof at trial" is simply not true. In fact, many of the changes made to the

Amended Complaint were done to address this exact concern. For instance, 37 footnotes that had

previously cited to the Sussmann Indictment were replaced with references to testimony of

witnesses who took the stand at the Sussmann trial. *See, e.g.*, Am. Compl. at ¶¶ 17, 18, 22-24, 30,

32, 43, 59, 64-65, 91, 105-106, 122, 137, 140-146, 172-179, 180-182, 187-189, 280. Likewise, 23

footnotes that had previously cited to the Sussmann Indictment were replaced with references to

documentary evidence offered in the Sussmann trial. *See, e.g., id.* at ¶¶ 5, 17, 31, 61-62, 90, 92,

98-99, 102-105, 112, 115, 117, 123, 136, 147, 157, 171, 184, 231. Thus, contrary to Defendants'

assertion, Plaintiff Counsel's use of the Sussmann trial was indeed in good faith and intended to

substantiate the veracity of the allegations contained in the Amended Complaint and not intended

to mislead in any way.

Defendants have failed to establish, and the record does not support, that any of Plaintiff's

Counsel's conduct throughout the course of this litigation was undertaken in bad faith,  Plaintiff's

---

[2] The Amended Complaint also cited to an identical statement made by Mr. Sussmann, under oath,
to the House Permanent Select Committee, which establishes the same exact fact—that Sussmann
was acting on behalf of his client when he met with the FBI—as was at issue in the Sussmann trial,
thereby rendering the acquittal immaterial for the purposes of the instant action. *See* Am. Compl.
at ¶ 307.

Counsel made viable legal arguments, which are supported by existing precedent and/or warrant an extension of existing law, and otherwise. Even assuming *arguendo* that Plaintiff's claims are without merit, such a finding, on its own, does not warrant the imposition of sanctions, *see Schwartz*, 341 F.3d at 1225 ("something more than a lack of merit is required"), particularly where Plaintiff's Counsel engaged in good-faith efforts to substantiate the veracity of the allegations contained in the Amended Complaint by sourcing to various authorities supporting the underlying facts.   Plaintiff's Counsel pursued every avenue of research which was available to them to verify the facts as understood and legitimately believed by them.  Further, it was understood that with the progression of the lawsuit, discovery would have supported the claims against the Defendants which were alleged in the Complaint.

Therefore, the record does not support a finding that Plaintiff's Counsel engaged in "unreasonable and vexatious conduct" during the course of this litigation. 28 U.S.C. § 1927.

### ii.      The conduct at issue did not "multiply the proceedings"

The second requirement, relating to multiple proceedings, is only satisfied when an attorney's conduct "results in proceedings which would not have been conducted otherwise." *Daniels v. Sodexo, Inc.*, 2013 WL 4008744, at *7 (M.D. Fla. Aug. 5, 2013) (citing *Peterson*, 124 F.3d at 1396).

"In order for § 1927 to be applicable, there must be a causal connection between the objectionable conduct of counsel and multiplication of the proceedings.  Under the plain statutory language, objectionable conduct—even 'unreasonable and vexatious' conduct—is not sanctionable unless it results in proceedings that would not have been conducted otherwise." *Peterson*, 124 F.3d at 1396.

The Defendants have failed to identify to any additional "proceedings" that would not have been conducted but for the filing of the Amended Complaint. The allegedly vexatious conduct cited by the Defendants, amending the Complaint, was ***expressly authorized*** by the Court. (*See* DE 111) (Judge Middlebrooks stating that Plaintiff's request to amend the Complaint, corresponding extension, was granted with leave of court pursuant to FRCP 15(a)(2)).   The Defendants also consented to this request and failed to raise any concern that they viewed a proposed amendment as being 'vexatious' in nature or futile in any way.

At least two circuit cases have found 28 U.S.C. 1927 sanctions to be impermissible when a party amends a complaint with leave of court. *See Nollner v S. Baptist Convention, Inc.*, 628 Fed

Appx 944 (6th Cir. 2015) ("The Amended Complaint is manifestly deficient and, as discussed herein, reflects (at least) a lack of attentiveness by plaintiffs' counsel.   Notwithstanding its substantive defects, ***the Amended Complaint was filed with the court's permission; accordingly, the court cannot conclude that counsel needlessly multiplied proceedings by filing it***. Therefore, the court will not award sanctions to the defendants for fees related to the Defendants' Motion to Dismiss the Amended Complaint.") (emphasis added); *see also Harvey v Cable News Network, Inc.*, 48 F.4th 257, 280 (4th Cir. 2022) ("Although Harvey's effort to amend was unsuccessful, his filing of a single amended complaint does not, under the circumstances presented here, demonstrate a level of egregiousness, a pattern of misconduct, or result in protracted litigation to the extent that this Court and others have found bad faith that warranted sanctions . . . ***None of the cases the district court cites persuade us that Harvey's filing of a single Amended Complaint, where the original complaint was dismissed without prejudice and where the court invited him to amend, justifies the sanctions award***") (emphasis added).

Indeed, sanctions are simply not appropriate, nor warranted, in the instant scenario. This is not a situation where the Court dismissed the Complaint and Plaintiff re-filed an Amended Complaint necessitating an additional proceeding as to the merits of his claims.   The Court expressly permitted Plaintiff to file an Amended Complaint, and Plaintiff did precisely that. While the Court ultimately found the Amended Complaint to be deficient, this position was only made clear after the Amended Complaint was filed – the Court's September 8, 2022 Order was the first and only substantive ruling as to whether the Plaintiff's claims were sufficient to survive a motion to dismiss. Succinctly stated, "when a district court grants leave to amend a complaint and later finds, as it often does, that an amended complaint continues to fail to state a claim, the typical outcome is dismissal of the amended complaint, not an award of sanctions against the litigant and his counsel for making an attempt." *Harvey*, 48 F.4th at 280.

Therefore, the simple act of amending the complaint—with leave of the Court and consent from the Defendants—did not multiply the proceedings. Therefore, the Defendants are unable to satisfy the second element of 28 U.S.C. § 1927.

### iii.    The amount of the sanctions do not have a financial nexus to any excess proceedings

Even assuming the first two factors are satisfied (which they are not), there is no financial nexus between the filing of the Amended Complaint and the gratuitous costs incurred by the

Defendants subsequent to that point.

In its June 23, 2022 Order, the Court specifically noted that it had "reviewed Plaintiff's Amended Complaint" and encouraged the Defendants that "to the extent that the allegations against certain Defendants, and therefore the arguments relied on by those Defendants in support of dismissal, remain unchanged, and in the interest of reducing costs in this action, Defendants are advised that they may readopt their prior Motions to Dismiss if they so choose." (DE 188). In a subsequently-filed Order, the Court noted that the Amended Complaint "did not significantly alter the allegations as to most Defendants, and the arguments in support of dismissal of the Amended Complaint should therefore be substantially similar to the arguments in support of dismissal of Plaintiff's original Complaint." (DE 200).

Despite the Court's urging them to "readopt" their prior arguments, the Defendants proceeded to bill an exorbitant and excessive amount of time to put forth what has been described by the Court as "substantively identical arguments in support of dismissal [as the] earlier round of briefing." September Order at 63. In other words, the Defendants claim to have incurred nearly $500,000 in crafting a response to the Amended Complaint that was *essentially unchanged* from their prior response. Given this inexplicable discrepancy, it is apparent that the costs incurred by the Defendants do not have a legitimate financial nexus to the filing of the Amended Complaint. At a minimum, it is clear that the Defendants made no effort to mitigate their damages. *See Riddle v. Egensperger*, 266 F3d 542, 556 (6th Cir. 2001) ("[D]efendants made a tactical decision to participate in a scorched earth approach rather than to mitigate their damages. It is now too late to change course.")

Moreover, there is improper duplication in that the Plaintiff's attorneys have already been sanctioned for the same conduct as it relates to the Defendant, Charles Dolan. While Plaintiff's Counsel maintains that no sanctions are warranted, Plaintiff's Counsel have already been sanctioned for the full cost of Mr. Dolan's attorneys' fees, as well as an additional $50,000 in punitive fines. It is respectfully submitted that the imposition of these fines, on their own, should suffice in terms of monetary sanctions against Plaintiff's Counsel.

   iv. **To the extent necessary, Plaintiff's Counsel requests an evidentiary hearing**

To the extent this Court is willing to entertain the imposition of sanctions against Plaintiff's Counsel pursuant to 28 U.S.C. § 1927, Plaintiff's Counsel requests the opportunity to be heard in

an evidentiary hearing. See *Reynolds v. Roberts,* 207 F.3d 1288, 1302 (11th Cir.2000). ("Plainly, an attorney threatened with sanctions under § 1927 is entitled to a hearing."). Plaintiff's Counsel further reserves the right to identify an expert witness and present expert testimony concerning, among other things, the substantive merits of Plaintiff's claims.

## B.  The Court's Inherent Powers

At the outset, "Sanctions that are impermissible under § 1927 are also impermissible under a district court's inherent powers. . . the threshold of bad faith conduct for purposes of sanctions under the court's inherent powers is at least as high as the threshold of bad faith conduct for sanctions under § 1927." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1252 (11th Cir. 2007). Thus, sanctions under the Court's inherent powers are not appropriate for the same reasons set forth in section A above.

Nonetheless, like Section 1927 sanctions, the invocation of a court's inherent power requires a finding of bad faith. *See, e.g., Amlong,* 500 F.3d at 1251 ("[B]efore a court can impose sanctions on an attorney under its inherent powers, it must make a finding of bad faith."); *see also Chambers v. Nasco, Inc.*, 501 U.S. 32 (1991). "Bad faith exists when the court finds that a fraud has been practiced upon it, or that the very temple of justice has been defiled, or where a party or attorney knowingly or recklessly raises a frivolous argument, delays or disrupts the litigation, or hampers the enforcement of a court order." *Brown Jordan Intl., Inc. v. Carmicle,* 0:14-CV-60629, 2016 WL 815827, at *35 (S.D. Fla. Mar. 2, 2016), *affd,* 846 F.3d 1167 (11th Cir 2017). Importantly, "[t]his power 'must be exercised with restraint and discretion' and used 'to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Id.* (citation omitted).

Here, this is simply no support for the Defendants' contention that Plaintiff or his counsel acted in bad faith in commencing or prosecuting the instant action. In attempting to argue otherwise, the Defendants largely raise two points: first, they claim that statements made by one of Plaintiff's Counsel on a mainstream news network is proof that the suit was filed in bad faith; second, they claim that Plaintiff and his counsel exhibits various forms of "gamesmanship" throughout the course of litigation. Both contentions are misguided and plainly untrue.

With respect to the statements made by Ms. Habba, her appearance on Fox News does not in any way indicate that she, or any other Plaintiff's Counsel, prosecuted this action in bad faith. To the extent these statements are relevant to the instant application at all, they simply demonstrate that Ms. Habba is a zealous advocate for her client, that she staunchly believes in the viability of

the underlying claims, and that she has extensively familiarity with the relevant evidence. The statements made by Ms. Habba are indicative of an attorney prosecuting an action, in good faith, and nothing more.

Further, neither Plaintiff nor his counsel engaged in any sort of "gamesmanship" during the course of this litigation. In fact, the opposite is true. Throughout the course of proceedings, Plaintiff's Counsel, with Plaintiff's blessing, consented to each and every request for an extension or similar accommodation that was posed by the more than 30 defendants. When it was determined that an Amended Complaint would need to be filed, Plaintiff's Counsel filed a motion seeking to extend the deadline to amend to allow for a consolidated motion to dismiss that would save time and costs for all defense counsel involved. In this way, and in others, Plaintiff dealt with defense counsel in a professional and courteous manner at all relevant times.

Based on the foregoing, and for the reasons set forth in section A above, sanctions under the Court's inherent powers are neither appropriate nor warranted.

### C. Defend Trade Secrets Act

The Defendants also seek sanctions under the Defend Trade Secrets Act, 18 U.S.C. §§ 1830-32, however this request is similarly flawed.

18 U.S.C. § 1836(b)(3)(D) provides that "if a claim of the misappropriation is made in bad faith, which may be established by circumstantial evidence, a motion to terminate an injunction is made or opposed in bad faith, or the trade secret was willfully and maliciously misappropriated, award reasonable attorney's fees to the prevailing party." There is scant law as it pertains to § 1836(b)(3)(D) specifically, so courts have generally looked toward more general principles governing the award of sanctions and bad faith conduct. *See Temurian v. Piccolo*, No. 18-CV-62737, 2021 WL 1520588, at *5 (S.D. Fla. Mar. 3, 2021), *report and recommendation adopted in part*, No. 18-62737-CIV, 2021 WL 1121003 (S.D. Fla. Mar. 24, 2021) ("[T]he Eleventh Circuit has not addressed what constitutes 'bad faith' for the purposes of the DTSA, but there is ample precedent as to what constitutes 'bad faith' warranting the award of attorneys' fees."); *see also Mar. Mgmt., Inc. v. United States,* 242 F.3d 1326, 1333 (11th Cir. 2001) ("In determining the propriety of a bad faith fee award, 'the inquiry will focus primarily on the conduct and motive of a party, rather than on the validity of the case.'") (citation omitted); *Kreager v. Solomon & Flanagan,* 775 F.2d 1541, 1543 (11th Cir. 1985) ("Bad faith is determined by focusing on a party's conduct and motive rather than on the validity of the case.").

Here, for the same reasons set forth above in sections A and B, neither Plaintiff nor Plaintiff's Counsel has engaged in bad faith conduct. Further, sanctions are particularly inappropriate in the DTSA context since the Defendants only attack the "validity of" Plaintiff's DTSA claim, and do not question his "conduct or motive" for bringing the claim. Def. Mem. at 18-19. Thus, these Defendants have failed to establish their entitlement to any fees under 18 U.S.C. § 1836(b)(3)(D).

In addition, the DTSA claim is only asserted against eight Defendants, Neustar, Inc., Neustar Security Services, Joffe, Perkins Coie, Sussmann, Clinton Campaign, DNC., and Clinton. Yet, none of these defendants have identified which portion of their attorneys' fees were specially accrued in connection with opposing the DTSA claim (Count VIII), as opposed to the other claims in the action. Therefore, even if these defendants could otherwise support a cognizable claim under 18 U.S.C. § 1836(b)(3)(D), they have failed to articulate the proper amount of fees to be awarded under the statute.

Further, with respect to Defendant, Joffe, the Court dismissed him from the action for lack of jurisdiction, meaning that it lacked the subject matter jurisdiction to dismiss the claims against him on the merits and with prejudice. *Blankenship v. Gulf Power Co*., 551 Fed. App'x 468, 471 (11th Cir. 2013) ("Because the district court lacked subject matter jurisdiction, however, it did not have authority to dismiss the complaint on the merits."). As such, he cannot be considered a "prevailing party" and is not eligible for relief under 18 U.S.C. 1836(b)(3)(D). *See McGriff Insurance Services, Inc. v. Littlestone*, 21-CV-480 (M.D. Fl. Dec. 30, 2021),

For the foregoing reasons, the Defendants' request for attorneys' fees under 18 U.S.C. § 1836(b)(3)(D) must be denied.

## II.    THE DEFENDANTS' FEES ARE UNREASONABLE AND IMPROPER

### A.   A Large Portion of the Defendants' Fees Are Block Billing.

The lodestar approach to calculating attorneys' fees requires the Court to first multiply a reasonable hourly rate by the reasonable hours expended. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

Attorneys should "maintain billing records in a manner that will enable a reviewing court to identify distinct claims." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1937, 76 L. Ed. 2d 40 (1983).  When an attorney includes multiple tasks in a single entry, often referred to as

"block billing," it can be difficult for the Court to determine the amount of time expended on a single issue.  A court has "broad discretion in determining the extent to which a reduction in fees is warranted by block billing." *Bujanowski v. Kocontes*, 2009 WL 1564263, at *2 (M.D. Fla. 2009), report and recommendation adopted in part, No. 808CV390T33EAJ, 2009 WL 1564244 (M.D. Fla. May 1, 2009), aff'd, 359 F. App'x 112 (11th Cir. 2009).

In the instant matter, an overwhelming majority of the Defendants' billing records are comprised of overly vague block-billing entries, as evidenced in the attached Exhibits which are described in greater detail below.

### B. The Defendants' Fees are Unreasonable or Excessive.

In making an application for attorneys' fees, the Defendants were required to provide "sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303.

A fee applicant must set out the general subject matter of the time expended by the attorney "with sufficient particularity so that the court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Excessive, redundant, or otherwise unnecessary hours should be excluded from the amount claimed. Id. at 1301. A fee applicant must exercise billing judgment by excluding "excessive, redundant or otherwise unnecessary [hours]." *Hensley*, Supra. at 434.

Where a fee applicant does not exercise billing judgment, "courts are obligated to do it for them." *ACLU v. Barnes*, 168 F.3d at 423, 428 (11th Cir. 1999).  When a request for attorneys' fees is unreasonably high, the court "may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut," but it cannot do both. *See Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1351 (11th Cir. 2008).

As evidenced in the annexed Exhibits, the invoices offered in support of Defendants' Motion are unreasonable and excessive. Therefore, to the extent any attorneys' fees are awarded at all, this Court should reduce the amount of fees awarded to make them commensurate to the work actually performed, and appropriately recorded, by Defendants' counsel.

### C. Redundant Hours Should Be Excluded

"Redundant hours must be excluded from the reasonable hours claimed by the fee applicant." *ACLU*, 168 F.3d at 432. Such "hours generally occur where more than one attorney represents a client." *Norman*, 836 F.2d at 1301-1302.  While there is nothing unreasonable about

a client having multiple attorneys, a fee applicant may only recover for the hours of multiple attorneys if the attorneys "are not unreasonably doing the same work, and are being compensated for the distinct contribution of each lawyer." *Id.* at 1302; *ACLU*, 168 F.3d at 432. A fee applicant has the burden to show "that the time spent by those attorneys reflects the distinct contribution of each lawyer to the case and is the customary practice of multiple-lawyer litigation." *Id.*

### D.  Particulars As To The Defendants' Invoices

The Summary and the individual billing invoices were compared and analyzed, and the following is a summary of the amount of overbilling to which the Plaintiff and his attorneys object. Moreover, in support of this summary, the spreadsheet for each of the Defendants' law firms is attached as Exhibits 1 through 12 (There is no Exhibit 4 or 9 as there were no objections to the amount billed by Defendants Schultz and Neustar, Inc.). The Invoices which were provided are also attached with indications on each, which are reflected by the page number of each invoice, with the specific objections indicated for each billing entry to that Plaintiff and his attorneys object to. In addition, attached as Exhibit A is a summary of the objections to the Defendants' billing records.

### CONCLUSION

For the foregoing reasons, Defendant's Motion must be dismissed in its entirety. In the alternative, to the extent the Court deems it necessary and appropriate to impose sanctions, the Defendants invoices should be reduced accordingly.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically

filed this 14th day of November, 2022, with the Clerk of Court using CM/ECF, which will send a

notice of electronic filing to all Parties listed on the Service List.


_____/s/ _Peter Ticktin_____

**THE TICKTIN LAW GROUP**
Peter Ticktin, Esquire
Florida Bar No.: 887935
Serv512@LegalBrains.com
Jamie Alan Sasson, Esquire
Florida Bar No.: 10802
Serv513@LegalBrains.com
270 SW Natura Avenue
Deerfield Beach, Florida 33441-1610
Telephone: (954) 570-6757
*Attorneys for the Plaintiff*

**HABBA MADAIO & ASSOCIATES**
Alina Habba, Esquire
ahabba@habbalaw.com
Michael T. Madaio, Esquire
mmadaio@habbalaw.com
1430 US Highway 206 Suite 240
Bedminster, New Jersey 07921
Telephone: (908) 869-1188
*Attorneys for the Plaintiff*

## SERVICE LIST

Anthony Erickson-Pogorzelski, Esquire
Fla. Bar No. 619884
Anthony.Pogorzelski@usdoj.gov
**Assistant U.S. Attorney**
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
Telephone: 305- 961-9296
*Attorneys for Defendant*
*United States of America*

David E. Kendall, Esquire
dkendall@wc.com
**Williams & Connolly, LLP**
725 12th Street NW
Washington, DC 20005-3901
Telephone: 202-434-5000
*PRO HAC VICE*
*Attorney for the Defendant*
*Hillary R. Clinton*

David Oscar Markus, Esquire
dmarkus@markuslaw.com
**Markus/Moss, LLP**
40 N.W. Third Street
Penthouse 1
Miami, Florida 33128
Telephone: 305-379-6667
*Attorneys for the Defendant*
*Hillary R. Clinton*

Katherine M. Turner, Esquire
kturner@wc.com
**Williams & Connolly, LLP**
725 12th Street NW
Washington, DC 20005-3901
Telephone: 202-434-5000
*PRO HAC VICE*
*Attorney for the Defendant*
*Hillary R. Clinton*

Michael J. Mestitz, Esquire
mmestitz@wc.com

**Williams & Connolly, LLP**
725 12th Street NW
Washington, DC 20005-3901
Telephone: 202-434-5000
*PRO HAC VICE*
*Attorney for the Defendant*
*Hillary R. Clinton*

Jonathan Edward Levine, Esquire
Jonathan.levine@levinepllc.com
**Levine & Associates, PLLC**
5311 Lee Highway
Arlington, Virginia 22207
Telephone: 703-525-2668
*Attorney for Defendant*
*Charles Halliday Dolan, Jr.*

George R.A. Doumar, Esquire
gdoumar@doumarmartin.com
**Mahdavi, Bacon, Halfhill & Young, PLLC**
11350 Random Hills Road, Suite 700
Fairfax, Virginia 22030
Telephone: 703-352-1300
*PRO HAC VICE*
*Attorney for Defendant*
*Charles Halliday Dolan, Jr*

Franklin G. Monsour, Jr., Esquire
fmonsour@orrick.com
**Orrick, Herrington & Stcliffe, LLP**
51 West 52nd Street
New York, New York 10019
Telephone: 202-339-8533
*PRO HAC VICE*
*Attorney for Defendant*
*Igor Danchenko*

Diana Marie Fassbender, Esquire
dszego@orrick.com
**Orrick, Herrington & Stcliffe, LLP**
1152 15th Street NW
Washington, D.C. 20005

*PRO HAC VICE*
*Attorney for Defendant*
*Igor Danchenko*

Jennifer Olmedo-Rodriguez, Esquire
Florida Bar No.: 605158
Jennifer.olmedo@bipc.com
**Buchanan Ingersoll & Rooney, P.C.**
2 South Biscayne Boulevard, Suite 1500
Miami, Florida 33131
Telephone: 305-347-4080
*Attorney for the Defendant*
*Neustar, Inc.*

Samantha L. Southall, Esquire
Samantha.southall@bipc.com
**Buchanan Ingersoll & Rooney, P.C.**
50 South 16th Street, Suite 3200
Two Liberty Place
Philadelphia, PA 19102
Telephone: 215-665-3884
*PRO HAC VICE*
*Attorney for the Defendant*
*Neustar, Inc*

Adam Seth Fels, Esquire
afels@ffslawfirm.com
Florida Bar No.: 0114917
**Fridman Fels & Soto, PLLC**
2525 Ponce de Leon Blvd., Ste 750
Coral Gables, FL 33134
Telephone: 305-569-7701
*Attorney for the Defendant*
*Bruce Ohr and Nellie Ohr*
*Fusion GPS*
*Glenn Simpson*
*Peter Fritsch*

Kevin P. Crenny, Esquire
kcrenny@levyfirestone.com
**Levy Firestone Muse, LLP**
900 17th Street NW, Suite 1200
Washington, D.C., 20006
Telephone: 202-845-3215
*PRO HAC VICE*

*Attorney for the Defendant*
*Fusion GPS*
*Glenn Simpson*
*Peter Fritsch*

Joshua Levy, Esquire
jal@levyfirestone.com
**Levy Firestone Muse, LLP**
900 17th Street NW, Suite 1200
Washington, D.C., 20006
Telephone: 202-845-3215
*PRO HAC VICE*
*Attorney for the Defendant*
*Fusion GPS*
*Glenn Simpson*
*Peter Fritsch*

Rachel Clattenburg, Esquire
rmc@levyfirestone.com
**Levy Firestone Muse, LLP**
900 17th Street NW, Suite 1200
Washington, D.C., 20006
Telephone: 202-845-3215
*PRO HAC VICE*
*Attorney for the Defendant*
*Fusion GPS*
*Glenn Simpson*
*Peter Fritsch*

Joshua Berman, Esquire
Joshua.Berman@cliffordChance.com
**Clifford Chance US, LLP**
2011 K. Street, NW
Washington, D.C., 20006-1001
Telephone: 202-912-5000
*PRO HAC VICE*
*Attorney for Defendants*
*Nellie Ohr and Bruce Ohr*

Benjamin Peacock, Esquire
Benjamin.Peacock@cliffordChance.com
**Clifford Chance US, LLP**
2011 K. Street, NW
Washington, D.C., 20006-1001
Telephone: 202-912-5000
*PRO HAC VICE*

3

*Attorney for Defendants*
*Nellie Ohr and Bruce Ohr*

Eugene K. Pettis, Esquire
cmarr@hpslegal.com
Service@hpslegal.com
**Haliczer Pettis & Schwamm P.A.**
100 SE 3rd Avenue, 7th Floor
Fort Lauderdale, FL 33394
Telephone: 954-523-9922
*Attorneys for Defendant*
*Marc Elias*

Debra P. Klauber, Esquire
dklauber@hpslegal.com
Service@hpslegal.com
**Haliczer Pettis & Schwamm P.A.**
100 SE 3rd Avenue, 7th Floor
Fort Lauderdale, FL 33394
Telephone: 954-523-9922
*Attorneys for Defendant*
*Marc Elias*

April A. Otterberg, Esquire
aotterberg@jenner.com
**Jenner & Block, LLP**
353 N. Clark Street
Chicago, Il 60654-3454
Telephone: 312-222-9350
*PRO HAC VICE*
*Attorney for the Defendant*
*Marc Elias*

Reid J. Schar, Esquire
rschar@jenner.com
**Jenner & Block, LLP**
353 N. Clark Street
Chicago, Il 60654-3454
Telephone: 312-222-9350
*PRO HAC VICE*
*Attorney for the Defendant*
*Marc Elias*

Roberto Martinez, Esquire

Bob@colson.com
becky@colson.com
Florida Bar No.: 305596
**Colson Hicks Eidson, P.A.,**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Telephone: 305-476-7400
*Attorney for the Defendant*
*Michael Sussmann*

Zachary Lipshultz, Esquire
zach@colson.com
Florida Bar No.: 123594
**Colson Hicks Eidson, P.A.,**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Telephone: 305-476-7400
*Attorney for the Defendant*
*Michael Sussmann*

Michael S. Bosworth, Esquire
Michael.Bosworth@lw.com
**Latham & Watkins, LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: 212-916-1221
*PRO HAC VICE*
*Attorney for the Defendant*
*Michael Sussmann*

Michael F. Houlihan, Esquire
Michael.Houlihan@lw.com
**Lathem & Watkins, LLP**
200 Clarendon Street
Boston, MA 02116
Telephone: 617-880-4642
*PRO HAC VICE*
*Attorney for the Defendant*
*Michael Sussmann*

Sean M. Berkowitz, Esquire
Sean.Berkowitz@lw.com
**Latham & Watkins, LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: 312-876-7700

*PRO HAC VICE*
*Attorney for the Defendant*
*Michael Sussmann*

Stephen P. Barry, Esquire
Stephen.Barry@lw.com
**Latham & Watkins, LLP**
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004
Telephone: 202-637-2200
*PRO HAC VICE*
*Attorney for the Defendant*
*Michael Sussmann*

Eleni Kastrenakes Howard, Esquire
Eleni.kastrenakeshoward@akerman.com
Florida Bar No.: 73073
**Akerman, LLP**
777 S. Flagler Drive, Suite 1100, West
Tower
West Palm Beach, Florida 33401
Telephone: 561-653-5000
*Attorney for the Defendant*
*Perkins Coie, LLP*

Howard Jay Harrington, Esquire
Jay.harrington@akerman.com
Florida Bar No.: 0118719
**Akerman, LLP**
777 S. Flagler Drive, Suite 1100, West
Tower
West Palm Beach, Florida 33401
Telephone: 561-653-5000
*Attorney for the Defendant*
*Perkins Coie, LLP*

F. Joseph Warin, Esquire
fwarin@gibsondunn.com
**Gibson Dunn & Crutcher, LLP**
1050 Connecticut Avenue NW
Washington, D.C., 20036-5306
Telephone: 202-887-3609
*PRO HAC VICE*
*Attorney for the Defendant*
*Perkins Coie, LLP*

Geoffrey M. Sigler, Esquire
gsigler@gibsondunn.com
**Gibson Dunn & Crutcher, LLP**
1050 Connecticut Avenue NW
Washington, D.C., 20036-5306
Telephone: 202-887-3609
*PRO HAC VICE*
*Attorney for the Defendant*
*Perkins Coie, LLP*

Katherine M. Meeks, Esquire
kmeeks@gibsondunn.com
**Gibson Dunn & Crutcher, LLP**
1050 Connecticut Avenue NW
Washington, D.C., 20036-5306
Telephone: 202-887-3609
*PRO HAC VICE*
*Attorney for the Defendant*
*Perkins Coie, LLP*

Nancy E. Hart, Esquire
nhart@gibsondunn.com
**Gibson Dunn & Crutcher, LLP**
1050 Connecticut Avenue NW
Washington, D.C., 20036-5306
Telephone: 202-887-3609
*PRO HAC VICE*
*Attorney for the Defendant*
*Perkins Coie, LLP*

Gerald E. Greenberg, Esquire
ggreenberg@gsgpa.com
Florida Bar No.: 440094
**Gelber Schachter & Greenberg, P.A.**
One South East Third Avenue, Suite 2600
SunTrust International Center
Miami, Florida 33131
Telephone: 305-728-0950
*Attorney for the Defendant*
*Democratic National Committee*
*DNC Services Corporation*
*Debbie Wasserman Schultz*

Shawn G. Crowley, Esquire
scrowley@kaplanhecker.com

5

**Kaplan Hecker & Fink, LLP**
350 5th Avenue, 63rd Floor
New York, New York 10118
Telephone: 212-763-0883
*PRO HAC VICE*
*Attorney for the Defendants*
*Democratic National Committee*
*DNC Services Corporation*

Maximillian Feldman, Esquire
mfeldman@kaplanhecker.com
**Kaplan Hecker & Fink, LLP**
350 5th Avenue, 63rd Floor
New York, New York 10118
Telephone: 212-763-0883
*PRO HAC VICE*
*Attorney for the Defendants*
*Democratic National Committee*
*DNC Services Corporation*

Roberta A. Kaplan, Esquire
rkaplan@kaplanhecker.com
**Kaplan Hecker & Fink, LLP**
350 5th Avenue, 63rd Floor
New York, New York 10118
Telephone: 212-763-0883
*PRO HAC VICE*
*Attorney for the Defendants*
*Democratic National Committee*
*DNC Services Corporation*

Edward Soto, Esquire
Edward.soto@weil.com
Florida Bar No.: 0265144
**Weil Gotshal & Manges, LLP**
1395 Brickell Avenue, Suite 1200
Miami, Florida 33131
Telephone: 305-577-3100
*PRO HAC VICE*
*Attorney for the Defendant*
*Rodney Joffee*

Steven Tyreell, Esquire
Steven.tyrrell@weil.com
**Weil, Gotshal & Manges, LLP**
2001 M St. NW, Suite 600

Washington, D.C. 20063
Telephone:
*PRO HAC VICE*
*Attorney for the Defendant*
*Rodney Joffee*

Noah Brozinsky, Esquire
nbrozinsky@kaiserDillon.com
Florida Bar No.: 010470
**KaiserDillon, PLLC**
1099 14th Street NW, 8th Floor West
Washington, D.C. 20005
*Attorney for the Defendant*
*Kevin E. Clinesmith*

Christopher Muha, Esquire
CMuha@kaiserdillon.com
**KaiserDillon, PLLC**
1099 14th Street NW, 8th Floor West
Washington, D.C. 20005
Telephone: 202-640-2850
*PRO HAC VICE*
*Attorney for the Defendant*
*Kevin E. Clinesmith*

William Pittard, Esquire
Wpittard@kaiserdillon.com
**KaiserDillon, PLLC**
1099 14th Street NW, 8th Floor West
Washington, D.C. 20005
Telephone: 202-640-2850
*PRO HAC VICE*
*Attorney for the Defendant*
*Kevin E. Clinesmith*

Paola Pinto, Esquire
ppinto@schertlerlaw.com
Florida Bar No.: 1013933
**Schertler Onorato Mead & Sears**
555 13th Street, N.W.
Suite 500 West
Washington, D.C. 20004
Telephone: 202-628-4155
*Attorney for the Defendants*
*John Podesta*
*HFACC, Inc.*

6

Robert P. Trout, Esquire
Rtrout@schertlerlaw.com
**Schertler Onorato Mead & Sears**
555 13th Street, N.W.
Suite 500 West
Washington, D.C. 20004
Telephone: 202-628-4155
*PRO HAC VICE*
*Attorney for the Defendants*
*John Podesta*
*HFACC, Inc.*

William R. Barzee, Esquire
williambarzee@barzeeflores.com
**Barzee Flores**
Courthouse Center, Penthouse One
40 NW Third Street
Miami, Florida 33128
Telephone: 3025-374-3998
*Counsel for the Defendants*
*Robert E. Mook*
*Jack Sullivan*

Andrew J. Ceresney, Esquire
aceresney@debevoise.com
**Debevoise & Plimpton, LLP**
919 Third Avenue
New York, NY 10022
Telephone: 212-909-6000
*PRO HAC VICE*
*Attorney for the Defendant*
*Robert E. Mook*

Isabela M. Garcez, Esquire
imgarcez@debevoise.com
**Debevoise & Plimpton, LLP**
919 Third Avenue
New York, NY 10022
Telephone: 212-909-6000
*PRO HAC VICE*
*Attorney for the Defendant*
*Robert E. Mook*

Wendy B. Reilly, Esquire
wbreilly@debevoise.com

**Debevoise & Plimpton, LLP**
919 Third Avenue
New York, NY 10022
Telephone: 212-909-6000
*PRO HAC VICE*
*Attorney for the Defendant*
*Robert E. Mook*

Brian L. Stekloff, Esquire
bstekloff@wilkinsonstekloff.com
**Wilkinson Stekloff, LLP**
2001 M. Street NW, 10th Floor
Washington, D.C. 20036
Telephone: 202-847-4030
*PRO HAC VICE*
*Attorney for the Defendant*
*Jake Sullivan*

Sarah E. Neuman, Esquire
sneuman@wilkinsonstekloff.com
**Wilkinson Stekloff, LLP**
2001 M. Street NW, 10th Floor
Washington, D.C. 20036
Telephone: 202-847-4030
*PRO HAC VICE*
*Attorney for the Defendant*
*Jake Sullivan*

James E. Gillenwater, Esquire
gillenwaterj@gtlaw.com,
**Greenberg Traurig, P.A.**
333 SE 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: 305-579-0500
*Attorney for the Defendant*
*Neustar Security Services*

Allison S. Eisen, Esquire
aeisen@wc.com
**Williams & Connolly, LLP**
380 Maine Avenue, SW
Washington, D.C. 20024
Telephone: 202-434-5000
*PRO HAC VICE*
*Attorney for the Defendant*
*Neustar Security Services*

7

Kathryn E. Garza, Esquire
kgarza@wc.com
**Williams & Connolly, LLP**
380 Maine Avenue, SW
Washington, D.C. 20024
Telephone: 202-434-5000
*PRO HAC VICE*
*Attorney for the Defendant*
*Neustar Security Services*

John M. McNichols, Esquire
jmcnichols@wc.com
**Williams & Connolly, LLP**
380 Maine Avenue, SW
Washington, D.C. 20024
Telephone: 202-434-5000
*PRO HAC VICE*
*Attorney for the Defendant*
*Neustar Security Services*

Enjolique Aytch Lett, Esquire
lette@gtlaw.com
**Greenberg Traurig, P.A.**
333 SE 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: 305-579-0500
*Attorney for the Defendant*
*Orbis Business Intelligence, Ltd.*

Akiesha Gilchrist Sainvil, Esquire
sainvila@gtlaw.com
**Greenberg Traurig, P.A.**
333 SE 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: 305-579-0500
*Attorney for the Defendant*
*Orbis Business Intelligence, Ltd.*

# EXHIBIT A

This Exhibit lists the Exhibits which are attached and also provides a summary of what each exhibit proves.

**Exhibit 1. DNC Objections**
B = Block Billing – $55,119.50
D = Duplicative – $17,720.00
E = Excessive – $4,122.50
V = Vague – $7,175.00
C = Clerical – $390.00
Total Objections = $84,527.00

DNC reported total fees incurred = $170,192.00
Actual total fees incurred = $180,174.00
Actual Total Fees Incurred are $9,982.00 higher than reported by DNC.
Actual Total Fees Incurred minus Total Objections = $95,647.00

**Exhibit 2. Clinton Objections**
B = Block Billing – $78,510.00
D = Duplicative – $14,800.00
E = Excessive – $8350.00
V = Vague – $0.00
Total Objections = $101,660.00

Clinton reported total fees incurred = $172,215
Actual total fees incurred = $172,215
Actual Total Fees Incurred minus Total Objections = $70,555.00

**Exhibit 3. HFACC and Podesta Objections**
B = Block Billing – $10,620.00
D = Duplicative – $0.00
E = Excessive – $0.00
V = Vague – $0.00
Total Objections = $10,620.00

HFACC and Podesta reported total fees incurred = $20,349.00
Actual total fees incurred = $20,349.00
Actual Total Fees Incurred minus Total Objections = $9,729.00

**Exhibit 5. Mook Objections**
B = Block Billing – $20,820.00
D = Duplicative – $5,797.50
E = Excessive – $2,480.00
V = Vague – $0.00
Total Objections = $29,097.50

Mook reported total fees incurred = $69,610.00
Actual total fees incurred = $69,300.00
Actual Total Fees Incurred are $310.00 lower than reported by Mook.
Actual Total Fees Incurred minus Total Objections = $40,203.00

**Exhibit 6. Fusion Fritsch and Simpson Objections**
B = Block Billing – $8,370.00
D = Duplicative – $5,280.00
E = Excessive – $2,640.00
V = Vague – $0.00
Total Objections = $16,290.00

Fusion Fritsch and Simpson reported total fees incurred = $55,820.00
Actual total fees incurred = $55,820.00
Actual Total Fees Incurred minus Total Objections = $39,530.00

**Exhibit 7. Bruce and Nellie Ohr Objections**
B = Block Billing – $17,200.00
D = Duplicative – $1,750.00
E = Excessive – $1,350.00
V = Vague – $0.00
Total Objections = $20,300.00

Bruce and Nellie Ohr reported total fees incurred = $58,910.00
Actual total fees incurred = $59,710.00
Actual Total Fees Incurred are $800.00 higher than reported by Bruce and Nellie Ohr.
Actual Total Fees Incurred minus Total Objections = $39,410.00

**Exhibit 8. Danchenko Objections**
B = Block Billing – $0.00
D = Duplicative – $0.00
E = Excessive – $0.00
V = Vague – $6,386.00
Total Objections = $6,386.00

Danchenko reported total fees incurred = $17,360.00
Actual total fees incurred = $23,749.00
Actual Total Fees Incurred are $6,389.00 higher than reported by Danchenko.
Actual Total Fees Incurred minus Total Objections = $17,360.00

**Exhibit 10. NSS Objections**
B = Block Billing – $23,260.00
D = Duplicative – $9,140.00
E = Excessive – $1,530.00
V = Vague – $0.00
Total Objections = $33,930.00

NSS reported total fees incurred = $53,220.00
Actual total fees incurred = $50,950.00
Actual Total Fees Incurred are $2,270.00 lower than reported by NSS.
Actual Total Fees Incurred minus Total Objections = $17,020.00

**Exhibit 11. Joffe Objections:**
B = Block Billing – $26,014.00
D = Duplicative – $12,636.00
E = Excessive – $1,512.00
V = Vague – $2,871.00
Total Objections = $43,033.00

Joffe reported total fees incurred = $225,738.85
Actual total fees incurred = $172,864.33
Actual Total Fees Incurred are $52,874.00 lower than reported by Joffe.
Actual Total Fees Incurred minus Total Objections = $129,831.33

**Exhibit 12. Orbis Objections:**
B = Block Billing – $18,990.00
D = Duplicative – $0.00
E = Excessive – $0.00
V = Vague – $0.00
Total Objections = $18,990.00

Orbis reported total fees incurred = $46,325.00
Actual total fees incurred = $46,605.00
Actual Total Fees Incurred are $280.00 higher than reported by Orbis.
Actual Total Fees Incurred minus Total Objections = $27,615.00

Exhibit "A"

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Donald J. Trump,

        Plaintiff,

     v.

Hillary R. Clinton *et al.*,

        Defendants.

Civil Action No. 2:22-14102-DMM

## DECLARATION OF SHAWN G. CROWLEY IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS AND FEES

I, Shawn G. Crowley, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.    I am a partner at Kaplan Hecker & Fink LLP ("KHF"), counsel of record for the Democratic National Committee and DNC Services Corporation (together, the "DNC") and Congresswoman Debbie Wasserman Schultz in the above captioned matter.

2.    Attached as Exhibit A are the law firm website biographies of the attorneys and staff at KHF for whom the DNC and Congresswoman Wasserman Schultz seek attorneys fees.[1] The biographies reflect the professional qualifications of those attorneys and staff.

3.    KHF entered into a retention agreement with the DNC and Congresswoman Wasserman Schultz in connection with the present litigation. The DNC agreed to pay all of KHF's costs, fees, and expenses incurred in connection with the present suit.[2]

4.    Attached as Exhibit B is a true and correct copy of the hours worked by counsel at

---

[1] Attorney Maggie Turner left KHF on June 3, 2022, to begin a federal district court clerkship. Her biographical information is included in Exhibit A, but no website biography is included for her.

[2] The DNC has agreed to pay the fees incurred by Congresswoman Wasserman Schultz in this matter.

KHF for the DNC and Congresswoman Wasserman Schultz. The DNC and Congresswoman Wasserman Schultz are not seeking reimbursement for the attorneys' and staff's hourly rates described in Paragraph 3. Instead, the DNC and Congresswoman Wasserman Schultz seek fees at discounted hourly rate for the attorneys and staff as described in Exhibit B and below. These discounted hourly rates are consistent with the rates this Court concluded were reasonable in *Celsius Holdings, Inc v. A SHOC Beverage, LLC*, No. 21-cv-80740, 2022 WL 3568042 (July 19, 2022). Exhibit B also provides an accurate statement of the work provided by KHF during the periods for which discounted fees are sought.

5.    The DNC and Congresswoman Wasserman Schultz also retained the law firm of Gelber Schachter & Greenberg, P.A. ("GSG") to serve as local co-counsel for KHF.

6.    Attached as Exhibit C are the law firm website biographies of the attorneys at GSG for whom the DNC and Congresswoman Wasserman Schultz seek attorneys fees. The biographies reflect the professional qualifications of those attorneys.

7.    GSG entered into a retention agreement with the DNC and Congresswoman Wasserman Schultz in connection with the present litigation. The DNC agreed to pay all of GSG's costs, fees, and expenses incurred in connection with the present suit, and agreed to pay the firm's customary rates with a 25 percent discount.

8.    Attached as Exhibit D is a true and correct copy of the hours worked by counsel at GSG for the DNC and Congresswoman Wasserman Schultz. The DNC and Congresswoman Wasserman Schultz seek fees at the hourly rate for the attorneys as described in Paragraph 7 and Exhibit D. These hourly rates are consistent with the rates this Court concluded were reasonable in *Celsius Holdings, Inc v. A SHOC Beverage, LLC*, No. 21-cv-80740, 2022 WL 3568042 (July 19, 2022). Exhibit D also provides an accurate statement of the work provided by GSG during the

periods for which discounted fees are sought.

9.    Consistent with the discussion in the Memorandum in Support of Sanctions and the information provided in Exhibits B and D, I summarize below in Charts A, B, and C the fees associated with three different phases of the case: the fees incurred from the filing of the initial complaint to the filing of the DNC and Congresswoman Wasserman Schultz's initial motion to dismiss; the fees incurred between the filing of the DNC and Congresswoman Wasserman Schultz's motion to dismiss to the Court's order dismissing the suit; and the fees incurred to date in connection with the motion for sanctions.

10.    As reflected in Chart A, the discounted fees incurred by the DNC and Congresswoman Wasserman Schultz from the filing of the initial complaint to the filing of the DNC and Congresswoman Wasserman Schultz's initial motion to dismiss total $137,412.50.

11.    As reflected in Chart B, the discounted fees incurred by the DNC and Congresswoman Wasserman Schultz from the filing of the DNC and Congresswoman Wasserman Schultz's initial motion to dismiss total to this Court's dismissal of the suit total $32,779.50.

12.    As reflected in Chart C, the discounted fees incurred by the DNC and Congresswoman Wasserman Schultz in connection with the motion for sanctions, to date, total $15,632.50.

### Chart A:  Fees incurred from Complaint to initial MTD

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Roberta Kaplan | $700 | 16.2 | 11,340.00 |
| Shawn Crowley | $700 | 22.9 | 16,030.00 |
| Joshua Matz | $700 | 42.4 | 29,680.00 |
| Maximillian Feldman | $450 | 63.8 | 28,710.00 |
| Anna Collins Peterson | $375 | 74.0 | 27,750.00 |
| Maggie Turner | $375 | 48.1 | 18,037.50 |
| James Blum | $375 | 2.3 | 862.50 |
| Kelsey Dietrich | $150 | 10.6 | 1,590.00 |
| Gerald Greenberg | $525 | 5.0 | 2,625.00 |

3

| | | | |
|---|---|---|---|
| Christopher Sundby | $262.50 | 3.0 | 787.50 |
| **Total** | | **288.30** | **$137,412.50** |

**Chart B: Fees incurred initial MTD to dismissal**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Roberta Kaplan | $700 | 4.5 | 3,150.00 |
| Shawn Crowley | $700 | 8.6 | 6,020.00 |
| Joshua Matz | $700 | 0.4 | 280.00 |
| Carmen Iguina Gonzalez | $500 | 4.3 | 2,150.00 |
| Maximillian Feldman | $450 | 25.3 | 11,385.00 |
| Anna Collins Peterson | $375 | 18.8 | 7,050.00 |
| Kelsey Dietrich | $150 | 3.4 | 510.00 |
| Gerald Greenberg | $525 | 2.9 | 1,522.00 |
| Natalia McGinn | $375 | 1.9 | 712.50 |
| **Total** | | **65.30** | **$32,779.50** |

**Chart C: Fees incurred to date on sanctions motion**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Roberta Kaplan | $700 | 3.6 | 2,520.00 |
| Shawn Crowley | $700 | 4.4 | 3,080.00 |
| Carmen Iguina Gonzalez | $500 | 5.5 | 2,750.00 |
| Maximillian Feldman | $450 | 9.9 | 4,455.00 |
| Anna Collins Peterson | $375 | 5.3 | 1,987.50 |
| Gerald Greenberg | $525 | 1.6 | 840.00 |
| **Total** | | **28.70** | **$15,632.50** |

13.     I believe that the discounted rates claimed are reasonable given the professional qualifications of the billers as evidenced in Exhibits A and D for the Southern District of Florida market and given the rates approved by this Court in *Celsius*.

14.     In connection with this case, counsel incurred necessary costs for electronic legal research. I understand that courts in this Circuit have held that legal research costs are not ordinarily taxable as costs under 28 U.S.C. § 1920, but are properly considered a component of attorneys' fees. *Springer v. Convergy's Corp.*, No. 3:03-CV-302-J-99MCR, 2006 WL 8439203,

4

at *2 (M.D. Fla. July 7, 2006). As such, in addition to the discounted fees set out above, the DNC and Congresswoman Wasserman Schultz requests an award of $2,240.47 incurred for electronic legal research.

15.    Consistent with local Rule 7.3, counsel sent the motion papers and exhibits to Plaintiff's counsel on [October 5, 2022].

/s/
Shawn G. Crowley

# EXHIBIT A

# Roberta A. Kaplan

Partner

T: (212) 763-0883
E: rkaplan@kaplanhecker.com

+ VCARD



Roberta ("Robbie") Kaplan is the founding partner of Kaplan Hecker & Fink LLP. In July 2017, Robbie left Paul, Weiss, Rifkind, Wharton & Garrison LLP after 25 years to found Kaplan Hecker & Fink, seeking to build what she calls a "new fashioned, old fashioned" law firm that combines a cutting-edge civil and criminal litigation practice with a groundbreaking commitment to using the courts to serve the public interest.

A renowned litigator with decades of experience in commercial, higher education, and civil rights litigation, *Chambers* observed that Robbie "defines a modern-day legal giant. A towering intellect and a genius in court, with the instincts of a street fighter." Sharon Nelles, head of litigation at Sullivan & Cromwell, is quoted in a profile of Robbie in the *New York Law Journal* explaining that Robbie "just sees things from a thousand different angles all at once, it's hard to keep up with her thought processes. She knows her law cold, she knows the Constitution cold and she's not afraid, if she sees a problem, to go figure out some law that's going to allow her to fix it. She'll find it." "The consensus in the New York legal community is that [Robbie] is a powerhouse," Stephen Gillers, a legal ethics professor at New York University School of Law, told *Bloomberg Law* for a profile. "She's a lawyer that you don't want to see opposing you."

The *Washington Post* has described Robbie as "a brash and original strategist, with neither a gift for patience nor silence, a crusader for underdogs who has won almost every legal accolade imaginable." Among the numerous honors and recognitions Robbie has received, she has been recognized as the 2020 "Attorney of the Year" by the *New York Law Journal*, received a Lifetime Achievement Award from the *New York Law Journal*, and has been honored as "Litigator of the Year" by *The American Lawyer*, "Lawyer of the Year" by *Above the Law*, and "Most Innovative Lawyer of the Year" by *The Financial Times*. *The Financial Times* noted that "the judges had little trouble picking just one of them to win the award for most innovative individual – itself an innovation for the report this year. Robbie Kaplan has been involved in some of the most important legal developments of recent years." Robbie has consistently been listed as one of the top litigators and top women litigators in the country, as well as one of the top lawyers in New York.

## Commercial Litigation

Among Robbie's clients are a wide range of clients in the tech, financial services, and other sectors, including Airbnb, Riot Games, various hedge and private equity funds, Uber, Natixis, Goldman Sachs, and Fitch Ratings, who she represents in their most complex legal challenges, delivering a consistent track record of compelling advocacy, creative arguments, and impressive results.

Robbie has represented a number of companies in tech and the sharing economy. On behalf of Airbnb, she succeeded in obtaining a preliminary injunction on Fourth Amendment grounds blocking a New York City ordinance that would have required Airbnb to turn over massive amounts of data, a prospect that posed significant privacy concerns. See *Airbnb, Inc. v. City of New York*, 373 F. Supp. 3d 467 (S.D.N.Y. 2019) (Engelmayer, J.). Robbie ultimately secured a favorable settlement in that case

**EDUCATION**

B.A., Harvard University, 1988
*magna cum laude and Phi Beta Kappa*

J.D., Columbia University, 1991

**CLERKSHIPS**

Hon. Mark L. Wolf, U.S. District Court for the District of Massachusetts

Hon. Judith S. Kaye, New York Court of Appeals

**FELLOWSHIPS, LEADERSHIP & RECOGNITION**

Leading Corporate Employment Lawyers, *Lawdragon 500*, 2023

Top 10 Women in Litigation, *Benchmark Litigation*

Leading Plaintiff Employment & Civil Rights Lawyers, *Lawdragon 500*, 2021 and 2022

Litigation: General Commercial - New York, *Chambers*, USA Guide, 2020 - 2022

Trailblazer: Plaintiff's Attorney, *The National Law Journal*, 2022

Charles B. Stover Award, University Settlement

Attorney of the Year, *New York Law Journal*

Gotham Great Award, Citizens Union

Legends of 2020, *Lawdragon 500*

Lifetime Achievement Award, *Corporate Counsel's Women, Influence & Power in Law Awards*, 2019

Top 100 Trial Lawyers, *Benchmark Litigation*

*2020 Best Lawyers in America*, Commercial Litigation

addressing those issues. She has also represented Uber in several cases involving significant business and privacy concerns posed by government regulation.

Given that she is a proud New Yorker, Robbie has handled a wide variety of cases representing clients on Wall Street and in the financial services sector, including matters involving stock analysts' recommendations, market timing in mutual funds, reinsurance transactions, and structured finance transactions. In the wake of the financial crisis in 2007, Robbie represented Fitch Ratings for several years in dozens of regulatory investigations and civil litigations in both state and federal court relating to Fitch's credit ratings of RMBS, CDO, and municipal bond transactions. As a result of these and other matters, Robbie has decades of experience dealing with the complex interplay between regulatory investigations and the civil lawsuits that almost inevitably follow. She is currently defending Natixis in a RMBS "repurchase" action in which the complaint seeks more than $500 million in damages.

## Higher Education

Robbie has earned a reputation for helping top universities navigate their most pressing legal challenges. She has represented Columbia University for almost a decade in a number of cases related to Title IX and alleged gender-based misconduct, winning multiple motions to dismiss. See, e.g., *Nungesser v. Columbia Univ.*, 169 F. Supp. 3d 353 (S.D.N.Y. 2016) and *Roskin-Frazee v. Columbia Univ.*, 474 F. Supp. 3d 618 (S.D.N.Y. 2019). Robbie recently secured the dismissal of breach of contract claims in an ongoing litigation against Columbia University seeking hundreds of millions of dollars in tuition refunds related to the COVID-19 pandemic. See *In re Columbia Tuition Refund Action*, No. 20-CV-3208 (JMF), 2021 WL 790638 (S.D.N.Y. Feb. 26, 2021)(Furman, J.). In January 2021, Robbie defeated a motion for a preliminary injunction in federal district court seeking to require Brown University to restore its men's and women's squash teams to varsity status. Robbie similarly secured a favorable settlement for Brown in high-profile litigation related to gender proportionality requirements in its athletics programs. Most recently, Robbie was chosen by the NCAA to conduct an independent investigation into gender equity issues involving the NCAA, including the NCAA women's basketball championships.

## Gender Equity

Robbie has represented a number of women, both as plaintiffs and defendants, who have suffered from domestic abuse, sexual harassment, discrimination, or assault, including the actress Amber Heard in a $50 million defamation lawsuit filed by her ex-husband Johnny Depp, E. Jean Carroll, who sued Donald Trump for defamation in connection with a sexual assault that occurred in the mid-1990s, and "victim #1" in the Southern District of New York indictment of Jeffrey Epstein.

## Public Interest

Throughout her career, Robbie has had a deep-seated commitment to using the law to advance the public interest – she founded Kaplan Hecker in order to put that mission where it deserves to be – at the center of the firm's practice. She is perhaps best known for successfully arguing before the United States Supreme Court on behalf of her client Edith Windsor in *United States v. Windsor*, the landmark case in which the Supreme Court ruled that a key provision of the Defense of Marriage Act (DOMA) violated the U.S. Constitution by barring legally married same-sex couples from enjoying the wide-ranging benefits of marriage. The consequences of the *Windsor* decision were both rapid and profound. Professor Laurence Tribe of Harvard Law School has observed that he could not "think of any Supreme Court decision in history that has ever created so rapid and broad a lower-court groundswell in a single direction as *Windsor*." Following her victory in *Windsor*, Robbie successfully litigated several LGBTQ rights cases in Mississippi, including successfully challenging the City of Starkville's denial of a permit for its first ever LGBTQ pride parade.

One of the very first cases filed by Kaplan Hecker was a high-stakes lawsuit under the Ku Klux Klan Act of 1871 against twenty-four neo-Nazi and white supremacist leaders responsible for organizing the racial- and religious-based violence in Charlottesville in August 2017. See *Sines v. Kessler*, 324 F. Supp. 3d 765 (W.D. Va. 2018). In that case, Robbie and her team won a landmark decision assuring that white nationalists who

Law Power 50 and 2020 Law Power 100, *City & State New York*, 2019

Pride Power 100, *City & State New York*

Top Hollywood Attorney, *The Hollywood Reporter*

Leading Lawyers in America, *Lawdragon 500*, 2017-2022

New York Super Lawyers

Gold Medal Award, New York State Bar Association, 2018

Lifetime Achievement Award, *New York Law Journal*

Inspiration Award, WNBA, 2018

Eleanor Roosevelt Medal of Honor, 2018

Honoree, Alliance for Justice, 2018

Human Relations Award, Anti Defamation League, 2018

Litigator of the Year, American Lawyer, 2013

The 100 Most Influential Lawyers in the U.S., *The National Law Journal*

Lawyer of the Year, *Above The Law*, 2013

Most Innovative Lawyer of The Year, *The Financial Times*, 2014

Medal of Excellence, Columbia Law School

National Equality Award, Human Rights Campaign

Social Action Award, National Council of Jewish Women

Honorary Doctor of Laws, Jewish Theological Seminary

Honorary Doctorate in Humane Letters, Johns Hopkins University

Honorary Doctor of Laws, Millsaps College

**BAR AND COURT ADMISSIONS**

U.S. Supreme Court

U.S. Court of Appeals for the First, Second, Third, Fifth, Sixth, Ninth, Tenth, and Eleventh Circuits

U.S. District Court for the Southern District of New York, Eastern District of New York, and Northern District of New York

U.S. District Court for the District of Colorado

New York

Massachusetts

plotted racially motivated violence in 2017 will be held accountable. Robbie has likewise worked to hold Donald Trump accountable for fraudulent conduct in his business activities through her representations of Mary Trump as well as a class of victims of Trump's fraudulent promotion of a multi-level marketing company. As the *Washington Post* noted, "a hallmark of Kaplan Hecker & Fink is crafting complaints in layman's language that packs a wallop. The Mary Trump brief is a doozy..." Mary Trump herself went further when describing Robbie to *Bloomberg Law*: "She's brilliant, she's unrelenting, she can't be intimidated and she's not going to back down. She eats bullies... for lunch."



## Areas of Specialty

Appellate Litigation  Commercial Litigation

Education

Employment, Discrimination, and Sexual Misconduct

Investigations and Crisis Management

Public Interest Litigation

Regulatory Enforcement and Litigation  Trials

\*\*\*

Robbie is the author of the book *Then Comes Marriage: United States v. Windsor and the Defeat of DOMA* (W.W. Norton), chosen by the *L.A. Times* as one of the top 10 books of 2015. President Bill Clinton noted that "*United States v. Windsor* was a landmark ruling and the case's architect, Roberta Kaplan, emerged as a true American hero. *Then Comes Marriage* is a riveting account of a watershed moment in our history, and the strategy, ingenuity, and humanity that made it happen." Rachel Maddow similarly noted that Robbie's book "will forever change the understanding of this landmark case—its genesis, its outside-the-box strategy, and its tactical brilliance."

In addition to an A.B. from Harvard College *magna cum laude* and a J.D. from Columbia Law School (where she teaches a seminar on advanced civil procedure), Robbie holds an Honorary Doctorate of Humane Letters from Johns Hopkins University and an Honorary Doctorate of Laws from the Jewish Theological Seminary, among others.

## Read about Roberta A. Kaplan in our Newsroom



Published on: SEPTEMBER 19, 2022

## Roberta Kaplan Featured on "Amicus with Dahlia Lithwick: Lady Justice and Charlottesville Nazis"

Kaplan Hecker founding partner Roberta ("Robbie") Kaplan joined her dear friend, journalist Dahlia Lithwick on the podcast "Amicus

KAPLAN HECKER & FINK LLP

ABOUT US    OUR TALENT    OUR WORK    NEWSROOM    CONTACT US    CAREERS    SEARCH

# Joshua Matz

Partner

T: (212) 763-0883
E: jmatz@kaplanhecker.com

 + VCARD



Joshua Matz is a partner at Kaplan Hecker & Fink LLP, resident in the DC office.

Joshua's practice includes complex commercial disputes, constitutional and civil rights law, and Supreme Court and appellate litigation. He litigates a wide array of commercial cases, ranging from contract, fraud, and misappropriation disputes to consumer protection and sex discrimination matters. He advises individuals and companies on their response to congressional and state attorney general inquiries, participates in sensitive internal investigations, and supports clients seeking to navigate complex legal questions. Along with several of his colleagues at Kaplan Hecker, Joshua has represented Brown and Columbia Universities in Title IX litigation.

Joshua maintains a substantial civil rights and constitutional practice. His cases have ranged across LGBTQ rights, religious liberty, reproductive rights, freedom of speech, privacy, firearm regulation, the right to counsel, due process, and the scope of constitutional remedies. He has represented individual clients, civil rights organizations, non-profits, companies, current and former government officials, cities, states, and congressional committees. While many of these representations have involved litigation, he also provides practical counsel to clients who seek to assess their options and risk profile in areas of legal uncertainty.

Joshua's list of current and recent representations in this field include:

- The Governors of Wisconsin and Pennsylvania in defending their states' congressional districting maps against challenges at the U.S. Supreme Court
- Two New York State legislators in a lawsuit against the NYPD for police misconduct during the May 2020 Black Lives Matter protests
- The Commonwealth of Pennsylvania in defending its certification of the results of the 2020 presidential election at the U.S. Supreme Court
- Victims of consumer fraud in a federal class action lawsuit against Donald J. Trump, his adult children, and the Trump Organization
- Students, parents, teachers, and LGBTQ rights groups in challenging Florida H.B. 1557 (the "Don't Say Gay" law)
- Governor Andy Beshear of Kentucky in defending the constitutionality of his COVID-19 public health orders at the U.S. Supreme Court
- The Federal Defenders of New York in a statutory and constitutional challenge to attorney access policies at the Metropolitan Detention Center
- The SEIU in opposing a petition for certiorari seeking U.S. Supreme Court review of the constitutionality of a state access to information law
- Former Judge John Gleeson as court-appointed amicus in proceedings before Judge Emmett Sullivan in *United States v. Michael T. Flynn*
- The House Judiciary Committee in litigation seeking to compel testimony by former White House Counsel Don McGahn
- The City of Philadelphia in *Fulton v. Philadelphia*—a U.S. Supreme Court merits case involving a First Amendment challenge to the City's contractual non-discrimination requirements for foster care providers.

Joshua is also an experienced defamation litigator. His current and recent defamation representations include:

- representing E. Jean Carroll in a case against Donald J. Trump for defamatory statements Trump made in response to Ms. Carroll's public revelation that he had

## EDUCATION

B.A., University of Pennsylvania, 2008 *magna cum laude*

M.S.T., Oxford University, 2009 *with distinction*

J.D., Harvard University, 2012 *magna cum laude*

## CLERKSHIPS

Hon. Anthony M. Kennedy, Supreme Court of the United States

Hon. Stephen Reinhardt, U.S. Court of Appeals for the Ninth Circuit

Hon. J. Paul Oetken, U.S. District Court for the Southern District of New York

## FELLOWSHIPS, LEADERSHIPS & RECOGNITION

40 & Under Hot List, *Benchmark Litigation*, 2020 - 2022

Rising Star of the Courtroom, *Business Insider*, 2022

Appellate Rising Star, *Law360*, 2022

Young Lawyer of the Year, *The American Lawyer*, 2021

Leading Plaintiff Employment & Civil Rights Lawyers, *Lawdragon 500*, 2021 and 2022

List of Most Influential People in Washington, *Washingtonian Magazine*, 2021 and 2022

Kentucky Colonel, Commonwealth of Kentucky

Future Star, *Benchmark Litigation*

Elite Trial Lawyers List, Rising Star, *The National Law Journal*, 2021

D.C. Rising Star, *The National Law Journal*, 2020

"30 under 30" Law & Policy List, *Forbes Magazine*, 2014

Articles & Book Reviews Chair, *Harvard Law Review*

## BAR AND COURT ADMISSIONS

U.S. Supreme Court

sexually assaulted her

- successfully obtaining the dismissal of two state court defamation cases brought by Rep. Devin Nunes against Liz Mair for her political criticism.

- representing Stanford Medical School faculty who were threatened with a defamation suit for scientific criticism of policies advocated by former White House Coronavirus Advisor Dr. Scott Atlas.

Joshua has also filed amicus briefs on behalf of legal scholars, civil rights organizations, public officials, and medical experts. These briefs have addressed issues including:

- The denial of service to same-sex couples based on religious objections
- The legality of emergency public health measures issued amid the pandemic
- Protecting students against sectarian religious coercion by school personnel
- The history of self-defense law and its implications for firearms regulation
- The availability of compassionate release in light of the First Step Act
- Judicial power to release ICE detainees facing a substantial risk of harm
- The application of Title VII to anti-LGBT discrimination
- The addition of a citizenship question to the census
- The exclusion of transgender persons from the military
- The need for due process limits on suggestive in-court eyewitness identifications
- The illegality of denying Medicaid coverage for gender-affirming surgeries
- The lawfulness of election administration grant programs.

In February 2021, Joshua took a leave of absence from the firm to serve as Impeachment Counsel to the House Judiciary Committee for the second Senate trial of President Trump; he previously served among counsel to the House Judiciary Committee for the first impeachment and trial of President Trump.

Alongside his litigation experience, Joshua has written for diverse audiences about legal issues. His articles have appeared in *The Washington Post, The Wall Street Journal, The Harvard Law Review Forum, The University of Chicago Law Review, The Fordham Law Review, The Daily Journal, The Guardian, The Atlantic,* and *Wired,* and he has been invited to speak at Harvard Law School, the 92nd Street Y, the ABA LGBT+ Forum, the National Constitution Center, and Politics & Prose. Joshua also serves as an Adjunct Professor at Georgetown Law School, where he co-teaches "Constitutional Litigation and the Executive Branch." Additionally, Joshua serves on the Board of Directors for Citizens for Responsibility and Ethics in Washington (CREW).

In March 2012, Joshua and Larry Tribe of Harvard Law School published "The Constitutional Inevitability of Same-Sex Marriage," 71 Md. L. Rev. 471 (2012). In June 2014, they published an award-winning book, *Uncertain Justice: The Roberts Court and the Constitution* (Henry Holt). In May 2018, they published their second book together, *To End a Presidency: The Power of Impeachment* (Basic Books). *The Economist* proclaimed this book "the definitive treatment of a vital subject."

Following law school, Joshua clerked for Judge J. Paul Oetken of the Southern District of New York, Judge Stephen Reinhardt of the Ninth Circuit Court of Appeals, and Justice Anthony M. Kennedy of the United States Supreme Court.

Joshua has received widespread acclaim for his work. In 2021, he was recognized by *The American Lawyer* as a "Young Lawyer of the Year"; more recently, *Law360* named him an "Appellate Rising Star" and *Business Insider* described him as a "Rising Star of the Courtroom." He has also been named to *Washingtonian Magazine's* List of Most Influential People in Washington in both 2021 and 2022. In January 2021, Joshua was commissioned by Governor Andy Beshear as a Kentucky Colonel for successfully defending the Governor's COVID-19 public health measures at the Supreme Court. In 2014, *Forbes* named Joshua to its "30 under 30" Law & Policy List—and in 2016 it named him an "Alumni All-Star" of past honorees.

Joshua received his JD, *magna cum laude,* from Harvard Law School. While in law school, he interned at the Public Citizen Litigation Group and the Federal Defenders of New York. He also served as Articles & Book Reviews Chair of the Harvard Law Review. Joshua received his MSt, with distinction, from Oxford University, and his BA, *magna cum laude,* from the University of Pennsylvania.



U.S. Courts of Appeals for the District of Columbia, Second, Third, Fourth, Fifth, Seventh, Ninth, and Tenth Circuits

U.S. District Court for the Southern District of New York and Eastern District of New York

U.S. District Court for the District of Columbia

U.S. District Court for the District of Colorado

U.S. District Court for the Western District of Michigan

U.S. District Court for the Eastern District of Wisconsin

New York

District of Columbia

## Areas of Specialty



Appellate Litigation    Commercial Litigation
Congressional Investigations    Education
Employment, Discrimination, and Sexual Misconduct
Investigations and Crisis Management
Public Interest Litigation

KAPLAN HECKER & FINK LLP

ABOUT US    OUR TALENT    OUR WORK    NEWSROOM    CONTACT US    CAREERS    SEARCH

# Shawn G. Crowley

Partner

T: (212) 763-0883
E: scrowley@kaplanhecker.com





Shawn G. Crowley is a partner at Kaplan Hecker & Fink LLP, resident in the New York office.

A highly accomplished former federal prosecutor with a successful track record in high-profile criminal and commercial matters, Shawn helps corporate and individual clients to navigate and resolve complex internal and government-led investigations, and to implement effective compliance and remediation programs.

Shawn has a diverse white-collar practice, representing companies and individuals in connection with white-collar criminal defense and investigations by the Department of Justice, the Securities and Exchange Commission, the Treasury Department's Office of Foreign Asset Control, the Commodities Futures Trading Commission, and state and local enforcement agencies. These matters and investigations have included, among other things, alleged insider trading, securities and wire fraud, sanctions evasion, money laundering, and diversion of controlled substances. Shawn also maintains a broad civil practice, including advising clients in matters concerning allegations of harassment and discrimination, as well as contractual and labor and employment disputes.

Shawn has briefed and argued numerous appeals before the U.S. Court of Appeals for the Second Circuit. Her contributions to public service have been recognized with the Director's Award for Superior Performance by a Litigative Team and the U.S. Department of Justice Assistant Attorney General's Award.

Shawn's current and recent representations include:

- Representing employees of a major financial services institution in connection with DOJ and SEC investigations into block trading
- Representing the former CEO of a global technology company in a state attorney general criminal investigation of insider trading
- Representing employees of a Wall Street bank in connection with an SEC inquiry into the bank's preservation of off-channel communications
- Representing various individuals in separate federal criminal investigations into insider trading
- Representing the former founder and head of a crypto-currency hedge fund who was prosecuted by the U.S. Attorney's Office of the Southern District of New York for fraud
- Representing the principal of a financial services firm in connection with DOJ and SEC investigations into short trading and market manipulation.
- Representing a witness in a criminal investigation into a real estate company for potential wrongdoing
- Representing the Democratic National Committee in connection with a criminal investigation relating to the 2016 presidential election, as well as a defamation and civil RICO suit brought by former president Donald J. Trump
- Representing an employee of New York-based non-profit in DOJ investigation into potential kickback scheme
- Representing professional athletes with claims of harassment
- Representing a financial services firm in an SEC investigation related to SPACs
- Representing a former officer of a fortune-500 company in connection with a DOJ/SEC accounting fraud investigation

**EDUCATION**

B.A., Northwestern University, 2006

J.D., Columbia Law School, 2011

**CLERKSHIPS**

Hon. Lewis A. Kaplan, U.S. District Court for the Southern District of New York

**FELLOWSHIPS, LEADERSHIP & RECOGNITION**

Best Lawyers: One to Watch, Litigation - Securities, *Best Lawyers*, 2023

40 & Under Hot List, *Benchmark Litigation*, 2022

Leading Plaintiff Employment & Civil Rights Lawyers, *Lawdragon 500*, 2022

Director's Award for Superior Performance by a Litigative Team, 2019

U.S. Department of Justice Assistant Attorney General's Award, 2019

James Kent Scholar, Columbia Law School

Harlan Fisk Stone Scholar, Columbia Law School

Editor-in-Chief, *Columbia Journal of Environmental Law*

Alfred S. Forsyth Prize for Excellence in Environmental Law, Columbia Law School

**BAR AND COURT ADMISSIONS**

U.S. Court of Appeals for the Second Circuit

U.S. District Court for the Southern District of New York

New York

## Areas of Specialty

Appellate Litigation    Cryptocurrency

13

- Representing an individual in connection with a Commodity Futures Trading Commission investigation into swaps trading at a large commercial bank
- Representing an employee of a major transport-solutions company in connection with a DOJ investigation into the company's compliance measures
- Representing a non-profit homeless services provider in connection with state and federal criminal investigation into its former CEO relating to embezzlement and kickbacks

Cybersecurity and Data Privacy

Employment, Discrimination, and Sexual Misconduct

FCPA and Anti-Corruption

Investigations and Crisis Management

Public Interest Litigation

Regulatory Enforcement and Litigation

Securities Enforcement and Litigation    Trials

White Collar Criminal Defense

Shawn joined the firm after serving for more than six years as an Assistant United States Attorney in the United States Attorney's Office for the Southern District of New York, during which time she investigated, supervised, and prosecuted a variety of cases, including matters involving terrorism and national security offenses, sanctions violations, money laundering, cyber-terrorism, opioid diversion, and international narcotics trafficking. Shawn was Co-Chief of both the Narcotics Unit and Terrorism and International Narcotics Unit, supervising dozens of Assistant U.S. Attorneys, investigators, and other personnel in investigations, prosecutions, and trials involving a wide range of national security, drug trafficking, and white-collar offenses.

Notable cases that Shawn supervised include the first-ever felony charges against an opioid distributor, Rochester Drug Co-Operative, and its former chief executive officer and chief compliance officer, in 2019, which resulted in a trial conviction, deferred prosecution agreement, imposition of a monitorship and $20 million fine, and guilty pleas; sanctions evasion, money laundering, and fraud charges against Türkiye Halk Bankasi A.S. or "Halkbank," for its alleged participation in a multi-billion-collar Iranian sanctions-evasion scheme; the capital prosecution of Sayfullo Saipov for the alleged 2017 truck attack in Tribeca; and the coordinated narcotics-trafficking charges against five doctors and two other health care professionals for oxycodone diversion in 2018. Shawn also supervised the 2020 prosecution of the sitting president of Venezuela, Nicolás Maduro, and other high-level Venezuelan officials, on charges of narco-terrorism and weapons offenses.

Shawn has tried numerous cases as a prosecutor, including those involving terrorism offenses, money laundering, opioid diversion, racketeering, murder, and narcotics trafficking. These included the trial and conviction of the so-called "Chelsea Bomber," Ahmad Khan Rahimi, for perpetrating a terrorist attack bombing in the Chelsea neighborhood of Manhattan in October 2016, and the trial and conviction of Akayed Ullah for his attempted suicide bombing in the Times Square subway station in 2017. Shawn previously served as a Lecturer-in-Law at Columbia Law School, where she supervised externships for law students within the Southern District of New York. She began her career as an associate at Cravath, Swaine & Moore LLP where she maintained a broad commercial litigation practice with a focus on matters involving violations of federal securities and antitrust laws, and served as a law clerk to the Honorable Lewis A. Kaplan of the United States District Court for the Southern District of New York.

Shawn received her JD from Columbia Law School, where she was a James Kent Scholar, a Harlan Fisk Stone Scholar, the editor-in-chief of the *Columbia Journal of Environmental Law*, and a recipient of the Alfred S. Forsyth Prize for Excellence in Environmental Law. She received her BA from Northwestern University.

## Read about Shawn G. Crowley in our Newsroom



Published on: JULY 27, 2022

### Several Partners Named to Benchmark Litigation's 2022 40 & Under Hot List

Kaplan Hecker & Fink LLP is proud to announce partners Shawn Crowley, Joshua Matz, John Quinn, and Ray Tolentino have been named to Benchmark Litigation's 2022...READ MORE



Published on: JUNE 16, 2022

### Kaplan Hecker & Fink Attorneys Named to 2022 Lawdragon 500 Leading Plaintiff Employment & Civil Rights Lawyers Guide

NEW YORK, NY, June 16, 2022 – Kaplan Hecker & Fink LLP is pleased to announce that 10 of its lawyers have been named to the 2022 Lawdragon 500 Leading...READ MORE



Published on: MAY 24, 2022

### New York's Adult Survivors Act (A648/S66)

On May 24, Governor Hochul signed into law the Adult Survivors Act (A648/S66) (the "Act"). The Act amends New York's Civil Practice Law and Rules ("CPLR") to...READ MORE

14

# Carmen Iguina González

Counsel

T: (212) 763-0883

E: ciguinagonzalez@kaplanhecker.com





Carmen Iguina González is counsel at Kaplan Hecker & Fink, resident in the DC office. She joined the firm in 2022.

Carmen specializes in appellate and complex civil litigation and has substantial experience representing clients in matters related to administrative, constitutional, and civil rights law. She is a nationally renowned civil rights litigator whose work has advanced the rights of immigrants and people of color, including litigation concerning the right to legal representation, basic fairness in removal proceedings, and critical protections against arbitrary detention. She has won path-breaking court rulings, advocated for the rights of asylum seekers, unaccompanied immigrant children, families, and other immigrants seeking refuge in the United States, and has worked with federal, state, and local governments to enact policies aimed at protecting immigrant communities. In addition to her legal work, Carmen advocates for immigrants' rights and has frequently written on related topics, including California immigration legislation, injustices in the asylum-seeking process, and the mistreatment of immigrants with serious mental disabilities in immigration detention centers.

Carmen is a member of the Hispanic Bar Association of the District of Columbia, the Hispanic National Bar Association, and the DC Circuit Standing Committee on Pro Bono Legal Services. She also serves as a mentor to young lawyers through The Appellate Project, NYU Birnbaum Women's Leadership Network Fellows Program, and the NYU Law Alumni of Color Association. In 2022, Carmen was recognized by the Hispanic National Bar Association among their "Top Attorneys Under 40." She has also been recognized in 2018 as a "40 Under 40 Rising Star" by the NYU Law Alumni of Color Association, in 2016 as a California Attorney of the Year (Immigration), and in 2014 as the recipient of the American Immigration Lawyers Association, Jack Wasserman Memorial Award.

Carmen joined the firm from the ACLU Immigrants' Rights Project, where she worked as a Senior Staff Attorney. At the ACLU, Carmen developed and led complex civil rights litigation and engaged in advocacy to protect the rights of immigrant communities, including constitutional, statutory, and administrative law challenges to detention practices, restrictions on asylum, and immigration enforcement abuses. She represented immigrant detainees in challenges concerning the adequacy of procedures afforded at initial bond hearings. Carmen also served as counsel for plaintiffs in litigation challenging the practice of forcibly separating children from their parents at the US border. She also represented asylum seekers and organizational plaintiffs before the US Supreme Court and federal district court in challenges to the "Remain in Mexico" immigration policy.

Carmen has served as a law clerk at every level of the federal judiciary, having clerked for the Hon. Sonia Sotomayor of the Supreme Court of the United States, the Hon. Stephen R. Reinhardt of the United States Court of Appeals for the Ninth Circuit, and the Hon. Kiyo A. Matsumoto of the United States District Court for the Eastern District of New York.

## EDUCATION

AB, Harvard University, 2005
*magna cum laude*

JD, New York University School of Law, 2010
*magna cum laude*

Root Tilden Kern Scholar

## CLERKSHIPS

Hon. Sonia Sotomayor, US Supreme Court of the United States

Hon. Stephen R. Reinhardt, US Court of Appeals for the Ninth Circuit

Hon. Kiyo A. Matsumoto US District Court for the Eastern District of New York

## FELLOWSHIPS, LEADERSHIP & RECOGNITION

Top Attorneys Under 40, Hispanic National Bar Association, 2022

40 Under 40 Rising Star, NYU Law Alumni of Color Association, 2018

California Attorney of the Year (Immigration), 2016

American Immigration Lawyers Association, Jack Wasserman Memorial Award, 2014

Prior to joining the ACLU as Senior Staff Attorney, Carmen was an associate for Jones Day, where she represented clients in complex civil, criminal, and administrative matters as an attorney in the Issues and Appeals practice group. She also maintained an active pro bono docket, including the Laredo Project, which has provided legal counsel, as well as legal education, to over 10,000 asylum seekers who have been detained by the US government. Carmen also represented asylum seekers pro bono in proceedings before the Immigration Court and Board of Immigration Appeals.

From 2012 to 2017, Carmen was an Equal Justice Works Fellow and then a Staff Attorney at the ACLU of Southern California, where her work included acting as counsel in the first case that established a right to appointed legal representation for any group of immigrants facing deportation. This case, *Franco v. Holder*, requires the federal government to provide legal representation to immigrants with serious mental disabilities. She was also counsel in *J.E.F.M. v. Holder*, a nationwide class action lawsuit seeking to require the government to provide children with legal representation in their deportation hearings, and in *Alfaro Garcia v. Holder*, a nationwide class action lawsuit filed on behalf of thousands of immigrants fleeing persecution who had faced months of detention while awaiting reasonable fear determinations.

Beyond her work pertaining to immigrant rights, Carmen has done critical work related to criminal justice. Carmen worked alongside a legal team in *Youth Justice Coalition v. City of Los Angeles*, a class action lawsuit on behalf of thousands of Angelenos against the Los Angeles police and prosecutors who unfairly subjected the plaintiffs to restrictive "gang injunctions" without due process. These "gang injunctions" included court orders that turn common behavior into crimes, such as possessing cell phones, drinking alcohol on your own front porch, and associating with people the police claim are also gang members. Carmen helped develop that litigation, working alongside community organizations to gather facts and interview affected community members, develop the legal claims, and brief key pleadings in the case. The team ultimately settled the case with the City of Los Angeles, ensuring that no resident is subjected to "gang injunctions" without fair warning and process.

Carmen was also lead counsel in *Bridges v. United States*, a criminal habeas appeal before the US Court of Appeals for the Seventh Circuit concerning the right to effective assistance of counsel at sentencing proceedings. *Bridges v. United States* established hugely important precedent in the circuit holding that defense counsel must develop and raise claims that have been foreshadowed in the case law, even when there was no binding in-circuit precedent on that exact issue. Carmen developed the arguments and argued the case before the court of appeals, ultimately securing this important victory for criminal defendants in the circuit.

Carmen received her JD, *magna cum laude*, from New York University School of Law, where she was a Root Tilden Kern Scholar and recipient of the Maurice Goodman Memorial Prize, awarded for outstanding scholarship and character, and the Ann Petluck Poses Memorial Prize, awarded for outstanding work in a clinical course requiring student practice. Carmen also served as an Articles Editor at the *New York University Law Review*. She received her AB, *magna cum laude*, from Harvard University, where she graduated with highest honors in her field and was awarded the Gordon W. Allport Prize for Distinguished Senior Thesis.

Read about Carmen Iguina González in our Newsroom

## Max Feldman

Senior Associate

T: (212) 763-0883
E: mfeldman@kaplanhecker.com





Max Feldman is a senior associate at Kaplan Hecker & Fink LLP.

Max was previously counsel at the Brennan Center for Justice at NYU School of Law, where he litigated high-profile voting rights cases in state and federal courts at both the trial and appellate level. Among his most significant matters were a challenge to Texas Governor Greg Abbott's restrictions on absentee ballot drop-off locations ahead of the 2020 election, a challenge to the security of Georgia's voter registration system that resulted in new provisions of state law, and a lawsuit that prevented Texas from turning over voter data to President Trump's "voter fraud" commission. Max also provided legal and policy advice to policymakers and advocates on election issues, including providing assistance with legislative drafting. Max wrote a number of reports on election administration that have been cited extensively in the media, including by the *New York Times*, the *Washington Post*, the *New Yorker*, and *Vox*. A plan to protect the 2020 election from the coronavirus that he co-authored was widely endorsed by civil rights groups and political scientists.

Prior to his time at the Brennan Center, Max was a litigation associate at Munger, Tolles & Olson LLP. There, he maintained a complex commercial litigation practice, representing clients in a range of industries, including financial services and energy. A significant part of his practice focused on representing major financial institutions in litigation related to mortgages and mortgage-backed securities. In addition, he maintained a *pro bono* practice focused on immigration proceedings. Max also clerked for the Honorable Bruce M. Selya of the U.S. Court of Appeals for the First Circuit.

Max received his J.D. *magna cum laude* from the New York University School of Law, where he was elected to the Order of the Coif and served as an articles editor of the *NYU Law Review*.

Prior to law school, Max worked as a speechwriter, including as the head speechwriter for Governor David Paterson of New York. He graduated from Harvard College with an A.B. in Philosophy.

### EDUCATION

A.B., Harvard College, 2007

J.D., NYU School of Law, 2013

*magna cum laude*

### CLERKSHIPS

Hon. Bruce M. Selya, U.S. Court of Appeals for the First Circuit

### FELLOWSHIPS, LEADERSHIP & RECOGNITION

Order of the Coif, NYU School of Law

Florence Allen Scholar, NYU School of Law

Guarini Scholar, NYU School of Law

Staff Editor, *NYU Law Review*

Articles Editor, *NYU Law Review*

### BAR AND COURT ADMISSIONS

U.S. Court of Appeals for the Ninth Circuit

U.S. District Court for the Southern District of California

U.S. District Court for the Western District of Michigan

New York

Read about Max Feldman in our Newsroom

KAPLAN HECKER & FINK LLP

ABOUT US    OUR TALENT    OUR WORK    NEWSROOM    CONTACT US    CAREERS    SEARCH

# Anna Collins Peterson

Associate
T: (212) 763-0883
E: apeterson@kaplanhecker.com





Anna Collins Peterson is an associate at Kaplan Hecker & Fink LLP.

She joined the firm after completing clerkships for the Honorable James A. Wynn, Jr. of the United States Court of Appeals for the Fourth Circuit and the Honorable Rebecca Goodgame Ebinger of the United States District Court for the Southern District of Iowa.

Anna graduated *summa cum laude* from the University of Wisconsin Law School, where she was first in her class. While in law school, she served as the Senior Articles Editor for the *Wisconsin Law Review*. She was inducted into the Order of the Coif and received awards including the Bruce Beilfuss Memorial Award for Service to the Law School, the Gwynette Smalley Law Review Prize, the Mathys Memorial Award for Achievement in Moot Court Competitions, and several Best Performance in Class awards. She also worked on campaign finance and election law as a research assistant to Professor Robert Yablon, provided post-conviction legal assistance to people in Wisconsin state prisons as a student attorney at the Frank J. Remington Center, and took part in the New York City Bar National Moot Court Competition.

Prior to law school, Anna worked as the traveling exhibits coordinator for the Wisconsin Veterans Museum, as a corporate trainer at a software company, and interned in the curator's office of the Supreme Court of the United States. She graduated Phi Beta Kappa from the University of North Carolina at Chapel Hill.

## EDUCATION

B.A., University of North Carolina at Chapel Hill, 2012

*Phi Beta Kappa*

J.D., University of Wisconsin Law School, 2018

*summa cum laude*

## CLERKSHIPS

Hon. James A. Wynn, Jr., U.S. Court of Appeals for the Fourth Circuit

Hon. Rebecca Goodgame Ebinger, U.S. District Court for the Southern District of Iowa

## FELLOWSHIPS, LEADERSHIP & RECOGNITION

Order of the Coif, University of Wisconsin Law School

Bruce Beilfuss Memorial Scholarship for Service to the Law School, University of Wisconsin Law School

Gwynette Smalley Law Review Prize, University of Wisconsin Law School

Mathys Memorial Award for Achievement in Moot Court Competitions, University of Wisconsin Law School

Sonnet Schmidt Edmonds Award for Excellence in Energy Law, University of Wisconsin Law School

Senior Articles Editor, *Wisconsin Law Review*

Rath Foundation Scholarship, University of Wisconsin Law School

## BAR AND COURT ADMISSIONS

U.S. Court of Appeals for the Fourth Circuit

U.S. District Court for the Western District of Wisconsin

Wisconsin

District of Columbia

New York

Maggie Turner Biography
March 2022

Margaret "Maggie" Turner is an associate at Kaplan Hecker & Fink LLP.

Maggie joined the firm after completing a clerkship with the Honorable Ronald M. Gould of the U.S. Court of Appeals for the Ninth Circuit. Prior to clerking, Maggie was a summer associate at Kellogg, Hansen, Todd, Figel & Frederick PLLC. In 2022, Maggie will clerk for the Honorable Carol Bagley Amon of the U.S. District Court for the Eastern District of New York.

Maggie graduated *magna cum laude* from the University of Michigan Law School, where she was inducted into the Order of the Coif. She served as a Notes Editor for the *Michigan Law Review* and as Co-President of the American Constitution Society. At Michigan, Maggie was a finalist in the Henry M. Campbell Moot Court Competition and later served on the competition's executive board. She also competed on the mock trial team and was a finalist at the John L. Costello National Criminal Mock Trial Competition in Washington, D.C. As a student attorney in Michigan's Federal Appellate Litigation Clinic, Maggie represented indigent criminal defendants in the Sixth Circuit. As a 3L, she briefed and argued a successful habeas petition that resulted in a published opinion. During law school, Maggie interned in the Public Integrity Section of the United States Department of Justice, where she focused on public corruption and election law.

Maggie began her career as an English literature teaching fellow at Millfield Senior School in Glastonbury, United Kingdom. She earned her B.A. in political philosophy, policy and law from the University of Virginia in 2014, graduating with distinction.

**EDUCATION**
- B.A., University of Virginia, 2014
  - *with Distinction*
- J.D., University of Michigan, 2020
  - *magna cum laude*

**CLERKSHIPS**
- Hon. Ronald M. Gould, U.S. Court of Appeals for the Ninth Circuit

**FELLOWSHIPS, LEADERSHIP & RECOGNITION**
- Order of the Coif, Michigan Law School
- Notes Editor, *Michigan Law Review*
- Second Place, Henry M. Campbell Moot Court Competition, Michigan Law School
- Problem Chair, Henry M. Campbell Moot Court Competition Board, Michigan Law School
- Co-President, American Constitution Society, Michigan Law School

**BAR AND COURT ADMISSIONS**
- New York



# James Blum

Associate

T: (212) 763-0883
E: jblum@kaplanhecker.com

+ VCARD



James Blum is an associate at Kaplan Hecker & Fink LLP.

Prior to joining Kaplan Hecker, James worked as a student advocate for the NAACP where he wrote memoranda for use in post-conviction cases. He also assisted in the preparation for a state post-conviction evidentiary hearing and researched an amicus brief contesting the constitutionality of the death penalty under state law. Previously, James served as a civil rights intern for the Surveillance Technology Oversight Project where he helped draft bills proposed in the New York Senate and conducted research, drafted testimony, and white papers relating to technologies and procedures threatening New Yorkers' privacy.

James graduated New York University School of Law where he was a Marden Moot Court Competition semifinalist and a staff editor for *Review of Law & Social Change*. He also worked as a research and teaching assistant. He earned a B.A. from the University of Michigan in Economics.



**EDUCATION**

B.A., University of Michigan, 2013

J.D., New York University School of Law, 2020

**FELLOWSHIPS, LEADERSHIP & RECOGNITION**

Semifinalist, Marden Moot Court Competition

Staff Editor, *Review of Law & Social Change*

**BAR AND COURT ADMISSIONS**

New York



About Us    Our Talent    Our Work    Newsroom    Contact Us    Careers    Search

© Kaplan Hecker & Fink LLP. This web site contains attorney advertising. Prior results do not guarantee a similar outcome. Privacy Policy and Terms of Use.

KAPLAN HECKER & FINK LLP

ABOUT US    OUR TALENT    OUR WORK    NEWSROOM    CONTACT US    CAREERS    SEARCH

# Kelsey Dietrich

Senior Case Manager

T: (212) 763-0883
E: kdietrich@kaplanhecker.com

+ VCARD



Kelsey Dietrich is a senior case manager at Kaplan Hecker & Fink LLP.

Kelsey joins the firm after serving as a litigation paralegal at Vedder Price P.C, where she supported teams of attorneys in complex litigations up to and through the trial phase and in responding to DOJ and SEC investigations. She previously worked as a legal secretary and legal assistant at other Chicago-based law firms.

Kelsey also has an extensive background in political volunteering, including work helping to lead volunteer teams in national campaigns. She has similarly served as a public benefits enrollment volunteer for Legal Aid Chicago, assisting applicants for cash assistance and other public benefits to navigate complex government processes.

Kelsey is a *cum laude* graduate of Loyola University Chicago where she majored in International Studies and minored in Spanish and Marketing. She likewise received a Certificate in Paralegal Studies from the University's Institute of Paralegal Studies.

**EDUCATION**

B.A., Loyola University Chicago
*cum laude*



About Us    Our Talent    Our Work    Newsroom    Contact Us    Careers    Search

© Kaplan Hecker & Fink LLP. This web site contains attorney advertising. Prior results do not guarantee a similar outcome. Privacy Policy and Terms of Use.

# EXHIBIT B

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 3/24/2022 | Anna Peterson | $375.00 | 2.9 | $1,087.50 | Review media coverage of complaint filed against client; review complaint and draft summary for client and team of the same; correspond with team about the same. |
| 3/24/2022 | Roberta Kaplan | $700.00 | 1.2 | $840.00 | Analysis of Trump complaint. |
| 3/24/2022 | Shawn Crowley | $700.00 | 0.8 | $560.00 | Correspondence with client; review civil complaint and internal correspondence re same; call with client re ▮ |
| 3/25/2022 | Roberta Kaplan | $700.00 | 1.2 | $840.00 | E-mails re: defenses, motion to dismiss. |
| 3/29/2022 | Shawn Crowley | $700.00 | 0.6 | $420.00 | Review complaint. |
| 4/3/2022 | Joshua Matz | $700.00 | 0.7 | $490.00 | Prepare for and participate in call with Shawn + continue review of case. |
| 4/3/2022 | Shawn Crowley | $700.00 | 0.9 | $630.00 | Conference with J. Matz re strategy. |
| 4/4/2022 | Joshua Matz | $700.00 | 0.2 | $140.00 | Email potential local counsel. |
| 4/4/2022 | Maximillian Feldman | $450.00 | 0.4 | $180.00 | Telephone conference with A. Peterson regarding case status; review docket; review motion to disqualify judge. |
| 4/4/2022 | Roberta Kaplan | $700.00 | 0.5 | $350.00 | E-mails re: local counsel; recusal motion. |
| 4/4/2022 | Shawn Crowley | $700.00 | 0.1 | $70.00 | Correspondence re local counsel. |
| 4/5/2022 | Joshua Matz | $700.00 | 1.3 | $910.00 | Conversation with Monica + conversation with potential local counsel + ▮ |
| 4/5/2022 | Maximillian Feldman | $450.00 | 1.0 | $450.00 | Correspondence with J. Matz and S. Crowley regarding recusal motion; draft litigation hold notice. |
| 4/5/2022 | Shawn Crowley | $700.00 | 2.0 | $1,400.00 | Call with J. Matz and local counsel; review complaint; calls with client. |
| 4/6/2022 | Anna Peterson | $375.00 | 1.8 | $675.00 | Review ▮ and make edits to the same; call with prior counsel to discuss ▮ and take notes on the same. |
| 4/6/2022 | Joshua Matz | $700.00 | 4.5 | $3,150.00 | Review complaint and continue revisions to ▮ |
| 4/6/2022 | Kelsey Dietrich | $150.00 | 0.1 | $15.00 | Add deadline for DNC response in Trump v. Clinton to docketing calendar. |

23

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|------|-----------|------|------|----------------|-------------|
| 4/6/2022 | Maximillian Feldman | $450.00 | 1.4 | $630.00 | Revise ▮ and email correspondence with A. Peterson regarding same; circulate ▮ to KHF team; email correspondence with M. Guardiola and G. Wilson regarding ▮ ; telephone conference with G. Wilson, M. Parnell, and KHF team regarding ▮ |
| 4/6/2022 | Shawn Crowley | $700.00 | 0.6 | $420.00 | Call with Graham Wilson re ▮ |
| 4/7/2022 | Anna Peterson | $375.00 | 5.4 | $2,025.00 | Review order denying motion to recuse; call with J. Matz, S. Crowley, and M. Feldman to discuss ▮ take notes on the same; follow up call with M. Feldman to discuss research needed for ▮ and other outstanding tasks; review case law and treatises addressing legal claims against client; analyze in light of complaint; draft document summarizing legal claims and allegations for purposes of ▮ |
| 4/7/2022 | Joshua Matz | $700.00 | 2.8 | $1,960.00 | Continue review of Complaint + study Court's recusal order + email client update ▮ + call w counsel to Gibson Dunn. |
| 4/7/2022 | Kelsey Dietrich | $150.00 | 0.3 | $45.00 | Set docket updates for Trump v. Clinton matter to be distributed to team; attention to file management. |

B

B

B

24

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 4/7/2022 | Maximillian Feldman | $450.00 | 2.5 | $1,125.00 | Telephone conference with J. Matz, S. Crowley, A. Peterson regarding ▮▮▮; analysis regarding ▮▮▮ and draft email to client regarding same; review A. Peterson analysis of claims in connection with ▮▮▮; email correspondence with J. Matz concerning ▮▮▮ |
| 4/7/2022 | Shawn Crowley | $700.00 | 1.2 | $840.00 | Common interest call with counsel for Perkins Coie re strategy. |
| 4/11/2022 | Joshua Matz | $700.00 | 0.5 | $350.00 | Call w Levy Firestone counsel re: case strategy. |
| 4/11/2022 | Joshua Matz | $700.00 | 1.4 | $980.00 | Client call re: ▮▮▮. |
| 4/11/2022 | Shawn Crowley | $700.00 | 1.1 | $770.00 | Common interest call with counsel for Fusion and discussion with J. Matz re same; call with client re ▮▮▮ |
| 4/12/2022 | Anna Peterson | $375.00 | 0.1 | $37.50 | Review documents showing service sent by J. Matz and coordinate with case manager for workspace organization. |
| 4/12/2022 | Joshua Matz | $700.00 | 0.4 | $280.00 | Further outreach re: potential local counsel. |
| 4/12/2022 | Joshua Matz | $700.00 | 0.1 | $70.00 | Correspond w client re: ▮▮▮ Send Monica an email ▮▮▮ |
| 4/12/2022 | Joshua Matz | $700.00 | 0.3 | $210.00 | ▮▮▮ |
| 4/12/2022 | Joshua Matz | $700.00 | 0.7 | $490.00 | Call with Graham Wilson + follow up. |
| 4/12/2022 | Kelsey Dietrich | $150.00 | 0.5 | $75.00 | Attention to file management of received summonses. |
| 4/13/2022 | Anna Peterson | $375.00 | 0.2 | $75.00 | Review notes from call with common interest group and email S. Crowley about the same. |
| 4/13/2022 | Joshua Matz | $700.00 | 0.4 | $280.00 | Review email summary of common interest call earlier in day re: litigation strategy. |
| 4/13/2022 | Joshua Matz | $700.00 | 2.0 | $1,400.00 | Revise and send client draft ▮▮▮ |
| 4/13/2022 | Joshua Matz | $700.00 | 0.7 | $490.00 | Calls and emails re: obtaining local counsel. |
| 4/13/2022 | Shawn Crowley | $700.00 | 0.7 | $490.00 | Common interest call; discussion with J. Matz re strategy. |

25

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 4/14/2022 | Anna Peterson | $375.00 | 0.5 | | Call with S. Crowley to discuss case status and needed research; review previous research on claims in complaint. |
| 4/14/2022 | Shawn Crowley | $700.00 | 0.3 | $187.50 | Conference with Anna Collins Peterson re strategy. |
| 4/15/2022 | Anna Peterson | $375.00 | 2.7 | $210.00 | Research claims in complaint and potential defenses; take notes on the same. |
| 4/15/2022 | Joshua Matz | $700.00 | 0.4 | $1,012.50 | Call re: local counsel representation. |
| 4/15/2022 | Kelsey Dietrich | $150.00 | 0.7 | $280.00 | Compile recent court filings in Trump v. Clinton. |
| 4/15/2022 | Shawn Crowley | $700.00 | 1.0 | $105.00 | Call with potential local counsel Wilfredo Ferrer. |
| 4/16/2022 | Maximillian Feldman | $450.00 | 0.1 | $700.00 | Review docket updates. |
| 4/17/2022 | Maximillian Feldman | $450.00 | 0.4 | $45.00 | Review Court order concerning trial date and email correspondence with KHF team regarding same; review Williams & Connolly draft motion to dismiss. |
| 4/18/2022 | Anna Peterson | $375.00 | 2.2 | $180.00 | Research ███████; analyze the same in light of allegations in complaint; take notes on the same; draft email to M. Feldman summarizing the same. |
| 4/18/2022 | Joshua Matz | $700.00 | 0.9 | $825.00 | Correspondence re: declination by potential local counsel and follow up with Monica re: next steps ███████. |
| 4/18/2022 | Maximillian Feldman | $450.00 | 0.7 | $630.00 | Telephone conference with A. Peterson regarding case status; correspondence with S. Crowley regarding claims; email correspondence with A. Peterson regarding research and review research. |
| 4/19/2022 | Anna Peterson | $375.00 | 0.8 | $315.00 | Call with team to discuss status and plan for filings; review docket alerts and brief sent by common interest counsel. |
| 4/19/2022 | Joshua Matz | $700.00 | 0.5 | $300.00 | Prepare for and participate in call with Shawn, Max, and Anna re: latest developments and next steps in MTD practice. |
| 4/19/2022 | Joshua Matz | $700.00 | 0.7 | $350.00 | Prepare for, participate in, and debrief call with potential local counsel. |
| | | | | $490.00 | |

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 4/19/2022 | Maximillian Feldman | $450.00 | 2.4 | $1,080.00 | Telephone conference with J. Matz, S. Crowley, and A. Peterson regarding motion to dismiss; review complaint and legal research regarding same. |
| 4/19/2022 | Shawn Crowley | $700.00 | 0.6 | $420.00 | Team conference re strategy; correspondence with client. |
| 4/19/2022 | Joshua Matz | $700.00 | 0.2 | $140.00 | Correspond w/ DWS staff re: ▮ |
| 4/20/2022 | Anna Peterson | $375.00 | 5.2 | $1,950.00 | Take notes on allegations in complaint specific to client; review case law and treatises addressing ▮ analyze the same in light of allegations in complaint; take notes on the same. |
| 4/20/2022 | Joshua Matz | $700.00 | 1.3 | $910.00 | Prepare for, participate in, and update client on joint defense call re: motion to dismiss strategy. |
| 4/20/2022 | Kelsey Dietrich | $150.00 | 0.7 | $105.00 | Prepare binder for S. Crowley of briefs in Trump v. Clinton matter. |
| 4/20/2022 | Maximillian Feldman | $450.00 | 0.2 | $90.00 | Draft motion to dismiss outline. |
| 4/20/2022 | Joshua Matz | $700.00 | 0.3 | $210.00 | Correspond with David Damron re: scheduling call and ▮ |
| 4/21/2022 | Anna Peterson | $375.00 | 5.3 | $1,987.50 | Call with M. Turner to discuss matter and research needs; review motion to dismiss filed by other defendant to identify arguments to incorporate; call with M. Feldman to discuss arguments, additional research, and plan for outlining brief. |
| 4/21/2022 | Joshua Matz | $700.00 | 0.8 | $560.00 | Participate in and follow up on call with Monica. ▮ |
| 4/21/2022 | Joshua Matz | $700.00 | 0.2 | $140.00 | Email update to Monica re: ▮ |
| 4/21/2022 | Joshua Matz | $700.00 | 0.2 | $140.00 | Correspond with KHF team about timing on drafting MTD. |
| 4/21/2022 | Joshua Matz | $700.00 | 0.7 | $490.00 | Review draft MTD circulated by HRC counsel. |
| 4/21/2022 | Joshua Matz | $700.00 | 0.2 | $140.00 | Further update to Monica re: ▮ |
| 4/21/2022 | Joshua Matz | $700.00 | 1.5 | $1,050.00 | Correspondence w counsel to HRC + additional legal research into structure of draft MTD. |

27

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 4/21/2022 | Maggie Turner | $375.00 | 4.5 | $1,687.50 | Met with J. Matz and A. Peterson to discuss new matter; reviewed and analyzed background materials (complaint, Clinton motion to dismiss, research documents) and began research into elements of claims. |
| 4/21/2022 | Maximillian Feldman | $450.00 | 1.0 | $450.00 | Telephone conference with A. Peterson regarding outline of brief and research; review A. Peterson research. |
| 4/21/2022 | Shawn Crowley | $700.00 | 0.8 | $560.00 | Call with DWS staff re [redacted] |
| 4/21/2022 | Joshua Matz | $700.00 | 0.8 | $560.00 | Prepare for and participate in call with David, Tracie, and Steve about [redacted] |
| 4/21/2022 | Joshua Matz | $700.00 | 0.2 | $140.00 | Correspond with local counsel about [redacted] |
| 4/22/2022 | Anna Peterson | $375.00 | 3.3 | $1,237.50 | Draft outline of arguments for motion to dismiss regarding [redacted]; review briefs addressing similar claims, analyze in light of allegations in complaint, and take notes on the same. |
| 4/22/2022 | Joshua Matz | $700.00 | 0.3 | $210.00 | Correspond with Monica re: [redacted] |
| 4/22/2022 | Joshua Matz | $700.00 | 0.3 | $210.00 | Review email received from Gibson Dunn re: proposed motion for extension of time to respond to answer, and follow up urgently with Monica re: [redacted] |
| 4/22/2022 | Joshua Matz | $700.00 | 1.2 | $840.00 | Correspond with local counsel about [redacted] + follow up correspondence w local counsel. |
| 4/22/2022 | Kelsey Dietrich | $150.00 | 0.3 | $45.00 | Internal correspondence re pro hac vice appearance for S. Crowley; attention to file management. |

B

28

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 4/22/2022 | Maximillian Feldman | $450.00 | 3.0 | $1,350.00 | Analysis regarding complaint and Clinton brief; telephone conference with A. Peterson regarding motion to dismiss brief; draft outline of [redacted] of motion to dismiss brief. |
| 4/22/2022 | Shawn Crowley | $700.00 | 0.2 | $140.00 | Discussion with J. Matz re strategy. |
| 4/22/2022 | Joshua Matz | $700.00 | 1.3 | $910.00 | Emails about [redacted] + [redacted] connecting to local counsel and w Shawn Crowley + calls with Gibson Dunn re: status updates |
| 4/23/2022 | Anna Peterson | $375.00 | 0.6 | $225.00 | Review and circulate filings; draft outline of arguments for motion to dismiss regarding [redacted]; review briefs addressing similar claims, analyze in light of allegations in complaint. |
| 4/23/2022 | Maximillian Feldman | $450.00 | 1.5 | $675.00 | Draft outline of [redacted] of motion to dismiss brief. |
| 4/23/2022 | Shawn Crowley | $700.00 | 0.6 | $420.00 | Call with client re [redacted]; correspondence with local counsel re motion for extension; review motion for extension. |
| 4/24/2022 | Joshua Matz | $700.00 | 0.4 | $280.00 | Review correspondence and drafts re: [redacted] + filings over Saturday. |
| 4/24/2022 | Joshua Matz | $700.00 | 0.2 | $140.00 | Correspond w DNC insurer. |
| 4/24/2022 | Joshua Matz | $700.00 | 2.3 | $1,610.00 | Further review of the complaint with eye to potential separate legal arguments and MTD strategy. |
| 4/25/2022 | Anna Peterson | $375.00 | 4.3 | $1,612.50 | Correspond with M. Turner regarding additional research for motion to dismiss; draft outline of arguments for motion to dismiss regarding [redacted] review briefs addressing similar claims, analyze in light of allegations in complaint; review docket entries and update filing deadlines based on the same; review cases addressing [redacted] and [redacted] email M. Feldman about the same. |

29

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|------|-----------|------|------|----------------|-------------|
| 4/25/2022 | Kelsey Dietrich | $150.00 | 1.8 | $270.00 | Attention to file management; management of Bloomberg alerts for Trump v. Clinton. |
| 4/25/2022 | Maggie Turner | $375.00 | 3.5 | $1,312.50 | Researched ██████ |
| 4/25/2022 | Maximillian Feldman | $450.00 | 5.4 | $2,430.00 | Email correspondence with team regarding court order on expedited briefing of Trump motion for extension of time; draft section of motion to dismiss brief concerning ████; legal research iso motion to dismiss brief; correspondence with A. Peterson and M. Turner regarding legal research; email correspondence with J. Quinn concerning ████ legal analysis. |
| 4/25/2022 | Shawn Crowley | $700.00 | 0.2 | $140.00 | Correspondence with local counsel re pro hac vice motion. |
| 4/25/2022 | Joshua Matz | $700.00 | 0.2 | $140.00 | Send client update on Court granting extension motions |
| 4/26/2022 | Anna Peterson | $375.00 | 2.5 | $937.50 | Call with M. Feldman and M. Turner to discuss edits and revisions to motion to dismiss outline; make edits to outline to reflect the same. |
| 4/26/2022 | Joshua Matz | $700.00 | 0.6 | $420.00 | Correspondence re: litigation schedule + legal research re: potential MTD issues. |
| 4/26/2022 | Maggie Turner | $375.00 | 2.4 | $900.00 | Researched ██████; reviewed and analyzed MTD outline by cross-referencing HRC brief; met with associate team to discuss substantive issues and any research holes in outline. |
| 4/26/2022 | Maximillian Feldman | $450.00 | 4.3 | $1,935.00 | Legal research iso motion to dismiss; revise outline of motion to dismiss; telephone conference with A. Peterson and M. Turner regarding motion to dismiss; review docket updates; revise PHV application. |

30

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 4/26/2022 | Shawn Crowley | $700.00 | 0.7 | $490.00 | Correspondence with local counsel re pro hac vice motion; call with local counsel ▮ |
| 4/27/2022 | Anna Peterson | $375.00 | 3.0 | $1,125.00 | Review edits and comments on outline from M. Feldman; revise outline to respond to the same. |
| 4/27/2022 | Kelsey Dietrich | $150.00 | 1.6 | $240.00 | Draft shell for Motion to Dismiss; update internal files with recent court filings. |
| 4/27/2022 | Maggie Turner | $375.00 | 0.6 | $225.00 | Reviewed and analyzed MTD outline to determine any research holes or edits in preparation to send to J. Matz. |
| 4/27/2022 | Maximillian Feldman | $450.00 | 0.8 | $360.00 | Revise outline of motion to dismiss; correspondence with A. Peterson regarding motion to dismiss; attention to PHV application. |
| 4/28/2022 | Anna Peterson | $375.00 | 3.6 | $1,350.00 | Call with J. Matz, S. Crowley, M. Feldman, and M. Turner to discuss outline for motion to dismiss and additional areas of research; follow up call with M. Feldman and M. Turner regarding the same; review ▮ and take notes on the same; begin drafting brief in support of motion to dismiss. |
| 4/28/2022 | Joshua Matz | $700.00 | 1.8 | $1,260.00 | Carefully review draft outline for MTD papers + call with KHF team to share feedback for full draft. |
| 4/28/2022 | Joshua Matz | $700.00 | 0.2 | $140.00 | Review and discuss client inquiry re: local representation. |
| 4/28/2022 | Maggie Turner | $375.00 | 3.7 | $1,387.50 | Met with J. Matz and S. Crowley to discuss MTD outline; met with associate team to discuss game plan for additional research and drafting; researched ▮ |
| 4/28/2022 | Maximillian Feldman | $450.00 | 1.0 | $450.00 | Telephone conference with KHF team regarding outline of brief; telephone conference with A. Peterson and M. Turner regarding planning for brief. |

Page 9 of 26

31 B

B, V

0326.002 &.003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 4/28/2022 | Shawn Crowley | $700.00 | 1.1 | $770.00 | Correspondence with client; review outline of motion to dismiss and team conference re same. |
| 4/29/2022 | Anna Peterson | $375.00 | 6.3 | $2,362.50 | Review research sent by M. Turner; review cases addressing ▮ analyze in light of allegations in complaint; draft arguments in brief in support of motion to dismiss. |
| 4/29/2022 | Maggie Turner | $375.00 | 5.2 | $1,950.00 | Researched ▮ as result of discussions about MTD outline; researched ▮ Feldman about the same. |
| 4/29/2022 | Maximillian Feldman | $450.00 | 1.1 | $495.00 | Draft ▮ and circulate to team; correspondence with A. Peterson regarding motion to dismiss brief; review M. Turner research concerning ▮ |
| 4/30/2022 | Anna Peterson | $375.00 | 1.0 | $375.00 | Revise draft of motion to dismiss and draft email to M. Feldman about the same. |
| 5/1/2022 | Maximillian Feldman | $450.00 | 0.1 | $45.00 | Review draft of motion to dismiss brief. |
| 5/2/2022 | Joshua Matz | $700.00 | 0.6 | $420.00 | Correspondence re strategy for briefs |
| 5/2/2022 | Maggie Turner | $375.00 | 3.4 | $1,275.00 | Researched Eleventh Circuit pleading standards ▮ researched comparison cases in Eleventh Circuit ▮ |
| 5/2/2022 | Maximillian Feldman | $450.00 | 4.5 | $2,025.00 | Draft motion to dismiss brief; email correspondence with M. Turner regarding research; email correspondence with J. Matz and S. Crowley regarding brief; legal research iso motion to dismiss brief. |
| 5/2/2022 | Shawn Crowley | $700.00 | 0.1 | $70.00 | Correspondence with client. |
| 5/3/2022 | Joshua Matz | $700.00 | 0.8 | $560.00 | Review latest district court filings and several relevant cases ▮ |
| 5/3/2022 | Maggie Turner | $375.00 | 5.0 | $1,875.00 | Researched ▮ |
| 5/3/2022 | Maximillian Feldman | $450.00 | 4.0 | $1,800.00 | Draft motion to dismiss brief; legal research iso motion to dismiss brief. |

Page 10 of 26

32

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 5/3/2022 | Maximillian Feldman | $450.00 | 4.4 | $1,980.00 | Draft motion to dismiss brief; legal research iso motion to dismiss brief. |
| 5/4/2022 | Anna Peterson | $375.00 | 3.0 | $1,125.00 | Review draft motion to dismiss and make edits to the same; correspond with M. Feldman and M. Turner about the same. |
| 5/4/2022 | Kelsey Dietrich | $150.00 | 0.4 | $60.00 | Circulate to team J. Podesta's Motion to Dismiss; add date for status conference to firm docket and circulate same to team. |
| 5/4/2022 | Maggie Turner | $375.00 | 4.8 | $1,800.00 | Edited draft brief, drafted research email based on notes from J. Matz call summarizing research done on brief. |
| 5/4/2022 | Maximillian Feldman | $450.00 | 6.2 | $2,790.00 | Draft motion to dismiss brief; legal research iso motion to dismiss brief; email correspondence with A. Peterson and M. Turner regarding brief and related research; email correspondence with J. Matz and S. Crowley regarding brief; email correspondence with J. Matz and S. Crowley regarding ████ |
| 5/4/2022 | Roberta Kaplan | $700.00 | 0.5 | $350.00 | Attention to PHV; scheduling conf. |
| 5/4/2022 | Shawn Crowley | $700.00 | 0.2 | $140.00 | Correspondence with client re: updates. |
| 5/5/2022 | Anna Peterson | $375.00 | 1.2 | $450.00 | Review draft and research in advance of call; call with J. Matz, S. Crowley, M. Feldman, and M. Turner to discuss edits to motion to dismiss; take notes on the same; begin making edits in light of the same. |
| 5/5/2022 | Joshua Matz | $700.00 | 0.4 | $280.00 | Review detailed analysis from Max, Maggie, and Anna re: research questions for MTD briefing |
| 5/5/2022 | Joshua Matz | $700.00 | 1.2 | $840.00 | Prepare for and participate in call re: draft MTD brief |
| 5/5/2022 | Maggie Turner | $375.00 | 2.2 | $825.00 | Researched ████ researched ████; met with J. Matz to discuss motion to dismiss draft. |

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 5/5/2022 | Maximillian Feldman | $450.00 | 3.0 | $1,350.00 | Telephone conference with KHF team regarding brief; review [redacted] legal research iso motion to dismiss brief. |
| 5/5/2022 | Shawn Crowley | $700.00 | 2.3 | $1,610.00 | Review motion to dismiss; correspondence with client; team call re motion to dismiss. |
| 5/6/2022 | Anna Peterson | $375.00 | 2.8 | $1,050.00 | Make edits to motion to dismiss; call with M. Feldman and M. Turner to discuss the same; draft email explaining edits regarding the same. |
| 5/6/2022 | Joshua Matz | $700.00 | 2.3 | $1,610.00 | Review draft DNC motion to dismiss brief and share with RAK for final review |
| 5/6/2022 | Maggie Turner | $375.00 | 3.1 | $1,162.50 | Researched [redacted]; edited brief draft per J. Matz comments. |
| 5/6/2022 | Maximillian Feldman | $450.00 | 2.9 | $1,305.00 | Telephone conference with A. Peterson and M. Turner regarding brief; legal research iso motion to dismiss brief; revise motion to dismiss brief. |
| 5/6/2022 | Roberta Kaplan | $700.00 | 0.7 | $490.00 | E-mails re: opp to motion to dismiss. |
| 5/6/2022 | Shawn Crowley | $700.00 | 0.4 | $280.00 | Correspondence with client; conference with J. Matz re motion to dismiss |
| 5/7/2022 | Maximillian Feldman | $450.00 | 0.6 | $270.00 | Attention to R. Kaplan edits to brief and internal correspondence regarding same. |
| 5/7/2022 | Roberta Kaplan | $700.00 | 2.7 | $1,890.00 | Edits to motion to dismiss. |
| 5/8/2022 | Anna Peterson | $375.00 | 1.0 | $375.00 | Review edits from R. Kaplan to motion to dismiss and review draft incorporating the same; email with M. Feldman and M. Turner regarding [redacted] in response to question from R. Kaplan. |
| 5/8/2022 | Joshua Matz | $700.00 | 0.5 | $350.00 | Begin [redacted] review. |
| 5/8/2022 | Joshua Matz | $700.00 | 1.7 | $1,190.00 | Review revised draft and share feedback |
| 5/8/2022 | Joshua Matz | $700.00 | 0.5 | $350.00 | Review revised [redacted] |
| 5/8/2022 | Joshua Matz | $700.00 | 0.2 | $140.00 | Address question from Max F re: MTD brief |
| 5/8/2022 | Maggie Turner | $375.00 | 2.7 | $1,012.50 | Incorporated R. Kaplan edits into brief draft; researched [redacted] to add to draft. |
| 5/8/2022 | Maximillian Feldman | $450.00 | 0.4 | $180.00 | Review complaint and motion to dismiss brief. |
| 5/8/2022 | Roberta Kaplan | $700.00 | 2.3 | $1,610.00 | Final edits to motion to dismiss. |

E
D, B
D, B
D, E
E
V, E
B
D
34
E

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 5/9/2022 | Anna Peterson | $375.00 | 1.3 | $487.50 | Confer with M. Feldman regarding information on argument by other defense counsel; review edits from local counsel; email M. Feldman and M. Turner regarding local rules for signatures. |
| 5/9/2022 | James Blum | $375.00 | 2.3 | $862.50 | DNC cite check. |
| 5/9/2022 | Kelsey Dietrich | $150.00 | 0.3 | $45.00 | Create shell for corporate disclosure statement. |
| 5/9/2022 | Maggie Turner | $375.00 | 1.4 | $525.00 | Coordinated cite-check of brief; researched ▮▮▮; drafted corporate disclosure statement with help from case manager. |
| 5/9/2022 | Maximillian Feldman | $450.00 | 1.9 | $855.00 | Attention to correspondence with clients and local counsel ▮▮▮; correspondence with team regarding corporate disclosure certificate; review draft corporate disclosure certificate and circulate to J. Matz and S. Crowley; telephone conference with counsel for Neustar regarding briefs; correspondence with A. Peterson regarding ▮▮▮; legal research regard ▮▮▮. |
| 5/9/2022 | Shawn Crowley | $700.00 | 1.3 | $910.00 | Review motion to dismiss draft; correspondence with client re draft; correspondence with counsel for Neustar; call with counsel for Neustar. |
| 5/10/2022 | Anna Peterson | $375.00 | 2.2 | $825.00 | Draft section of motion to dismiss addressing ▮▮▮ review recent filing. |
| 5/10/2022 | Joshua Matz | $700.00 | 0.5 | $350.00 | Review further edits to MTD brief |
| 5/10/2022 | Kelsey Dietrich | $150.00 | 0.7 | $105.00 | Revise and format Motion to Dismiss; add extension of time for plaintiff's response to firm docket. |
| 5/10/2022 | Maggie Turner | $375.00 | 1.7 | $637.50 | Incorporated cite-check and local counsel edits. |
| 5/10/2022 | Maximillian Feldman | $450.00 | 2.2 | $990.00 | Revise and finalize brief iso motion to dismiss; correspondence with team regarding motion to dismiss; correspondence concerning corporate disclosure statement and ▮▮▮ |
| 5/10/2022 | Shawn Crowley | $700.00 | 0.2 | $140.00 | Correspondence with client re ▮▮▮ |

D, B

B
35

B

B

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 5/11/2022 | Anna Peterson | $375.00 | 1.6 | $600.00 | Review brief filed by other defendants; review motion to dismiss and other documents for filing. |
| 5/11/2022 | Kelsey Dietrich | $150.00 | 1.0 | $150.00 | Format Motion to Dismiss for filing; save other defendants' Motions to Dismiss filed today to internal case file. |
| 5/11/2022 | Maggie Turner | $375.00 | 0.8 | $300.00 | Reviewed and analyzed filed Fusion brief; assisted with coordinating final proofing of brief. |
| 5/11/2022 | Maximillian Feldman | $450.00 | 0.6 | $270.00 | Attention to finalizing brief for filing. |
| 5/11/2022 | Roberta Kaplan | $700.00 | 0.8 | $560.00 | Attention to motion to dismiss. |
| 5/11/2022 | Shawn Crowley | $700.00 | 1.0 | $700.00 | Review Fusion motion to dismiss; correspondence with local counsel re filing; file MTD. |
| 5/11/2022 | Shawn Crowley | $700.00 | 0.3 | $210.00 | Correspondence with client re ▮▮ |
| 5/12/2022 | Anna Peterson | $375.00 | 3.2 | $1,200.00 | Review motions to dismiss filed by other defendants; draft summaries of the same; coordinate hard copy set of filings for R. Kaplan. |
| 5/12/2022 | Kelsey Dietrich | $150.00 | 0.3 | $45.00 | Save other defendants' Motions to Dismiss filed today to internal case file. |
| 5/12/2022 | Maggie Turner | $375.00 | 1.4 | $525.00 | Reviewed and summarized for team and client the other MTDs filed in the case. |
| 5/12/2022 | Maximillian Feldman | $450.00 | 0.1 | $45.00 | Review summary of parties' briefs. |
| 5/12/2022 | Roberta Kaplan | $700.00 | 0.6 | $420.00 | E-mails re: various motions; etc. |
| 5/12/2022 | Shawn Crowley | $700.00 | 0.1 | $70.00 | Correspondence with client re ▮▮ |
| 5/13/2022 | Maximillian Feldman | $450.00 | 0.2 | $90.00 | Attention to request from opposing counsel concerning extension and correspondence with S. Crowley regarding same. |
| 5/13/2022 | Roberta Kaplan | $700.00 | 0.8 | $560.00 | Emails with team re: filings and strategy. |
| 5/13/2022 | Shawn Crowley | $700.00 | 0.3 | $210.00 | Correspondence re defendant's request for extension of time. |
| 5/13/2022 | Maximillian Feldman | $450.00 | 0.1 | $45.00 | Coordinate call regarding ▮▮ |
| 5/13/2022 | Shawn Crowley | $700.00 | 0.1 | $70.00 | Correspondence with client re ▮▮ |
| 5/14/2022 | Roberta Kaplan | $700.00 | 0.6 | $420.00 | Emails re: status conf. |
| 5/16/2022 | Anna Peterson | $375.00 | 0.3 | $112.50 | Review motion to dismiss filed by other defendant. |

36

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|------|------------|------|------|----------------|-------------|
| 5/16/2022 | Kelsey Dietrich | $150.00 | 0.1 | $15.00 | Circulate to team Hillary For America's motion to dismiss. |
| 5/16/2022 | Maximillian Feldman | $450.00 | 0.1 | $45.00 | Review brief filed on behalf of HFA. |
| 5/16/2022 | Maximillian Feldman | $450.00 | 0.9 | $405.00 | Telephone conferences with S. Crowley regarding ▊▊▊; telephone conference with client staff regarding ▊▊▊ |
| 5/16/2022 | Shawn Crowley | $700.00 | 0.8 | $560.00 | Review ▊▊▊; conference with M. Feldman re ▊▊▊ and call with client re same. |
| 5/16/2022 | Maximillian Feldman | $450.00 | 0.1 | $45.00 | Clean up notes of client call concerning ▊▊▊. |
| 5/17/2022 | Maximillian Feldman | $450.00 | 0.5 | $225.00 | Prep for joint defense group call regarding scheduling conference; joint defense group call regarding scheduling conference. |
| 5/18/2022 | Roberta Kaplan | $700.00 | 0.7 | $490.00 | Call w/defense counsel re: strategy; e-mails w/D. Kendall re: same. |
| 5/18/2022 | Shawn Crowley | $700.00 | 0.7 | $490.00 | Joint defense call and discussion with R. Kaplan re same. |
| 5/18/2022 | Anna Peterson | $375.00 | 4.7 | $1,762.50 | Review secondary sources and case law addressing ▊▊▊; take notes and confer with M. Turner about the same; draft email to M. Feldman summarizing the same; follow up research about the ▊▊▊ same. |
| 5/18/2022 | Maggie Turner | $375.00 | 1.7 | $637.50 | Researched ▊▊▊ |
| 5/18/2022 | Maximillian Feldman | $450.00 | 0.4 | $180.00 | Correspondence with A. Peterson and M. Turner regarding ▊▊▊ research; analyze ▊▊▊ research. |
| 5/19/2022 | Maximillian Feldman | $450.00 | 0.6 | $270.00 | Review research regarding ▊▊▊; draft correspondence to client concerning ▊▊▊; correspondence with S. Crowley ▊▊▊. |

Page 15 of 26

37

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 5/19/2022 | Shawn Crowley | $700.00 | 0.2 | $140.00 | Correspondence with client re [redacted] and review research re same. |
| 5/20/2022 | Kelsey Dietrich | $150.00 | 0.4 | $60.00 | Save and circulate to team Joffe's, Danchenko's, and Neustar's Motions to Dismiss. |
| 5/20/2022 | Maximillian Feldman | $450.00 | 0.1 | $45.00 | Attention to correspondence from client concerning [redacted] |
| 5/20/2022 | Shawn Crowley | $700.00 | 0.1 | $70.00 | Correspondence with client. |
| 5/24/2022 | Kelsey Dietrich | $150.00 | 0.9 | $135.00 | Pull and circulate Dolan MTD; compile recent briefs for R. Kaplan review. |
| 5/24/2022 | Maximillian Feldman | $450.00 | 0.1 | $45.00 | Review additional motions to dismiss. |
| 5/26/2022 | Shawn Crowley | $700.00 | 0.1 | $70.00 | Joint defense correspondence. |
| 5/27/2022 | Kelsey Dietrich | $150.00 | 0.1 | $15.00 | Save and circulate Sullivan MTD. |
| 5/27/2022 | Maximillian Feldman | $450.00 | 0.1 | $45.00 | Review Jake Sullivan motion to dismiss brief. |
| 5/27/2022 | Roberta Kaplan | $700.00 | 0.8 | $560.00 | Attention to latest filings. |
| 5/31/2022 | Maximillian Feldman | $450.00 | 0.1 | $45.00 | Internal team correspondence regarding upcoming court conference. |
| 5/31/2022 | Roberta Kaplan | $700.00 | 0.4 | $280.00 | E-mails re: latest filing. |
| 5/31/2022 | Shawn Crowley | $700.00 | 0.2 | $140.00 | Correspondence with client; correspondence with local counsel. |
| 5/31/2022 | Shawn Crowley | $700.00 | 0.1 | $70.00 | Correspondence with client. |
| 6/1/2022 | Roberta Kaplan | $700.00 | 0.7 | $490.00 | E-mails re: status conf. |
| 6/2/2022 | Anna Peterson | $375.00 | 1.0 | $375.00 | Call in to court status conference; take and circulate notes on the same. |
| 6/2/2022 | Maximillian Feldman | $450.00 | 0.1 | $45.00 | Review notes of court conference |
| 6/2/2022 | Shawn Crowley | $700.00 | 0.8 | $560.00 | Call with local counsel re status conference; status conference |
| 6/3/2022 | Kelsey Dietrich | $150.00 | 0.1 | $15.00 | Attention to file management of court filings. |
| 6/3/2022 | Roberta Kaplan | $700.00 | 0.4 | $280.00 | E-mails w/counsel re: scheduling. |
| 6/6/2022 | Maximillian Feldman | $450.00 | 0.1 | $45.00 | Correspondence with K. Dietrich regarding case planning |
| 6/7/2022 | Maximillian Feldman | $450.00 | 0.2 | $90.00 | Correspondence with S. Crowley and J. Matz regarding planning |
| 6/10/2022 | Maximillian Feldman | $450.00 | 0.1 | $45.00 | Correspondence with A. Peterson regarding case planning |
| 6/14/2022 | Kelsey Dietrich | $150.00 | 0.3 | $45.00 | Add 7/6/22 status conference to firm calendar. |

Page 16 of 26

38

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 6/14/2022 | Roberta Kaplan | $700.00 | 0.4 | $280.00 | E-mails re: upcoming call. |
| 6/15/2022 | Maximillian Feldman | $450.00 | 0.6 | $270.00 | Joint defense group call regarding briefing; clean up notes of JDG call; email correspondence with S. Crowley and J. Matz regarding joint defense call |
| 6/15/2022 | Roberta Kaplan | $700.00 | 0.9 | $630.00 | Joint defense call re: scheduling etc.; follow-up. |
| 6/15/2022 | Shawn Crowley | $700.00 | 0.1 | $70.00 | Review notes of joint defense call |
| 6/21/2022 | Maximillian Feldman | $450.00 | 1.3 | $585.00 | Analysis regarding amended complaint |
| 6/22/2022 | Anna Peterson | $375.00 | 1.2 | $450.00 | Review amended complaint and email from M. Feldman regarding the same. |
| 6/22/2022 | Kelsey Dietrich | $150.00 | 0.6 | $90.00 | Attention to file management of recent court filings. |
| 6/22/2022 | Maximillian Feldman | $450.00 | 0.8 | $360.00 | Analysis regarding amended complaint; email correspondence with team regarding amended complaint; email correspondence with team regarding recusal of magistrate judge; email correspondence with team regarding JDG plan for briefing |
| 6/22/2022 | Shawn Crowley | $700.00 | 0.4 | $280.00 | Review amended complaint; conference with J. Matz re strategy for motion to dismiss |
| 6/23/2022 | Maximillian Feldman | $450.00 | 0.9 | $405.00 | Telephone conference with joint defense group regarding briefing; analysis regarding ▮ |
| 6/23/2022 | Roberta Kaplan | $700.00 | 0.6 | $420.00 | Joint defense e-mails. |
| 6/23/2022 | Shawn Crowley | $700.00 | 0.7 | $490.00 | Joint defense call re amended complaint |
| 6/24/2022 | Maximillian Feldman | $450.00 | 1.6 | $720.00 | Analysis regarding ▮ |
| 6/27/2022 | Anna Peterson | $375.00 | 0.7 | $262.50 | Review notes from recent calls and emails regarding motion to dismiss; confer with M. Feldman about status of the same; review prior briefing and research on ▮ |
| 6/27/2022 | Maximillian Feldman | $450.00 | 0.4 | $180.00 | Research and analysis regarding ▮ claims Review prior briefing on ▮ |
| 6/28/2022 | Anna Peterson | $375.00 | 0.7 | $262.50 | review cases cited by other defendants. Research and analysis regarding ▮ claims; |
| 6/28/2022 | Maximillian Feldman | $450.00 | 0.6 | $270.00 | review docket |

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 6/28/2022 | Shawn Crowley | $700.00 | 0.2 | $140.00 | Correspondence with client re ▮ |
| 6/28/2022 | Shawn Crowley | $700.00 | 0.2 | $140.00 | correspondence with local counsel re same Correspondence with client re ▮ |
| 6/29/2022 | Anna Peterson | $375.00 | 1.7 | $637.50 | Review case law and Florida treatises addressing ▮ ; summarize the same and send to M. Feldman; review docket. |
| 6/29/2022 | Maximillian Feldman | $450.00 | 2.7 | $1,215.00 | Draft summary of section on ▮ |
| 6/30/2022 | Anna Peterson | $375.00 | 0.2 | $75.00 | Review outline of ▮ argument and email M. Feldman comments on the same. |
| 6/30/2022 | Maximillian Feldman | $450.00 | 0.5 | $225.00 | Draft outline of ▮ |
| 6/30/2022 | Shawn Crowley | $700.00 | 0.2 | $140.00 | Attention to outline of motion to dismiss; joint defense correspondence |
| 7/1/2022 | Anna Peterson | $375.00 | 1.7 | $637.50 | Identify new allegations in amended complaint to address in motion to dismiss; take notes on the same; review docket for order on extension request. |
| 7/1/2022 | Roberta Kaplan | $700.00 | 0.5 | $350.00 | E-mails w/SC re: schedule, etc. |
| 7/1/2022 | Shawn Crowley | $700.00 | 1.2 | $840.00 | Joint defense correspondence; review outline of motion to dismiss; review amended complaint; joint defense call |
| 7/4/2022 | Maximillian Feldman | $450.00 | 0.4 | $180.00 | Analysis regarding arguments to be included in motion to dismiss brief; email correspondence with team regarding motion to dismiss briefing |
| 7/4/2022 | Roberta Kaplan | $700.00 | 0.3 | $210.00 | E-mails w/Crowley re: status. |
| 7/5/2022 | Anna Peterson | $375.00 | 2.3 | $862.50 | Review and respond to emails from team regarding extension and deadlines for motion to dismiss; draft ▮ section of motion to dismiss; review case law related to the same; review amended complaint in light of the same. |
| 7/5/2022 | Kelsey Dietrich | $150.00 | 0.4 | $60.00 | Update firm docket with extended deadline for defendants' MTD and due date for DNC portion of same; provide signature blocks to S. Crowley for Gibson Dunn use in final motion. |

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 7/5/2022 | Maximillian Feldman | $450.00 | 0.5 | $225.00 | Review A. Peterson draft of motion to dismiss ▮▮▮ section; legal research regarding ▮▮▮ |
| 7/5/2022 | Roberta Kaplan | $700.00 | 1.2 | $840.00 | Joint defense call; attention to court order. |
| 7/5/2022 | Shawn Crowley | $700.00 | 1.0 | $700.00 | Prepare for joint defense call; joint defense call; discussion with R. Kaplan re MTD |
| 7/6/2022 | Anna Peterson | $375.00 | 0.4 | $150.00 | Review draft brief section on ▮▮▮ and provide edits on the same. |
| 7/6/2022 | Maximillian Feldman | $450.00 | 2.0 | $900.00 | Draft ▮▮▮ section of brief; legal research iso ▮▮▮ section; correspondence with A. Peterson regarding brief; correspondence with team regarding brief |
| 7/6/2022 | Shawn Crowley | $700.00 | 0.3 | $210.00 | Review draft motion to dismiss |
| 7/7/2022 | Joshua Matz | $700.00 | 0.4 | $280.00 | Review brief |
| 7/7/2022 | Maximillian Feldman | $450.00 | 0.5 | $225.00 | Revise ▮▮▮ section; legal research iso motion to dismiss brief; review additional sections of motion to dismiss brief |
| 7/7/2022 | Shawn Crowley | $700.00 | 0.5 | $350.00 | Review motion to dismiss drafts; joint defense correspondence |
| 7/8/2022 | Anna Peterson | $375.00 | 0.4 | $150.00 | Review brief excerpts from other defendants; correspond with team about the same. |
| 7/8/2022 | Maximillian Feldman | $450.00 | 0.9 | $405.00 | Review and comment on drafts of various sections of motion to dismiss brief; email correspondence with KHF team regarding motion to dismiss brief; review Plaintiff filing |
| 7/8/2022 | Shawn Crowley | $700.00 | 1.0 | $700.00 | Joint defense correspondence; review drafts of MTD |
| 7/9/2022 | Anna Peterson | $375.00 | 2.7 | $1,012.50 | Review draft motion to dismiss sections from other defendants; insert brief sections and additional arguments ▮▮▮ review case law and filings related to the same; email M. Feldman about the same. |
| 7/10/2022 | Anna Peterson | $375.00 | 0.7 | $262.50 | Review additional motion to dismiss sections circulated by other defendants; provide edits and suggestion for review by M. Feldman to the same. |

41

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 7/10/2022 | Maximillian Feldman | $450.00 | 3.2 | $1,440.00 | Review draft sections of brief from others JDG members; revise sections of brief and circulate to team; email correspondence with A. Peterson regarding brief; email correspondence with J. Matz regarding brief and updates to clients |
| 7/11/2022 | Anna Peterson | $375.00 | 2.0 | $750.00 | Review proposed edits to motion to dismiss and section addressing ▮ arguments; send edits to the same to M. Feldman; call with M. Feldman to discuss the same. |
| 7/11/2022 | Maximillian Feldman | $450.00 | 1.1 | $495.00 | Telephone conference and email correspondence with A. Peterson regarding brief; revise brief and circulate to J. Matz |
| 7/12/2022 | Anna Peterson | $375.00 | 0.9 | $337.50 | Review draft of motion to dismiss circulated by joint defense group; provide edits on and correspond with M. Feldman regarding the same. |
| 7/12/2022 | Maximillian Feldman | $450.00 | 1.8 | $810.00 | Analysis regarding ▮ issue raised by Gibson Dunn; email correspondence with J. Matz regarding same; revise brief and circulate to team |
| 7/13/2022 | Anna Peterson | $375.00 | 0.2 | $75.00 | Review revised motion to dismiss sent by joint defense group. |
| 7/13/2022 | Maximillian Feldman | $450.00 | 0.2 | $90.00 | Review revised joint defense group brief; email correspondence with team regarding same |
| 7/13/2022 | Shawn Crowley | $700.00 | 1.0 | $700.00 | Review motion to dismiss; joint defense correspondence |
| 7/14/2022 | Kelsey Dietrich | $150.00 | 0.5 | $75.00 | Update internal files with recent court filings. |
| 7/14/2022 | Maximillian Feldman | $450.00 | 0.1 | $45.00 | Review correspondence concerning scheduling |
| 7/15/2022 | Anna Peterson | $375.00 | 0.1 | $37.50 | Review email from joint defense counsel summarizing call with opposing counsel. |
| 7/15/2022 | Kelsey Dietrich | $150.00 | 0.2 | $30.00 | File management of correspondence with counsel for defendants re joint defense. |
| 7/15/2022 | Maximillian Feldman | $450.00 | 0.2 | $90.00 | Dial into meet-and-confer regarding scheduling and review summary of same |
| 7/15/2022 | Shawn Crowley | $700.00 | 0.2 | $140.00 | Joint defense correspondence |
| 7/21/2022 | Anna Peterson | $375.00 | 0.3 | $112.50 | Review extension and request proposed scheduling order filed by plaintiff. |

Page 20 of 26

42

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 7/21/2022 | Kelsey Dietrich | $150.00 | 0.1 | $15.00 | Update firm docket with extended deadline for plaintiff's response to motions to dismiss. |
| 7/21/2022 | Maximillian Feldman | $450.00 | 0.3 | $135.00 | Review documents filed by Plaintiff regarding scheduling; attention to correspondence from joint defense group regarding call on reply brief |
| 7/21/2022 | Shawn Crowley | $700.00 | 0.3 | $210.00 | Review court orders re scheduling and internal correspondence re same |
| 7/26/2022 | Maximillian Feldman | $450.00 | 0.6 | $270.00 | Telephone conference with JDG regarding reply brief; email correspondence with C. Gonzalez regarding case background |
| 7/26/2022 | Shawn Crowley | $700.00 | 0.4 | $280.00 | Joint defense call re motion to dismiss |
| 8/4/2022 | Carmen Iguina Gonzalez | $500.00 | 2.2 | $1,100.00 | Review amended complaint and consolidated motion to dismiss in anticipation of plaintiff's opposition filing. |
| 8/4/2022 | Maximillian Feldman | $450.00 | 0.8 | $360.00 | Review Trump opposition brief; circulate initial analysis on Trump opposition brief to team |
| 8/5/2022 | Anna Peterson | $375.00 | 1.1 | $412.50 | Review plaintiff's opposition to defendants' motion to dismiss; review and respond to correspondence from team about the same; review email from joint defense group call regarding plan for reply brief. |
| 8/5/2022 | Carmen Iguina Gonzalez | $500.00 | 1.3 | $650.00 | Review plaintiff's opposition to motion to dismiss; prepare for and participate in defense counsel call to discuss plaintiff's opposition and plans for reply. |
| 8/5/2022 | Maximillian Feldman | $450.00 | 1.6 | $720.00 | Analysis regarding Plaintiff's opposition to motion to dismiss; email correspondence with KHF team regarding same; telephone conference with joint defense group regarding opposition to motion to dismiss |
| 8/5/2022 | Shawn Crowley | $700.00 | 0.5 | $350.00 | Joint defense call re MTD reply and internal correspondence re same |
| 8/8/2022 | Anna Peterson | $375.00 | 1.4 | $525.00 | Locate authorities addressing ▮▮▮▮▮ for inclusion in reply brief; email M. Feldman about the same. |

43  B

B

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 8/8/2022 | Carmen Iguina Gonzalez | $500.00 | 0.3 | $150.00 | Review and revise language to add to reply brief re: [redacted]. |
| 8/8/2022 | Maximillian Feldman | $450.00 | 1.1 | $495.00 | Correspondence with A. Peterson regarding research on [redacted]; review A. Peterson research; draft section of defendants' reply brief; email correspondence with KHF team regarding same; email correspondence with Williams & Connolly regarding reply brief |
| 8/9/2022 | Carmen Iguina Gonzalez | $500.00 | 0.4 | $200.00 | Review draft of reply in support of consolidated motion to dismiss. |
| 8/9/2022 | Maximillian Feldman | $450.00 | 0.8 | $360.00 | Review reply brief; email correspondence with KHF team regarding same |
| 8/10/2022 | Carmen Iguina Gonzalez | $500.00 | 0.1 | $50.00 | Emails with M. Feldman, A. Collins Peterson and S. Crowley re: notes of call with joint defense counsel re: reply brief. |
| 8/10/2022 | Maximillian Feldman | $450.00 | 0.3 | $135.00 | Telephone conference with joint defense group; email correspondence with KHF team regarding joint defense call |
| 8/11/2022 | Anna Peterson | $375.00 | 0.1 | $37.50 | Review edits to reply brief and correspondence about the same. |
| 8/11/2022 | Maximillian Feldman | $450.00 | 0.5 | $225.00 | Correspondence with S. Crowley regarding motion to dismiss brief; correspondence with clients [redacted] |
| 8/12/2022 | Kelsey Dietrich | $150.00 | 1.1 | $165.00 | Review and pull recent court filings and update internal files with same. |
| 8/15/2022 | Kelsey Dietrich | $150.00 | 0.5 | $75.00 | Update internal files with recent filings in case; email to M. Feldman re same. |
| 8/15/2022 | Maximillian Feldman | $450.00 | 0.1 | $45.00 | Email clients as-filed version of brief |
| 9/1/2022 | Maximillian Feldman | $450.00 | 0.2 | $90.00 | Review Plaintiff filings |
| 9/8/2022 | Maximillian Feldman | $450.00 | 0.6 | $270.00 | Review decision dismissing complaint and correspondence with team regarding same |
| 9/8/2022 | Roberta Kaplan | $700.00 | 1.9 | $1,330.00 | Attention to decision on motion to dismiss; emails with team and client. |

44

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 9/8/2022 | Shawn Crowley | $700.00 | 0.5 | $350.00 | Review MTD opinion and correspondence with client |
| 9/9/2022 | Anna Peterson | $375.00 | 1.7 | $637.50 | Review opinion on motion to dismiss and draft summary for client of the same; review correspondence from client and joint defense group regarding |
| 9/9/2022 | Carmen Iguina Gonzalez | $500.00 | 0.4 | $200.00 | Review MTD decision; emails with joint defense team re: next steps. |
| 9/9/2022 | Maximillian Feldman | $450.00 | 0.1 | $45.00 | Review A. Peterson summary of decision for client |
| 9/9/2022 | Roberta Kaplan | $700.00 | 1.4 | $980.00 | Attention to dismissal decision; emails re: same. |
| 9/9/2022 | Shawn Crowley | $700.00 | 0.2 | $140.00 | Correspondence with clients re |
| 9/10/2022 | Roberta Kaplan | $700.00 | 0.7 | $490.00 | Emails with D. Kendall re: |
| 9/12/2022 | Carmen Iguina Gonzalez | $500.00 | 0.1 | $50.00 | Review proposed agenda for joint defense call re: |
| 9/12/2022 | Roberta Kaplan | $700.00 | 0.6 | $420.00 | Emails re: possible sanctions. |
| 9/13/2022 | Carmen Iguina Gonzalez | $500.00 | 0.6 | $300.00 | Prepare for and participate in joint defense call re: |
| 9/13/2022 | Maximillian Feldman | $450.00 | 0.7 | $315.00 | Joint defense call |
| 9/13/2022 | Shawn Crowley | $700.00 | 0.7 | $490.00 | Joint defense call re |
| 9/14/2022 | Maximillian Feldman | $450.00 | 0.1 | $45.00 | Review client correspondence |
| 9/14/2022 | Shawn Crowley | $700.00 | 0.2 | $140.00 | Correspondence with clients re |
| 9/14/2022 | Shawn Crowley | $700.00 | 0.2 | $140.00 | Correspondence with clients re |
| 9/16/2022 | Maximillian Feldman | $450.00 | 0.3 | $135.00 | Telephone conference with DWS staff regarding |
| 9/16/2022 | Shawn Crowley | $700.00 | 0.4 | $280.00 | Call with clients re |
| 9/19/2022 | Carmen Iguina Gonzalez | $500.00 | 0.2 | $100.00 | Quick review of draft of sanctions motion; email KHF team re: review of draft. |
| 9/19/2022 | Maximillian Feldman | $450.00 | 0.6 | $270.00 | Review draft sanctions motion |
| 9/19/2022 | Shawn Crowley | $700.00 | 0.3 | $210.00 | Review draft sanctions motion |
| 9/20/2022 | Carmen Iguina Gonzalez | $500.00 | 2.0 | $1,000.00 | Review and provide comments on draft motion for sanctions; emails with R. Kaplan, S. Crowley, M. Feldman and A. Collins Peterson re: same. |

Page 23 of 26

45

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 9/20/2022 | Maximillian Feldman | $450.00 | 2.0 | $900.00 | Email correspondence with team regarding draft sanction motion; work on declaration and supporting materials in connection with potential sanctions motion; review comments on sanctions motion |
| 9/20/2022 | Shawn Crowley | $700.00 | 0.4 | $280.00 | Attention to sanctions motion and internal correspondence re same |
| 9/21/2022 | Carmen Iguina Gonzalez | $500.00 | 0.6 | $300.00 | Draft paragraphs concerning experience as counsel in support of fees application for sanctions motion; email with S. Crowley re: draft; share KHF comments on draft of sanctions motion with joint defense counsel. |
| 9/21/2022 | Maximillian Feldman | $450.00 | 2.2 | $990.00 | Work on declaration and supporting materials in connection with potential sanctions motion and email correspondence with team regarding same |
| 9/21/2022 | Shawn Crowley | $700.00 | 0.3 | $210.00 | Correspondence and discussion re sanctions motion |
| 9/22/2022 | Maximillian Feldman | $450.00 | 1.1 | $495.00 | Work on declaration and supporting materials in connection with potential sanctions motion; email correspondence with team regarding same |
| 9/22/2022 | Roberta Kaplan | $700.00 | 0.9 | $630.00 | Attention to affidavit re: fees. |
| 9/22/2022 | Shawn Crowley | $700.00 | 0.7 | $490.00 | Attention to fees affidavit and internal discussion re same |
| 9/23/2022 | Maximillian Feldman | $450.00 | 0.3 | $135.00 | Work on supporting materials in connection with potential sanctions motion; email correspondence with team regarding same |
| 9/26/2022 | Carmen Iguina Gonzalez | $500.00 | 1.2 | $600.00 | Review revised draft of sanctions motion, research ▮▮▮▮▮ and proposed additional revisions to draft; review joint defense counsel's email re: questions concerning motion for sanctions; email with S. Crowley, M. Feldman, and A. Collins Peterson re: same. |
| 9/26/2022 | Maximillian Feldman | $450.00 | 0.1 | $45.00 | Review correspondence from C. Iguina Gonzalez regarding sanctions motion |

Page 24 of 26

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 9/27/2022 | Anna Peterson | $375.00 | 2.2 | $825.00 | Review example declaration sent by M. Feldman; search for relevant case law addressing ▮▮▮▮▮; take notes on the same; email C. Iguina Gonzalez about the same; review local rules and other procedural guidance regarding filing procedure and email C. Iguina Gonzalez about the same. |
| 9/27/2022 | Maximillian Feldman | $450.00 | 0.6 | $270.00 | Correspondence with team regarding sanctions and attorney fees issues; correspondence with A. Peterson regarding legal research; review materials related to attorneys fees and declaration |
| 9/28/2022 | Carmen Iguina Gonzalez | $500.00 | 0.3 | $150.00 | Prepare for and participate in call with joint defense counsel re: motion for sanctions and request for fees. |
| 9/28/2022 | Maximillian Feldman | $450.00 | 0.1 | $45.00 | Correspondence with S. Crowley regarding attorney fees |
| 9/28/2022 | Shawn Crowley | $700.00 | 0.6 | $420.00 | Joint defense call re sanctions motion; correspondence with local counsel re same |
| 9/29/2022 | Anna Peterson | $375.00 | 1.1 | $412.50 | Revise declaration in support of fees motion to conform to joint defense group; email M. Feldman and case manager about the same. |
| 9/29/2022 | Carmen Iguina Gonzalez | $500.00 | 0.1 | $50.00 | Emails with S. Crowley, M. Feldman, and A. Collins Peterson re: motion for sanctions and supporting affidavits. |
| 9/29/2022 | Maximillian Feldman | $450.00 | 1.4 | $630.00 | Work on materials related to attorney fees in connection with sanctions motion |
| 9/29/2022 | Shawn Crowley | $700.00 | 0.1 | $70.00 | Attention to fees affidavit and correspondence re same |
| 9/30/2022 | Anna Peterson | $375.00 | 0.3 | $112.50 | Review correspondence with finance staff regarding billing for sanctions motion and update declaration in light of the same. |
| 9/30/2022 | Maximillian Feldman | $450.00 | 0.3 | $135.00 | Email correspondence with finance staff regarding billing for sanctions motion |
| 9/30/2022 | Shawn Crowley | $700.00 | 0.3 | $210.00 | Correspondence re sanctions motion; call with local counsel re same |

B

47

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|------|-----------|------|------|----------------|-------------|
|      |           |      | 374.3 | $179,337.50    |             |

# EXHIBIT C



# CHRISTOPHER SUNDBY

**ASSOCIATE**

## CONTACT INFORMATION

Email: csundby@gsgpa.com
Phone: 305-728-0965
Fax: 305-728-0951
Address:
One Southeast Third Avenue
Suite 2600
Miami, Florida 33131-1715
    Download V-card

## EDUCATION

Vanderbilt Law School, J.D., Order of
the Coif

Vanderbilt Brain Institute, Ph.D.,
Neuroscience

Oberlin College, B.A., High Honors

## CLERKSHIPS

Honorable Adalberto Jordan, United
States Court of Appeals for the
Eleventh Circuit

## STATE BAR ADMISSIONS

Florida

Christopher Sundby joined Gelber Schachter & Greenberg, P.A. after serving as a law clerk to Judge Adalberto Jordan on the United States Court of Appeals for the Eleventh Circuit.

Chris became only the second student to receive both a law degree and a PhD in neuroscience through Vanderbilt University's joint law and neuroscience program. Chris graduated Order of the Coif and served as Senior Articles Editor on the *Vanderbilt Law Review* and worked in the Vanderbilt Appellate Litigation Clinic. He also served as a teaching assistant for Evidence Law and gave guest lectures in the Law and Neuroscience and Introduction to Psychology courses. While at Vanderbilt he received the Scholastic Excellence award for earning the top grade in Contracts Law, Patent Law, and Law and Neuroscience. He was also awarded the Best Oralist Award for the mock trial competition.

Chris was a National Institute of Justice Graduate Research Fellow and his research focused on the psychological underpinnings of the Federal Rules of Evidence and the formation and retrieval of memory. He has published in a range of journals serving different audiences including the *Texas Law Review*, *The SciTech Lawyer*, and *Memory and Cognition*, and he has presented his research at several national conferences.

Chris lives with his fiancé and dog in Coconut Grove.

Gerald Greenberg Recognized as White Collar Criminal Defense Lawyer of the Year by Best Lawyers

Gelber Schachter & Greenberg congratulates our partner Gerald Greenberg for being honored as White Collar Criminal Defense Lawyer of the [...]

MORE NEWS →

News & Analysis

Contact

Sitemap

Legal Disclaimer

E-mail: info@gsgpa.com

©2022 Gelber Schachter & Greenberg, P.A. All rights reserved.

Created by South Florida Web Des





**PARTNER**



**Gerald Greenberg**

**CONTACT INFORMATION**

Email: ggreenberg@gsgpa.com

Phone: 305-728-0953

Fax: 305-728-0951

Address:

One Southeast Third Avenue

Suite 2600

Miami, Florida 33131-1715

Download V-card

**EDUCATION**

Yale Law School, J.D.

University of Pennsylvania, M.A., History

University of Pennsylvania, B.A., *summa cum laude*

**CLERKSHIPS**

Honorable Stanley Marcus, United States Court of Appeals for the Eleventh Circuit

Honorable Allyne Ross, United States District Court for the Eastern District of New York

**STATE BAR ADMISSIONS**

Florida

# GERALD GREENBERG

"I treat each client the way I hope a family member would be treated – with respect, diligence, and total responsiveness."

Gerald Greenberg has received wide acclaim as one of a small group of attorneys in South Florida with extensive experience in both white collar criminal matters and high-stakes commercial litigation. Deeply familiar with both federal and state courts due to his work as a federal prosecutor and private lawyer, Jerry combines passionate courtroom advocacy with patient and careful review of legal issues, strong writing skills, and compassion for his clients.

Jerry has been honored for multiple years as one the "Top 100" lawyers in Miami by *Super Lawyers*, and he is among the few local attorneys recognized for both commercial litigation and criminal defense in *Best Lawyers*, which named him White Collar Criminal Defense lawyer of the year in its 2021 edition. The prestigious *Chambers and Partners* has recognized him as one of South Florida's leading attorneys for White-Collar Crime and Government Investigations, describing him as "an incredibly bright, well-rounded lawyer," and praising him as "easy to work with, thorough and always prepared."

After receiving Bachelors and Masters Degrees in History at the University of Pennsylvania and a law degree at Yale Law School, where he was a member of the *Yale Law Journal*, Jerry worked as a law clerk to Judge Stanley Marcus on the United States Court of Appeals for the Eleventh Circuit and Judge Allyne Ross on the United States District Court for the Eastern District of New York.

Following his clerkships, Jerry served as an Assistant United States Attorney in the Southern District of Florida, prosecuting cases involving narcotics, fraud, money laundering, violent crime and gangs, firearm violations, immigration crimes, and domestic terrorism. He also argued multiple cases before the Eleventh Circuit Court of Appeals. After leaving the United States Attorney's Office, Jerry was a shareholder at one of Florida's most respected law firms before becoming one of the founders of Gelber Schachter & Greenberg, PA in 2012.

On the criminal side, Jerry represents both companies and individuals in a wide variety of matters, including internal investigations, grand jury inquiries, and indicted cases. Representative recent cases have involved allegations of health care fraud, anti-kickback violations, tax crimes, securities fraud, wire fraud, antitrust offenses, importation offenses and a variety of other financial crimes. In addition to representing defendants and investigated parties, Jerry also has an extensive practice representing witnesses and victims in federal investigations. Moreover, as a member of the Criminal Justice Act panel of attorneys for the Southern District of Florida, Jerry has represented defendants in cases

involving narcotics violations, firearms matters, and other offenses. In all of his cases, Jerry works closely with his clients and their families to help navigate the legal, personal, economic, and emotional challenges inherent in the criminal justice system while striving to achieve the best outcomes possible that allow all involved to move on with their lives.

On the civil side, Jerry has represented plaintiffs and defendants in a variety of important matters before federal and state courts as well as domestic and international arbitration tribunals. His clients have included companies, individuals, and local governments. Jerry's civil matters often overlap with his criminal practice, including a number of qui tam and other cases involving health care fraud, anti-kickback claims, antitrust violations, and other quasi-criminal activity. He has also represented clients in commercial matters, employment and restrictive covenant cases, contract disputes, defamation claims, product liability matters, international business controversies, health care billing questions, and purchase-and-sale disagreements. While Jerry always assists his clients in finding the most efficient resolutions possible, he recognizes that not all cases can be settled and has achieved significant successes for his clients at trial.

Jerry has also played an active role in pro bono and public interest matters, representing individuals and organizations in trials, appeals, and administrative proceedings regarding voting rights, public safety, civil rights, due process, inmate rights, immigration, fair housing, and education law issues. For example, Jerry and his partners represented civic groups and individuals in the groundbreaking constitutional challenge to Florida's improperly-drawn congressional and state legislative districts, which resulted in the court-ordered creation of new, legal maps under Florida's Fair Districts Amendments. In addition, Jerry represented various children's health and physicians' organizations as amici curiae in a successful federal First Amendment challenge to a Florida law prohibiting doctors from inquiring about the presence of firearms in their patients' homes.

Aside from the practice of law, Jerry is active in a wide range of community activities. Along with his wife, Jerry operates the Thanksgiving Baskets Fund, which collects donations and prepares holiday meals for hundreds of South Florida families every year. He also serves on the Zoning Board for the Village of Pinecrest, the Advisory Board of the Education Fund, and the Board of the Indian & Forest Acres Scholarship Foundation. Previously, Jerry has been on the Board of the Trustees for the Southern Florida Chapter of the Leukemia & Lymphoma Society, the Board of Directors of Big Brothers Big Sisters of Miami, and the Board of the Bet Shira Congregation. He has also served as a "Big Brother" for twenty years, taught as an adjunct professor at the Florida International University School of Law, served as Vice-Chairman of a Florida Bar Grievance Committee, and run multiple marathons to raise money for blood cancer research and patient support.

A native Miamian, Jerry lives with his wife and three children in Pinecrest.



# NATALIE BEDOYA MCGINN

**PARTNER**

**CONTACT INFORMATION**

Email: nmcginn@gsgpa.com
Phone: 305-728-0964
Fax: 305-728-0951
Address:
One Southeast Third Avenue
Suite 2600
Miami, Florida 33131-1715
        Download V-card

**EDUCATION**

Duke University School of Law, J.D.

Harvard College, B.A.

**CLERKSHIPS**

Honorable Stanley Marcus, United
States Court of Appeals for the
Eleventh Circuit

Honorable Edward R. Korman, United
States District Court for the Eastern
District of New York

**STATE BAR ADMISSIONS**

Florida

New York

Natalie Bedoya McGinn is a partner at Gelber Schachter & Greenberg, P.A.

Natalie's practice includes a variety of criminal, civil, and appellate matters. In her criminal work, Natalie represents companies and individuals in white-collar matters involving allegations of health care fraud, Foreign Corrupt Practices Act violations, money laundering, and various other offenses. Natalie also represents witnesses in federal investigations and clients in connection with internal investigations. In her civil work, Natalie represents plaintiffs and defendants in commercial matters, contract disputes, and cases involving such claims as fraud, defamation, and breach of fiduciary duty.

Natalie received her Bachelor of Arts degree from Harvard College and her law degree from Duke University School of Law. At Duke, she served as the Editor-in-Chief of the *Duke Law Journal* and as a teaching assistant for both Legal Writing and Constitutional Law. She also received the Faculty Award for Constitutional Law and Civil Rights, the James S. Bidlake Memorial Award for Superior Achievement in Legal Analysis, Research & Writing, and the Justin Miller Award for Intellectual Curiosity.

After graduating, Natalie served as a law clerk to Judge Stanley Marcus on the United States Court of Appeals for the Eleventh Circuit and Judge Edward R. Korman on the United States District Court for the Eastern District of New York. Natalie then joined a prominent national law firm in New York City as a litigation associate, focusing on white-collar investigations and complex commercial litigation. Following her time at the firm, Natalie re-entered public service by joining the Appeals Division of the New York County District Attorney's Office, where she gained extensive experience writing briefs and arguing appeals before New York appellate courts.

In 2019, Natalie was selected as one of the 40 outstanding South Florida lawyers under the age of 40 by the Cystic Fibrosis Foundation.

A native Floridian and fluent Spanish speaker, Natalie lives with her husband and three children in Coral Gables.

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 4/19/2022 | Gerald E. Greenberg | $525.00 | 0.5 | $262.50 | initial conference and review of materials |
| 4/23/2022 | Gerald E. Greenberg | $525.00 | 0.8 | $420.00 | preparation of Wasserman Schultz extension papers; related correspondence |
| 4/25/2022 | Gerald E. Greenberg | $525.00 | 0.5 | $262.50 | review of orders and filings; preparation of pro hac vice motion and corporate statement |
| 4/26/2022 | Gerald E. Greenberg | $525.00 | 0.4 | $210.00 | conferences re: position on motion; review of filings |
| 4/28/2022 | Gerald E. Greenberg | $525.00 | 0.3 | $157.50 | review of order and filings |
| 4/29/2022 | Gerald E. Greenberg | $525.00 | 0.2 | $105.00 | review of filings |
| 5/3/2022 | Gerald E. Greenberg | $525.00 | 0.3 | $157.50 | review of filings |
| 5/4/2022 | Gerald E. Greenberg | $525.00 | 0.3 | $157.50 | review of co-defendant motion and case filings |
| 5/9/2022 | Gerald E. Greenberg | $525.00 | 1 | $525.00 | review and revision of motion to dismiss |
| 5/9/2022 | Christopher S. Sundby | $262.50 | 2.4 | $630.00 | reviewed proposed motion to dismiss |
| 5/11/2022 | Gerald E. Greenberg | $525.00 | 0.7 | $367.50 | review of filings; coordination re: motion to dismiss |
| 5/11/2022 | Christopher S. Sundby | $262.50 | 0.6 | $157.50 | review filings |
| 6/2/2022 | Gerald E. Greenberg | $525.00 | 0.8 | $420.00 | status hearing; preparation call |
| 6/27/2022 | Gerald E. Greenberg | $525.00 | 0.3 | $157.50 | review of amended complaint |
| 6/28/2022 | Gerald E. Greenberg | $525.00 | 0.6 | $315.00 | review of amended complaint |
| 7/14/2022 | Gerald E. Greenberg | $525.00 | 0.4 | $210.00 | review of motion to dismiss |
| 7/14/2022 | Natalie B. McGinn | $375.00 | 1 | $375.00 | review amended complaint and motion to dismiss amended complaint; |
| 7/15/2022 | Natalie B. McGinn | $375.00 | 0.3 | $112.50 | review motion to dismiss amended complaint; |
| 8/18/2022 | Natalie B. McGinn | $375.00 | 0.6 | $225.00 | review joint motion to dismiss |
| 9/9/2022 | Gerald E. Greenberg | $525.00 | 0.8 | $420.00 | review of dismissal order; call with co-counsel |
| 9/28/2022 | Gerald E. Greenberg | $525.00 | 0.3 | $157.50 | preparation of sanctions declaration |
| 9/29/2022 | Gerald E. Greenberg | $525.00 | 0.3 | $157.50 | preparation of sanctions declaration |
| 9/30/2022 | Gerald E. Greenberg | $525.00 | 1 | $525.00 | preparation and organization of materials for fee motion; call with co-counsel |
| | | | 14.4 | $6,487.50 | |

Objection Breakdown – DNC

| Entry No. | Page # | Block | Duplicative | Excessive | Vague | Clerical | Total |
|---|---|---|---|---|---|---|---|
| 1 | 23 | $1,087.00 | | | | | |
| 2 | 23 | $1,400.00 | | | | | |
| 3 | 23 | | $3,150.00 | | | | |
| 4 | 24 | $630.00 | | | | | |
| 5 | 24 | $2,025.00 | | | | | |
| 6 | 24 | $1,960.00 | | | | | |
| 7 | 25 | $1,125.00 | | | | | |
| 8 | 25 | | | | $1,400.00 | | |
| 9 | 26 | $825.00 | | | | | |
| 10 | 27 | | $1,080.00 | | | | |
| 11 | 27 | $1,987.50 | | | | | |
| 12 | 28 | $1,687.50 | | | | | |
| 13 | 29 | $1,350.00 | | | | | |
| 14 | 29 | $910.00 | | | | | |
| 15 | 29 | $1,610.00 | | | | | |
| 16 | 29 | $1,612.50 | | | | | |
| 17 | 30 | | | | $1,312.50 | | |
| 18 | 30 | $2,430.00 | | | | | |
| 19 | 30 | $900.00 | | | | | |
| 20 | 30 | $1,935.00 | | | | | |
| 21 | 31 | $1,350.00 | | | | | |
| 22 | 31 | $1,387.50 | | | | | |
| 23 | 32 | $2,362.50 | | | | | |
| 24 | 32 | | | | $1,950.00 | | |
| 25 | 32 | $495.00 | | | | | |
| 26 | 32 | $2,025.00 | | | | | |
| 27 | 32 | | | | $1,875.00 | | |
| 28 | 32 | | $1,800.00 | | | | |
| 29 | 33 | | $1,980.00 | | | | |
| 30 | 33 | | $1,125.00 | | | | |
| 31 | 33 | | $1,800.00 | | | | |
| 32 | 33 | | $2,790.00 | | | | |
| 33 | 33 | $450.00 | | | | | |
| 34 | 33 | $825.00 | | | | | |
| 35 | 34 | | | $1,350.00 | | | |
| 36 | 34 | $1,610.00 | | | | | |
| 37 | 34 | $1,050.00 | | | | | |
| 38 | 34 | | $1,610.00 | | | | |
| 39 | 34 | | | $1,162.50 | | | |
| 40 | 34 | $1,305.00 | | | | | |
| 41 | 34 | | $1,890.00 | | | | |
| 42 | 34 | | | $1,610.00 | | | |
| 43 | 35 | $525.00 | | | | | |
| 44 | 35 | $855.00 | | | | | |
| 45 | 35 | $910.00 | | | | | |
| 46 | 35 | $990.00 | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 47 | 36 | | | | | $150.00 | |
| 48 | 36 | $1,200.00 | | | | | |
| 49 | 37 | $1,762.50 | | | | | |
| 50 | 37 | | | | $637.50 | | |
| 51 | 40 | $637.50 | | | | | |
| 52 | 40 | $637.50 | | | | | |
| 53 | 40 | $840.00 | | | | | |
| 54 | 40 | $862.50 | | | | | |
| 55 | 41 | $700.00 | | | | | |
| 56 | 41 | $900.00 | | | | | |
| 57 | 41 | $1,012.50 | | | | | |
| 58 | 42 | $1,440.00 | | | | | |
| 59 | 42 | $750.00 | | | | | |
| 60 | 42 | $810.00 | | | | | |
| 61 | 43 | $412.50 | | | | | |
| 62 | 43 | $720.00 | | | | | |
| 63 | 44 | $495.00 | | | | | |
| 64 | 44 | | | | | $165.00 | |
| 65 | 44 | | | | | $75.00 | |
| 66 | 46 | $900.00 | | | | | |
| 67 | 46 | | $495.00 | | | | |
| 68 | 46 | $600.00 | | | | | |
| 69 | 47 | $825.00 | | | | | |
| **Total** | | **$55,119.50** | **$17,720.00** | **$4,122.50** | **$7,175.00** | **$390.00** | **$84,527.00** |

**Fees incured from Complaint to initial MTD**

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Roberta Kaplan | $700/ hour | 16.2 | $11,340.00 |
| Shawn Crowley | $700/ hour | 22.9 | $16,030.00 |
| Joshua Matz | $700/ hour | 42.4 | $29,680.00 |
| Maximillian Feldman | $450/ hour | 63.8 | $28,710.00 |
| Anna Collins Peterson | $375/ hour | 74 | $27,750.00 |
| Maggie Turner | $375/ hour | 48.1 | $18,037.50 |
| James Blum | $375/ hour | 2.3 | $862.50 |
| Kasey Dietrich | $150/ hour | 10.6 | $1,590.00 |
| Gerald Greenberg | $525/ hour | 5 | $2,625.00 |
| Christopher Sunby | $262.5/ hour | 3 | $787.50 |
| **Total** | | | **$137,412.50** |

**Fees incured initial MTD to dismissal**

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Roberta Kaplan | $700/ hour | 4.5 | $3,150.00 |
| Shawn Crowley | $700/ hour | 8.6 | $6,020.00 |
| Joshua Matz | $700/ hour | 0.4 | $280.00 |
| Carmen Iguina | $500/ hour | 4.3 | $2,150.00 |
| Maximillian Feldman | $450/ hour | 25.3 | $11,385.00 |
| Anna Collins Peterson | $375/ hour | 18.8 | $7,050.00 |
| Kasey Dietrich | $150/ hour | 3.4 | $510.00 |
| Gerald Greenberg | $525/ hour | 2.9 | $1,522.00 |
| Christopher Sunby | $262.5/ hour | 1.9 | $712.50 |
| **Total** | | | **$32,779.50** |

**Fees incured to date on sactions motion**

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Roberta Kaplan | $700/ hour | 3.6 | $2,520.00 |
| Shawn Crowley | $700/ hour | 4.4 | $3,080.00 |
| Carmen Iguina | $500/ hour | 5.5 | $2,750.00 |
| Maximillian Feldman | $450/ hour | 9.9 | $4,455.00 |
| Anna Collins Peterson | $375/ hour | 5.3 | $1,987.50 |
| Gerald Greenberg | $525/ hour | 1.6 | $840.00 |
| **Total** | | | **$15,632.50** |

| | |
|---|---|
| **Total Fees Incurred** | $170,192.00 |
| **Total Objections** | $84,527.00 |
| **New Fees Incurred =** | $85,665.00 |

| | |
|---|---|
| **Exhibit B:** | $169,075.00 |
| **Exhibit D:** | $11,099.00 |
| **Total Fees Incurred =** | $180,174.00 |
| **Total Objections** | $84,527.00 |

**New Fees Incurred =**   | $95,647.00 |

Discrepancy in the reporting of Fees Incurred. Charts A, B, and C found on pages 3 and 4 which summarize fees associated with three different phases of the case show **$9,982** lower total fees than displayed in Exhibits B & D, which display a "true and correct copy of the hours worked by counsel at GSG for the DNC and Congresswoman Wasserman Schultz"

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Donald J. Trump,

        Plaintiff,

    v.

Hillary R. Clinton *et al.*,

        Defendants.

Civil Action No. 2:22-14102-DMM

**DECLARATION OF DAVID E. KENDALL IN SUPPORT OF
DEFENDANT HILLARY R. CLINTON'S MOTION FOR SANCTIONS AND FEES**

    I, David E. Kendall, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

    1.    I am Senior Counsel at Williams & Connolly LLP and counsel of record for Defendant Hillary R. Clinton in the above captioned matter.

    2.    Attached as Exhibit A are the law firm website biographies of the attorneys at this firm (David E. Kendall, Katherine M. Turner, Michael J. Mestitz) and at the firm of our local counsel, David Oscar Markus, for whom Defendant Clinton seeks attorney's fees. The biographies reflect the professional qualifications of those attorneys.

    3.    Williams & Connolly LLP entered into a retention agreement with Defendant Clinton which covers representation in the present litigation. Defendant Clinton agreed to pay the firm's costs, fees, and expenses incurred in connection with the present suit, and agreed to pay the firm's customary hourly rates.

    4.    Attached as Exhibit B is a true and correct copy of the hours worked by counsel for Defendant Clinton in this case. Counsel are not seeking reimbursement for the attorneys' customary hourly rates charged to the client. Instead, counsel seek fees at the following discounted hourly rates: for David E. Kendall and Katherine M. Turner at $700, for Michael J. Mestitz at

1
2

$450, and for David Oscar Markus at $625. These discounted hourly rates represent discounts of 45%, 44%, 30% and 28% from rates actually billed and are consistent with the rates this Court concluded were reasonable in *Celsius Holdings, Inc v. A SHOC Beverage, LLC*, No. 21-cv-80740, 2022 WL 3568042 (July 19, 2022). Exhibit B provides an accurate statement of the work billed or that will be billed by these attorneys on this case from March 24 to September 30, 2022, during the period for which discounted fees are sought.

5.      Consistent with the discussion in the Memorandum in Support of Sanctions and the information provided in Exhibit B, I summarize below in Charts A, B, and C the fees associated with the three different phases of the case.

6.      First, reflected in Chart A, the discounted fees incurred by Defendant Clinton from the filing of the initial complaint to the filing of Defendant Clinton's initial motion to dismiss total $44,975.

### Chart A:  Fees incurred from Complaint to initial MTD

| Timekeeper | Discounted Hourly Fee | Hours | Fees |
|---|---|---|---|
| David E. Kendall | $700 | 21 | $14,700 |
| Katherine M. Turner | $700 | 8 | $5,600 |
| Michael J. Mestitz | $450 | 34 | $15,300 |
| David Oscar Markus | $625 | 15 | $9,375 |

7.      Second, as reflected in Chart B, the discounted fees incurred by Defendant Clinton from the filing of Defendant Clinton's initial motion to dismiss to this Court's dismissal of the suit total $99,725. During this period, the undersigned acted as coordinating counsel to facilitate the filing of a single joint motion to dismiss the Amended Complaint.

**Chart B:  Fees incurred from initial MTD to Court's dismissal of Amended Complaint**

| Timekeeper | Discounted Hourly Fee | Hours | Fees |
|---|---|---|---|
| David E. Kendall | $700 | 54.1 | $37,870 |
| Katherine M. Turner | $700 | 23.4 | $16,380 |
| Michael J. Mestitz | $450 | 58 | $26,100 |
| David Oscar Markus | $625 | 31 | $19,375 |

8.      Finally, as reflected in Chart C, the discounted fees incurred by Defendant Clinton in connection with the motion for sanctions, from the Court's dismissal of the suit to October 1, 2022, total $27,515.  During this period, the undersigned acted as coordinating counsel to facilitate the filing of a single joint Defendants' motion for sanctions.

**Chart C:  Fees incurred to date on sanctions motion**

| Timekeeper | Discounted Hourly Fee | Hours | Fees |
|---|---|---|---|
| David E. Kendall | $700 | 14.7 | $10,290 |
| Katherine M. Turner | $700 | 4.2 | $2,940 |
| Michael J. Mestitz | $450 | 24.8 | $11,160 |
| David Oscar Markus | $625 | 5 | $3,125 |

9.      I believe that the discounted rates claimed are reasonable given the professional qualifications of the billers as evidenced in Exhibit A for the Southern District of Florida market and given the rates approved by this Court in *Celsius*.

10.      In connection with this case, counsel incurred certain necessary costs for electronic legal research.  I understand that courts in this Circuit have held that legal research costs are not

ordinarily taxable as costs under 28 U.S.C. § 1920, but are properly considered a component of attorneys' fees. *Springer v. Convergy's Corp.*, No. 3:03-CV-302-J-99MCR, 2006 WL 8439203, at *2 (M.D. Fla. July 7, 2006). As such, in addition to the discounted fees set out above, Clinton requests an award of $4,197.31 incurred for electronic legal research.

11.    Consistent with local Rule 7.3, counsel sent the motion papers and exhibits to Plaintiff's counsel on [DATE]. [FILL IN RESULT OF CONFERRAL].


  /s/ David E. Kendall
David E. Kendall

# EXHIBIT A



# David E. Kendall

Senior Counsel
dkendall@wc.com
202-434-5145

**Education**
- Yale Law School, J.D., 1971; Note and Comment Editor, *Yale Law Journal*
- University of Oxford, M.A., 1968; Rhodes Scholarship
- Wabash College, B.A., *summa cum laude*, 1966; Phi Beta Kappa

**Recognitions**
- Received top rankings in general commercial litigation (2007-2018) and media and entertainment law (2004-2016) in *Chambers USA: America's Leading Lawyers for Business*
- Recognized as one of *The Best Lawyers in America* ® for over 25 years
- "Washington, D.C. Bet-The-Company Litigation Lawyer of the Year," *The Best Lawyers in America* ®, 2015
- "Washington, D.C. First Amendment Lawyer of the Year," *The Best Lawyers in America* ®, 2012

David Kendall has had a checkered legal career. His acquaintance with the legal process began when he was arrested several times (but convicted only once) in Mississippi during the summer of 1964 while attempting to register voters.

After studying at Oxford as a Rhodes Scholar, graduating from Yale Law School, and clerking for Justice Byron R. White, he spent five years as associate counsel at the NAACP Legal Defense & Educational Fund, Inc., litigating a variety of civil rights cases and defending a large number of death penalty cases. He represented clients at trial, before state supreme courts, in the Supreme Court of the United States, and in state and federal post-conviction proceedings. He argued *Coker v. Georgia*, 433 U.S. 584 (1977), in which the Supreme Court declared the death penalty unconstitutional for rape. He represented Florida Death Row inmate John Spenkelink in extensive appellate and post-conviction proceedings and represented Utah inmate Gary Gilmore's mother in seeking a stay of execution from the Supreme Court. *Gilmore v. Utah*, 429 U.S. 1012 (1976). He devised a legal challenge to lethal injection. *Chaney v. Heckler*, 718 F.2d 1174 (D.C. Cir. 1983), *rev'd* 470 U.S. 821 (1985).

At Williams & Connolly since 1978, and a partner from 1981 to 2014, Mr. Kendall continues his practice as Senior Counsel to the firm. He has litigated a variety of civil and criminal cases at the trial and appellate level and has had jury trials in the District of Columbia, Indiana, Maryland, Pennsylvania, Georgia, Alabama, and Minnesota. He has appeared in trial courts in 23 states and has argued appeals in six federal courts of appeal, seven state supreme courts, and the Supreme Court of the United States. David Kendall is highlighted in the 2014 edition of *The Legal 500* for his "diverse practice" which "sees him representing clients across the country from Maryland to Minnesota."

Mr. Kendall has represented a wide variety of criminal defendants who have been charged with such "white collar" offenses as conspiracy, bribery, mail fraud, wire fraud, and obscenity at trial and on appeal. He has represented numerous clients before state and federal grand juries in agency investigations and in corporate internal investigations (many of these representations are, thankfully, unknown to the general public). He represented Bechtel

**7**

Infrastructure in various criminal and civil investigations relating to the "Big Dig" in Boston.

In civil litigation, he has represented accounting firms in a number of different matters, including Arthur Andersen in the University Savings case in Houston. He has represented McGladrey & Pullen in the A.H. Robins bankruptcy proceedings arising out of the Dalkon Shield litigation, and other matters. He has represented another Big Four accounting firm in proceedings related to the firm's investment and tax strategies. He has represented clients in commercial arbitration, winning for the Baltimore Orioles $10 million and naming rights to the Camden Yards ballpark in 2001.

Mr. Kendall has represented lawyers and law firms in professional liability matters. He represented a number of clients during the savings and loan crisis of the 1980s and early 1990s, including accountants, lawyers, and S&L executives, in civil, criminal, and administrative proceedings. He began representing President and Mrs. Clinton in November 1993, in what was ostensibly a small savings and loan matter involving Whitewater Development Company, Inc. He went on to represent the Clintons in a variety of matters, including Independent Counsel, Senate, House of Representatives, FDIC, RTC, and bar counsel investigations, civil litigation, and the 1998-99 impeachment proceedings, and currently represents them in miscellaneous civil matters.

He has represented a number of individual and corporate media clients over the years, defending libel, privacy invasion, and copyright suits, fighting subpoenas to news gatherers, and prosecuting FOIA actions (arguing *Department of State v. Washington Post Co.*, 456 U.S. 595 (1982) in the Supreme Court). His clients have included The Washington Post, Newsweek, National Enquirer (where he supervised prepublication copy review for over a decade and a half), Playboy, Discovery Communications, U.S. Medicine, National Review, local television stations, and individual writers and journalists. He represented The Post at trial and on appeal in a marathon libel suit brought by the President of Mobil Oil and his son. *Tavoulareas v. Washington Post Co. et al.*, 817 F.2d 762 (D.C. Cir. 1987) (en banc). In a libel suit arising out of the motion picture *Missing*, he successfully defended its director, Constantin Costa-Gavras, and Universal City Studios, *Davis v. Costa-Gavras*, 654 F. Supp. 653 (S.D.N.Y. 1987), in a case that established First Amendment protections for "docudramas."

Over the years, Mr. Kendall has advised the Motion Picture Association of America, the Recording Industry Association of America, and several member companies of both organizations on a variety of First Amendment, copyright, and other legal issues at trial, in Congressional and administrative agency investigations, and with

respect to proposed legislation. He has represented a number of copyright holders in anti-piracy suits against various Napster-like Internet services, such as Scour, Aimster, Morpheus, KaZaA, and Grokster. He represented the motion picture studios in their 9-0 anti-piracy victory in the Supreme Court, *MGM et al. v. Grokster, et al.*, 545 U.S. 913 (2005). He has also represented content providers in litigation against satellite, cable, and over-the-air copyright piracy. He has represented AOL in a number of Internet matters and has advised various clients on issues arising out of the Digital Millennium Copyright Act.

He is the author of several articles on constitutional, media, and criminal law and has taught constitutional and media law courses as an Adjunct Professor at Columbia Law School and Georgetown University Law Center. He was a member of the five-person ABA Task Force that drafted the *ABA Standards for Criminal Justice: Fair Trial and Free Press* released in 1991. He is on the Board of Directors of the NAACP Legal Defense & Educational Fund, Inc.



# Katherine M. Turner

Partner
kturner@wc.com
202-434-5487

**Education**

- Harvard Law School, J.D., *cum laude*, 2004; Primary Editing Chair, *Harvard Law Review*

- Georgetown University, B.A., *summa cum laude*, 2001; Phi Beta Kappa

**Recognitions**

- "Local Litigation Star," *Benchmark Litigation*, 2017 – 2023

- "Top 250 Women in Litigation," *Benchmark Litigation*, 2016 – 2022

- "40 & Under Hot List", *Benchmark Litigation*, 2017 – 2020

- Selected to Washington, D.C. "Rising Stars" list, *Super Lawyers*, 2014 – 2019

Katherine Turner is Co-Chair of Williams & Connolly's Accountant Liability and Congressional Investigations practice groups and is a member of the Firm's Executive Committee. She has extensive experience in defending accounting firms in professional liability litigation and regulatory matters, including work for three of the Big Four firms and a prominent national accounting firm. Her practice also encompasses complex litigation in several other substantive areas, including securities litigation and commercial contract disputes. She has represented corporations, professional firms, and individuals in a range of federal and state cases, at both the trial and appellate levels, and in arbitration before AAA, CPR, JAMS, and FINRA.

Katherine also has significant experience in representing clients in congressional investigations, including representation of Secretary Hillary Rodham Clinton before the House Select Committee on Benghazi and a recent representation of a government official in a matter before the House Committee on Oversight and Reform.

*Benchmark Litigation* has recognized Katherine as a "Litigation Star" in the areas of commercial litigation and white-collar criminal defense, 2017 – 2023, and among the "Top 250 Women in Litigation" for the last seven years.

Katherine was born and raised near Philadelphia, Pennsylvania and graduated from Georgetown University, *summa cum laude*, in 2001. She received her J.D., *cum laude*, from Harvard Law School, where she was an editor of the *Harvard Law Review*. She joined Williams & Connolly in 2005, after serving as a law clerk to the Honorable Bruce Marshall Selya of the United States Court of Appeals for the First Circuit.

Katherine co-founded the Firm's Women's Initiative and previously served as its Co-Chair. She has also served as Chair of the Firm's Intake Committee and a member of its Hiring Committee.

## Representative Experience

Though all cases vary and none is predictive, Katherine's experience includes:

- Current representation of Big Four accounting firm in arbitration related to audits of investment funds.

- Current representation of national accounting firm in professional liability litigation concerning audits of investment funds.

- Current representation of national accounting firm and two foreign Big Four firms in PCAOB investigations.

- Current representation of national accounting firm in an SEC investigation.

- Successful defense of individual in Title IX hearing, resulting in a finding of not responsible.

- Ongoing representation of Fortune 50 technology company in pre-litigation analyses of commercial contract and employee disputes.

- Successful representation of Big Four accounting firm in a two-year PCAOB investigation related to audits of a lending company, resulting in no action taken against firm or its auditors.

- Representation of national accounting firm in successful resolution of professional liability cases involving audits of a health insurance company and an employee benefit plan.

- Successful representation of national accounting firm in defense of professional liability claims arising from audits of funds invested in the Petters Ponzi scheme, including prevailing at summary judgment against ~$1 billion claim brought by funds' bankruptcy trustee and defeating two investor suits at the motion-to-dismiss stage.

- Representation of Secretary Hillary Rodham Clinton before the House Select Committee on Benghazi and in connection with matters concerning her e-mail use.

- Representation of high-profile non-profit organization in internal investigation of board member's personal conduct.

- Representation of Fortune 50 healthcare company in successful resolution of securities class action litigation involving ~$900M in alleged damages.

- Successful defense of several interdealer brokers in disputes with their former employer in series of FINRA arbitrations.

- Successful defense of technology company in JAMS arbitration involving alleged violations of trademark agreement, resulting in judgment in favor of client on all claims and an award of attorney's fees, following full merits trial.

- Successful representation of Big Four accounting firm in appeal of trial verdict in which the jury had found liability to a non-client arising from an audit.



# Michael J. Mestitz

Associate
mmestitz@wc.com
202-434-5085

**Education**

- Stanford Law School, J.D., 2015; President, *Stanford Law Review*
- Vassar College, B.A., 2012; general and departmental honors, 2012; Phi Beta Kappa, Phi Beta Kappa Prize; Agnes Jackson Reynolds Prize; Vernon Venable Prize

**Recognitions**

- *Super Lawyers* Rising Star, 2020
- Named one of *The Best Lawyers in America® Ones to Watch* for Appellate Practice, 2021

Michael Mestitz focuses his practice on complex civil matters and appellate litigation. He has represented individual and corporate clients in high-stakes appeals in the U.S. Supreme Court, as well as federal and state appellate courts around the country. Michael has experience in a broad range of substantive areas, including federal statutory interpretation, contract law, securities class actions, and financial-services regulation. He has represented several Fortune 10 companies in appeals, trial courts, and government investigations. His pro bono practice focuses on representing criminal defendants and amici curiae in state and federal appellate courts. He is the co-chair of Williams & Connolly's LGBTQ+ affinity group.

Michael grew up in Minnesota and graduated from Vassar College with general honors, as well as departmental honors in each of his three majors. He received his Juris Doctor from Stanford Law School, where he served as the President of the Stanford Law Review. While at Stanford, he also participated in the Supreme Court Litigation Clinic, the Community Law Clinic, and the Kirkwood Moot Court Competition. He clerked for Judge Raymond C. Fisher of the United States Court of Appeals for the Ninth Circuit before joining Williams & Connolly in 2016.

## Representative Experience

Though all cases vary and none is predictive, Michael's experience includes:

- Successful representation of the respondent in *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029 (2019), resulting in an unanimous Supreme Court ruling that state nonjudicial foreclosure proceedings are not governed by the Fair Debt Collection Practices Act.

- Representation of petitioners in *Sanchez v. Mayorkas* in the U.S. Supreme Court, presenting the question whether eligible recipients of Temporary Protected Status may adjust to lawful-permanent-resident status.

- Representation of former Secretary of State Hillary Clinton in successful motions to dismiss in various federal district courts and a successful motion for summary affirmance in the D.C. Circuit.

- Representation and argument as appointed counsel on behalf of a criminal appellant in the Maryland Court of Special Appeals.

- Successfully obtained affirmance of judgment as a matter of law in favor of firm clients in a fraud case in the U.S. Court of Appeals for the Fifth Circuit.

- Representation of a Fortune 10 corporation in an investigation by the Federal Trade Commission.

- Representation of a major multinational company in arbitration proceedings regarding a multibillion dollar contract claim.

- Representation of organizations representing tens of thousands of businesses nationwide as amici before the U.S. Supreme Court urging the Court to hold that Title VII of the Civil Rights Act prohibits discrimination based on sexual orientation and gender identity in *Altitude Express, Inc. v. Zarda*, *Bostock v. Clayton County, Georgia*, and *R.G. & G.R. Harris Funeral Homes v. EEOC*.

- Representation of civil-rights organizations across the ideological spectrum as amici curiae before the U.S. Supreme Court in *Uzuegbunam v. Preczewski*, arguing that a live claim for nominal damages prevents a case from being moot.

# MARKUS / MOSS PLLC

M/M
40 NW 3rd Street, PH 1
Miami, FL 33128
305 379-6667

Home Page     Firm Profile     Attorney Profiles ˅     Case Summaries     News and Articles     Blog     Contact Us

# David Oscar Markus

**David Oscar Markus** is one of few lawyers that can do it all. He actually tries cases and argues appeals all around the country. He teaches at the University of Miami School of Law and also to lawyers at legal education events. He runs the well-known Southern District of Florida blog. He also hosts a successful podcast, For the Defense. And he frequently advocates for criminal justice reform in opinion pieces.





David is a *magna cum laude* graduate of Harvard Law School. He is known for his creative and unrelenting approach to cases, which leads to wins in trials and appeals. David focuses on high-stakes criminal litigation for both white collar and traditional criminal matters. You can access his resume here. (PDF)



Best Lawyers named David "Lawyer of the Year" for White Collar Criminal Law in 2020 and for General Criminal Defense in both 2022 and 2017. And the Dade County Bar Association awarded him the "Legal Luminary" award for criminal defense, an honor voted on by members of the legal community. In 2015, the National Law Journal selected him as one of the Trailblazers for White Collar Criminal Defense in the entire country. Back when he was 29 years old (in 2002), the National Law Journal

## Education

- J.D., *magna cum laude*, Harvard Law School, 1997

- B.A., Emory University, 1994 (Phi Beta Kappa)

## Bar Admissions

- United States Supreme Court

- State of Florida

- Southern and Middle Districts of Florida

- Eleventh Circuit Court of Appeals

- Federal Court of Claims

- admitted *pro hac vice* to various trial and appellate courts

### Awards

- Lawyer of the Year, General Criminal Defense, 2022 & 2017

**14**

selected him as one of the ["top ten criminal lawyers under 40 years old"](#), and it has recognized one of his federal trial victories as one of the top ten defense verdicts in the country that year.  He is also a fellow in the American College of Trial Lawyers.

In one trial victory, David not only beat all 141 counts in federal court for a doctor, but then won attorneys' fees and costs of over $600,000 for his client in a first-of-its-kind victory. Based on that case, he was awarded the highest honor — the Rodney Thaxton "against all odds" award — by the Florida Association of Criminal Defense Lawyers. Although the 11th Circuit reversed the fee award in a number of controversial opinions, the court referred to Markus as an "elite" and "superb" attorney. (See page 9 of the opinion [here](#)). In another case, David challenged the way the federal court system in Miami selected jurors (alphabetically by last name) and won, which changed the jury selection process in the District (click [here](#)). After obtaining a fair jury, [Markus' client was found not guilty](#).  He never stops fighting for his clients.



GALLERY

David Oscar Markus leaving the Federal Courthouse in Miami after a hearing in which he represented Carnival Corporation.

Based on this type of creative and unique lawyering, in 2010, [David was one of eight finalists](#) in the country for best white-collar criminal lawyer in the country by [Chambers & Partners](#), which quoted market sources saying that David is *"the whole package,"* and *"a creative, courageous and tenacious courtroom advocate."* And he was [named](#) to that very prestigious short list of 8 best white-collar criminal defense lawyers again in 2011 (he was the only lawyer listed who was not from a large firm). The 2012 Chambers said this: "David Markus received strong praise from peers and clients alike, who describe him as 'a legal genius and brilliant strategist with a great demeanor.'" A recent [Chambers & Partners](#) described David as a "wickedly smart and a terrific trial lawyer. ... Clients say that he is 'thrilling' to watch in court and that 'his passion appreciation and enjoyment for his work are contagious." [And in 2014, that publication](#) identified David as "one of the best trial lawyers around: very smart, highly respected and thoroughly prepared." In 2016, Chambers said: "[David Markus](#) is one of the most talented criminal defense lawyers in Florida. He has a wealth of litigation experience and is regularly sought after for his counsel in high-stakes tax and criminal antitrust cases. Sources also describe him as an 'extremely creative thinker and a great oral advocate' who gets 'tremendous results.'" Chambers has also explained: "[David Markus](#) is amazing, not only because of the strength and genius of his arguments and motions, but also because of his brilliant and astonishing performances during the hearings. Additionally, he radiates so much confidence, and that in itself soothes the usual anguish and anxiety that you endure during these types of situations. Last but not least, he is such a great human being." In 2020, that publication said that David *"is an exceptional trial lawyer," "an incredible oral advocate"* and that *"he's pretty fearless in terms of dealing with the government."*

Since 2010, David has been listed as one of the top 100 lawyers in Miami and in all of Florida by SuperLawyers. He is one of the few criminal defense lawyers to received such an honor.   He is frequently named as one of the top lawyers in the Best Lawyers in America, South Florida Legal Guide, [Florida Trend Magazine](#), Chambers & Partners, and the South Florida Business Journal. He was one of 20 lawyers named [a key partner](#) by the South Florida Business Journal in 2011 and [again in 2012](#). The Daily Business Review named him a finalist for Most Effective Lawyer in Criminal Justice (one of three lawyers in Miami) in 2006, 2009, 2011, 2012, and 2015. He won the award in 2018. The district judges in the Southern District of Florida presented him with the Eugene Spellman Criminal Justice Act Award in 2013.

While at Harvard, David argued in front of Supreme Court Justice Anthony Kennedy who named him best oralist. (The argument, which was carried on C-Span, can be viewed [here](#). David's argument begins at 57:42). David was mentored by Alan Dershowitz while in law school (click [here](#) for a picture of them together at Harvard). After graduating from Harvard, David served as law clerk to the Honorable Edward B. Davis, then-Chief United States District Judge, Southern District of Florida. Following his clerkship, David

- Lawyer of the Year, White Collar Criminal Defense, 2020 (Best Lawyers)

- Most Effective Criminal Lawyers, 2018 (Daily Business Review)

- Trailblazer, White Collar Criminal Law, 2015 (National Law Journal)

- Top 40 litigator under 40 years old, 2002 (National Law Journal)

- Top Lawyer, White Collar Criminal Defense and non-White Collar Criminal Defense, 2007-present (Best Lawyers in America by U.S. News)

- Listed as Most Influential Lawyers in Miami, 2012 (Poder Hispanic Magazine)

- Band 1, Chambers & Partners, 2015-present

- Top Miami Criminal Lawyer, 2002-present (South Florida Legal Guide)

- Top 100 SuperLawyer in Miami, 2010-present (SuperLawyers)

- South Florida Business Journal Key Partners Award, 2011, 2012

- AV Rated (Martindale Hubbell)

- Top Lawyer, 2007-present (Chambers & Partners)

- Finalist, Best White Collar Attorney in the United States 2010, 2011 (Chambers & Partners)

- Finalist, Most Effective Criminal Defense Lawyer, 2015, 2012, 2011, 2009, 2006 (Daily Business Review)

worked as an associate after leaving criminal defense powerhouse Williams & Connolly in Washington, D.C., and then practiced as an Assistant Federal Public Defender in Miami.



David Oscar Markus teaches future lawyers at Harvard Law School

David is a past-president of the Florida Association of Criminal Defense Lawyers – Miami Chapter and past-president of the Federal Bar Association, South Florida Chapter, 2007-08. He served for ten years as the Southern District of Florida's national representative for the Criminal Justice Act Panel, and is the vice-chair of the National Association of Criminal Defense Lawyer's amicus committee. David also has co-authored the Fourth Amendment Forum, published in NACDL's The Champion. He is frequently asked to serve on committees for the Southern District of Florida.

David frequently lectures on different aspects of the criminal trial and appeal. He currently teaches a White Collar Law seminar at the University of Miami School of Law and previously taught legal writing there. David also has taught Advanced Criminal Procedure and White Collar Law at Florida International University College of Law. He often speaks to other criminal defense lawyers on ethics and zealously representing criminal defendants charged with serious crimes. His lengthy list of lectures can be found on his resume.

David has also teamed with rakontur in the new podcast, For the Defense, which is about true criminal trial lawyers. In the podcast, he interviews other well-known criminal defense lawyers about their most interesting trials. You can listen to it here.



David speaking to criminal defense lawyers at NACDL's annual conference about how to win "pill-mill" cases.

David is often quoted in publications around the country, including The Miami Herald, The Sun-Sentinel, The Palm Beach Post, the Daily Business Review, USA Today, The New York Times, The Wall Street Journal, The Boston Globe, Law.com, and CNN.com. He has written opinion pieces for numerous publications, and is the author of the popular Southern District of Florida blog, which has been described by the New Times as "the definitive source on South Florida's federal court system." He recently wrote a chapter in a book for lawyers; his chapter was titled "Battling Goliath, Trying to Win in the Court of Appeals."

David is a frequent opinion contributor, arguing for criminal justice reform and for individual rights. He has written pieces in the Washington Post, USA Today, Miami Herald, New York Daily News, law.com Newsmax, and others. In this recent op-ed, co-authored with Mona Markus, he explains how the government frequently and unjustly prosecutes doctors. In another, he argues that cameras should be permitted in federal courtrooms as a check on prosecutors and judges.

He is also a regular contributor for The Hill:

Chauvin verdict: Don't hate his lawyer
Social media is mightier than Gov. DeSantis's guns
Bannon and Maxwell cases display DOJ press strategy chutzpah
Federal judge rightly upset over wrongful jailing of Michael Cohen
Cellphones haven't stopped cops from lying — only courts can do that
Former prosecutors outraged at decision to dismiss the Flynn case should focus on the real problems
Lori Loughlin case should be dismissed if the prosecutors cheated
Let's use Roger Stone's case to fix our broken justice system
Michael Avenatti should not be in solitary confinement
We're addicted to jail

16

Felicity Huffman and daughter learn important lesson because of her jail sentence

Justice Gorsuch channels his inner-Scalia, and that's good for criminal defendants

Kim Kardashian is the hero that criminal justice reform needs

Federal prosecutors are trying to bully 'Aunt Becky' into pleading guilty

#MeToo has lost its way: In defense of Joe Biden

Barr and Rosenstein likely made correct decision on obstruction

Four years for Paul Manafort is the right sentence

A small next step for criminal justice reform: Fix good time credit

Paul Manafort should not be sentenced to 20 years in prison

OPR should investigate real prosecutorial misconduct, not Secretary of Labor Alex Acosta

Special counsel's office wrong to arrest Roger Stone instead of letting him self-surrender

Absolutely nothing wrong with Manafort's lawyers talking to Trump's lawyers

Mueller should not get to decide whether Manafort is lying

Brett Kavanaugh would not have been treated fairly had he been a defendant

Should Kavanaugh be confirmed if we don't know who is telling the truth

Five simple rules for judging Kavanaugh and his accusers

Kavanaugh won't be charged

David is committed to zealously representing each and every one of his clients. He has built a reputation for winning the most difficult cases with creative strategies. David takes each case personally and does not like to lose.

You can email David Markus at dmarkus@markuslaw.com

## Contact Us

Markus/Moss focuses on criminal defense representation at the trial and appellate level.

**Email David Markus:**
dmarkus@markuslaw.com

40 NW Third Street, Penthouse One
Miami, FL 33128

305 379-6667

## Office Location

Get Directions



Home Page | Firm Profile | Attorney Profiles | News and Articles | Case Summaries | Blog | Contact Us

Copyright © 2005-2014 Markus/Moss Disclaimer: Material presented on this website is intended for information purposes only. It is not intended as professional or legal advice and should not be construed as such.

Websites for Law Firms: Law Firm Design

# EXHIBIT B

| | Date | Timekeeper | Discounted Rate | Billed Hours | Amount Claimed | Description |
|---|---|---|---|---|---|---|
| | 3/24/2022 | MESTITZ, MICHAEL J. | $450 | 1.5 | $675 | Review complaint and outline responses re: Trump v. Clinton lawsuit. |
| | 3/24/2022 | KENDALL, DAVID E. | $700 | 2 | $1,400 | Review Trump v. Clinton et al. complaint; teleconferences and emails; file review. |
| | 3/25/2022 | MESTITZ, MICHAEL J. | $450 | 0.6 | $270 | Research Anti-SLAPP law. |
| | 3/25/2022 | KENDALL, DAVID E. | $700 | 1 | $700 | Research on new Trump complaint; teleconferences. |
| | 3/25/2022 | MESTITZ, MICHAEL J. | $450 | 1.1 | $495 | Outline responses to complaint. |
| B | 3/27/2022 | KENDALL, DAVID E. | $700 | 2 | $1,400 | Legal research on Trump lawsuit; review state law; research statute of limitations; emails and clips. |
| B | 3/28/2022 | TURNER, KATHERINE M. | $700 | 1 | $700 | Review Trump complaint in Trump v. Clinton lawsuit; team meeting re: same; call with ███ re: same. |
| | 3/28/2022 | MESTITZ, MICHAEL J. | $450 | 1.3 | $585 | Prepare for and meet re: case strategy; follow-up research. |
| B | 3/28/2022 | KENDALL, DAVID E. | $700 | 1.5 | $1,050 | Emails and teleconferences; meet with in-house team to discuss motion to dismiss; conference call with ███; legal research. |
| | 3/29/2022 | TURNER, KATHERINE M. | $700 | 0.1 | $70 | Review conflict disclosure. |
| | 3/29/2022 | KENDALL, DAVID E. | $700 | 1 | $700 | Teleconferences and emails; debrief call with ███. |
| | 3/30/2022 | KENDALL, DAVID E. | $700 | 0.7 | $490 | File review; research; teleconference with ███. |
| E B | 4/1/2022 | MARKUS, DAVID O. | $625 | 15 | $9,375 | April 2022:  Confer and strategize via email and telephone with counsel regarding case, initial appearances, local rules, and complaint; review complaint; review draft motion to dismiss; draft and file pro hac motions; review and file response to motion to expedite. |
| D | 4/2/2022 | MESTITZ, MICHAEL J. | $450 | 2 | $900 | Reviewing RICO complaint and drafting motion. |
| | 4/4/2022 | KENDALL, DAVID E. | $700 | 0.8 | $560 | File review and status report to client/ review plaintiff's motion to revise TJ. |
| | 4/5/2022 | MESTITZ, MICHAEL J. | $450 | 5.1 | $2,295 | Researching and drafting MTD. |
| | 4/6/2022 | TURNER, KATHERINE M. | $700 | 0.2 | $140 | Emails w/ team re local counsel for Trump suit. |
| | 4/6/2022 | MESTITZ, MICHAEL J. | $450 | 2 | $900 | Researching and drafting MTD. |
| | 4/7/2022 | MESTITZ, MICHAEL J. | $450 | 0.5 | $225 | Call with joint defense group. |
| | 4/7/2022 | TURNER, KATHERINE M. | $700 | 0.7 | $490 | Joint defense call re Trump MTD; call w/ DEK re the same. |
| B | 4/7/2022 | KENDALL, DAVID E. | $700 | 1.5 | $1,050 | Teleconference re: local counsel; research on motion to dismiss; conference call with ███ teleconference with counsel for ███ and other defendants. |
| | 4/7/2022 | MESTITZ, MICHAEL J. | $450 | 1.8 | $810 | Revising draft MTD. |
| | 4/8/2022 | MESTITZ, MICHAEL J. | $450 | 1.3 | $585 | Call with counsel. |
| B | 4/8/2022 | KENDALL, DAVID E. | $700 | 1.5 | $1,050 | Teleconferences and emails; edit draft motion to dismiss; legal research; conference call with team; conference call with ███ |
| B | 4/8/2022 | TURNER, KATHERINE M. | $700 | 3.5 | $2,450 | Reviewing, editing MTD Trump suit; JD calls w/ counsel for HFA re the same; call w/ team re the same. |
| E | 4/9/2022 | MESTITZ, MICHAEL J. | $450 | 2.6 | $1,170 | Revising draft per team comments. |
| | 4/11/2022 | KENDALL, DAVID E. | $700 | 0.5 | $350 | Edit and revise draft motion to dismiss; emails with local counsel. |
| | 4/12/2022 | KENDALL, DAVID E. | $700 | 0.5 | $350 | Emails and teleconferences ███ and others; review third draft of motion to dismiss. |
| D | 4/12/2022 | MESTITZ, MICHAEL J. | $450 | 1.1 | $495 | Revising draft MTD. |
| | 4/12/2022 | MESTITZ, MICHAEL J. | $450 | 1.2 | $540 | Research and email re anti-SLAPP procedure. |
| | 4/13/2022 | MESTITZ, MICHAEL J. | $450 | 0.3 | $135 | Call with counsel. |
| | 4/13/2022 | MESTITZ, MICHAEL J. | $450 | 0.4 | $180 | Revising draft MTD. |
| | 4/13/2022 | MESTITZ, MICHAEL J. | $450 | 0.5 | $225 | Call with counsel. |
| | 4/13/2022 | TURNER, KATHERINE M. | $700 | 1 | $700 | Joint defense calls re Trump MTD. |

| | Date | Name | Rate | Hours | Amount | Description |
|---|---|---|---|---|---|---|
| B | 4/13/2022 | KENDALL, DAVID E. | $700 | 1.5 | $1,050 | Conference call with counsel for client; other calls and emails; revisit and edit draft to circulate; call with local counsel. |
| | 4/14/2022 | TURNER, KATHERINE M. | $700 | 0.5 | $350 | Reviewing pro hac motion and local rules; emails w/ D. Kendall re ▮. |
| B | 4/14/2022 | KENDALL, DAVID E. | $700 | 2 | $1,400 | Teleconferences and emails with counsel for co-defendants; teleconference with Trump lawyers; file appearance; teleconference with local counsel; draft pro hac vice motion; revise our motion to dismiss; circulate to other counsel. |
| B | 4/15/2022 | KENDALL, DAVID E. | $700 | 1.5 | $1,050 | Teleconference with ▮; email re: interview; file review; work at revising Trump motion to dismiss. |
| | 4/18/2022 | MESTITZ, MICHAEL J. | $450 | 0.5 | $225 | Call with counsel. |
| B | 4/18/2022 | TURNER, KATHERINE M. | $700 | 1 | $700 | Emails re Trump MTD; call w/ M. Mestitz re the same; call w/ A. Otterberg and M. Mestitz re MTD; reviewing ▮. |
| D | 4/18/2022 | MESTITZ, MICHAEL J. | $450 | 5.4 | $2,430 | Revising draft MTD. |
| B | 4/19/2022 | KENDALL, DAVID E. | $700 | 1.2 | $840 | Teleconferences with counsel for co-defendants in Trump suit; emails; review and revise draft motion to dismiss. |
| D | 4/19/2022 | MESTITZ, MICHAEL J. | $450 | 2.2 | $990 | Revising draft MTD and preparing tables. |
| | 4/20/2022 | MESTITZ, MICHAEL J. | $450 | 0.6 | $270 | Call with counsel. |
| | 4/20/2022 | MESTITZ, MICHAEL J. | $450 | 0.9 | $405 | Tracking MTD coverage. |
| D | 4/20/2022 | MESTITZ, MICHAEL J. | $450 | 1.1 | $495 | Finalizing MTD for filing. |
| B | 4/20/2022 | KENDALL, DAVID E. | $700 | 1.8 | $1,260 | Conference call with defense counsel; call with individual lawyers; finalize motion to dismiss; file. |
| B | 4/21/2022 | KENDALL, DAVID E. | $700 | 1 | $700 | Teleconferences and emails; review motions and other pleadings; calls with counsel for other defendants. |
| B | 4/22/2022 | KENDALL, DAVID E. | $700 | 1.2 | $840 | Conference call with ▮; review Trump motion and research; teleconferences and emails. |
| | 4/22/2022 | MESTITZ, MICHAEL J. | $450 | 1.6 | $720 | Research re amendment of complaints and SOL. |
| | 4/25/2022 | MESTITZ, MICHAEL J. | $450 | 0.5 | $225 | Emailing re docket materials. |
| | 4/25/2022 | MESTITZ, MICHAEL J. | $450 | 1.5 | $675 | Assembling codefendant feedback. |
| | 4/27/2022 | MESTITZ, MICHAEL J. | $450 | 0.5 | $225 | Emailing re docket materials. |
| B | 4/29/2022 | KENDALL, DAVID E. | $700 | 1 | $700 | Briefing call with ▮; telecons and emails; conf call with ▮. |
| B E | 5/1/2022 | MARKUS, DAVID O. | $625 | 10 | $6,250 | May 2022: Confer and strategize via email and telephone with counsel and co-defendants' counsel regarding case, motion to dismiss, discovery and other issues; review numerous filings, including court orders and filings from co-defendants including motion to dismiss; prepare and send email to counsel regarding stipulation and order and file same. |
| | 5/9/2022 | MESTITZ, MICHAEL J. | $450 | 0.7 | $315 | Reviewing ▮ draft MTD. |
| | 5/18/2022 | KENDALL, DAVID E. | $700 | 0.5 | $350 | Conference call with defense counsel in Trump v. Clinton. |
| | 5/20/2022 | KENDALL, DAVID E. | $700 | 0.7 | $490 | Respond to Questions re ▮; file review; report to client. |
| | 5/23/2022 | KENDALL, DAVID E. | $700 | 1 | $700 | Telecons with ▮; clips check; review ▮; report to client. |
| | 5/30/2022 | MESTITZ, MICHAEL J. | $450 | 0.8 | $360 | Drafting and emailing stipulation/stipulated motion. |
| | 5/31/2022 | TURNER, KATHERINE M. | $700 | 0.5 | $350 | Reviewing, editing editorial; email to DEK re the same. |
| | 5/31/2022 | MESTITZ, MICHAEL J. | $450 | 0.6 | $270 | Drafting and emailing stipulation/stipulated motion. |

| | Date | Name | Rate | Hours | Amount | Description |
|---|---|---|---|---|---|---|
| B E | 6/1/2022 | MARKUS, DAVID O. | $625 | 8 | $5,000 | June 2022: Confer and strategize via email and telephone with counsel and co-defendants' counsel regarding hearing before the magistrate judge, new motions to dismiss, discovery and other issues; review numerous filings, including court orders, amended complaint; review drafts of motions to dismiss; review and file proposed joint stipulation. |
| | 6/1/2022 | MESTITZ, MICHAEL J. | $450 | 0.4 | $180 | Emailing re status conference. |
| | 6/2/2022 | MESTITZ, MICHAEL J. | $450 | 0.4 | $180 | Preparing inventory of counsel. |
| | 6/2/2022 | MESTITZ, MICHAEL J. | $450 | 0.5 | $225 | Strategy meeting. |
| | 6/2/2022 | MESTITZ, MICHAEL J. | $450 | 1.3 | $585 | Status conference; follow up re same. |
| B | 6/2/2022 | KENDALL, DAVID E. | $700 | 1.5 | $1,050 | Telecons and emails; status conference (Zoom) before Judge Reinhart; follow-up. |
| | 6/2/2022 | TURNER, KATHERINE M. | $700 | 1.5 | $1,050 | Team mtg re amended complaint; prepare for, attend status conference. |
| | 6/10/2022 | KENDALL, DAVID E. | $700 | 1 | $700 | Research viability of ▮ investigations of ▮ data; email to Trump lawyers; review June 2 transcript; report to client. |
| B | 6/14/2022 | KENDALL, DAVID E. | $700 | 1.2 | $840 | Review S/L cases and cases on amended pleadings; telecons with ▮ counsel and ▮ lawyer; meet with researcher. |
| B | 6/15/2022 | KENDALL, DAVID E. | $700 | 1 | $700 | Conference call with all defense counsel in Trump v. Clinton et al; file review; meet with in-house team. |
| | 6/16/2022 | TURNER, KATHERINE M. | $700 | 0.5 | $350 | Reviewing statute of limitations research; mtg w/ A. Asabor re the same. |
| | 6/17/2022 | TURNER, KATHERINE M. | $700 | 0.3 | $210 | Reviewing, editing MTD work plan; phone call w/ D. Kendall re same. |
| B | 6/17/2022 | KENDALL, DAVID E. | $700 | 1 | $700 | Review pleadings; review file and emails and draft plan for all defendants to create consolidated Motion to Dismiss; telecons. |
| | 6/21/2022 | TURNER, KATHERINE M. | $700 | 0.5 | $350 | Reviewing legal research re statute of limitations. |
| B | 6/21/2022 | KENDALL, DAVID E. | $700 | 2 | $1,400 | Telecons and emails; report to client re ▮; file review and begin drafting "battle plan" for MTD of Amended Complaint. |
| B | 6/22/2022 | KENDALL, DAVID E. | $700 | 3 | $2,100 | Review Trump amended complaint (193 pages); compare to original complaint; draft battle plan for defense counsel to file consolidated MTD; telecons and emails. |
| | 6/23/2022 | TURNER, KATHERINE M. | $700 | 0.2 | $140 | Reviewing court order; emails w/ team re the same. |
| | 6/23/2022 | TURNER, KATHERINE M. | $700 | 0.5 | $350 | Joint defense call re amended complaint. |
| | 6/23/2022 | KENDALL, DAVID E. | $700 | 3.5 | $2,450 | Conference call with defense counsel re Trump amended complaint; post-call action memo; compare to complaint; begin drafting Statute of Limitations portion of MTD; telecons and emails. |
| | 6/27/2022 | TURNER, KATHERINE M. | $700 | 0.1 | $70 | Reviewing case correspondence; emails to team. |
| | 6/27/2022 | KENDALL, DAVID E. | $700 | 3 | $2,100 | Draft revised "Battle Plan" for consolidated MTD & send to defense counsel; telecons with Trump lawyer; telecons with ▮ and others. |
| | 6/28/2022 | KENDALL, DAVID E. | $700 | 2 | $1,400 | Emails & phone calls; research & begin drafting revised statute-of-limitations arguments for consolidated MTD. |
| | 6/28/2022 | MESTITZ, MICHAEL J. | $450 | 2.5 | $1,125 | Researching RICO tolling law. |
| B | 6/29/2022 | KENDALL, DAVID E. | $700 | 1.7 | $1,190 | Legal research; review pleadings & continue drafting SOL argument for new MTD; emails. |
| | 6/30/2022 | TURNER, KATHERINE M. | $700 | 0.2 | $140 | Reviewing docket and case correspondence. |
| B | 6/30/2022 | KENDALL, DAVID E. | $700 | 2 | $1,400 | Calls with Trump lawyers to negotiate schedule; draft joint stipulation motion and file; continue research on S/L; begin drafting Clinton campaign Defendants' part of MTD; conferences with counsel for ▮ re ▮. |

| | Date | Name | Rate | Hours | Amount | Description |
|---|---|---|---|---|---|---|
| B E | 7/1/2022 | MARKUS, DAVID O. | $625 | 6 | $3,750 | July 2022: Review court order re scheduling and other filings; confer and strategize with counsel re upcoming deadlines, motion practice, and other issues; review and offer comments re draft motions; file motion for extension of time. |
| | 7/1/2022 | TURNER, KATHERINE M. | $700 | 0.3 | $210 | Reviewing court order; emails re the same. |
| B E | 7/1/2022 | KENDALL, DAVID E. | $700 | 4.2 | $2,940 | Draft, circulate and file extension of time motion; two conf. calls with defense counsel; contact Trump counsel and SD Fla. Clerk's office; legal research on time limits; draft agenda for July 5; five calls with other defense counsel. |
| | 7/5/2022 | TURNER, KATHERINE M. | $700 | 0.5 | $350 | Joint defense call re Trump MTD; follow-up emails re the same. |
| B | 7/5/2022 | KENDALL, DAVID E. | $700 | 1.7 | $1,190 | Conf. call with other defense counsel re new filing date and procedures for preparing consolidated motion; telecons and emails; work on our section of MTD. |
| B | 7/6/2022 | KENDALL, DAVID E. | $700 | 1.2 | $840 | Memo re possible procedure for MTD; telecon re filing motion for more pages; work on our section of MTD; review ███ section. |
| B | 7/7/2022 | KENDALL, DAVID E. | $700 | 1.7 | $1,190 | Revise our SOL section of MTD - circulate; emails and conf. calls; report to client; ███████. |
| E | 7/7/2022 | TURNER, KATHERINE M. | $700 | 5.5 | $3,850 | Reviewing amended complaint; reviewing, editing draft brief. |
| | 7/8/2022 | KENDALL, DAVID E. | $700 | 1 | $700 | Calls, emails, work on MTD and more-pages motion. |
| | 7/8/2022 | TURNER, KATHERINE M. | $700 | 1 | $700 | Reviewing, editing HRC/other HRC defendants' insert for brief. |
| | 7/10/2022 | MESTITZ, MICHAEL J. | $450 | 2.3 | $1,035 | Review material. |
| B | 7/11/2022 | KENDALL, DAVID E. | $700 | 1.2 | $840 | Work on consolidated MTD; phone call with counsel; emails; drafting MTD. |
| | 7/11/2022 | MESTITZ, MICHAEL J. | $450 | 4.5 | $2,025 | Integrating codefendants' edits and sections into MTD; revising same. |
| B | 7/12/2022 | KENDALL, DAVID E. | $700 | 1.5 | $1,050 | Work on MTD; edit second draft; draft sections for ████████ ███████; phone calls and emails. |
| | 7/12/2022 | MESTITZ, MICHAEL J. | $450 | 1.6 | $720 | Editing defendant-specific sections of MTD. |
| | 7/13/2022 | MESTITZ, MICHAEL J. | $450 | 1.6 | $720 | Editing MTD draft; compiling codefendants' edits. |
| B | 7/13/2022 | KENDALL, DAVID E. | $700 | 2.2 | $1,540 | Re-draft sections of MTD; proofread; communication with Plaintiff's counsel; coordinate with other defense counsel; changes to MTD and fill-in section. |
| D | 7/13/2022 | TURNER, KATHERINE M. | $700 | 4.8 | $3,360 | Reviewing, editing MTD Trump amended complaint. |
| B | 7/14/2022 | KENDALL, DAVID E. | $700 | 2 | $1,400 | Analyze and coordinate many emails re final edits; communicate with Plaintiff's counsel; finalizing and file MTD. |
| B | 7/14/2022 | MESTITZ, MICHAEL J. | $450 | 7.9 | $3,555 | Proofing, cite-checking, editing, and inputting and checking tables; finalizing and filing MTD. |
| B | 7/15/2022 | MESTITZ, MICHAEL J. | $450 | 1 | $450 | Meet and confer call; follow-up re same; checking press coverage of MTD. |
| B | 7/15/2022 | KENDALL, DAVID E. | $700 | 1.2 | $840 | Video conference with Trump lawyers; review other Defendant's filings; telecons and emails. |
| | 7/21/2022 | TURNER, KATHERINE M. | $700 | 0.2 | $140 | Call w/ D. Kendall and M. Mestitz re Trump reply brief. |
| | 7/21/2022 | MESTITZ, MICHAEL J. | $450 | 0.7 | $315 | Call re Trump motion for extension and strategy; follow up re same. |
| B | 7/21/2022 | KENDALL, DAVID E. | $700 | 1 | $700 | Review recent Trump filings; draft opposition and set up phone call with other defense counsel; emails and telecons. |
| | 7/22/2022 | MESTITZ, MICHAEL J. | $450 | 1.1 | $495 | Drafting opposition to motion re scheduling order. |
| | 7/26/2022 | TURNER, KATHERINE M. | $700 | 0.1 | $70 | Call w/ D. Kendall re Trump reply brief. |
| | 7/26/2022 | MESTITZ, MICHAEL J. | $450 | 0.9 | $405 | Call and follow-up re Reply planning. |

| | Date | Name | Rate | Hours | Amount | Description |
|---|---|---|---|---|---|---|
| | 7/26/2022 | KENDALL, DAVID E. | $700 | 1 | $700 | Zoom call with 18 defense counsel re replies to Trump opposition to MTD; follow up emails and telecons. |
| B E | 8/1/2022 | MARKUS, DAVID O. | $625 | 7 | $4,375 | August 2022: Review and offer comments on opposition to motion to dismiss; review and email local rule regarding spacing; review and offer comments on reply memo; review and file unopposed motion for leave to file excess page limits; file reply; review other defendants' replies; confer with counsel. |
| | 8/4/2022 | MESTITZ, MICHAEL J. | $450 | 0.6 | $270 | Reviewing Trump opposition. |
| | 8/5/2022 | KENDALL, DAVID E. | $700 | 2.2 | $1,540 | Review Trump opposition to our MTD; memo to team re response. |
| B | 8/5/2022 | TURNER, KATHERINE M. | $700 | 1.2 | $840 | Reviewing proposed briefing plan; emails and phone calls w/ M. Mestitz re the same; joint defense call; update to D. Kendall re the same; reviewing, editing draft extension motion. |
| | 8/5/2022 | MESTITZ, MICHAEL J. | $450 | 0.3 | $135 | Joint Defense call. |
| | 8/5/2022 | MESTITZ, MICHAEL J. | $450 | 5.4 | $2,430 | Reviewing and analyzing Trump filings; preparing Reply. |
| | 8/6/2022 | KENDALL, DAVID E. | $700 | 1.2 | $840 | Review other Trump responses; begin drafting SOL response; emails. |
| | 8/6/2022 | MESTITZ, MICHAEL J. | $450 | 4.8 | $2,160 | Drafting Reply sections. |
| | 8/8/2022 | MESTITZ, MICHAEL J. | $450 | 2.3 | $1,035 | Revising draft Reply sections. |
| D | 8/9/2022 | TURNER, KATHERINE M. | $700 | 4 | $2,800 | Reviewing, editing reply brief in support of MTD Trump complaint. |
| D | 8/9/2022 | MESTITZ, MICHAEL J. | $450 | 4.2 | $1,890 | Combining draft sections; revising draft Reply. |
| | 8/10/2022 | KENDALL, DAVID E. | $700 | 1.5 | $1,050 | Review and edit consolidated reply motion to Trump opposition; emails and telecons. |
| | 8/10/2022 | TURNER, KATHERINE M. | $700 | 0.5 | $350 | Joint defense call re reply brief; emails re reply brief. |
| | 8/10/2022 | MESTITZ, MICHAEL J. | $450 | 0.3 | $135 | Joint defense call. |
| | 8/10/2022 | MESTITZ, MICHAEL J. | $450 | 4 | $1,800 | Proofing, cite-checking, and revising Reply; integrating edits from defense group. |
| | 8/11/2022 | KENDALL, DAVID E. | $700 | 1 | $700 | Final review of reply, edits and proof; emails. |
| | 8/11/2022 | TURNER, KATHERINE M. | $700 | 1 | $700 | Reviewing, editing reply brief in support of MTD Trump complaint. |
| D | 8/11/2022 | MESTITZ, MICHAEL J. | $450 | 3.2 | $1,440 | Finalizing and filing reply brief. |
| B E | 9/1/2022 | MARKUS, DAVID O. | $625 | 5 | $3,125 | September 2022: Review numerous pleadings, including government response and plaintiff's opposition; review court order dismissing case; research sanctions issues. |
| B | 9/9/2022 | KENDALL, DAVID E. | $700 | 1.5 | $1,050 | Emails & telecons; analyze Judge Middlebrooks' 65 page opinion; begin organizing defense counsel for sanctions motion. |
| | 9/9/2022 | MESTITZ, MICHAEL J. | $450 | 1.2 | $540 | Reviewing opinion and emailing re same; legal research. |
| | 9/10/2022 | MESTITZ, MICHAEL J. | $450 | 1.5 | $675 | Legal research and motion outline. |
| | 9/11/2022 | MESTITZ, MICHAEL J. | $450 | 2 | $900 | Legal research and motion outline. |
| | 9/12/2022 | KENDALL, DAVID E. | $700 | 0.7 | $490 | Telecons and emails review decision; draft and circulate agenda for defense counsel call on sanctions. |
| | 9/12/2022 | MESTITZ, MICHAEL J. | $450 | 0.4 | $180 | Call with DEK and follow-up tasks. |
| | 9/12/2022 | MESTITZ, MICHAEL J. | $450 | 3.4 | $1,530 | Drafting sanctions motion. |
| | 9/13/2022 | KENDALL, DAVID E. | $700 | 2 | $1,400 | Begin drafting sanctions motion; legal research; telecons & emails; conf call with 25 defense counsel. |
| | 9/13/2022 | MESTITZ, MICHAEL J. | $450 | 0.6 | $270 | Joint defense call and follow-up notes. |
| | 9/13/2022 | TURNER, KATHERINE M. | $700 | 0.5 | $350 | Prepare for, participate in joint defense call re motion for sanctions. |
| | 9/15/2022 | KENDALL, DAVID E. | $700 | 1 | $700 | Telecons & emails; research on sanctions motion. |
| | 9/16/2022 | KENDALL, DAVID E. | $700 | 1 | $700 | Research and begin drafting sanctions motion in Trump v. Clinton et al. |
| E | 9/18/2022 | MESTITZ, MICHAEL J. | $450 | 7.4 | $3,330 | Joint defense call and follow-up notes. |

| | Date | Name | Rate | Hours | Amount | Description |
|---|---|---|---|---|---|---|
| B | 9/19/2022 | KENDALL, DAVID E. | $700 | 2.2 | $1,540 | Review and revise 1st draft of sanctions motion; edit; check records; research on SD Florida local rules; circulate draft and cover email to Defendants counsel group. |
| | 9/19/2022 | TURNER, KATHERINE M. | $700 | 2 | $1,400 | Reviewing, editing motion for sanctions; emails w/ team re the same. |
| | 9/20/2022 | KENDALL, DAVID E. | $700 | 0.7 | $490 | Edit motion for sanctions; legal research; telecons re motion. |
| | 9/21/2022 | KENDALL, DAVID E. | $700 | 1 | $700 | Review and incorporate defense counsel's suggestions to master sanctions motion. |
| | 9/21/2022 | MESTITZ, MICHAEL J. | $450 | 0.5 | $225 | Team call and follow-up. |
| | 9/21/2022 | TURNER, KATHERINE M. | $700 | 0.2 | $140 | Call w/ D. Kendall and M. Mestitz re motion for sanctions. |
| | 9/22/2022 | MESTITZ, MICHAEL J. | $450 | 3.6 | $1,620 | Revising draft sanctions motion. |
| | 9/22/2022 | TURNER, KATHERINE M. | $700 | 1 | $700 | Reviewing, editing motion for sanctions. |
| | 9/23/2022 | MESTITZ, MICHAEL J. | $450 | 1 | $450 | Revising draft sanctions motion; emailing re same. |
| | 9/26/2022 | KENDALL, DAVID E. | $700 | 0.7 | $490 | Work on sanctions motion and legal research. |
| | 9/26/2022 | MESTITZ, MICHAEL J. | $450 | 1.1 | $495 | Research and drafting re sanctions declaration. |
| B | 9/27/2022 | KENDALL, DAVID E. | $700 | 1.5 | $1,050 | Work on sanctions template declaration from defense counsel; legal research; draft memo to other defense counsel and agenda for conference call. |
| | 9/27/2022 | TURNER, KATHERINE M. | $700 | 0.1 | $70 | Reviewing draft email to joint defense group re motion for sanctions. |
| | 9/27/2022 | MESTITZ, MICHAEL J. | $450 | 1.6 | $720 | Prep; call with DEK; follow-up re declaration and costs. |
| | 9/28/2022 | KENDALL, DAVID E. | $700 | 1 | $700 | Zoom call with about 25 other defense lawyers re sanctions motion; telecons, emails and follow-up. |
| | 9/28/2022 | TURNER, KATHERINE M. | $700 | 0.3 | $210 | Joint defense call re motion for sanctions. |
| | 9/28/2022 | MESTITZ, MICHAEL J. | $450 | 0.5 | $225 | Joint call and prep re same; follow-up. |
| | 9/29/2022 | KENDALL, DAVID E. | $700 | 0.7 | $490 | Research and work on DEK fees affidavit; telecons with other defendants' counsel. |
| | 9/29/2022 | TURNER, KATHERINE M. | $700 | 0.1 | $70 | Emails w/ team re motion for sanctions. |
| | 9/30/2022 | KENDALL, DAVID E. | $700 | 0.7 | $490 | Revise & redraft DEK declaration re fees & costs sought; memo to client. |

# Objection Breakdown - Clinton

| Entry No. | Page # | Block | Duplicative | Excessive | Vague | Total |
|-----------|--------|-------|-------------|-----------|-------|-------|
| 1 | 19 | $1,400.00 | | | | |
| 2 | 19 | $700.00 | | | | |
| 3 | 19 | $1,050.00 | | | | |
| 4 | 19 | $9,375.00 | | | | |
| 5 | 19 | | $900.00 | | | |
| 6 | 19 | $1,050.00 | | | | |
| 7 | 19 | $1,050.00 | | | | |
| 8 | 19 | $2,450.00 | | | | |
| 9 | 19 | | | $1,170.00 | | |
| 10 | 19 | | $495.00 | | | |
| 11 | 20 | $1,050.00 | | | | |
| 12 | 20 | $1,400.00 | | | | |
| 13 | 20 | $1,050.00 | | | | |
| 14 | 20 | $700.00 | | | | |
| 15 | 20 | | $2,430.00 | | | |
| 16 | 20 | $840.00 | | | | |
| 17 | 20 | | $990.00 | | | |
| 18 | 20 | | $495.00 | | | |
| 19 | 20 | $1,260.00 | | | | |
| 20 | 20 | $700.00 | | | | |
| 21 | 20 | $840.00 | | | | |
| 22 | 20 | $700.00 | | | | |
| 23 | 20 | $6,250.00 | | | | |
| 24 | 21 | $5,000.00 | | | | |
| 25 | 21 | $1,050.00 | | | | |
| 26 | 21 | $840.00 | | | | |
| 27 | 21 | $700.00 | | | | |
| 28 | 21 | $700.00 | | | | |
| 29 | 21 | $1,400.00 | | | | |
| 30 | 21 | $2,100.00 | | | | |
| 31 | 21 | $1,190.00 | | | | |
| 32 | 21 | $1,400.00 | | | | |
| 33 | 22 | $3,750.00 | | | | |
| 34 | 22 | $2,940.00 | | | | |
| 35 | 22 | $1,190.00 | | | | |
| 36 | 22 | $840.00 | | | | |
| 37 | 22 | $1,190.00 | | | | |
| 38 | 22 | | | $3,850.00 | | |
| 39 | 22 | $840.00 | | | | |
| 40 | 22 | $1,050.00 | | | | |
| 41 | 22 | $1,540.00 | | | | |
| 42 | 22 | | $3,360.00 | | | |
| 43 | 22 | $1,400.00 | | | | |
| 44 | 22 | $3,555.00 | | | | |
| 45 | 22 | $450.00 | | | | |
| 46 | 22 | $840.00 | | | | |

| 47 | 22 | $700.00 | | | | |
| 48 | 23 | $4,375.00 | | | | |
| 49 | 23 | $840.00 | | | | |
| 50 | 23 | | $2,800.00 | | | |
| 51 | 23 | | $1,890.00 | | | |
| 52 | 23 | | $1,440.00 | | | |
| 53 | 23 | $3,125.00 | | | | |
| 54 | 23 | $1,050.00 | | | | |
| 55 | 23 | | | $3,330.00 | | |
| 56 | 24 | $1,540.00 | | | | |
| 57 | 24 | $1,050.00 | | | | |
| **Total** | | **$78,510.00** | **$14,800.00** | **$8,350.00** | **$0.00** | **$101,660.00** |

26

**Fees incured from Complaint to initial MTD**

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| David E. Kendall | $700/ hour | 21 | $14,700.00 |
| Katherine M. Turner | $700/ hour | 8 | $5,600.00 |
| Michael J. Mestitz | $450/ hour | 34 | $15,300.00 |
| David Oscar Markus | $625/ hour | 15 | $9,375.00 |
| **Total** | | | **$44,975.00** |

**Fees incured initial MTD to dismissal**

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| David E. Kendall | $700/ hour | 54.1 | $37,870.00 |
| Katherine M. Turner | $700/ hour | 23.4 | $16,380.00 |
| Michael J. Mestitz | $450/ hour | 58 | $26,100.00 |
| David Oscar Markus | $625/ hour | 31 | $19,375.00 |
| **Total** | | | **$99,725.00** |

**Fees incured to date on sactions motion**

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| David E. Kendall | $700/ hour | 14.7 | $10,290.00 |
| Katherine M. Turner | $700/ hour | 4.2 | $2,940.00 |
| Michael J. Mestitz | $450/ hour | 24.8 | $11,160.00 |
| David Oscar Markus | $625/ hour | 5 | $3,125.00 |
| **Total** | | | **$27,515.00** |

|  |  |
|---|---|
| **Total Fees Incurred** | $172,215.00 |
| **Total Objections** | $101,660.00 |
| **New Fees Incurred =** | $70,555.00 |

|  |  |
|---|---|
| **Exhibit B:** | $172,215.00 |
| **Total Fees Incurred =** | **$172,215.00** |
| **Total Objections** | $101,660.00 |
| **New Fees Incurred =** | **$70,555.00** |

27

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Donald J. Trump,

          Plaintiff,

    v.

Hillary R. Clinton *et al.*,

          Defendants.

Civil Action No. 2:22-14102-DMM

**DECLARATION OF ROBERT P. TROUT IN SUPPORT OF
DEFENDANTS' MOTION FOR SANCTIONS AND FEES**

I, Robert P. Trout, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.      I am a Of Counsel at Schertler Onorato Mead & Sears, LLP, counsel of record for HFACC, Inc. and John Podesta in the above captioned matter. Prior to joining my current firm in March 2021, I was a partner in my own firm, Trout Cacheris & Solomon, which I founded in 1996 upon leaving the DC office of Holland & Knight, where I was a partner. I have been engaged in the practice of law since 1973.

2.      Attached as Exhibit A are the law firm website biographies of the attorneys at Schertler Onorato Mead & Sears, LLP for whom HFACC, Inc. and John Podesta seek attorneys fees. The biographies reflect the professional qualifications of those attorneys.

3.      Schertler Onorato Mead & Sears, LLP entered into retention agreements with HFACC, Inc. and John Podesta covering the present litigation. HFACC, Inc. and John Podesta agreed to pay all of Schertler Onorato Mead & Sears, LLP's costs, fees, and expenses incurred in connection with the present suit, and agreed to pay the firm's customary rates, which for this matter are $1,000 per hour for partners, $600 per hour for associates, and $150 per hour for paralegals.

4.      Attached as Exhibit B is a true and correct copy of the hours worked by counsel for

1

HFACC, Inc. and John Podesta. HFACC, Inc. and John Podesta are not seeking reimbursement for the attorneys' customary hourly rates described in Paragraph 3. Instead, HFACC, Inc. and John Podesta seek fees at discounted hourly rate for the attorneys as described in Exhibit B and below. These discounted hourly rates are consistent with the rates this Court concluded were reasonable in *Celsius Holdings, Inc v. A SHOC Beverage, LLC*, No. 21-cv-80740, 2022 WL 3568042 (July 19, 2022). Exhibit B also provides an accurate statement of the work provided by Schertler Onorato Mead & Sears, LLP, during the periods for which discounted fees are sought.

5.     Consistent with the discussion in the Memorandum in Support of Sanctions and the information provided in Exhibit B, I summarize below in Charts A, B, and C the fees associated with three different phases of the case: the fees incurred from the filing of the initial complaint to the filing of HFACC, Inc.'s and John Podesta's initial motions to dismiss; the fees incurred between the filing of HFACC, Inc.'s and John Podesta's motions to dismiss to the Court's order dismissing the suit; and the fees incurred to date in connection with the motion for sanctions.[1]

6.     As reflected in Chart A, the discounted fees incurred by HFACC, Inc. and John Podesta from the filing of the initial complaint to the filing of HFACC, Inc.'s and John Podesta's initial motions to dismiss total $2,343.

7.     As reflected in Chart B, the discounted fees incurred by HFACC, Inc. and John Podesta from the filing of HFACC, Inc.'s and John Podesta's initial motions to dismiss to this Court's dismissal of the suit total $13,406.

8.     As reflected in Chart C, the discounted fees incurred by HFACC, Inc. and John Podesta in connection with the motion for sanctions, to date, total $4,600.

---

[1] The fees reflected in Exhibit B and summarized in charts A, B, and C do not include fees incurred in this matter that are reflected in block billing entries that include activities for other matters for which my firm was engaged to represent HFACC, Inc.

**Chart A: Fees incurred from Complaint to initial MTD**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Robert P. Trout (Partner) | $700 | 0 | 0 |
| Paola Pinto (Associate) | $450 | 4.7 | $2,115 |
| Sarah Wilson (Paralegal) | $120 | 1.9 | $228 |

**Chart B: Fees incurred initial MTD to dismissal**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Robert P. Trout (Partner) | $700 | 14 | $9,800 |
| Paola Pinto (Associate) | $450 | 6.6 | $2,970 |
| Natalie Henriquez (Paralegal) | $120 | 5.3 | $636 |

**Chart C: Fees incurred to date on sanctions motion**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Robert P. Trout (Partner) | $700 | 2.2 | $1,540 |
| Paola Pinto (Associate) | $450 | 6.8 | $3,060 |

9.     I believe that the discounted rates claimed are reasonable given the professional qualifications of the billers as evidenced in Exhibit A for the Southern District of Florida market and given the rates approved by this Court in *Celsius*.

10.     Consistent with local Rule 7.3, counsel sent the motion papers and exhibits to Plaintiff's counsel on [DATE].  [FILL IN RESULT OF CONFERRAL].

 /s/
_____

Robert P. Trout

# Exhibit A



CONTACT US

# ROBERT P. TROUT



## ROBERT P. TROUT

### OF COUNSEL

✉ rtrout@schertlerlaw.com
☎ (202) 628-4199
▣ Vcard
in Linkedin

**EDUCATION:**

University of Virginia School of Law
Washington & Lee University

**BAR ADMISSIONS:**

District of Columbia
Maryland
Virginia

**PRACTICE FOCUS:**

› White-Collar Criminal Defense
& Government Investigations

› Securities Litigation &
Enforcement

› Civil Litigation

› Antitrust Litigation and
Enforcement





## OVERVIEW　　　　　　　　　　　　　　　　　　　　　—

Robert P. Trout has over 40 years' experience in civil and criminal litigation. His practice has concentrated primarily on complex commercial litigation and white-collar criminal defense, as well as the defense of administrative agency enforcement actions. He began his legal career at the Department of Justice, where he served for two years in the Criminal Division, followed by four years as an Assistant United States Attorney in

Baltimore, Maryland. Mr. Trout served as Associate Deputy Independent Counsel in 1995-96. In 1996, he founded Trout Cacheris & Solomon PLLC, where he practiced until joining Schertler Onorato Mead & Sears in 2021.

## EXPERIENCE   &minus;

Representative matters:

Representation of individuals in investigations by Special Counsel Mueller and by Senate and House Intelligence Committees.

Representation of a Member of Congress in Constitutional challenge to the first ever FBI search of a Congressional office.

Defense of former Congressman, in eight-week jury trial, in major public corruption case involving allegations of bribery, honest services fraud and FCPA violations. After the Supreme Court decision in United States v. McDonnell, we brought a Section 2255 motion that resulted in the vacation of most counts of conviction and a substantial reduction in sentence.

Successful defense, in a two-week jury trial, of the CEO of a government contracting firm against charges of bribery of a public official and honest services wire fraud.

Representation of Special Committee of the Board of Directors regarding Department of Justice investigation of a company's alleged distribution of adulterated food products.

Representation of former CIA agent in criminal prosecution for leaking classified information.

Representation of BP employee in criminal investigation stemming from Deepwater Horizon explosion.

Defense of Merrill Lynch investment banker in Congressional investigation, criminal investigation, SEC suit, NYSE investigation, and civil suits arising from collapse of Enron.

Representation of major law firm in defense of legal malpractice suits.

Served as Special Counsel to the Council of the District of Columbia investigating allegations of cronyism and irregularities in the contracting practices of the D.C. Department of Parks and Recreation.

Defense of a former Fannie Mae employee in a DOJ civil False Claims Act investigation into transactions involving multi-million dollar apartment complexes.

Defense of large construction company and its principal in civil and criminal false claims investigations.

Defense of mortgage broker in criminal fraud prosecution.

Defense of individuals in criminal pharmaceutical case involving misbranded drugs.

Representation of individuals in major antitrust investigations, including those alleged to be involved in international price-fixing cartels.

Defense of a commercial landlord in civil false claims litigation brought by the District of Columbia.

Representation of a major manufacturer in antitrust civil suits concerning alleged price-fixing in urethanes chemicals and in the foam industry.

Representation of companies and individuals in suits alleging that departing employees misappropriated trade secrets and proprietary information and tortiously interfered with contracts.

## BACKGROUND ―

One of the original members of the Steering Committee of the Litigation Section of the District of Columbia Bar, Mr. Trout served as Chair of the Litigation Section in 1984-85. He previously served for six years, including one year as Chair, on the Attorney Grievance Committee of the United States District Court for the District of Columbia. He recently served as a member of the American Bar Association Standing Committee on the Federal Judiciary, which conducts evaluations of the professional qualifications of nominees to the federal bench. He has been active in the DC Bar's efforts to promote alternative dispute resolution ("ADR") and he has served as a volunteer mediator for both the United States District Court and the District of Columbia Superior Court. Mr. Trout is a member of the bars of the District of Columbia, Virginia, and Maryland, and he is admitted to practice before a number of federal courts, including the U.S. Supreme Court, the U.S. Court of Appeals for the D.C. Circuit, the Fourth Circuit, the Third Circuit, the Seventh Circuit, the Ninth Circuit, the Tenth Circuit, and the Federal Circuit, as well as the U.S. Tax Court.

## RECOGNITION ―

Mr. Trout is a Fellow of the American College of Trial Lawyers, and he has served as Chair of the College's State Committee for the District of Columbia. He is listed in The Best Lawyers in America in four categories (White Collar Criminal Defense, Bet-the-Company Litigation, Commercial Litigation, and Securities Litigation), and he is also listed in Super Lawyers, Chambers USA Guide America's Leading Lawyers for Business, and Washingtonian Magazine's Top Lawyers.



CONTACT US

# PAOLA PINTO



## PAOLA PINTO
### ASSOCIATE

✉ ppinto@schertlerlaw.com
☎ (202) 628-4199
▦ Vcard
in Linkedin

**EDUCATION:**
Georgetown University Law Center
The George Washington University

**BAR ADMISSIONS:**
Florida
District of Columbia

**PRACTICE FOCUS:**

› White-Collar Criminal Defense & Government Investigations
› Criminal Defense
› Civil Litigation

## OVERVIEW —

Paola Pinto joined Schertler & Onorato, LLP in 2019 as an associate. Before joining the firm, Ms. Pinto clerked for the Honorable Mathew J. Fader, Chief Judge of the Maryland Court of Special Appeals. Ms. Pinto is a native Spanish speaker and is proficient in French.

## EXPERIENCE —

Representative Matters:

- Represented employees of an international pharmaceutical company in an investigation by the Department of Justice.

- Represented former employee of multinational food and beverage corporation in an investigation by the Securities and Exchange Commission.

- Represented students in Title IX investigations by various Universities.

- Represented advertising agency as a defendant in multiple civil lawsuits.

## BACKGROUND  —

Ms. Pinto is a 2018 cum laude graduate of Georgetown University Law Center, where she was a member of the Appellate Litigation Clinic. She received her undergraduate degree, cum laude, in Political Science from The George Washington University.

Ms. Pinto's prior experience includes a clerkship with the Maryland Court of Special Appeals, as well as appellate work before a United States Court of Appeals and Board of Immigration Appeals. During law school, she completed legal externships in the Mexico City office of a global law firm and in the general counsel's office of a multinational company. In both roles, she regularly worked on legal matters in English and in Spanish.

# ATTORNEYS

The attorneys of Schertler Onorato Mead & Sears bring deep experience, practical judgment, and vigorous advocacy to the matters we handle. Our lawyers include former federal prosecutors, former members of the Antitrust and Tax Divisions of the Department of Justice, and a former Assistant to the Solicitor General. We have tried cases large and small, have briefed and argued numerous appeals, and also have the skill and acumen to negotiate resolutions of matters when it is in the best interests of our clients.  More detailed biographies of our attorneys are accessible below.

### PARTNERS

David Schertler
Danny C. Onorato
Christopher B. Mead
Stuart A. Sears
Amy Conway-Hatcher
David H. Dickieson
Habib F. Ilahi
Lisa Manning

### OF COUNSEL

Lisa H. Schertler
Tara N. Tighe
Robert P. Trout

### ASSOCIATES

Noah J. Cherry
Paola Pinto



EXPERIENCE.

JUDGMENT.

RESULTS.

To learn more about Schertler Onorato Mead & Sears

CONTACT US

# Exhibit B

SCHERTLER ONORATO MEAD & SEARS – Hillary for America (HFACC) Billing Entries[1]

| Date | Timekeeper | Discounted Rate | Time | Amount Claimed | Description |
|------|-----------|-----------------|------|----------------|-------------|
| 4/29/2022 | Pinto, Paola | $450 | 0.5 | $225 | Drafting Motion to appear pro hac vice. |
| 5/2/2022 | Pinto, Paola | $450 | 2.5 | $1,125 | Drafting motion to dismiss. |
| 5/10/2022 | Wilson, Sarah | $120 | 1.3 | $156 | Reviewing Trump civil suit on behalf of Ms. Pinto. |
| 5/11/2022 | Wilson, Sarah | $120 | 0.6 | $72 | Compiling list of accusations related to HFA in Trump's civil complaint on behalf of Ms. Pinto. |
| 5/12/2022 | Pinto, Paola | $450 | 1.7 | $765 | Revising and editing motion to dismiss Trump suit; reviewing other filings in civil litigation; communications with Mr. Trout. |
| 6/2/2022 | Pinto, Paola | $450 | 0.5 | $225 | Hearing on Trump lawsuit. |
| 6/2/2022 | Trout, Robert P. | $700 | 0.5 | $350 | Participate in status conference for Trump civil suit. |
| 6/14/2022 | Trout, Robert P. | $700 | 0.1 | $70 | Review and respond to correspondence among joint defense group regarding Trump lawsuit. |
| 6/27/2022 | Trout, Robert P. | $700 | 0.6 | $420 | Review correspondence from Kendall relating to response to amended complaint; telephone conference with Pinto; telephone conference with Kendall. |
| 7/1/2022 | Trout, Robert P. | $700 | 0.4 | $280 | Zoom conference with common interest group. |
| 7/5/2022 | Pinto, Paola | $450 | 0.2 | $90 | Telephone conference with counsel for other defendants in Trump lawsuit. |
| 7/8/2022 | Trout, Robert P. | $700 | 0.3 | $210 | Review of correspondence and drafts of motion for additional pages. |
| 7/9/2022 | Trout, Robert P. | $700 | 1.5 | $1,050 | Review and edit draft of motion to dismiss; review correspondence and draft from Debevoise regarding Mook; correspondence with Kendall. |
| 7/10/2022 | Trout, Robert P. | $700 | 0.8 | $560 | Review correspondence and draft re Sullivan; correspondence with Kendall and Pinto; correspondence with Podesta. |

---

[1] Not including fees incurred in this matter that are reflected in block billing entries that include activities for other matters for which Schertler Onorato Mead & Sears was engaged to represent HFACC, Inc.

| Date | Timekeeper | Discounted Rate | Time | Amount Claimed | Description |
|------|-----------|----------------|------|---------------|-------------|
| 7/11/2022 | Henriquez, Natalie | $120 | 1.5 | $180 | Preparing document for allegations against Mr. Podesta. |
| 7/11/2022 | Pinto, Paola | $450 | 2.5 | $1,125 | Telephone conference with other counsel regarding motion to dismiss; legal research regarding First Amendment: reviewing amended complaint |
| 7/11/2022 | Trout, Robert P. | $700 | 2.3 | $1,610 | Conference call with Kendall and counsel for Mook and Sullivan; legal research; review motion for more pages; telephone conference with Pinto regarding motion to dismiss correspondence with Pinto; telephone conference with Podesta; work on motion dismiss. |
| 7/12/2022 | Henriquez, Natalie | $120 | 3.8 | $456 | Preparing notes on RICO Conspiracy and protections afforded to political speech for Mr. Podesta. |
| 7/12/2022 | Trout, Robert P. | $700 | 3.2 | $2,240 | Work on motion to dismiss; correspondence with Pinto; correspondence with Kendall; correspondence with Baker and Podesta. |
| 7/13/2022 | Pinto, Paola | $450 | 0.9 | $405 | Communications with Mr. Trout; reviewing draft motion to dismiss complaint in Trump lawsuit. |
| 7/13/2022 | Trout, Robert P. | $700 | 0.8 | $560 | Telephone conference with Kendall; correspondence with Pinto; review draft motion to dismiss; correspondence with Baker and Podesta. |
| 7/21/2022 | Trout, Robert P. | $700 | 0.1 | $70 | Correspondence with Kendall. |
| 7/26/2022 | Pinto, Paola | $450 | 0.7 | $315 | Joint defense conference regarding Trump suit; drafting memorandum of the same; discussions with Mr. Trout. |
| 7/26/2022 | Trout, Robert P. | $700 | 0.2 | $140 | Conference and correspondence with Pinto; review correspondence from Pinto; review correspondence from Mestitz. |
| 8/5/2022 | Pinto, Paola | $450 | 1.5 | $675 | Review opposition to motion to dismiss; joint defense conference call regarding Trump suit. |
| 8/9/2022 | Trout, Robert P. | $700 | 2 | $1,400 | Review of draft reply; correspondence with Williams & Connolly with suggested edits; correspondence with clients. |
| 8/10/2022 | Pinto, Paola | $450 | 0.3 | $135 | Joint defense conference on Trump suit; reviewing draft reply. |

| Date | Timekeeper | Discounted Rate | Time | Amount Claimed | Description |
|------|-----------|-----------------|------|----------------|-------------|
| 8/10/2022 | Trout, Robert P. | $700 | 0.3 | $210 | Prepare for and participate in joint defense call. |
| 8/11/2022 | Trout, Robert P. | $700 | 0.8 | $560 | Review of revised draft of reply; correspondence with clients. |
| 8/15/2022 | Trout, Robert P. | $700 | 0.1 | $70 | Correspondence to client. |
| 9/13/2022 | Pinto, Paola | $450 | 0.8 | $360 | Joint defense zoom conference on Trump suit. |
| 9/13/2022 | Trout, Robert P. | $700 | 0.5 | $350 | Conference call regarding sanctions. |
| 9/15/2022 | Trout, Robert P. | $700 | 0.2 | $140 | Telephone conference with Kendall. |
| 9/19/2022 | Pinto, Paola | $450 | 0.3 | $135 | Reviewing sanctions motion. |
| 9/23/2022 | Trout, Robert P. | $700 | 0.3 | $210 | Correspondence with Kendall regarding sanctions motion; review and respond to correspondence from Kendall regarding sanctions motion. |
| 9/28/2022 | Pinto, Paola | $450 | 0.3 | $135 | Telephone conference with Joint Defense group on Trump Lawsuit. |
| 9/28/2022 | Trout, Robert P. | $700 | 0.8 | $560 | Telephone conference with Kendall. Prepare for conference call and review of draft declaration; legal research; conference call with common interest group; telephone conference with Kendall. |
| 9/28/2022 | Pinto, Paola | $450 | 5.4 | $2,430 | Drafting declaration in support of sanctions motion in Trump Lawsuit; reviewing March through August billing entries regarding Trump Lawsuit to support sanctions declaration; drafting exhibits to sanctions declaration; communications with Mr. Trout. |
| 10/2/2022 | Trout, Robert P. | $700 | 0.4 | $280 | Review and revise draft declaration on fees. |

B

| Entry No. | Page # | Block | Duplicative | Excessive | Vague | Total |
|:---------:|:------:|------:|:-----------:|:---------:|:-----:|------:|
| 1 | 13 | $765.00 | | | | |
| 2 | 13 | $1,050.00 | | | | |
| 3 | 14 | $1,125.00 | | | | |
| 4 | 14 | $1,610.00 | | | | |
| 5 | 14 | $2,240.00 | | | | |
| 6 | 14 | $1,400.00 | | | | |
| 7 | 15 | $2,430.00 | | | | |
| **Total** | | **$10,620.00** | **$0.00** | **$0.00** | **$0.00** | **$10,620.00** |

**Fees incured from Complaint to initial MTD**

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Robert P. Trout | $700/ hour | 0 | $0.00 |
| Paola Pinto | $450/ hour | 4.7 | $2,115.00 |
| Sarah Wilson | $120/ hour | 1.9 | $228.00 |
| Total | | | $2,343.00 |

**Fees incured initial MTD to dismissal**

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Robert P. Trout | $700/ hour | 14 | $9,800.00 |
| Paola Pinto | $450/ hour | 6.6 | $2,970.00 |
| Natalie Henriquez | $120/ hour | 5.3 | $636.00 |
| Total | | | $13,406.00 |

**Fees incured to date on sactions motion**

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Robert P. Trout | $700/ hour | 2.2 | $1,540.00 |
| Paola Pinto | $450/ hour | 6.8 | $3,060.00 |
| Total | | | $4,600.00 |

| | |
|---|---|
| **Total Fees Incurred** | $20,349.00 |
| **Total Objections** | $10,620.00 |
| **New Fees Incurred =** | **$9,729.00** |

| | |
|---|---|
| **Exhibit B:** | $20,349.00 |
| **Total Fees Incurred =** | **$20,349.00** |
| **Total Objections** | $10,620.00 |
| **New Fees Incurred =** | **$9,729.00** |

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Donald J. Trump,

        Plaintiff,

   v.

Hillary R. Clinton *et al.*,

        Defendants.

Civil Action No. 2:22-14102-DMM

**DECLARATION OF WENDY B. REILLY IN SUPPORT OF
DEFENDANTS' MOTION FOR SANCTIONS AND FEES**

    I, Wendy B. Reilly, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

    1.     I am a counsel at Debevoise & Plimpton LLP ("Debevoise"), counsel of record for Robert Mook in the above-captioned matter.

    2.     Mr. Mook retained Debevoise to represent him in connection with the present litigation. Attached as Exhibit A are the law firm website biographies of the attorneys at Debevoise for whom Mr. Mook seeks attorneys' fees: partner Andrew J. Ceresney, counsel Wendy B. Reilly, senior associate Isabela Garcez, and associate Alexa Busser Lopez. The biographies reflect the professional qualifications of these attorneys.

    3.     Attached as Exhibit B is a true and correct copy of the hours worked by counsel for Mr. Mook for whom he seeks attorneys' fees. Mr. Mook is not seeking reimbursement for the aforementioned attorneys' customary hourly rates. Instead, Mr. Mook seeks fees at discounted hourly rates, as described in Exhibit B and below. These discounted hourly rates are consistent with the rates this Court concluded were reasonable in *Celsius Holdings, Inc v. A SHOC Beverage, LLC*, No. 21-cv-80740, 2022 WL 3568042 (July 19, 2022). Exhibit B also provides an accurate statement of the work provided by Debevoise during the periods for which fees are sought.

1

4.     Consistent with the discussion in the Memorandum in Support of Sanctions and the information provided in Exhibit B, I summarize below in Charts A, B, and C the fees associated with three different phases of the case:  the fees incurred from the filing of the initial complaint to the filing of Mr. Mook's initial motion to dismiss; the fees incurred between the filing of Mr. Mook's initial motion to dismiss to the Court's order dismissing the suit; and the fees incurred to date in connection with the motion for sanctions.

5.     As reflected in Chart A, the discounted fees incurred from the filing of the initial complaint to the filing of Mr. Mook's initial motion to dismiss total $36,312.50.

6.     As reflected in Chart B, the discounted fees incurred from the filing of Mr. Mook's initial motion to dismiss to this Court's dismissal of the suit total $24,193.50.

7.     As reflected in Chart C, the discounted fees incurred in connection with the motion for sanctions, to date, total $9,105.

**Chart A:  Discounted Fees incurred from Complaint to initial MTD**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Andrew J. Ceresney | $700 | 2.2 hours | $1,540.00 |
| Wendy B. Reilly | $550 | 20.8 hours | $11,440.00 |
| Isabela Garcez | $450 | 35.6 hours | $16,020.00 |
| Alexa Busser Lopez | $375 | 19.5 hours | $7,312.50 |

**Chart B:  Discounted Fees incurred from initial MTD to dismissal**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Wendy B. Reilly | $550 | 26.0 hours | $14,300.00 |
| Isabela Garcez | $450 | 8.9 hours | $4,005.00 |
| Alexa Busser Lopez | $375 | 15.7 hours | $5,887.50 |

2

**Chart C:  Discounted Fees incurred to date on sanctions motion**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Wendy B. Reilly | $550 | 11.4 hours | $6,270.00 |
| Isabela Garcez | $450 | 2.3 hours | $1,035.00 |
| Alexa Busser Lopez | $375 | 4.8 hours | $1,800.00 |

8.      I believe that the discounted rates claimed are reasonable for the Southern District of Florida market given the professional qualifications of the billers as evidenced in Exhibit A and given the rates approved by this Court in *Celsius*.  These rates reflect 57%-66% discounts from these attorneys' customary rates.

9.      In connection with this case, counsel also incurred necessary costs for electronic legal research.  I understand that courts in this Circuit have held that legal research costs are not ordinarily taxable as costs under 28 U.S.C. § 1920, but are properly considered a component of attorneys' fees.  *Springer v. Convergy's Corp.*, No. 3:03-CV-302-J-99MCR, 2006 WL 8439203, at *2 (M.D. Fla. July 7, 2006).  As such, in addition to the discounted fees set out above, Mr. Mook requests an award of $597.08 incurred for electronic legal research.

10.      Consistent with local Rule 7.3, counsel sent the motion papers and exhibits to Plaintiff's counsel on October 5, 2022.  [RESULT OF CONFERRAL TO BE FILLED IN].

/s/
_____
Wendy B. Reilly

# EXHIBIT A



Andrew J. Ceresney
Partner, New York

aceresney@debevoise.com
+1 212 909 6947



# Andrew J. Ceresney
# Partner

## Andrew J. Ceresney is a partner in the New York office and Co-Chair of the Litigation Department.

Mr. Ceresney represents public companies, financial institutions, asset management firms, accounting firms, boards of directors, and individuals in federal and state government investigations and contested litigation in federal and state courts. Mr. Ceresney has many years of experience prosecuting and defending a wide range of white collar criminal and civil cases, having served in senior law enforcement roles at both the United States Securities and Exchange Commission and the U.S. Attorney's Office for the Southern District of New York. Mr. Ceresney also has tried and supervised many jury and non-jury trials and argued numerous appeals before federal and state courts of appeal.

Mr. Ceresney is ranked in the top band for Securities Enforcement by *Chambers USA* (2022), where he is lauded by fellow practitioners and clients as "incredibly smart," "the real deal," with "the right temperament to handle tough situations." He is said to be "very revered, very smart and well credentialed," and "at the top of his game." He has been described as "knock-your-socks-off impressive," "incredibly strategic," and has received further praise for being a "marquee name" in the market with a "compendious knowledge of the facts" and an "extraordinary memory." Mr. Ceresney was named to *Securities Docket's* 2020 "Enforcement 40," their list of the 40 best securities enforcement defense lawyers in the business. He receives further recognition from *Chambers USA* (2022) as a leading practitioner in White Collar Crime and Criminal Defense,

**Debevoise**
**&Plimpton**

Andrew J. Ceresney
Partner, New York

aceresney@debevoise.com
+1 212 909 6947

where clients have noted that he is "brilliant, strategic, thorough and thoughtful" and declare that "there is no better lawyer to have by your side." Sources have also credited his "unparalleled industry experience" and his "ability to bring insights and strategic advice." Mr. Ceresney is also recommended as a Leading Lawyer by *The Legal 500 US* (2022).

Prior to rejoining Debevoise in 2017, Mr. Ceresney served for nearly four years as the Director of Enforcement at the SEC under Chair Mary Jo White. In that role, he oversaw approximately 1,400 SEC personnel, supervising law enforcement efforts in 12 offices throughout the country, including matters related to financial reporting and accounting, asset management, insider trading, market structure, and the Foreign Corrupt Practices Act (FCPA). Under his leadership, the Division brought a record number of cases, including pathbreaking and significant cases across the entire spectrum of the securities industry. Mr. Ceresney also helped broaden the use of the SEC's analytical tools to detect and investigate financial misconduct, while enhancing the Enforcement Division's litigation capacity and improving morale. As Director of Enforcement, Mr. Ceresney worked closely with the high-level leadership of other regulators, including the Department of Justice, many U.S. Attorney's offices, CFTC, New York Attorney General, New York Department of Financial Services, FINRA and CFPB.

Prior to joining the SEC in 2013, Mr. Ceresney Co-Chaired the White Collar & Regulatory Defense Group at Debevoise. During that time, he represented various financial institutions, accounting firms, companies and individuals, including a major financial institution in investigations and litigation relating to origination, securitization and servicing of mortgages. Mr. Ceresney played an integral role in negotiating the historic $25 billion national mortgage settlement between the federal government, 49 state attorneys general and some of the country's largest banks. His practice focused on a wide range of issues, including securities-related and money laundering for financial institutions, and investigations and civil matters relating to accounting fraud, FCPA, valuation issues, complex financial instruments, insider trading and disclosure issues. He also handled matters involving the pharmaceutical industry, including government investigations of promotional practices and class action litigation.

Prior to joining Debevoise in 2003, Mr. Ceresney served as a Deputy Chief Appellate Attorney in the U.S. Attorney's Office for the Southern District of New York. During his tenure at the U.S. Attorney's Office, Mr. Ceresney was a member of the Securities and Commodities Fraud Task Force and the Major Crimes Unit and handled numerous white collar criminal investigations, trials and appeals, including matters relating to securities fraud, mail fraud, money

**Debevoise &Plimpton**

Andrew J. Ceresney
Partner, New York

aceresney@debevoise.com
+1 212 909 6947

laundering, public corruption and obstruction of justice.

Mr. Ceresney served as a law clerk to the Hon. Dennis Jacobs, formerly Chief Judge of the U.S. Court of Appeals for the Second Circuit from 1997 to 1998; and the Hon. Michael B. Mukasey, formerly Chief Judge of the U.S. District Court for the Southern District of New York, from 1996 to 1997. Mr. Ceresney received his J.D. in 1996, from Yale Law School, where he was essays editor of the *Yale Law Journal*. He obtained his B.A. *summa cum laude* Phi Beta Kappa, from Columbia University in 1993.

Mr. Ceresney is a member of the Board of Advisors of the Yale Law School Center for the Study of Corporate Law.

**Debevoise**
**& Plimpton**

Andrew J. Ceresney
Partner, New York

aceresney@debevoise.com
+1 212 909 6947

## ANDREW J. CERESNEY'S SELECT REPRESENTATIONS

### Financial Institutions

A large financial services institution in an SEC investigation focused on its share class selection and revenue sharing arrangements that resulted in a declination by the government.

JPMorgan Chase & Co. in federal and state investigations of mortgage servicing, foreclosure, and origination related issues, including in connection with $25 billion settlement with DOJ, State Attorneys General and other federal authorities.

A major insurer in SEC and DFS investigations related to financial reporting and internal controls issues.

A clearing firm and its subsidiaries in various SEC examination and enforcement matters.

A high-profile financial information content provider in an SEC investigation.

A large global hedge fund in an SEC investigation related to alleged Rule 105 violations.

A large hedge fund in an SEC investigation related to trading.

Robinhood in its SEC and FINRA settlements relating to best execution practices and payment for order flow.

A major financial institution in DOJ Mortgage Fraud Task Force, SEC and AG investigations of mortgage-backed securitizations.

JPMorgan Chase in investigations by several State Attorneys General and a federal regulator into credit card collections and debt sale practices.

UBS in federal and state regulatory investigations relating to auction-rate securities.

A leading financial institution in a Department of Justice investigation relating to alleged money laundering and Bank Secrecy Act violations.

A major investment bank in an internal investigation relating to mispricing of subprime securities and representation in follow-up government investigations.

A major accounting firm in a Public Company Accounting Oversight Board inquiry.

A national accounting firm in U.S. Attorney's Office and SEC investigations relating to collateralized debt obligations.

Major financial institutions on Anti-Money Laundering and Bank Secrecy Act compliance issues, including a review of Bank Secrecy Act compliance for these institutions.

JPMorgan Chase Bank, N.A. in civil lawsuits filed by the Massachusetts and New York attorneys general alleging consumer protection violations based upon the bank's use of the Mortgage Electronic Registration System and allegations that the banks foreclosed without proper standing.

### Technology, Media & Telecommunications

SolarWinds Corporation, a software developer, in its investigation of the December 2020 high profile cyber attack.

A global technology company in an SEC investigation involving revenue recognition and other accounting issues.

A real estate company in an SEC investigation and other regulatory inquiries.

A technology company in an SEC investigation related to key performance indicators.

A private equity firm in an SEC investigation focused on technology investments.

Time Warner Book Group and New York Times editor Timothy O'Brien in a libel action brought by Donald J. Trump relating to the publication of Mr. O'Brien's book "TrumpNation," which was dismissed on motion for summary judgment for failure to demonstrate actual malice.

A large media company in U.S. Attorney's Office investigation of alleged improper subscription practices.

### Cryptocurrency

Tether, Bitfinex and related entities in a putative class action relating to the sufficiency of reserves for Tether tokens.

Tether, Bitfinex and related entities in a putative class action asserting Commodities Exchange Act, antitrust and fraud claims based on alleged manipulation of the price of cryptocommodities.

A digital currency exchange in an NYAG inquiry.

Ripple with ongoing civil litigation in the Southern District of New York against the Securities and Exchange Commission regarding the legal and regulatory status of XRP.

A public company engaged in Bitcoin mining operations and blockchain investments in an SEC investigation.

### Healthcare

A pharmaceutical company in an SEC investigation of investor disclosures relating to FDA communications that resulted in a declination by the government.

A global pharmaceutical company in an SEC investigation.

Forest Laboratories in multi-district litigation class action suits arising from the marketing and promotion of Celexa and Lexapro.

Forest Laboratories and Forest Pharmaceuticals in the settlement of civil and criminal investigations led by the United States Department of Justice and the United States Attorney's Office for the District of Massachusetts, and related civil qui tam litigation, regarding marketing, promotional and other activities for its products Celexa, Lexapro and Levothroid.

A large hospital corporation in an insider trading investigation conducted by the U.S. Attorney's Office and SEC.

### Conglomerates

A global shoe and apparel company in a federal corruption investigation.

A Brazilian industrial company in an FCPA investigation.

A major international conglomerate in conducting FCPA due diligence on numerous M&A transactions.

An internal review for the Audit Committee of BG Group relating to issues arising in an investigation by Italian authorities into allegations of corruption in a project in Brindisi, Italy.

**Debevoise & Plimpton**

Andrew J. Ceresney
Partner, New York

aceresney@debevoise.com
+1 212 909 6947

**A large, multinational company** on compliance with the Foreign Corrupt Practices Act in connection with various foreign business ventures.

**A Special Committee of the Board of Tommy Hilfiger** in an internal investigation and United States Attorney's Office investigation of tax accounting issues related to offshore subsidiaries.

## Individual Representations

**Kenneth D. Lewis, former CEO of Bank of America,** in regulatory matters relating to the Merrill Lynch acquisition, including defense against civil claims brought by the New York Attorney General and various civil securities and derivative cases.

**A former senior manager at AIG** in an investigation of valuation of credit default swaps.

**The former officer of a public company** in a filed SEC action in the United States District Court for the Southern District of New York alleging accounting fraud and revenue recognition violations.



Wendy B. Reilly

Counsel, New York

wbreilly@debevoise.com

+1 212 909 6316



# Wendy B. Reilly
## Counsel

Ms. Reilly is a counsel in the firm's Litigation Department. Her practice focuses on complex commercial litigation, including contract disputes and bankruptcy-related litigation and advice, particularly on behalf of investment banking, financial advisory and asset management clients. She also has significant experience with white collar criminal defense and SEC investigations and enforcement actions. Ms. Reilly maintains an active pro bono practice as well, and she received the 2005 inMotion "Commitment to Justice" award, the 2015 *New York Law Journal* "Lawyers Who Lead by Example" Pro Bono award, the 2016 Chambers Diversity "Pro Bono Lawyer of the Year" award and the 2019 Sanctuary for Families' "Above & Beyond Pro Bono Achievement Award."

Ms. Reilly joined the firm in 2001. From 2000 to 2001 she clerked for Justice James H. Coleman, Jr. of the New Jersey Supreme Court. Ms. Reilly received a J.D. with honors from Rutgers Law School in Newark in 2000, where she was a Marsha Wenk fellow, a managing editor of the *Rutgers Law Review* and a

**Debevoise**
**&Plimpton**

Wendy B. Reilly
Counsel, New York

wbreilly@debevoise.com
+1 212 909 6316

recipient of the Alumni Senior Prize. She received her undergraduate degree *magna cum laude* from Douglass College, Rutgers University in 1997.

Ms. Reilly is a member of the Bars of New York and New Jersey and is admitted to practice before the Southern and Eastern Districts of New York, the District of New Jersey and the Second and Third Circuit Courts of Appeals.

**Debevoise**
**&Plimpton**

Wendy B. Reilly
Counsel, New York

wbreilly@debevoise.com
+1 212 909 6316

## WENDY B. REILLY'S SELECT REPRESENTATIONS

**YPF S.A.**, as a co-defendant with the Argentine Republic, in litigation brought by Petersen Energía and Eton Park in the S.D.N.Y. arising from the Republic's 2012 intervention in YPF, temporary occupation of 51% of YPF's capital stock held by Repsol S.A., and subsequent expropriation of that capital stock.

**GlaxoSmithKline**, in obtaining a seven-figure verdict, after a jury trial, in a commercial dispute with a contractual counter-party; and in obtaining an eight-figure arbitration award, following trial, with another contractual counterparty.

**The D. E. Shaw Group and Madison Dearborn Partners** in their $327 million litigation win against TerraForm for breach of contract arising from the plaintiffs' sale of First Wind Holdings, LLC to TerraForm and SunEdison Inc.

**CHC Group**, one of the largest global commercial helicopter service companies in the world, as aircraft counsel in its Chapter 11 proceedings in the U.S. Bankruptcy Court for the Northern District of Texas, in which CHC successfully restructured more than $2 billion in indebtedness. Debevoise was named joint winners of "Restructuring Deal of the Year (Over $1 B to $5 B)" at the 12th Annual M&A Advisor Turnaround Awards for this representation.

**American Airlines** in litigation arising out of the September 11, 2001 terrorist attacks.

**JC Flowers** in litigation brought by the MF Global bankruptcy trustee seeking to recover dividends paid in connection with preferred stock.

**A class of minority sheet metal workers** in winning a contempt judgment against their union, after a three-day trial, based on the union's discriminatory practices and non-compliance with affirmative action orders. Debevoise handled this matter pro bono.

**GoldenTree Asset Management** in employment/ERISA litigation arising out of the bankruptcy of Source Home Entertainment.

**The former General Counsel of Computer Associates** in Department of Justice and SEC investigations of accounting irregularities.

**The former President of North America sales for Lucent** in litigation with the Company and the SEC.

A high-profile financial information content provider in an SEC investigation.



Isabela Garcez
Associate, New York

imgarcez@debevoise.com
+1 212 909 6636



# Isabela Garcez
## Associate

Isabela Garcez is an associate in the Litigation Department.

Ms. Garcez joined Debevoise in 2016. From 2018 to 2019, she clerked for the Hon. Raymond J. Dearie of the United States District Court for the Eastern District of New York. Ms. Garcez received a J.D. from New York University Law School in 2016, where she was an executive editor of the *NYU Journal of Law and Business*. Ms. Garcez received her B.A. from the University of Pennsylvania in 2011. Ms. Garcez is fluent in Portuguese.

**Debevoise
&Plimpton**

Isabela Garcez
Associate, New York

imgarcez@debevoise.com
+1 212 909 6636

## ISABELA GARCEZ'S SELECT REPRESENTATIONS

A securities brokerage platform in an internal investigation into recent outage issues and responding to related regulatory inquiries.

The Alavi Foundation in a civil forfeiture action, resulting in the successful reversal of adverse jury verdicts by the U.S. Court of Appeals for the Second Circuit.

A Special Committee of the Board of Trustees of the University of Rochester in an independent investigation of all claims alleged in EEOC and federal complaints filed by eight current and former University faculty members and students.

Capital One in a resolution with FinCEN regarding its AML program, without criminal charges being filed.



Alexa Busser Lopez

Associate, New York

ablopez@debevoise.com

+1 212 909 6415



# Alexa Busser Lopez

## Associate

Alexa Busser Lopez is an associate in the Litigation Department.

Ms. Lopez joined Debevoise in 2020. Ms. Lopez received a J.D. from Columbia Law School and an LL.M. from the University of Amsterdam in 2020. At Columbia, she was a Harlan Fiske Stone Scholar, a notes editor of the *Journal of Transnational Law*, and a coach for the Immigration Moot Court. Ms. Lopez received a B.A. from Colby College in 2017.

**Debevoise**
**&Plimpton**

**Alexa Busser Lopez**
Associate, New York

ablopez@debevoise.com
+1 212 909 6415

## ALEXA BUSSER LOPEZ'S SELECT REPRESENTATIONS

Robinhood Markets and affiliates in multiple putative class action lawsuits arising from outages on Robinhood's trading platform.

# EXHIBIT B

| | Date | Timekeeper Name | Discounted Rate | Time | Amount Claimed | Narrative |
|---|---|---|---|---|---|---|
| | 3/24/2022 | Ceresney, Andrew J. | $700.00 | 0.3 | $ 210.00 | Review Trump complaint. Emails with Robby. |
| | 4/5/2022 | Ceresney, Andrew J. | $700.00 | 0.1 | $ 70.00 | Emails with Robby. |
| | 4/5/2022 | Reilly, Wendy B. | $550.00 | 0.6 | $ 330.00 | Emails to & from R. Mook, A. Ceresney, I. Garcez re: Trump lawsuit; emails to & from R. Trout re: Trump lawsuit; emails to & from D. Kendall re: Trump lawsuit |
| | 4/7/2022 | Reilly, Wendy B. | $550.00 | 0.1 | $ 55.00 | Emails to & from R. Trout, A. Ceresney, I. Garcez re: Trump lawsuit |
| | 4/8/2022 | Garcez, Isabela | $450.00 | 1.2 | $ 540.00 | Reviewing Trump complaint to identify relevant sections for client; participating in call w/ common interest counsel |
| **B** | 4/8/2022 | Reilly, Wendy B. | $550.00 | 1.4 | $ 770.00 | Call with defense counsel re: Trump lawsuit; call with I. Garcez re: Trump lawsuit; review summary re: Trump lawsuit |
| | 4/11/2022 | Garcez, Isabela | $450.00 | 0.8 | $ 360.00 | Participating in call w/ common interest counsel; correspondence w/ W. Reilly re personal jurisdiction question; conducting research into personal jurisdiction question |
| | 4/12/2022 | Garcez, Isabela | $450.00 | 0.2 | $ 90.00 | Call w/ A. Lopez re Trump lawsuit research |
| | 4/13/2022 | Ceresney, Andrew J. | $700.00 | 0.4 | $ 280.00 | Call with JDA group |
| | 4/13/2022 | Garcez, Isabela | $450.00 | 1.5 | $ 675.00 | Participating in joint defense call re Trump lawsuit; drafting update of call for W. Reilly and A. Ceresney |
| | 4/14/2022 | Ceresney, Andrew J. | $700.00 | 0.3 | $ 210.00 | Review call summary. Review brief. |
| | 4/17/2022 | Ceresney, Andrew J. | $700.00 | 0.6 | $ 420.00 | Review Clinton brief. Email to team re Mook brief |
| | 4/17/2022 | Reilly, Wendy B. | $550.00 | 0.1 | $ 55.00 | Emails to & from A. Ceresney, I. Garcez re: Trump lawsuit |
| | 4/18/2022 | Ceresney, Andrew J. | $700.00 | 0.1 | $ 70.00 | Review comments on brief. |
| | 4/18/2022 | Garcez, Isabela | $450.00 | 0.5 | $ 225.00 | Correspondence re brief |
| | 4/18/2022 | Reilly, Wendy B. | $550.00 | 0.4 | $ 220.00 | Emails to & from A. Ceresney, I. Garcez re: H. Clinton motion to dismiss Trump lawsuit. |
| | 4/19/2022 | Ceresney, Andrew J. | $700.00 | 0.1 | $ 70.00 | Review edits to brief. |
| | 4/19/2022 | Reilly, Wendy B. | $550.00 | 0.5 | $ 275.00 | Review H. Clinton draft motion to dismiss Trump lawsuit |
| | 4/20/2022 | Garcez, Isabela | $450.00 | 0.5 | $ 225.00 | Correspondence w/ W. Reilly and library re article in Trump lawsuit complaint |
| | 4/20/2022 | Reilly, Wendy B. | $550.00 | 2.0 | $1,100.00 | Review H. Clinton draft motion to dismiss; call with defense counsel re: Trump lawsuit |
| **B** | 4/21/2022 | Garcez, Isabela | $450.00 | 3.8 | $1,710.00 | Drafting brief for MTD; meeting w/ W. Reilly re Trump lawsuit |

| | Date | Name | Rate | Hours | Amount | Description |
|---|---|---|---|---|---|---|
| B | 4/21/2022 | Reilly, Wendy B. | $550.00 | 1.0 | $ 550.00 | Mtg. w/ I. Garcez re: Trump litigation; emails to & from Gibson re: extension request; review & revise extension motion |
| B | 4/22/2022 | Garcez, Isabela | $450.00 | 2.8 | $1,260.00 | Correspondence w/ W. Reilly, A. Ceresney and R. Mook re local counsel; calls w/ B. Stekloff re local counsel; call w/ B. Barzee re representation; drafting NOA for B. Barzee; correspondence w/ Gibson re local counsel; drafting brief |
| B | 4/22/2022 | Reilly, Wendy B. | $550.00 | 1.5 | $ 825.00 | Emails to & from R. Mook, Gibson Dunn, A. Ceresney, I. Garcez re: extension request in Trump lawsuit; emails to & from W. Barzee, A. Ceresney, I. Garcez re: local counsel notice of appearance in Trump lawsuit; review & revise draft notice of appearance for local counsel in Trump lawsuit |
| | 4/25/2022 | Reilly, Wendy B. | $550.00 | 0.2 | $ 110.00 | Emails to & from Gibson re: extension motions |
| | 4/26/2022 | Reilly, Wendy B. | $550.00 | 0.3 | $ 165.00 | Emails from Gibson re: Trump lawsuit; docket updates re: Trump lawsuit |
| | 4/27/2022 | Garcez, Isabela | $450.00 | 1.6 | $ 720.00 | Correspondence w/ B. Barzee re PHV motions and engagement letter; drafting PHV for SD FL |
| | 4/28/2022 | Lopez, Alexa Busser | $375.00 | 0.6 | $ 225.00 | Call with I. Garcez re motion to dismiss brief. |
| B | 4/28/2022 | Garcez, Isabela | $450.00 | 4.5 | $2,025.00 | Finalizing Ceresney PHV motion; drafting engagement letter for B. Barzee;  correspondence and meeting w/ W. Reilly re Trump lawsuit; call w/ A. Lopez re Trump lawsuit; revising list of lawsuit defendant counsel; correspondence w/ A. Lopez re trump lawsuit brief |
| B | 4/28/2022 | Reilly, Wendy B. | $550.00 | 1.5 | $ 825.00 | Review & revise local counsel engagement letter & pro hac vice motion papers re: Trump lawsuit; emails to & from I. Garcez re: Trump lawsuit; mtg. w/ I. Garcez re: Trump lawsuit |
| D B | 4/29/2022 | Garcez, Isabela | $450.00 | 4.1 | $1,845.00 | Finalizing PHV motions; correspondence w/ W. Barzee and R. Mook re engagement letter; calls and correspondence w/ A. Lopez re Trump lawsuit brief; drafting MTD brief for trump lawsuit. |
| D | 4/29/2022 | Lopez, Alexa Busser | $375.00 | 2.6 | $ 975.00 | Review Trump complaint and H. Clinton MTD discuss MTD with I. Garcez. |
| | 5/2/2022 | Lopez, Alexa Busser | $375.00 | 0.9 | $ 337.50 | Draft portions of MTD brief. |
| B | 5/2/2022 | Garcez, Isabela | $450.00 | 4.0 | $1,800.00 | Drafting brief for MTD in Trump Lawsuit; correspondence w/ W. Reilly re PHV filing in Trump lawsuit; correspondence w/ local counsel re engagement letter |

| | | | | | | |
|---|---|---|---|---|---|---|
| B | 5/3/2022 | Garcez, Isabela | $450.00 | 2.3 | $1,035.00 | Correspondence w/ W. Reilly re NOA; call w/ A. Lopez re edits to MTD brief; revising MTD brief; correspondence w/ A. Lopez re MTD edits |
| | 5/3/2022 | Lopez, Alexa Busser | $375.00 | 3.0 | $1,125.00 | Research RICO conspiracy standing, revise RICO conspiracy section of MTD brief. |
| | 5/4/2022 | Lopez, Alexa Busser | $375.00 | 4.1 | $1,537.50 | Revise MTD and discuss with I. Garcez re same. |
| E | 5/4/2022 | Reilly, Wendy B. | $550.00 | 2.9 | $1,595.00 | Review & revise motion to dismiss brief re: Trump lawsuit; emails to & from I. Garcez, A. Lopez re: same |
| D | 5/4/2022 | Garcez, Isabela | $450.00 | 2.0 | $ 900.00 | Revising draft of MTD brief; correspondence w/ A. Lopez, W. Reilly and re same. |
| D | 5/5/2022 | Lopez, Alexa Busser | $375.00 | 1.0 | $ 375.00 | Revise motion to dismiss. |
| B | 5/5/2022 | Reilly, Wendy B. | $550.00 | 1.3 | $ 715.00 | Review & revise motion to dismiss brief re: Trump lawsuit; emails to & from I. Garcez, A. Lopez re: same; call with R. Mook, I. Garcez re: draft motion to dismiss brief re: Trump lawsuit |
| D | 5/5/2022 | Garcez, Isabela | $450.00 | 1.4 | $ 630.00 | Revising MTD for Trump lawsuit |
| E | 5/6/2022 | Lopez, Alexa Busser | $375.00 | 2.0 | $ 750.00 | Revise brief, cite check brief. |
| D | 5/6/2022 | Reilly, Wendy B. | $550.00 | 2.0 | $1,100.00 | Review & revise motion to dismiss brief re: Trump lawsuit; emails to & from A. Ceresney, I. Garcez, A. Lopez re: motion to dismiss brief |
| D | 5/6/2022 | Garcez, Isabela | $450.00 | 0.7 | $ 315.00 | Revising MTD for Trump lawsuit |
| D | 5/7/2022 | Ceresney, Andrew J. | $700.00 | 0.3 | $ 210.00 | Review MTD brief. |
| D | 5/7/2022 | Reilly, Wendy B. | $550.00 | 0.1 | $ 55.00 | Emails to & from A. Ceresney, I. Garcez re: draft motion to dismiss brief |
| E | 5/8/2022 | Garcez, Isabela | $450.00 | 0.3 | $ 135.00 | Sending draft of MTD brief to client |
| D | 5/9/2022 | Lopez, Alexa Busser | $375.00 | 0.9 | $ 337.50 | Revise MTD. |
| | 5/9/2022 | Reilly, Wendy B. | $550.00 | 1.1 | $ 605.00 | Emails to & from A. Ceresney, I. Garcez, A. Lopez re: motion to dismiss brief; call with I. Garcez re:  motion to dismiss brief re: Trump lawsuit |
| D | 5/9/2022 | Garcez, Isabela | $450.00 | 2.0 | $ 900.00 | Revising MTD for Trump lawsuit |
| | 5/10/2022 | Lopez, Alexa Busser | $375.00 | 3.4 | $1,275.00 | Call with W. Reilly and I. Garcez, review other Trump complaints, revise MTD and prepare table of contents and table of authorities . |
| | 5/10/2022 | Reilly, Wendy B. | $550.00 | 2.0 | $1,100.00 | Emails to & from A. Ceresney, I. Garcez, A. Lopez re: motion to dismiss brief; review & revise motion to dismiss brief; video call with I. Garcez, A. Lopez re: motion to dismiss brief |

| 5/10/2022 | Garcez, Isabela | $450.00 | 1.0 | $ 450.00 | Call w/ W. Reilly and A. Lopez re motion filing; correspondence w/ local counsel re MTD filing |
| 5/11/2022 | Lopez, Alexa Busser | $375.00 | 1.0 | $ 375.00 | Revise MTD and prepare for filing. |
| 5/11/2022 | Reilly, Wendy B. | $550.00 | 1.8 | $ 990.00 | Review & revise motion to dismiss brief; emails to & from R. Mook, A. Ceresney, I. Garcez, A. Lopez re: motion to dismiss brief |
| 5/11/2022 | Garcez, Isabela | $450.00 | 0.4 | $ 180.00 | Correspondence w/ local counsel re motion filing |
| 5/14/2022 | Reilly, Wendy B. | $550.00 | 0.1 | $ 55.00 | Emails to & from K. Meeks re: Trump/Florida lawsuit |
| 5/16/2022 | Reilly, Wendy B. | $550.00 | 0.1 | $ 55.00 | Review docket updates re: Trump lawsuit |
| 5/18/2022 | Lopez, Alexa Busser | $375.00 | 0.4 | $ 150.00 | Attend call with joint defense group |
| 5/18/2022 | Reilly, Wendy B. | $550.00 | 0.4 | $ 220.00 | Defense call re: Trump/Florida lawsuit |
| 5/18/2022 | Garcez, Isabela | $450.00 | 0.5 | $ 225.00 | Correspondence w/ W. Reilly re Trump lawsuit conference |
| 5/27/2022 | Reilly, Wendy B. | $550.00 | 0.2 | $ 110.00 | Emails to & from Williams & Connolly, Gibson re: stipulation in Trump/Florida lawsuit |
| 5/31/2022 | Reilly, Wendy B. | $550.00 | 0.1 | $ 55.00 | Review magistrate judge's order re: conference in Trump/Florida lawsuit |
| 5/31/2022 | Garcez, Isabela | $450.00 | 0.1 | $ 45.00 | Correspondence re Trump v. Clinton conference |
| 6/1/2022 | Garcez, Isabela | $450.00 | 0.2 | $ 90.00 | Correspondence w/ W. Reilly and local counsel re conference |
| 6/1/2022 | Reilly, Wendy B. | $550.00 | 0.1 | $ 55.00 | Emails to & from Gibson, William & Connolly, Debevoise re: preparation for court conference in Trump/Florida lawsuit |
| 6/2/2022 | Garcez, Isabela | $450.00 | 1.4 | $ 630.00 | Correspondence w/ team re plaintiff filing in Trump lawsuit; participating in status conference in Trump lawsuit |
| 6/2/2022 | Lopez, Alexa Busser | $375.00 | 1.6 | $ 600.00 | Attend status conference and discuss next steps with team. |
| 6/2/2022 | Reilly, Wendy B. | $550.00 | 1.5 | $ 825.00 | Attend virtual Court conference re: Trump/Florida lawsuit; emails to & from A. Ceresney, I. Garcez, A. Lopez re: Trump/Florida lawsuit |
| 6/3/2022 | Garcez, Isabela | $450.00 | 0.6 | $ 270.00 | Correspondence w/ W. Reilly and JD counsel re availability for Trump lawsuit conference |
| 6/3/2022 | Reilly, Wendy B. | $550.00 | 0.3 | $ 165.00 | Emails to & from defense counsel, Debevoise team re: Trump lawsuit |
| 6/14/2022 | Reilly, Wendy B. | $550.00 | 0.3 | $ 165.00 | Joint defense emails re: Trump lawsuit |
| 6/15/2022 | Garcez, Isabela | $450.00 | 0.2 | $ 90.00 | Participating in call w/ JDC; correspondence w/ team re same |
| 6/15/2022 | Reilly, Wendy B. | $550.00 | 0.6 | $ 330.00 | Video call with defense counsel re: Trump lawsuit |
| 6/21/2022 | Lopez, Alexa Busser | $375.00 | 0.3 | $ 112.50 | Review amended complaint. |
| 6/21/2022 | Reilly, Wendy B. | $550.00 | 0.1 | $ 55.00 | Emails to & from A. Lopez re: Trump's amended complaint |
| 6/22/2022 | Lopez, Alexa Busser | $375.00 | 1.4 | $ 525.00 | Review amended complaint and prepare redline. |

| Date | Name | Rate | Hours | Amount | Description |
|---|---|---|---|---|---|
| 6/22/2022 | Reilly, Wendy B. | $550.00 | 0.7 | $ 385.00 | Review allegations re: R. Mook in Trump's amended complaint; review proposed work plan from D. Kendall; emails to & from A. Ceresney, A. Lopez re: same |
| 6/23/2022 | Lopez, Alexa Busser | $375.00 | 1.0 | $ 375.00 | Meet with joint defense group and draft summary re meeting. |
| 6/23/2022 | Reilly, Wendy B. | $550.00 | 1.0 | $ 550.00 | Video call with defense counsel re: Trump lawsuit |
| 6/27/2022 | Garcez, Isabela | $450.00 | 0.2 | $ 90.00 | Reviewing correspondence from JDC |
| 6/27/2022 | Reilly, Wendy B. | $550.00 | 0.1 | $ 55.00 | Emails from defense counsel re: Trump lawsuit |
| 6/28/2022 | Lopez, Alexa Busser | $375.00 | 0.1 | $ 37.50 | Review new filings. |
| 6/28/2022 | Reilly, Wendy B. | $550.00 | 0.1 | $ 55.00 | Review docket updates from Trump lawsuit |
| 6/30/2022 | Reilly, Wendy B. | $550.00 | 0.2 | $ 110.00 | Review docket updates in Trump lawsuit; review joint stipulation to extend deadlines for motions to dismiss; emails to & from defense counsel, Debevoise re: same |
| 6/30/2022 | Lopez, Alexa Busser | $375.00 | 0.1 | $ 37.50 | Review filings in Trump v. Clinton. |
| 7/1/2022 | Reilly, Wendy B. | $550.00 | 0.7 | $ 385.00 | Video call with defense counsel re: Trump lawsuit; review revised extension request; review docket updates; review Court order re: second extension request in Trump lawsuit |
| 7/1/2022 | Lopez, Alexa Busser | $375.00 | 3.8 | $1,425.00 | Attend joint defense group call, draft motion to dismiss. |
| 7/5/2022 | Lopez, Alexa Busser | $375.00 | 1.9 | $ 712.50 | Call with W. Reilly and I. Garcez, revise MTD brief. |
| 7/5/2022 | Reilly, Wendy B. | $550.00 | 1.2 | $ 660.00 | Video call with defense counsel in Trump lawsuit re: motion to dismiss briefing; video call with I. Garcez, A. Lopez re: motion to dismiss briefing; emails to & from D. Kendall re: draft rider for motion to dismiss brief |
| 7/5/2022 | Garcez, Isabela | $450.00 | 0.7 | $ 315.00 | Reviewing redline of trump complaint; call w/ W. Reilly and A. Lopez re response to complaint |
| 7/6/2022 | Lopez, Alexa Busser | $375.00 | 1.0 | $ 375.00 | Draft Mook section of motion to dismiss. |
| 7/6/2022 | Reilly, Wendy B. | $550.00 | 0.1 | $ 55.00 | Emails to & from D. Kendall, K. Meeks re: motion to dismiss briefing |
| 7/6/2022 | Garcez, Isabela | $450.00 | 2.0 | $ 900.00 | Revising draft of response to Trump Complaint |
| 7/7/2022 | Lopez, Alexa Busser | $375.00 | 0.4 | $ 150.00 | Revise motion to dismiss section. |
| 7/7/2022 | Reilly, Wendy B. | $550.00 | 2.3 | $1,265.00 | Review & revise draft rider for motion to dismiss brief (Trump lawsuit); emails to & from D. Kendall, A. Ceresney, I. Garcez, A. Lopez re: same |
| 7/7/2022 | Garcez, Isabela | $450.00 | 0.1 | $ 45.00 | Correspondence w/ joint defense counsel re response to Trump complaint |

| | Date | Name | Rate | Hours | Amount | Description |
|---|---|---|---|---|---|---|
| | 7/8/2022 | Reilly, Wendy B. | $550.00 | 1.5 | $ 825.00 | Review & revise rider to motion to dismiss Trump lawsuit; emails to & from A. Ceresney, I. Garcez, A. Lopez re: same |
| | 7/11/2022 | Lopez, Alexa Busser | $375.00 | 0.4 | $ 150.00 | Attend call with defense subgroup. |
| B | 7/11/2022 | Reilly, Wendy B. | $550.00 | 1.4 | $ 770.00 | Call with defense counsel re: motion to dismiss; review & revise draft motion to dismiss; emails to & from defense counsel re: motion to dismiss |
| | 7/12/2022 | Lopez, Alexa Busser | $375.00 | 0.1 | $ 37.50 | Update W. Reilly on defense group call. |
| | 7/12/2022 | Reilly, Wendy B. | $550.00 | 0.8 | $ 440.00 | Review & revise draft motion to dismiss; emails to & from defense counsel re: same |
| | 7/13/2022 | Lopez, Alexa Busser | $375.00 | 0.4 | $ 150.00 | Attend call with joint defense group. |
| | 7/13/2022 | Reilly, Wendy B. | $550.00 | 2.3 | $1,265.00 | Review & revise draft motion to dismiss Trump's lawsuit; emails to & from defense counsel, Debevoise re: same |
| | 7/14/2022 | Lopez, Alexa Busser | $375.00 | 0.3 | $ 112.50 | Share MTD with client. |
| | 7/14/2022 | Garcez, Isabela | $450.00 | 0.2 | $ 90.00 | Reviewing filed motion; correspondence w/ A. Lopez re same |
| B | 7/14/2022 | Reilly, Wendy B. | $550.00 | 3.2 | $1,760.00 | Review & revise draft motion to dismiss Trump's lawsuit; emails to & from defense counsel, R. Mook, Debevoise re: same |
| | 7/15/2022 | Lopez, Alexa Busser | $375.00 | 0.1 | $ 37.50 | Review correspondence with joint defense group. |
| | 7/21/2022 | Lopez, Alexa Busser | $375.00 | 0.2 | $ 75.00 | Review and send case filings. |
| | 7/21/2022 | Reilly, Wendy B. | $550.00 | 0.1 | $ 55.00 | Emails re: motion to dismiss briefing |
| | 7/22/2022 | Lopez, Alexa Busser | $375.00 | 0.2 | $ 75.00 | Review and send case filings. |
| | 7/22/2022 | Reilly, Wendy B. | $550.00 | 0.2 | $ 110.00 | Review docket updates; emails to & from A. Lopez re: same |
| | 7/26/2022 | Lopez, Alexa Busser | $375.00 | 0.1 | $ 37.50 | Coordinate reply drafting. |
| | 7/26/2022 | Reilly, Wendy B. | $550.00 | 0.7 | $ 385.00 | Video call with defense counsel re: motion to dismiss briefing; emails to & from M. Mestitz, I. Garcez, A. Lopez re: same |
| | 7/26/2022 | Garcez, Isabela | $450.00 | 0.5 | $ 225.00 | Correspondence w/ W. Reilly re FL rules on reply; correspondence re joint defense call follow up |
| | 8/4/2022 | Lopez, Alexa Busser | $375.00 | 0.4 | $ 150.00 | Review opposition to MTD. |
| | 8/4/2022 | Reilly, Wendy B. | $550.00 | 0.1 | $ 55.00 | Emails to & from A. Lopez re: Trump's opposition brief |
| | 8/5/2022 | Lopez, Alexa Busser | $375.00 | 0.6 | $ 225.00 | Attend joint defense group meeting. |
| | 8/5/2022 | Reilly, Wendy B. | $550.00 | 0.9 | $ 495.00 | Emails to & from R. Mook, A. Lopez re: Trump's opposition brief; review Trump's opposition brief |
| | 8/5/2022 | Garcez, Isabela | $450.00 | 0.5 | $ 225.00 | Participating in JDG call; updating team re same |
| | 8/9/2022 | Lopez, Alexa Busser | $375.00 | 0.6 | $ 225.00 | Review draft reply brief. |

| | Date | Name | Rate | Hours | Amount | Description |
|---|---|---|---|---|---|---|
| | 8/9/2022 | Reilly, Wendy B. | $550.00 | 0.3 | $ 165.00 | Emails to & from I. Garcez, A. Lopez re: defendants' reply brief |
| | 8/9/2022 | Garcez, Isabela | $450.00 | 0.5 | $ 225.00 | Reviewing draft reply brief; correspondence w/ team re same |
| B | 8/10/2022 | Reilly, Wendy B. | $550.00 | 3.9 | $2,145.00 | Review & revise defendants' draft reply brief; review Trump's opposition brief; emails re: draft reply brief |
| | 8/10/2022 | Garcez, Isabela | $450.00 | 0.5 | $ 225.00 | Participating in JDG call re reply brief; circulating reply brief to client; correspondence w/ team re JDG call |
| | 8/11/2022 | Lopez, Alexa Busser | $375.00 | 0.2 | $ 75.00 | Review revisions to reply brief. |
| | 8/11/2022 | Reilly, Wendy B. | $550.00 | 0.1 | $ 55.00 | Emails re: defendants' reply brief |
| | 8/11/2022 | Garcez, Isabela | $450.00 | 0.5 | $ 225.00 | Reviewing final version of reply brief |
| | 8/12/2022 | Reilly, Wendy B. | $550.00 | 0.1 | $ 55.00 | Emails to & from A. Lopez re: defendants' reply brief |
| | 8/12/2022 | Garcez, Isabela | $450.00 | 0.2 | $ 90.00 | Correspondence w/ A. Lopez re sending filed reply brief to client |
| | 8/23/2022 | Reilly, Wendy B. | $550.00 | 0.1 | $ 55.00 | Review docket entries for new court filings |
| | 9/6/2022 | Reilly, Wendy B. | $550.00 | 0.1 | $ 55.00 | Emails to & from A. Lopez re: new court filing by D. Trump |
| | 9/6/2022 | Lopez, Alexa Busser | $375.00 | 0.1 | $ 37.50 | Review docket updates. |
| | 9/8/2022 | Lopez, Alexa Busser | $375.00 | 0.2 | $ 75.00 | Review order granting MTD. |
| | 9/8/2022 | Reilly, Wendy B. | $550.00 | 0.2 | $ 110.00 | Emails to & from A. Ceresney, A. Lopez re: Court decision granting defendants' motion to dismiss D. Trump's Florida lawsuit |
| | 9/9/2022 | Reilly, Wendy B. | $550.00 | 1.4 | $ 770.00 | Review Court's decision on motion to dismiss; emails to & from R. Mook, A. Ceresney, I. Garcez, A. Lopez re: same; emails from defense counsel re: same |
| | 9/12/2022 | Garcez, Isabela | $450.00 | 0.1 | $ 45.00 | Correspondence w/ W. Reilly re JDG call |
| B | 9/12/2022 | Reilly, Wendy B. | $550.00 | 1.8 | $ 990.00 | Review Court order on motions to dismiss; review Court's prior opinion on sanctions; review transcript of Trump's counsel commenting on Court's order; emails to & from D. Kendall, I. Garcez re: agenda for defense counsel call |
| B | 9/13/2022 | Garcez, Isabela | $450.00 | 1.3 | $ 585.00 | Participating in JDG call re sanctions motion in Trump v. Clinton lawsuit; discussions with A. Lopez re JDG call; drafting summary of JDG call for A. Ceresney |
| | 9/13/2022 | Reilly, Wendy B. | $550.00 | 0.8 | $ 440.00 | Video call with defense counsel re: motion to dismiss decision & potential sanctions motion; emails to & from I. Garcez re: same |
| | 9/14/2022 | Lopez, Alexa Busser | $375.00 | 0.6 | $ 225.00 | Review timesheets re: exhibit to sanctions motion. |
| | 9/14/2022 | Reilly, Wendy B. | $550.00 | 0.3 | $ 165.00 | Emails to & from I. Garcez, A. Lopez re: draft sanctions motion |
| | 9/14/2022 | Garcez, Isabela | $450.00 | 0.3 | $ 135.00 | Drafting summary of JDG call for team |

| | Date | Name | Rate | Hours | Amount | Description |
|---|---|---|---|---|---|---|
| | 9/19/2022 | Reilly, Wendy B. | $550.00 | 0.2 | $ 110.00 | Review draft sanctions motion; review email from D. Kendall re: same |
| | 9/20/2022 | Reilly, Wendy B. | $550.00 | 0.5 | $ 275.00 | Review draft sanctions motion |
| | 9/21/2022 | Lopez, Alexa Busser | $375.00 | 0.4 | $ 150.00 | Review draft sanctions motion. |
| | 9/21/2022 | Reilly, Wendy B. | $550.00 | 1.1 | $ 605.00 | Review & revise draft sanctions motion; emails to & from A. Lopez re: same |
| | 9/22/2022 | Reilly, Wendy B. | $550.00 | 0.8 | $ 440.00 | Review & revise draft sanctions motion; emails to & from Williams & Connolly, A. Lopez re: same |
| | 9/23/2022 | Lopez, Alexa Busser | $375.00 | 1.4 | $ 525.00 | Prepare exhibit for sanctions motion. |
| B | 9/23/2022 | Reilly, Wendy B. | $550.00 | 1.1 | $ 385.00 | Emails to & from D. Kendall re: draft sanctions motion; emails to & from A. Lopez re: draft sanctions motion; review & revise draft sanctions motion |
| | 9/28/2022 | Lopez, Alexa Busser | $375.00 | 1.3 | $ 487.50 | Attend joint defense call, draft declaration re: sanctions motion. |
| | 9/28/2022 | Garcez, Isabela | $450.00 | 0.3 | $ 135.00 | Discussion w/ A. Lopez re JDG call and sanctions motion declaration |
| | 9/28/2022 | Reilly, Wendy B. | $550.00 | 0.7 | $ 385.00 | Video call with defense counsel group re: sanctions motion; emails to & from I. Garcez, A. Lopez re: sanctions motion; review draft declaration re: sanctions motion |
| | 9/30/2022 | Garcez, Isabela | $450.00 | 0.3 | $ 135.00 | Correspondence re sanctions motion declaration for Trump lawsuit |
| | 9/30/2022 | Lopez, Alexa Busser | $375.00 | 0.9 | $ 337.50 | Draft declaration for sanctions motion. |
| B | 9/30/2022 | Reilly, Wendy B. | $550.00 | 2.5 | $1,375.00 | Review & revise exhibits to declaration in support of sanctions motion; email to Williams & Connolly re: sanctions motion; emails to & from R. Mook, A. Ceresney, I. Garcez, A. Lopez re: sanctions motion |

# Objection Breakdown - Mock

| Entry No. | Page # | Block | Duplicative | Excessive | Vague | Total |
|---|---|---|---|---|---|---|
| 1 | 19 | $770.00 | | | | |
| 2 | 19 | $1,710.00 | | | | |
| 3 | 20 | $1,260.00 | | | | |
| 4 | 20 | $825.00 | | | | |
| 5 | 20 | $2,025.00 | | | | |
| 6 | 20 | $825.00 | | | | |
| 7 | 20 | $1,845.00 | | | | |
| 8 | 20 | | $975.00 | | | |
| 9 | 20 | $1,800.00 | | | | |
| 10 | 21 | $1,035.00 | | | | |
| 11 | 21 | | | $1,595.00 | | |
| 12 | 21 | | $900.00 | | | |
| 13 | 21 | | $375.00 | | | |
| 14 | 21 | $715.00 | | | | |
| 15 | 21 | | $630.00 | | | |
| 16 | 21 | | | $750.00 | | |
| 17 | 21 | | $1,100.00 | | | |
| 18 | 21 | | $315.00 | | | |
| 19 | 21 | | $210.00 | | | |
| 20 | 21 | | $55.00 | | | |
| 21 | 21 | | | $135.00 | | |
| 22 | 21 | | $337.50 | | | |
| 23 | 21 | | $900.00 | | | |
| 24 | 24 | $770.00 | | | | |
| 25 | 24 | $1,760.00 | | | | |
| 26 | 25 | $2,145.00 | | | | |
| 27 | 25 | $990.00 | | | | |
| 28 | 25 | $585.00 | | | | |
| 29 | 26 | $385.00 | | | | |
| 30 | 26 | $1,375.00 | | | | |
| **Total** | | **$20,820.00** | **$5,797.50** | **$2,480.00** | **$0.00** | **$29,097.50** |

**Discounted Fees Incurred from Complaint to MTD**

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Andrew J. Ceresney | $700/ hour | 2.2 | $1,540.00 |
| Wndy B. Reilly | $550/ hour | 20.8 | $11,440.00 |
| Isabela Garcez | $450/ hour | 35.6 | $16,020.00 |
| Alexa Busser Lopez | $3758/ hour | 19.5 | $7,312.50 |
| Total | | | $36,312.50 |

**Discounted Feed incurred from initial MTD to dismissal**

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Wndy B. Reilly | $550/ hour | 26 | $14,300.00 |
| Isabela Garcez | $450/ hour | 8.9 | $4,005.00 |
| Alexa Busser Lopez | $3758/ hour | 15.7 | $5,887.50 |
| Total | | | $24,192.50 |

**Discounted Fees incurred to date on sactions motion**

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Wndy B. Reilly | $550/ hour | 11.4 | $6,270.00 |
| Isabela Garcez | $450/ hour | 2.3 | $1,035.00 |
| Alexa Busser Lopez | $3758/ hour | 4.8 | $1,800.00 |
| Total | | | $9,105.00 |

| | |
|---|---|
| Total Fees Incurred | $69,610.00 |
| Total Objections | $29,097.00 |
| New Fees Incurred = | $40,513.00 |

| | |
|---|---|
| Exhibit B: | $69,300.00 |
| Total Fees Incurred = | $69,300.00 |
| Total Objections | $29,097.00 |
| New Fees Incurred = | $40,203.00 |

Discrepancy in the reporting of Fees Incurred. Charts A, B, and C found on page 2 and 3 which summarize fees associated with three different phases of the case show **$310** higher total fees than displayed in Exhibit B, which displays a "true and correct copy of the hours worked by counsel for Mr. Mook."

# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Donald J. Trump,

              Plaintiff,

    v.

Hillary R. Clinton *et al.*,

              Defendants.

Civil Action No. 2:22-14102-DMM

## DECLARATION OF JOSHUA A. LEVY IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS AND FEES

I, Joshua A. Levy, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.      I am a partner at Levy Firestone Muse LLP, counsel of record for Fusion GPS, Glenn Simpson, and Peter Fritsch in the above captioned matter.

2.      Attached as Exhibit A are the law firm website biographies of the attorneys at Levy Firestone Muse LLP for whom Fusion GPS, Glenn Simpson, and Peter Fritsch seek attorneys fees.  The biographies reflect the professional qualifications of those attorneys.

3.      Levy Firestone Muse LLP entered into a retention agreement with Fusion GPS, Glenn Simpson, and Peter Fritsch covering the present litigation.  Fusion GPS, Glenn Simpson, and Peter Fritsch agreed to pay all of Levy Firestone Muse LLP's costs, fees, and expenses incurred in connection with the present suit, and agreed to pay discounted hourly rates from the firm's customary rates.

4.      Attached as Exhibit B is a true and correct copy of the hours worked by counsel for Fusion GPS, Glenn Simpson, and Peter Fritsch.  Fusion GPS, Glenn Simpson, and Peter Fritsch are not seeking reimbursement for the attorneys' already discounted hourly rates described in Paragraph 3.  Instead, Fusion GPS, Glenn Simpson, and Peter Fritsch seek fees at an additionally

1

discounted hourly rate for the attorneys as described in Exhibit B and below. Specifically, Fusion GPS, Glenn Simpson, and Peter Fritsch are seeking reimbursement at the following additionally discounted hourly rates: $700/hr for Joshua A. Levy (partner); $600/hr for Rachel Clattenburg (partner); $300/hr for Kevin Crenny (associate); and $300/hr for E. Andrew Sharp (associate). These additionally discounted hourly rates are consistent with the rates this Court concluded were reasonable in *Celsius Holdings, Inc v. A SHOC Beverage, LLC*, No. 21-cv-80740, 2022 WL 3568042 (July 19, 2022). Exhibit B also provides an accurate statement of the work provided by Levy Firestone Muse during the periods for which discounted fees are sought.

5.     Attached as Exhibit C is the law firm website biography of Adam S. Fels, an attorney at Fridman Fels & Soto, PLLC for whom Defendants Fusion GPS, Peter Fritsch, and Glenn Simpson seek attorneys fees. The biography reflects his professional qualifications.

6.     Fridman Fels & Soto, PLLC entered into a retention agreement with Defendants Fridman Fels & Soto, PLLC in connection with the present litigation. Defendants Fusion GPS, Peter Fritsch, and Glenn Simpson agreed to pay all of Fridman Fels & Soto, PLLC's costs, fees, and expenses incurred in connection with the present suit, and agreed to pay a discounted rate from the firm's customary rate. Fridman Fels & Soto, PLLC are charging Defendants Fusion GPS, Peter Fritsch, and Glenn Simpson $600 per hour.

7.     Attached as Exhibit D is a true and correct copy of the hours worked by Adam S. Fels at Fridman Fels & Soto, PLLC for Defendants Fusion GPS, Peter Fritsch, and Glenn Simpson. Defendants Fusion GPS, Peter Fritsch, and Glenn Simpson seek fees at the already discounted hourly rate for Mr. Fels as described in Exhibit B and below. These discounted hourly rates are consistent with the rates this Court concluded were reasonable in *Celsius Holdings, Inc v. A SHOC Beverage, LLC*, No. 21-cv-80740, 2022 WL 3568042 (July 19, 2022). Exhibit D also provides an accurate

statement of the work provided by Fridman Fels & Soto, PLLC during the periods for which discounted fees are sought.

8.      Consistent with the discussion in the Memorandum in Support of Sanctions and the information provided in Exhibits B & D, I summarize below in Charts A, B, and C the fees associated with three different phases of the case:  the fees incurred from the filing of the initial complaint to the filing of the initial motion to dismiss by Fusion GPS, Glenn Simpson, and Peter Fritsch; the fees incurred between the filing of Fusion GPS's, Glenn Simpson's, and Peter Fritsch's motion to dismiss to the Court's order dismissing the suit; and the fees incurred to date in connection with the motion for sanctions.

9.      As reflected in Chart A, the discounted fees incurred by Fusion GPS, Glenn Simpson, and Peter Fritsch from the filing of the initial complaint to the filing of Fusion GPS's, Glenn Simpson's, and Peter Fritsch's initial motion to dismiss total $31,550.00.

10.      As reflected in Chart B, the discounted fees incurred by Fusion GPS, Glenn Simpson, and Peter Fritsch from the filing of Fusion GPS's, Glenn Simpson's, and Peter Fritsch's initial motion to dismiss to this Court's dismissal of the suit total $18,690.00.

11.      As reflected in Chart C, the discounted fees incurred by Fusion GPS, Glenn Simpson, and Peter Fritsch in connection with the motion for sanctions, to date, total $5,580.

**Chart A:  Fees incurred from Complaint to initial MTD**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Joshua A. Levy | $700/hr | 0.5 | $350.00 |
| Rachel Clattenburg | $600/hr | 27.0 | $16,200.00 |
| Kevin P. Crenny | $300/hr | 41.5 | $12,450.00 |
| E. Andrew Sharp | $300/hr | 2.5 | $750.00 |

| Adam S. Fels | $600/hr | 3.0 | $1,800.00 |

**Chart B:  Fees incurred initial MTD to dismissal**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Rachel Clattenburg | $600/hr | 14.7 | $8,820.00 |
| Kevin Crenny | $300/hr | 26.9 | $8,070.00 |
| Adam S. Fels | $600/hr | 3.0 | $1,800.00 |

**Chart C:  Fees incurred to date on sanctions motion**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Rachel Clattenburg | $600/hr | 5.4 | $3,240.00 |
| Kevin Crenny | $300/hr | 3.4 | $1,020.00 |
| Adam S. Fels | $600/hr | 2.2 | $1,320.00 |

12.      I believe that the discounted rates claimed are reasonable for the Southern District of Florida market given the professional qualifications of the billers as evidenced in Exhibits A and C and given the rates approved by this Court in *Celsius*.

13.      Consistent with local Rule 7.3, counsel sent the motion papers and exhibits to Plaintiff's counsel on [DATE].  [FILL IN RESULT OF CONFERRAL].

 /s/ DRAFT

Joshua A. Levy

4
5

# EXHIBIT A

# Levy | Firestone | Muse

PRACTICES     LAWYERS     NEWS     CONTACT



## Joshua A. Levy

PARTNER

_____

Mr. Levy's practice encompasses commercial litigation and complex white collar matters with a specialty in the representation of clients under investigation by the Justice Department, grand juries, Congress, government enforcement agencies, inspector generals, and internal corporate inquiries.

Mr. Levy's specialized services and guidance have proven invaluable for clients caught in the middle of parallel proceedings for over two decades.  He has created strategic defenses for high-profile, high-stakes matters by managing legal, professional, political and reputational threats to achieve successful outcomes.

A former counsel to the U.S. Senate Committee on Homeland Security and Government Affairs (investigating government failures in Hurricane Katrina) and, prior to that, U.S. Senator Charles E. Schumer of New York, Mr. Levy has been a member of the Georgetown Law adjunct faculty for over 15 years.

While in private practice, Mr. Levy has helped conduct large scale investigations on behalf of clients.  Representative matters include:

7

On behalf of the Government of Rwanda, Mr. Levy helped lead an investigation into the role of the French government in connection with the Genocide against the Tutsi, in Rwanda, resulting in a 600-page report.

On behalf of the Major League Baseball Players Association, Mr. Levy co-led an investigation into the conduct of certain agents arising out of the Biogenesis scandal.

Mr. Levy has also represented companies, non-profits and individuals under investigation.  For example:

Mr. Levy has represented dozens of other companies and individuals in congressional investigations, including inquiries into the January 6, 2021 attack on the US Capitol, the Covid-19 pandemic, Russia's interference in the 2016 US election, Benghazi, Operation Fast & Furious, private security contracting in Afghanistan, and many other subject matters. Since 2007, Mr. Levy has co-taught a seminar on "Congressional Investigations" at Georgetown Law.

He represented Paula Broadwell, biographer to General David Petraeus, in Justice Department criminal investigations that resulted in no charges for her.

He represented Ray Curry, President of the United Auto Workers (UAW), in Justice Department criminal investigations that resulted in no charges for him. The UAW Ethics Ombudsman also cleared President Curry of any ethics violations.

He has represented several hospital, pharmaceutical and medical device company executives in Justice Department criminal investigations resulting in no charges for those clients.

A specialist in healthcare fraud law, Mr. Levy teaches "Healthcare Fraud and Abuse" at Georgetown Law.  He has been involved in matters relating to pharmaceutical and medical device claims, hospital over-billing claims, Anti-Kickback Statute violations and Stark Law abuses.  Mr. Levy's experience with healthcare fraud matters have included complex negotiations with U.S. Attorneys Offices, the Department of Justice, the Department of Health and Human Services Office of Inspector General, and state agencies, and as well as the FDA and foreign regulatory agencies.  For example, he worked with a team of attorneys on behalf of Dinesh Thakur, in his landmark False Claims Act case against Ranbaxy, producing the largest drug safety settlement

8

against a generic drug company, in U.S. history.

As a litigator, Mr. Levy represented Fusion GPS and its principals in four RICO suits filed against them, all of which the courts have dismissed. *See Trump v. Clinton,* Case No. 22-cv-14102-DMM (SDFL Order on Motions to Dismiss Sept. 8, 2022); *Nunes v. Fusion GPS,* Case No. 1:19-cv-01148-RDA-TCB (EDVA Order of Dismissal with Prejudice Mar. 31, 2021); *Nunes v. Fusion GPS*, Case No. 1:19-cv-1148-LO-TCB (E.D.VA. Order of Dismissal Feb. 21, 2020); *Halvorssen v. Simpson*, Case No. 2:18-cv-2684 (ENV) (RLM) (E.D.N.Y. Order of Dismissal with Prejudice Aug. 26, 2019), affirmed by the U.S. Court of Appeals for the Second Circuit (Mar. 18, 2020).

Mr. Levy also represented Fusion GPS and one of its principals, Glenn Simpson, in a defamation case filed against them by Russian oligarchs, Mikhail Fridman, Petr Aven and German Khan. That case is dismissed. *Fridman v. Bean LLC*, Case No. 1:17-cv-2041-RJL (D.D.C. Stipulation of Dismissal with Prejudice Mar. 18, 2022).

In a civil action alleging violations of the Federal Advisory Committee Act, Mr. Levy successfully moved to quash subpoenas served by a Canadian mining consortium on its political rivals, who fought for the protection of the Bristol Bay, Alaska watershed (home to the world's largest wild sockeye salmon fishery) and against the "Pebble Mine" that would destroy it. *See, e.g.,* Pebble Limited Partnership v. EPA, 310 F.R.D. 575 (D.Alaska 2015).

Mr. Levy has expertise in the False Claims Act, the Foreign Corrupt Practices Act and the UK Bribery Act. He has conducted dozens of internal investigations, created compliance programs, trained employees and helped perform due diligence with regard to a company's potential exposure under these statutes.

Before co-founding Levy Firestone Muse LLP in 2014, Mr. Levy practiced in the litigation and white collar defense groups at Arnold & Porter LLP and Stein, Mitchell & Muse LLP. He has been named a *Super Lawyer for White Collar* in Washington, DC, 2013-2022. Prior to practicing law, he served as a judicial law clerk to the Honorable Joan A. Lenard, U.S. District Court for the Southern District of Florida (1999-2001).

For nearly two decades, Mr. Levy has practiced innovative law in complex matters to the

9

USCA11 Case: 21-11577   Document: 14-13   Date Filed: 06/10/2024   Page: 179 of 704

satisfaction of his clients. His client's confidence in high levels of government, and in US companies, US non-profits and global entities facing US inquiries and US litigation.

✉ jal@levyfirestone.com

📞 (202) 261-6564   OFFICE

📞 (202) 360-0677   CELL

⭐ Practice Areas

Litigation

White Collar

Congressional Investigations

Healthcare Fraud

Whistleblowers

Personal Injury/Medical Malpractice

📘 Education

University of Michigan Law School
J.D. 1999

Columbia University
MASTERS OF INTERNATIONAL AFFAIRS 1999

Columbia University
B.A. 1994

💼 Professional Associations

Georgetown University Law Center Adjunct Professor
2007–PRESENT

Washington Lawyer's Committee on Civil Rights and Urban Affairs, Board
2019-PRESENT

Tzedek DC, Advisory Committee
2019-PRESENT

D.C. Bar Litigation Section, Steering Committee
2009–2012

ABA Standing Committee on Law & National Security
2001–2005

10

Young National Security Lawyers Group

2001–2005

## 🌐 Admissions

District of Columbia

New York

---

# Contact

✉ info@levyfirestone.com

🌐 900 17th Street NW
Suite 1200
Washington, DC 20006

🌐 575 Fifth Avenue
14th Floor
New York, NY 10017

📞 (202) 845-3215    MAIN

🖨 (202) 595-8253    FAX

© 2022 Levy Firestone Muse LLP    Legal Notices    This website is attorney advertising.



11



# Levy | Firestone | Muse

PRACTICES    LAWYERS    NEWS    CONTACT

# Rachel Clattenburg

**PARTNER**

Ms. Clattenburg is a member of the firm's litigation and investigations practice groups. She has represented clients in high profile, high stakes investigations and litigation.

Ms. Clattenburg has represented clients in business litigation, RICO cases, defamation cases, personal injury, whistleblower actions, Freedom of Information Act (FOIA) litigation, and in response to third party subpoenas in civil litigation. She has also represented clients in response to grand jury subpoenas and other inquiries from federal enforcement agencies and congressional committees. Prior to joining Levy Firestone Muse LLP, she worked as an attorney for the public interest law firm Public Citizen Litigation Group where she litigated numerous FOIA cases. Ms. Clattenburg has experience in both federal district and appellate courts.

Representative matters include:

- Represented Fusion GPS and its principals in four RICO suits filed against them, all of which the courts have dismissed. *See Trump v. Clinton,* Case No. 22-cv-14102-DMM (SDFL Order on Motions to Dismiss Sept. 8, 2022); *Nunes v. Fusion GPS,* Case No. 1:19-cv-01148-RDA-TCB (EDVA Order of Dismissal with Prejudice Mar. 31, 2021); Nunes *v. Fusion GPS*, Case No. 1:19-cv-1148-LO-TCB (E.D.VA. Order of Dismissal Feb. 21, 2020); *Halvorssen v. Simpson*, Case

12

affirmed by the U.S. Court of Appeals for the Second Circuit (Mar. 18, 2020).

- Represented Fusion GPS and one of its principals, Glenn Simpson, in a defamation case filed against them by Russian oligarchs, Mikhail Fridman, Petr Aven and German Khan. That case is dismissed. *Fridman v. Bean LLC*, Case No. 1:17-cv-2041-RJL (D.D.C. Stipulation of Dismissal with Prejudice Mar. 18, 2022).

- Co-represented Dr. Dennis Burke, in a whistleblower lawsuit against Massachusetts General Hospital, resulting in a $13 million settlement.

- Represented Fusion GPS and its principals Glenn Simpson, Peter Fritsch and Tom Catan before multiple congressional committees during their inquiries into the Russian government's interference in the 2016 US presidential elections.

- On behalf of the Rwandan government, Ms. Clattenburg has been part of the team at Levy Firestone Muse LLP that has been investigating the role of the French government in connection with the 1994 Genocide against the Tutsi.

She is a member of the New York and District of Columbia Bars and is admitted to practice in the U.S. District Court for the District of Columbia, the U.S. District Court for the District of Maryland, and the Second, Third and Ninth Circuits.

Ms. Clattenburg served as a law clerk to the Honorable S. Martin Teel, Jr., U.S. Bankruptcy Court for the District of Columbia. During law school, she worked for the Honorable Roger J. Miner of the Second Circuit Court of Appeals. Ms. Clattenburg graduated first in her class, *summa cum laude*, from Albany Law School and Phi Beta Kappa from Princeton University.

✉ rmc@levyfirestone.com

📞 202.845.3215 OFFICE

⭐ Practice Areas

Litigation

White Collar

Congressional Investigations

13

Whistleblowers

Personal Injury/Medical Malpractice

## Education

Albany Law School
summa cum laude
Order of the Coif
J.D. 2010

Princeton University
Phi Beta Kappa
B.A. 2007

## Admissions

District of Columbia

New York

---

# Contact

✉ info@levyfirestone.com

🌐 900 17th Street NW
Suite 1200
Washington, DC 20006

🌐 575 Fifth Avenue
14th Floor
New York, NY 10017

📞 (202) 845-3215   MAIN

🖨 (202) 595-8253   FAX

14

# Levy | Firestone | Muse

PRACTICES     LAWYERS     NEWS     CONTACT



# Kevin P. Crenny

## ASSOCIATE

Kevin P. Crenny is an associate with Levy Firestone Muse.

Before joining the firm, he clerked for Judge Stanley Marcus of the U.S. Court of Appeals for the Eleventh Circuit, Judge Rudolph Contreras of the U.S. District Court for the District of Columbia, and Judge John D. Bates of the U.S. District Court for the District of Columbia, in his capacity as Chair of the Judicial Conference Standing Committee on the Rules of Practice and Procedure. Mr. Crenny graduated *cum laude* from Harvard Law School, where he served as an Executive Editor on the *Harvard Law Review*.

He is a member of the District of Columbia and Michigan bars.

Representative matters include:

- Represented Fusion GPS and one of its principals, Glenn Simpson, in a defamation case filed against them by Russian oligarchs, Mikhail Fridman, Petr Aven and German Khan. That case is dismissed. *Fridman v. Bean LLC*, Case No. 1:17-cv-2041-RJL (D.D.C. Stipulation of Dismissal with Prejudice Mar. 18, 2022).

- Represented Fusion GPS and its principals in a RICO suit filed by former President Donald J. Trump. The Court dismissed the case. *See Trump v. Clinton,* Case No. 22-cv-14102-DMM (SDFL

15

✉ kcrenny@levyfirestone.com

★ Practice Areas

Litigation

White Collar

Congressional Investigations

Healthcare Fraud

Whistleblowers

Personal Injury/Medical Malpractice

📘 Education

Harvard Law School
cum laude
J.D. 2018

Fordham University
summa cum laude
B.A. 2011

🌐 Admissions

District of Columbia

Michigan

# Contact

✉ info@levyfirestone.com

🌐 900 17th Street NW
Suite 1200
Washington, DC 20006

🌐 575 Fifth Avenue
14th Floor

16

# Levy │ Firestone │ Muse

PRACTICES     LAWYERS     NEWS     CONTACT



# E. Andrew Sharp

### ASSOCIATE

Mr. Sharp joined Levy Firestone Muse LLP after graduating from Georgetown University Law Center in 2019.

Mr. Sharp has represented individuals and companies under investigation and in litigation. His representative matters include:

- Representation of an individual investigated for his alleged involvement in a government contracting kickback scheme, resulting in no criminal charges.

- Representation of Fusion GPS and its principals in litigation filed against them by three Russian billionaires, who collectively own a majority of Alfa Bank, Russia's largest commercial bank.

- On behalf of the Rwandan government, Mr. Sharp has been part of the team that has been investigating the role of the French government in connection with the 1994 Genocide against the Tutsi, in Rwanda.

Prior to joining the firm, Mr. Sharp was a journalist covering NBA basketball at ESPN and Sports

17

E. Andrew Sharp | Levy Firestone Muse LLP

Illustrated with featured regularly published documentaries and online Sports Illustrated Magazine. Page: 187 of 704

Mr. Sharp resides in Washington D.C. and is a member of the District of Columbia bar.

✉ eas@levyfirestone.com

📞 (202) 819-2720   OFFICE

⭐ Practice Areas

Litigation

White Collar

Congressional Investigations

Healthcare Fraud

Whistleblowers

Personal Injury/Medical Malpractice

📕 Education

Georgetown University Law Center
J.D. 2019

Boston College
B.A. 2009

🌐 Admissions

District of Columbia

# Contact

✉ info@levyfirestone.com

🌐 1701 K Street NW
Suite 350
Washington, DC 20006

18

# EXHIBIT B

**EXHIBIT B to Decl. of Joshua A. Levy**
**In Support of Defs.' Mot. for Sanctions & Fees**

| | Date (DD/MM/YYYY) | Timekeeper | Discounted Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|---|
| | 06/04/2022 | Rachel M. Clattenburg | $600.00 | 1.2 | $720.00 | Reviewing Trump v. Clinton lawsuit and legal research |
| | 07/04/2022 | Joshua A. Levy | $700.00 | 0.5 | $350.00 | Telecons with co-counsel |
| | 07/04/2022 | Rachel M. Clattenburg | $600.00 | 2.7 | $1,620.00 | Analysis: legal research re motion to dismiss |
| | 07/04/2022 | Kevin P. Crenny | $300.00 | 3.5 | $1,050.00 | Call with R. Clattenburg; legal research for Motion to Dismiss. |
| | 08/04/2022 | Rachel M. Clattenburg | $600.00 | 0.5 | $300.00 | Legal Research re motion to dismiss; confer with K. Crenny re research |
| D | 08/04/2022 | Kevin P. Crenny | $300.00 | 5.4 | $1,620.00 | Calls with R. Clattenburg; legal research re motion to dismiss |
| D | 11/04/2022 | Rachel M. Clattenburg | $600.00 | 2.3 | $1,380.00 | Common interest call re motion to dismiss; call with Kevin re motion to dismiss; legal research and drafting motion to dismiss. |
| B | 11/04/2022 | Kevin P. Crenny | $300.00 | 4.2 | $1,260.00 | Analyze Complaint; calls and  with R. Clattenburg and co-counsel; assemble and analyze alleged timeline of allegations |
| | 12/04/2022 | Rachel M. Clattenburg | $600.00 | 3.1 | $1,860.00 | Legal research and drafting motion to dismiss; |
| | 12/04/2022 | Kevin P. Crenny | $300.00 | 5.2 | $1,560.00 | Continue research and drafting motion to dismiss all claims, including calls and conversations with R. Clattenburg. |
| | 13/04/2022 | Rachel M. Clattenburg | $600.00 | 2.5 | $1,500.00 | Common Interest call with counsel for defendants re motions to dismiss; legal research and drafting motion to dismiss; |
| | 13/04/2022 | Kevin P. Crenny | $300.00 | 0.8 | $240.00 | Call with codefendants and follow-up call with R. Clattenburg |
| | 14/04/2022 | Rachel M. Clattenburg | $600.00 | 3.1 | $1,860.00 | Confer with team re motion to dismiss (0.5); editing motion (0.5); review Trump v. Clinton draft and confer with Kevin (0.8); legal research and drafting motion to dismiss (1.3) |
| B | 14/04/2022 | Kevin P. Crenny | $300.00 | 4.4 | $1,320.00 | Review draft brief from co-counsel; draft Motion to Dismiss background section; |

1

**EXHIBIT B to Decl. of Joshua A. Levy**
**In Support of Defs.' Mot. for Sanctions & Fees**

| Date (DD/MM/YYYY) | Timekeeper | Discounted Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| | | | | | legal research and drafting Motion to Dismiss |
| 15/04/2022 | Rachel M. Clattenburg | $600.00 | 0.5 | $300.00 | Reviewing brief from counsel for co-defendant (0.4); call with Kevin re drafting brief (0.1) |
| 15/04/2022 | Kevin P. Crenny | $300.00 | 4.1 | $1,230.00 | Complete research and first draft of motion to dismiss. |
| 17/04/2022 | Rachel M. Clattenburg | $600.00 | 1.0 | $600.00 | Review draft motion to dismiss |
| 18/04/2022 | Rachel M. Clattenburg | $600.00 | 1.8 | $1,080.00 | Drafting motion to dismiss and email to HRC counsel re motion to dismiss (1.5); confer with Kevin re legal research (0.3) |
| 18/04/2022 | Kevin P. Crenny | $300.00 | 1.4 | $420.00 | Review co-Defendant brief and draft feedback email; review R. Clattenburg comments on Fusion Motion to Dismiss brief and make edits. |
| 19/04/2022 | Rachel M. Clattenburg | $600.00 | 0.4 | $240.00 | Review revised Trump v. Clinton motion to dismiss by HRC; confer with Kevin re our brief and plan for revising |
| 19/04/2022 | Kevin P. Crenny | $300.00 | 0.3 | $90.00 | Review new draft of co-defendant's motion and discuss edits to Fusion's motion with R. Clattenburg. |
| 20/04/2022 | Rachel M. Clattenburg | $600.00 | 2.3 | $1,380.00 | Joint defense call re motions to dismiss; confer with Kevin on phone re revising brief based on case re incorporation; drafting new section on RICO standing for MTD; confer with Kevin re motion; draft pro hac motions. |
| 20/04/2022 | Kevin P. Crenny | $300.00 | 4.6 | $1,380.00 | Call with co-defendants' counsel; research re Fla. briefing procedure; review and finalize pro hac vice motion and certification; expand on arguments in motion to dismiss to avoid incorporating co-defendant briefing. |
| 21/04/2022 | Rachel M. Clattenburg | $600.00 | 0.5 | $300.00 | Reviewing draft motion for extension; call with Kevin re motion for extension and Trump request for extension |

2

**EXHIBIT B to Decl. of Joshua A. Levy**
**In Support of Defs.' Mot. for Sanctions & Fees**

| Date (DD/MM/YYYY) | Timekeeper | Discounted Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| | | | | | to amend complaint; common interest email re our recommendation |
| 21/04/2022 | Kevin P. Crenny | $300.00 | 0.7 | $210.00 | Call to S.D. Fl. Clerk's office re filing pro hac vice motions; conversations with R. Clattenburg re motions for extension of time, including review of draft motion and review of Trump proposal. |
| 22/04/2022 | Rachel M. Clattenburg | $600.00 | 2.0 | $1,200.00 | drafting motion to dismiss and legal research |
| 22/04/2022 | Kevin P. Crenny | $300.00 | 0.3 | $90.00 | Review R. Clattenburg edits to Motion to Dismiss; review Trump motion for extension of time and discuss with R. Clattenburg and J. Levy. |
| 25/04/2022 | Rachel M. Clattenburg | $600.00 | 0.3 | $180.00 | Review motion to dismiss |
| 25/04/2022 | Kevin P. Crenny | $300.00 | 1.2 | $360.00 | Implement R. Clattenburg edits to Motion to Dismiss and make additional edits. |
| 26/04/2022 | Kevin P. Crenny | $300.00 | 0.2 | $60.00 | Review and implement J. Levy edits to Motion to Dismiss. |
| 02/05/2022 | Rachel M. Clattenburg | $600.00 | 0.5 | $300.00 | Revising motion to dismiss; confer with Kevin re legal arguments |
| 02/05/2022 | Kevin P. Crenny | $300.00 | 1.4 | $420.00 | Review counsel for codefendants' suggestions re draft and make related edits to draft motion to dismiss; incorporate J. Levy and R. Clattenburg edits to motion to dismiss, including correspondence. |
| 04/05/2022 | Rachel M. Clattenburg | $600.00 | 0.9 | $540.00 | Confer with K. Crenny on edits to our motion; review Trump Twitter archive; review revised motion to dismiss; confer with K. Crenny on the minute order re status conference and review the local rules |
| 04/05/2022 | Kevin P. Crenny | $300.00 | 1.3 | $390.00 | Review court order and related rules re upcoming hearing; review Podesta motion to dismiss; revise draft motion to dismiss to incorporate additional discussion of tweets and |

3

22

**EXHIBIT B to Decl. of Joshua A. Levy**
**In Support of Defs.' Mot. for Sanctions & Fees**

| Date (DD/MM/YYYY) | Timekeeper | Discounted Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| | | | | | circulate draft to client for review. |
| 05/05/2022 | Rachel M. Clattenburg | $600.00 | 0.4 | $240.00 | confer with K. Crenny re corporate disclosure |
| 05/05/2022 | Kevin P. Crenny | $300.00 | 0.6 | $180.00 | Prepare corporate disclosure statement for filing with Motion to Dismiss. |
| 09/05/2022 | E. Andrew Sharp | $300.00 | 2.5 | $750.00 | Editing and cite checking Trump Motion to Dismiss |
| 10/05/2022 | Rachel M. Clattenburg | $600.00 | 0.5 | $300.00 | Reviewing and editing final draft of brief and 7.1 statement |
| 10/05/2022 | Kevin P. Crenny | $300.00 | 1.0 | $300.00 | Finalize Motion to Dismiss and Rule 7.1 disclosure statement for filing. |
| 11/05/2022 | Rachel M. Clattenburg | $600.00 | 0.5 | $300.00 | confer with local counsel re motion to dismiss; confer with Kevin re same |
| 11/05/2022 | Kevin P. Crenny | $300.00 | 0.9 | $270.00 | Add material on sufficiency of attorneys fees as RICO injury to motion to dismiss and research speculative damages argument. |
| 18/05/2022 | Rachel M. Clattenburg | $600.00 | 0.3 | $180.00 | Joint defense call regarding June 2 conference set by the Court |
| 18/05/2022 | Kevin P. Crenny | $300.00 | 0.4 | $120.00 | Call with counsel for codefendants re upcoming hearing. |
| 31/05/2022 | Rachel M. Clattenburg | $600.00 | 0.3 | $180.00 | Legal research re re motion to stay discovery pending motion to dismiss |
| 01/06/2022 | Rachel M. Clattenburg | $600.00 | 1.0 | $600.00 | Confer with Adam Fels re hearing tomorrow and strategy for Rule 16 scheduling (0.4); review docket in preparation for hearing and draft email to joint defense group re hearing (0.6) |
| 02/06/2022 | Rachel M. Clattenburg | $600.00 | 0.6 | $360.00 | Status hearing before Judge Reinhart (0.5); call with A. Fels re hearing (0.1) |
| 02/06/2022 | Kevin P. Crenny | $300.00 | 0.6 | $180.00 | Attend status conference by Zoom. |
| 15/06/2022 | Rachel M. Clattenburg | $600.00 | 0.5 | $300.00 | Joint defense call re strategy for briefing second round of Motion to Dismiss |
| 15/06/2022 | Kevin P. Crenny | $300.00 | 0.6 | $180.00 | Joint defense group call (0.5); conversations re case deadlines (0.1) |

**EXHIBIT B to Decl. of Joshua A. Levy**
**In Support of Defs.' Mot. for Sanctions & Fees**

| Date (DD/MM/YYYY) | Timekeeper | Discounted Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 21/06/2022 | Kevin P. Crenny | $300.00 | 0.6 | $180.00 | Research procedural rules re filing deadlines and holidays (0.4); initial review of amended complaint (0.2). |
| 22/06/2022 | Kevin P. Crenny | $300.00 | 2.5 | $750.00 | Review Amended Complaint for substantive changes and new allegations concerning. clients. |
| 23/06/2022 | Rachel M. Clattenburg | $600.00 | 0.7 | $420.00 | Joint defense call re strategy for responding to Amended Complaint |
| 23/06/2022 | Kevin P. Crenny | $300.00 | 0.9 | $270.00 | Joint defense group call. |
| 24/06/2022 | Kevin P. Crenny | $300.00 | 2.7 | $810.00 | Draft motion to dismiss section on Malicious prosecution. |
| 27/06/2022 | Rachel M. Clattenburg | $600.00 | 0.8 | $480.00 | revise section on malicious prosecution for second motion to dismiss |
| 27/06/2022 | Kevin P. Crenny | $300.00 | 0.2 | $60.00 | Coordinate review of amended complaint for allegations of conduct in 2017 for statute of limitations defense. |
| 29/06/2022 | Rachel M. Clattenburg | $600.00 | 2.2 | $1,320.00 | Research and drafting malicious prosecution section |
| 29/06/2022 | Kevin P. Crenny | $300.00 | 2.1 | $630.00 | Edits to draft motion to dismiss section on malicious prosecution claims. |
| 01/07/2022 | Rachel M. Clattenburg | $600.00 | 2.3 | $1,380.00 | Reviewing amended complaint for new allegations; drafting start of motion to dismiss (2.0); joint defense call re deadlines and coordinating (0.3) |
| 01/07/2022 | Kevin P. Crenny | $300.00 | 1.6 | $480.00 | Call and correspondence with R. Clattenburg, J. Levy, and co-counsel re Motion to Dismiss and extension (1.0); Edit abbreviated version of Motion to Dismiss section re malicious prosecution (0.6). |
| 05/07/2022 | Rachel M. Clattenburg | $600.00 | 0.7 | $420.00 | Joint defense call re drafting (0.2); editing the malicious prosecution section (0.5) |
| 05/07/2022 | Kevin P. Crenny | $300.00 | 0.6 | $180.00 | Call with co-defendants (0.4); follow up edits on section of motion to dismiss (0.2). |
| 07/07/2022 | Kevin P. Crenny | $300.00 | 4.0 | $1,200.00 | Draft Fusion-specific material for joint Motion to |

**EXHIBIT B to Decl. of Joshua A. Levy**
**In Support of Defs.' Mot. for Sanctions & Fees**

| Date (DD/MM/YYYY) | Timekeeper | Discounted Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| | | | | | Dismiss, including additional review of Amended Complaint (3.7); review draft brief sections from other firms (0.3). |
| 08/07/2022 | Rachel M. Clattenburg | $600.00 | 0.6 | $360.00 | Revising draft insert specific to Fusion Defendants (0.3); reviewing draft sections of brief from joint defense group (0.3) |
| 08/07/2022 | Kevin P. Crenny | $300.00 | 0.6 | $180.00 | Review draft brief sections by other firms. |
| 10/07/2022 | Rachel M. Clattenburg | $600.00 | 0.7 | $420.00 | Editing Fusion section of brief (0.2); reviewing amended complaint (consolidated) (0.5) |
| 10/07/2022 | Kevin P. Crenny | $300.00 | 0.2 | $60.00 | Assemble latest draft of Fusion-specific section of Motion to Dismiss. |
| 11/07/2022 | Rachel M. Clattenburg | $600.00 | 0.1 | $60.00 | Joint defense call with Ben Peacock (Ohr's counsel) re section of brief specific to our defendants |
| 11/07/2022 | Kevin P. Crenny | $300.00 | 1.0 | $300.00 | Review draft materials from other firms and coordinate with counsel for N. Ohr. |
| 12/07/2022 | Rachel M. Clattenburg | $600.00 | 0.4 | $240.00 | Reviewing consolidated brief and email Ben Peacock re individual section |
| 12/07/2022 | Kevin P. Crenny | $300.00 | 0.2 | $60.00 | Correspondence with counsel for co-defendants re motion to dismiss and Plaintiff's scheduling motion. |
| 13/07/2022 | Rachel M. Clattenburg | $600.00 | 0.5 | $300.00 | review final brief and send edits to Williams & Connolly |
| 13/07/2022 | Kevin P. Crenny | $300.00 | 0.3 | $90.00 | Review latest draft of Motion to Dismiss and correspondence with co-counsel re same. |
| 15/07/2022 | Kevin P. Crenny | $300.00 | 0.6 | $180.00 | Call with opposing counsel (0.4); file management re court records (0.2). |
| 21/07/2022 | Kevin P. Crenny | $300.00 | 0.3 | $90.00 | Review filings by plaintiff and court orders, |
| 26/07/2022 | Rachel M. Clattenburg | $600.00 | 0.4 | $240.00 | Joint defense call - strategy for reply brief |
| 26/07/2022 | Kevin P. Crenny | $300.00 | 0.4 | $120.00 | Call with co-defendants re reply in support of motion to dismiss. |
| 05/08/2022 | Rachel M. Clattenburg | $600.00 | 1.0 | $600.00 | Joint defense call re reply brief (0.4); review |

**EXHIBIT B to Decl. of Joshua A. Levy**
**In Support of Defs.' Mot. for Sanctions & Fees**

| Date (DD/MM/YYYY) | Timekeeper | Discounted Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| | | | | | Opposition brief from Trump (0.6) |
| 05/08/2022 | Kevin P. Crenny | $300.00 | 4.7 | $1,410.00 | Call with other counsel for co-defendants re motion to dismiss reply (0.5); review opposition to motion to dismiss, research and draft reply section re malicious prosecution (4.2). |
| 08/08/2022 | Kevin P. Crenny | $300.00 | 0.6 | $180.00 | Finalize draft of material re malicious prosecution for consolidated reply brief. |
| 09/08/2022 | Rachel M. Clattenburg | $600.00 | 0.4 | $240.00 | Review and edit reply brief |
| 10/08/2022 | Rachel M. Clattenburg | $600.00 | 1.2 | $720.00 | Review and edit reply brief (1.0); joint defense call re reply brief (0.2). |
| 10/08/2022 | Kevin P. Crenny | $300.00 | 1.0 | $300.00 | Review and offer edits on draft of consolidated Reply re Motion to Dismiss (0.8); call with counsel for co-defendants re Motion to Dismiss Reply (0.2). |
| 11/08/2022 | Kevin P. Crenny | $300.00 | 0.2 | $60.00 | Review draft of final consolidated Reply re Motion to Dismiss. |
| 12/09/2022 | Rachel M. Clattenburg | $600.00 | 0.5 | $300.00 | Reviewing case law on fees |
| 12/09/2022 | Kevin P. Crenny | $300.00 | 0.2 | $60.00 | Strategize re possible motion for sanctions. |
| 13/09/2022 | Rachel M. Clattenburg | $600.00 | 0.2 | $120.00 | Call with Adam Fels re fees motion |
| 13/09/2022 | Kevin P. Crenny | $300.00 | 0.8 | $240.00 | Call with counsel for co defendants (0.7); review material re fees (0.1). |
| 15/09/2022 | Kevin P. Crenny | $300.00 | 0.2 | $60.00 | Review material re motion for sanctions and/or fees. |
| 19/09/2022 | Rachel M. Clattenburg | $600.00 | 0.6 | $360.00 | Review draft motion for sanctions |
| 19/09/2022 | Kevin P. Crenny | $300.00 | 0.7 | $210.00 | Review and perform additional research for draft consolidated motion for sanctions. |
| 20/09/2022 | Kevin P. Crenny | $300.00 | 0.5 | $150.00 | Additional research for draft consolidated motion for sanctions. |
| 21/09/2022 | Rachel M. Clattenburg | $600.00 | 0.3 | $180.00 | Edit motion for sanctions |
| 28/09/2022 | Rachel M. Clattenburg | $600.00 | 0.2 | $120.00 | Joint Defense call re motion for sanctions |

**EXHIBIT B to Decl. of Joshua A. Levy**
**In Support of Defs.' Mot. for Sanctions & Fees**

| Date (DD/MM/YYYY) | Timekeeper | Discounted Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 28/09/2022 | Rachel M. Clattenburg | $600.00 | 1.1 | $660.00 | Drafting declaration and exhibits for Motion for Sanctions |
| 28/09/2022 | Kevin P. Crenny | $300.00 | 0.5 | $150.00 | Call with counsel for co defendants re motion for fees. |
| 29/09/2022 | Rachel M. Clattenburg | $600.00 | 1 | $600.00 | Draft affidavit in support of motion for sanctions, and supporting exhibits |
| 30/09/2022 | Rachel M. Clattenburg | $600.00 | 1.5 | $900.00 | Draft affidavit in support of motion for sanctions, and supporting exhibits |
| 30/09/2022 | Kevin P. Crenny | $300.00 | 0.5 | $150.00 | Review affidavit and supporting exhibits |

# EXHIBIT C







*Partner*

📞 +1 305 569 7746

🔗 www.linkedin.com/in/adam-fels-819621195/

✉️ afels@ffslawfirm.com

🪪 Download vCard

**Adam S. Fels** is a founding partner of Fridman Fels & Soto, PLLC. His practice focuses on international money laundering cases, white-collar criminal defense, and complex internal investigations.





the prosecution team, including Mr. Fels, were honored with the 2019 U.S. Department of Justice Attorney General's Award for Exceptional Service, the Department's highest award for employee performance.

Throughout his thirteen-year career as a federal prosecutor, Mr. Fels successfully managed and directed a wide array of criminal investigations and cases in district court, and successfully argued several cases in federal courts of appeal. Mr. Fels also handled some of the Miami U.S. Attorney's Office's highest profile cases, including a variety of counterterrorism prosecutions, and the prosecution of some of the most prominent Colombian drug cartel leaders of the time. He has developed expertise in several areas of federal criminal practice, including Title III wiretaps, classified information litigation, money laundering and other financial investigations, mortgage fraud, and customs enforcement. He was cleared for top secret information and granted access to sensitive compartmented information.

Mr. Fels has lectured extensively to various audiences, including domestic and foreign law enforcement personnel and university students. His seminars and guest lectures have addressed international criminal procedure, money laundering, terrorist financing, and psychology of the courtroom. He has participated on state-sponsored money laundering panels on three continents.

Prior to his tenure as a federal prosecutor in Miami, Mr. Fels served as a Senior Trial Attorney with the Department of Justice's Office of Special Investigations in Washington, DC, where he worked to denaturalize and deport several World War II concentration camp guards who had unlawfully entered the United States after the war.  For his role in bringing Nazi camp guards to justice, Mr. Fels was recognized alongside other OSI attorneys with the first U.S. Department of Justice Assistant Attorney General Award for Human Rights Law Enforcement.



> "Duped" and "egged on": Capitol rioters use Trump as excuse in court," CBS News, February 16, 2021, available at https://www.cbsnews.com/news/capitol-riot-suspects-trump-blame-court/

> "DBR Recognizes Most Effective Lawyers for 2019," Daily Business Review, November 15, 2019, available at https://www.law.com/dailybusinessreview/2019/11/15/dbr-recognizes-most-effective-lawyers-for-2019/?slreturn=20191015145223

> "Opinion: Will El Chapo's Trial Change Organized Crime Forever?" The New York Times, February 14, 2019, available at https://www.nytimes.com/2019/02/14/opinion/el-chapo-trial-witnesses.html

> "Notorious Drug Lord Joaquin "El Chapo" Guzman Convicted," CBS Miami, February 12, 2019, available at https://miami.cbslocal.com/2019/02/12/notorious-drug-lord-joaquin-el-chapo-guzman-convicted/

> "Joaquín 'El Chapo' Guzmán's trial: From shocking to bizarre," BBC.com, February 4, 2019, available at https://www.bbc.com/news/world-us-canada-46282173

> "'El Chapo' trial jurors heard the accused Mexican drug lord's voice — or did they?" USA Today, December 19, 2018, available at https://www.usatoday.com/story/news/2018/12/19/did-el-chapo-drug-trial-jurors-hear-accused-mexican-drug-lord-voice-secret-tape/2360588002/

> "El Chapo Trial Updates," Newsweek, December 13, 2018, available at "https://www.newsweek.com/joaquin-el-chapo-guzman-loera-sinaloa-cartel-brooklyn-jorge-milton-cifuentes-1258241

> "Las leyendas de El Chapo, a juicio," El Pais, November 18, 2018, available at https://elpais.com/internacional/2018/11/16/actualidad/1542382504_906964.html

> "Main witness against 'El Chapo' will be 'El Chapo,' prosecutor says," NBC News, November 14, 2018, available at https://www.nbcnews.com/news/crime-courts/el-chapo-opening-arguments-delayed-because-anxious-juror-n935761

> "As El Chapo trial opens, attorneys offer contrasting portraits of 'mythological' drug lord," Washington Post, November 13, 2018, available at



Years In Prison," Sun-Sentinel, November 26, 2016, available at https://www.sun-sentinel.com/local/palm-beach/fl-palm-hoax-bomb-threat-sentencing-20161129-story.html

> "Man touted as one of biggest drug dealers ever gets 35 years," AP News, July 25, 2016, available at https://apnews.com/b67b14c742334f0cb07a35513cf92162

> "South Florida brothers sentenced to long prison terms for terrorist plot in New York," Miami Herald, June 10, 2015, available at https://www.miamiherald.com/news/local/crime/article23669335.html

> "Los detalles de la detención en Aruba del general venezolano Hugo Carvajal," Infobae, July 25, 2014, available at https://www.infobae.com/2014/07/25/1583091-los-detalles-la-detencion-aruba-del-general-venezolano-hugo-carvajal/

> "Individual Who Provided False Statements Regarding Attempted Support Of Extremist Group Pleads Guilty And Is Sentenced," U.S. Dept. of Justice, July 24, 2014, available at https://www.justice.gov/usao-sdfl/pr/individual-who-provided-false-statements-regarding-attempted-support-extremist-group

> "United States Attorney for the Southern District of Florida Announces Guilty Plea of Colombian Narcotics Kingpin," FBI, January 24, 2014, available at https://archives.fbi.gov/archives/miami/press-releases/2014/united-states-attorney-for-the-southern-district-of-florida-announces-guilty-plea-of-colombian-narcotics-kingpin

> "Manhattan, Brooklyn, And Miami U.S. Attorneys Announce Extradition Of Colombian Narcotics Kingpin," U.S. Dept. of Justice, July 9, 2013, available at https://www.justice.gov/usao-edny/pr/manhattan-brooklyn-and-miami-us-attorneys-announce-extradition-colombian-narcotics

> "Miami Jury Convicts Guatemalan Drug Kingpin of Distributing Cocaine Knowing it Would be Imported into the United States," U.S. Dept. of Justice, May 8, 2012, available at https://www.justice.gov/archive/usao/fls/PressReleases/2012/120508-01.html

> "High-Level Colombian BACRIM Narco-Trafficker Indicted on Cocaine Conspiracy Charges," FBI, February 9, 2011, available at https://archives.fbi.gov/archives/miami/press-releases/2011/mm020911a.htm

32



Menu



> Recipient of Attorney General's David Margolis Award for Exceptional Service, 2019

> "Most Effective Lawyer" for Criminal Law, Daily Business Review, 2019

> Recipient of Federal Law Enforcement Foundation Award, 2019

> Recipient of Timothy Evans Award for Outstanding Assistant United States Attorney, 2012

> Recipient of Assistant Attorney General Award for Human Rights Law Enforcement, 2008







www.linkedin.com/in/adam-fels-819621195/

afels@ffslawfirm.com

Download vCard

# Education

> J.D., University of Chicago Law School

> A.B., Columbia University

# Bar Admissions

> Florida Bar

> District of Columbia Bar

> US Court of Appeals for the Eleventh Circuit

> US District Court for the Southern District of Florida

> US District Court for the Middle District of Florida

CONTACT US TODAY

**34**

# EXHIBIT D

**EXHIBIT D to Decl. of Joshua A. Levy**
**In Support of Defs.' Mot. for Sanctions & Fees**

| Date (DD/MM/YYYY) | Timekeeper | Discounted Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 22/04/2022 | Adam S Fels | 600 | 0.6 | $360.00 | Exchange emails with co-counsel regarding joint motion for extension; review pro hac filings, prepare notice of appearance, pay pro hac fees; file notice of appearance and pro hac motions. |
| 28/04/2022 | Adam S Fels | 600 | 0.1 | $60.00 | Review docket; send co-counsel orders granting pro hac motions. |
| 11/05/2022 | Adam S Fels | 600 | 2.3 | $1,380.00 | Review complaint (split with co-defendants); review draft motion to dismiss; research legal issues relating to legal fees as injury under RICO; exchange emails with co-counsel; file motion to dismiss. |
| 01/06/2022 | Adam S Fels | 600 | 1 | $600.00 | Calls with co-counsel to discuss upcoming status conference hearing; research local rules re: Rule 26 conference; review docket for entries relating to scheduling order |
| 02/06/2022 | Adam S Fels | 600 | 0.7 | $420.00 | Attend status conf (split with co-defendants); T/C with co-counsel |
| 01/07/2022 | Adam S Fels | 600 | 0.9 | $540.00 | Review portion of Amended Complaint (split with co-defendants); research, review and edit malicious prosecution section (split with co-defendants) |
| 05/07/2022 | Adam S Fels | 600 | 0.2 | $120.00 | Review of revised malicious prosecution section (split with co-defendants) |
| 15/07/2022 | Adam S Fels | 600 | 0.2 | $120.00 | Participate on status call with Plaintiffs & Defendants (split with co-defendant) |
| 13/09/2022 | Adam S Fels | 600 | 0.8 | $480.00 | Review Court's order dismissing case; research Rule 11 rulings by J. Middlebrooks; participate in call with counsel to discuss same (all split with co-defendants). |
| 22/09/2022 | Adam S Fels | 600 | 0.3 | $180.00 | Review of draft sanctions motion (split with co-defendants); T/C with co-counsel re: same. |
| 28/09/2022 | Adam S Fels | 600 | 1.1 | $660.00 | Appear at teleconference to discuss fees; T/C with Rachel Clattenburg to discuss fees; |

B

B

B

**EXHIBIT D to Decl. of Joshua A. Levy**
**In Support of Defs.' Mot. for Sanctions & Fees**

| | | | | | prepare chart breaking down fees. |
|---|---|---|---|---|---|

# Objection Breakdown Fusion

| Entry No. | Page # | Block | Duplicative | Excessive | Vague | Total |
|-----------|--------|-------|-------------|-----------|-------|-------|
| 1 | 20 | | $1,620.00 | | | |
| 2 | 20 | | $1,380.00 | | | |
| 3 | 20 | $1,260.00 | | | | |
| 4 | 20 | $1,320.00 | | | | |
| 5 | 21 | | | $1,230.00 | | |
| 6 | 21 | | $1,080.00 | | | |
| 7 | 21 | $1,380.00 | | | | |
| 8 | 21 | $1,380.00 | | | | |
| 9 | 22 | | $1,200.00 | | | |
| 10 | 22 | $390.00 | | | | |
| 11 | 26 | | | $1,410.00 | | |
| 12 | 36 | $1,380.00 | | | | |
| 13 | 36 | $600.00 | | | | |
| 14 | 36 | $660.00 | | | | |
| **Total** | | **$8,370.00** | **$5,280.00** | **$2,640.00** | **$0.00** | **$16,290.00** |

38

**Fees incurred from Complaint to initial MTD**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Joshua A. Levy | $700/ hour | 0.5 | $350.00 |
| Rachel Clattenburg | $600/ hour | 27 | $16,200.00 |
| Kevin P. Crenny | $300/ hour | 41.5 | $12,450.00 |
| E. Andrew Sharp | $300/ hour | 2.5 | $750.00 |
| Adam S. Fels | $600/ hour | 3 | $1,800.00 |
| Total | | | $31,550.00 |

**Fees incurred initial MTD to dismissal**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Rachel Clattenburg | $600/ hour | 14.7 | $8,820.00 |
| Kevin Crenny | $300/ hour | 26.9 | $8,070.00 |
| Adam S. Fels | $600/ hour | 3 | $1,800.00 |
| Total | | | $18,690.00 |

**Fees incurred to date on sanctions motion**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Rachel Clattenburg | $600/ hour | 5.4 | $3,240.00 |
| Kevin Crenny | $300/ hour | 3.4 | $1,020.00 |
| Adam S. Fels | $600/ hour | 2.2 | $1,320.00 |
| Total | | | $5,580.00 |

| | |
|---|---|
| **Total Fees Incurred** | $55,820.00 |
| **Total Objections** | $16,290.00 |
| **New Feed Incurred =** | $39,530.00 |

| | |
|---|---|
| **Exhibit B:** | $50,900.00 |
| **Exhibit D:** | $4,920.00 |
| **Total Fees Incurred** | $55,820.00 |
| **Total Objections** | $16,290.00 |
| **New Feed Incurred =** | $39,530.00 |

# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Donald J. Trump,

        Plaintiff,

    v.

Hillary R. Clinton *et al.*,

        Defendants.

Civil Action No. 2:22-14102-DMM

### DECLARATION OF JOSHUA BERMAN IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS AND FEES

I, Joshua Berman, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.    I am a partner at Clifford Chance US LLP ("Clifford Chance"), counsel of record for Bruce and Nellie Ohr in the above captioned matter.

2.    Attached as Exhibit A are biographies of the attorneys at Clifford Chance for whom Bruce and Nellie Ohr seek attorneys' fees. The biographies reflect the professional qualifications of those attorneys.

3.    Clifford Chance entered into a retention agreement with Mr. and Mrs. Ohr covering the present litigation. Mr. and Mrs. Ohr agreed to pay all of Clifford Chance's costs, fees, and expenses incurred in connection with the present suit, and agreed to pay discounted rates, which for this matter are $800 per hour for my time, and $500 per hour for associate Benjamin Peacock. These rates represent a nearly 40 percent discount from standard Clifford Chance rates.

4.    Attached as Exhibit B is a true and correct copy of the hours worked by counsel for Defendants Bruce and Nellie Ohr. Defendants Bruce and Nellie Ohr seek fees at the already discounted hourly rate for the attorneys as described in Exhibit B and below. These significantly discounted hourly rates are consistent with the rates this Court concluded were reasonable in *Celsius Holdings,*

1
2

*Inc v. A SHOC Beverage, LLC*, No. 21-cv-80740, 2022 WL 3568042 (July 19, 2022). Exhibit B also provides an accurate statement of the work provided by Clifford Chance during the periods for which discounted fees are sought.

5.      Attached as Exhibit C is the law firm website biography of the attorney at Fridman Fels & Soto, PLLC ("Fridman Fels") for whom Defendants Bruce and Nellie Ohr seek attorneys' fees. The biography reflects the professional qualifications of this attorney.

6.      Fridman Fels & Soto, PLLC entered into a retention agreement with Defendants Bruce and Nellie Ohr in connection with the present litigation. Bruce and Nellie Ohr agreed to pay all of Fridman Fels's costs, fees, and expenses incurred in connection with the present suit, and agreed to pay a discounted rate from the firm's customary rate. Fridman Fels is charging Defendants Bruce and Nellie Ohr $500 per hour.

7.      Attached as Exhibit D is a true and correct copy of the hours worked by Fridman Fels for Defendants Bruce and Nellie Ohr. Defendants Bruce and Nellie Ohr seek fees at the already discounted hourly rate for the attorneys as described in Exhibit D and below. These discounted hourly rates are consistent with the rates this Court concluded were reasonable in *Celsius Holdings, Inc v. A SHOC Beverage, LLC*, No. 21-cv-80740, 2022 WL 3568042 (July 19, 2022). Exhibit D also provides an accurate statement of the work provided by Fridman Fels during the periods for which discounted fees are sought.

8.      Consistent with the discussion in the Memorandum in Support of Sanctions and the information provided in Exhibit B and Exhibit D, I summarize below in Charts A, B, and C the fees associated with three different phases of the case: (A) the fees incurred from the filing of the initial complaint to the filing of Mrs. Ohr's initial motion to dismiss; (B) the fees incurred between the filing of Mrs. Ohr's initial motion to dismiss and the Court's order dismissing the suit; and (C)

the fees incurred to date in connection with the motion for sanctions.

9.    As reflected in Chart A, the discounted fees incurred by Mr. and Mrs. Ohr from the filing of the initial complaint to the filing of initial motion to dismiss total $25,760.

10.    As reflected in Chart B, the discounted fees incurred by Mr. and Mrs. Ohr from the filing of the initial motion to dismiss to this Court's dismissal of the suit total $26,820.

11.    As reflected in Chart C, the discounted fees incurred by Mr. and Mrs. Ohr in connection with the motion for sanctions, to date, total $6,330.

**Chart A:  Fees incurred from Complaint to initial MTD**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Joshua Berman | $800 / hour | 4.2 hours | $3,360 |
| Benjamin Peacock | $500 / hour | 40.3 hours | $20,150 |
| Adam Fels | $500 / hour | 4.3 hours | $2,150 |
| Victoria Pantin | $125 / hour | 0.8 hours | $100 |

**Chart B:  Fees incurred initial MTD to dismissal**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Joshua Berman | $800 / hour | 1.9  hours | $1,520 |
| Benjamin Peacock | $500 / hour | 47.6 hours | $23,800 |
| Adam Fels | $500 / hour | 3 hours | $1,500 |

**Chart C:  Fees incurred to date on sanctions motion**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Joshua Berman | $800 / hour | 0.6 hours | $480 |
| Benjamin Peacock | $500 / hour | 10.6 hours | $5,300 |

| Adam Fels | $500 / hour | 1.1 hours | $550 |

12.    I believe that the discounted rates claimed are reasonable given the professional qualifications of the billers as evidenced in Exhibit A and Exhibit C for the Southern District of Florida market and given the rates approved by this Court in *Celsius*.

13.    In connection with this case, counsel also incurred necessary costs in the amount of $400 for admission to this court *pro hac vice*.  As such in addition to the costs and fees set out above, Mr. and Mrs. Ohr request and award of $400 for these fees.

14.    Consistent with local Rule 7.3, counsel sent the motion papers and exhibits to Plaintiff's counsel on [DATE].  [FILL IN RESULT OF CONFERRAL].

 /s/
_____

Joshua Berman

# EXHIBIT A

# CLIFFORD CHANCE

Partner



Joshua Berman, a seasoned trial and appellate lawyer, has over twenty years of experience handling white collar and government investigations matters both in the private sector and in government. Josh represents and provides counsel to corporate clients, Boards of Directors and individuals in government, Congressional and internal investigations, civil litigation, information security, and securities enforcement proceedings. Josh has expertise in developing global compliance and training programs for companies, and handling due diligence in connection with anti-corruption and other potential fraud matters.

Prior to joining Clifford Chance, Josh served as Deputy General Counsel for the U.S. Department of Commerce. There, he was responsible for a wide array of substantive matters, including: CFIUS, international export sanctions, cybersecurity, ethics guidance, data privacy, international anti-corruption efforts, Congressional investigations and oversight, Treasury tax regulations, ECPA reform, counter-terrorism efforts, FirstNet, telecommunications and intellectual property matters.

From 1997 to 2001, Josh served as an Assistant U.S. Attorney for the Southern District of New York, where he supervised, investigated, prosecuted and tried cases relating to securities fraud, white collar crime, terrorism, espionage, health care fraud, public corruption, obstruction of justice, bank fraud, immigration fraud, anti-piracy and copyright infringement, money laundering, racketeering, cybercrime, and organized and violent crime. Josh served on team of counter-terrorism prosecutors who investigated and prosecuted al Qaeda members and associates overseas and within the U.S. From 2001-2002, Josh served as Associate Investigative Counsel on the high profile Webster Commission for the Review of FBI Security Matters where he led a large multi-agency team of intelligence agents examining lapses in FBI national security in the wake of Robert Hanssen's espionage. From 2002-2004, Josh was a senior Trial Counsel for the U.S. Department of Justice, Criminal Division, Public Integrity Section, where he supervised, investigated and prosecuted investigations and prosecutions of high profile corruption, FEC and campaign finance cases.

Josh is a member of our global Corruption Risk team.

## Contact details

Clifford Chance, Washington D.C.

+12029125174

Email me

Follow me on LinkedIn

Practice area Litigation, dispute resolution & risk management

## Career and qualifications

○ Cornell University (BA, Government) 1991

○ University of Michigan Law School (JD Law) 1994

○ Assistant U.S. Attorney (SDNY), U.S. Department of Justice 1997

○ Associate Investigative Counsel, Webster Commission for the Review of FBI Security Programs, U.S. Department of Justice 2001

○ Senior Trial Attorney, Criminal Division, Public Integrity Section, U.S. Department of Justice 2002

○ Partner, SNR Denton 2004

○ Partner, Katten Muchin Rosenman 2010

○ Deputy General Counsel, U.S. Department of Commerce 2016

○ Joined Clifford Chance as Partner 2017



Corruption **Risk**

We help businesses to build resilience, sustain growth and be better prepared

**Relevant experience**          **Publications and insights**

## News and client work

Clifford Chance advises Japan Bank for International Cooperation on acquiring US$110 million equity in NuScale to advance clean energy

New York/Tokyo: Leading international law firm Clifford Chance has advised Japan Bank for International Cooperation (JBIC) on acquiring US$110 million of prefe...

**26 April 2022**

# BENJAMIN PEACOCK
## NEW YORK



BENJAMIN PEACOCK
**Associate**

**T** +1 212 878 8051
**E** benjamin.peacock@
   cliffordchance.com

Benjamin Peacock is a senior associate in Clifford Chance's Litigation & Dispute Resolution practice in New York. He represents clients in cross-border criminal and regulatory investigations and complex commercial litigation and arbitration.

Prior to joining Clifford Chance, Benjamin interned at the New England Legal Foundation, where he assisted in authoring briefs for the United States Court of Appeals for the First Circuit and the Supreme Courts of Massachusetts, New Hampshire and Maine.

Benjamin received a JD from the New York University School of Law and a BA in philosophy from the University of Georgia. He is admitted to practice in New York.

**Representative matters include representing:**

- A major financial institution in regulatory investigations alleging manipulation of LIBOR, and in subsequent implementation of settlement undertakings

- A joint venture in connection with investigations by CFTC and NYAG of spoofing and other foreign exchange market-related misconduct.

- A large international financial institution in connection with a spoofing investigation by the CME

- A major Asian financial institution in connection with CME investigations into trading of energy and agricultural futures

- A vertically integrated energy company in connection with a review of policies and risk assessment of its global commodities-trading operations.

- A major US financial institution in connection with remediation of its foreign exchange trading practices

- A hedge fund in connection with a review of policies and risk assessment of its global commodities- and securities-trading operations.

- A digital assets company in connection with an SEC investigation into its offering of digital tokens

- A cryptocurrency exchange in connection with a joint DOJ and CFTC investigation of trading practices on the exchange

- A digital assets company in connection with U.S. regulatory issues

- Defeated all DOJ FCPA charges against Lawrence Hoskins at trial, with remaining money laundering counts resulting in a 15-month sentence that is currently under appeal

# EXHIBIT B

USCA11 Case: 23-13177    Document: 114-3    Date Filed: 06/10/2024    Page: 218 of 704

| Date | Attorney | Discounted Rate | Time | Amount Claimed | Description |
|------|----------|----------------:|-----:|---------------:|-------------|
| 4/13/2022 | Joshua Berman | 800 | 0.5 | $ 400.00 | Communications with joint-defense team; review complaint and analyze next steps. |
| 4/14/2022 | Joshua Berman | 800 | 0.5 | $ 400.00 | Further communcations with joint defense team and with client re next steps. |
| 4/15/2022 | Benjamin Peacock | 500 | 1.5 | $ 750.00 | Analyze complaint and potential legal defenses. |
| 4/18/2022 | Joshua Berman | 800 | 1.2 | $ 960.00 | Communication with joint-defense team and plaintiff's counsel; analyze complaint and potential legal defenses. |
| 4/18/2022 | Benjamin Peacock | 500 | 5 | $ 2,500.00 | Legal research for motion to dismiss; outline potential defenses. |
| 4/19/2022 | Joshua Berman | 800 | 0.5 | $ 400.00 | Review docket; telephone conference with B. Peacock re next steps. |
| 4/19/2022 | Benjamin Peacock | 500 | 3.5 | $ 1,750.00 | Legal research for motion to dismiss; outline potential defenses; telephone conference with J. Berman re same. |
| 4/20/2022 | Joshua Berman | 800 | 0.7 | $ 560.00 | Joint-defense call; attention to selection of local counsel. |
| 4/20/2022 | Benjamin Peacock | 500 | 4.5 | $ 2,250.00 | Joint-defense call; telephone conference with Adam Fels re engagement; draft motion for extension of time; e-mails with plaintiff's counsel re same; draft *pro hac vice* motions. |
| 4/21/2022 | Joshua Berman | 800 | 0.1 | $ 80.00 | Finalize filings; communications with joint-defense counsel re same. |
| 4/21/2022 | Benjamin Peacock | 500 | 4.7 | $ 2,350.00 | Review draft Fridman Fels and Soto engagement letter; communications with client re same; outline arguments for motion to dismiss. |
| 4/22/2022 | Joshua Berman | 800 | 0.1 | $ 80.00 | Resolve local counsel and filing issues re extension of time. |
| 4/22/2022 | Benjamin Peacock | 500 | 1.7 | $ 850.00 | Finalize motion for extension of time and *pro hac vice* motions; e-mail and telephone conferences with local counsel re filing; e-mail Bruce and Nellie Ohr re status and next steps. |
| 4/25/2022 | Joshua Berman | 800 | 0.2 | $ 160.00 | Attention to plaintiff question re motion to amend complaint; communciations with joint-defense counsel. |
| 4/27/2022 | Joshua Berman | 800 | 0.2 | $ 160.00 | Review draft client letter to DOJ re Westfall representation. |
| 4/28/2022 | Benjamin Peacock | 500 | 0.5 | $ 250.00 | Edit draft client Westfall letter; e-mail J. Berman re same. |
| 5/4/2022 | Benjamin Peacock | 500 | 6.5 | $ 3,250.00 | Legal research in connection with motion to dismiss; draft same. |
| 5/5/2022 | Benjamin Peacock | 500 | 4.5 | $ 2,250.00 | Legal research in connection with motion to dismiss; draft same. |
| 5/6/2022 | Benjamin Peacock | 500 | 3.5 | $ 1,750.00 | Legal research in connection with motion to dismiss; draft same. |
| 5/10/2022 | Joshua Berman | 800 | 0.2 | $ 160.00 | Review draft motion to dismiss. |
| 5/10/2022 | Benjamin Peacock | 500 | 1.2 | $ 600.00 | Revise draft motion to dismiss; e-mail clients re same; e-mails with J. Berman and A. Fels re same. |
| 5/11/2022 | Benjamin Peacock | 500 | 3.2 | $ 1,600.00 | Final edits to draft motion to dismiss; multiple telephone conferences and e-mails with A. Fels re same. |
| 5/13/2022 | Benjamin Peacock | 500 | 0.3 | $ 150.00 | Attention to request for extension of time from plaintiff's counsel. |
| 5/18/2022 | Benjamin Peacock | 500 | 1 | $ 500.00 | Attend joint-defense call; e-mails with J. Berman re status and next steps. |
| 5/25/2022 | Benjamin Peacock | 500 | 0.2 | $ 100.00 | E-mail Bruce Ohr re status. |
| 5/26/2022 | Benjamin Peacock | 500 | 0.5 | $ 250.00 | Review proposed stipulation; e-mail counsel for H. Clinton re same. |

B

B

B

B

D

| | Date | Name | Rate | Hours | Amount | Description |
|---|---|---|---|---|---|---|
| | 5/26/2022 | Benjamin Peacock | 500 | 0.4 | $ 200.00 | Attend meeting with summer intern to introduce matter and discuss next steps. |
| | 6/2/2022 | Joshua Berman | 800 | 0.2 | $ 160.00 | Telephone conference with B. Peacock re strategy and next steps. |
| | 6/2/2022 | Benjamin Peacock | 500 | 2.5 | $ 1,250.00 | Court conference; follow-up telephone conferences with J. Berman and A. Fels re same; e-mail Bruce and Nellie Ohr re same. |
| | 15-Jun | Benjamin Peacock | 500 | 1 | $ 500.00 | Joint-defense call. |
| | 21-Jun | Benjamin Peacock | 500 | 3.4 | $ 1,700.00 | Analyze amended complaint and evaluate defenses. |
| | 22-Jun | Joshua Berman | 800 | 0.2 | $ 160.00 | Analyze amended complaint. |
| | 22-Jun | Benjamin Peacock | 500 | 1.7 | $ 850.00 | Further analysis of amended complaint; legal research in connection with same. |
| | 23-Jun | Joshua Berman | 800 | 0.5 | $ 400.00 | Joint-defense call. |
| B | 23-Jun | Benjamin Peacock | 500 | 3.4 | $ 1,700.00 | Joint-defense call; telephone conference with DOJ re Westfall issues; legal reseach in connection with same. |
| | 24-Jun | Joshua Berman | 800 | 0.3 | $ 240.00 | Analyze arguments for renewed motion to dismiss. |
| | 24-Jun | Benjamin Peacock | 500 | 5.5 | $ 2,750.00 | Further analysis of Westfall issues; further analysis of amended complaint and related legal research. |
| | 29-Jun | Benjamin Peacock | 500 | 1.9 | $ 950.00 | Review and revise draft malicious-prosecution section of renewed motion to dismiss; joint-defense communications in connection with same. |
| | 1-Jul | Joshua Berman | 800 | 0.2 | $ 160.00 | Joint-defense call. |
| B | 1-Jul | Benjamin Peacock | 500 | 4.5 | $ 2,250.00 | Joint-defense call; revise malicious-prosecution section of renewed motion to dismiss; joint-defense communications re same; telephone conference with DOJ re Westfall issues; follow-up e-mails with J. Berman re same. |
| B | 5-Jul | Benjamin Peacock | 500 | 2.9 | $ 1,450.00 | Further communication with DOJ re Westfall issues; revise draft motion to dismiss; joint-defense communications re same. |
| | 11-Jul | Benjamin Peacock | 500 | 0.7 | $ 350.00 | Revise draft motion to dismiss; multiple joint-defense communciations re same. |
| | 12-Jul | Benjamin Peacock | 500 | 2.5 | $ 1,250.00 | Revise draft motion to dismiss; joint-defense communications re same. |
| | 13-Jul | Benjamin Peacock | 500 | 2.2 | $ 1,100.00 | Further analysis of issues related to renewed motion to dismiss; e-mails with A. Fels re same. |
| | 14-Jul | Benjamin Peacock | 500 | 0.6 | $ 300.00 | Review filed opposition to motion to dismiss. |
| | 15-Jul | Joshua Berman | 800 | 0.5 | $ 400.00 | Meet-and-confer with plaintiff's counsel and joint-defense team. |
| | 15-Jul | Benjamin Peacock | 500 | 0.7 | $ 350.00 | Meet-and-confer with plaintiff's counsel and joint-defense team; e-mail Bruce and Nellie Ohr re same. |
| | 26-Jul | Benjamin Peacock | 500 | 0.5 | $ 250.00 | Joint-defense call. |
| | 4-Aug | Benjamin Peacock | 500 | 2.5 | $ 1,250.00 | Analyze plaintiff's opposition to motion to dismiss. |
| B | 5-Aug | Benjamin Peacock | 500 | 1.7 | $ 850.00 | Further analysis of opposition to motion to dismiss; e-mail clients re same; outline points for opposition. |
| | 8-Aug | Benjamin Peacock | 500 | 1.3 | $ 650.00 | Draft and revise "malicious prosecution" argument for reply brief. |
| B | 10-Aug | Benjamin Peacock | 500 | 3.2 | $ 1,600.00 | Review reply brief; e-mails with Bruce and Nellie Ohr re same; joint-defense call. |
| | 11-Aug | Benjamin Peacock | 500 | 2.5 | $ 1,250.00 | Final review of reply brief in preparation for filing; e-mails with clients re same. |
| E | 8-Sep | Benjamin Peacock | 500 | 2.7 | $ 1,350.00 | Review Order Granting Motion to Dismiss; e-mail J. Berman re same. |

| Date | Name | | Rate | Hours | | Amount | Description |
|---|---|---|---|---|---|---|---|
| 9-Sep | Joshua Berman | | 800 | 0.3 | $ | 240.00 | Review Order Granting Motion to Dismiss; preliminary consideration of sanctions issues. |
| 9-Sep | Benjamin Peacock | | 500 | 1.7 | $ | 850.00 | Analysis of next steps including sanctions; e-mail Bruce and Nellie Ohr re Order and related issues. |
| 12-Sep | Joshua Berman | | 800 | 0.3 | $ | 240.00 | Address issue re sanctions. |
| 13-Sep | Benjamin Peacock | | 500 | 0.5 | $ | 250.00 | Legal research re legal standard for sanctions; telephone conference with A. Fels re same. |
| 23-Sep | Benjamin Peacock | | 500 | 1.9 | $ | 950.00 | Review draft motion for sanctions; legal research in connection with same. |
| 28-Sep | Benjamin Peacock | | 500 | 0.3 | $ | 150.00 | Review materials provided by A. Fels in connection with motion for sanctions; telephone conference with A. Fels re same. |
| 10/2/2022 | Benjamin Peacock | | 500 | 1.5 | $ | 750.00 | Draft declaration to accompany motion for sanctions and prepare exhibits to same. |
| 3-Oct | Benjamin Peacock | | 500 | 2 | $ | 1,000.00 | Revise declaration to accompany motion for sanctions and prepare exhibits to same; e-mail Bruce and Nellie Ohr re same. |
| | | | | 105.2 | $ | 54,610.00 | |

# EXHIBIT C

 





*Partner*

 +1 305 569 7746

14



Before forming Fridman Fels & Soto, PLLC, Mr. Fels served as an Assistant United States Attorney in the Southern District of Florida for thirteen years, specializing in international money laundering, counternarcotics, and counterterrorism prosecutions. He also served as a Special Assistant United States Attorney in both the Southern District of New York and the Eastern District of New York. Mr. Fels was one of the lead prosecutors and delivered the opening statement in the Government's successful prosecution of Joaquin "El Chapo" Guzmán, one of the largest drug kingpins ever tried in the United States. The members of the prosecution team, including Mr. Fels, were honored with the 2019 U.S. Department of Justice Attorney General's Award for Exceptional Service, the Department's highest award for employee performance.

Throughout his thirteen-year career as a federal prosecutor, Mr. Fels successfully managed and directed a wide array of criminal investigations and cases in district court, and successfully argued several cases in federal courts of appeal. Mr. Fels also handled some of the Miami U.S. Attorney's Office's highest profile cases, including a variety of counterterrorism prosecutions, and the prosecution of some of the most prominent Colombian drug cartel leaders of the time. He has developed expertise in several areas of federal criminal practice, including Title III wiretaps, classified information litigation, money laundering and other financial investigations, mortgage fraud, and customs enforcement. He was cleared for top secret information and granted access to sensitive compartmented information.



concentration camp guards who had unlawfully entered the United States after the war.  For his role in bringing Nazi camp guards to justice, Mr. Fels was recognized alongside other OSI attorneys with the first U.S. Department of Justice Assistant Attorney General Award for Human Rights Law Enforcement.

Before joining the Department of Justice, Mr. Fels spent four years as a commercial litigation and appellate associate in the Washington, D.C. office of Latham & Watkins LLP, participating in several trials and developing expertise in internal investigations. Mr. Fels began his legal career by clerking for United States District Judge Donald M. Middlebrooks in the Southern District of Florida.

# News Reports and Media Accounts

- ❯ "Duped" and "egged on": Capitol rioters use Trump as excuse in court," CBS News, February 16, 2021, available at https://www.cbsnews.com/news/capitol-riot-suspects-trump-blame-court/
- ❯ "DBR Recognizes Most Effective Lawyers for 2019," Daily Business Review, November 15, 2019, available at https://www.law.com/dailybusinessreview/2019/11/15/dbr-recognizes-most-effective-lawyers-for-2019/?slreturn=20191015145223
- ❯ "Opinion: Will El Chapo's Trial Change Organized Crime Forever?" The New York Times, February 14, 2019, available at https://www.nytimes.com/2019/02/14/opinion/el-chapo-trial-witnesses.html

16






> "El Chapo Trial Updates," Newsweek, December 13, 2018, available at "https://www.newsweek.com/joaquin-el-chapo-guzman-loera-sinaloa-cartel-brooklyn-jorge-milton-cifuentes-1258241

> "Las leyendas de El Chapo, a juicio," El Pais, November 18, 2018, available at https://elpais.com/internacional/2018/11/16/actualidad/1542382504_906964.html

> "Main witness against 'El Chapo' will be 'El Chapo,' prosecutor says," NBC News, November 14, 2018, available at https://www.nbcnews.com/news/crime-courts/el-chapo-opening-arguments-delayed-because-anxious-juror-n935761

> "As El Chapo trial opens, attorneys offer contrasting portraits of 'mythological' drug lord," Washington Post, November 13, 2018, available at  https://www.washingtonpost.com/world/national-security/el-chapo-trial-begins-drug-kingpin-faces-life-in-prison/2018/11/12/52846f2a-e466-11e8-b759-3d88a5ce9e19_story.html

> "Miami judge orders ex-Panamanian president sent home to face criminal charges," Miami Herald, August 31, 2017, available at "https://www.miamiherald.com/news/nation-world/article170521432.html

> "Man Who Made Bomb Threats to Palm Beach County Schools Sentenced to More Than 3 Years In Prison," Sun-Sentinel, November 26, 2016, available at https://www.sun-sentinel.com/local/palm-beach/fl-palm-hoax-bomb-threat-sentencing-20161129-story.html

> "Man touted as one of biggest drug dealers ever gets 35 years," AP News, July 25, 2016, available at https://apnews.com/b67b14c742334f0cb07a35513cf92162

> "South Florida brothers sentenced to long prison terms for terrorist plot in New York," Miami Herald, June 10, 2015, available at https://www.miamiherald.com/news/local/crime/article23669335.html



southern-district-of-florida-announces-guilty-plea-of-colombian-narcotics-kingpin

> "Manhattan, Brooklyn, And Miami U.S. Attorneys Announce Extradition Of Colombian Narcotics Kingpin," U.S. Dept. of Justice, July 9, 2013, available at https://www.justice.gov/usao-edny/pr/manhattan-brooklyn-and-miami-us-attorneys-announce-extradition-colombian-narcotics

> "Miami Jury Convicts Guatemalan Drug Kingpin of Distributing Cocaine Knowing it Would be Imported into the United States," U.S. Dept. of Justice, May 8, 2012, available at https://www.justice.gov/archive/usao/fls/PressReleases/2012/120508-01.html

> "High-Level Colombian BACRIM Narco-Trafficker Indicted on Cocaine Conspiracy Charges," FBI, February 9, 2011, available at https://archives.fbi.gov/archives/miami/press-releases/2011/mm020911a.htm

# Publications

> "OSI's Prosecution of World War II Persecutor Cases," United States Attorneys Bulletin, January 2006

# Awards and Recognition

> Recipient of Attorney General's David Margolis Award for Exceptional Service, 2019

18







19



Menu





305 569 7746

www.linkedin.com/in/adam-fels-819621195/

afels@ffslawfirm.com
Download vCard

# Education





## Bar Admissions

> Florida Bar

> District of Columbia Bar

> US Court of Appeals for the Eleventh Circuit

> US District Court for the Southern District of Florida

> US District Court for the Middle District of Florida

CONTACT US TODAY





# EXHIBIT D

| Date | Timekeeper | Discounted Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 4/21/2022 | Adam S Fels | 500 | 1.2 | $ 600.00 | Review and edit pro hac motions, certifications and proposed orders; review and edit motion for extension of time and draft proposed order; draft notice of appearance; initial filings; exchange emails with co-counsel re: initial filings. |
| 4/22/2022 | Victoria Pantin | 125 | 0.8 | $ 100.00 | Collection of previous CM/ECF filings and save into client's folder. |
| 5/10/2022 | Adam S Fels | 500 | 2.1 | $ 1,050.00 | Review Complaint (split with co-defendants); Review motion to dismiss; research legal issues in 11th Cir/SDFL relating to cognizable RICO injuries; defamatory statements re: political candidates; existence of proceeding in context of malicious prosecution case; annotate draft brief. |
| 5/11/2022 | Adam S Fels | 500 | 1 | $ 500.00 | Additional review of motion to dismiss; T/C with co-counsel re: same; file motion. |
| 6/1/2022 | Adam S Fels | 500 | 0.4 | $ 200.00 | Call with co-counsel to discuss upcoming status conference hearing. |
| 6/2/2022 | Adam S Fels | 500 | 0.7 | $ 350.00 | Attend status conf (split with co-defendants); T/C with co-counsel |
| 7/1/2022 | Adam S Fels | 500 | 0.9 | $ 450.00 | Review portion of Amended Complaint (split with co-defendants); research, review and edit malicious prosecution section (split with co-defendants) |
| 7/5/2022 | Adam S Fels | 500 | 0.2 | $ 100.00 | Review of revised malicious prosecution section (split with co-defendants) |
| 7/13/2022 | Adam S Fels | 500 | 0.6 | $ 300.00 | Review issue in draft motion to dismiss re: "federal defendants" in malicious prosecution section; exchange emails with co-counsel re: same. |
| 7/15/2022 | Adam S Fels | 500 | 0.2 | $ 100.00 | Participate on status call with Plaintiffs & Defendants (split with co-defendant) |
| 9/13/2022 | Adam S Fels | 500 | 0.8 | $ 400.00 | Review Court's order dismissing case; research Rule 11 rulings by J. Middlebrooks; participate in call with counsel to discuss same (all split with co-defendants). |
| 9/22/2022 | Adam S Fels | 500 | 0.2 | $ 100.00 | Review of draft sanctions motion (split with co-defendants). |
| 9/28/2022 | Adam S Fels | 500 | 0.9 | $ 450.00 | Appear at teleconference to discuss fees; T/C with co-counsel to discuss fees; prepare chart breaking down fees. |
| 4/21/2022 | | | | $ 400.00 | Pro hac vice fees paid for co-counsel |
| **TOTAL** | | | | **$5,100.00** | |

B

B

B

24

# Objection Breakdown – Ohr

| Entry No. | Page # | Block | Duplicative | Excessive | Vague | Total |
|---|---|---|---|---|---|---|
| 1 | 10 | $1,750.00 | | | | |
| 2 | 10 | $2,250.00 | | | | |
| 3 | 10 | $2,350.00 | | | | |
| 4 | 10 | $850.00 | | | | |
| 5 | 10 | | $1,750.00 | | | |
| 6 | 11 | $1,700.00 | | | | |
| 7 | 11 | $2,250.00 | | | | |
| 8 | 11 | $1,450.00 | | | | |
| 9 | 11 | $850.00 | | | | |
| 10 | 11 | $1,600.00 | | | | |
| 11 | 11 | | | $1,350.00 | | |
| 12 | 24 | $600.00 | | | | |
| 13 | 24 | $1,050.00 | | | | |
| 14 | 24 | $500.00 | | | | |
| **Total** | | **$17,200.00** | **$1,750.00** | **$1,350.00** | **$0.00** | **$20,300.00** |

**Fees incured from Complaint to initial MTD**

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Joshua Berman | $800/ hour | 4.2 | $3,360.00 |
| Benjamin Peacock | $500/ hour | 40.3 | $20,150.00 |
| Adam Fels | $500/ hour | 4.3 | $2,150.00 |
| Victoria Pantin | $125/ hour | 0.8 | $100.00 |
| **Total** | | | **$25,760.00** |

**Fees incured initial MTD to dismissal**

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Joshua Berman | $800/ hour | 1.9 | $1,520.00 |
| Benjamin Peacock | $500/ hour | 47.6 | $23,800.00 |
| Adam Fels | $500/hour | 3 | $1,500.00 |
| **Total** | | | **$26,820.00** |

**Fees incured to date on sactions motion**

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Joshua Berman | $800/ hour | 0.6 | $480.00 |
| Benjamin Peacock | $500/ hour | 10.6 | $5,300.00 |
| Adam Fels | $500/ hour | 1.1 | $550.00 |
| **Total** | | | **$6,330.00** |

| | |
|---|---|
| **Total Fees Incurred** | $58,910.00 |
| **Total Objections** | $20,300.00 |
| **New Fees Incurred =** | $38,610.00 |

| | |
|---|---|
| **Exhibit B:** | $54,610.00 |
| **Exhibit D:** | $5,100.00 |
| **Total Fees Incurred =** | **$59,710.00** |
| **Total Objections** | $20,300.00 |
| **New Fees Incurred =** | **$39,410.00** |

Discrepancy in the reporting of Fees Incurred. Charts A, B, and C found on pages 3 and 4 which summarize fees associated with three different phases of the case show **$800** lower total fees than displayed in Exhibits B & D, which display a "true and correct copy of the hours worked by counsel for Defendants Bruce and Nellie Ohr."

# EXHIBIT 8

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Donald J. Trump,

               Plaintiff,

     v.

Hillary R. Clinton *et al.*,

               Defendants.

Civil Action No. 2:22-14102-DMM

**DECLARATION OF FRANKLIN MONSOUR JR. IN SUPPORT OF
DEFENDANTS' MOTION FOR SANCTIONS AND FEES**

I, Franklin Monsour Jr., declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.      I am a partner at Orrick Herrington & Sutcliffe LLP ("Orrick"), counsel of record for Igor Danchenko in the above captioned matter.

2.      Attached as Exhibit A is my firm website biography demonstrating my professional qualifications, as the attorney for whom Mr. Danchenko seeks attorneys fees.

3.      Orrick entered into a retention agreement with Mr. Danchenko in connection with the present litigation.  Mr. Danchenko agreed to pay all of Orrick's costs, fees, and expenses incurred in connection with the present suit, and agreed to pay the firm's customary rates.

4.      Attached as Exhibit B is a true and correct copy of the hours worked by counsel for Mr. Danchenko.  Mr. Danchenko is not seeking reimbursement for the customary hourly rates mentioned in Paragraph 3.  Instead, Mr. Danchenko seeks fees at a discounted hourly rate for the attorneys as describe in Exhibit B and below.  These discounted hourly rates are consistent with the rates this Court concluded were reasonable in *Celsius Holdings, Inc v. A SHOC Beverage, LLC*, No. 21-cv-80740, 2022 WL 3568042 (July 19, 2022).  Exhibit B also provides an accurate statement of the work provided by Orrick during the periods for which discounted fees are sought.

1
2

5.      Consistent with the discussion in the Memorandum in Support of Sanctions and the information provided in Exhibit B, I summarize below in Charts A, B, and C the fees associated with three different phases of the case:  the fees incurred from the filing of the initial complaint to the filing of Mr. Danchenko's initial motion to dismiss; the fees incurred between the filing of Mr. Danchenko's motion to dismiss to the Court's order dismissing the suit; and the fees incurred to date in connection with the motion for sanctions.

6.      As reflected in Chart A, the discounted fees incurred by Mr. Danchenko from the filing of the initial complaint to the filing of Mr. Danchneko's initial motion to dismiss total $5,600.

7.      As reflected in Chart B, the discounted fees incurred by Mr. Danchenko from the filing of Mr. Danchenko's initial motion to dismiss total to this Court's dismissal of the suit total $10,220.

8.      As reflected in Chart C, the discounted fees incurred by Mr. Danchenko in connection with the motion for sanctions, to date, total $1,540.

**Chart A:  Fees incurred from Complaint to initial MTD**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Franklin Monsour Jr. | $700 per hour | 8 | $5,600 |

**Chart B:  Fees incurred initial MTD to dismissal**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Franklin Monsour Jr. | $700 per hour | 14.6 | $10,220 |

2
3

**Chart C:  Fees incurred to date on sanctions motion**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Franklin Monsour Jr. | $700 per hour | 2.2 | $1,540 |

9.      I believe that the discounted rates claimed are reasonable given the professional qualifications of the billers as evidenced in Exhibit A for the Southern District of Florida market and given the rates approved by this Court in *Celsius*.

10.      In connection with this case, counsel incurred necessary costs for electronic legal research.  I understand that courts in this Circuit have held that legal research costs are not ordinarily taxable as costs under 28 U.S.C. § 1920, but are properly considered a component of attorneys' fees.  *Springer v. Convergy's Corp.*, No. 3:03-CV-302-J-99MCR, 2006 WL 8439203, at *2 (M.D. Fla. July 7, 2006).  As such, in addition to the discounted fees set out above, Mr. Danchenko requests an award of $6,389 incurred for electronic legal research.  Attached as Exhibit C is a true and correct copy of the amount of incurred for electronic legal research.

11.      Consistent with local Rule 7.3, counsel sent the motion papers and exhibits to Plaintiff's counsel on October 5, 2022.


 */s/ Franklin Monsour Jr.*
Franklin Monsour Jr.

3

# EXHIBIT A





# Franklin Monsour, Jr.

**Partner**
New York
**T**  +1 212 506 3512
**E**  fmonsour@orrick.com

Franklin Monsour is a white collar and investigations partner who defends clients in criminal and civil government actions and complex commercial litigation.

As a former federal prosecutor for the Southern District of Florida, in Miami, Franklin was lead counsel in negotiating multiple record settlements totaling over $100 million in False Claims Act, Anti-Kickback Statute, healthcare fraud and civil penalty recoveries. He also prosecuted numerous criminal cases including the largest compounding pharmacy fraud case to go to trial.

Franklin frequently represents clients in the life sciences and healthcare industries in both criminal and civil investigations brought by the Department of Justice and other regulatory agencies such as the DEA and FDA. He also represents clients in FCPA, securities and fraud-related civil cases, including civil RICO actions. In doing so, Franklin relies on his prior experience as an Assistant US Attorney in Miami where he prosecuted numerous criminal and civil regulatory cases. He was lead counsel on multiple False Claims Act, Anti-Kickback Statute cases resulting in record resolutions. He was also lead counsel in a DEA drug diversion case against one of the largest pharmacy chains resulting in the record civil penalty under the Controlled Substances Act. That case developed the template for DEA actions against drug distribution centers alleged to distribute suspiciously large amounts of prescription narcotics.

Franklin prosecuted numerous criminal cases involving fraud, narcotics and violent crimes. He has successfully tried a variety of criminal and civil cases to verdict, including a five-week federal trial convicting a pharmacist and a co-conspirator of conspiracy to commit healthcare fraud, pay kickbacks and money laundering. That case is the largest compounding pharmacy fraud case to go to trial, involving numerous co-conspirators in billing well over $30 million to the US military's health insurance program.

In addition to litigation, Franklin applies his Government experience in helping clients develop sophisticated compliance programs to preempt and resolve Anti-Kickback Statute and broader anti-corruption and FCPA enforcement issues.

## Honors

- B.B. Allen Award, 2013
- Commendation by the Defense Criminal Investigative Service (DCIS), 2017
- Patriotic Service Medal by the US Army, 2017
- Commendation by the Drug Enforcement Administration (DEA), 2013

## Education

- J.D., Benjamin N. Cardozo School of Law, 2003, Dean's Merit Scholar, *Moot Court* editorial board member, *Jacob Burns Medal* recipient for moot court performance, Best Writing Award for Criminal Justice
- B.A., Virginia Commonwealth University, 1999, *cum laude*

6



Franklin understands what factors motivate investigations, actions, and litigation, and what factors conclude them. He builds strong relationships with clients to navigate difficult situations, developing defenses and strategies to resolve cases successfully, from negotiation through trial.

### Admissions

- New York

# EXHIBIT B

| Date | Timekeeper | Discounted Rate | Time | Amount Claimed | Description | |
|------|------------|-----------------|------|----------------|-------------|---|
| 5/6/2022 | Monsour, Franklin | $700 | 2.00 | $1,400.00 | Research and outline thereto for MTD. | |
| 5/12/2022 | Monsour, Franklin | $700 | 1.00 | $700.00 | Research and draft MTD. | |
| 5/13/2022 | Monsour, Franklin | $700 | 1.00 | $700.00 | Draft MTD and research thereto. | |
| 5/18/2022 | Monsour, Franklin | $700 | 2.00 | $1,400.00 | Draft and revise MTD brief. | |
| 5/20/2022 | Monsour, Franklin | $700 | 2.00 | $1,400.00 | Draft and revise MTD brief. | |
| 6/2/2022 | Monsour, Franklin | $700 | 1.20 | $840.00 | Prepare for and attend status conference. | |
| 6/15/2022 | Monsour, Franklin | $700 | 0.50 | $350.00 | Joint defense zoom conference. | |
| 6/23/2022 | Monsour, Franklin | $700 | 0.50 | $350.00 | Call with codefendant counsel. | |
| 6/30/2022 | Monsour, Franklin | $700 | 0.20 | $140.00 | Review case filings and correspondence. | |
| 7/1/2022 | Monsour, Franklin | $700 | 0.50 | $350.00 | Meet and confer and correspondence on motion for extension. | |
| 7/5/2022 | Monsour, Franklin | $700 | 0.50 | $350.00 | Joint defense call. | |
| 7/12/2022 | Monsour, Franklin | $700 | 2.00 | $1,400.00 | Work on draft motion. | |
| 7/13/2022 | Monsour, Franklin | $700 | 2.00 | $1,400.00 | Review draft motion and make edits thereto. | |
| 8/5/2022 | Monsour, Franklin | $700 | 0.50 | $350.00 | Call with Defense group to plan reply brief. | |
| 8/5/2022 | Monsour, Franklin | $700 | 2.50 | $1,750.00 | Review prior briefs and exhibits and confer thereto. | |
| 8/10/2022 | Monsour, Franklin | $700 | 2.00 | $1,400.00 | Review draft reply and revise and confer with client thereto. | |
| 8/11/2022 | Monsour, Franklin | $700 | 2.20 | $1,540.00 | Review revised reply brief and make edits thereto; confer with co-defense counsel. | |
| 9/13/2022 | Monsour, Franklin | $700 | 0.50 | $350.00 | Joint defense strategy call. | not billed yet |
| 9/28/2022 | Monsour, Franklin | $700 | 0.50 | $350.00 | Call with co-defendant counsel to discuss sanctions motion. | not billed yet |
| 9/30/2022 | Monsour, Franklin | $700 | 1.20 | $840.00 | Review sanctions motion and revise affidavit. | not billed yet |

9

# EXHIBIT C

## DISBURSEMENTS

| Date | Tkpr. | Description | Quantity | Bill Amt | Check No. | Print On Bill? | Disb ID |
|------|-------|-------------|----------|----------|-----------|----------------|---------|
| 05/05/22 | FM | Lexis Research ; ; ; *Inv No.* Entry employee: 16673 | | 1,637.00 | | Y | 40083841 |
| 05/06/22 | FM | Lexis Research ; ; ; *Inv No.* Entry employee: 16673 | | 594.00 | | Y | 40083842 |
| 05/08/22 | FM | Lexis Research ; ; ; *Inv No.* Entry employee: 16673 | | 396.00 | | Y | 40089027 |
| 05/12/22 | FM | Lexis Research ; ; ; *Inv No.* Entry employee: 16673 | | 198.00 | | Y | 40089028 |
| 05/13/22 | FM | Lexis Research ; ; ; *Inv No.* Entry employee: 16673 | | 1,683.00 | | Y | 40089029 |
| 05/15/22 | FM | Lexis Research ; ; ; *Inv No.* Entry employee: 16673 | | 198.00 | | Y | 40095211 |
| 05/16/22 | FM | Lexis Research ; ; ; *Inv No.* Entry employee: 16673 | | 1,287.00 | | Y | 40095212 |
| 07/12/22 | FM | Lexis Research ; ; ; *Inv No.* Entry employee: 16673 | | 297.00 | | Y | 40138354 |
| 07/13/22 | FM | Lexis Research ; ; ; *Inv No.* Entry employee: 16673 | | 99.00 | | Y | 40138355 |
| **Disbursement Total** | | | | **$6,389.00** | | | |



# Objection Breakdown - Danchenko

| Entry No. | Page # | Block | Duplicative | Excessive | Vague | Total |
|-----------|--------|-------|-------------|-----------|-------|-------|
| 1 | 11 | | | | $1,637.00 | |
| 2 | 11 | | | | $594.00 | |
| 3 | 11 | | | | $396.00 | |
| 4 | 11 | | | | $198.00 | |
| 5 | 11 | | | | $1,683.00 | |
| 6 | 11 | | | | $198.00 | |
| 7 | 11 | | | | $1,287.00 | |
| 8 | 11 | | | | $297.00 | |
| 9 | 11 | | | | $99.00 | |
| **Total** | | **$0.00** | **$0.00** | **$0.00** | **$6,389.00** | **$6,389.00** |

**Fees incured from Complaint to initial MTD**

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Franklin Monsour Jr. | $700/ hour | 8 | $5,600.00 |
| **Total** | | | **$5,600.00** |

**Fees incured initial MTD to dismissal**

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Franklin Monsour Jr. | $700/ hour | 14.6 | $10,220.00 |
| **Total** | | | **$10,220.00** |

**Fees incured to date on sactions motion**

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Franklin Monsour Jr. | $700/ hour | 2.2 | $1,540.00 |
| **Total** | | | **$1,540.00** |

|  |  |
|---|---|
| **Total Fees Incurred** | $17,360.00 |
| **Total Objections** | $6,389.00 |
| **New Fees Incurred =** | $10,971.00 |

|  |  |
|---|---|
| **Exhibit B:** | $17,360.00 |
| **Exhibit C:** | $6,389.00 |
| **Total Fees Incurred =** | **$23,749.00** |
| **Total Objections** | $6,389.00 |
| **New Fees Incurred =** | **$17,360.00** |

Discrepancy in reporting of Fees Incurred. Charts A, B, and C found on pages 2 and 3 which summarize fees associated with three different phases of the case shows **$6389** lower total fees than displayed in Exhibits B & C, which display a "true and correct copy of the hours worked by counsel for Mr. Danchenko."

13

# EXHIBIT 10

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Donald J. Trump,

        Plaintiff,

    v.

Hillary R. Clinton *et al.*,

        Defendants.

Civil Action No. 2:22-14102-DMM

**DECLARATION OF JOHN M. MCNICHOLS IN SUPPORT OF
DEFENDANTS' MOTION FOR SANCTIONS AND FEES**

I, John M. McNichols, declare under penalty of perjury pursuant to 28 U.S.C. § 1746,

that the following is true and correct:

1.      I am a partner at Williams & Connolly LLP ("W&C), counsel of record for

Security Services LLC, d/b/a Neustar Security Services ("NSS"), a Defendant in the above

captioned matter.

2.      W&C entered into a retention agreement with NSS in connection with the present

litigation to serve as lead counsel.  NSS agreed to pay all of W&C's costs, fees, and expenses

incurred in connection with the present suit, and agreed to pay the firm's customary rates.

3.      Attached as Exhibit A are the law firm website biographies of the attorneys at W&C for

whom NSS seeks attorneys' fees.  The biographies reflect the professional qualifications of those

attorneys.

4.      Attached as Exhibit B is a true and correct copy of the hours worked by counsel for

NSS.  NSS is not seeking reimbursement for the attorneys' customary hourly rates described in

Paragraph 3.  Instead, NSS seeks fees at discounted hourly rate for the attorneys as described in

Exhibit B and below.  These discounted hourly rates are consistent with the rates this Court

concluded were reasonable in *Celsius Holdings, Inc v. A SHOC Beverage, LLC*, No. 21-cv-80740,

2022 WL 3568042 (July 19, 2022).  Exhibit B also provides an accurate statement of the work provided by Greenberg Traurig during the periods for which discounted fees are sought.

5.      Attached as Exhibit C is the law firm website biography of the attorney at Greenberg Traurig for whom NSS seeks attorneys' fees.  The biography reflects the professional qualifications of that attorney.

6.      Greenberg Traurig also entered into a retention agreement with NSS in connection with the present litigation to serve as local counsel.  NSS agreed to pay all of Greenberg Traurig costs, fees, and expenses incurred in connection with the present suit, and agreed to pay the firm's customary rates.

7.      Consistent with the discussion in the Memorandum in Support of Sanctions and the information provided in Exhibit B and Exhibit D, I summarize below in Charts A, B, and C the fees associated with three different phases of the case:  the fees incurred from the filing of the initial complaint to the filing of NSS's initial motion to dismiss; the fees incurred between the filing of NSS's motion to dismiss to the Court's order dismissing the suit; and the fees incurred to date in connection with the motion for sanctions.

8.      As reflected in Chart A, NSS incurred no fees during the first phase of the case. NSS was not named a defendant until filing of the amended complaint and therefore incurred no fees.

**Chart A:  Fees incurred from Complaint to initial MTD**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| John M. McNichols | $700 | 0 | $0 |
| Kathryn E. Garza | $300 | 0 | $0 |
| Allison S. Eisen | $300 | 0 | $0 |
| James E. Gillenwater | $700 | 0 | $0 |

9.      As reflected in Chart B, the discounted fees incurred by NSS from the filing of NSS's initial motion to dismiss total to this Court's dismissal of the suit total $50,950.

**Chart B:  Fees incurred initial MTD to dismissal**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| John M. McNichols | $700 | 37.2 | $26,040 |
| Kathryn E. Garza | $300 | 43.2 | $12,960 |
| Allison S. Eisen | $300 | 20 | $6,000 |
| James E. Gillenwater | $700 | 8.5 | $5,950 |

10.     As reflected in Chart C, the discounted fees incurred by NSS in connection with the motion for sanctions, to date, total $2,620.

**Chart C:  Fees incurred to date on sanctions motion**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| John M. McNichols | $700 | 2.6 | $1,820 |
| Kathryn E. Garza | $300 | 0 | $0 |
| Allison S. Eisen | $300 | 1.5 | $450 |
| James E. Gillenwater | $700 | | |

11.     I believe that the discounted rates claimed are reasonable given the professional qualifications of the billers as evidenced in Exhibit A and Exhibit C for the Southern District of Florida market and given the rates approved by this Court in *Celsius*.

12.     In connection with this case, counsel incurred necessary costs for electronic legal research.  I understand that courts in this Circuit have held that legal research costs are not ordinarily taxable as costs under 28 U.S.C. § 1920, but are properly considered a component of attorneys' fees.  *Springer v. Convergy's Corp.*, No. 3:03-CV-302-J-99MCR, 2006 WL 8439203, at *2 (M.D. Fla. July 7, 2006).  As such, in addition to the discounted fees set out above, NSS

requests an award of $327.98 incurred for electronic legal research.

13.    Consistent with local Rule 7.3, counsel sent the motion papers and exhibits to Plaintiff's counsel on October 5, 2022.

/s/
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
John M. McNichols

# EXHIBIT A



# John McNichols

Partner
jmcnichols@wc.com
D 202-434-5043

**Education**
- University of Michigan Law School, J.D., cum laude, 2003: Executive Note Editor, Michigan Law Review; Semifinalist, Campbell Moot Court Competition
- Yale University, B.A., 2000

**Practice Focus**
- Civil Litigation and Trial Practice
- Commercial Litigation
- Criminal Defense and Government Investigations
- Unfair Competition, Trade Secrets and Restrictive Covenants

**Recognitions**
- AV Preeminent Peer Review Rated by Martindale-Hubbell

**Admissions**
- Virginia
- District of Columbia
- Maryland
- United States Supreme Court
- United States Court of Appeals for the District of Columbia, First, Third, Fourth, Ninth, and Federal Circuits
- United States District Court for the Eastern District of Virginia, District of Maryland, District of Columbia, and District of Colorado
- United States Court of Federal Claims

John McNichols focuses his practice in trial litigation, with emphasis in trade secret disputes involving technology companies. John has multiple clients in the Dulles Technology Corridor, including Appian Corporation and Neustar Security Services.  He has tried multiple civil cases in both state and federal court, representing both plaintiffs and defendants.  Outside of his civil trial practice, John has also represented criminal defendants in multiple matters, including a recent conspiracy trial in federal court in Maryland resulting in a jury acquittal.

John is an Adjunct Professor of Evidence at the Antonin Scalia Law School at George Mason University, and an Associate Editor of *Litigation News*, where he writes the quarterly column on technology and the law.  Before joining Williams & Connolly in 2005, he clerked for a year for Judge T. S. Ellis III of the U.S. District Court for the Eastern District of Virginia.  John is also a former noncommissioned officer of the U.S. Army Special Forces.

## Representative Experience

Though all cases vary and none is predictive, John's experience includes:

- A three-week securities fraud bench trial in federal court in Delaware

- A one-week federal criminal trial on behalf of an insurance agent accused of fraud and money laundering

- A one-week federal criminal conspiracy trial premised on identity theft and automobile theft

- A one-week federal criminal conspiracy trial based on alleged fraudulent payroll claims against an insurance company

- A one-week civil trial in Virginia state court defending a military contractor against claims of unlawful termination

- A one-week commercial arbitration between an international lodging company and one of its franchisees

- A one-week commercial arbitration concerning a residential building contract

- Two commercial arbitrations between an international media company and its exclusive trademark licensee

## Resources

**Publications**

- *How Do You Cross-Examine Siri If You Think She's Lying?*, March 2022

- *John McNichols Authors Article Explaining New Notice Standard for FLSA Collective Actions*, November 2021

- *John McNichols Authors Article Discussing Non-Fungible Tokens ("NFTs")*, November 2021

- *John McNichols Authors Article "Cryptocurrency: The Coin of the Future?"*, August 2021

- *Keeping One's Public Face Private*, June 2021

- *New Ethics Advice on Working from Home in a Pandemic*, June 2021

- *John McNichols Authors ABA's Litigation News Article: "Evidence of Juror Dishonesty Requires Evidentiary Hearing"*, January 2021

- *John McNichols Authors Article for ABA's Litigation News: "Law Firm Not Liable to Adverse Party for Groundless Suit"*, December 2020

- *Delaware's Daubert Standards for Toxic Tort Cases: An Issue of Nationwide Importance* , July 2020

- *John McNichols Authors Article on New Notice Standard Established in FLSA Collective Actions*, July 2020

- *New Ethics Advice on Working from Home in Pandemic*, July 2020

- *Best Practices in Veteran Hiring: Balancing Employer Risks and Goals with Applicant Rights*, May 2020

- *John McNichols Authors Article on Heightened Pleading Standards for Anonymous Online Activity*, April 2020

- *John McNichols Authors "First Amendment Bars Non-disparagement Clause in Settlement"*, December 2019

- *Transforming Veteran Hiring: The Legal Implications of the Defense Department's "Skillbridge" Program*, October 2019

- *John McNichols and Joshua Tully Co-Author "Tips for Using the Foundational Voir Dire"*, May 2019

**Presentations**

- *Extraterritorial Application of U.S. Law under the Defend Trade Secrets Act*, September 2016

- *John McNichols and Chris Geyer Speak on Panel Hosted by the Federal Circuit Bar Association*, September 2016

- *Current Issues in D&O Liability & Insurance 2016*, May 2016



# Kathryn E. Garza

Associate
kgarza@wc.com
D 404-343-5722

**Education**

- The University of Texas School of Law, J.D., with honors, 2020: Texas Law Review, Member
- The University of Texas, B.A., 2015

**Admissions**

- District of Columbia

Kathryn received her Juris Doctor from the University of Texas School of Law, graduating with honors. After law school, Kathryn clerked for Judge Randy Crane of the United States District Court for the Southern District of Texas. Prior to law school, she spent three sessions working at the Texas House of Representatives. Kathryn is passionate about mentorship and serves on the board of Law Clerks for Diversity.

## Publications:

(Note) *Qui Tam Tension: The Appropriate Standard of Review in Government-Requested FCA Dismissals, Texas Law Review*



# Allison Eisen

Associate
aeisen@wc.com
D 202-434-5354

**Education & Honors**

- New York University School of Law, J.D., *cum laude*, 2018; AnBryce Scholar; Articles Editor, *New York University Law Review*

- Duke University, B.A., 2015

**Bar & Court Admissions**

- New York

- United States District Court for the Southern District of New York and for the Eastern District of New York

**Government Experience**

- Law Clerk, Judge Ann M. Donnelly, United States District Court for the Eastern District of New York, 2020-2021

**Limitations**

Admitted in New York. Practice in the District of Columbia supervised by members of the D.C. Bar as required by D.C. App. R. 49(c)(8).

# EXHIBIT B

| | Date | Timekeeper | Discount Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|---|
| | 06/06/22 | GARZA, KATHRYN E. | $300.00 | 0.50 | $150.00 | Call with M. Mestitz (Clinton Counsel) re: Trump v. Clinton update; attend weekly meeting. |
| | 06/15/22 | GARZA, KATHRYN E. | $300.00 | 0.50 | $150.00 | Attend Trump v. Clinton common interest call. |
| | 06/21/22 | GARZA, KATHRYN E. | $300.00 | 0.50 | $150.00 | Review amended complaint in Trump v. Clinton; circulate to client. |
| B | 06/22/22 | GARZA, KATHRYN E. | $300.00 | 3.40 | $1,020.00 | Review Trump v. Clinton amended complaint; prepare for weekly huddle; attend weekly huddle; perform follow up assignments. |
| B | 06/23/22 | GARZA, KATHRYN E. | $300.00 | 3.60 | $1,080.00 | Circulate summary of amended complaint; correspond re: Trump v. Clinton motion to dismiss organization; participate in joint defense group call; prepare for and participate in call with Neustar defendants to coordinate motion to dismiss drafting. |
| | 06/24/22 | GARZA, KATHRYN E. | $300.00 | 2.90 | $870.00 | Draft motion to dismiss portions assigned to Neustar defendants. |
| | 06/26/22 | GARZA, KATHRYN E. | $300.00 | 1.00 | $300.00 | Draft section of motion to dismiss for Trump v. Clinton case. |
| B | 06/27/22 | EISEN, ALLISON S. | $300.00 | 2.30 | $690.00 | Edit motion to dismiss section; draft language for insurer; attend call with K. Hughes and J. McNichols. |
| | 06/27/22 | GARZA, KATHRYN E. | $300.00 | 1.20 | $360.00 | Revise motion to dismiss section. |
| D | 06/28/22 | EISEN, ALLISON S. | $300.00 | 2.50 | $750.00 | Draft motion to dismiss and discuss with team. |
| D | 06/28/22 | GARZA, KATHRYN E. | $300.00 | 2.80 | $840.00 | Discuss motion to dismiss draft with A. Eisen; meeting with A. Eisen and J. McNichols to discuss draft motion. |
| B | 06/28/22 | MCNICHOLS, JOHN M. | $700.00 | 5.00 | $3,500.00 | Review Trump amended complaint; review previous motions practice; review draft portion of motion to dismiss Trump amended complaint; discussion with A. Eisen re: draft motion to dismiss. |
| D | 06/29/22 | EISEN, ALLISON S. | $300.00 | 3.00 | $900.00 | Draft motion to dismiss and discuss with team; attend team huddle. |
| B | 06/29/22 | GARZA, KATHRYN E. | $300.00 | 1.70 | $510.00 | Revise motion to dismiss section; attend team meeting; participate in weekly huddle. |
| B | 06/29/22 | MCNICHOLS, JOHN M. | $700.00 | 3.80 | $2,660.00 | Review Trump amended complaint; revise motion to dismiss; review previous motions practice; legal research on federal statutory claims; attend status teleconference with comms team. |
| | 06/30/22 | GARZA, KATHRYN E. | $300.00 | 1.80 | $540.00 | Revise motion to dismiss section; meeting with J. McNichols to review edits to motion to dismiss. |
| B | 06/30/22 | MCNICHOLS, JOHN M. | $700.00 | 3.30 | $2,310.00 | Revise draft motion to dismiss; discussion with K. Garza re: same; discussion to D. Kendall (Clinton Counsel) re: arguments about DNS data; emails with S. Southall (TransUnion counsel) re: Trump amended complaint and motion to dismiss; review comments on draft. |
| D | 07/01/2022 | EISEN, ALLISON S. | $300.00 | 2.00 | $600.00 | Edit motion to dismiss section and discuss with W&C team. |
| D, E | 07/01/2022 | GARZA, KATHRYN E. | $300.00 | 6.30 | $1,890.00 | Revise motion to dismiss section. |
| | 07/01/2022 | GARZA, KATHRYN E. | $300.00 | 0.50 | $150.00 | Participate in joint defense call. |
| B | 07/01/2022 | MCNICHOLS, JOHN M. | $700.00 | 1.60 | $1,120.00 | Emails and Zoom call with defense group re: extension request; teleconference with A. Eisen and K. Garza re: next steps; revise draft motion to dismiss; emails with D. Kendall re: arguments about DNS data; emails with R. Joffe counsel and TransUnion counsel re: motion to dismiss. |
| D | 07/05/2022 | EISEN, ALLISON S. | $300.00 | 1.00 | $300.00 | Edit motion to dismiss section and discuss with W&C team. |

| | Date | Timekeeper | Discount Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|---|
| D | 07/05/2022 | GARZA, KATHRYN E. | $300.00 | 3.00 | $900.00 | Participate in joint defense group call; revise motion to dismiss section. |
| | 07/05/2022 | MCNICHOLS, JOHN M. | $700.00 | 0.90 | $630.00 | Teleconference with defense group; emails with Clinton counsel re: draft of section on statutory claims; calls with K. Garza and A. Eisen re: drafting of motion to dismiss; emails with J. Gillenwater (Greenberg Traurig) re: local counsel representation in Southern District of Florida; emails with Neustar counsel (S. Southall) re: Neustar v. NSS as proper defendant and argument in common brief. |
| B | 07/06/2022 | EISEN, ALLISON S. | $300.00 | 2.2 | $660.00 | Send draft motion to dismiss to client; draft and send signature block to joint defense group; attend team huddle; further edit draft motion to dismiss. |
| | 07/06/2022 | GARZA, KATHRYN E. | $300.00 | 1.8 | $540.00 | Attend weekly huddle; revise motion to dismiss to incorporate S. Southall's edits. |
| | 07/06/2022 | MCNICHOLS, JOHN M. | $700.00 | 0.40 | $280.00 | Teleconference with comms group re: status of Trump v Clinton lawsuit; review draft motion briefing and edits from TransUnion counsel and Joffe counsel; emails with K. Hughes re: same; emails with K. Garza re: edits to motion briefing. |
| | 7/7/2022 | EISEN, ALLISON S. | $300.00 | 1 | $300.00 | Edit NSS portion of motion to dismiss. |
| E | 7/7/2022 | GARZA, KATHRYN E. | $300.00 | 2.8 | $840.00 | Revise motion to dismiss section; correspond with JDG counsel. |
| D | 7/7/2022 | MCNICHOLS, JOHN M. | $700.00 | 2.8 | $1,960.00 | Emails and discussions with K. Garza re: motion briefing; review and revise draft section of motion to dismiss; emails with Neustar defendants' group re: same. |
| D | 7/8/2022 | MCNICHOLS, JOHN M. | $700.00 | 1.3 | $910.00 | Emails regarding motion to enlarge page limit on motion to dismiss; review draft motion to enlarge; call with S. Southall re: Neustar v. NSS and common briefing; emails with Perkins Coie counsel (N. Hart) re: common briefing. |
| | 7/9/2022 | MCNICHOLS, JOHN M. | $700.00 | 0.9 | $630.00 | Review entire draft motion to dismiss prepared by Perkins counsel; emails with Kate Moran (Gibson Dunn) re: same. |
| D | 7/11/2022 | EISEN, ALLISON S. | $300.00 | 1.5 | $450.00 | Edit motion to dismiss section and discuss with W&C team. |
| B | 7/11/2022 | GARZA, KATHRYN E. | $300.00 | 3.6 | $1,080.00 | Review motion to dismiss draft; revise defendant-specific motion to dismiss section; correspond re the same; circulate the same to K. Meeks. |
| B | 7/11/2022 | MCNICHOLS, JOHN M. | $700.00 | 1 | $700.00 | Review revised draft motion to dismiss; emails with Kate Moran (Gibson Dunn) re: sames; emails and teleconference with K. Garza and A. Eisen re: edits to draft motion; call with S. Southall re: Neustar section on motion to dismiss; emails regarding pro hac vice applications. |
| | 7/12/2022 | EISEN, ALLISON S. | $300.00 | 0.30 | $90.00 | Review DNS statements in joint motion to dismiss. |
| | 7/12/2022 | GARZA, KATHRYN E. | $300.00 | 1.00 | $300.00 | Rewiew motion to dismiss draft; circulate thoughts and edits. |
| | 7/12/2022 | MCNICHOLS, JOHN M. | $700.00 | 0.80 | $560.00 | Emails with Kate Moran (Gibson Dunn) and K. Garza re: revisions to draft motion to dismiss and "shotgun pleading" argument; emails with J. Gillenwater re: pro hac vice applications; email with paralegal (A. McDonough) re: new filings in Trump matter; emails with K. Hughes re: attorneys' fee issue; emails with Joffe team and A. Eisen re: DNS data being publicly available in response to K. Moran inquiry; emails with Trump counsel P. Ticktin re: pre-trial schedule. |
| | 7/13/2022 | EISEN, ALLISON S. | $300.00 | 0.50 | $150.00 | Attend team huddle. |
| | 7/13/2022 | GARZA, KATHRYN E. | $300.00 | 0.60 | $180.00 | Attend weekly team huddle. |
| | 7/13/2022 | GARZA, KATHRYN E. | $300.00 | 0.20 | $60.00 | Circulate invite for meet and confer re: scheduling report. |

| | Date | Timekeeper | Discount Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|---|
| B | 7/13/2022 | MCNICHOLS, JOHN M. | $700.00 | 1.10 | $770.00 | Emails with K. Garza and Joffe team re: public availability of DNS data; emails with Clinton counsel and Trump counsel re: scheduling order; weekly teleconference with comms team re: developments in case; call with S. Southall (TU counsel) re: litigation hold; emails with K. Hughes re: same. |
| E | 7/14/2022 | GARZA, KATHRYN E. | $300.00 | 2.30 | $690.00 | Review motion to dismiss for grammatical errors. |
| | 7/14/2022 | MCNICHOLS, JOHN M. | $700.00 | 0.10 | $70.00 | Emails with Clinton counsel re: meet and confer with Trump counsel. |
| | 7/15/2022 | EISEN, ALLISON S. | $300.00 | 0.50 | $150.00 | Prepare for and attend meet and confer with Trump counsel. |
| | 7/15/2022 | GARZA, KATHRYN E. | $300.00 | 0.50 | $150.00 | Attend meet and confer re: scheduling report. |
| | 7/15/2022 | MCNICHOLS, JOHN M. | $700.00 | 0.50 | $350.00 | Discussion with K. Garza re: meet and confer with Trump counsel re: moving trial date |
| | 7/20/2022 | EISEN, ALLISON S. | $300.00 | 0.1 | $30.00 | Attend team huddle. |
| | 7/21/2022 | MCNICHOLS, JOHN M. | $700.00 | 0.2 | $140.00 | Emails regarding Trump motion for extension of time and order by Judge Middlebrooks; emails regarding Trump filing of motion to continue; email from court resetting deadlines on pending motions. |
| | 7/22/2022 | MCNICHOLS, JOHN M. | $700.00 | 0.1 | $70.00 | Emails regarding order on motion to substitute parties by United States of America. |
| | 7/25/2022 | MCNICHOLS, JOHN M. | $700.00 | 0.1 | $70.00 | Call with J. Gillenwater re: representation of Christopher Steele; emails with K. Hughes re: same. |
| | 7/26/2022 | GARZA, KATHRYN E. | $300.00 | 0.3 | $90.00 | Attend joint defense group meeting; circulate summary to team. |
| | 7/26/2022 | MCNICHOLS, JOHN M. | $700.00 | 0.3 | $210.00 | Attend defense group teleconference; emails regarding defense group plan for reply brief. |
| | 08/05/2022 | GARZA, KATHRYN E. | $300.00 | 0.40 | $120.00 | Attend joint defense group call. |
| B | 08/05/2022 | MCNICHOLS, JOHN M. | $700.00 | 3.70 | $2,590.00 | Review Trump opposition to motion to dismiss; emails with K. Hughes and M. Rodkin re: same; draft summary; emails and telephone call with TransUnion counsel re: same; defense group teleconference re: reply brief; emails with Clinton counsel re: same; review draft motion for page limit extension; draft reply brief;  review motion for extension of time by USA. |
| B | 08/06/2022 | MCNICHOLS, JOHN M. | $700.00 | 4.30 | $3,010.00 | Review order on government request for extension of time; draft reply brief on DNS data; review case law cited in Trump opposition. |
| | 08/08/2022 | MCNICHOLS, JOHN M. | $700.00 | 0.10 | $70.00 | Emails regarding draft reply brief. |
| B | 08/09/2022 | MCNICHOLS, JOHN M. | $700.00 | 1.80 | $1,260.00 | Review draft of DNS data section of reply brief in support of motion to dismiss; emails regarding draft reply brief; review complete draft reply brief; emails with Clinton counsel re: same; review order granting page limit extension; emails with K. Hughes and M. Rodman re: draft reply brief; review Judge Middlebrooks' order on Orbis Business Intelligence's request for an extension of time to answer. |
| | 08/10/2022 | EISEN, ALLISON S. | $300.00 | 0.50 | $150.00 | Review of reply brief; attend joint defense call. |
| | 08/10/2022 | MCNICHOLS, JOHN M. | $700.00 | 0.30 | $210.00 | Conference call with defense group re: draft reply brief; review draft reply brief; emails with J. Gillenwater re: potential authorities for argument on trade secret claim; emails with K. Hughes re: entity name in briefing. |
| | 08/11/2022 | EISEN, ALLISON S. | $300.00 | 1.20 | $360.00 | Proofread and finalized reply brief. |

| Date | Timekeeper | Discount Rate | Time | Amount Claimed | Description |
|------|-----------|---------------|------|----------------|-------------|
| 08/11/2022 | MCNICHOLS, JOHN M. | $700.00 | 1.10 | $770.00 | Review proposed final draft of reply brief in support of motion to dismiss Trump lawsuit; review new filings by co-defendants. |
| 08/18/2022 | MCNICHOLS, JOHN M. | $700.00 | 0.10 | $70.00 | Review motion to substitute party; review order from Judge Middlebrooks granting motion in part. |
| 08/22/2022 | MCNICHOLS, JOHN M. | $700.00 | 0.10 | $70.00 | Emails with K. Hughes re: status of case and forthcoming rulings. |
| 08/26/2022 | EISEN, ALLISON S. | $300.00 | 0.70 | $210.00 | Draft update on lawsuit for insurer. |
| 08/26/2022 | MCNICHOLS, JOHN M. | $700.00 | 0.70 | $490.00 | Emails with Kevin on Trump lawsuit; review summary of lawsuit by A. Eisen. |
| 08/27/2022 | EISEN, ALLISON S. | $300.00 | 0.70 | $210.00 | Edit update on lawsuit for insurer. |
| 08/27/2022 | MCNICHOLS, JOHN M. | $700.00 | 0.80 | $560.00 | Revise summary of Trump lawsuit; emails with Allie re: same. |
| 7/5/2022 | GILLENWATER, JAMES E. | $700.00 | 0.60 | $420.00 | Reviewed amended complaint and correspondence with team re: motion to dismiss. |
| 7/8/2022 | GILLENWATER, JAMES E. | $700.00 | 0.20 | $140.00 | Filed notice of appearance. |
| 7/11/2022 | GILLENWATER, JAMES E. | $700.00 | 0.70 | $490.00 | Prepared pro hac vice motions and correspondence with W &C re: same. |
| 7/12/2022 | GILLENWATER, JAMES E. | $700.00 | 1.10 | $770.00 | Prepared and filed pro hac vice motions and proposed orders and correspondence with court re: same; reviewed draft motion to dismiss. |
| 7/13/2022 | GILLENWATER, JAMES E. | $700.00 | 1.90 | $1,330.00 | Reviewed draft motion to dismiss and correspondence with W &C re: same. |
| 7/26/2022 | GILLENWATER, JAMES E. | $700.00 | 0.30 | $210.00 | Team call to discuss reply in support of motion to dismiss. |
| 8/5/2022 | GILLENWATER, JAMES E. | $700.00 | 1.20 | $840.00 | Reviewed Plaintiffs opposition to motion to dismiss and call with team to discuss reply. |
| 8/9/2022 | GILLENWATER, JAMES E. | $700.00 | 0.60 | $420.00 | Reviewed opposition to motion to dismiss and reviewed reply issues. |
| 8/10/2022 | GILLENWATER, JAMES E. | $700.00 | 1.50 | $1,050.00 | Reviewed draft reply and provided comments re: same. |
| 8/11/2022 | GILLENWATER, JAMES E. | $700.00 | 0.40 | $280.00 | Reviewed final draft reply. |

D

# EXHIBIT C



**GT** GreenbergTraurig

# James E. Gillenwater

SHAREHOLDER
gillenwaterj@gtlaw.com

MIAMI
D +1 305.579.0767
T +1 305.579.0500

James Gillenwater has represented clients such as Fortune 500 companies, world leaders, and Olympians in high-stakes international disputes, including trials and arbitrations. His litigation experience spans commercial and securities class actions, business disputes, intellectual property matters, and products liability cases. James has also handled complex white collar investigations and regulatory matters such as OFAC delistings and INTERPOL red notice cancellations. James's international representations focus on Latin America, and have involved Argentina, Bolivia, China, Colombia, the Dominican Republic, Guatemala, Haiti, Mexico, Panama, Spain, South Korea, Switzerland, Turkey, the United Kingdom, and Venezuela.

James has wide-ranging motion practice experience and has authored briefs for the U.S. Supreme Court, federal appellate and district courts, state courts, and a variety of government agencies. He has tried cases in both federal and state court and argued before courts across the country, including the U.S. Court of Appeals for the D.C. Circuit.

## Capabilities

Litigation  |  Class Action Litigation  |  Commercial Litigation  |  International Arbitration & Litigation  |  Intellectual Property Litigation  |  Equine Industry Group

## Experience

### Representative Matters

- Won dismissal of civil RICO and theft of trade secrets lawsuit filed by former U.S. President on behalf of an American tech company. *See* Law360, <u>Trump's RICO Suit Against Clinton Dismissed As 'Manifesto'</u>; Law.com, <u>Judge Trashes Trump's RICO Lawsuit Against Hillary Clinton, Perkins Coie</u>.

- Won dismissal of a $75 million putative fraud class action on behalf of a U.K. digital payment company. *See* Law360, <u>UK Payments Co. Escapes Claims It Aided $75M Forex Fraud.</u>

- Argued and won summary judgment on behalf of a Chinese circuit board manufacturer in a multimillion-dollar international trademark infringement lawsuit. *See Shenzhen Kinwong Elec. Co. v. Kukreja*, 574 F. Supp. 3d 1191, 1195 (S.D. Fla. 2021).

<span style="color:red">18</span>

© 2022 Greenberg Traurig, LLP



**James E. Gillenwater**

- Secured suspension of INTERPOL Red Notice and release of client wrongfully imprisoned in Turkey in connection with the assassination of Haitian president. *See* Greenberg Traurig Secures Samir Handal's Release from Turkish Prison and His Return to United States.

- Represented a Chinese tech company in a two-week breach of contract trial, precluding the plaintiff from recovering more than 99% of the damages sought, for which James's trial team was named 2019's most effective international litigators by the *Daily Business Review*. *See also* Law360, *11th Circ. Won't Touch Damages In Electronics Sale Suit.*

- Obtained dismissal of a federal securities fraud action against a national health care administration company. *See* Law360, "'Boilerplate' Mednax Stock Drop Suit Dismissed," and "Mednax Wins Ax Of Investors' Securities Suit."

- Secured dismissal of a consumer class action against an international resort operator on *forum non conveniens*. *See* Law360, "Suit Over Sandals' Fake Local Taxes Dismissed By Fla. Court."

- Argued and won numerous dispositive motions on behalf of a major transportation network company.

- Represented the former president and defense minister of a Latin American country in a month-long federal trial.°

- Obtained a seven-figure settlement in a federal breach of contract lawsuit on behalf of a Spanish agrochemical company.

- Represented professional soccer and rugby teams and athletes in antitrust actions, anti-doping cases, and disciplinary hearings before federal courts, judicial officers, and arbitral bodies, including the Court of Arbitration for Sport.

- Won dismissal of civil RICO and tort claims against a Latin American bank and its directors.°

- Achieved resolution of a series of mass tort cases for an international energy company.°

- Obtained dismissal of a federal securities fraud action against a major telecommunications company.°

- Navigated a DOJ Swiss bank investigation, ensuring the non-prosecution of a former executive.°

- Secured multiple OFAC sanctions delistings.°

°*The above representations were handled by Mr. Gillenwater prior to his joining Greenberg Traurig, P.A.*

## Recognition & Leadership

### Awards & Accolades

- Listed, *The Best Lawyers in America*, "Ones to Watch," Litigation - Securities, 2021-2022

- Listed, *Benchmark Litigation*, "40 & Under Hot List," 2022

- Listed, U.S. District Court for the Southern District of Florida, "Pro Bono Honor Roll," 2021

- *Law360*, "Legal Lion," 2020

- *Daily Business Review*, member of "Most Effective," International Litigation team, 2019

© 2022 Greenberg Traurig, LLP                    www.gtlaw.com | 2

**GT** GreenbergTraurig                                          James E. Gillenwater

- *Law360*, "Legal Lion," 2018

- Capital Pro Bono High Honor Roll, 2015

## Professional & Community Involvement

- World Rugby Judicial Panelist, 2017-2018

- Athlete Representative, United States Olympic Committee Athletes' Advisory Council, 2010-2016

- United States National Rugby 7s Team

  - Player, 2006-2009; Captain, 2009

- Co-Founder, United States Rugby Players Association, 2016

- Albert Schweitzer Fellow, Durham, North Carolina, 2010-2011

- Fulbright Scholar, English Teaching Assistant, La Universidad Nacional de la Pampa, Santa Rosa, Argentina, 2007

# Credentials

## Education

- J.D., *magna cum laude*, Duke University School of Law, 2012

  - Order of the Coif

  - Note Editor, *Duke Law Journal*

  - Justin Miller Award for Citizenship

- B.S., *summa cum laude*, Vanderbilt University, 2005

## Clerkships

- U.S. District Court for the District of Connecticut

## Admissions

- Florida

- New York

- District of Columbia

- U.S. District Court for the Southern District of Florida

- U.S. District Court for the Eastern District of New York

- U.S. Court of Appeals for the District of Columbia Circuit

- U.S. Court of Appeals for the Eleventh Circuit

© 2022 Greenberg Traurig, LLP                         www.gtlaw.com | 3



James E. Gillenwater

## Languages

- Spanish, Fluent
- French, Fluent

## News, Insights & Events

August 05, 2022   PRESS RELEASE

**Greenberg Traurig Secures Samir Handal's Release from Turkish Prison and His Return to United States**

© 2022 Greenberg Traurig, LLP

www.gtlaw.com  |  4

# Objection Breakdown - NSS

| Entry No. | Page # | Block | Duplicative | Excessive | Vague | Total |
|:---:|:---:|---:|---:|---:|---:|---:|
| 1 | 13 | $1,020.00 | | | | |
| 2 | 13 | $1,080.00 | | | | |
| 3 | 13 | $690.00 | | | | |
| 4 | 13 | | $750.00 | | | |
| 5 | 13 | | $840.00 | | | |
| 6 | 13 | $3,500.00 | | | | |
| 7 | 13 | $510.00 | | | | |
| 8 | 13 | $2,660.00 | | | | |
| 9 | 13 | $2,310.00 | | | | |
| 10 | 13 | | $600.00 | | | |
| 11 | 13 | | $1,890.00 | | | |
| 12 | 13 | $1,120.00 | | | | |
| 13 | 13 | $300.00 | | | | |
| 14 | 14 | | $900.00 | | | |
| 15 | 14 | $660.00 | | | | |
| 16 | 14 | | | $840.00 | | |
| 17 | 14 | | $1,960.00 | | | |
| 18 | 14 | | $910.00 | | | |
| 19 | 14 | | $450.00 | | | |
| 20 | 14 | $1,080.00 | | | | |
| 21 | 14 | $700.00 | | | | |
| 22 | 15 | $770.00 | | | | |
| 23 | 15 | | | $690.00 | | |
| 24 | 15 | $2,590.00 | | | | |
| 25 | 15 | $3,010.00 | | | | |
| 26 | 15 | $1,260.00 | | | | |
| 27 | 16 | | $840.00 | | | |
| **Total** | | **$23,260.00** | **$9,140.00** | **$1,530.00** | **$0.00** | **$33,930.00** |

22

**Fees incured from Complaint to initial MTD**

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| John M. McNichols | $700/ hour | 0 | $0.00 |
| Kathryn E. Garza | $300/ hour | 0 | $0.00 |
| Allison S. Eisen | $300/ hour | 0 | $0.00 |
| James E. Gillenwater | $700/ hour | 0 | $0.00 |
| **Total** | | | **$0.00** |

**Fees incured initial MTD to dismissal**

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| John M. McNichols | $700/ hour | 37.2 | $26,040.00 |
| Kathryn E. Garza | $300/ hour | 43.2 | $12,960.00 |
| Allison S. Eisen | $300/ hour | 20 | $6,000.00 |
| James E. Gillenwater | $700/ hour | 8.5 | $5,950.00 |
| **Total** | | | **$50,950.00** |

**Fees incured to date on sactions motion**

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| John M. McNichols | $700/ hour | 2.6 | $1,820.00 |
| Kathryn E. Garza | $300/ hour | 0 | $0.00 |
| Allison S. Eisen | $300/ hour | 1.5 | $450.00 |
| James E. Gillenwater | $700/ hour | | |
| **Total** | | | **$2,270.00** |

| | |
|---|---|
| **Total Fees Incurred** | $53,220.00 |
| **Total Objections** | $33,930.00 |
| **New Fees Incurred =** | $19,290.00 |

| | |
|---|---|
| **Exhibit B:** | $50,950.00 |
| **Total Fees Incurred =** | **$50,950.00** |
| **Total Objections** | $33,930.00 |
| **New Fees Incurred =** | **$17,020.00** |

> Discrepancy in the reporting of Fees Incurred. Charts A, B, and C found on pages 2 and 3 which summarize fees associated with three different phases of the case show **$2270** higher total fees than displayed in Exhibits B & D, which display a "true and correct copy of the hours worked by counsel for NSS."

# EXHIBIT 11

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Donald J. Trump,

        Plaintiff,

    v.

Hillary R. Clinton, *et al.*,

        Defendants.

Civil Action No. 2:22-14102-DMM

**DECLARATION OF STEVEN A. TYRRELL IN SUPPORT OF
DEFENDANTS' MOTION FOR SANCTIONS AND FEES**

I, Steven A. Tyrrell, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that

the following is true and correct:

1.      I am a partner at Weil Gotshal & Manges LLP ("Weil"), counsel of record for

Rodney Joffe in the above-captioned matter.

2.      Prior to Plaintiff's filing of the above-captioned action in this District, I represented

Joffe in other matters related to the same factual scenario that form the basis of Plaintiff's claims

in this case. These include *United States of America v. Michael A. Sussmann*, Case No. 21-cr-582

(CRC) (D.D.C.), and *AO Alfa-Bank v. John Doe, et al.*, Civil Action No. 2021-10014165 (Fairfax

Cnty. Cir. Ct.), which were pending in the District of Columbia and Virginia, respectively. Over

the course of my representation of Joffe, which consisted of a substantial amount of work, I

developed a detailed factual understanding of the underlying events, including highly-technical

aspects of cyber security and DNS data. This knowledge was useful in developing responses to

Plaintiff's claims in this matter, and allowed me to do so in an efficient matter.

3.      After Plaintiff filed his case in this District, I obtained the assistance of other Weil

attorneys to assist in responding to the complaint and amended complaint. Attached as Exhibit A

are the law firm website biographies of the attorneys at Weil for whom Joffe seeks attorneys' fees. The biographies reflect the professional qualifications of those attorneys. We were also assisted by a Senior Litigation Paralegal at Weil, Ann Merlin.

4.      Weil entered into a retention agreement with Joffe in connection with the present litigation. Joffe agreed to pay all of Weil's costs, fees, and expenses incurred in connection with the present suit, and agreed to pay the firm's customary rates[1] (less a 10% discount), which for this matter are $1,435.50, $1,080, and $756 per hour for attorneys, respectively, and $387 for senior paralegals.[2]

5.      Attached as <u>Exhibit B</u> is a true and correct copy of the hours worked by counsel for Joffe. Joffe is seeking reimbursement for the attorneys' customary hourly rates described in Paragraph 3. <u>Exhibit B</u> also provides an accurate statement of the work provided by Weil during the periods for which fees are sought.

6.      Consistent with the discussion in the Memorandum in Support of Sanctions and the

---

[1] Joffe requests reimbursement at his counsel's ordinary non-local rates. Courts within this District and the Eleventh Circuit have recognized that out-of-market rates are appropriate where "use of an attorney from a higher-rate market who had extensive prior experience with a particular factual situation could be justified because of efficiencies resulting from that prior experience." *Achva Vahava, LLC v. Anglo Irish Bank Corp. PLC*, No. 10-80649-CIV, 2012 WL 13015034, at *3 (S.D. Fla. Aug. 2, 2012) (quoting *Am. Civil Liberties v. Barnes*, 168 F.3d 423, 438 (11th Cir. 1999)). This is precisely that case. As explained in this declaration, Mr. Tyrrell has represented Joffe in multiple other matters regarding the same factual situation that forms the basis of Plaintiff's claims. As such, non-local rates are warranted given counsel's experience with the particular factual situation and that it "represented the same client[ ] in other related litigation." *Rogers v. Nacchio*, 2007 WL 1064314, at *6 (S.D. Fla. Apr. 6, 2007). To do otherwise, particularly where Joffe had a meritorious personal jurisdiction defense, would "force [Joffe] to abandon [his] usual counsel, or require counsel to reduce their customary fees, simply because the lawsuit was filed in the Southern District of Florida." *Id.* at *8; *see also Tiara Condo. Ass'n, Inc. v. Marsh USA, Inc.*, 697 F. Supp. 2d 1349, 1363 (S.D. Fla. 2010) (awarding "New York City rates" given firm's prior representation of client and "amount of time and work the firm had already invested"). Further, the requested rates are reasonable because counsel exercised billing judgment and completed work in an efficient manner, leveraging Mr. Tyrrell's prior experience. *See* <u>Exhibit B</u>. Weil's rates are typical of those charged by large New York-based law firms. *See, e.g., Angelo, Gordon & Co., L.P. v. MTE Holdings, LLC*, No. 20 MISC. 23, 2021 WL 1353756, at *3 (S.D.N.Y. Apr. 12, 2021).

[2] Note that annual class year changes for Weil associates are effective as of the first of September. Thus, as of September 1, 2022, the associate rate for Leah Saiontz rose to $882.

information provided in Exhibit B, I summarize below in Charts A, B, and C the fees associated with three different phases of the case: the fees incurred from the filing of the initial complaint up to the filing of Joffe's initial motion to dismiss; the fees incurred between the filing of Joffe's motion to dismiss up to the Court's order dismissing the suit; and the fees incurred to date in connection with the motion for sanctions.

7.      As reflected in Chart A, the fees incurred by Joffe from the filing of the initial complaint up to the filing of Joffe's initial motion to dismiss total $81,734.85.

8.      As reflected in Chart B, the fees incurred by Joffe from the filing of Joffe's initial motion to dismiss up to this Court's dismissal of the suit total $118,568.90.

9.      As reflected in Chart C, the fees incurred by Joffe in connection with the motion for sanctions, to date, total $25,434.90.

### Chart A:  Fees incurred from Complaint to initial MTD

| Timekeeper | Hours | Fees |
|---|---|---|
| Steven A. Tyrrell | 15.9 | $22,824.45 |
| Edward Soto | 1 | $1,435.50 |
| Brian Liegel | 27.3 | $29,484.00 |
| Leah Saiontz | 33.8 | $25,553.00 |
| Ann Merlin (Senior Paralegal) | 6.3 | $2,438.10 |

3

**Chart B:  Fees incurred initial MTD to dismissal**

| Timekeeper | Hours | Fees |
|---|---|---|
| Steven A. Tyrrell | 53.4 | $76,655.70 |
| Ed Soto | 0.5 | $717.50 |
| Brian Liegel | 16.4 | $17,712.00 |
| Leah Saiontz | 30.5 | $23,058.00 |
| Ann Merlin | 1.1 | $425.70 |

**Chart C:  Fees incurred to date on sanctions motion**

| Timekeeper | Hours | Fees |
|---|---|---|
| Steven A. Tyrrell | 8.2 | $11,771.10 |
| Brian Liegel | 6.2 | $6,696.00 |
| Leah Saiontz | 7.9 | $6,967.80 |

10.     Further, in connection with responding to Plaintiff's complaint, Joffe incurred costs of $200.  An itemized copy of this expense, which represents the *pro hac vice* filing fee in this District, is attached hereto as Exhibit C.

11.     I believe that the rates claimed are reasonable given the professional qualifications of the billers as evidenced in Exhibit A and that non-local rates are appropriate given my prior representation of Joffe in related matters which allowed for efficient representation in this matter.

12.     In connection with this case, counsel incurred necessary costs for electronic legal research.  I understand that courts in this Circuit have held that legal research costs are not ordinarily taxable as costs under 28 U.S.C. § 1920, but are properly considered a component of attorneys' fees.  *Springer v. Convergy's Corp.*, No. 3:03-CV-302-J-99MCR, 2006 WL 8439203,

4

at *2 (M.D. Fla. July 7, 2006).  As such, in addition to the fees set out above, Joffe requests an award of $604.33 incurred for electronic legal research.  Attached as <u>Exhibit D</u> is a true and correct copy of the amount incurred for electronic legal research.

13.    Consistent with local Rule 7.3, counsel sent the motion papers and exhibits to Plaintiff's counsel on [DATE].  [FILL IN RESULT OF CONFERRAL].

 /s/ *draft for circulation*
_____

Steven A. Tyrrell, *admitted pro hac vice*
**WEIL GOTSHAL & MANGES LLP**
2001 M Street, N.W., Suite 600
Washington, D.C. 20036
Telephone: (202) 682-7000

*Counsel for Rodney Joffe*

# EXHIBIT A

Printed: October 04, 2022



# Steven A. Tyrrell

**Partner** **Washington, D.C.** | +1 202 682 7213 | steven.tyrrell@weil.com



Steve Tyrrell serves as Managing Partner of the Firm's DC office and Co-Head of Weil's global White Collar Defense, Regulatory and Investigations practice. His practice focuses on white collar criminal defense, regulatory enforcement matters, and internal investigations.

Steve previously served as Chief of the U.S. Department of Justice's Fraud Section from 2006 through 2009. In that capacity, he led the investigation, prosecution, and coordination of a broad range of sophisticated economic crime matters and enforcement initiatives, including matters involving the Foreign Corrupt Practices Act, corporate, securities, commodities and investment fraud, health care fraud, procurement fraud, stimulus and rescue fraud, mortgage fraud, consumer fraud, and identity theft. He also played a key role advising Department leadership on white collar crime-related legislation, crime prevention, public education and the Department's Financial Fraud Enforcement Task Force.

Prior to Steve's appointment as Chief of the Fraud Section in 2006, he served as Deputy Chief of the Counterterrorism Section of the Criminal Division, where he supervised a team of attorneys in connection with the investigation, prosecution, and coordination of a variety of international terrorism and terrorist financing matters. Steve also led a number of high-profile national security investigations and trained federal prosecutors and agents on relevant national security statutes, policies and practices.

Steve also served as an Assistant US Attorney in the US Attorney's Offices in the Southern District of Florida and the Northern District of New York. During his more than fifteen years as an Assistant US Attorney, Steve investigated and prosecuted a variety of criminal cases, with an emphasis on white collar matters, including but not limited to securities

## Practice Areas

›  White Collar Defense, Regulatory and Investigations
›  Securities Litigation

## Sectors

›  Financial Services
›  Healthcare and Life Sciences

## Admissions

›  US Court of Appeals 10th Cir.
›  District of Columbia
›  US Bank Court-Dist of Columbia
›  US Dist Court for DC
›  Eastern District New York
›  New York State
›  Southern District New York

## Education

›  SUNY Oneonta (B.A., 1980)
›  New York Law School (J.D., cum laude, 1983)

fraud, tax fraud, FDA fraud, and public corruption, as well as related money laundering and asset forfeiture work. He also was lead counsel for the United States in nearly forty criminal jury trials.

In 2021, Steve was recognized among the Top 30 FCPA Practitioners in the United States by Global Investigations Review, which called him a "a sophisticated and nuanced lawyer who knows the ins and outs of the FCPA" and noted that he "has a declination record that few lawyers can match." Steve is currently recognized in Chambers Global and Chambers USA as one of the leading lawyers nationally and in Washington, D.C. for white collar crime, government investigations, and FCPA expertise. Chambers notes that he "offers impressive experience handling big-ticket investigations" and has quoted sources calling him "incredibly smart and strategic," "fantastic," "calm and levelheaded," with "a ton of experience and insight" and "impeccable integrity." In 2015, The National Law Journal recognized Steve as one of its inaugural "Trailblazers" nationwide for his distinguished career in the white collar crime area, and in 2020 the same publication honored him as one of its "Trailblazers" in Washington, D.C., noting that he has long been "at the forefront of … the investigation, prosecution, and defense of allegations of corporate crime." Since 2013, Steve also has been recognized as a recommended lawyer for Corporate Investigations and White-Collar Criminal Defense by Legal 500 US, in which clients have praised him as, among other things, "patient and collaborative." He is a recognized expert and frequent speaker on a host of white collar topics, including FCPA enforcement, securities fraud, corporate charging decisions, use of deferred and non-prosecution agreements, and monitors.

Early in his career, Steve served as Law Clerk to the Honorable Thomas J. McAvoy, United States District Court Judge for the Northern District of New York.

Steve is a graduate of New York Law School where he was the Research Editor of the Law Review.

**Key Representations**

- Representing Vantage Drilling in connection with a DOJ and SEC investigation into alleged violations of the FCPA arising from the company's dealings with Petrobras.
- Representing and conducting an internal investigation for Sanofi in a joint DOJ and SEC investigation of alleged FCPA violations in various countries in emerging markets.

9

connection with a DOJ criminal investigation into alleged manipulation of LIBOR.

- Represented HMT LLC in connection with a DOJ investigation into potential violations of the FCPA in Asia and South America, which resulted in a declination of prosecution under the DOJ's recently announced FCPA Pilot Program.
- Represented Innodata Inc. in connection with its disclosure to the DOJ and SEC of potential improper payments by employees of one of its foreign subsidiaries in Asia.
- Represented an India-based manufacturer of mining equipment in a joint DOJ and SEC investigation of alleged FCPA violations.
- Representing a senior executive of a global operator of retail department stores in a joint DOJ and SEC investigation of alleged FCPA violations in Central America and Asia.
- Representing two former employees of a multi-national spirits company in a joint DOJ and SEC investigation of alleged FCPA violations in Russia.
- Representing two senior executives of a global oil services industry company in a DOJ investigation of alleged violations of US export controls and sanctions laws.
- Conducted an internal investigation for a financial services company regarding allegations of improper payments in connection with its Nigerian operations.
- Represented a UK-based, global specialty chemicals company in a DOJ investigation of alleged violations of US export controls and sanctions laws.
- Designed and assisted in the implementation of anti-bribery and corruption policies and procedures for a UK-based, global specialty chemicals company.
- Designed and assisted in the implementation of anti-bribery and corruption policies and procedures for a multi-national telecommunications company.
- Designed and assisted in the implementation of anti-bribery and corruption policies and procedures for a multi-national financial services company.
- Designed and assisted in the implementation of anti-bribery and corruption policies and procedures for a global tax-free shopping and related financial services company.
- Designed anti-bribery and corruption policies and procedures for a multi-national family dining and entertainment company.
- Lead outside counsel for FCPA due diligence on Intel's acquisition of Altera Corp.
- Lead outside counsel for FCPA due diligence on Norwegian Cruise Line Holdings' acquisition of Prestige Cruises International.
- Lead outside counsel for FCPA due diligence on General Electric Co's. acquisition of Lufkin Industries.
- Lead outside counsel for FCPA due diligence on Oracle Corporation's acquisition of Acme Packet.
- Designed anti-bribery and corruption policies and procedures for a multi-national telecommunications equipment manufacturer.
- Lead outside counsel for FCPA due diligence on publicly traded, multi-national health care company's acquisition of the Eastern European operations of a competitor.

10

- Provide FCPA training for The Board of Directors of a global clothing manufacturer and retailer.
- Advising a global commercial aircraft leasing company on various anti-bribery and corruption compliance matters.
- Obtained dismissal of federal civil RICO action and related state claims brought by Greenpeace against The Dow Chemical Company.

## Awards and Recognition

›  **Steven Tyrrell Named a Top FCPA Practitioner in the United States**
Award Brief — Global Investigations Review 2021

›  **Steven Tyrrell Named a Leading Lawyer for FCPA: Nationwide**
Award Brief — Chambers USA

›  **Steven Tyrrell Named a Leading Lawyer for White Collar Crime and Government Investigations: District of Columbia**
Award Brief — Chambers USA

›  **Steven Tyrrell Named a Leading Lawyer for FCPA in the United States**
Award Brief — Chambers Global

›  **Steven Tyrrell Named a "Recommended" Lawyer for Corporate Investigations and White-Collar Criminal Defense in the US**
Award Brief — Legal 500 US

## Speaking Engagements

›  **General Counsel Interview**
Speaker(s): Steven A. Tyrrell

December 1, 2021 — National Harbor, MD — White Collar practice co-head Steven Tyrrell appeared at ACI's 38th Annual International Conference on the FCPA to interview a panel of general counsel from leading multinationals on their outlook for the year ahead on enforcement, compliance, whistleblowing, and other risks to address.

## Latest Thinking

›  **Litigation Trends 2022**
Publication — By Weil's Litigation Department — Spring 2022

›  **Litigation Trends 2021**
Publication — By Weil's Litigation Department — March 2021

›  **How to build a data driven compliance programme**
Publication — Global Investigations Review — By Steven A. Tyrrell — December 10, 2020

## Firm News & Announcements

›  **Weil Secures Dismissal for Computer Tech Executive Named in Trump Lawsuit**
Litigation Win — September 15, 2022

›  **Weil's 2022 Litigation Trends Report**
Firm Announcement — April 06, 2022

11

Firm Announcement — November 12, 2021

Copyright © 2022 Weil, Gotshal & Manges LLP, All Rights Reserved. The contents of this website may contain attorney advertising under the laws of various states. Prior results do not guarantee a similar outcome. Weil, Gotshal & Manges LLP is headquartered in New York and has office locations in Beijing, Boston, Brussels, Dallas, Frankfurt, Hong Kong, Houston, London, Miami, Munich, New York, Paris, Princeton, Shanghai, Silicon Valley and Washington, D.C.

Printed: October 04, 2022



# Edward Soto

**Partner Miami** | +1 305 577 3177 | edward.soto@weil.com



**Ed Soto is Managing Partner of Weil's Miami office, and recently concluded serving for many years as Co-Head of the Firm's national Complex Commercial Litigation practice.**

**A senior trial partner, Ed concentrates his practice on the trial and supervision of complex commercial civil litigation, and has substantial experience in cases involving: antitrust, business torts, class actions, contracts, employment, fraud, insurance coverage, lender liability, products liability, professional liability, and securities litigation. He has also handled numerous internal investigations in these areas.**

During more than 35 years of trial practice, Ed has established a consistent record of successful results in major complex cases in both state and federal courts and before arbitration panels. He has achieved successful outcomes for his clients at every phase of the litigation process – through case dispositive motions, trials, appeals, and settlements. During the past few years, he has achieved significant victories on behalf of American Airlines, Inc., Citicorp Services, Inc., ESPN, Inc., ExxonMobil, Financial Guaranty Insurance Corp., Fiserv, Inc., General Electric Company, Lehman Brothers Holdings Inc., Procter & Gamble, Repsol, and UnitedHealth Group.

Ed's notable representations include:

- Serving as lead counsel to Procter & Gamble in the high-profile multi-district litigation, *In re Denture Cream Products Liability Litigation*, in which more than 150 plaintiffs alleged that they were injured through their use of the popular denture cream, Fixodent. In this action, Ed successfully won three separate motions to exclude plaintiffs' general causation experts, including an affirmation on appeal to the U.S. Court of Appeals for the Eleventh Circuit in the lead case, which led to all of the plaintiffs stipulating to a dismissal with prejudice.
- Successfully defending Dometic Corp., a leading manufacturer of gas absorption refrigerators, in two putative class actions in the Southern District of Florida alleging that the cooling units in several models of the company's refrigerators purportedly contained a latent defect. Won an order granting summary judgment dismissing

## Practice Areas

- Complex Commercial Litigation
- International Arbitration
- Appeals and Strategic Counseling

## Areas of Focus

- Pro Bono

## Sectors

- Retail & Consumer Products
- Technology
- Transportation and Automotive

## Admissions

- US Court of Appeals 11th Cir.
- US Court of Appeals 3rd Cir.
- US Court of Appeals 5th Cir.
- State of Florida
- Middle District Florida
- Northern District Florida
- New York State
- Southern District Florida
- US Supreme Court
- DC Court of Appeals

## Education

- Florida State University (B.A., 1974)
- Columbia Law School (J.D., 1978)

13

motion for class certification and dismissal of the second lawsuit in its entirety as well.

- Successfully representing Nortek Global HVAC, LLC, a leading manufacturer of heating, ventilation and air conditioning equipment, in several putative class actions in Florida and Tennessee federal courts alleging that Nortek failed to disclose defects in its air conditioning equipment. Obtained denial of plaintiffs' motion for class certification in the Florida case, as well as the dismissal of all claims, with prejudice, in the Tennessee case.

- Serving as co-lead trial counsel to Financial Guaranty Insurance Corp. in connection with a six-week, contested trial in the chapter 9 bankruptcy case filed by the City of Detroit regarding the City's proposed plan of adjustment.

- Serving as lead trial counsel for global energy company Repsol in environmental litigation involving claims of "alter ego" and fraudulent conveyance. The Weil team secured a victory on all claims involving over $1 billion in damages while also succeeding on Repsol's $65 million counterclaim.

- Leading a team of trial lawyers to victory on behalf of Fiserv/Texas Data Control in a litigation brought by the Justice Department in a matter that was selected by the *National Law Journal* as the "Top Defense Victory of the Year."

- Serving as lead counsel for UnitedHealth Group in the successful defense of multi-billion dollar RICO and related conspiracy claims brought by a nationwide class of 700,000 doctors.

- Representing ExxonMobil in the successful defense of a putative nationwide class action brought by dealers alleging violations of the UCC and breach of contract with respect to gasoline pricing.

- Securing summary judgment for ESPN, Inc. in a litigation brought by boxing promoter Don King in connection with a documentary television program for which Mr. King sought $2.5 billion in damages.

Ed has received numerous accolades throughout his career. He is regularly recognized in Chambers USA as a Band 1 lawyer for Commercial Litigation in Florida, where clients have praised him as an "amazing lawyer who has the rare combination of being able to keep focused on the big picture of a case while also mastering all of the underlying details," "great at handling large teams and is extremely passionate on behalf of his clients," "an outstanding strategic attorney [who] is very persuasive in court and is great at managing complex cases," and for "always thinking several steps ahead of the opponent." They also note his "impeccable instincts," "unlimited capacity for absorbing details" and "creative approach to legal issues," and described him as a "gifted advocate," "a first-rate lawyer" and "a top, top litigator." In addition, he has been recognized by Legal 500 as one of the Leading Lawyers nationwide for Commercial Litigation, with commentators calling him an "experienced partner" and "one of the most renowned trial lawyers in Florida." He has also

Star" in Florida by Benchmark Litigation, as well as a "Best Lawyer" for Bet-the-Company Litigation, Commercial Litigation, and International Arbitration - Commercial by Best Lawyers in America. In 2020, Ed was recognized by South Florida's Daily Business Review as a "Florida Trailblazer" who has been an "agent of change" during his career as a trial lawyer. In 2017, Ed was recognized by Law360 as an MVP for Class Action. Since 2006, Ed has been recognized as a Florida Super Lawyer, most recently in the areas of Securities Litigation and Civil Defense Litigation.

He also serves in leadership roles of various public service organizations. He is on the Executive Committee of the Lawyers' Committee for Civil Rights Under Law, the Board of Directors of the Human Services Coalition, and the Chairman of the Board of Directors of Catalyst Miami. Ed has also served as a member of the Board of Trustees of the Ransom Everglades School, a member of the Board of Directors of Child Hope, Inc., and the Chairman of the Board of Directors of the Zoological Society of Florida. In 2022, in recognition of his significant pro bono work and contributions to these and other organizations over the years, Ed was honored by Chambers USA as its Pro Bono Lawyer of the Year in the publication's annual Diversity & Inclusion Awards.

Ed is currently a member of the Firm's Diversity Committee, Recruiting Committee, National Litigation Steering Committee, Computer Litigation Committee, National Associates Training Committee and E-Discovery Task Force.

Ed received a J.D. from Columbia Law School in 1978, and a B.A. from Florida State University in 1974.

## Awards and Recognition

> **Edward Soto Named 2022 Pro Bono Lawyer of the Year**
> Award Brief — Chambers USA

> **Edward Soto Named Daily Business Review "Florida Trailblazer"**
> Award Brief — Daily Business Review 2020

> **Edward Soto Profiled as a 2017 Class Action MVP**
> Award Brief — Law360 2017

> **Edward Soto Ranked Band 1 for Litigation: General Commercial, Florida**
> Award Brief — Chambers USA

> **Edward Soto Named a "Recommended" Lawyer for Commercial Litigation in the U.S.**
> Award Brief — Legal 500 US

**Latest Thinking**

> **Ruhlen and Recent Trends in Favor of Remand**
Alert — Class Action Monitor — By Edward Soto, Pravin R. Patel, Mark Pinkert and Katie Black — PDF — April 05, 2022

> **Full Daubert: Fifth Circuit Mandates Complete Evaluation of Expert Opinions at Class Certification**
Alert — Class Action Monitor — By Edward Soto, Pravin R. Patel and Daniel P. Guernsey — PDF — Q3 2021

> **Supreme Court Clarifies Injury-in-Fact Requirements for Intangible Harms**
Publication — Bloomberg Law Professional Perspectives — By Edward Soto, Pravin R. Patel and Corey Brady — PDF — August 2021

> **Eleventh Circuit Holds that a Statutory Violation is Insufficient for Standing and Settlement**
Alert — Class Action Monitor — By Edward Soto, Pravin R. Patel and Alli G. Katzen — PDF — June 04, 2021

> **Litigation Trends 2021**
Publication — By Weil's Litigation Department — March 2021

## Firm News & Announcements

> **Weil Secures Dismissal for Computer Tech Executive Named in Trump Lawsuit**
Litigation Win — September 15, 2022

> **Edward Soto Named Pro Bono: Lawyer of the Year at Chambers Diversity & Inclusion: North America Awards 2022**
Firm Announcement — June 13, 2022

Copyright © 2022 Weil, Gotshal & Manges LLP, All Rights Reserved. The contents of this website may contain attorney advertising under the laws of various states. Prior results do not guarantee a similar outcome. Weil, Gotshal & Manges LLP is headquartered in New York and has office locations in Beijing, Boston, Brussels, Dallas, Frankfurt, Hong Kong, Houston, London, Miami, Munich, New York, Paris, Princeton, Shanghai, Silicon Valley and Washington, D.C.

Printed: October 04, 2022



# Brian Liegel

**Associate Miami** | +1 305 577 3180 | brian.liegel@weil.com



Brian Liegel is an associate in Weil's Complex Commercial Litigation and Appeals and Strategic Counseling practices.

Brian has substantial litigation experience across a broad range of disputes involving areas of law such as business torts, antitrust, fraud, product liability, regulatory investigations, environmental litigation, bankruptcy, and appeals.

Some of his recent notable experiences includes serving on Weil teams representing:

- Pilgrim's Pride in a series of federal class actions across the country brought by direct and indirect purchasers alleging the major chicken producers reduced output to raise the price of broiler chickens.
- National Public Finance Guarantee Corporation in connection with the Commonwealth of Puerto Rico's bankruptcy proceedings.
- Dometic, a major manufacturer of gas absorption refrigerators, in securing summary judgment and defeating class certification, as well as transfer and consolidation victories prior to those case dispositive rulings, in numerous putative nationwide consumer class actions in Florida and California federal courts alleging that the cooling units in several models of Dometic's refrigerators purportedly contained a latent defect.
- Nortek, a global manufacturer of HVAC systems, in multiple putative class actions in Florida and Tennessee federal courts alleging that Nortek failed to disclose defects in its air conditioning equipment. Brian and the Weil team obtained the denial of plaintiffs' motion for class certification in the Florida case, as well as the dismissal of all claims, with prejudice, in the Tennessee case

As a member of the Firm's Appeals and Strategic Counseling practice, Brian has represented clients in the United States Supreme Court, United States Courts of Appeals for the Second, Eleventh, and D.C. Circuits, and the Colorado Supreme Court.

## Practice Areas

› Complex Commercial Litigation
› Appeals and Strategic Counseling

## Appeals and Strategic Counseling

PRECISION | CREATIVITY | JUDGMENT

## Admissions

› State of Florida
› Middle District Florida
› Northern District Florida
› Southern District Florida
› US Court of Appeals 11th Cir.
› US Dist Court No. Illinois
› US Ct App Federal Circuit

## Education

› University of Miami (B.A., 2012)
› Georgetown University Law Center (J.D., 2015)

17

Brian has been honored in The 2020-2023 editions of Best Lawyers: Ones to Watch for commercial litigation, and selected as a member of the Florida Board of Bar Examiner's Practice Analysis Panel, which will evaluate the knowledge, skills, and abilities that all newly licensed Florida lawyers should have to be admitted to the bar.

Brian also is an active participant in the Firm's pro bono initiatives. Most recently, Brian was appointed by the United States Court of Appeals for the Eleventh Circuit to represent an indigent individual on appeal and successfully overturned the denial of social security benefits. Brian has also worked with the Innocence Project, seeking to obtain post-conviction relief for a client based on new scientific evidence, and as part of a team of Weil attorneys which represented a victim of human trafficking, successfully allowing the client to have her criminal record expunged and vacated.

From September 2017 through September 2018, Brian served as a judicial clerk for the Honorable Adalberto Jordan of the United States Court of Appeals for the Eleventh Circuit.

## Awards and Recognition

› **Brian Liegel Recognized as Best Lawyers: One to Watch Honoree**
Award Brief — Best Lawyers 2020-2023

## Latest Thinking

› **Third Circuit Cements Three-Way Split on Issue Classes**
Publication | Class Action Monitor — By Drew Tulumello, Pravin R. Patel and Brian Liegel — PDF — January 19, 2022

› **Supreme Court Holds That "But-For" Causation Is Not Required For Specific Jurisdiction**
Publication — By Zack Tripp, Pravin R. Patel, Brian Liegel and Elaina Aquila — April 08, 2021

› **Supreme Court Holds That "But-For" Causation Is Not Required For Specific Jurisdiction**
Alert — Class Action Monitor — By Zack Tripp, Pravin R. Patel, Brian Liegel and Elaina Aquila — PDF — March 26, 2021

› **Avoiding Unreviewable Surprises in Arbitration Agreements**
Alert — Class Action Monitor — By Gregory Silbert, Brian Liegel and Nathalie A. Sosa — PDF — March 2020

## Firm News & Announcements

› **Weil Secures Dismissal for Computer Tech Executive Named in Trump Lawsuit**
Litigation Win — September 15, 2022

› **Weil Wins Appeal for Illumina Protecting Cutting-Edge DNA Sequencing Technology**
Litigation Win — February 02, 2021

Copyright © 2022 Weil, Gotshal & Manges LLP. All Rights Reserved. These materials may contain attorney advertising under the laws of various states. Prior results do not guarantee a similar outcome. Weil, Gotshal & Manges LLP is headquartered in New York and has office locations in Beijing, Boston, Brussels, Dallas, Frankfurt, Hong Kong, Houston, London, Miami, Munich, New York, Paris, Princeton, Shanghai, Silicon Valley and Washington, D.C.



# Leah Saiontz

**Associate Miami**  |  +1 305 577 3134  |  leah.saiontz@weil.com

Leah Saiontz is an associate in Weil's Complex Commercial Litigation practice, based in the Firm's Miami office. Prior to joining the Litigation Department, Leah was an associate in Weil's Restructuring Department. She has substantial experience across a broad range of disputes, involving areas of law such as antitrust, fraud, and bankruptcy (particularly domestic and cross-border corporate restructuring, distressed financing, and distressed M&A).

Leah's notable recent experience includes representing, among others:

- **Brooks Brothers Group, Inc.** and its affiliates, the oldest apparel company in the United States, in their chapter 11 cases, Canadian proceeding under the Companies' Creditors Arrangement Act, and going-concern sale of their international businesses.
- **Topgolf International, Inc.** in connection with its out-of-court equity recapitalization and credit agreement amendment.
- **EP Energy Corporation**, and its affiliated debtors, a public oil and natural gas exploration and production company, in their chapter 11 cases involving approximately $4.9 billion in funded debt obligations.
- The DIP Lender and Senior Secured Lender in the chapter 11 case of **George Washington Bridge Bus Station Development Venture.**
- Spanish energy company **Repsol** in connection with its complex environmental and bankruptcy litigation.

Leah received her B.A., magna cum laude, from Harvard College and received her J.D. from Harvard Law School.

### Practice Areas

› Complex Commercial Litigation

### Admissions

› New York State
› State of Florida

### Education

› Harvard College (B.A., 2016)
› Harvard Law School (J.D., 2019)

## Firm News & Announcements

› **Weil Secures Dismissal for Computer Tech Executive Named in Trump Lawsuit**
Litigation Win — September 15, 2022

Copyright © 2022 Weil, Gotshal & Manges LLP, All Rights Reserved. The contents of this website may contain attorney advertising under the laws of various states. Prior results do not guarantee a similar outcome. Weil, Gotshal & Manges LLP is headquartered in New York and has office locations in Beijing,

Princeton, Shanghai, Silicon Valley and Washington, D.C.

# EXHIBIT B

Time Entry Detail

| | Date | Timekeeper | Rate | Time | Description |
|---|---|---|---|---|---|
| | 4/13/2022 | Brian Liegel | $1,080.00 | 2.3 | Review and analyze RICO jurisdiction arguments in the Complaint |
| | 4/20/2022 | Brian Liegel | $1,080.00 | .8 | Participate in joint defense call |
| | 4/21/2022 | Brian Liegel | $1,080.00 | .7 | Review and analyze the S.D. FLA filing requirements and confer with S. Tyrrell re: extension to response to the Complaint |
| | 4/22/2022 | Brian Liegel | $1,080.00 | 1.1 | Draft motion for extension of time |
| | 4/25/2022 | Steven Tyrrell | $1,435.50 | .9 | Communications with client and counsel for other defendants regarding case status; review and analyze related materials |
| | 4/25/2022 | Brian Liegel | $1,080.00 | .3 | Review and analyze Court order on Plaintiff's request for extension to amend |
| | 4/26/2022 | Steven Tyrrell | $1,435.50 | .9 | Review and revise draft motion for extension of time, motion for admission *pro hac vice* and related filings; communications regarding status of case and related matters |
| B | 4/26/2022 | Ann Merlin (Paralegal) | $387.00 | 1.1 | Review, revise, electronically file and download and distribute *pro hac vice* motion, motion for extension of time, notice of appearance, email correspondence with judge forwarding proposed orders |
| B | 4/26/2022 | Brian Liegel | $1,080.00 | 1.4 | Revise motion for extension of time, *pro hac vice* motion and proposed order; file same |
| | 4/27/2022 | Steven Tyrrell | $1,435.50 | .4 | Review and analyze miscellaneous filings in the case |
| | 4/28/2022 | Steven Tyrrell | $1,435.50 | .4 | Review and analyze miscellaneous filings in the case |
| | 4/29/2022 | Steven Tyrrell | $1,435.50 | .3 | Review and analyze miscellaneous filings in the case |
| | 5/02/2022 | Steven Tyrrell | $1,435.50 | .3 | Review and analyze miscellaneous filings in the case |
| | 5/03/2022 | Steven Tyrrell | $1,435.50 | .4 | Communications regarding preparation of motion to dismiss; Review and analyze miscellaneous filings in the case |
| | 5/04/2022 | Steven Tyrrell | $1,435.50 | .3 | Communications regarding preparation of motion to dismiss and scheduling order; Review and analyze miscellaneous filings in the case |
| | 5/04/2022 | Brian Liegel | $1,080.00 | 2.7 | Review other defendants' motions to dismiss to identify arguments to adopt |
| D | 5/04/2022 | Leah Saiontz | $756.00 | 3.7 | Review other defendants' motions to dismiss to identify arguments to adopt; conference with B. Liegel re: same |
| | 5/05/2022 | Steven Tyrrell | $1,435.50 | .3 | Communications regarding preparation of motion to dismiss; Review and analyze miscellaneous filings in the case |
| | 5/05/2022 | Brian Liegel | $1,080.00 | 2.1 | Draft outline of arguments for motion to dismiss |
| D | 5/05/2022 | Leah Saiontz | $756.00 | 4.2 | Draft outline of arguments for motion to dismiss; conference with B. Liegel re: same |
| | 5/06/2022 | Steven Tyrrell | $1,435.50 | .5 | Communications regarding preparation of motion to dismiss; Review and analyze miscellaneous filings in the case |
| | 5/06/2022 | Brian Liegel | $1,080.00 | .2 | Confer with S. Tyrrell regarding coordination with co-defendants |
| D | 5/06/2022 | Leah Saiontz | $756.00 | 2.0 | Draft outline of arguments for motion to dismiss |
| | 5/07/2022 | Steven Tyrrell | $1,435.50 | .2 | Communications regarding preparation of motion to dismiss; Review and analyze miscellaneous filings in the case |
| | 5/09/2022 | Steven Tyrrell | $1,435.50 | .6 | Review and analyze draft outline of arguments for motion to dismiss; review and analyze recent filings; miscellaneous communications re: same |
| | 5/09/2022 | Brian Liegel | $1,080.00 | .8 | Draft outline of arguments for motion to dismiss |

| | | | | |
|---|---|---|---|---|
| D | 5/09/2022 | Leah Saiontz | $756.00 | 4.1 | Draft outline of arguments for motion to dismiss |
| | 5/10/2022 | Steven Tyrrell | $1,435.50 | .4 | Communications regarding preparation of motion to dismiss; Review and analyze miscellaneous filings in the case |
| | 5/10/2022 | Leah Saiontz | $756.00 | 3.5 | Draft motion to dismiss |
| | 5/11/2022 | Steven Tyrrell | $1,435.50 | .2 | Review and analyze miscellaneous filings in the case |
| | 5/11/2022 | Brian Liegel | $1,080.00 | 1.1 | Review and analyze co-defendant motions to dismiss to evaluate adoption of arguments |
| E | 5/11/2022 | Leah Saiontz | $756.00 | 4.2 | Draft motion to dismiss |
| | 5/12/2022 | Brian Liegel | $1,080.00 | 2 | Revise draft of motion to dismiss |
| | 5/13/2022 | Steven Tyrrell | $1,435.50 | .3 | Review and analyze recent filings |
| | 5/13/2022 | Brian Liegel | $1,080.00 | 1.5 | Revise motion to dismiss |
| E | 5/13/2022 | Leah Saiontz | $756.00 | 7.2 | Revise motion to dismiss |
| D | 5/15/2022 | Brian Liegel | $1,080.00 | 3.1 | Revise motion to dismiss |
| | 5/16/2022 | Steven Tyrrell | $1,435.50 | .5 | Communications regarding preparation of motion to dismiss; Review and analyze miscellaneous filings in the case |
| | 5/16/2022 | Brian Liegel | $1,080.00 | 2 | Complete first draft of motion to dismiss |
| | 5/17/2022 | Steven Tyrrell | $1,435.50 | .4 | Communications regarding preparation of motion to dismiss; Review and analyze miscellaneous filings in the case |
| | 5/17/2022 | Brian Liegel | $1,080.00 | .2 | Correspond with S. Tyrrell re: status hearing |
| B | 5/18/2022 | Ed Soto | $1,435.50 | 1 | Review and comment on motion to dismiss; review of other related motions to dismiss in connection with same; correspondence re: same |
| B | 5/18/2022 | Steven Tyrrell | $1,435.50 | 3.8 | Review and revise draft motion to dismiss; related legal research; miscellaneous communications including with counsel to co-defendants re: same |
| | 5/18/2022 | Brian Liegel | $1,080.00 | 1.9 | Participate in joint defense call re: upcoming status hearing; revise brief and confer with S. Tyrrell re: same |
| D | 5/18/2022 | Leah Saiontz | $756.00 | 1.5 | Revise motion to dismiss |
| V | 5/19/2022 | Steven Tyrrell | $1,435.50 | 1 | Miscellaneous communications regarding coordination with co-defendants on motion to dismiss arguments; review and analyze materials re: same; review and analyze recent filings |
| | 5/19/2022 | Ann Merlin | $387.00 | 5.2 | Conduct citation check of motion to dismiss |
| D | 5/19/2022 | Brian Liegel | $1,080.00 | 1.9 | Revise motion to dismiss |
| D | 5/19/2022 | Leah Saiontz | $756.00 | 2.4 | Revise motion to dismiss |
| B | 5/20/2022 | Steven Tyrrell | $1,435.50 | 2.7 | Review, revise, and finalize motion to dismiss; review and analyze related materials and filings; miscellaneous communications re: same |
| D | 5/20/2022 | Brian Liegel | $1,080.00 | 1.2 | Revise and prepare motion to dismiss for filing |
| D | 5/20/2022 | Leah Saiontz | $756.00 | 1 | Finalize motion to dismiss for filing |
| | 5/23/2022 | Steven Tyrrell | $1,435.50 | .3 | Review and analyze miscellaneous recent filings |
| | 5/25/2022 | Steven Tyrrell | $1,435.50 | .2 | Review and analyze miscellaneous recent filings |
| | 5/26/2022 | Steven Tyrrell | $1,435.50 | .2 | Review and analyze miscellaneous recent filings |
| | 5/31/2022 | Steven Tyrrell | $1,435.50 | .4 | Review and analyze miscellaneous recent filings |
| | 6/01/2022 | Steven Tyrrell | $1,435.50 | .2 | Miscellaneous communications regarding upcoming status conference |
| | 6/02/2022 | Steven Tyrrell | $1,435.50 | .8 | Attend status conference by Zoom; miscellaneous communications re: same |
| | 6/03/2022 | Steven Tyrrell | $1,435.50 | .5 | Miscellaneous communications regarding scheduling next status conference, potential briefing schedule for renewed motions to dismiss, status of matter, and recent filings; review and analyze documents relating to same |
| | 6/06/2022 | Steven Tyrrell | $1,435.50 | .2 | Review and analyze recent filings |
| | 6/13/2022 | Steven Tyrrell | $1,435.50 | .2 | Miscellaneous communications with counsel for co-defendant |

| | Date | Name | Rate | Hours | Description |
|---|---|---|---|---|---|
| | 6/14/2022 | Steven Tyrrell | $1,435.50 | .4 | Miscellaneous communications with joint defense group regarding upcoming status conference and coordination of motions to dismiss anticipated amended complaint |
| | 6/15/2022 | Steven Tyrrell | $1,435.50 | .8 | Miscellaneous communications, including conference call with joint defense group, regarding upcoming status conference and coordination of motions to dismiss anticipated amended complaint |
| | 6/21/2022 | Steven Tyrrell | $1,435.50 | .4 | Review and analyze miscellaneous recent filings; communications re: same |
| B | 6/22/2022 | Steven Tyrrell | $1,435.50 | 3.9 | Review and analyze amended complaint; review and analyze related recent filings; miscellaneous communications with counsel for other defendants and others re: same |
| D | 6/22/2022 | Leah Saiontz | $756.00 | 3.2 | Review and analyze amended complaint with focus on new/amended arguments relevant to client |
| | 6/23/2022 | Steven Tyrrell | $1,435.50 | 1.7 | Misc. Communications with client and other defense counsel regarding preparation of motion to dismiss amended complaint; review and analyze recent filings |
| | 6/23/2022 | Brian Liegel | $1,080.00 | 1.3 | Participate in joint defense discussion re: briefing and analysis of amended complaint |
| | 6/23/2022 | Leah Saiontz | $756.00 | 1.2 | Discuss response to amended complaint with counsel to co-defendants |
| | 6/24/2022 | Brian Liegel | $1,080.00 | .3 | Review and analyze co-defendants' outline for motion to dismiss brief |
| | 6/27/2022 | Steven Tyrrell | $1,435.50 | 1.1 | Miscellaneous communications, including with other defense counsel, regarding preparation of motion to dismiss amended complaint; review and analyze recent filings |
| | 6/27/2022 | Leah Saiontz | $756.00 | 2.1 | Draft motion to dismiss amended complaint |
| | 6/28/2022 | Steven Tyrrell | $1,435.50 | .7 | Miscellaneous communications including with client and other defense counsel, regarding preparation of motion to dismiss amended complaint; review and analyze recent filings |
| | 6/28/2022 | Leah Saiontz | $756.00 | .4 | Draft motion to dismiss amended complaint |
| | 6/29/2022 | Steven Tyrrell | $1,435.50 | .6 | Miscellaneous communications regarding preparation of motion to dismiss amended complaint; review and analyze recent filings |
| B | 6/30/2022 | Steven Tyrrell | $1,435.50 | 1 | Miscellaneous communications regarding request for extension of time to file motion to dismiss amended complaint and related matters; review draft stipulation re: same; review and analyze recent filings |
| | 6/30/2022 | Brian Liegel | $1,080.00 | .5 | Revise brief insert for co-defendant |
| | 6/30/2022 | Leah Saiontz | $756.00 | 2.8 | Draft motion to dismiss amended complaint |
| B | 7/01/2022 | Steven Tyrrell | $1,435.50 | 1.7 | Miscellaneous communications regarding request for extension of time to file motion to dismiss amended complaint, draft of sections of motion to dismiss, and related matters; Review and analyze related materials and recent filings |
| | 7/01/2022 | Brian Liegel | $1,080.00 | 1.8 | Revise individual motion and joint motion and participate in joint defense call re: same |
| | 7/01/2022 | Leah Saiontz | $756.00 | 5.5 | Draft motion to dismiss amended complaint; participate in joint defense call re: same |
| B | 7/05/2022 | Steven Tyrrell | $1,435.50 | 3.4 | Miscellaneous communications, including conference call with defense counsel, regarding draft consolidated motion to dismiss, motion to increase page limit, and related matters; Review and analyze related materials; conduct legal research |
| | 7/05/2022 | Brian Liegel | $1,080.00 | .3 | Participate in joint defense call re: briefing |

| | Date | Name | Amount | Hours | Description |
|---|---|---|---|---|---|
| | 7/05/2022 | Leah Saiontz | $756.00 | .8 | Participate in joint defense call re: briefing; Review co-defendant draft of section of motion to dismiss |
| B | 7/06/2022 | Steven Tyrrell | $1,435.50 | 3.1 | Miscellaneous communications including with other defense counsel, regarding draft consolidated motion to dismiss and related matters; review and revise draft section of motion to dismiss; conduct legal research |
| | 7/06/2022 | Brian Liegel | $1,080.00 | .8 | Revise draft motion to dismiss |
| | 7/06/2022 | Leah Saiontz | $756.00 | .5 | Review co-defendant draft section of motion to dismiss |
| B | 7/07/2022 | Steven Tyrrell | $1,435.50 | 2.6 | Miscellaneous communications, including with other defense counsel, regarding draft consolidated motion to dismiss and related matters; review and revise draft section of motion to dismiss; miscellaneous legal research re: same; review motion for enlargement of page limit for motion to dismiss |
| | 7/07/2022 | Brian Liegel | $1,080.00 | 1.2 | Revise motion to dismiss on personal jurisdiction and co-defendant's section of the joint motion |
| B | 7/08/2022 | Steven Tyrrell | $1,435.50 | 3.8 | Miscellaneous communications, including with other defense counsel, regarding draft consolidated motion to dismiss, motion for enlargement of page limit, and related matters; review and analyze related materials, including draft sections of motion to dismiss; conduct miscellaneous legal research re: same |
| | 7/08/2022 | Ann Merlin | | 1.1 | Cite check motion to dismiss for lack of personal jurisdiction |
| | 7/09/2022 | Brian Liegel | $1,080.00 | 1.4 | Draft individual insert for motion to dismiss |
| | 7/11/2022 | Brian Liegel | $1,080.00 | 1.3 | Revise individual section of motion to dismiss and coordinate with group on edits |
| | 7/12/2022 | Steven Tyrrell | $1,435.50 | 1.2 | Review and provide additional edits to the joint motion to dismiss the amended complaint; Miscellaneous communications re: same |
| | 7/12/2022 | Brian Liegel | $1,080.00 | 1.3 | Review and analyze revised motion to dismiss and respond to questions from counsel to co-defendant |
| | 7/13/2022 | Ed Soto | $1,435.50 | .5 | Review and comment on issues related to the proposed draft motion to dismiss; review and comment on correspondence related to same |
| | 7/13/2022 | Steven Tyrrell | $1,435.50 | .6 | Review and provide additional edits to the supplemental motion to dismiss the amended complaint; communications re: same |
| | 7/13/2022 | Leah Saiontz | $756.00 | .2 | Finalize motion to dismiss on personal jurisdiction |
| | 7/14/2022 | Brian Liegel | $1,080.00 | .7 | Revise brief and file motion to dismiss on personal jurisdiction |
| B | 7/18/2022 | Steven Tyrrell | $1,435.50 | 1.4 | Miscellaneous communications, including with client, regarding motion to dismiss and related matters; review and analyze recent filings |
| V | 7/19/2022 | Steven Tyrrell | $1,435.50 | 1.4 | Miscellaneous communications, including with client and other counsel, regarding status of matter, ongoing coordination, and related matters; review and analyze materials re: same |
| | 7/21/2022 | Steven Tyrrell | $1,435.50 | .7 | Miscellaneous communications, including with other defense counsel, regarding status of matter, ongoing coordination on preparation of reply in support of motion to dismiss, and related matters; and analyze recent filings |
| | 7/22/2022 | Steven Tyrrell | $1,435.50 | .7 | Miscellaneous communications, including with client, regarding status of case and related matters; review and analyze recent filings |
| | 7/25/2022 | Steven Tyrrell | $1,435.50 | .2 | Review recent filings |

|  | Date | Name | Rate | Hours | Description |
|---|---|---|---|---|---|
|  | 7/26/2022 | Steven Tyrrell | $1,435.50 | .5 | Miscellaneous communications, including call with other defense counsel, regarding coordination on preparation of reply in support of motion to dismiss and related matters |
|  | 7/28/2022 | Steven Tyrrell | $1,435.50 | .2 | Miscellaneous communications regarding preparation of reply in support of motion to dismiss amended complaint |
|  | 7/29/2022 | Steven Tyrrell | $1,435.50 | .4 | Miscellaneous communications regarding preparation of reply in support of motion to dismiss amended complaint and related matters |
|  | 7/29/2022 | Leah Saiontz | $756.00 | 1 | Draft reply in support of motion to dismiss based on lack of personal jurisdiction |
| B | 8/05/2022 | Steven Tyrrell | $1,435.50 | 4.7 | Miscellaneous communications, including Zoom conferences with joint defense group and specific co-defendants, regarding filings in opposition to motions to dismiss, preparation of reply in support of joint motion, and related issues; review and analyze filings and related materials |
|  | 8/05/2022 | Leah Saiontz | $756.00 | 4.1 | Draft response to reply re: personal jurisdiction |
| B | 8/08/2022 | Steven Tyrrell | $1,435.50 | 3.3 | Review, analyze and revise sections of reply in support of joint motion to dismiss; review and analyze draft reply in support of individual motion to dismiss for lack of personal jurisdiction; review and analyze related materials; review recent filings |
|  | 8/08/2022 | Brian Liegel | $1,080.00 | 4.3 | Draft reply in support of motion to dismiss |
| D | 8/08/2022 | Leah Saiontz | $756.00 | 3.1 | Draft reply in support of motion to dismiss; correspondence re: same |
| B | 8/09/2022 | Steven Tyrrell | $1,435.50 | 2.7 | Review and revise draft reply in support of individual motion to dismiss for lack of personal jurisdiction; review and analyze related materials; review recent filings; miscellaneous communications re: same |
| D | 8/09/2022 | Leah Saiontz | $756.00 | 2.8 | Draft response to reply re: personal jurisdiction; correspondence re: same |
| B | 8/10/2022 | Steven Tyrrell | $1,435.50 | 3.4 | Review and revise joint reply in support of motion to dismiss; review and revise reply in support of motion to dismiss on personal jurisdiction grounds; review and analyze related materials; miscellaneous communications, including Zoom conference with all defense counsel, re: same and related matters; review recent filings |
| D | 8/10/2022 | Leah Saiontz | $756.00 | 1.7 | Draft response to reply re: personal jurisdiction; correspondence re: same |
| B | 8/11/2022 | Steven Tyrrell | $1,435.50 | 2.6 | Review and provide final comments and edits for joint reply in support of motion to dismiss; review revise reply in support of motion to dismiss on personal jurisdiction grounds; review and analyze related materials; miscellaneous communications re: same and related matters; review recent filings |
|  | 8/11/2022 | Brian Liegel | $1,080.00 | 1.2 | Revise briefs on reply on motion to dismiss |
|  | 8/11/2022 | Leah Saiontz | $756.00 | 1.1 | Finalize and file motion to dismiss |
|  | 8/12/2022 | Steven Tyrrell | $1,435.50 | .6 | Review recent filings |
|  | 8/15/2022 | Steven Tyrrell | $1,435.50 | .5 | Review recent filings; misc. Communications re: same |
|  | 8/16/2022 | Steven Tyrrell | $1,435.50 | .4 | Review recent filings |
|  | 8/17/2022 | Steven Tyrrell | $1,435.50 | .3 | Review recent filings |
|  | 8/18/2022 | Steven Tyrrell | $1,435.50 | .5 | Review recent filings |
|  | 9/01/2022 | Steven Tyrrell | $1,435.50 | .2 | Review recent filings |
|  | 9/06/2022 | Steven Tyrrell | $1,435.50 | .2 | Review recent filings |
|  | 9/07/2022 | Steven Tyrrell | $1,435.50 | .2 | Review recent filings |

| | Date | Name | Rate | Hours | Description |
|---|---|---|---|---|---|
| | 9/08/2022 | Steven Tyrrell | $1,435.50 | .6 | Review recent filings; Miscellaneous communications, including with client, regarding order granting motion to dismiss |
| B | 9/09/2022 | Steven Tyrrell | $1,435.50 | 1.8 | Review order granting motions to dismiss; review and revise draft summary of order and next steps for client; Communications re: same; Communications with joint defense group regarding potential motion for sanctions |
| | 9/09/2022 | Brian Liegel | $1,080.00 | 1.9 | Analyze court ruling and draft summary of same and appeal prospects |
| | 9/09/2022 | Leah Saiontz | $882.00 | .9 | Analyze court ruling and draft summary of same |
| | 9/12/2022 | Steven Tyrrell | $1,435.50 | .6 | Miscellaneous communications, including with joint defense group, regarding potential motion for sanctions; review and analyze related materials |
| | 9/13/2022 | Steven Tyrrell | $1,435.50 | 1.0 | Miscellaneous communications, including with joint defense group, regarding potential motion for sanctions; review and analyze related materials |
| | 9/13/2022 | Brian Liegel | $1,080.00 | .6 | Participate in group discussion re sanctions motion |
| | 9/14/2022 | Leah Saiontz | $882.00 | 1.4 | draft insert for sanctions motion |
| | 9/16/2022 | Steven Tyrrell | $1,435.50 | .4 | Communications regarding potential motion for sanctions |
| | 9/20/2022 | Leah Saiontz | $882.00 | .8 | Draft insert for sanctions motion |
| B | 9/21/2022 | Steven Tyrrell | $1,435.50 | 1.7 | Review draft motion for sanctions; communications re: same; review and analyze related materials |
| | 9/21/2022 | Brian Liegel | $1,080.00 | .9 | Revise sanctions motion |
| | 9/23/2022 | Steven Tyrrell | $1,435.50 | .8 | Review and analyze revised draft motion for sanctions; communications, including with client, re: same. |
| | 9/28/2022 | Steven Tyrrell | $1,435.50 | .7 | Communications with counsel for other defendants regarding sanctions motions; review and analyze revised draft motion and related materials |
| | 9/28/2022 | Brian Liegel | $1,080.00 | .4 | Participate in conversation with joint defense group re sanctions |
| | 9/29/2022 | Leah Saiontz | $882.00 | 4.8 | Draft declaration in support of fee request |
| D | 9/30/2022 | Brian Liegel | $1,080.00 | 2.4 | Draft declaration in support of fee request and confer with S. Tyrrell re: same; revise motion for sanctions |

# EXHIBIT C



-----Original Message-----
From: do_not_reply@psc.uscourts.gov <do_not_reply@psc.uscourts.gov>
Sent: Tuesday, April 26, 2022 12:44 PM
To: Merlin, Ann <Ann.Merlin@weil.com>
Subject: Pay.gov Payment Confirmation: FLORIDA SOUTHERN DISTRICT COURT

Your payment has been successfully processed and the details are below. If you have any questions or you wish to cancel this payment, please contact: Financial Section at 305-523-5050.

    Account Number: 4283419
    Court: FLORIDA SOUTHERN DISTRICT COURT
    Amount: $200.00
    Tracking Id: AFLSDC-15589786
    Approval Code: 145485
    Card Number: ************▮▮
    Date/Time: 04/26/2022 12:43:29 ET

    NOTE: This is an automated message. Please do not reply

# EXHIBIT D

ID:                54613.0004                                      PROFORMA #   12690315
CLIENT:         RODNEY JOFFE                                                    BILL #
MATTER:        TRUMP CIVIL RICO CASE

**ITEMIZED DISBURSEMENTS- 54613.0004 - TRUMP CIVIL RICO CASE**

**NAME**

| **DATE** | **DESCRIPTION** | **DISB TYPE** | **DISB ID#** | **AMOUNT** |
|---|---|---|---|---|
| 09/20/22 | Saiontz, Leah | S061 | 41137121 | $552.29 |
|  | ELECTRONIC RESEARCH | | | |
|  | NY LEXIS - SAIONTZ, LEAH 08/05/2022 ACCOUNT 424YN6CXS | | | |
| 09/23/22 | Muller, Michael | S061 | 41151218 | $39.00 |
|  | ELECTRONIC RESEARCH | | | |
|  | PACER USAGE REPORT - NEW YORK OFFICE - AUGUST 2022 | | | |
| 09/26/22 | Merlin, Ann | S061 | 41139782 | $13.04 |
|  | ELECTRONIC RESEARCH | | | |
|  | MIAMI WESTLAW - MERLIN,ANN 08/08/2022 TRANSACTIONS: 15 | | | |

                                        **TOTAL DISBURSEMENTS**                    **$604.33**

# Objection Breakdown - Joffe

| Entry No. | Page # | Block | Duplicative | Excessive | Vague | Total |
|-----------|--------|-------|-------------|-----------|-------|-------|
| 1 | 23 | $387.00 | | | | |
| 2 | 23 | $1,080.00 | | | | |
| 3 | 23 | | $756.00 | | | |
| 4 | 23 | | $756.00 | | | |
| 5 | 23 | | $756.00 | | | |
| 6 | 24 | | $756.00 | | | |
| 7 | 24 | | | $756.00 | | |
| 8 | 24 | | | $756.00 | | |
| 9 | 24 | | $1,080.00 | | | |
| 10 | 24 | $1,435.50 | | | | |
| 11 | 24 | $1,435.50 | | | | |
| 12 | 24 | | $756.00 | | | |
| 13 | 24 | | | | $1,435.50 | |
| 14 | 24 | | $1,080.00 | | | |
| 15 | 24 | | $756.00 | | | |
| 16 | 24 | $1,435.50 | | | | |
| 17 | 24 | | $1,080.00 | | | |
| 18 | 24 | | $756.00 | | | |
| 19 | 25 | $1,435.50 | | | | |
| 20 | 25 | | $756.00 | | | |
| 21 | 25 | $1,435.50 | | | | |
| 22 | 25 | $1,435.50 | | | | |
| 23 | 25 | $1,435.50 | | | | |
| 24 | 26 | $1,435.50 | | | | |
| 25 | 26 | $1,435.50 | | | | |
| 26 | 26 | $1,435.50 | | | | |
| 27 | 26 | $1,435.50 | | | | |
| 28 | 26 | | | | $1,435.50 | |
| 29 | 27 | $1,435.50 | | | | |
| 30 | 27 | $1,435.50 | | | | |
| 31 | 27 | | $756.00 | | | |
| 32 | 27 | $1,435.50 | | | | |
| 33 | 27 | | $756.00 | | | |
| 34 | 27 | $1,435.50 | | | | |
| 35 | 27 | | $756.00 | | | |
| 36 | 27 | $1,435.50 | | | | |
| 37 | 28 | $143.50 | | | | |
| 38 | 28 | $1,435.50 | | | | |
| 39 | 28 | | $1,080.00 | | | |
| **Total** | | **$26,014.00** | **$12,636.00** | **$1,512.00** | **$2,871.00** | **$43,033.00** |

**Fees incured from Complaint to initial MTD**

| TimeKeeper | Hours | Fees |
|---|---|---|
| Steven A. Tyrrell | 15.9 | $22,824.45 |
| Edward Soto | 1 | $1,435.50 |
| Brian Liegel | 27.3 | $29,484.00 |
| Leah Sainontz | 33.8 | $25,553.00 |
| Ann Merlin | 6.3 | $2,438.10 |
| **Total** | | **$81,735.05** |

**ncured initial MTD to dismissal**

| TimeKeeper | Hours | Fees |
|---|---|---|
| Steven A. Tyrrell | 53.4 | $76,655.70 |
| Edward Soto | 0.5 | $717.50 |
| Brian Liegel | 16.4 | $17,712.00 |
| Leah Sainontz | 30.5 | $23,058.00 |
| Ann Merlin | 1.1 | $425.70 |
| **Total** | | **$118,568.90** |

**cured to date on sactions motion**

| TimeKeeper | Hours | Fees |
|---|---|---|
| Steven A. Tyrrell | 8.2 | $11,771.10 |
| Brian Liegel | 6.2 | $6,696.00 |
| Leah Sainontz | 7.9 | $6,967.80 |
| **Total** | | **$25,434.90** |

| | |
|---|---|
| **Total Fees Incurred** | $225,738.85 |
| **Total Objections** | $43,033.00 |
| **New Fees Incurred =** | $182,705.85 |

| | |
|---|---|
| **Exhibit B:** | $172,260.00 |
| **Exhibit D:** | $604.33 |
| **Total Fees Incurred =** | $172,864.33 |
| **Total Objections** | $43,033.00 |
| **New Fees Incurred =** | **$129,831.33** |

Discrepancy in the reporting of Fees Incurred. Charts A, B, and C found on pages 3 and 4 which summarize fees associated with three different phases of the case show **$52,874** higher total fees than displayed in Exhibits B & D, which display a "true and correct copy of the hours worked by counsel for Joffe"

# EXHIBIT 12

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Donald J. Trump,

            Plaintiff,

    v.

Hillary R. Clinton *et al.*,

            Defendants.

Civil Action No. 2:22-14102-DMM

**DECLARATION OF ENJOLIQUÉ A. LETT IN SUPPORT OF
DEFENDANTS' MOTION FOR SANCTIONS AND FEES**

I, Enjoliqué A. Lett, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that

the following is true and correct:

1.    I am a shareholder at Greenberg Traurig, P.A., counsel of record for Orbis Business

Intelligence Ltd. in the above captioned matter.

2.    Attached as Exhibit A are the law firm website biographies of the attorneys at

Greenberg Traurig, P.A. for whom Orbis Business Intelligence Ltd. seeks attorneys' fees. The

biographies reflect the professional qualifications of those attorneys.

3.    Greenberg Traurig, P.A. entered into a retention agreement with Orbis Business

Intelligence, Ltd. in connection with the present litigation. Orbis Business Intelligence Ltd. agreed

to pay all of Greenberg Traurig, P.A.'s costs, fees, and expenses incurred in connection with the

present suit.

4.    Attached as Exhibit B is a true and correct copy of the hours worked by counsel for

Orbis Business Intelligence Ltd. Orbis Business Intelligence Ltd. is not seeking reimbursement

for the attorneys' customary hourly rates described in Paragraph 3. Instead, Orbis Business

Intelligence Ltd. seeks fees at discounted hourly rate for the attorneys as described in Exhibit B

and below. These discounted hourly rates are consistent with the rates this Court concluded were

reasonable in *Celsius Holdings, Inc v. A SHOC Beverage, LLC*, No. 21-cv-80740, 2022 WL 3568042 (July 19, 2022). Exhibit B also provides an accurate statement of the work provided by Greenberg Traurig, P.A. during the periods for which discounted fees are sought.

5.     Consistent with the discussion in the Memorandum in Support of Sanctions and the information provided in Exhibit B, I summarize below in Charts B and C the fees associated with two different phases of the case as applicable to Orbis Business Intelligence Ltd.: the fees incurred between the filing of Orbis Business Intelligence Ltd.'s motion to dismiss to the Court's order dismissing the suit, and the fees incurred to date in connection with the motion for sanctions.

6.     As reflected in Chart B, the discounted fees incurred by Orbis Business Intelligence Ltd. from the filing of Orbis Business Intelligence Ltd.'s motion to dismiss to this Court's dismissal of the suit total $40,675.

7.     As reflected in Chart C, the discounted fees incurred by Orbis Business Intelligence Ltd. in connection with the motion for sanctions, to date, total $6490.

### Chart A: Fees incurred from Complaint to initial MTD[1]

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Enjoliqué A. Lett | $700 | 0 | $0 |
| Akiesha G. Sainvil | $450 | 0 | $0 |

---

[1] Defendant Orbis Business Intelligence Ltd. was not purportedly served with process until after Plaintiff's filing of his Amended Complaint, therefore Defendant Orbis Business Intelligence Ltd. filed its Motion to Dismiss as to Plaintiff's Amended Complaint. Accordingly, Defendant Orbis Business Intelligence Ltd. did not incur any fees from the original Complaint to co-defendants' initial Motions to Dismiss.

**Chart B: Fees incurred initial MTD to dismissal**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Enjoliqué A. Lett | $700 | 23.2 | $16,240 |
| Akiesha G. Sainvil | $450 | 54.3 | $24,435 |

**Chart C: Fees incurred to date on sanctions motion**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Enjoliqué A. Lett | $700 | 7.3 | $5,110 |
| Akiesha G. Sainvil | $450 | 1.2 | $540 |

8.     I believe that the discounted rates claimed are reasonable given the professional qualifications of the billers as evidenced in Exhibit A for the Southern District of Florida market and given the rates approved by this Court in *Celsius*.

9.     Consistent with local Rule 7.3, counsel sent the motion papers and exhibits to Plaintiff's counsel on [DATE].  [FILL IN RESULT OF CONFERRAL].

      /s/ *Enjoliqué A. Lett*
      Enjoliqué A. Lett

# EXHIBIT

# "A"

**GT** GreenbergTraurig



# Enjoliqué Aytch Lett

SHAREHOLDER

Enjolique.Lett@gtlaw.com

**MIAMI**
333 SE 2nd Avenue
Suite 4400
Miami, FL 33131
+1 305.579.0640

in https://www.linkedin.com/in/enjoliqu%C3%A9-lett-0364641/

**Litigation | Products Liability & Mass Torts | Pharmaceutical, Medical Device & Health Care Litigation | Commercial Litigation | Pharmaceutical, Medical Device & Health Care**

Enjoliqué Aytch Lett leads bet-the-company litigation on behalf of drug and medical device manufacturers. She has worked as lead counsel in all aspects of mass tort and multi-district litigation, and has substantial experience and background defending high-profile clients in complex commercial litigation.

Enjoliqué is passionate about service and devotes her time and efforts to professional organizations and to the community as a whole. She serves as Pro Bono Chair for the South Florida Chapter of the Federal Bar Association and the DRI Products Liability Committee, and mentors students at the University of Miami and Florida International University. She also mentors a former prisoner returning to society through a partnership with the Southern District of Florida's Court Assisted Reentry (C.A.R.E.) Program.

## Concentrations

- Litigation
- Products liability
- Pharmaceutical, medical device, and health care litigation
- Medical malpractice
- Commercial litigation

## Experience

**Representative Matters**

- Won dismissal of lawsuit alleging civil RICO conspiracy and respondeat superior/vicarious liability claims filed by former U.S. President on behalf of British intelligence agency. *See* Law360, Trump's RICO Suit Against Clinton Dismissed As 'Manifesto'; Law.com, Judge Trashes Trump's RICO Lawsuit Against Hillary Clinton, Perkins Coie.
- Represents manufacturer of Chinese drywall in mass tort actions in the state and federal courts of Florida.

**GT** GreenbergTraurig

- Lead defense counsel for a hernia mesh medical device manufacturer in a high-profile MDL centralized in the District of New Hampshire against claims of strict product liability, negligence, breach of warranty, and other causes of action.°

- Lead a 20+ lawyer team representing a hernia mesh manufacturer in related state mass tort actions alleging strict product liability, negligence, breach of warranty, and other causes of action.°

- Represented sportswear giant, Under Armour, against a declaration judgment action where opponent attempted to show that its trademarks did not infringe on Under Armour's trademarks, and seeking the cancellation of Under Armour registered trademarks; prosecuted Under Armour's claims for trademark infringement, trademark dilution, unfair compensation, and cybersquatting under the Lanham Act, 15 U.S.C. § 1051, et seq.°

*°The above representations were handled by Ms. Lett prior to her joining Greenberg Traurig, P.A.*

---

## Recognition & Leadership

### Awards & Accolades

- Listed, *Florida Trend* magazine, "Legal Elite – Commercial Litigation," 2022
  - "Up and Comer," 2022
- Team Member, a *Law360* "Product Liability Practice Group of the Year," 2021
- Listed, *Legal 500 United States,* 2021-2022
  - Dispute Resolution - Product Liability, Mass Tort and Class Action - Defense: Pharmaceuticals and Medical Devices, 2021-2022
  - Dispute Resolution - Product Liability, Mass Tort and Class Action - Defense: Consumer Products (Including Tobacco), 2021
- Listed, The National Black Lawyers, "Top 40 Under 40," 2015-2020
- Listed, Cystic Fibrosis Foundation, "40 Under 40 Outstanding Lawyers of South Florida," 2018
- Listed, *Super Lawyers* magazine, *Florida Super Lawyers,* "Rising Stars," 2019-2021
- Recognized, *Daily Business Review*, Professional Excellence Awards, "Young Lawyer on the Rise," 2017
- Listed, *Legacy Miami* magazine, "Miami-Dade County's 40 Under 40 Black Leaders of Today and Tomorrow," 2014
- Listed, *Super Lawyers* magazine, *Georgia Super Lawyers, "Rising Stars," 2011*

### Professional & Community Involvement

- Member, Editorial Board, *The Atlanta Lawyer*, 2010-2016
- Member, The Atlanta Bar Association, 2007-2016
- Chair, DRI Product Liability Diversity Committee, 2016-2019
  - Chair, DRI Product Liability Philanthropic Activities, 2019-Present
- Board Member, Federal Bar Association, South Florida Chapter, 2016-Present
  - Chair, Pro Bono Committee, Federal Bar Association, South Florida Chapter, 2016-Present
- Member, Gate City Bar Association, 2007-2016
- Member, Georgia Association for Women Lawyers (GAWL), 2007-2014

**GT** GreenbergTraurig

- Member, Georgia Association of Black Women Attorneys (GABWA), 2004-Present
- Member, The Lawyers' Committee for Civil Rights Under Law's Election Protection, 2008-2012
- Miami City Lead, Leadership Council on Legal Diversity, 2018-Present
  - Fellow, Leadership Council on Legal Diversity, 2017
- Member, Wilkie D. Ferguson, Jr. Bar Association, 2012-Present
- Young Lawyers Division Leadership Academy, State Bar of Georgia, 2010

## Credentials

### Education

- J.D., *cum laude*, University of Georgia School of Law, 2007
  - Editor-in-Chief, *Georgia Journal of International & Comparative Law*
  - Regional Best Brief, Frederick Douglass Moot Court Competition
- B.A., American University, 2003

### Clerkship

- Hon. Marcia G. Cooke, U.S. District Court for the Southern District of Florida, 2012-2014

### Admissions

- Florida
- Georgia
- U.S. District Court for the Northern District of Florida
- U.S. District Court for the Middle District of Florida
- U.S. District Court for the Southern District of Florida
- U.S. District Court for the Northern District of Georgia
- U.S. District Court for the Middle District of Georgia

## News, Insights & Presentations

### News

| | |
|---|---|
| 09.09.22 | Read the Doc: Judge Trashes Trump's RICO Lawsuit Against Hillary Clinton, Perkins Coie, *National Law Journal* |
| 09.09.22 | Trump Vows to Appeal Dismissal of RICO Lawsuit Against Hillary Clinton, Perkins Coie, *National Law Journal* |
| 09.09.22 | Trump's RICO Suit Against Clinton Dismissed As 'Manifesto', *Law360 Pulse* |
| 04.21.21 | Greenberg Traurig Hires Holland & Knight Litigator Amid Miami Expansion, *Daily Business Review* |
| 01.11.21 | Greenberg Traurig Sees Fast Growth in Products Liability Practice, *Daily Business Review* |
| 11.20.20 | Akerman Mass Tort Litigator Jumps to Greenberg Traurig, *Daily Business Review* |

**GT** GreenbergTraurig

## Insights

| | |
|---|---|
| 05.27.21 | Diversity, Equity, and Inclusion in Law Firms and Corporate Legal Departments, *Diversity Insider* | Published Article |
| 05.21.21 | Businesses Must Prepare to Defend Against Covid-19 Lawsuits Despite Shields, *Bloomberg Law Daily Labor Report* | Published Article |

## Presentations

| | |
|---|---|
| 10.30.22 | Product Liability in the 21st Century, International Bar Association (IBA) Annual Conference |
| 06.17.22 | Speaker, Opening Remarks- AS/COA Women's Hemispheric Network Forum – Miami 2022, AS/COA Women's Hemispheric Network Forum – Miami |
| 03.11.22 | Panelist, 6th Annual Miami Law Class Action & Complex Litigation Forum |
| 09.21.18 | MDL – To Centralize or Not to Centralize, That is the Question, Trial Network, Minneapolis Products Liability SuperCourse |

GT | GreenbergTraurig



# Akiesha Gilcrist Sainvil

ASSOCIATE

Akiesha.Sainvil@gtlaw.com

**MIAMI**
333 SE 2nd Avenue
Suite 4400
Miami, FL 33131
+1 305.579.0642

## Litigation | Pharmaceutical, Medical Device & Health Care Litigation | Products Liability & Mass Torts | Pharmaceutical, Medical Device & Health Care

Akiesha Gilcrist Sainvil focuses her practice on defending medical device, pharmaceutical, and consumer products manufacturers in high-stakes complex products liability and mass torts litigation. She handles and manages all aspects of litigation, ranging from pre-suit matters through trial, and onwards through appeal. Akiesha understands that there are often nationwide or global business implications for clients in all litigation and works to strategically align her representation of clients with those needs.

Akiesha brings a broad range of industry experience to her practice, having also defended major retailers, automotive and transportation companies, financial and health care institutions, and insurance providers in complex commercial litigation matters throughout the country in federal and state courts (including appellate courts) and in arbitration. Akiesha also clerked for Judge D. Michael Fisher of the United States Court of Appeals for the Third Circuit. In drawing upon this experience, she is able to quickly adapt to ever-changing business needs and develop creative litigation strategies.

Akiesha is also active in her community. She devotes herself to the advancement and promotion of diversity in the legal profession through her service as a mentor and advocate for young and aspiring lawyers. She currently serves as Miami City Lead for the Leadership Council on Legal Diversity's Success in Law School Mentoring Program. She also devotes time to pro bono efforts and actively supports the Miami Children's Museum.

## Concentrations

- Pharmaceutical, medical device, and health care litigation
- Products Liability
- Multidistrict litigation
- Class and mass action litigation

## Experience

**Representative Matters**

- Won dismissal of lawsuit alleging civil RICO conspiracy and respondeat superior/vicarious liability claims filed by former U.S. President on behalf of British intelligence agency. *See* Law360, Trump's RICO Suit

**GT** GreenbergTraurig

Against Clinton Dismissed As 'Manifesto'; Law.com, Judge Trashes Trump's RICO Lawsuit Against Hillary Clinton, Perkins Coie.

- Argued and won dismissal of a breach of warranty claim on behalf of medical device manufacturer of flush devices in state court product liability lawsuit.

- Key member of trial team that obtained a complete defense verdict following a two-week trial in July 2021 in a multimillion-dollar action involving cardiovascular intravascular device against our client, a medical device manufacturer of numerous life-saving devices and products.

- Represent manufacturer of flush medical devices against wrongful death suit involving product liability claims in state court.

- Defend medical device manufacturer of vascular devices against product liability claims in federal courts across the country.

- Served as National Coordinating Counsel for Fortune 50 Transportation Company.°

- Represented and defended manufacturers of various products, including HVAC systems, fire extinguishers, engines, and pharmaceutical drugs, against product liability actions in state and federal courts around the country.°

- Obtained summary judgment on behalf of a multinational retailing corporation in contract dispute in federal court.°

- Obtained dismissal on behalf of international banking and financial services institution in vehicle repossession class action in federal court.°

  *°The above representations were handled by Akiesha Gilcrist Sainvil prior to her joining Greenberg Traurig, P.A.*

## Internships

- Judicial Intern, Honorable David S. Cercone, U.S. District Court for the Western District of Pennsylvania

- Certified Legal Intern, Immigration Clinic, University of Pittsburgh School of Law

## Recognition & Leadership

### Awards & Accolades

- Listed, "*The Best Lawyers in America: Ones to Watch*," 2021-2023
  - Product Liability Litigation - Defendants, 2023
  - Mass Tort Litigation / Class Actions - Defendants, 2023
  - Commercial Litigation, 2021-2023
  - Alternative Dispute Resolution, 2021-2023
- Recognized, The National Black Lawyers, "Top 40 Under 40" Attorney in Florida, 2020-2022
- Recognized, *Daily Business Review*, Florida Legal Awards, "Diversity & Inclusion Honoree," 2022
- Listed, *Super Lawyers* magazine, *Florida Super Lawyers*, "Rising Stars," 2021-2022
- Team Member, a *Law360* "Product Liability Practice Group of the Year," 2021
- Recognized, Palm Beach Media Group's *Aventura Magazine*, "Top Lawyer," 2021-2022
- Recognized, *Legacy* Magazine, "40 Under 40: Black Leaders of Today and Tomorrow," 2020
- Selected, Leadership Council on Legal Diversity Program, "Pathfinder," 2017

**GT** GreenbergTraurig

## Professional & Community Involvement

- Leadership Council on Legal Diversity (LCLD)
  - City Lead - Miami, Success in Law School Mentoring Program, 2020–Present
  - City Lead – Miami, Alumni Group, 2020
  - LCLD Pathfinder Program Participant, 2017
- The Florida Bar
  - Member, Diversity & Inclusion Committee, 2022-2023
  - Fellow, Wm. Reece Smith, Jr. (WRS) Leadership Academy, Class IX, 2021-2022
- Dade County Bar Association
  - Member, Diversity & Inclusion Committee
  - Member, Federal Court Committee
- Playmakers Young Professionals Support Group, Miami Children's Museum, 2019–Present
- Federal Bar Association
  - Member, South Florida Chapter
  - Member, Young Lawyers Division
- Museum Ambassadors, Children's Museum of Pittsburgh
- Alumna, International Association of Defense Counsel Trial Academy, 2016
- Allegheny County Bar Association
  - Council Member, Homer S. Brown Division, 2014–2017
  - Diversity Committee Co-Chair, Young Lawyer's Division, 2014–2015

## Credentials

### Education

- J.D., University of Pittsburgh School of Law, 2013
  - Senior Topics Editor, *Law Review*
- B.A., *cum laude*, University of Pittsburgh, 2010

### Admissions

- Florida
- Pennsylvania
- U.S. District Court for the Northern District of Florida
- U.S. District Court for the Southern District of Florida
- U.S. District Court for the Middle District of Florida
- U.S. District Court for the Eastern District of Pennsylvania
- U.S. District Court for the Western District of Pennsylvania
- U.S. Court of Appeals for the Third Circuit

GT GreenbergTraurig

### Clerkship

- Hon. D. Michael Fisher, U.S. Court of Appeals for
  the Third Circuit, 2013-2014

## News, Insights & Presentations

### News

| | |
|---|---|
| 09.09.22 | Read the Doc: Judge Trashes Trump's RICO Lawsuit Against Hillary Clinton, Perkins Coie, *National Law Journal* |
| 09.09.22 | Trump Vows to Appeal Dismissal of RICO Lawsuit Against Hillary Clinton, Perkins Coie, *National Law Journal* |
| 09.09.22 | Trump's RICO Suit Against Clinton Dismissed As 'Manifesto', *Law360 Pulse* |
| 06.22.22 | The Florida Bar Wm. Reece Smith, Jr., Leadership Academy, Class IX, Year in Review, *Florida Bar News* |
| 05.16.22 | Diversity: DEI Needs Attention At All Times, 'Not Just When People Are Watching,' Says Greenberg's Akiesha Sainvil, *Daily Business Review* |
| 11.20.20 | Akerman Mass Tort Litigator Jumps to Greenberg Traurig, *Daily Business Review* |

### Insights

| | |
|---|---|
| 01.18.22 | 5 Trends to Watch in 2022 Pharmaceutical, Medical Device & Health Care Litigation | Published Article |
| 05.27.21 | Diversity, Equity, and Inclusion in Law Firms and Corporate Legal Departments, *Diversity Insider* | Published Article |
| 05.21.21 | Businesses Must Prepare to Defend Against Covid-19 Lawsuits Despite Shields, *Bloomberg Law Daily Labor Report* | Published Article |
| 01.01.13 | Undocumented Immigrants: Lack of Equal Protection and Its Impact on Public Health, *Journal of Legal Medicine* | Published Article |

### Presentations

| | |
|---|---|
| 05.19.22 | Honoree, Diversity and Inclusion: Individual, Daily Business Review (DBR) - Florida Legal Awards 2022 |

# EXHIBIT

# "B"

 GreenbergTraurig

|  |  |  |
|---|---|---|
| Invoice No. | : | 1000083200 |
| File No. | : | 210459.010100 |
| Bill Date | : | September 14, 2022 |

Orbis Business Intelligence

## IN OICE

Re:   Orbis/Trump v. Clinton

Legal Services through August 31, 2022:

Total Fees:          $

**Current In oice**:    _____

EAL:EC

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, Florida 33131
Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

Page 1

| | |
|---|---|
| Invoice No.: | 1000083200 |
| Re: | Orbis/Trump v. Clinton |
| Matter No.: | 210459.010100 |

## Description of Professional Services Rendered:

| | DATE | TIME EEPER | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|---|---|
| | 08/01/22 | Enjolique A. Lett | Prepare for and confer with client concerning defense strategy. | 1.00 | |
| | 08/01/22 | Akiesha G. Sainvil | Strategy and introduction call with client concerning status of pending litigation, pertinent facts for motion to dismiss, and action plan for preparation of motion to dismiss | 0.40 | |
| | 08/03/22 | Enjolique A. Lett | Review and analyze service documents to Orbis | 0.20 | |
| | 08/04/22 | Enjolique A. Lett | Correspond with client concerning questions regarding service. | 0.10 | |
| | 08/04/22 | Akiesha G. Sainvil | Analyze status of matter in furtherance of development of strategy for and preparation of motion to dismiss, including review and attention to procedural posture of case based upon previous filings by other parties and reviewing and analyzing amended complaint | 1.80 | |
| | 08/05/22 | Enjolique A. Lett | Contact Plaintiff s counsel to discuss an agreed upon response deadline for Orbis. | 0.10 | |
| | 08/05/22 | Enjolique A. Lett | Further analyze service and waiver issues and correspond with client concerning same. | 0.80 | |
| | 08/08/22 | Enjolique A. Lett | Attempted contact and correspond with Plaintiff s counsel concerning agreed upon deadline for the response to Plaintiff s Amended Complaint. | 0.30 | |
| | 08/09/22 | Enjolique A. Lett | Revise Defendant Orbis Unopposed Motion to Set Response Deadline and Proposed Order. | 0.40 | |
| | 08/09/22 | Enjolique A. Lett | Review Order Granting In Part Defendant Orbis Business Intelligence Ltd. s Motion to Set Response Deadline to Plaintiff s Amended Complaint. | 0.10 | |
| | 08/09/22 | Enjolique A. Lett | Correspond with Plaintiff s counsel securing agreed upon response date. | 0.10 | |
| B | 08/09/22 | Akiesha G. Sainvil | Review correspondence concerning agreed deadline for response to Amended Complaint and drafting, reviewing, and revising unopposed motion and proposed order regarding same  Review and attention to prior pleadings of parties and continued review and analysis of amended complaint and party motions | 2.60 | |
| B | 08/10/22 | Akiesha G. Sainvil | Reviewing and assessing pleadings and attention to motion to dismiss strategy correspondence with client concerning court order regarding motion to dismiss deadline and coordination for preparation of motion and declaration in support | 2.40 | |
| | 08/11/22 | Akiesha G. Sainvil | Reviewing and assessing pleadings and attention to motion to dismiss strategy | 1.60 | |

| | Invoice No.: | 1000083200 |
|---|---|---|
| | Re: | Orbis/Trump v. Clinton |
| | Matter No.: | 210459.010100 |

| | Date | Timekeeper | Description | Hours |
|---|---|---|---|---|
| | | | coordination with client regarding declaration in support | |
| B | 08/12/22 | Akiesha G. Sainvil | Drafting, reviewing, and revising motion to dismiss  Reviewing and analyzing case law in support of arguments for motion to dismiss  Reviewing and assessing pleadings in furtherance of preparation of facts for motion to dismiss and declaration in support | 5.60 |
| B | 08/13/22 | Akiesha G. Sainvil | Drafting, reviewing, and revising motion to dismiss  reviewing and analyzing case law in support of arguments for motion to dismiss  continue reviewing and assessing pleadings in furtherance of preparation of motion to dismiss and declaration in support | 2.90 |
| B | 08/14/22 | Akiesha G. Sainvil | Drafting, reviewing, and revising declaration in support of motion to dismiss  Drafting, reviewing, and revising motion to dismiss  Reviewing and analyzing case law in support of arguments for motion to dismiss  Reviewing and assessing case pleadings in furtherance of preparation of motion to dismiss and declaration in support  Attention to local rules and procedure to ensure conformity in preparation for finalization and filing | 4.30 |
| | 08/15/22 | Enjolique A. Lett | Revise Motion to Dismiss. | 1.10 |
| | 08/15/22 | Enjolique A. Lett | Revise Declaration in support of the Motion to Dismiss. | 0.30 |
| | 08/15/22 | Akiesha G. Sainvil | Prepare for and attend meeting with client concerning status of motion to dismiss and declaration in support  Drafting, reviewing, and revising motion to dismiss and declaration in support | 4.70 |
| | 08/16/22 | Enjolique A. Lett | Multiple revisions of the Declaration of Chris Burrows in Support of Motion to Dismiss for Insufficiency of Service of Process and Lack of Personal Jurisdiction. | 1.30 |
| | 08/16/22 | Enjolique A. Lett | Review correspondence from client concerning details of attempted service on Orbis. | 0.10 |
| | 08/16/22 | Enjolique A. Lett | Draft Orbis Business Intelligence LTD s Corporate Disclosure Statement. | 0.40 |
| B | 08/16/22 | Akiesha G. Sainvil | Attention to, including drafting, reviewing, and revising, motion to dismiss, disclosure statement, and exhibits to motion to dismiss  Correspondence with client regarding service of process issue | 5.40 |
| | 08/17/22 | Enjolique A. Lett | Multiple revisions of Orbis Motion to Dismiss Plaintiff s Amended Complaint. | 4.00 |
| | 08/17/22 | Enjolique A. Lett | Research correct process and service of process under The Hague Convention. | 0.60 |
| B | 08/17/22 | Akiesha G. Sainvil | Correspondence with client concerning declaration in support of the motion to dismiss  Review and attention to motion to dismiss, including cite checks, proofreading, and finalizing document in preparation for transmittal to client | 3.70 |
| | 08/18/22 | Enjolique A. Lett | Revise and finalize the Orbis Business Intelligence Ltd. s Motion to Dismiss. | 0.90 |

Page 3

Invoice No.:    1000083200
Re:             Orbis/Trump v. Clinton
Matter No.:     210459.010100

| | | | | |
|---|---|---|---|---|
| | 08/18/22 | Enjolique A. Lett | Revise and finalize the Corporate Disclosure Statement for Orbis Business Intelligence Ltd. | 0.20 |
| B | 08/18/22 | Akiesha G. Sainvil | Finalizing motion to dismiss, corporate disclosure statement, and exhibits to motion to dismiss in preparation for filing Correspondence with client concerning filings | 3.80 |
| | 08/19/22 | Enjolique A. Lett | Review and respond to correspondence from the client. | 0.30 |

Total Time:  51.50
Total Fees:        $



Invoice No. :  1000095573
File No.     :  210459.010100
Bill Date    :  October 3, 2022

Orbis Business Intelligence

# IN  OICE

Re:   Orbis/Trump v. Clinton

Legal Services through October 3, 2022:

Total Fees:          $

**Current In oice**:          _____

EAL:EC

Invoice No.:   1000095573                                            Page 1
Re:                Orbis/Trump v. Clinton
Matter No.:    210459.010100

---

Description of Professional Services Rendered:

| | DATE | TIME EEPER | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|---|---|
| | 09/02/22 | Enjolique A. Lett | Review and analyze Plaintiff's Response in Opposition to Defendant Orbis Motion to Dismiss and related exhibits, and correspond with Attorney Sainvil concerning strategy for reply. | 0.90 | |
| B | 09/02/22 | Akiesha G. Sainvil | Reviewing and assessing pleadings, blocking out strategy for Reply in Support of Motion to Dismiss, and preparing email to client summarizing pleadings and setting forth strategy for Reply Brief | 1.40 | |
| | 09/06/22 | Enjolique A. Lett | Confer with Attorney Sainvil concerning arguments to address in the Reply Brief in Support of Orbis Business Intelligence s Motion to Dismiss. | 0.40 | |
| | 09/06/22 | Enjolique A. Lett | Review case law regarding RICO's Nationwide Service-of-Process Rule conferring personal jurisdiction when the defendant is not served in the United States in preparation for Orbis Business Intelligence s Reply in Support of Its Motion to Dismiss. | 0.60 | |
| B, E | 09/06/22 | Akiesha G. Sainvil | Drafting, reviewing, and revising Reply in Support of Motion to Dismiss, including attention to Plaintiff's response brief and assessing case law essential to reply brief arguments | 10.90 | |
| | 09/07/22 | Enjolique A. Lett | Draft and revise Orbis Business Intelligence s Reply in Support of the Motion to Dismiss. | 5.30 | |
| D, E, B | 09/07/22 | Akiesha G. Sainvil | Drafting, reviewing, and revising Reply in Support of Motion to Dismiss, including attention to Plaintiff's response brief and assessing case law essential to reply brief arguments | 2.80 | |
| | 09/08/22 | Enjolique A. Lett | Review and analyze Order Granting Defendants Motions to Dismiss and draft correspondence to client concerning same. | 3.40 | |
| | 09/08/22 | Enjolique A. Lett | Revise and finalize Orbis Business Intelligence s Reply in Support of the Motion to Dismiss. | 0.30 | |
| | 09/12/22 | Enjolique A. Lett | Confer with co-defendants' counsel concerning potential sanctions against Plaintiff. | 0.30 | |
| | 09/12/22 | Enjolique A. Lett | Review decision of this Court imposing §1927 sanctions and a transcript of an interview of Plaintiff's counsel, Alina Habba in preparation for joint defense call on possible sanctions motions. | 0.60 | |
| | 09/13/22 | Enjolique A. Lett | Attend joint defense meeting concerning potential sanctions motions in the Trump v. Clinton case. | 0.70 | |

Invoice No.:   1000095573                                                    Page 2
Re:            Orbis/Trump v. Clinton
Matter No.:    210459.010100

| 09/13/22 | Enjolique A. Lett | Draft correspondence to client summarizing joint defense meeting and plan of action concerning potential sanctions motions. | 1.20 |
|----------|-------------------|------|------|
| 09/13/22 | Akiesha G. Sainvil | Prepare for and attend joint defense call concerning motion for sanctions. | 0.60 |
| 09/21/22 | Enjolique A. Lett | Review initial draft of Defendants Joint Motion for Sanctions. | 1.90 |
| 09/22/22 | Enjolique A. Lett | Correspond with counsel for co-defendants concerning the Defendants Joint Motion for Sanctions. | 0.30 |
| 09/27/22 | Akiesha G. Sainvil | Reviewing and assessing motion for sanctions and coordinated strategy regarding same among defendants | 0.40 |
| 09/28/22 | Akiesha G. Sainvil | Attend joint defense call regarding sanctions motion and preparation of notes regarding same | 0.20 |
| 09/30/22 | Enjolique A. Lett | Review and revise final draft of Defendants Joint Motion for Sanctions. | 1.00 |
| 09/30/22 | Enjolique A. Lett | Begin preparation of Declaration in Support of Defendants Motion for Sanctions and Fees. | 1.70 |

|  |  | Total Time: | 34.90 |
|--|--|-------------|-------|
|  |  | Total Fees: | $ |

21

# Objection Breakdown - Orbis

| Entry No. | Page # | Block | Duplicative | Excessive | Vague | Total |
|-----------|--------|-------------|-------------|-----------|-------|-------------|
| 1 | 16 | $1,170.00 | | | | |
| 2 | 16 | $1,080.00 | | | | |
| 3 | 17 | $2,520.00 | | | | |
| 4 | 17 | $1,305.00 | | | | |
| 5 | 17 | $1,935.00 | | | | |
| 6 | 17 | $2,430.00 | | | | |
| 7 | 17 | $1,665.00 | | | | |
| 8 | 18 | $90.00 | | | | |
| 9 | 20 | $630.00 | | | | |
| 10 | 20 | $4,905.00 | | | | |
| 11 | 20 | $1,260.00 | | | | |
| **Total** | | **$18,990.00** | **$0.00** | **$0.00** | **$0.00** | **$18,990.00** |

**Fees incured from Complaint to initial MTD**

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Enjolique A. Lett | $700/ hour | 0 | $0.00 |
| Akiesha G. Sainvil | $450/ hour | 0 | $0.00 |
| **Total** | | | **$0.00** |

**Fees incured initial MTD to dismissal**

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Enjolique A. Lett | $700/ hour | 23.2 | $16,240.00 |
| Akiesha G. Sainvil | $450/ hour | 54.3 | $24,435.00 |
| **Total** | | | **$40,675.00** |

**Fees incured to date on sactions motion**

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Enjolique A. Lett | $700/ hour | 7.3 | $5,110.00 |
| Akiesha G. Sainvil | $450/ hour | 1.2 | $540.00 |
| **Total** | | | **$5,650.00** |

| | |
|---|---|
| **Total Fees Incurred** | $46,325.00 |
| **Total Objections** | $18,990.00 |
| **New Fees Incurred =** | $27,335.00 |

| | |
|---|---|
| **Exhibit B:** | $46,605.00 |
| **Total Fees Incurred =** | **$46,605.00** |
| **Total Objections** | $18,990.00 |
| **New Fees Incurred =** | **$27,615.00** |

Discrepancy in the reporting of Fees Incurred. Charts A, B, and C found on pages 2 and 3 which summarize fees associated with three different phases of the case show $280 lower total fees than displayed in Exhibits B & D, which display a "true and correct copy of the hours worked by counsel for Orbis."

23

## 287

Hillary Clinton's, HFACC, Inc.'s, John Podesta's, Robert Mook's, DNC's, DNC Services Corporation's, Debbie Wasserman Schultz's, Charles Halliday Dolan, Jr.'s, Fusion GPS's, Glenn Simpson's, Peter Fritsch's, Nellie Ohr's, Bruce Ohr's, Igor Danchenko's, Rodney Joffe's, Neustar Security Services's, Neustar Inc.'s, and Orbis Business Intelligence Ltd.'s Reply in Support of Motion for Sanctions (Nov. 21, 2022)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Donald J. Trump,

               Plaintiff,

     v.

Hillary R. Clinton, *et al.*,

               Defendants.

Civil Action No. 2:22-14102-DMM

**HILLARY CLINTON'S, HFACC, INC.'S, JOHN PODESTA'S, ROBERT MOOK'S, DNC'S, DNC SERVICES CORPORATION'S, DEBBIE WASSERMAN SCHULTZ'S, CHARLES HALLIDAY DOLAN, JR.'S, FUSION GPS'S, GLENN SIMPSON'S, PETER FRITSCH'S, NELLIE OHR'S, BRUCE OHR'S, IGOR DANCHENKO'S, RODNEY JOFFE'S, NEUSTAR SECURITY SERVICES'S, NEUSTAR INC.'S, AND ORBIS BUSINESS INTELLIGENCE LTD.'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS**

## TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................1

ARGUMENT ...............................................................................................................1

I.        SANCTIONS ARE APPROPRIATE. ...............................................................1

          A.       Sanctions Are Warranted Under Section 1927. ...................................1

                   1.       Plaintiff's counsel engaged in unreasonable and vexatious conduct. ..........1

                   2.       Plaintiff's counsel multiplied the proceedings. ...........................5

                   3.       The Court should award sanctions under Section 1927 for the fees associated with the Amended Complaint and sanctions motion .................6

          B.       Sanctions Are Warranted Under the Court's Inherent Power. ...............7

          C.       Sanctions Are warranted Under the Defend Trade Secrets Act. ............9

II.       DEFENDANTS' FEES ARE APPROPRIATE AND WELL SUPPORTED. ..................10

CONCLUSION ..........................................................................................................10

# TABLE OF AUTHORITIES

<u>Page(s)</u>

## CASES

*Celsius Holdings, Inc. v. A SHOC Beverage, LLC*,
   2022 WL 3568042 (S.D. Fla. July 19, 2022)...........................................................................10

*Donald J. Trump for President, Inc. v. CNN Broad., Inc.*,
   500 F. Supp. 3d 1349 (N.D. Ga. 2020) ......................................................................................8

*Donald J. Trump for President, Inc. v. N.Y. Times Co.*,
   No. 152099/2020, 2021 WL 938979 (N.Y. Sup. Ct. Mar. 09, 2021) ........................................8

*Franklin v. Hartford Life Ins. Co.*, 2010 WL 916682 (M.D. Fla. Mar. 10, 2010).........................10

*Gray v. Lockheed Aero. Sys.*, 125 F.3d 1387 (11th Cir. 1997) ......................................................10

*Harvey v. Cable News Network, Inc.*, 48 F.4th 257 (4th Cir. 2022)..................................................6

*Jackson v. Bank of America*, 898 F.3d 1348 (11th Cir. 2018) .....................................................3, 4

*Jenkins v. Tatem*, 795 F.2d 112 (D.C. Cir. 1986) ............................................................................9

*Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369 (M.D. Fla. 2010)..................................10

*Lacayo v. Puerta de Palmas Condo. Ass'n Inc.*, 842 F. App'x 378 (11th Cir. 2021) ....................6

*Malautea v. Suzuki Motor Co.*, 987 F.2d 1536 (11th Cir. 1993) .....................................................9

*Nollner v. S. Baptist Convention, Inc.*, 628 F. App'x 944 (6th Cir. 2015) ......................................5

*Peer v. Lewis*, 606 F.3d 1306 (11th Cir. 2010)................................................................................7

*Reynolds v. Roberts*, 207 F.3d 1288 (11th Cir. 2000).....................................................................7

*Riddle v. Egensperger*, 266 F.3d 542 (6th Cir. 2001)......................................................................6

*Trump v. James*, 2022 WL 1718951 (N.D.N.Y. May 27, 2022) ......................................................8

*Trump v. Twitter Inc.*, 2022 WL 1443233 (N.D. Cal. May 6, 2022)................................................8

## STATUTES

18 U.S.C. § 1836................................................................................................................................9

28 U.S.C. § 1927.....................................................................................................................1, 4, 6, 7

ii

**TABLE OF AUTHORITIES**
(continued)

Page(s)

**OTHER CITATIONS**

Erik Larson, *Trump Used CNN Lawsuit To Raise Money*, Bloomberg (Oct. 4, 2022),
https://tinyurl.com/3keruass ....................................................................................8

## INTRODUCTION

Plaintiff begins his brief opposing sanctions by asserting that sanctions are a "drastic remedy."  But drastic remedies are warranted in cases of drastic wrongs.  Here, Plaintiff and his counsel pursued a sprawling and costly suit for millions of dollars against dozens of Defendants.  Plaintiff's two complaints were from the start entirely unfounded on both fact and law.  Many of the allegations were contradicted by documents Plaintiff himself cited, or by readily available and judicially noticeable sources, including Plaintiff's own tweets.  Separately, Plaintiff's legal theories were fundamentally flawed or foreclosed by binding precedent.  Indeed, every one of Plaintiff's claims was facially deficient in multiple independent respects, as outlined thoroughly in this Court's September 8, 2022 order dismissing the suit with prejudice.

Plaintiff sought, and was given, the opportunity to cure the deficiencies in his initial complaint.  Instead, he compounded them, and clung to these defective theories in opposing another round of motions.  Counsel's conduct in pursuing these claims was objectively unreasonable.  Moreover, the pervasive flaws and provocative rhetoric indicate that the suit was pursued to harass Plaintiff's perceived enemies—and thus, for an improper purpose and in bad faith.  This is a strategy Plaintiff has used in the past, and continues to pursue.

Sanctions are plainly warranted here.

## ARGUMENT

### I.     SANCTIONS ARE APPROPRIATE.

#### A.     Sanctions Are Warranted Under Section 1927.

##### 1.     Plaintiff's counsel engaged in unreasonable and vexatious conduct.

In evaluating whether counsel engaged in unreasonable and vexatious conduct, the question is whether counsel was objectively reckless, comparing counsel's conduct with that of a reasonable attorney.  DE 280 ("Sanctions Mot.") at 4–5.

a.  Plaintiff's counsel did not behave reasonably in bringing and continuing to press this case.  Reasonable attorneys carefully investigate the bases for their suit and file claims (1) supported by well-pleaded factual allegations that (2) add up to cognizable legal causes of action. Whatever the allegations may be, a reasonable attorney must confirm they fit within a cognizable legal claim.  And, even in the presence of a slam-dunk legal theory, a reasonable attorney must investigate their allegations to confirm they have a good-faith basis in fact and plausibly establish the necessary elements.  In several places in the sprawling Complaint and Amended Complaint, Plaintiff's counsel failed to do one of these; often, they failed to do *both*.

Plaintiff's counsel argues that "Plaintiff's lawsuit had a sound legal basis," DE 285 ("Sanctions Opp'n") at 4, or that they cannot be sanctioned "merely for making reasonable arguments for interpreting the law," *id.* at 3.  But their opposition to sanctions is notable for what it omits—they respond to only a handful of issues, but ignore many other indefensible gaps in the factual and legal underpinning of the suit.  For example, Plaintiff offers no defense of the fact that his counts for "Agency" or "Respondeat Superior" were foreclosed by binding Florida precedent. DE 226 ("MTD") at 29–30.  He never defends his decision to bring a "malicious prosecution" claim despite never being prosecuted.  MTD at 23–25.  He offers no justification for his allegations that Defendants provoked the Crossfire Hurricane investigation, despite citing documents to the contrary.  MTD at 24.  He never explains how his allegations of unspecified lost business opportunities comply with the most basic pleading requirements, nor how his suspension from Twitter could be the result of Hillary Clinton's "misinformation campaign," when Twitter's own statement is to the contrary.  MTD at 18.

What Plaintiff does defend, he does so incompletely.  To take only the first example: Plaintiff defends (at 4–5) his decision to seek equitable or statutory tolling of the statute of

limitations, based on an interpretation of case law that the Court has already rejected.  Moreover, he is completely silent as to his *other* timeliness arguments, which were at odds with facts and law—and therefore never should have been advanced.  Indeed, Plaintiff argued for tolling due to "fraudulent concealment," and claimed Defendants "prevented Plaintiff from discovering his RICO cause of action."  DE 237 ("MTD Opp'n") at 13.  Plaintiff's own contemporaneous statements contradict this assertion.  Plaintiff also argued for delayed accrual under the "discovery rule."  MTD Opp'n 14–16.  But his own allegations contradicted the statements he advanced in support of delayed discovery, and contravened binding precedent.  DE 250 ("MTD Reply") at 6.

After more cherry-picked examples, Plaintiff (at 8) incorporates by reference the arguments in his Opposition to the Motion to Dismiss—arguments already considered and rejected by this Court.  Defendants therefore similarly incorporate the Court's dismissal order, and their motion and reply, which catalog the defects in Plaintiff's claims.  *See* DE 226, DE 250, DE 267.

b. Plaintiff argues (at 8) that it was "irrelevant" that the 193-page, 819-paragraph Amended Complaint was a shotgun pleading because there was never a repleading order.  But Plaintiff's authorities are beside the point, because this Court did not dismiss the Amended Complaint because it was a shotgun pleading—it dismissed on the merits, evaluating each of the fatally deficient claims.  Moreover, Plaintiff was on notice from both rounds of motions to dismiss his pleadings were shotgun filings forbidden under well-settled law.  *See* DE 160 at 7 n.8; MTD at 46–47.  Here, that the form of the pleading falls so far from what a reasonable attorney would have done plainly supports sanctions under the first element of Section 1927, and illustrates how the Amended Complaint "multiplied the proceedings" under the second.

*Jackson v. Bank of America* is instructive, though not for the reasons Plaintiff hopes.  There, the Eleventh Circuit found it significant that "after being put on notice by Defendants of the

specific defects in their complaint, the [Plaintiff] filed an amended complaint afflicted with the same defects." 898 F.3d 1348, 1358–59 (11th Cir. 2018). It concluded that the plaintiff should have been on notice that Circuit precedent forbade shotgun pleadings, and issued an order to show cause as to why the plaintiff should not pay fees for his "frivolous" appeal. *Id.* at 1360.

c. Plaintiff next (at 8–10) argues that he did not misstate facts in citing documents in the Amended Complaint. To take his first example, he asserts (at 8–9) that it was fair to allege in the Amended Complaint that the "scheme was conceived, coordinated and carried out by top level officials at the Clinton Campaigns and the DNC—including 'the candidate' herself"—because the IG Report found that "'the candidate' was aware of Steele's reporting." Plaintiff now claims the footnote is read as a citation *only* to the language "the candidate." No reasonable reader would understand the footnote to be that limited, given Plaintiff's extraordinary factual allegations. And the assertion that Clinton was supposedly "aware" of Steele's reporting is far from a finding that she personally "conceived, coordinated, and carried out" a "scheme" to smear Trump. The IG Report simply does not support the allegations as written.

Nor does Plaintiff's excuse for this single citation to the IG Report address the glaring issue with his entire suit, which is premised on the allegation that Defendants were responsible for the Crossfire Hurricane investigation. DE 177 ("Am. Compl.") ¶ 3. The IG Report—cited in the Amended Complaint's *very first footnote*—conclusively refutes the core of Plaintiff's claims, finding that the FBI opened the investigation "for an authorized purpose" and "with adequate factual predication" that had nothing to do with Defendants or the Steele Dossier. IG Rpt. at 346–47. Plaintiff's own incorporated documents undercut his claim—further supporting sanctions under Section 1927. Sanctions Mot. at 7–8.

Indeed, Plaintiff's excuse here is emblematic of the problem with this suit as a whole, and why sanctions are warranted. The statement that "the candidate" was "aware" is transmuted into an allegation that she "conceived, coordinated, and carried out" a "scheme." Am. Compl. ¶ 3. That leads to unsupported allegations of *all* Defendants' liability for more than 24 million dollars for orchestrating a "false narrative . . . so outrageous, subversive and incendiary that even the events of Watergate pale in comparison," *id.* ¶ 1. This is not careful and fact-based lawyering, particularly when paired with legal theories that are poor—indeed, impossible—fits for the facts.

### 2.   Plaintiff's counsel multiplied the proceedings.

Plaintiff argues (at 11) that filing the Amended Complaint did not multiply the proceedings because "amending the Complaint, was *expressly authorized* by the Court." Plaintiff wholly misses the point: the opportunity to amend was not permission to file another meritless pleading. To the contrary, the pleading obligations of Plaintiff and his counsel—that the pleading be presented for a proper purpose and include only those legal contentions that were warranted by existing law or a nonfrivolous argument for extension, and only those factual contentions that have an evidentiary basis—remained unchanged. *See* DE 111 (granting leave to amend "in the interest of allowing Plaintiff to cure any deficiencies").

In Plaintiff's view, leave to amend should be a get-out-of-sanctions-free card regardless of the substance of the amended pleading. But the Court's leave was not carte blanche to amend as he did by "fail[ing] to cure any of the deficiencies" but "add[ing] eighty new pages of largely irrelevant allegations." DE 267 ("Opinion") at 63–64. Reasonable attorneys would have evaluated the law and the facts to determine whether the deficiencies were fixable and, realizing that they were not, concluded amendment was not appropriate.

Neither of the two cases that Plaintiff cites holds that courts cannot impose sanctions based on the filing of an amended complaint with leave of court. One case, *Nollner v. Southern Baptist*

*Convention, Inc.*, 628 F. App'x 944 (6th Cir. 2015), actually *affirmed* a sanctions award.  It declined to impose sanctions based on the amended complaint, but awarded sanctions under Section 1927 based on the Plaintiff's subsequent opposition to dismissing that pleading.  That same rationale—sanctioning not the filing, but the defense of the deficient pleading—supports sanctions here.  Plaintiff's second case, *Harvey v. Cable News Network, Inc.*, 48 F.4th 257, 280 (4th Cir. 2022), was fact-specific, and concluded that the filing of the amended complaint in that case did not evidence bad faith.  It never suggested a categorical bar on sanctions on these facts.

Indeed, contrary to Plaintiff's argument, the Eleventh Circuit *has* imposed Section 1927 sanctions based on an amended complaint, filed with the leave of court, that continued to pursue meritless theories and failed to fix glaring deficiencies.  *See Lacayo v. Puerta de Palmas Condo. Ass'n*, 842 F. App'x 378, 383 (11th Cir. 2021) (per curiam).  The same result is warranted here.

**3.  The Court should award sanctions under Section 1927 for the fees associated with the Amended Complaint and sanctions motion.**

Plaintiff next argues (at 12) that the requested sanctions have no nexus to the "gratuitous" costs Defendants incurred, because Defendants supposedly failed to "mitigate their damages."  On the contrary, the costs were required to respond to the even lengthier Amended Complaint.  Indeed, to *minimize* their costs on the second round of briefing, Defendants reasonably and efficiently shared efforts and filed a joint motion to dismiss, rather than filing individual motions.

Although the Court's invitation to readopt the prior motions "if they so choose" was well-taken, Defendants exercised their reasonable discretion to carefully reevaluate the Amended Complaint—which had *grown by eighty pages*—and to ensure a consolidated motion to dismiss could completely address any new allegations and legal theories.  Plaintiff's case, *Riddle v. Egensperger*, 266 F.3d 542, 556 (6th Cir. 2001), is not to the contrary.  There, the defendants

pursued extensive document discovery and dozens of depositions.  Here, Defendants did what they were required by the rules to do, and no more:  file well-briefed motions to dismiss and replies.

Plaintiff can hardly sue dozens of Defendants for tens of millions of dollars and the threat of treble damages, publicize the suit on the national stage, file an Amended Complaint that is 185 pages and 819 paragraphs in length, and then complain when Defendants put in the time and effort to conduct the careful legal and factual analysis that Plaintiff had not.  Indeed, because most of the moving Defendants took substantial reductions to their hourly rates based on this Court's lodestar rate, moving Defendants will still shoulder significant costs even if their motion is granted in full.

Plaintiff (at 13–14) requests an evidentiary hearing "[t]o the extent necessary," and in support purports to quote from *Reynolds v. Roberts*, 207 F.3d 1288, 1302 (11th Cir. 2000):  "an attorney threatened with sanctions under § 1927 is entitled to a hearing."  The supposed quote from *Reynolds* is nowhere found in that decision, which states only that "[c]ounsel subject to section 1927 sanctions *are entitled to be heard regarding the matter*," *id.* at 1302 (emphasis added).  The *Reynolds* court remanded for entry of an order to show cause, and noted that "[t]he court's show cause order may instruct the defendant to file a response; depending on what the defendant says in his response, a hearing may be unnecessary."  *Id.* at 1298 n.19.  Here, Plaintiff has had a full opportunity to be heard, and an evidentiary hearing would be both unnecessary and burdensome.

### B.      Sanctions Are Warranted Under the Court's Inherent Power.

Here, there is ample evidence for the Court to conclude that Plaintiff himself pursued this case in bad faith or for an improper purpose, and therefore that the entire costs of the defense— from initial filing to dismissal—should be taxed against him personally.  Sanctions Mot. at 12–13, 16–17.  "[P]ursuing a frivolous claim for 'primarily political' purposes" constitutes sufficient bad faith to warrant sanctions under the court's inherent power.  *Peer v. Lewis*, 606 F.3d 1306, 1316 (11th Cir. 2010) (remanding for determination of sanctions).

Plaintiff asserts (at 14) there is no evidence of bad faith.  But as explained in the Motion, the deficiencies in the Complaint and Amended Complaint support that conclusion, as do the sweeping rhetorical attacks found in those pleadings.  Sanctions Mot. at 13.  Counsel's statements to media, too, are relevant because they underscore that this suit is primarily about scoring political points, not obtaining legal redress under any cognizable theory of legal harm.  *Id.* at 14–15.

Indeed, Plaintiff largely ignores Defendants' argument that the suit was brought for an improper purpose.  Plaintiff is a serial litigant who has brought several previous, dismissed lawsuits against his perceived foes.  *See Trump v. James*, 2022 WL 1718951, at *1 (N.D.N.Y. May 27, 2022) (dismissing claims); *Trump v. Twitter Inc.*, 2022 WL 1443233, at *1 (N.D. Cal. May 6, 2022) (same).[1]  Notably, Plaintiff's lawsuit against Twitter alleged that "Democrat legislators" pressured Twitter to "censor the Plaintiff" and that Twitter "permanently banned [Trump] for exercising his constitutional right of free speech."  *Trump v. Twitter*, DE 1 (Compl.), at ¶¶ 6, 48, 3:21-cv-08378 (S.D. Fla.) (July 7, 2021).  This is inconsistent with his allegation in this case that his removal from Twitter was due to the alleged (different) conspiracy here and "the misinformation campaign waged by Hillary Clinton."  Am. Compl. ¶ 524 n.277.

Moreover, Plaintiff's political use of the courts continues unabated.  On October 3, 2022, after this suit was dismissed, Plaintiff filed a $475 million defamation suit against CNN alleging that CNN defamed him for the "purpose of defeating him politically."  *Trump v. Cable News Network*, DE 1 (Compl.) at ¶ 1, 22-cv-61842 (S.D. Fla.) (Oct. 3, 2022).  The next day, he exhorted supporters to donate money to support the suit.[2]

---

[1] This is in addition to similar suits brought by Plaintiff's campaign.  *See Donald J. Trump for President, Inc. v. N.Y. Times Co.*, No. 152099/2020, 2021 WL 938979, at *2 (N.Y. Sup. Ct. Mar. 09, 2021) (dismissing claims); *Donald J. Trump for President, Inc. v. CNN Broad., Inc.*, 500 F. Supp. 3d 1349, 1352 (N.D. Ga. 2020) (same).

[2] *See* Erik Larson, *Trump Used CNN Lawsuit To Raise Money*, Bloomberg (Oct. 4, 2022), https://tinyurl.com/3keruass.

Contrary to Plaintiff's suggestion that there is "no support" for a finding of bad faith, counsel's comments confirm that this suit was part of a political strategy to strike back at perceived opponents. Inherent power sanctions against a party are appropriate to "deter other litigants from engaging in similar activity." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1546 (11th Cir. 1993). Moreover, courts possess "the inherent power to enforce the standards of professional conduct and respect for the adjudicative process that it requires of its practitioners," including the "fundamental" precept that "the court's process be invoked only for a proper purpose." *Jenkins v. Tatem*, 795 F.2d 112, 114 (D.C. Cir. 1986).

### C.   Sanctions Are Warranted Under the Defend Trade Secrets Act.

Here, the same conduct that warrants sanctions under other sources of authority warrants sanctions to the DTSA Defendants under 18 U.S.C. § 1836. Sanctions Mot. at 17–19. Plaintiff argues (at 16) that none of the DTSA Defendants "identified which portion of their attorneys' fees were specifically accrued" in opposing the DTSA claim. But the statute contains no such requirement, and speaks only of awarding "reasonable" attorneys' fees when a claim is made in bad faith. It does not limit the award *only* to the fees incurred in responding to that particular claim, nor does Plaintiff cite any authority to that effect. Indeed, the DTSA claim was an alleged predicate for Plaintiff's RICO claim, so occupied a central place in his defective legal theories.

Plaintiff also argues (at 16) that Joffe is not a "prevailing party" entitled to collect fees because he was dismissed on jurisdictional grounds. But Plaintiff confuses subject matter jurisdiction and personal jurisdiction. The Court did *not* hold it lacked subject matter jurisdiction over the complaint, and it could accordingly enter a dismissal on the merits. It did so, analyzing the 12(b)(6) issues as to all defendants, including Joffe, and rejecting the RICO and DTSA claims regarding DNS information. The Court expressly dismissed with prejudice under 12(b)(6)—on the merits—as to all non-federal defendants. Joffe is a prevailing party under the statute.

## II.   DEFENDANTS' FEES ARE APPROPRIATE AND WELL SUPPORTED.

Plaintiff offers no evidence to dispute Defendants' declarations or hourly rates.  If the Court imposes sanctions, Plaintiff offers *no* objection to $621,043.83 of Defendants' requested fees.[3]  He argues (at 16–18) that certain other time entries are block billing, unreasonable, or redundant. These assertions are conclusory and unsupported.  The time entries here are akin to those found sufficient in *Celsius Holdings, Inc. v. A SHOC Beverage, LLC*, 2022 WL 3568042 (S.D. Fla. July 19, 2022).   And just as in *Celsius*, the fees many Defendants seek have been substantially discounted, which "further supports their reasonableness." *Id.* at *4 n.4.

Plaintiff admits (at 17) that the Court has significant discretion as to any supposed "block billing," which is only impermissible if it renders the description of the work inadequate.  *See Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1379 (M.D. Fla. 2010).  When tasks are "intertwined," "the mere fact that an attorney includes more than one task in a single billing entry is not, in itself, evidence of block-billing," and may "clarif[y], rather than obscure[], the record." *Franklin v. Hartford Life Ins. Co.*, 2010 WL 916682, at *3 (M.D. Fla. Mar. 10, 2010).

Plaintiff's "[g]eneralized statements" that some time entries are excessive or redundant "are not particularly helpful and not entitled to much weight."  *Gray v. Lockheed Aero. Sys.*, 125 F.3d 1387, 1389 (11th Cir. 1997) (citation omitted).  Here, the time counsel spent was necessary due to the complexity of the pleading and the deficiencies in Plaintiff's claims.

### CONCLUSION

Defendants respectfully request that this Court impose sanctions against Plaintiff and his counsel for attorneys' fees and costs, and award any other relief the Court finds just.

---

[3] While Plaintiff points to purported discrepancies in certain of the Defendants' fee requests, see DE 285-1 at 1–4, his calculations are incorrect, fail to include costs, or ignore changes to certain draft declarations made after the parties' meet and confer.  The supporting documentation makes each request's basis clear, but Defendants can furnish any clarifications the Court deems necessary.

November 21, 2022                                    Respectfully submitted,


/s/ David Oscar Markus                              /s/ David E. Kendall
David Oscar Markus                                  David E. Kendall (pro hac vice)
MARKUS/MOSS PLLC                                    Katherine M. Turner (pro hac vice)
40 NW 3rd Street, PH 1                              Michael J. Mestitz (pro hac vice)
Miami, FL 33128                                     WILLIAMS & CONNOLLY LLP
Tel:  (305) 379-6667                                680 Maine Avenue, S.W.
                                                    Washington, DC 20024
                                                    Tel:  (202) 434-5000
                                                    Fax:  (202) 434-5029
                                                    dkendall@wc.com

*Attorneys for Defendant Hillary Rodham Clinton*


/s/ Robert P. Trout
Robert P. Trout (pro hac vice)
Paola Pinto (Florida Bar Number 1013933)
SCHERTLER ONORATO MEAD & SEARS
555 13th Street, N.W.
Suite 500 West
Washington, D.C. 20004
Phone:  (202) 628-4155
rtrout@schertlerlaw.com
ppinto@schertlerlaw.com

*Attorneys for Defendants HFACC, Inc. and John Podesta*


/s/ Gerald Edward Greenberg                         /s/ Roberta A. Kaplan
Gerald Edward Greenberg                             Roberta A. Kaplan (pro hac vice)
GELBER SCHACHTER & GREENBERG PA                     Shawn G. Crowley (pro hac vice)
One Southeast Third Avenue                          Maximillian L. Feldman (pro hac vice)
Suite 2600                                          KAPLAN HECKER & FINK LLP
Miami, FL 33131-1715                                350 Fifth Avenue, 63rd Floor
(305) 728-0950                                      New York, NY 10118
ggreenberg@gsgpa.com                                212.763.0883
                                                    rkaplan@kaplanhecker.com
                                                    scrowley@kaplanhecker.com
                                                    mfeldman@kaplanhecker.com


*Attorneys for Defendants Democratic National Committee, DNC Services Corporation, and
Debbie Wasserman Schultz*


11

/s/ Jonathan Edward Levine
Jonathan Edward Levine (FBN 937711)
Levine & Associates, PLLC
5311 Lee Highway
Arlington, VA 22207
Tel. (703) 525-2669

/s/ George R.A. Doumar
George R.A. Doumar (pro hac vice)
Mahdavi, Bacon, Halfhill & Young PLLC
11350 Random Hills Road, Suite 700
Fairfax, VA 22030
Tel. (703) 352-1300

*Attorneys for Charles Halliday Dolan, Jr.*

/s/ Andrew J. Ceresney
DEBEVOISE & PLIMPTON LLP
Andrew J. Ceresney (pro hac vice)
Wendy B. Reilly (pro hac vice)
Isabela M. Garcez (pro hac vice)
919 Third Avenue
New York, NY 10022
Tel:  (212) 909-6000
aceresney@debevoise.com
wbreilly@debevoise.com
imgarcez@debevoise.com

/s/ William R. Barzee
William R. Barzee (Florida Bar No. 158720)
BARZEE FLORES
Courthouse Center, Penthouse One
40 NW Third Street
Miami, FL 33128
Tel:  (305) 374–3998
williambarzee@barzeeflores.com

*Attorneys for Defendant Robert E. Mook*

/s/ Adam S. Fels
Adam S. Fels
FRIDMAN FELS & SOTO PLLC
2525 Ponce de Leon Blvd., Suite 750
Coral Gables, FL 33134
Tel:  305-569-7701
afels@ffslawfirm.com

/s/ Joshua A. Levy
Joshua A. Levy (pro hac vice)
Rachel Clattenburg (pro hac vice)
Kevin P. Crenny (pro hac vice)
LEVY FIRESTONE MUSE LLP
900 17th St. NW, Suite 1200
Washington, D.C. 20006
Tel:  202-845-3215
Fax:  202-595-8253
jal@levyfirestone.com
rmc@levyfirestone.com
kcrenny@levyfirestone.com

*Attorneys for Defendants Fusion GPS, Peter Fritsch, and Glenn Simpson*

/s/ Joshua Berman
Joshua Berman
CLIFFORD CHANCE US LLP
2011 K Street, NW
Washington, D.C.  20006
Tel. (202) 912-5000
Fax (202) 912-6000
Joshua.Berman@CliffordChance.com


/s/ Benjamin Peacock
Benjamin Peacock
CLIFFORD CHANCE US LLP
New York, New York 10019
Tel. (212) 878-8000
Fax (212) 878-8375
Benjamin.Peacock@CliffordChance.com

/s/ Adam Fels
Adam Fels (Florida Bar No. 0114917)
FRIDMAN FELS & SOTO, PLLC
2525 Ponce de Leon Blvd., Suite 750
Coral Gables, FL  33134
Tel. (305) 569-7701
Afels@ffslawfirm.com

*Attorneys for Bruce Ohr and Nellie Ohr*


/s/ Franklin Monsour Jr.
Franklin Monsour Jr. (pro hac vice)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
Tel:  (212) 506-3512
Fax:  (212) 506-5151
fmonsour@orrick.com

/s/ Diana Marie Fassbender
Diana Marie Fassbender (Fla Bar ID #17095)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street N.W.
Washington, DC  20005-1706
Tel:  (202) 339-88533
Fax:  (202) 339-8500
dszego@orrick.com

*Attorneys for Igor Danchenko*


/s/ Samantha L. Southall
Samantha L. Southall (pro hac vice)
Pennsylvania Bar No. 80709
BUCHANAN INGERSOLL & ROONEY PC
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
Tel:  (215) 665 8700
Fax (215) 667 8760
samantha.southall@bipc.com

/s/ Jennifer Olmedo Rodriguez
Jennifer Olmedo Rodriguez (Florida Bar No. 605158)
BUCHANAN INGERSOLL & ROONEY PC
2 South Biscayne Blvd., Suite 1500
Miami, Florida 33131
Tel:  (305) 347 4080
Fax:  (305) 347 4089
jennifer.olmedo-rodriguez@bipc.com

*Attorneys for Defendant Neustar, Inc.*

/s/ John M. McNichols
John M. McNichols (pro hac vice)
Allison S. Eisen (pro hac vice)
Kathryn E. Garza (pro hac vice)
WILLIAMS & CONNOLLY LLP
680 Maine Ave, S.W.
Washington, D.C. 20024
Telephone:  (202) 434-5000
Fax:  (202) 434-5029
jmcnichols@wc.com

/s/ James E. Gillenwater
James E. Gillenwater (Bar No. 1013518)
GREENBERG TRAURIG P.A.
333 SE 2nd Ave., Suite 4400
Miami, FL 33131
Telephone:  (305) 579-0500
Fax:  (305) 579-0717
gillenwaterj@gtlaw.com

*Attorneys for Neustar Security Services*

/s/ Edward Soto
Edward Soto (FBN 0265144)
WEIL GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, FL 33131
Telephone:  (305) 577-3100
Facsimile:  (305) 374-7159

/s/ Steven A. Tyrrell
Steven A. Tyrrell (pro hac vice)
WEIL GOTSHAL & MANGES LLP
2001 M Street, N.W., Suite 600
Washington, D.C. 20036
Telephone:  (202) 682-7000
Facsimile:  (202) 857-0940

*Attorneys for Rodney Joffe*

/s/ Enjoliqué A. Lett
Enjoliqué A. Lett (FBN 0104881)
GREENBERG TRAURIG P.A.
333 S.E. 2nd Ave., Suite 4400
Miami, FL 33131
Telephone: (305) 579-0500
Fax: (305) 579-0717
enjolique.lett@gtlaw.com

/s/ Akiesha G. Sainvil
Akiesha G. Sainvil (FBN 1003260)
GREENBERG TRAURIG P.A.
333 S.E. 2nd Ave., Suite 4400
Miami, FL 33131
Telephone: (305) 579-0500
Fax: (305) 579-0717
akiesha.sainvil@gtlaw.com

*Attorneys for Orbis Business Intelligence Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of November, 2022, I caused a copy of the foregoing

Defendants' Reply in Support of Motion for Sanctions to be served on all counsel of record via

CM/ECF.  All parties required to be served have been served.


　　　　　　　　　　　　 */s/ David Oscar Markus*　　　　　　
　　　　　　　　　　　　　 David Oscar Markus

292

*Sua Sponte* Order Requiring Corrected Objections to Fees
(Dec. 12, 2022)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-14102-CV-MIDDLEBROOKS

DONALD J. TRUMP,

      Plaintiff,

v.

HILLARY R. CLINTON, et al.,

      Defendants.

_____/

## *SUA SPONTE* ORDER REQUIRING CORRECTED OBJECTIONS TO FEES

THIS CAUSE comes before the Court *sua sponte*. On October 31, 2022, Defendants filed a Joint Motion for Sanctions. (DE 280). On November 14, 2022, Plaintiff filed a Response in Opposition. (DE 285). It appears that Plaintiff relied on an unsigned draft of Defendants' proposed fees. (*See, e.g.,* DE 285-1 at 241 (stating on signature line "draft for circulation")). As a result, there are discrepancies between Defendants' proposed fees (DE 280-2) and the document relied on by Plaintiff. For clarity of the record, I will Order Plaintiff to file corrected objections.

For the forgoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff SHALL FILE Corrected Objections to Defendants' Proposed Fees on or by **December 19, 2022**. This is not an invitation for Plaintiff to raise any new substantive objections. Any new objections should be limited to reconciling the discrepancies from the draft to the final document.

**SIGNED** in chambers at West Palm Beach, Florida this 12 day of December, 2022.

Donald M. Middlebrooks
United States District Judge

cc:    Counsel of record

297

Plaintiff and Plaintiff's Counsel's Corrected Response to Defendants'
Motion for Sanctions Seeking Attorneys' Fees and Costs (Dec. 15, 2022)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 2:22-cv-14102-DMM

DONALD J. TRUMP,

                Plaintiff,

v.

HILLARY R. CLINTON, et al.,

                Defendant.

_____/

**PLAINTIFF AND PLAINTIFF'S COUNSEL'S
CORRECTED RESPONSE TO DEFENDANTS' MOTION
FOR SANCTIONS SEEKING ATTORNEYS' FEES AND COSTS**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES………………………………………………….……..ii

ARGUMENT………………………………………………………………………..1

    I.      SANCTIONS ARE NOT WARRANTED AGAINST PLAINTIFF OR
           PLAINTIFF'S COUNSEL……………………………………………………1

        A.  28 U.S.C. § 1927……………………………………………………………1

            i.     Plaintiff's Counsel did not engage in unreasonable or vexatious
                     Conduct…………………………………………………….……..3

            ii.    The conduct at issue did not "multiply the proceedings"………………..11

            iii.   The amount of the sanctions do not have a financial nexus to any
                     excess proceedings………………………………………………………12

            iv.   To the extent necessary, Plainitff's Counsel request an evidentiary
                     hearing……………………………………………....………………..13

        B.  The Court's Inherent Powers……………………………….……………14

        C.  Defend Trade Secrets Act……………………………………………..15

    II.    THE DEFENDANTS' FEES ARE UNREASONABLE AND IMPROPER………..16

        A.  A Large Portion of the Defendants' Fees Are Block Billing…………………16

        B.  Defendants' Fees are Unreasonable and Excessive………………………...17

        C.  Redundant Hours Should Be Excluded…………………………………17

        D.  Particulars As To The Defendants Invoices……………………………...18

CONCLUSION…………………………………………………………………...18

# TABLE OF AUTHORITIES

## Cases

*ACLU v. Barnes*,
168 F.3d at 423, 428 (11th Cir. 1999) ........................................................................ 17

*Akkasha v. Bloomingdales, Inc.*,
 No. 17-CIV-22376, 2020 WL 6820879, at *2 (S.D. Fla. July 20, 2020) ..................................... 3

*Amlong & Amlong, P.A. v. Denny's, Inc.*,
500 F.3d 1230, 1252 (11th Cir. 2007). ........................................................................ 14

*Blankenship v. Gulf Power Co.*,
551 Fed. App'x 468 (11th Cir. 2013) ........................................................................ 16

*Bridge v. Phoenix Bond & Indemnity Co*,
553 U.S. 639 (2008) ........................................................................................ 7

*Bryant v. Military Dept. of Mississippi*,
597 F.3d 678 (5th Cir. 2010) ................................................................................ 2

*Byrne v. Nezhat*,
261 F.3d 1075 (11th Cir. 2001) .......................................................................... 2, 8

*Clinton v. Jones*,
520 U.S. 681 (1997) ..................................................................................... 4, 5

*Compulife Software Inc. v. Newman*,
959 F.3d 1288 (11th Cir. 2020) ......................................................................... 6,7

*Daniels v. Sodexo, Inc.*
2013 WL 4008744 (M.D. Fla. Aug. 5, 2013) ................................................................ 11

*Digiport, Inc. v. Foram Dev. BFC, LLC*,
314 So.3d 550 (Fla. Dist. Ct. App. 2020) ..................................................................... 6

*Gianelli v. Schoenfeld*,
2021 WL 4690724, at *6 (E.D. Cal. Oct. 7, 2021) ............................................................ 5

*Gust, Inc. v. Alphacap Ventures*, LLC,
905 F.3d 1321 (Fed. Cir. 2018) .............................................................................. 3

*Harvey v Cable News Network, Inc.*,
48 F.4th 257, 280 (4th Cir. 2022) ........................................................................... 12

*Hensley v. Eckerhart*,
461 U.S. 424, 103 S. Ct. 1937, 76 L. Ed. 2d 40 (1983) ................................................... 16

*Hudson v. Int'l Computer Negotiations, Inc.*,
499 F.3d 1252, 1262 (11th Cir. 2007) ........................................................................ 2

*In re Ruben*,
825 F.2d 977 (6th Cir. 1987) ..................................................................................... 1

*Jackson v. Bank of America, NA*,
898 F.3d 1348 (11th Cir. 2018) .................................................................................. 8

*Kreager v. Solomon & Flanagan*,
775 F.2d 1541, 1543 (11th Cir. 1985) ....................................................................... 15

*Kremen v. Cohen*,
337 F.3d 1024 (9th Cir. 2003) ................................................................................... 7

*Leh v. Gen. Petroleum Corp.*,
382 U.S. 54, 59 (1965) ............................................................................................. 5

*LaSalle Nat'l Bank v. First Conn. Holding Group*, LLC,
287 F.3d 279 (3d Cir. 2002) ..................................................................................... 2

*Malautea v. Suzuki Motor Co., Ltd.*,
987 F.2d 1536, 1544 (11th Cir.1993) ........................................................................ 3

*McMahan v. Toto*,
256 F.3d 1120 (11th Cir. 2001) ................................................................................. 3

*Nemesis Veritas, L.P. v. Toto*,
 539 U.S. 914, 123 S.Ct. 2273, 156 L.Ed.2d 129 (2003) ............................................. 3

*Nixon v. Fitzgerald*,
457 U.S. 731 (1982) ................................................................................................. 4

*Norman v. Housing Auth. of Montgomery*,
836 F.2d 1292, 1299 (11th Cir. 1988) ...................................................................... 16

*Nollner v S. Baptist Convention, Inc.*,
628 Fed Appx 944 (6th Cir. 2015) ........................................................................... 11

*Mar. Mgmt., Inc. v. United States*,
242 F.3d 1326, 1333 (11th Cir. 2001) ...................................................................... 15

*McMahan Sec. Co. L.P. v. FB Foods, Inc.*,
2006 WL 2092643 (M.D. Fla. July 27, 2006)) ................................................ 1

*Mid Atlantic Telecom, Inc. v. Long Distance Services, Inc.*,
18 F.3d 260, 264 (4th Cir. 1994) .................................................................. 7

*Peer v. Lewis*,
606 F.3d 1306 (11th Cir. 2010) ................................................................... 2

*Pension Fund Mid Jersey Trucking Industry v. Omni Funding*,
687 F.Supp. 962, 965 (D.N.J., June 28, 1988) ............................................. 5

*Peterson v. BMI Refractories*,
124 F.3d 1386 (11th Cir. 1997) ................................................................... 2

*Pharma Supply, Inc. v. Stein*
2015 WL 11439276 (S.D. Fla. May 27, 2015) ............................................... 1

*Pres. Petrified Forrest v. Renzi*,
2014 WL 530574, at *3-4 (D. Ariz. Feb. 12, 2013) ....................................... 5

*Procter & Gamble Co. v. Amway Corp.*,
242 F.3d 539, 565 (5th Cir. 2001) ............................................................... 7

*Religious Tech. Ctr. v. Liebreich,*
98 Fed.Appx. 979 (5th Cir.2004) ................................................................. 2

*Reynolds v. Roberts,*
207 F.3d 1288, 1302 (11th Cir.2000). .......................................................... 14

*Riddle v. Egensperger*,
266 F3d 542, 556 (6th Cir. 2001) ............................................................. 1, 13

*Roadway Express, Inc. v. Piper*,
447 U.S. 752 (1980) .................................................................................... 1

*Schwartz v. Millon Air, Inc.*,
341 F.3d 1220 (11th Cir 2003) ..................................................................... 3

*State Farm Mut. Auto. Ins. Co. v. Kugler,*
No. 11-80051, 2011 WL 4389915 (S.D. Fla. Sept. 21, 2011) ......................... 4

*Tello v. Dean Witter Reynolds, Inc.*,
410 F.3d 1275 (11th Cir. 2005) ................................................................... 4

*Trump v. Vance*,
140 S.Ct. 2412 (2020) ............................................................................................ 4

*Vibe Micro, Inc. v. Shabanets*,
878 F.3d 1291, 1295 (11th Cir. 2018) ................................................................ 8

*United States v. Ronda*,
455 F.3d 1273 (11th Cir 2006) ............................................................................ 6

*United States v. Lee*,
919 F.3d 340 (6th Cir. 2019) ................................................................................ 6


**<u>Statutes</u>**

28 U.S.C. § 1927 ................................................................................................... 1, 3

15 U.S.C. § 16(i) ...................................................................................................... 5

18 U.S.C. §  1512 ..................................................................................................... 6

The Plaintiff, Donald J. Trump ("Plaintiff") and his undersigned attorneys ("Plaintiffs' Counsel") hereby submit this Response to the Joint Motion for Sanctions filed by Defendants, Hillary Clinton, HFACC, Inc., John Podesta, Robert Mook, DNC, DNC Services Corporation, Debbie Wasserman Schultz, Charles Halliday Dolan, Jr., Fusion GPS, Glenn Simpson, Peter Fritsch, Nellie Ohr, Bruce Ohr, Igor Danchenko, Rodney Joffe, Neustar Security Services, Neustar Inc., and Orbis Business Intelligence Ltd. (hereinafter collectively referred to as "Defendants"), and in support, state as follows:

## ARGUMENT

## I.  SANCTIONS ARE NOT WARRANTED AGAINST PLAINTIFF OR PLAINTIFF'S COUNSEL

The imposition of sanctions is a drastic remedy that "should not be assessed lightly or without fair notice and an opportunity for a hearing on the record." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980). The party requesting sanctions "bears a heavy burden of demonstrating that sanctions are warranted, with all doubts resolved in the non-movant's favor." *Pharma Supply, Inc. v. Stein*, 2015 WL 11439276, at *1 (S.D. Fla. May 27, 2015) (citing *McMahan Sec. Co. L.P. v. FB Foods, Inc.*, 2006 WL 2092643 at *2 (M.D. Fla. July 27, 2006)). Further, in imposing sanctions, "[a] district judge should not await the aggregation of what he considers multiple acts of misconduct and then levy an aggregated sanction without at least warning the attorneys at the time of each act or reserving decision upon timely requests by opposing counsel." *Riddle v. Egensperger*, 266 F.3d 542, 556 (6th Cir. 2001) (citing *In re Ruben,* 825 F.2d 977, 990 (6th Cir. 1987)).

In the instant matter, the Defendants have applied for sanctions against Plaintiff and/or Plaintiff's Counsel pursuant to three separate authorities: (i) 28 U.S.C. § 1927; (ii) the Court's inherent powers; and (iii) the Defend Trade Secrets Act. For the reasons set forth *infra*, there is no basis for awarding sanctions against Plaintiff or Plaintiff's Counsel under any of the three and, therefore, the Defendants' application must be denied.

## A.  28 U.S.C. § 1927

Despite the Defendants' claim to the contrary, Plaintiff's Counsel's conduct throughout course of this litigation does not in any way justify sanctions under 28 U.S.C. § 1927.

Section 1927 provides, in pertinent part, as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

"Unlike Rule 11, which is aimed primarily at pleadings, under section 1927 attorneys are obligated to avoid dilatory tactics throughout the entire litigation." *Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001)); *see also LaSalle Nat'l Bank v. First Conn. Holding Group*, LLC, 287 F.3d 279, 288 (3d Cir. 2002) (stating that sanctions under 28 U.S.C. § 1927 "are intended to deter an attorney from *intentionally* and unnecessarily delaying judicial proceedings.") (emphasis in original)). In other words, Section 1927 is focused on "the *conduct* of the litigation and not on the merits**.**" *Bryant v. Military Dept. of Mississippi*, 597 F.3d 678, 694 (5th Cir. 2010) (citing *Religious Tech. Ctr. v. Liebreich,* 98 Fed.Appx. 979, 983 (5th Cir.2004)) (emphasis added).

In interpreting Section 1927, the Eleventh Circuit has noted that it is "not a 'catch-all' provision for sanctioning objectionable conduct by counsel." *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997). Rather, per the plain language of the statute, there are three essential requirements which must be satisfied to justify a fee award under Section 1927. As the *Peterson* court has explained, those elements are as follows:

> First, the attorney must engage in unreasonable and vexatious conduct. Second, that unreasonable and vexatious conduct must be conduct which multiplies the proceedings. Finally, the dollar amount of the sanctions must bear a financial nexus to the excess proceedings, i.e., the sanction may not exceed the costs, expenses, and attorney's fees reasonably incurred because of such conduct.

As outlined below, none of these elements are met in the instant scenario. First, Plaintiff's Counsel did not engage in "unreasonable and vexatious conduct," since they did not prosecute the underlying proceedings in a frivolous or reckless manner, much less conduct themselves in a manner so egregious that it is "tantamount to bad faith." *See Hudson v. Int'l Computer Negotiations, Inc.*, 499 F.3d 1252, 1262 (11th Cir. 2007)(citation omitted). Second, Plaintiff's Counsel did not "multiply the proceedings" since the conduct at issue—amending the complaint—was undertaken in good faith and, critically, with leave of court. Third, even assuming *arguendo*

that any excess proceedings took place, Defendants have failed to establish a sufficient financial nexus between said proceedings and the exorbitant amount of fees sought by Defendants.

### i.   Plaintiff's Counsel did not engage in unreasonable or vexatious conduct

To impose sanctions under Section 1927, the movant must show that opposing counsel engaged in "unreasonable and vexatious conduct" during the course of litigation. 28 U.S.C. § 1927. For this element to be satisfied, "something more than a lack of merit is required," *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir 2003) (citing *Nemesis Veritas, L.P. v. Toto,* 539 U.S. 914, 123 S.Ct. 2273, 156 L.Ed.2d 129 (2003)), since the statute was designed to sanction attorneys who "willfully abuse the judicial process by conduct tantamount to bad faith," *id.* (citing *Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1544 (11th Cir.1993)). "'Bad faith' is the touchstone . . . Section 1927 is not about mere negligence." *Schwartz*, 341 F.3d at 1225 (citations omitted); *see also McMahan v. Toto*, 256 F.3d 1120, 1129 (11th Cir. 2001) ("Something more than a lack of merit is required for § 1927 sanctions or they would be due in every case.").   A determination of bad faith is warranted where an attorney "knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims." *Schwartz*, 341 F.3d at 1225 (citation omitted).

At the outset, Plaintiff's Counsel maintains that the claims are supported by existing precedent or, at a minimum, present a compelling argument for the extension of existing law. *Secs. Indus. Ass'n v. Clarke*, 898 F.2d 318, 321–22 (2d Cir. 1990), *abrogated on other grounds recognized by Mareno v. Rowe*, 910 F.2d 1043, 1047 (2d Cir. 1990) ("When the applicable law is unsettled, attorneys may not be sanctioned merely for making reasonable arguments for interpreting the law.").

"When assessing the frivolity of a non-prevailing [party's] case, courts 'view the evidence in the light most favorable to [that party].'" *Akkasha v. Bloomingdales, Inc.,* No. 17-CIV-22376, 2020 WL 6820879, at *2 (S.D. Fla. July 20, 2020), *report and recommendation adopted,* No. 17-CIV-22376, 2020 WL 6820878 (S.D. Fla. Sept. 14, 2020) (citation omitted). "[I]n cases where a finding of frivolity has been sustained, the [non-prevailing party] typically failed to introduce any evidence in support of [its] claims." *Id.* at 3. (citation omitted). "When the applicable law is unsettled, attorneys may not be sanctioned merely for making reasonable arguments for interpreting the law. *Gust, Inc. v. Alphacap Ventures*, LLC, 905 F.3d 1321, 1329 (Fed. Cir. 2018) (citing *Secs. Indus. Ass'n v. Clarke*, 898 F.2d 318, 321–22 (2d Cir. 1990), *abrogated on other*

*grounds recognized by Mareno v. Rowe*, 910 F.2d 1043, 1047 (2d Cir. 1990)).

Contrary to the Defendants' contention, Plaintiff's lawsuit has a sound legal basis. In attempting to argue otherwise, the Defendants misstate existing precedent and mischaracterize the positions taken by Plaintiff. As outlined below, these arguments are misguided.

To start, Defendants contention that Plaintiff's claims were barred by the statute of limitations ignores the numerous arguments advanced by Plaintiff in favor of a tolling of the statute of limitations. These arguments were well-founded in the law and, given the discretionary nature of a determination of a court's decision to grant or deny an equitable tolling, it can hardly be said that it "appear[ed] beyond a doubt that Plaintiff[] c[ould] prove no set of facts that toll the statute" at the motion to dismiss stage. *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 n.13 (11th Cir. 2005) (internal quotations omitted); *State Farm Mut. Auto. Ins. Co. v. Kugler,* No. 11-80051, 2011 WL 4389915 at *13 (S.D. Fla. Sept. 21, 2011) (denying motion to dismiss RICO and state law claims, noting "perimeters of [four year] limitations period are appropriately defined by reference to the delayed discovery doctrine. . . and the doctrine of equitable tolling" and refusing to resolve on motion to dismiss).

For instance, Plaintiff's position that he should be granted an equitable tolling of the statute of limitations for the duration of his presidency—which the Defendant acknowledge is a "novel" one—is a compelling argument for the extension of existing law. (DE 250 at 3). This argument is well-reasoned and based in Supreme Court precedent, which has consistently emphasized the all-encompassing nature of the President's position and the need for him to devote his undivided time and attention to fulfilling his duties. *See, e.g., Nixon v. Fitzgerald*, 457 U.S. 731, 749 (1982) (Because of the singular importance of the President's duties, diversion of his energies by concern with private lawsuits would raise unique risks to the effective functioning of government."); *Trump v. Vance*, 140 S.Ct. 2412, 2432 (2020) ("Incidental to the functions confided in Article II is 'the power to perform them[] without obstruction or impediment.'"); *Clinton v. Jones*, 520 U.S. 681, 698 (1997) (noting that the President "occupies a unique office with powers and responsibilities so vast and important that the public interest demands that he devote his undivided time and attention to his public duties."). The Defendants claim that the holding in *Clinton v. Jones* "arrived at the opposite conclusion than that which Plaintiff urges," but this is simply not the case. While it is true that the *Clinton* court found that an automatic stay of all private litigation commenced against a sitting President was not a constitutional imperative under the separation of powers

doctrine, the Court noted that it "accepted the initial premise" that the "public interest demands that [the President] devote his undivided time and attention to his public duties." *Clinton*, 520 U.S. at 697-699. In rejecting this "categorical rule," the Court acknowledged that the "high respect that is owed to the office of the Chief Executive . . . is a matter that should inform the conduct of [an] entire proceeding" and stressed that "the question of whether a specific case should receive exceptional treatment is more appropriately the subject of the exercise of judicial discretion than an interpretation of the Constitution." *Id.* at 706. Accordingly, the holding in *Clinton* firmly supports Plaintiff's position that an equitable tolling of the statute of limitations was warranted for the duration of his presidency.

Likewise, Plaintiff's argument that the statute of limitations should be tolled pursuant to under the Clayton Act's tolling provision, 15 U.S.C. § 16(i), is a similarly compelling argument for an extension of the law. Indeed, the Court even acknowledged that it "appears to be an open question whether the Clayton Act's tolling provision applies in RICO actions," (DE 267 at 28), and there is ample out-of-circuit support for the proposition that it should be applied here, *see, e.g.*, *Pension Fund Mid Jersey Trucking Industry v. Omni Funding*, 687 F.Supp. 962, 965 (D.N.J., June 28, 1988) ("I conclude that the tolling provisions of the Clayton Act are applicable under RICO."); *Gianelli v. Schoenfeld*, 2021 WL 4690724, at *6 (E.D. Cal. Oct. 7, 2021) ("The court is willing to assume . . . that the Clayton Act's tolling provision applies to RICO claims."); *Pres. Petrified Forrest v. Renzi*, 2014 WL 530574, at *3-4 (D. Ariz. Feb. 12, 2013) ("The Court concludes that the tolling provision in 15 U.S.C. § 16(i) applies to the RICO civil enforcement provisions."). The Defendants argument that the tolling provision does not apply because there are no ""government actions founded on the specific RICO predicate acts [] alleged" in the Complaint, (DE 237 at 5), is misguided because there is no such requirement under § 16(i); the applicable test is whether "the matters complained of in the government suit bear a real relation to the private plaintiff's claim for relief," *Leh v. Gen. Petroleum Corp.*, 382 U.S. 54, 59 (1965); *see also Minnesota  Min. & Mfg. Co.*, 381 U.S. at 323 (stating that § 16(i) "provides for tolling as long as the private claim is based 'in part on any matter complained of' in the government proceedings."), a standard which clearly applies to numerous actions, including: (i) *In the Matter of DNC Services Corp., et al.*, Federal Election Commission, MURs 7291, 7331 and 7449; (ii) *United States v. Michael Sussmann*, case no. 1:21-cr-00582-CRC, United States District Court, District of Columbia; and (iii) *United States v. Igor Danchenko*, case no. 1:21-cr-00245-AJT, United States District Court, Eastern District of

Virginia; and , under the caption, *United States v. Igor Danchenko*, case no. 1:21-cr-00245-AJT.

Beyond the statute of limitations, the Defendants point to several other purported deficiencies with Plaintiff's claims that simply do not withstand scrutiny. For example, the Defendants claim that Plaintiff is unable to sustain a single RICO predicate act is belied by binding case law.

*First*, with respect to the predicate act of obstruction of justice, the Defendants argue that it is frivolous because Plaintiff failed to identify an "official proceeding" that was obstructed. Def. Mem. at 6. However, this argument is misplaced for two reasons. First, one of the provisions which Plaintiff's obstruction of justice claims is brought under, 18 U.S.C. § 1512 (b)(3), a provision which "makes no mention of 'an official proceeding' and does not require that a defendant's misleading conduct relate in any way either to an 'official proceeding' or even to a particular ongoing investigation." *United States v. Ronda*, 455 F.3d 1273, 1288 (11th Cir 2006); see also 18 U.S.C. § 1512(b)(3) (containing no requirement that the alleged conduct relate to an "official proceeding."). The other relevant provision, 18 U.S.C. § 1512 (c)(2), does require some nexus to an "official proceeding," but this requirement is met because the FBI's Crossfire Hurricane investigation likely qualifies as an 'official proceeding,' s*ee, e.g., United States v. Lee*, 919 F.3d 340 (6th Cir. 2019) (finding that defendant's misleading acts and representations to FBI agents during preliminary investigation stage was sufficient to constitute a violation of 18 U.S.C. § 1512), and, even if it does not, Plaintiff sufficiently alleged that the Defendants "knew of or foresaw an official proceeding, and knew that [their actions were likely to affect it" – including the investigations carried out by the House Permanent Select Committee on Intelligence and the Department of Justice's Special Counsel, both of which were either pending or easily foreseeable when all of the predicate acts occurred.

*Second*, Plaintiff's predicate act for theft of trade secrets has a sound basis in the law. Indeed, Plaintiff's allegation that the Defendants stole large swaths of his DNS data qualifies under the statute since it is well established that "'distillation of' publicly available information [is] a protectable trade secret." *Compulife Software Inc. v. Newman*, 959 F.3d 1288, 1314 (11th Cir. 2020); *see also Digiport, Inc. v. Foram Dev. BFC, LLC*, 314 So.3d 550, 553 (Fla. Dist. Ct. App. 2020) ("Even if *all* of the information is publicly available, a unique compilation of that information, which adds value to the information, also may qualify as a trade secret.") (citing *Capital Asset Rsch. Corp. v. Finnegan*, 160 F.3d 683, 686 (11th Cir. 1998)). Thus, in reliance on

*Kremen v. Cohen*, 337 F.3d 1024 (9th Cir 2003) and its progeny, which recognized that "DNS is a document (or perhaps more accurately a collection of documents), Plaintiff has a compelling argument that he had ownership interest in his DNS data, which was stolen and misappropriated by the Defendants through utilization of special technology to compile an "infeasible amount of data." *Compulife Software Inc*, 959 F.3d at 1314.

*Third*, with respect to Plaintiff's wire fraud claim, the Defendants argue that Plaintiff lacks standing because his claim is premised upon the theory that the fraud was perpetrated against the media, not Plaintiff himself. However, this contention is sharply undercut by the Supreme Court's holding in *Bridge v. Phoenix Bond & Indemnity Co.*, which established that a wire fraud plaintiff "need not show, either as an element of [their] claim or as a prerequisite to establishing proximate causation, that it relied on [the [d]efendant's alleged misrepresentations." 553 U.S. 639, 661 (2008). Further, contrary to the Defendants' contention, a wire fraud claim need not be designed to "obtain" the property of another, but may be properly based upon the "deprivation" of the plaintiff's property. *See, e.g., Mid Atlantic Telecom, Inc. v. Long Distance Services, Inc.*, 18 F.3d 260, 264 (4th Cir. 1994) (recognizing "lost customers and lost revenue" as valid wire fraud injury); *Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 565 (5th Cir. 2001) (recognizing "injuries to competitive position" as valid wire fraud injury); *Alix v. McKinsey & Co.*, 23 F.4th 196, 204–06 (2d Cir. 2022) (recognizing loss of potential clients and contractual relations as cognizable RICO injury); *Lewis v. Lhu*, 696 F.Supp. 723, 727 (D.D.C. 1988) (recognizing reputational damages as valid wire fraud injury); *Bridge*, 553 U.S. at 649-650 (recognizing "lost valuable liens" as valid wire fraud injury; also, contemplating that "[if] an enterprise that wants to get rid of rival businesses mails misrepresentations about them to their customers and suppliers . . . [and] the rival businesses lose money as a result of the misrepresentations, it would certainly seem that they were injured in their business 'by reason of' a pattern of mail fraud[.]").

Moreover, with regard to the issue of personal jurisdiction, the Defendants entirely overlook the fact that 18 U.S.C. § 1965(b) and Florida Statute § 48.193(1)(a)(2) both provide a legitimate basis for Plaintiff to obtain personal jurisdiction over all of the defendants. The statutes' reach were only negated because the Court found the underlying claims to lack merit. Since Plaintiff's Counsel have, and, at all relevant times had, a good-faith belief that their claims are cognizable and valid, personal jurisdiction would not have otherwise been a bar to prosecuting this action.

Further, to the extent the Defendants' claim that the Amended Complaint is a 'shotgun pleading,' this issue is largely irrelevant to the determination of whether sanctions are appropriate since neither the Defendants, nor the Court, moved for a repleading order. *See Jackson v. Bank of America, NA*, 898 F.3d 1348, 1357-58 (11th Cir. 2018); *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018); *Byrne v. Nezhat*, 261 F.3d 1075 (11th Cir. 2001). The Eleventh Circuit requires that a District Court give a Plaintiff prior notice of a "shotgun pleading" and at least one opportunity to correct it before dismissing with prejudice. *Vibe Micro, Inc.*, 878 F.3d at 1294-95 (11th Cir. 2018) (plaintiff must be given "chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds"; district court must "explain how the offending pleading violates the shotgun pleading rule."). Since Plaintiff was not provided with "fair notice" that the Amended Complaint was purportedly a 'shotgun pleading,' nor a "meaningful chance" to correct any such deficiency, it would be inappropriate to award sanctions against Plaintiff's Counsel on this basis alone. *Jackson*, 898 F.3d at 1358.

Beyond these specific issues, given the breadth of the legal issues involved in this action, Plaintiff's Counsel will rely upon the arguments set forth in the memorandum of law filed in opposition to the Defendants motion to dismiss (DE 262) in support of their contention that Plaintiff's claims have merit.

The Defendants also generally allege that Plaintiff's Counsel conducted themselves throughout this litigation in a manner that is consistent with a showing of bad faith. This inflammatory accusation is entirely without merit. For instance, Defendants argue that the Amended Complaint is "replete with misleading citations of fact," and point to various footnotes which the Defendants claim were strategically placed in a misleading fashion. This was never Plaintiff Counsel's intention and there seems to be a general misunderstanding as to how footnotes were utilized in the Amended Complaint. For instance, the example pointed to by the Court—paragraph 3 of the Amended Complaint, which cited page 96 of the  U.S. Dep't of Justice, Office of the Inspector General, Review of Four FISA Applications and Other Aspects of the FBI's Crossfire Hurricane Investigation (2019) (hereinafter "IG Report")[1]—reads as follows:

> "The scheme was conceived, coordinated and carried out by top-level officials at the Clinton Campaign and the DNC—including

---

[1] Available at https://www.justice.gov/storage/120919-examination.pdf.

*'the candidate'* herself—who attempted to shield her involvement behind a wall of third parties." *See* Am. Compl. at ¶ 3; *see also* September Order at 6.

Page 96 of the IG Report, in turn, states the following:

> "Steele told Handling Agent 1 that Steele was aware that 'Democratic Party associates' were paying for Fusion GPS's research, the 'ultimate client' was the leadership of the Clinton presidential campaign, and '*the candidate*' was aware of Steele's reporting . . . He also said it was clear that Fusion GPS was backed by Clinton supporters and senior Democrats who were supporting her."

The reference to Page 96 of the IG Report was merely included for the purpose of citing to the source of the quoted language – "the candidate" (i.e., Hillary Clinton) – which, in the context it was made, supports that Clinton was personally aware of the Steele Dossier and the roles of various players who contributed to the development of it. The purpose of the footnotes was not to mislead – it was to substantiate the evidentiary basis for Plaintiff's claims.

Defendants also claims that "although Plaintiff's counsel repeatedly cited unproven allegations from Special Counsel Durham's indictment of Michael Sussmann, they omitted that Sussmann was acquitted or that many of those allegations were never the subject of an offer of proof at trial." Def. Mem. at 8. With regard to the acquittal, Plaintiff's Counsel, of course, does not dispute that Mr. Sussmann was acquitted at trial. In fact, the acquittal was cited twice in Plaintiff's opposition papers, wherein it was further explained why his acquittal on such a narrow criminal charge (i.e., whether Sussmann's statement to Jim Baker that he was "not acting on behalf of his client" was false) is immaterial to the claims in the Amended Complaint:

> Defendants argue that Sussmann's misrepresentation to FBI General Counsel, Jim Baker, that he "was not acting on behalf of any client" cannot be tied to Plaintiff's injuries because Sussmann was ultimately acquitted by a jury on a related criminal charge. This argument is flawed for several reasons. First, criminal cases have an extremely high burden of proof, so an acquittal is by no means an acknowledgement of innocence. In fact, Sussmann relayed the very same to Baker in a text message—as referenced in the Complaint, *see* Am. Compl. ¶ 204—so the fact that the statement was made is not in dispute. More importantly, despite the high-profile jury trial that surrounded it, Sussmann's misrepresentation to Jim Baker is a very minor part of the RICO Defendants' wide-spanning scheme. In

> fact, it was not even the most noteworthy thing that happened at his
> meeting with Baker on September 19, 2017; he also handed over
> falsified records and threatened that a major media outlet would be
> reporting on the story imminently (omitting the fact that he had
> provided the story to the major media outlet) – which led to the FBI
> launching a "full field investigation" into the supposed Trump-Alfa
> Bank connections "as a direct result of Sussmann's meeting with
> Baker."

Pl. Opp. (DE 262) at 42; *see also id.* at 12 n. 2 ("[A]lthough Sussmann was acquitted on the charge of making a false statement in violation of 18 U.S.C. § 1001(a)(2), the acquittal has no legal effect on the applicability of the tolling provision of § 16(i) . . . [n]or should it, since Plaintiff was able to "reap the benefits" of the Sussmann Action as evidenced by the vast number of references in the Complaint to testimony and evidence adduced throughout the course of the Sussmann Action.")[2].

Further, Defendants' contention that Plaintiff relied upon allegations that were "never the subject of an offer of proof at trial" is simply not true. In fact, many of the changes made to the Amended Complaint were done to address this exact concern. For instance, 37 footnotes that had previously cited to the Sussmann Indictment were replaced with references to testimony of witnesses who took the stand at the Sussmann trial. *See, e.g.*, Am. Compl. at ¶¶ 17, 18, 22-24, 30, 32, 43, 59, 64-65, 91, 105-106, 122, 137, 140-146, 172-179, 180-182, 187-189, 280. Likewise, 23 footnotes that had previously cited to the Sussmann Indictment were replaced with references to documentary evidence offered in the Sussmann trial. *See, e.g., id.* at ¶¶ 5, 17, 31, 61-62, 90, 92, 98-99, 102-105, 112, 115, 117, 123, 136, 147, 157, 171, 184, 231. Thus, contrary to Defendants' assertion, Plaintiff Counsel's use of the Sussmann trial was indeed in good faith and intended to substantiate the veracity of the allegations contained in the Amended Complaint and not intended to mislead in any way.

Defendants have failed to establish, and the record does not support, that any of Plaintiff's Counsel's conduct throughout the course of this litigation was undertaken in bad faith, Plaintiff's

---

[2] The Amended Complaint also cited to an identical statement made by Mr. Sussmann, under oath, to the House Permanent Select Committee, which establishes the same exact fact—that Sussmann was acting on behalf of his client when he met with the FBI—as was at issue in the Sussmann trial, thereby rendering the acquittal immaterial for the purposes of the instant action. *See* Am. Compl. at ¶ 307.

Counsel made viable legal arguments, which are supported by existing precedent and/or warrant an extension of existing law, and otherwise. Even assuming *arguendo* that Plaintiff's claims are without merit, such a finding, on its own, does not warrant the imposition of sanctions, *see Schwartz*, 341 F.3d at 1225 ("something more than a lack of merit is required"), particularly where Plaintiff's Counsel engaged in good-faith efforts to substantiate the veracity of the allegations contained in the Amended Complaint by sourcing to various authorities supporting the underlying facts.   Plaintiff's Counsel pursued every avenue of research which was available to them to verify the facts as understood and legitimately believed by them.  Further, it was understood that with the progression of the lawsuit, discovery would have supported the claims against the Defendants which were alleged in the Complaint.

Therefore, the record does not support a finding that Plaintiff's Counsel engaged in "unreasonable and vexatious conduct" during the course of this litigation. 28 U.S.C. § 1927.

### ii.      The conduct at issue did not "multiply the proceedings"

The second requirement, relating to multiple proceedings, is only satisfied when an attorney's conduct "results in proceedings which would not have been conducted otherwise." *Daniels v. Sodexo, Inc.*, 2013 WL 4008744, at *7 (M.D. Fla. Aug. 5, 2013) (citing *Peterson*, 124 F.3d at 1396).

"In order for § 1927 to be applicable, there must be a causal connection between the objectionable conduct of counsel and multiplication of the proceedings.  Under the plain statutory language, objectionable conduct—even 'unreasonable and vexatious' conduct—is not sanctionable unless it results in proceedings that would not have been conducted otherwise." *Peterson*, 124 F.3d at 1396.

The Defendants have failed to identify to any additional "proceedings" that would not have been conducted but for the filing of the Amended Complaint. The allegedly vexatious conduct cited by the Defendants, amending the Complaint, was ***expressly authorized*** by the Court. (*See* DE 111) (Judge Middlebrooks stating that Plaintiff's request to amend the Complaint, corresponding extension, was granted with leave of court pursuant to FRCP 15(a)(2)).   The Defendants also consented to this request and failed to raise any concern that they viewed a proposed amendment as being 'vexatious' in nature or futile in any way.

At least two circuit cases have found 28 U.S.C. 1927 sanctions to be impermissible when a party amends a complaint with leave of court. *See Nollner v S. Baptist Convention, Inc*., 628 Fed

Appx 944 (6th Cir. 2015) ("The Amended Complaint is manifestly deficient and, as discussed herein, reflects (at least) a lack of attentiveness by plaintiffs' counsel.  Notwithstanding its substantive defects, ***the Amended Complaint was filed with the court's permission; accordingly, the court cannot conclude that counsel needlessly multiplied proceedings by filing it***. Therefore, the court will not award sanctions to the defendants for fees related to the Defendants' Motion to Dismiss the Amended Complaint.") (emphasis added); *see also Harvey v Cable News Network, Inc.*, 48 F.4th 257, 280 (4th Cir. 2022) ("Although Harvey's effort to amend was unsuccessful, his filing of a single amended complaint does not, under the circumstances presented here, demonstrate a level of egregiousness, a pattern of misconduct, or result in protracted litigation to the extent that this Court and others have found bad faith that warranted sanctions . . . ***None of the cases the district court cites persuade us that Harvey's filing of a single Amended Complaint, where the original complaint was dismissed without prejudice and where the court invited him to amend, justifies the sanctions award***") (emphasis added).

Indeed, sanctions are simply not appropriate, nor warranted, in the instant scenario. This is not a situation where the Court dismissed the Complaint and Plaintiff re-filed an Amended Complaint necessitating an additional proceeding as to the merits of his claims.  The Court expressly permitted Plaintiff to file an Amended Complaint, and Plaintiff did precisely that. While the Court ultimately found the Amended Complaint to be deficient, this position was only made clear after the Amended Complaint was filed – the Court's September 8, 2022 Order was the first and only substantive ruling as to whether the Plaintiff's claims were sufficient to survive a motion to dismiss. Succinctly stated, "when a district court grants leave to amend a complaint and later finds, as it often does, that an amended complaint continues to fail to state a claim, the typical outcome is dismissal of the amended complaint, not an award of sanctions against the litigant and his counsel for making an attempt." *Harvey*, 48 F.4th at 280.

Therefore, the simple act of amending the complaint—with leave of the Court and consent from the Defendants—did not multiply the proceedings. Therefore, the Defendants are unable to satisfy the second element of 28 U.S.C. § 1927.

### iii.   The amount of the sanctions do not have a financial nexus to any excess proceedings

Even assuming the first two factors are satisfied (which they are not), there is no financial nexus between the filing of the Amended Complaint and the gratuitous costs incurred by the

Defendants subsequent to that point.

In its June 23, 2022 Order, the Court specifically noted that it had "reviewed Plaintiff's Amended Complaint" and encouraged the Defendants that "to the extent that the allegations against certain Defendants, and therefore the arguments relied on by those Defendants in support of dismissal, remain unchanged, and in the interest of reducing costs in this action, Defendants are advised that they may readopt their prior Motions to Dismiss if they so choose." (DE 188). In a subsequently-filed Order, the Court noted that the Amended Complaint "did not significantly alter the allegations as to most Defendants, and the arguments in support of dismissal of the Amended Complaint should therefore be substantially similar to the arguments in support of dismissal of Plaintiff's original Complaint." (DE 200).

Despite the Court's urging them to "readopt" their prior arguments, the Defendants proceeded to bill an exorbitant and excessive amount of time to put forth what has been described by the Court as "substantively identical arguments in support of dismissal [as the] earlier round of briefing." September Order at 63. In other words, the Defendants claim to have incurred nearly $500,000 in crafting a response to the Amended Complaint that was *essentially unchanged* from their prior response. Given this inexplicable discrepancy, it is apparent that the costs incurred by the Defendants do not have a legitimate financial nexus to the filing of the Amended Complaint. At a minimum, it is clear that the Defendants made no effort to mitigate their damages. *See Riddle v. Egensperger*, 266 F3d 542, 556 (6th Cir. 2001) ("[D]efendants made a tactical decision to participate in a scorched earth approach rather than to mitigate their damages. It is now too late to change course.")

Moreover, there is improper duplication in that the Plaintiff's attorneys have already been sanctioned for the same conduct as it relates to the Defendant, Charles Dolan. While Plaintiff's Counsel maintains that no sanctions are warranted, Plaintiff's Counsel have already been sanctioned for the full cost of Mr. Dolan's attorneys' fees, as well as an additional $50,000 in punitive fines. It is respectfully submitted that the imposition of these fines, on their own, should suffice in terms of monetary sanctions against Plaintiff's Counsel.

iv.    **To the extent necessary, Plaintiff's Counsel requests an evidentiary hearing**

To the extent this Court is willing to entertain the imposition of sanctions against Plaintiff's Counsel pursuant to 28 U.S.C. § 1927, Plaintiff's Counsel requests the opportunity to be heard in

13

an evidentiary hearing. See *Reynolds v. Roberts,* 207 F.3d 1288, 1302 (11th Cir.2000). ("Plainly, an attorney threatened with sanctions under § 1927 is entitled to a hearing."). Plaintiff's Counsel further reserves the right to identify an expert witness and present expert testimony concerning, among other things, the substantive merits of Plaintiff's claims.

### B.  The Court's Inherent Powers

At the outset, "Sanctions that are impermissible under § 1927 are also impermissible under a district court's inherent powers. . . the threshold of bad faith conduct for purposes of sanctions under the court's inherent powers is at least as high as the threshold of bad faith conduct for sanctions under § 1927." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1252 (11th Cir. 2007). Thus, sanctions under the Court's inherent powers are not appropriate for the same reasons set forth in section A above.

Nonetheless, like Section 1927 sanctions, the invocation of a court's inherent power requires a finding of bad faith. *See, e.g., Amlong*, 500 F.3d at 1251 ("[B]efore a court can impose sanctions on an attorney under its inherent powers, it must make a finding of bad faith."); *see also Chambers v. Nasco, Inc*., 501 U.S. 32 (1991). "Bad faith exists when the court finds that a fraud has been practiced upon it, or that the very temple of justice has been defiled, or where a party or attorney knowingly or recklessly raises a frivolous argument, delays or disrupts the litigation, or hampers the enforcement of a court order." *Brown Jordan Intl., Inc. v. Carmicle*, 0:14-CV-60629, 2016 WL 815827, at *35 (S.D. Fla. Mar. 2, 2016), *affd*, 846 F.3d 1167 (11th Cir 2017). Importantly, "[t]his power 'must be exercised with restraint and discretion' and used 'to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Id.* (citation omitted).

Here, this is simply no support for the Defendants' contention that Plaintiff or his counsel acted in bad faith in commencing or prosecuting the instant action. In attempting to argue otherwise, the Defendants largely raise two points: first, they claim that statements made by one of Plaintiff's Counsel on a mainstream news network is proof that the suit was filed in bad faith; second, they claim that Plaintiff and his counsel exhibits various forms of "gamesmanship" throughout the course of litigation. Both contentions are misguided and plainly untrue.

With respect to the statements made by Ms. Habba, her appearance on Fox News does not in any way indicate that she, or any other Plaintiff's Counsel, prosecuted this action in bad faith. To the extent these statements are relevant to the instant application at all, they simply demonstrate that Ms. Habba is a zealous advocate for her client, that she staunchly believes in the viability of

the underlying claims, and that she has extensively familiarity with the relevant evidence. The statements made by Ms. Habba are indicative of an attorney prosecuting an action, in good faith, and nothing more.

Further, neither Plaintiff nor his counsel engaged in any sort of "gamesmanship" during the course of this litigation. In fact, the opposite is true. Throughout the course of proceedings, Plaintiff's Counsel, with Plaintiff's blessing, consented to each and every request for an extension or similar accommodation that was posed by the more than 30 defendants. When it was determined that an Amended Complaint would need to be filed, Plaintiff's Counsel filed a motion seeking to extend the deadline to amend to allow for a consolidated motion to dismiss that would save time and costs for all defense counsel involved. In this way, and in others, Plaintiff dealt with defense counsel in a professional and courteous manner at all relevant times.

Based on the foregoing, and for the reasons set forth in section A above, sanctions under the Court's inherent powers are neither appropriate nor warranted.

## C.  Defend Trade Secrets Act

The Defendants also seek sanctions under the Defend Trade Secrets Act, 18 U.S.C. §§ 1830-32, however this request is similarly flawed.

18 U.S.C. § 1836(b)(3)(D) provides that "if a claim of the misappropriation is made in bad faith, which may be established by circumstantial evidence, a motion to terminate an injunction is made or opposed in bad faith, or the trade secret was willfully and maliciously misappropriated, award reasonable attorney's fees to the prevailing party." There is scant law as it pertains to § 1836(b)(3)(D) specifically, so courts have generally looked toward more general principles governing the award of sanctions and bad faith conduct. *See Temurian v. Piccolo*, No. 18-CV-62737, 2021 WL 1520588, at *5 (S.D. Fla. Mar. 3, 2021), *report and recommendation adopted in part*, No. 18-62737-CIV, 2021 WL 1121003 (S.D. Fla. Mar. 24, 2021) ("[T]he Eleventh Circuit has not addressed what constitutes 'bad faith' for the purposes of the DTSA, but there is ample precedent as to what constitutes 'bad faith' warranting the award of attorneys' fees."); *see also Mar. Mgmt., Inc. v. United States,* 242 F.3d 1326, 1333 (11th Cir. 2001) ("In determining the propriety of a bad faith fee award, 'the inquiry will focus primarily on the conduct and motive of a party, rather than on the validity of the case.'") (citation omitted); *Kreager v. Solomon & Flanagan,* 775 F.2d 1541, 1543 (11th Cir. 1985) ("Bad faith is determined by focusing on a party's conduct and motive rather than on the validity of the case.").

Here, for the same reasons set forth above in sections A and B, neither Plaintiff nor Plaintiff's Counsel has engaged in bad faith conduct. Further, sanctions are particularly inappropriate in the DTSA context since the Defendants only attack the "validity of" Plaintiff's DTSA claim, and do not question his "conduct or motive" for bringing the claim. Def. Mem. at 18-19. Thus, these Defendants have failed to establish their entitlement to any fees under 18 U.S.C. § 1836(b)(3)(D).

In addition, the DTSA claim is only asserted against eight Defendants, Neustar, Inc., Neustar Security Services, Joffe, Perkins Coie, Sussmann, Clinton Campaign, DNC., and Clinton. Yet, none of these defendants have identified which portion of their attorneys' fees were specially accrued in connection with opposing the DTSA claim (Count VIII), as opposed to the other claims in the action. Therefore, even if these defendants could otherwise support a cognizable claim under 18 U.S.C. § 1836(b)(3)(D), they have failed to articulate the proper amount of fees to be awarded under the statute.

Further, with respect to Defendant, Joffe, the Court dismissed him from the action for lack of jurisdiction, meaning that it lacked the subject matter jurisdiction to dismiss the claims against him on the merits and with prejudice. *Blankenship v. Gulf Power Co*., 551 Fed. App'x 468, 471 (11th Cir. 2013) ("Because the district court lacked subject matter jurisdiction, however, it did not have authority to dismiss the complaint on the merits."). As such, he cannot be considered a "prevailing party" and is not eligible for relief under 18 U.S.C. 1836(b)(3)(D). *See McGriff Insurance Services, Inc. v. Littlestone*, 21-CV-480 (M.D. Fl. Dec. 30, 2021),

For the foregoing reasons, the Defendants' request for attorneys' fees under 18 U.S.C. § 1836(b)(3)(D) must be denied.

## II.   THE DEFENDANTS' FEES ARE UNREASONABLE AND IMPROPER

### A.  A Large Portion of the Defendants' Fees Are Block Billing.

The lodestar approach to calculating attorneys' fees requires the Court to first multiply a reasonable hourly rate by the reasonable hours expended. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

Attorneys should "maintain billing records in a manner that will enable a reviewing court to identify distinct claims." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1937, 76 L. Ed. 2d 40 (1983).  When an attorney includes multiple tasks in a single entry, often referred to as

"block billing," it can be difficult for the Court to determine the amount of time expended on a single issue. A court has "broad discretion in determining the extent to which a reduction in fees is warranted by block billing." *Bujanowski v. Kocontes*, 2009 WL 1564263, at *2 (M.D. Fla. 2009), report and recommendation adopted in part, No. 808CV390T33EAJ, 2009 WL 1564244 (M.D. Fla. May 1, 2009), aff'd, 359 F. App'x 112 (11th Cir. 2009).

In the instant matter, an overwhelming majority of the Defendants' billing records are comprised of overly vague block-billing entries, as evidenced in the attached Exhibits which are described in greater detail below.

## B. The Defendants' Fees are Unreasonable or Excessive.

In making an application for attorneys' fees, the Defendants were required to provide "sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303.

A fee applicant must set out the general subject matter of the time expended by the attorney "with sufficient particularity so that the court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Excessive, redundant, or otherwise unnecessary hours should be excluded from the amount claimed. Id. at 1301. A fee applicant must exercise billing judgment by excluding "excessive, redundant or otherwise unnecessary [hours]." *Hensley*, Supra. at 434.

Where a fee applicant does not exercise billing judgment, "courts are obligated to do it for them." *ACLU v. Barnes*, 168 F.3d at 423, 428 (11th Cir. 1999). When a request for attorneys' fees is unreasonably high, the court "may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut," but it cannot do both. *See Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1351 (11th Cir. 2008).

As evidenced in the annexed Exhibits, the invoices offered in support of Defendants' Motion are unreasonable and excessive. Therefore, to the extent any attorneys' fees are awarded at all, this Court should reduce the amount of fees awarded to make them commensurate to the work actually performed, and appropriately recorded, by Defendants' counsel.

## C. Redundant Hours Should Be Excluded

"Redundant hours must be excluded from the reasonable hours claimed by the fee applicant." *ACLU*, 168 F.3d at 432. Such "hours generally occur where more than one attorney represents a client." *Norman*, 836 F.2d at 1301-1302. While there is nothing unreasonable about

a client having multiple attorneys, a fee applicant may only recover for the hours of multiple attorneys if the attorneys "are not unreasonably doing the same work, and are being compensated for the distinct contribution of each lawyer." *Id.* at 1302; *ACLU*, 168 F.3d at 432. A fee applicant has the burden to show "that the time spent by those attorneys reflects the distinct contribution of each lawyer to the case and is the customary practice of multiple-lawyer litigation." *Id.*

### D.  Particulars As To The Defendants' Invoices

The Summary and the individual billing invoices were compared and analyzed, and the following is a summary of the amount of overbilling to which the Plaintiff and his attorneys object. Moreover, in support of this summary, the spreadsheet for each of the Defendants' law firms is attached as Exhibits 1 through 12 (There is no Exhibit 4 or 9 as there were no objections to the amount billed by Defendants Schultz and Neustar, Inc.). The Invoices which were provided are also attached with indications on each, which are reflected by the page number of each invoice, with the specific objections indicated for each billing entry to that Plaintiff and his attorneys object to. In addition, attached as Exhibit A is a summary of the objections to the Defendants' billing records.

### CONCLUSION

For the foregoing reasons, Defendant's Motion must be dismissed in its entirety. In the alternative, to the extent the Court deems it necessary and appropriate to impose sanctions, the Defendants invoices should be reduced accordingly.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed this 15th day of December 2022, with the Clerk of Court using CM/ECF, which will send a notice of electronic filing to all Parties listed on the Service List.


____/s/ Peter Ticktin____

**THE TICKTIN LAW GROUP**
Peter Ticktin, Esquire
Florida Bar No.: 887935
Serv512@LegalBrains.com
Jamie Alan Sasson, Esquire
Florida Bar No.: 10802
Serv513@LegalBrains.com
270 SW Natura Avenue
Deerfield Beach, Florida 33441-1610
Telephone: (954) 570-6757
*Attorneys for the Plaintiff*

**HABBA MADAIO & ASSOCIATES**
Alina Habba, Esquire
ahabba@habbalaw.com
Michael T. Madaio, Esquire
mmadaio@habbalaw.com
1430 US Highway 206 Suite 240
Bedminster, New Jersey 07921
Telephone: (908) 869-1188
*Attorneys for the Plaintiff*

**SERVICE LIST**

Anthony Erickson-Pogorzelski, Esquire
Fla. Bar No. 619884
Anthony.Pogorzelski@usdoj.gov
**Assistant U.S. Attorney**
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
Telephone: 305- 961-9296
*Attorneys for Defendant*
*United States of America*


David E. Kendall, Esquire
dkendall@wc.com
**Williams & Connolly, LLP**
725 12th Street NW
Washington, DC 20005-3901
Telephone: 202-434-5000
*PRO HAC VICE*
*Attorney for the Defendant*
*Hillary R. Clinton*


David Oscar Markus, Esquire
dmarkus@markuslaw.com
**Markus/Moss, LLP**
40 N.W. Third Street
Penthouse 1
Miami, Florida 33128
Telephone: 305-379-6667
*Attorneys for the Defendant*
*Hillary R. Clinton*


Katherine M. Turner, Esquire
kturner@wc.com
**Williams & Connolly, LLP**
725 12th Street NW
Washington, DC 20005-3901
Telephone: 202-434-5000
*PRO HAC VICE*
*Attorney for the Defendant*
*Hillary R. Clinton*


Michael J. Mestitz, Esquire
mmestitz@wc.com

**Williams & Connolly, LLP**
725 12th Street NW
Washington, DC 20005-3901
Telephone: 202-434-5000
*PRO HAC VICE*
*Attorney for the Defendant*
*Hillary R. Clinton*


Jonathan Edward Levine, Esquire
Jonathan.levine@levinepllc.com
**Levine & Associates, PLLC**
5311 Lee Highway
Arlington, Virginia 22207
Telephone: 703-525-2668
*Attorney for Defendant*
*Charles Halliday Dolan, Jr.*


George R.A. Doumar, Esquire
gdoumar@doumarmartin.com
**Mahdavi, Bacon, Halfhill & Young, PLLC**
11350 Random Hills Road, Suite 700
Fairfax, Virginia 22030
Telephone: 703-352-1300
*PRO HAC VICE*
*Attorney for Defendant*
*Charles Halliday Dolan, Jr*


Franklin G. Monsour, Jr., Esquire
fmonsour@orrick.com
**Orrick, Herrington & Stcliffe, LLP**
51 West 52nd Street
New York, New York 10019
Telephone: 202-339-8533
*PRO HAC VICE*
*Attorney for Defendant*
*Igor Danchenko*


Diana Marie Fassbender, Esquire
dszego@orrick.com
**Orrick, Herrington & Stcliffe, LLP**
1152 15th Street NW
Washington, D.C. 20005

*PRO HAC VICE*
*Attorney for Defendant*
*Igor Danchenko*


Jennifer Olmedo-Rodriguez, Esquire
Florida Bar No.: 605158
Jennifer.olmedo@bipc.com
**Buchanan Ingersoll & Rooney, P.C.**
2 South Biscayne Boulevard, Suite 1500
Miami, Florida 33131
Telephone: 305-347-4080
*Attorney for the Defendant*
*Neustar, Inc.*


Samantha L. Southall, Esquire
Samantha.southall@bipc.com
**Buchanan Ingersoll & Rooney, P.C.**
50 South 16th Street, Suite 3200
Two Liberty Place
Philadelphia, PA 19102
Telephone: 215-665-3884
*PRO HAC VICE*
*Attorney for the Defendant*
*Neustar, Inc*


Adam Seth Fels, Esquire
afels@ffslawfirm.com
Florida Bar No.: 0114917
**Fridman Fels & Soto, PLLC**
2525 Ponce de Leon Blvd., Ste 750
Coral Gables, FL 33134
Telephone: 305-569-7701
*Attorney for the Defendant*
*Bruce Ohr and Nellie Ohr*
*Fusion GPS*
*Glenn Simpson*
*Peter Fritsch*


Kevin P. Crenny, Esquire
kcrenny@levyfirestone.com
**Levy Firestone Muse, LLP**
900 17th Street NW, Suite 1200
Washington, D.C., 20006
Telephone: 202-845-3215
*PRO HAC VICE*

*Attorney for the Defendant*
*Fusion GPS*
*Glenn Simpson*
*Peter Fritsch*


Joshua Levy, Esquire
jal@levyfirestone.com
**Levy Firestone Muse, LLP**
900 17th Street NW, Suite 1200
Washington, D.C., 20006
Telephone: 202-845-3215
*PRO HAC VICE*
*Attorney for the Defendant*
*Fusion GPS*
*Glenn Simpson*
*Peter Fritsch*


Rachel Clattenburg, Esquire
rmc@levyfirestone.com
**Levy Firestone Muse, LLP**
900 17th Street NW, Suite 1200
Washington, D.C., 20006
Telephone: 202-845-3215
*PRO HAC VICE*
*Attorney for the Defendant*
*Fusion GPS*
*Glenn Simpson*
*Peter Fritsch*


Joshua Berman, Esquire
Joshua.Berman@cliffordChance.com
**Clifford Chance US, LLP**
2011 K. Street, NW
Washington, D.C., 20006-1001
Telephone: 202-912-5000
*PRO HAC VICE*
*Attorney for Defendants*
*Nellie Ohr and Bruce Ohr*


Benjamin Peacock, Esquire
Benjamin.Peacock@cliffordChance.com
**Clifford Chance US, LLP**
2011 K. Street, NW
Washington, D.C., 20006-1001
Telephone: 202-912-5000
*PRO HAC VICE*

3

*Attorney for Defendants*
*Nellie Ohr and Bruce Ohr*


Eugene K. Pettis, Esquire
cmarr@hpslegal.com
Service@hpslegal.com
**Haliczer Pettis & Schwamm P.A.**
100 SE 3rd Avenue, 7th Floor
Fort Lauderdale, FL 33394
Telephone: 954-523-9922
*Attorneys for Defendant*
*Marc Elias*


Debra P. Klauber, Esquire
dklauber@hpslegal.com
Service@hpslegal.com
**Haliczer Pettis & Schwamm P.A.**
100 SE 3rd Avenue, 7th Floor
Fort Lauderdale, FL 33394
Telephone: 954-523-9922
*Attorneys for Defendant*
*Marc Elias*

April A. Otterberg, Esquire
aotterberg@jenner.com
**Jenner & Block, LLP**
353 N. Clark Street
Chicago, Il 60654-3454
Telephone: 312-222-9350
*PRO HAC VICE*
*Attorney for the Defendant*
*Marc Elias*

Reid J. Schar, Esquire
rschar@jenner.com
**Jenner & Block, LLP**
353 N. Clark Street
Chicago, Il 60654-3454
Telephone: 312-222-9350
*PRO HAC VICE*
*Attorney for the Defendant*
*Marc Elias*

Roberto Martinez, Esquire

Bob@colson.com
becky@colson.com
Florida Bar No.: 305596
**Colson Hicks Eidson, P.A.,**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Telephone: 305-476-7400
*Attorney for the Defendant*
*Michael Sussmann*

Zachary Lipshultz, Esquire
zach@colson.com
Florida Bar No.: 123594
**Colson Hicks Eidson, P.A.,**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Telephone: 305-476-7400
*Attorney for the Defendant*
*Michael Sussmann*

Michael S. Bosworth, Esquire
Michael.Bosworth@lw.com
**Latham & Watkins, LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: 212-916-1221
*PRO HAC VICE*
*Attorney for the Defendant*
*Michael Sussmann*

Michael F. Houlihan, Esquire
Michael.Houlihan@lw.com
**Lathem & Watkins, LLP**
200 Clarendon Street
Boston, MA 02116
Telephone: 617-880-4642
*PRO HAC VICE*
*Attorney for the Defendant*
*Michael Sussmann*

Sean M. Berkowitz, Esquire
Sean.Berkowitz@lw.com
**Latham & Watkins, LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: 312-876-7700

*PRO HAC VICE*
*Attorney for the Defendant*
*Michael Sussmann*

Stephen P. Barry, Esquire
Stephen.Barry@lw.com
**Latham & Watkins, LLP**
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004
Telephone: 202-637-2200
*PRO HAC VICE*
*Attorney for the Defendant*
*Michael Sussmann*

Eleni Kastrenakes Howard, Esquire
Eleni.kastrenakeshoward@akerman.com
Florida Bar No.: 73073
**Akerman, LLP**
777 S. Flagler Drive, Suite 1100, West
Tower
West Palm Beach, Florida 33401
Telephone: 561-653-5000
*Attorney for the Defendant*
*Perkins Coie, LLP*

Howard Jay Harrington, Esquire
Jay.harrington@akerman.com
Florida Bar No.: 0118719
**Akerman, LLP**
777 S. Flagler Drive, Suite 1100, West
Tower
West Palm Beach, Florida 33401
Telephone: 561-653-5000
*Attorney for the Defendant*
*Perkins Coie, LLP*

F. Joseph Warin, Esquire
fwarin@gibsondunn.com
**Gibson Dunn & Crutcher, LLP**
1050 Connecticut Avenue NW
Washington, D.C., 20036-5306
Telephone: 202-887-3609
*PRO HAC VICE*
*Attorney for the Defendant*
*Perkins Coie, LLP*

Geoffrey M. Sigler, Esquire
gsigler@gibsondunn.com
**Gibson Dunn & Crutcher, LLP**
1050 Connecticut Avenue NW
Washington, D.C., 20036-5306
Telephone: 202-887-3609
*PRO HAC VICE*
*Attorney for the Defendant*
*Perkins Coie, LLP*

Katherine M. Meeks, Esquire
kmeeks@gibsondunn.com
**Gibson Dunn & Crutcher, LLP**
1050 Connecticut Avenue NW
Washington, D.C., 20036-5306
Telephone: 202-887-3609
*PRO HAC VICE*
*Attorney for the Defendant*
*Perkins Coie, LLP*

Nancy E. Hart, Esquire
nhart@gibsondunn.com
**Gibson Dunn & Crutcher, LLP**
1050 Connecticut Avenue NW
Washington, D.C., 20036-5306
Telephone: 202-887-3609
*PRO HAC VICE*
*Attorney for the Defendant*
*Perkins Coie, LLP*

Gerald E. Greenberg, Esquire
ggreenberg@gsgpa.com
Florida Bar No.: 440094
**Gelber Schachter & Greenberg, P.A.**
One South East Third Avenue, Suite 2600
SunTrust International Center
Miami, Florida 33131
Telephone: 305-728-0950
*Attorney for the Defendant*
*Democratic National Committee*
*DNC Services Corporation*
*Debbie Wasserman Schultz*

Shawn G. Crowley, Esquire
scrowley@kaplanhecker.com

**Kaplan Hecker & Fink, LLP**
350 5th Avenue, 63rd Floor
New York, New York 10118
Telephone: 212-763-0883
*PRO HAC VICE*
*Attorney for the Defendants*
*Democratic National Committee*
*DNC Services Corporation*

Maximillian Feldman, Esquire
mfeldman@kaplanhecker.com
**Kaplan Hecker & Fink, LLP**
350 5th Avenue, 63rd Floor
New York, New York 10118
Telephone: 212-763-0883
*PRO HAC VICE*
*Attorney for the Defendants*
*Democratic National Committee*
*DNC Services Corporation*

Roberta A. Kaplan, Esquire
rkaplan@kaplanhecker.com
**Kaplan Hecker & Fink, LLP**
350 5th Avenue, 63rd Floor
New York, New York 10118
Telephone: 212-763-0883
*PRO HAC VICE*
*Attorney for the Defendants*
*Democratic National Committee*
*DNC Services Corporation*

Edward Soto, Esquire
Edward.soto@weil.com
Florida Bar No.: 0265144
**Weil Gotshal & Manges, LLP**
1395 Brickell Avenue, Suite 1200
Miami, Florida 33131
Telephone: 305-577-3100
*PRO HAC VICE*
*Attorney for the Defendant*
*Rodney Joffee*

Steven Tyreell, Esquire
Steven.tyrrell@weil.com
**Weil, Gotshal & Manges, LLP**
2001 M St. NW, Suite 600

Washington, D.C. 20063
Telephone:
*PRO HAC VICE*
*Attorney for the Defendant*
*Rodney Joffee*

Noah Brozinsky, Esquire
nbrozinsky@kaiserDillon.com
Florida Bar No.: 010470
**KaiserDillon, PLLC**
1099 14th Street NW, 8th Floor West
Washington, D.C. 20005
*Attorney for the Defendant*
*Kevin E. Clinesmith*

Christopher Muha, Esquire
CMuha@kaiserdillon.com
**KaiserDillon, PLLC**
1099 14th Street NW, 8th Floor West
Washington, D.C. 20005
Telephone: 202-640-2850
*PRO HAC VICE*
*Attorney for the Defendant*
*Kevin E. Clinesmith*

William Pittard, Esquire
Wpittard@kaiserdillon.com
**KaiserDillon, PLLC**
1099 14th Street NW, 8th Floor West
Washington, D.C. 20005
Telephone: 202-640-2850
*PRO HAC VICE*
*Attorney for the Defendant*
*Kevin E. Clinesmith*

Paola Pinto, Esquire
ppinto@schertlerlaw.com
Florida Bar No.: 1013933
**Schertler Onorato Mead & Sears**
555 13th Street, N.W.
Suite 500 West
Washington, D.C. 20004
Telephone: 202-628-4155
*Attorney for the Defendants*
*John Podesta*
*HFACC, Inc.*

6

Robert P. Trout, Esquire
Rtrout@schertlerlaw.com
**Schertler Onorato Mead & Sears**
555 13th Street, N.W.
Suite 500 West
Washington, D.C. 20004
Telephone: 202-628-4155
*PRO HAC VICE*
*Attorney for the Defendants*
*John Podesta*
*HFACC, Inc.*

William R. Barzee, Esquire
williambarzee@barzeeflores.com
**Barzee Flores**
Courthouse Center, Penthouse One
40 NW Third Street
Miami, Florida 33128
Telephone: 3025-374-3998
*Counsel for the Defendants*
*Robert E. Mook*
*Jack Sullivan*

Andrew J. Ceresney, Esquire
aceresney@debevoise.com
**Debevoise & Plimpton, LLP**
919 Third Avenue
New York, NY 10022
Telephone: 212-909-6000
*PRO HAC VICE*
*Attorney for the Defendant*
*Robert E. Mook*

Isabela M. Garcez, Esquire
imgarcez@debevoise.com
**Debevoise & Plimpton, LLP**
919 Third Avenue
New York, NY 10022
Telephone: 212-909-6000
*PRO HAC VICE*
*Attorney for the Defendant*
*Robert E. Mook*

Wendy B. Reilly, Esquire
wbreilly@debevoise.com

**Debevoise & Plimpton, LLP**
919 Third Avenue
New York, NY 10022
Telephone: 212-909-6000
*PRO HAC VICE*
*Attorney for the Defendant*
*Robert E. Mook*

Brian L. Stekloff, Esquire
bstekloff@wilkinsonstekloff.com
**Wilkinson Stekloff, LLP**
2001 M. Street NW, 10th Floor
Washington, D.C. 20036
Telephone: 202-847-4030
*PRO HAC VICE*
*Attorney for the Defendant*
*Jake Sullivan*

Sarah E. Neuman, Esquire
sneuman@wilkinsonstekloff.com
**Wilkinson Stekloff, LLP**
2001 M. Street NW, 10th Floor
Washington, D.C. 20036
Telephone: 202-847-4030
*PRO HAC VICE*
*Attorney for the Defendant*
*Jake Sullivan*

James E. Gillenwater, Esquire
gillenwaterj@gtlaw.com,
**Greenberg Traurig, P.A.**
333 SE 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: 305-579-0500
*Attorney for the Defendant*
*Neustar Security Services*

Allison S. Eisen, Esquire
aeisen@wc.com
**Williams & Connolly, LLP**
380 Maine Avenue, SW
Washington, D.C. 20024
Telephone: 202-434-5000
*PRO HAC VICE*
*Attorney for the Defendant*
*Neustar Security Services*

Kathryn E. Garza, Esquire
kgarza@wc.com
**Williams & Connolly, LLP**
380 Maine Avenue, SW
Washington, D.C. 20024
Telephone: 202-434-5000
*PRO HAC VICE*
*Attorney for the Defendant*
*Neustar Security Services*

John M. McNichols, Esquire
jmcnichols@wc.com
**Williams & Connolly, LLP**
380 Maine Avenue, SW
Washington, D.C. 20024
Telephone: 202-434-5000
*PRO HAC VICE*
*Attorney for the Defendant*
*Neustar Security Services*

Enjolique Aytch Lett, Esquire
lette@gtlaw.com
**Greenberg Traurig, P.A.**
333 SE 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: 305-579-0500
*Attorney for the Defendant*
*Orbis Business Intelligence, Ltd.*

Akiesha Gilchrist Sainvil, Esquire
sainvila@gtlaw.com
**Greenberg Traurig, P.A.**
333 SE 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: 305-579-0500
*Attorney for the Defendant*
*Orbis Business Intelligence, Ltd.*

# EXHIBIT A

This Exhibit lists the Exhibits which are attached and also provides a summary of what each exhibit proves.

### Exhibit 1. DNC Objections
B = Block Billing – $55,119.50
D = Duplicative – $17,720.00
E = Excessive – $4,122.50
V = Vague – $7,175.00
C = Clerical – $390.00
Total Objections = $84,527.00

DNC reported total fees incurred = $170,192.00
Actual total fees incurred = $180,174.00
Actual Total Fees Incurred are $9,982.00 higher than reported by DNC.
Actual Total Fees Incurred minus Total Objections = $95,647.00

### Exhibit 2. Clinton Objections
B = Block Billing – $78,510.00
D = Duplicative – $14,800.00
E = Excessive – $8350.00
V = Vague – $0.00
Total Objections = $101,660.00

Clinton reported total fees incurred = $172,215
Actual total fees incurred = $172,215
Actual Total Fees Incurred minus Total Objections = $70,555.00

### Exhibit 3. HFACC and Podesta Objections
B = Block Billing – $10,620.00
D = Duplicative – $0.00
E = Excessive – $0.00
V = Vague – $0.00
Total Objections = $10,620.00

HFACC and Podesta reported total fees incurred = $20,349.00
Actual total fees incurred = $20,349.00
Actual Total Fees Incurred minus Total Objections = $9,729.00

**Exhibit 5. Mook Objections**
B = Block Billing – $20,820.00
D = Duplicative – $5,797.50
E = Excessive – $2,480.00
V = Vague – $0.00
Total Objections = $29,097.50

Mook reported total fees incurred = $69,610.00
Actual total fees incurred = $69,300.00
Actual Total Fees Incurred are $310.00 lower than reported by Mook.
Actual Total Fees Incurred minus Total Objections = $40,203.00

**Exhibit 6. Fusion Fritsch and Simpson Objections**
B = Block Billing – $8,370.00
D = Duplicative – $5,280.00
E = Excessive – $2,640.00
V = Vague – $0.00
Total Objections = $16,290.00

Fusion Fritsch and Simpson reported total fees incurred = $55,820.00
Actual total fees incurred = $55,820.00
Actual Total Fees Incurred minus Total Objections = $39,530.00

**Exhibit 7. Bruce and Nellie Ohr Objections**
B = Block Billing – $17,200.00
D = Duplicative – $1,750.00
E = Excessive – $1,350.00
V = Vague – $0.00
Total Objections = $20,300.00

Bruce and Nellie Ohr reported total fees incurred = $58,910.00
Actual total fees incurred = $59,710.00
Actual Total Fees Incurred are $800.00 higher than reported by Bruce and Nellie Ohr.
Actual Total Fees Incurred minus Total Objections = $39,410.00

**Exhibit 8. Danchenko Objections**
B = Block Billing – $0.00
D = Duplicative – $0.00
E = Excessive – $0.00
V = Vague – $6,386.00
Total Objections = $6,386.00

Danchenko reported total fees incurred = $17,360.00
Actual total fees incurred = $23,749.00
Actual Total Fees Incurred are $6,389.00 higher than reported by Danchenko.
Actual Total Fees Incurred minus Total Objections = $17,360.00

**Exhibit 10. NSS Objections**
B = Block Billing – $23,260.00
D = Duplicative – $9,140.00
E = Excessive – $1,530.00
V = Vague – $0.00
Total Objections = $33,930.00

NSS reported total fees incurred = $53,220.00
Actual total fees incurred = $50,950.00
Actual Total Fees Incurred are $2,270.00 lower than reported by NSS.
Actual Total Fees Incurred minus Total Objections = $17,020.00

**Exhibit 11. Joffe Objections:**
B = Block Billing – $26,014.00
D = Duplicative – $12,636.00
E = Excessive – $1,512.00
V = Vague – $2,871.00
Total Objections = $43,033.00

Joffe reported total fees incurred = $225,738.85
Actual total fees incurred = $172,864.33
Actual Total Fees Incurred are $52,874.00 lower than reported by Joffe.
Actual Total Fees Incurred minus Total Objections = $129,831.33

**Exhibit 12. Orbis Objections:**
B = Block Billing – $18,990.00
D = Duplicative – $0.00
E = Excessive – $0.00
V = Vague – $0.00
Total Objections = $18,990.00

Orbis reported total fees incurred = $46,325.00
Actual total fees incurred = $46,605.00
Actual Total Fees Incurred are $280.00 higher than reported by Orbis.
Actual Total Fees Incurred minus Total Objections = $27,615.00

Exhibit "A"

# Exhibit 1

1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Donald J. Trump,

               Plaintiff,

    v.

Hillary R. Clinton *et al.*,

               Defendants.

Civil Action No. 2:22-14102-DMM

## DECLARATION OF SHAWN G. CROWLEY IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS AND FEES

I, Shawn G. Crowley, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.      I am a partner at Kaplan Hecker & Fink LLP ("KHF"), counsel of record for the Democratic National Committee and DNC Services Corporation (together, the "DNC") and Congresswoman Debbie Wasserman Schultz in the above captioned matter.

2.      Attached as Exhibit A are the law firm website biographies of the attorneys and staff at KHF for whom the DNC and Congresswoman Wasserman Schultz seek attorneys fees.[1]  The biographies reflect the professional qualifications of those attorneys and staff.

3.      KHF entered into a retention agreement with the DNC and Congresswoman Wasserman Schultz in connection with the present litigation.  The DNC agreed to pay all of KHF's costs, fees, and expenses incurred in connection with the present suit.[2]

4.      Attached as Exhibit B is a true and correct copy of the hours worked by counsel at

---

[1] Attorney Maggie Turner left KHF on June 3, 2022, to begin a federal district court clerkship. Her biographical information is included in Exhibit A, but no website biography is included for her.

[2] The DNC has agreed to pay the fees incurred by Congresswoman Wasserman Schultz in this matter.

KHF for the DNC and Congresswoman Wasserman Schultz. The DNC and Congresswoman Wasserman Schultz seek fees at discounted hourly rates for the attorneys and staff as described in Exhibit B and below. These discounted hourly rates are consistent with the rates this Court concluded were reasonable in *Celsius Holdings, Inc v. A SHOC Beverage, LLC*, No. 21 Civ. 80740, 2022 WL 3568042 (July 19, 2022). Exhibit B also provides an accurate statement of the work provided by KHF during the periods for which discounted fees are sought.

5.      The DNC and Congresswoman Wasserman Schultz also retained the law firm of Gelber Schachter & Greenberg, P.A. ("GSG") to serve as local co-counsel for KHF.

6.      Attached as Exhibit C are the law firm website biographies of the attorneys at GSG for whom the DNC and Congresswoman Wasserman Schultz seek attorneys fees. The biographies reflect the professional qualifications of those attorneys.

7.      GSG entered into a retention agreement with the DNC and Congresswoman Wasserman Schultz in connection with the present litigation. The DNC agreed to pay all of GSG's costs, fees, and expenses incurred in connection with the present suit, and agreed to pay the firm's customary rates with a 25 percent discount.

8.      Attached as Exhibit D is a true and correct copy of the hours worked by counsel at GSG for the DNC and Congresswoman Wasserman Schultz. The DNC and Congresswoman Wasserman Schultz seek fees at the hourly rate for the attorneys as described in Paragraph 7 and Exhibit D. These hourly rates are consistent with the rates this Court concluded were reasonable in *Celsius Holdings, Inc v. A SHOC Beverage, LLC*, No. 21 Civ. 80740, 2022 WL 3568042 (July 19, 2022). Exhibit D also provides an accurate statement of the work provided by GSG during the periods for which discounted fees are sought.

9.      Consistent with the discussion in the Memorandum in Support of Sanctions and the

information provided in Exhibits B and D, I summarize below in Charts A, B, and C the fees associated with three different phases of the case: the fees incurred from the filing of the initial complaint to the filing of the DNC and Congresswoman Wasserman Schultz's initial motion to dismiss; the fees incurred between the filing of the DNC and Congresswoman Wasserman Schultz's motion to dismiss to the Court's order dismissing the suit; and the fees incurred to date in connection with the motion for sanctions.

10.     As reflected in Chart A, the discounted fees incurred by the DNC and Congresswoman Wasserman Schultz from the filing of the initial complaint to the filing of the DNC and Congresswoman Wasserman Schultz's initial motion to dismiss total $137,412.50.

11.     As reflected in Chart B, the discounted fees incurred by the DNC and Congresswoman Wasserman Schultz from the filing of the DNC and Congresswoman Wasserman Schultz's initial motion to dismiss total to this Court's dismissal of the suit total $32,780.00.

12.     As reflected in Chart C, the discounted fees incurred by the DNC and Congresswoman Wasserman Schultz in connection with the motion for sanctions, to date, total $15,632.50.

### Chart A: Fees incurred from Complaint to initial MTD

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Roberta Kaplan | $700 | 16.2 | $11,340.00 |
| Shawn Crowley | $700 | 22.9 | $16,030.00 |
| Joshua Matz | $700 | 42.4 | $29,680.00 |
| Maximillian Feldman | $450 | 63.8 | $28,710.00 |
| Anna Collins Peterson | $375 | 74.0 | $27,750.00 |
| Maggie Turner | $375 | 48.1 | $18,037.50 |
| James Blum | $375 | 2.3 | $862.50 |
| Kelsey Dietrich | $150 | 10.6 | $1,590.00 |
| Gerald Greenberg | $525 | 5.0 | $2,625.00 |
| Christopher Sundby | $262.50 | 3.0 | $787.50 |
| **Total** | | **288.3** | **$137,412.50** |

**Chart B:  Fees incurred initial MTD to dismissal**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Roberta Kaplan | $700 | 4.5 | $3,150.00 |
| Shawn Crowley | $700 | 8.6 | $6,020.00 |
| Joshua Matz | $700 | 0.4 | $ 280.00 |
| Carmen Iguina Gonzalez | $500 | 4.3 | $2,150.00 |
| Maximillian Feldman | $450 | 25.3 | $11,385.00 |
| Anna Collins Peterson | $375 | 18.8 | $7,050.00 |
| Kelsey Dietrich | $150 | 3.4 | $ 510.00 |
| Gerald Greenberg | $525 | 2.9 | $1,522.50 |
| Natalie McGinn | $375 | 1.9 | $ 712.50 |
| **Total** | | **70.1** | **$32,780.00** |

**Chart C:  Fees incurred to date on sanctions motion**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Roberta Kaplan | $700 | 3.6 | $2,520.00 |
| Shawn Crowley | $700 | 4.4 | $3,080.00 |
| Carmen Iguina Gonzalez | $500 | 5.5 | $2,750.00 |
| Maximillian Feldman | $450 | 9.9 | $4,455.00 |
| Anna Collins Peterson | $375 | 5.3 | $1,987.50 |
| Gerald Greenberg | $525 | 1.6 | $ 840.00 |
| **Total** | | **30.3** | **$15,632.50** |

13.     I believe that the discounted rates claimed are reasonable given the professional qualifications of the billers as evidenced in Exhibits A and D for the Southern District of Florida market and given the rates approved by this Court in *Celsius*.

14.     In connection with this case, counsel incurred necessary costs for electronic legal research.  I understand that courts in this Circuit have held that legal research costs are not ordinarily taxable as costs under 28 U.S.C. § 1920, but are properly considered a component of attorneys' fees.  *Springer v. Convergy's Corp.*, No. 3:03-CV-302-J-99MCR, 2006 WL 8439203, at *2 (M.D. Fla. July 7, 2006).  As such, in addition to the discounted fees set out above, the DNC and Congresswoman Wasserman Schultz requests an award of $2,176.69 incurred for electronic

legal research.

15.     Consistent with local Rule 7.3, counsel sent the draft sanctions motion and draft supporting declarations to Plaintiff's counsel on October 5, 2022.  Defendants met and conferred in good faith with Plaintiff's counsel by Microsoft Teams twice, on October 13 and October 26, 2022, but were unable to reach any agreement as to either the Defendants' entitlement to or the amount of fees and expenses not taxable under 28 U.S.C. §1920 that are recoverable from Plaintiff and/or his counsel.

Dated: October 27, 2022                    /s/ *Shawn G. Crowley*
                                          Shawn G. Crowley

# EXHIBIT A

# Roberta A. Kaplan

Partner

T: (212) 763-0883
E: rkaplan@kaplanhecker.com





Roberta ("Robbie") Kaplan is the founding partner of Kaplan Hecker & Fink LLP. In July 2017, Robbie left Paul, Weiss, Rifkind, Wharton & Garrison LLP after 25 years to found Kaplan Hecker & Fink, seeking to build what she calls a "new fashioned, old fashioned" law firm that combines a cutting-edge civil and criminal litigation practice with a groundbreaking commitment to using the courts to serve the public interest.

A renowned litigator with decades of experience in commercial, higher education, and civil rights litigation, *Chambers* observed that Robbie "defines a modern-day legal giant. A towering intellect and a genius in court, with the instincts of a street fighter." Sharon Nelles, head of litigation at Sullivan & Cromwell, is quoted in a profile of Robbie in the *New York Law Journal* explaining that Robbie "just sees things from a thousand different angles all at once, it's hard to keep up with her thought processes. She knows her law cold, she knows the Constitution cold and she's not afraid, if she sees a problem, to go figure out some law that's going to allow her to fix it. She'll find it." "The consensus in the New York legal community is that [Robbie] is a powerhouse," Stephen Gillers, a legal ethics professor at New York University School of Law, told *Bloomberg Law* for a profile. "She's a lawyer that you don't want to see opposing you."

The *Washington Post* has described Robbie as "a brash and original strategist, with neither a gift for patience nor silence, a crusader for underdogs who has won almost every legal accolade imaginable." Among the numerous honors and recognitions Robbie has received, she has been recognized as the 2020 "Attorney of the Year" by the *New York Law Journal*, received a Lifetime Achievement Award from the *New York Law Journal*, and has been honored as "Litigator of the Year" by *The American Lawyer*, "Lawyer of the Year" by *Above the Law*, and "Most Innovative Lawyer of the Year" by *The Financial Times*. *The Financial Times* noted that "the judges had little trouble picking just one of them to win the award for most innovative individual – itself an innovation for the report this year. Robbie Kaplan has been involved in some of the most important legal developments of recent years." Robbie has consistently been listed as one of the top litigators and top women litigators in the country, as well as one of the top lawyers in New York.

## Commercial Litigation

Among Robbie's clients are a wide range of clients in the tech, financial services, and other sectors, including Airbnb, Riot Games, various hedge and private equity funds, Uber, Natixis, Goldman Sachs, and Fitch Ratings, who she represents in their most complex legal challenges, delivering a consistent track record of compelling advocacy, creative arguments, and impressive results.

Robbie has represented a number of companies in tech and the sharing economy. On behalf of Airbnb, she succeeded in obtaining a preliminary injunction on Fourth Amendment grounds blocking a New York City ordinance that would have required Airbnb to turn over massive amounts of data, a prospect that posed significant privacy concerns. See *Airbnb, Inc. v. City of New York*, 373 F. Supp. 3d 467 (S.D.N.Y. 2019) (Engelmayer, J.). Robbie ultimately secured a favorable settlement in that case

**EDUCATION**

B.A., Harvard University, 1988
*magna cum laude and Phi Beta Kappa*

J.D., Columbia University, 1991

**CLERKSHIPS**

Hon. Mark L. Wolf, U.S. District Court for the District of Massachusetts

Hon. Judith S. Kaye, New York Court of Appeals

**FELLOWSHIPS, LEADERSHIP & RECOGNITION**

Leading Corporate Employment Lawyers, *Lawdragon 500*, 2023

Top 10 Women in Litigation, *Benchmark Litigation*

Leading Plaintiff Employment & Civil Rights Lawyers, *Lawdragon 500*, 2021 and 2022

Litigation: General Commercial - New York, *Chambers*, USA Guide, 2020 - 2022

Trailblazer: Plaintiff's Attorney, *The National Law Journal*, 2022

Charles B. Stover Award, University Settlement

Attorney of the Year, *New York Law Journal*

Gotham Great Award, Citizens Union

Legends of 2020, *Lawdragon 500*

Lifetime Achievement Award, *Corporate Counsel's Women, Influence & Power in Law Awards, 2019*

Top 100 Trial Lawyers, *Benchmark Litigation*

*2020 Best Lawyers in America*, Commercial Litigation

addressing those issues. She has also represented Uber in several cases involving significant business and privacy concerns posed by government regulation.

Given that she is a proud New Yorker, Robbie has handled a wide variety of cases representing clients on Wall Street and in the financial services sector, including matters involving stock analysts' recommendations, market timing in mutual funds, reinsurance transactions, and structured finance transactions. In the wake of the financial crisis in 2007, Robbie represented Fitch Ratings for several years in dozens of regulatory investigations and civil litigations in both state and federal court relating to Fitch's credit ratings of RMBS, CDO, and municipal bond transactions. As a result of these and other matters, Robbie has decades of experience dealing with the complex interplay between regulatory investigations and the civil lawsuits that almost inevitably follow. She is currently defending Natixis in a RMBS "repurchase" action in which the complaint seeks more than $500 million in damages.

## Higher Education

Robbie has earned a reputation for helping top universities navigate their most pressing legal challenges. She has represented Columbia University for almost a decade in a number of cases related to Title IX and alleged gender-based misconduct, winning multiple motions to dismiss. See, e.g., *Nungesser v. Columbia Univ.*, 169 F. Supp. 3d 353 (S.D.N.Y. 2016) and *Roskin-Frazee v. Columbia Univ.*, 474 F. Supp. 3d 618 (S.D.N.Y. 2019). Robbie recently secured the dismissal of breach of contract claims in an ongoing litigation against Columbia University seeking hundreds of millions of dollars in tuition refunds related to the COVID-19 pandemic. See *In re Columbia Tuition Refund Action*, No. 20-CV-3208 (JMF), 2021 WL 790638 (S.D.N.Y. Feb. 26, 2021)(Furman, J.). In January 2021, Robbie defeated a motion for a preliminary injunction in federal district court seeking to require Brown University to restore its men's and women's squash teams to varsity status. Robbie similarly secured a favorable settlement for Brown in high-profile litigation related to gender proportionality requirements in its athletics programs. Most recently, Robbie was chosen by the NCAA to conduct an independent investigation into gender equity issues involving the NCAA, including the NCAA women's basketball championships.

## Gender Equity

Robbie has represented a number of women, both as plaintiffs and defendants, who have suffered from domestic abuse, sexual harassment, discrimination, or assault, including the actress Amber Heard in a $50 million defamation lawsuit filed by her ex-husband Johnny Depp, E. Jean Carroll, who sued Donald Trump for defamation in connection with a sexual assault that occurred in the mid-1990s, and "victim #1" in the Southern District of New York indictment of Jeffrey Epstein.

## Public Interest

Throughout her career, Robbie has had a deep-seated commitment to using the law to advance the public interest – she founded Kaplan Hecker in order to put that mission where it deserves to be – at the center of the firm's practice. She is perhaps best known for successfully arguing before the United States Supreme Court on behalf of her client Edith Windsor in *United States v. Windsor*, the landmark case in which the Supreme Court ruled that a key provision of the Defense of Marriage Act (DOMA) violated the U.S. Constitution by barring legally married same-sex couples from enjoying the wide-ranging benefits of marriage. The consequences of the *Windsor* decision were both rapid and profound. Professor Laurence Tribe of Harvard Law School has observed that he could not "think of any Supreme Court decision in history that has ever created so rapid and broad a lower-court groundswell in a single direction as *Windsor*." Following her victory in *Windsor*, Robbie successfully litigated several LGBTQ rights cases in Mississippi, including successfully challenging the City of Starkville's denial of a permit for its first ever LGBTQ pride parade.

One of the very first cases filed by Kaplan Hecker was a high-stakes lawsuit under the Ku Klux Klan Act of 1871 against twenty-four neo-Nazi and white supremacist leaders responsible for organizing the racial- and religious-based violence in Charlottesville in August 2017. See *Sines v. Kessler*, 324 F. Supp. 3d 765 (W.D. Va. 2018). In that case, Robbie and her team won a landmark decision assuring that white nationalists who

Law Power 50 and 2020 Law Power 100, *City & State New York*, 2019

Pride Power 100, *City & State New York*

Top Hollywood Attorney, *The Hollywood Reporter*

Leading Lawyers in America, *Lawdragon 500*, 2017-2022

New York Super Lawyers

Gold Medal Award, New York State Bar Association, 2018

Lifetime Achievement Award, *New York Law Journal*

Inspiration Award, WNBA, 2018

Eleanor Roosevelt Medal of Honor, 2018

Honoree, Alliance for Justice, 2018

Human Relations Award, Anti Defamation League, 2018

Litigator of the Year, American Lawyer, 2013

The 100 Most Influential Lawyers in the U.S., *The National Law Journal*

Lawyer of the Year, *Above The Law*, 2013

Most Innovative Lawyer of The Year, *The Financial Times*, 2014

Medal of Excellence, Columbia Law School

National Equality Award, Human Rights Campaign

Social Action Award, National Council of Jewish Women

Honorary Doctor of Laws, Jewish Theological Seminary

Honorary Doctorate in Humane Letters, Johns Hopkins University

Honorary Doctor of Laws, Millsaps College

### BAR AND COURT ADMISSIONS

U.S. Supreme Court

U.S. Court of Appeals for the First, Second, Third, Fifth, Sixth, Ninth, Tenth, and Eleventh Circuits

U.S. District Court for the Southern District of New York, Eastern District of New York, and Northern District of New York

U.S. District Court for the District of Colorado

New York

Massachusetts

plotted racially motivated violence in 2017 will be held accountable. Robbie has likewise worked to hold Donald Trump accountable for fraudulent conduct in his business activities through her representations of Mary Trump as well as a class of victims of Trump's fraudulent promotion of a multi-level marketing company. As the *Washington Post* noted, "a hallmark of Kaplan Hecker & Fink is crafting complaints in layman's language that packs a wallop. The Mary Trump brief is a doozy..." Mary Trump herself went further when describing Robbie to *Bloomberg Law*: "She's brilliant, she's unrelenting, she can't be intimidated and she's not going to back down. She eats bullies... for lunch."



## Areas of Specialty

Appellate Litigation    Commercial Litigation

Education

Employment, Discrimination, and Sexual Misconduct

Investigations and Crisis Management

Public Interest Litigation

Regulatory Enforcement and Litigation    Trials

\*\*\*

Robbie is the author of the book *Then Comes Marriage: United States v. Windsor and the Defeat of DOMA* (W.W. Norton), chosen by the *L.A. Times* as one of the top 10 books of 2015. President Bill Clinton noted that "*United States v. Windsor* was a landmark ruling and the case's architect, Roberta Kaplan, emerged as a true American hero. *Then Comes Marriage* is a riveting account of a watershed moment in our history, and the strategy, ingenuity, and humanity that made it happen." Rachel Maddow similarly noted that Robbie's book "will forever change the understanding of this landmark case—its genesis, its outside-the-box strategy, and its tactical brilliance."

In addition to an A.B. from Harvard College *magna cum laude* and a J.D. from Columbia Law School (where she teaches a seminar on advanced civil procedure), Robbie holds an Honorary Doctorate of Humane Letters from Johns Hopkins University and an Honorary Doctorate of Laws from the Jewish Theological Seminary, among others.

## Read about Roberta A. Kaplan in our Newsroom



Published on: SEPTEMBER 19, 2022

## Roberta Kaplan Featured on "Amicus with Dahlia Lithwick: Lady Justice and Charlottesville Nazis"

Kaplan Hecker founding partner Roberta ("Robbie") Kaplan joined her dear friend, journalist Dahlia Lithwick on the podcast "Amicus...

KAPLAN HECKER & FINK LLP

ABOUT US    OUR TALENT    OUR WORK    NEWSROOM    CONTACT US    CAREERS    SEARCH

# Joshua Matz

Partner

T: (212) 763-0883
E: jmatz@kaplanhecker.com





Joshua Matz is a partner at Kaplan Hecker & Fink LLP, resident in the DC office.

Joshua's practice includes complex commercial disputes, constitutional and civil rights law, and Supreme Court and appellate litigation. He litigates a wide array of commercial cases, ranging from contract, fraud, and misappropriation disputes to consumer protection and sex discrimination matters. He advises individuals and companies on their response to congressional and state attorney general inquiries, participates in sensitive internal investigations, and supports clients seeking to navigate complex legal questions. Along with several of his colleagues at Kaplan Hecker, Joshua has represented Brown and Columbia Universities in Title IX litigation.

Joshua maintains a substantial civil rights and constitutional practice. His cases have ranged across LGBTQ rights, religious liberty, reproductive rights, freedom of speech, privacy, firearm regulation, the right to counsel, due process, and the scope of constitutional remedies. He has represented individual clients, civil rights organizations, non-profits, companies, current and former government officials, cities, states, and congressional committees. While many of these representations have involved litigation, he also provides practical counsel to clients who seek to assess their options and risk profile in areas of legal uncertainty.

Joshua's list of current and recent representations in this field include:

- The Governors of Wisconsin and Pennsylvania in defending their states' congressional districting maps against challenges at the U.S. Supreme Court
- Two New York State legislators in a lawsuit against the NYPD for police misconduct during the May 2020 Black Lives Matter protests
- The Commonwealth of Pennsylvania in defending its certification of the results of the 2020 presidential election at the U.S. Supreme Court
- Victims of consumer fraud in a federal class action lawsuit against Donald J. Trump, his adult children, and the Trump Organization
- Students, parents, teachers, and LGBTQ rights groups in challenging Florida H.B. 1557 (the "Don't Say Gay" law)
- Governor Andy Beshear of Kentucky in defending the constitutionality of his COVID-19 public health orders at the U.S. Supreme Court
- The Federal Defenders of New York in a statutory and constitutional challenge to attorney access policies at the Metropolitan Detention Center
- The SEIU in opposing a petition for certiorari seeking U.S. Supreme Court review of the constitutionality of a state access to information law
- Former Judge John Gleeson as court-appointed amicus in proceedings before Judge Emmett Sullivan in *United States v. Michael T. Flynn*
- The House Judiciary Committee in litigation seeking to compel testimony by former White House Counsel Don McGahn
- The City of Philadelphia in *Fulton v. Philadelphia*—a U.S. Supreme Court merits case involving a First Amendment challenge to the City's contractual non-discrimination requirements for foster care providers.

Joshua is also an experienced defamation litigator. His current and recent defamation representations include:

- representing E. Jean Carroll in a case against Donald J. Trump for defamatory statements Trump made in response to Ms. Carroll's public revelation that he had

## EDUCATION

B.A., University of Pennsylvania, 2008 *magna cum laude*

M.S.T., Oxford University, 2009 *with distinction*

J.D., Harvard University, 2012 *magna cum laude*

## CLERKSHIPS

Hon. Anthony M. Kennedy, Supreme Court of the United States

Hon. Stephen Reinhardt, U.S. Court of Appeals for the Ninth Circuit

Hon. J. Paul Oetken, U.S. District Court for the Southern District of New York

## FELLOWSHIPS, LEADERSHIPS & RECOGNITION

40 & Under Hot List, *Benchmark Litigation*, 2020 - 2022

Rising Star of the Courtroom, *Business Insider*, 2022

Appellate Rising Star, *Law360*, 2022

Young Lawyer of the Year, *The American Lawyer*, 2021

Leading Plaintiff Employment & Civil Rights Lawyers, *Lawdragon 500*, 2021 and 2022

List of Most Influential People in Washington, *Washingtonian Magazine*, 2021 and 2022

Kentucky Colonel, Commonwealth of Kentucky

Future Star, *Benchmark Litigation*

Elite Trial Lawyers List, Rising Star, *The National Law Journal*, 2021

D.C. Rising Star, *The National Law Journal*, 2020

"30 under 30" Law & Policy List, *Forbes Magazine*, 2014

Articles & Book Reviews Chair, *Harvard Law Review*

## BAR AND COURT ADMISSIONS

U.S. Supreme Court

11

sexually assaulted her

- successfully obtaining the dismissal of two state court defamation cases brought by Rep. Devin Nunes against Liz Mair for her political criticism.

- representing Stanford Medical School faculty who were threatened with a defamation suit for scientific criticism of policies advocated by former White House Coronavirus Advisor Dr. Scott Atlas.

Joshua has also filed amicus briefs on behalf of legal scholars, civil rights organizations, public officials, and medical experts. These briefs have addressed issues including:

- The denial of service to same-sex couples based on religious objections
- The legality of emergency public health measures issued amid the pandemic
- Protecting students against sectarian religious coercion by school personnel
- The history of self-defense law and its implications for firearms regulation
- The availability of compassionate release in light of the First Step Act
- Judicial power to release ICE detainees facing a substantial risk of harm
- The application of Title VII to anti-LGBT discrimination
- The addition of a citizenship question to the census
- The exclusion of transgender persons from the military
- The need for due process limits on suggestive in-court eyewitness identifications
- The illegality of denying Medicaid coverage for gender-affirming surgeries
- The lawfulness of election administration grant programs.

In February 2021, Joshua took a leave of absence from the firm to serve as Impeachment Counsel to the House Judiciary Committee for the second Senate trial of President Trump; he previously served among counsel to the House Judiciary Committee for the first impeachment and trial of President Trump.

Alongside his litigation experience, Joshua has written for diverse audiences about legal issues. His articles have appeared in *The Washington Post, The Wall Street Journal, The Harvard Law Review Forum, The University of Chicago Law Review, The Fordham Law Review, The Daily Journal, The Guardian, The Atlantic,* and *Wired,* and he has been invited to speak at Harvard Law School, the 92nd Street Y, the ABA LGBT+ Forum, the National Constitution Center, and Politics & Prose. Joshua also serves as an Adjunct Professor at Georgetown Law School, where he co-teaches "Constitutional Litigation and the Executive Branch." Additionally, Joshua serves on the Board of Directors for Citizens for Responsibility and Ethics in Washington (CREW).

In March 2012, Joshua and Larry Tribe of Harvard Law School published "The Constitutional Inevitability of Same-Sex Marriage," 71 Md. L. Rev. 471 (2012). In June 2014, they published an award-winning book, *Uncertain Justice: The Roberts Court and the Constitution* (Henry Holt). In May 2018, they published their second book together, *To End a Presidency: The Power of Impeachment* (Basic Books). *The Economist* proclaimed this book "the definitive treatment of a vital subject."

Following law school, Joshua clerked for Judge J. Paul Oetken of the Southern District of New York, Judge Stephen Reinhardt of the Ninth Circuit Court of Appeals, and Justice Anthony M. Kennedy of the United States Supreme Court.

Joshua has received widespread acclaim for his work. In 2021, he was recognized by *The American Lawyer* as a "Young Lawyer of the Year"; more recently, *Law360* named him an "Appellate Rising Star" and *Business Insider* described him as a "Rising Star of the Courtroom." He has also been named to *Washingtonian Magazine's* List of Most Influential People in Washington in both 2021 and 2022. In January 2021, Joshua was commissioned by Governor Andy Beshear as a Kentucky Colonel for successfully defending the Governor's COVID-19 public health measures at the Supreme Court. In 2014, *Forbes* named Joshua to its "30 under 30" Law & Policy List—and in 2016 it named him an "Alumni All-Star" of past honorees.

Joshua received his JD, *magna cum laude,* from Harvard Law School. While in law school, he interned at the Public Citizen Litigation Group and the Federal Defenders of New York. He also served as Articles & Book Reviews Chair of the Harvard Law Review. Joshua received his MSt, with distinction, from Oxford University, and his BA, *magna cum laude,* from the University of Pennsylvania.



U.S. Courts of Appeals for the District of Columbia, Second, Third, Fourth, Fifth, Seventh, Ninth, and Tenth Circuits

U.S. District Court for the Southern District of New York and Eastern District of New York

U.S. District Court for the District of Columbia

U.S. District Court for the District of Colorado

U.S. District Court for the Western District of Michigan

U.S. District Court for the Eastern District of Wisconsin

New York

District of Columbia

## Areas of Specialty



Appellate Litigation   Commercial Litigation
Congressional Investigations   Education
Employment, Discrimination, and Sexual Misconduct
Investigations and Crisis Management
Public Interest Litigation

KAPLAN HECKER & FINK LLP

ABOUT US    OUR TALENT    OUR WORK    NEWSROOM    CONTACT US    CAREERS    SEARCH

# Shawn G. Crowley

Partner

T: (212) 763-0883
E: scrowley@kaplanhecker.com





Shawn G. Crowley is a partner at Kaplan Hecker & Fink LLP, resident in the New York office.

A highly accomplished former federal prosecutor with a successful track record in high-profile criminal and commercial matters, Shawn helps corporate and individual clients to navigate and resolve complex internal and government-led investigations, and to implement effective compliance and remediation programs.

Shawn has a diverse white-collar practice, representing companies and individuals in connection with white-collar criminal defense and investigations by the Department of Justice, the Securities and Exchange Commission, the Treasury Department's Office of Foreign Asset Control, the Commodities Futures Trading Commission, and state and local enforcement agencies. These matters and investigations have included, among other things, alleged insider trading, securities and wire fraud, sanctions evasion, money laundering, and diversion of controlled substances. Shawn also maintains a broad civil practice, including advising clients in matters concerning allegations of harassment and discrimination, as well as contractual and labor and employment disputes.

Shawn has briefed and argued numerous appeals before the U.S. Court of Appeals for the Second Circuit. Her contributions to public service have been recognized with the Director's Award for Superior Performance by a Litigative Team and the U.S. Department of Justice Assistant Attorney General's Award.

Shawn's current and recent representations include:

- Representing employees of a major financial services institution in connection with DOJ and SEC investigations into block trading

- Representing the former CEO of a global technology company in a state attorney general criminal investigation of insider trading

- Representing employees of a Wall Street bank in connection with an SEC inquiry into the bank's preservation of off-channel communications

- Representing various individuals in separate federal criminal investigations into insider trading

- Representing the former founder and head of a crypto-currency hedge fund who was prosecuted by the U.S. Attorney's Office of the Southern District of New York for fraud

- Representing the principal of a financial services firm in connection with DOJ and SEC investigations into short trading and market manipulation.

- Representing a witness in a criminal investigation into a real estate company for potential wrongdoing

- Representing the Democratic National Committee in connection with a criminal investigation relating to the 2016 presidential election, as well as a defamation and civil RICO suit brought by former president Donald J. Trump

- Representing an employee of New York-based non-profit in DOJ investigation into potential kickback scheme

- Representing professional athletes with claims of harassment

- Representing a financial services firm in an SEC investigation related to SPACs

- Representing a former officer of a fortune-500 company in connection with a DOJ/SEC accounting fraud investigation

**EDUCATION**

B.A., Northwestern University, 2006

J.D., Columbia Law School, 2011

**CLERKSHIPS**

Hon. Lewis A. Kaplan, U.S. District Court for the Southern District of New York

**FELLOWSHIPS, LEADERSHIP & RECOGNITION**

Best Lawyers: One to Watch, Litigation - Securities, *Best Lawyers*, 2023

40 & Under Hot List, *Benchmark Litigation*, 2022

Leading Plaintiff Employment & Civil Rights Lawyers, *Lawdragon 500*, 2022

Director's Award for Superior Performance by a Litigative Team, 2019

U.S. Department of Justice Assistant Attorney General's Award, 2019

James Kent Scholar, Columbia Law School

Harlan Fisk Stone Scholar, Columbia Law School

Editor-in-Chief, *Columbia Journal of Environmental Law*

Alfred S. Forsyth Prize for Excellence in Environmental Law, Columbia Law School

**BAR AND COURT ADMISSIONS**

U.S. Court of Appeals for the Second Circuit

U.S. District Court for the Southern District of New York

New York

## Areas of Specialty

Appellate Litigation    Cryptocurrency

13

- Representing an individual in connection with a Commodity Futures Trading Commission investigation into swaps trading at a large commercial bank
- Representing an employee of a major transport-solutions company in connection with a DOJ investigation into the company's compliance measures
- Representing a non-profit homeless services provider in connection with state and federal criminal investigation into its former CEO relating to embezzlement and kickbacks

Cybersecurity and Data Privacy

Employment, Discrimination, and Sexual Misconduct

FCPA and Anti-Corruption

Investigations and Crisis Management

Public Interest Litigation

Regulatory Enforcement and Litigation

Securities Enforcement and Litigation    Trials

White Collar Criminal Defense

Shawn joined the firm after serving for more than six years as an Assistant United States Attorney in the United States Attorney's Office for the Southern District of New York, during which time she investigated, supervised, and prosecuted a variety of cases, including matters involving terrorism and national security offenses, sanctions violations, money laundering, cyber-terrorism, opioid diversion, and international narcotics trafficking. Shawn was Co-Chief of both the Narcotics Unit and Terrorism and International Narcotics Unit, supervising dozens of Assistant U.S. Attorneys, investigators, and other personnel in investigations, prosecutions, and trials involving a wide range of national security, drug trafficking, and white-collar offenses.

Notable cases that Shawn supervised include the first-ever felony charges against an opioid distributor, Rochester Drug Co-Operative, and its former chief executive officer and chief compliance officer, in 2019, which resulted in a trial conviction, deferred prosecution agreement, imposition of a monitorship and $20 million fine, and guilty pleas; sanctions evasion, money laundering, and fraud charges against Türkiye Halk Bankası A.Ş. or "Halkbank," for its alleged participation in a multi-billion-collar Iranian sanctions-evasion scheme; the capital prosecution of Sayfullo Saipov for the alleged 2017 truck attack in Tribeca; and the coordinated narcotics-trafficking charges against five doctors and two other health care professionals for oxycodone diversion in 2018. Shawn also supervised the 2020 prosecution of the sitting president of Venezuela, Nicolás Maduro, and other high-level Venezuelan officials, on charges of narco-terrorism and weapons offenses.

Shawn has tried numerous cases as a prosecutor, including those involving terrorism offenses, money laundering, opioid diversion, racketeering, murder, and narcotics trafficking. These included the trial and conviction of the so-called "Chelsea Bomber," Ahmad Khan Rahimi, for perpetrating a terrorist attack bombing in the Chelsea neighborhood of Manhattan in October 2016, and the trial and conviction of Akayed Ullah for his attempted suicide bombing in the Times Square subway station in 2017. Shawn previously served as a Lecturer-in-Law at Columbia Law School, where she supervised externships for law students within the Southern District of New York. She began her career as an associate at Cravath, Swaine & Moore LLP where she maintained a broad commercial litigation practice with a focus on matters involving violations of federal securities and antitrust laws, and served as a law clerk to the Honorable Lewis A. Kaplan of the United States District Court for the Southern District of New York.

Shawn received her JD from Columbia Law School, where she was a James Kent Scholar, a Harlan Fisk Stone Scholar, the editor-in-chief of the *Columbia Journal of Environmental Law*, and a recipient of the Alfred S. Forsyth Prize for Excellence in Environmental Law. She received her BA from Northwestern University.

## Read about Shawn G. Crowley in our Newsroom



Published on: JULY 27, 2022

**Several Partners Named to Benchmark Litigation's 2022 40 & Under Hot List**

Kaplan Hecker & Fink LLP is proud to announce partners Shawn Crowley, Joshua Matz, John Quinn, and Ray Tolentino have been named to Benchmark Litigation's 2022...READ MORE



Published on: JUNE 16, 2022

**Kaplan Hecker & Fink Attorneys Named to 2022 Lawdragon 500 Leading Plaintiff Employment & Civil Rights Lawyers Guide**

NEW YORK, NY, June 16, 2022 – Kaplan Hecker & Fink LLP is pleased to announce that 10 of its lawyers have been named to the 2022 Lawdragon 500 Leading...READ...



Published on: MAY 24, 2022

**New York's Adult Survivors Act (A648/S66)**

On May 24, Governor Hochul signed into law the Adult Survivors Act (A648/S66) (the "Act"). The Act amends New York's Civil Practice Law and Rules ("CPLR") to...READ MORE

14

# Carmen Iguina González

Counsel

T: (212) 763-0883
E: ciguinagonzalez@kaplanhecker.com





Carmen Iguina González is counsel at Kaplan Hecker & Fink, resident in the DC office. She joined the firm in 2022.

Carmen specializes in appellate and complex civil litigation and has substantial experience representing clients in matters related to administrative, constitutional, and civil rights law. She is a nationally renowned civil rights litigator whose work has advanced the rights of immigrants and people of color, including litigation concerning the right to legal representation, basic fairness in removal proceedings, and critical protections against arbitrary detention. She has won path-breaking court rulings, advocated for the rights of asylum seekers, unaccompanied immigrant children, families, and other immigrants seeking refuge in the United States, and has worked with federal, state, and local governments to enact policies aimed at protecting immigrant communities. In addition to her legal work, Carmen advocates for immigrants' rights and has frequently written on related topics, including California immigration legislation, injustices in the asylum-seeking process, and the mistreatment of immigrants with serious mental disabilities in immigration detention centers.

Carmen is a member of the Hispanic Bar Association of the District of Columbia, the Hispanic National Bar Association, and the DC Circuit Standing Committee on Pro Bono Legal Services. She also serves as a mentor to young lawyers through The Appellate Project, NYU Birnbaum Women's Leadership Network Fellows Program, and the NYU Law Alumni of Color Association. In 2022, Carmen was recognized by the Hispanic National Bar Association among their "Top Attorneys Under 40." She has also been recognized in 2018 as a "40 Under 40 Rising Star" by the NYU Law Alumni of Color Association, in 2016 as a California Attorney of the Year (Immigration), and in 2014 as the recipient of the American Immigration Lawyers Association, Jack Wasserman Memorial Award.

Carmen joined the firm from the ACLU Immigrants' Rights Project, where she worked as a Senior Staff Attorney. At the ACLU, Carmen developed and led complex civil rights litigation and engaged in advocacy to protect the rights of immigrant communities, including constitutional, statutory, and administrative law challenges to detention practices, restrictions on asylum, and immigration enforcement abuses. She represented immigrant detainees in challenges concerning the adequacy of procedures afforded at initial bond hearings. Carmen also served as counsel for plaintiffs in litigation challenging the practice of forcibly separating children from their parents at the US border. She also represented asylum seekers and organizational plaintiffs before the US Supreme Court and federal district court in challenges to the "Remain in Mexico" immigration policy.

Carmen has served as a law clerk at every level of the federal judiciary, having clerked for the Hon. Sonia Sotomayor of the Supreme Court of the United States, the Hon. Stephen R. Reinhardt of the United States Court of Appeals for the Ninth Circuit, and the Hon. Kiyo A. Matsumoto of the United States District Court for the Eastern District of New York.

**EDUCATION**

AB, Harvard University, 2005
*magna cum laude*

JD, New York University School of Law, 2010
*magna cum laude*

Root Tilden Kern Scholar

**CLERKSHIPS**

Hon. Sonia Sotomayor, US Supreme Court of the United States

Hon. Stephen R. Reinhardt, US Court of Appeals for the Ninth Circuit

Hon. Kiyo A. Matsumoto, US District Court for the Eastern District of New York

**FELLOWSHIPS, LEADERSHIP & RECOGNITION**

Top Attorneys Under 40, Hispanic National Bar Association, 2022

40 Under 40 Rising Star, NYU Law Alumni of Color Association, 2018

California Attorney of the Year (Immigration), 2016

American Immigration Lawyers Association, Jack Wasserman Memorial Award, 2014

Prior to joining the ACLU as Senior Staff Attorney, Carmen was an associate for Jones Day, where she represented clients in complex civil, criminal, and administrative matters as an attorney in the Issues and Appeals practice group. She also maintained an active pro bono docket, including the Laredo Project, which has provided legal counsel, as well as legal education, to over 10,000 asylum seekers who have been detained by the US government. Carmen also represented asylum seekers pro bono in proceedings before the Immigration Court and Board of Immigration Appeals.

From 2012 to 2017, Carmen was an Equal Justice Works Fellow and then a Staff Attorney at the ACLU of Southern California, where her work included acting as counsel in the first case that established a right to appointed legal representation for any group of immigrants facing deportation. This case, *Franco v. Holder*, requires the federal government to provide legal representation to immigrants with serious mental disabilities. She was also counsel in *J.E.F.M. v. Holder*, a nationwide class action lawsuit seeking to require the government to provide children with legal representation in their deportation hearings, and in *Alfaro Garcia v. Holder*, a nationwide class action lawsuit filed on behalf of thousands of immigrants fleeing persecution who had faced months of detention while awaiting reasonable fear determinations.

Beyond her work pertaining to immigrant rights, Carmen has done critical work related to criminal justice. Carmen worked alongside a legal team in *Youth Justice Coalition v. City of Los Angeles*, a class action lawsuit on behalf of thousands of Angelenos against the Los Angeles police and prosecutors who unfairly subjected the plaintiffs to restrictive "gang injunctions" without due process. These "gang injunctions" included court orders that turn common behavior into crimes, such as possessing cell phones, drinking alcohol on your own front porch, and associating with people the police claim are also gang members. Carmen helped develop that litigation, working alongside community organizations to gather facts and interview affected community members, develop the legal claims, and brief key pleadings in the case. The team ultimately settled the case with the City of Los Angeles, ensuring that no resident is subjected to "gang injunctions" without fair warning and process.

Carmen was also lead counsel in *Bridges v. United States*, a criminal habeas appeal before the US Court of Appeals for the Seventh Circuit concerning the right to effective assistance of counsel at sentencing proceedings. *Bridges v. United States* established hugely important precedent in the circuit holding that defense counsel must develop and raise claims that have been foreshadowed in the case law, even when there was no binding in-circuit precedent on that exact issue. Carmen developed the arguments and argued the case before the court of appeals, ultimately securing this important victory for criminal defendants in the circuit.

Carmen received her JD, *magna cum laude*, from New York University School of Law, where she was a Root Tilden Kern Scholar and recipient of the Maurice Goodman Memorial Prize, awarded for outstanding scholarship and character, and the Ann Petluck Poses Memorial Prize, awarded for outstanding work in a clinical course requiring student practice. Carmen also served as an Articles Editor at the *New York University Law Review*. She received her AB, *magna cum laude*, from Harvard University, where she graduated with highest honors in her field and was awarded the Gordon W. Allport Prize for Distinguished Senior Thesis.

Read about Carmen Iguina González in our Newsroom

## Max Feldman

Senior Associate

T: (212) 763-0883
E: mfeldman@kaplanhecker.com





Max Feldman is a senior associate at Kaplan Hecker & Fink LLP.

Max was previously counsel at the Brennan Center for Justice at NYU School of Law, where he litigated high-profile voting rights cases in state and federal courts at both the trial and appellate level. Among his most significant matters were a challenge to Texas Governor Greg Abbott's restrictions on absentee ballot drop-off locations ahead of the 2020 election, a challenge to the security of Georgia's voter registration system that resulted in new provisions of state law, and a lawsuit that prevented Texas from turning over voter data to President Trump's "voter fraud" commission. Max also provided legal and policy advice to policymakers and advocates on election issues, including providing assistance with legislative drafting. Max wrote a number of reports on election administration that have been cited extensively in the media, including by the *New York Times*, the *Washington Post*, the *New Yorker*, and *Vox*. A plan to protect the 2020 election from the coronavirus that he co-authored was widely endorsed by civil rights groups and political scientists.

Prior to his time at the Brennan Center, Max was a litigation associate at Munger, Tolles & Olson LLP. There, he maintained a complex commercial litigation practice, representing clients in a range of industries, including financial services and energy. A significant part of his practice focused on representing major financial institutions in litigation related to mortgages and mortgage-backed securities. In addition, he maintained a *pro bono* practice focused on immigration proceedings. Max also clerked for the Honorable Bruce M. Selya of the U.S. Court of Appeals for the First Circuit.

Max received his J.D. *magna cum laude* from the New York University School of Law, where he was elected to the Order of the Coif and served as an articles editor of the *NYU Law Review*.

Prior to law school, Max worked as a speechwriter, including as the head speechwriter for Governor David Paterson of New York. He graduated from Harvard College with an A.B. in Philosophy.



**EDUCATION**

A.B., Harvard College, 2007

J.D., NYU School of Law, 2013

*magna cum laude*

**CLERKSHIPS**

Hon. Bruce M. Selya, U.S. Court of
Appeals for the First Circuit

**FELLOWSHIPS, LEADERSHIP &
RECOGNITION**

Order of the Coif, NYU School of Law

Florence Allen Scholar, NYU School of
Law

Guarini Scholar, NYU School of Law

Staff Editor, *NYU Law Review*

Articles Editor, *NYU Law Review*

**BAR AND COURT ADMISSIONS**

U.S. Court of Appeals for the Ninth
Circuit

U.S. District Court for the Southern
District of California

U.S. District Court for the Western
District of Michigan

New York

Read about Max Feldman in our Newsroom

17



### KAPLAN HECKER & FINK LLP

ABOUT US   OUR TALENT   OUR WORK   NEWSROOM   CONTACT US   CAREERS   SEARCH

# Anna Collins Peterson

Associate

T: (212) 763-0883
E: apeterson@kaplanhecker.com

+ VCARD



Anna Collins Peterson is an associate at Kaplan Hecker & Fink LLP.

She joined the firm after completing clerkships for the Honorable James A. Wynn, Jr. of the United States Court of Appeals for the Fourth Circuit and the Honorable Rebecca Goodgame Ebinger of the United States District Court for the Southern District of Iowa.

Anna graduated *summa cum laude* from the University of Wisconsin Law School, where she was first in her class. While in law school, she served as the Senior Articles Editor for the *Wisconsin Law Review*. She was inducted into the Order of the Coif and received awards including the Bruce Beilfuss Memorial Award for Service to the Law School, the Gwynette Smalley Law Review Prize, the Mathys Memorial Award for Achievement in Moot Court Competitions, and several Best Performance in Class awards. She also worked on campaign finance and election law as a research assistant to Professor Robert Yablon, provided post-conviction legal assistance to people in Wisconsin state prisons as a student attorney at the Frank J. Remington Center, and took part in the New York City Bar National Moot Court Competition.

Prior to law school, Anna worked as the traveling exhibits coordinator for the Wisconsin Veterans Museum, as a corporate trainer at a software company, and interned in the curator's office of the Supreme Court of the United States. She graduated Phi Beta Kappa from the University of North Carolina at Chapel Hill.



**EDUCATION**

B.A., University of North Carolina at Chapel Hill, 2012

*Phi Beta Kappa*

J.D., University of Wisconsin Law School, 2018

*summa cum laude*

**CLERKSHIPS**

Hon. James A. Wynn, Jr., U.S. Court of Appeals for the Fourth Circuit

Hon. Rebecca Goodgame Ebinger, U.S. District Court for the Southern District of Iowa

**FELLOWSHIPS, LEADERSHIP & RECOGNITION**

Order of the Coif, University of Wisconsin Law School

Bruce Beilfuss Memorial Scholarship for Service to the Law School, University of Wisconsin Law School

Gwynette Smalley Law Review Prize, University of Wisconsin Law School

Mathys Memorial Award for Achievement in Moot Court Competitions, University of Wisconsin Law School

Sonnet Schmidt Edmonds Award for Excellence in Energy Law, University of Wisconsin Law School

Senior Articles Editor, *Wisconsin Law Review*

Rath Foundation Scholarship, University of Wisconsin Law School

**BAR AND COURT ADMISSIONS**

U.S. Court of Appeals for the Fourth Circuit

U.S. District Court for the Western District of Wisconsin

Wisconsin

District of Columbia

New York

Maggie Turner Biography
March 2022

Margaret "Maggie" Turner is an associate at Kaplan Hecker & Fink LLP.

Maggie joined the firm after completing a clerkship with the Honorable Ronald M. Gould of the U.S. Court of Appeals for the Ninth Circuit. Prior to clerking, Maggie was a summer associate at Kellogg, Hansen, Todd, Figel & Frederick PLLC. In 2022, Maggie will clerk for the Honorable Carol Bagley Amon of the U.S. District Court for the Eastern District of New York.

Maggie graduated *magna cum laude* from the University of Michigan Law School, where she was inducted into the Order of the Coif. She served as a Notes Editor for the *Michigan Law Review* and as Co-President of the American Constitution Society. At Michigan, Maggie was a finalist in the Henry M. Campbell Moot Court Competition and later served on the competition's executive board. She also competed on the mock trial team and was a finalist at the John L. Costello National Criminal Mock Trial Competition in Washington, D.C. As a student attorney in Michigan's Federal Appellate Litigation Clinic, Maggie represented indigent criminal defendants in the Sixth Circuit. As a 3L, she briefed and argued a successful habeas petition that resulted in a published opinion. During law school, Maggie interned in the Public Integrity Section of the United States Department of Justice, where she focused on public corruption and election law.

Maggie began her career as an English literature teaching fellow at Millfield Senior School in Glastonbury, United Kingdom. She earned her B.A. in political philosophy, policy and law from the University of Virginia in 2014, graduating with distinction.

**EDUCATION**
- B.A., University of Virginia, 2014
  - *with Distinction*
- J.D., University of Michigan, 2020
  - *magna cum laude*

**CLERKSHIPS**
- Hon. Ronald M. Gould, U.S. Court of Appeals for the Ninth Circuit

**FELLOWSHIPS, LEADERSHIP & RECOGNITION**
- Order of the Coif, Michigan Law School
- Notes Editor, *Michigan Law Review*
- Second Place, Henry M. Campbell Moot Court Competition, Michigan Law School
- Problem Chair, Henry M. Campbell Moot Court Competition Board, Michigan Law School
- Co-President, American Constitution Society, Michigan Law School

**BAR AND COURT ADMISSIONS**
- New York

1

19

## James Blum

Associate

T: (212) 763-0883
E: jblum@kaplanhecker.com

+ VCARD





James Blum is an associate at Kaplan Hecker & Fink LLP.

Prior to joining Kaplan Hecker, James worked as a student advocate for the NAACP where he wrote memoranda for use in post-conviction cases. He also assisted in the preparation for a state post-conviction evidentiary hearing and researched an amicus brief contesting the constitutionality of the death penalty under state law. Previously, James served as a civil rights intern for the Surveillance Technology Oversight Project where he helped draft bills proposed in the New York Senate and conducted research, drafted testimony, and white papers relating to technologies and procedures threatening New Yorkers' privacy.

James graduated New York University School of Law where he was a Marden Moot Court Competition semifinalist and a staff editor for *Review of Law & Social Change*. He also worked as a research and teaching assistant. He earned a B.A. from the University of Michigan in Economics.

**EDUCATION**

B.A., University of Michigan, 2013

J.D., New York University School of Law, 2020

**FELLOWSHIPS, LEADERSHIP & RECOGNITION**

Semifinalist, Marden Moot Court Competition

Staff Editor, *Review of Law & Social Change*

**BAR AND COURT ADMISSIONS**

New York



About Us   Our Talent   Our Work   Newsroom   Contact Us   Careers   Search

© Kaplan Hecker & Fink LLP. This web site contains attorney advertising. Prior results do not guarantee a similar outcome. Privacy Policy and Terms of Use.

# KAPLAN HECKER & FINK LLP

ABOUT US   OUR TALENT   OUR WORK   NEWSROOM   CONTACT US   CAREERS   SEARCH

## Kelsey Dietrich
Senior Case Manager

T: (212) 763-0883
E: kdietrich@kaplanhecker.com

+ VCARD



Kelsey Dietrich is a senior case manager at Kaplan Hecker & Fink LLP.

Kelsey joins the firm after serving as a litigation paralegal at Vedder Price P.C, where she supported teams of attorneys in complex litigations up to and through the trial phase and in responding to DOJ and SEC investigations. She previously worked as a legal secretary and legal assistant at other Chicago-based law firms.

Kelsey also has an extensive background in political volunteering, including work helping to lead volunteer teams in national campaigns. She has similarly served as a public benefits enrollment volunteer for Legal Aid Chicago, assisting applicants for cash assistance and other public benefits to navigate complex government processes.

Kelsey is a *cum laude* graduate of Loyola University Chicago where she majored in International Studies and minored in Spanish and Marketing. She likewise received a Certificate in Paralegal Studies from the University's Institute of Paralegal Studies.

**EDUCATION**

B.A., Loyola University Chicago
*cum laude*



About Us   Our Talent   Our Work   Newsroom   Contact Us   Careers   Search

© Kaplan Hecker & Fink LLP. This web site contains attorney advertising. Prior results do not guarantee a similar outcome. Privacy Policy and Terms of Use.

21

# EXHIBIT B

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 3/24/2022 | Anna Peterson | $375.00 | 2.9 | $1,087.50 | Review media coverage of complaint filed against client; review complaint and draft summary for client and team of the same; correspond with team about the same. |
| 3/24/2022 | Roberta Kaplan | $700.00 | 1.2 | $840.00 | Analysis of Trump complaint. |
| 3/24/2022 | Shawn Crowley | $700.00 | 0.8 | $560.00 | Correspondence with client; review civil complaint and internal correspondence re same; call with client re █████ |
| 3/25/2022 | Roberta Kaplan | $700.00 | 1.2 | $840.00 | E-mails re: defenses, motion to dismiss. |
| 3/29/2022 | Shawn Crowley | $700.00 | 0.6 | $420.00 | Review complaint. |
| 4/3/2022 | Joshua Matz | $700.00 | 0.7 | $490.00 | Prepare for and participate in call with Shawn + continue review of case. |
| 4/3/2022 | Shawn Crowley | $700.00 | 0.9 | $630.00 | Conference with J. Matz re strategy. |
| 4/4/2022 | Joshua Matz | $700.00 | 0.2 | $140.00 | Email potential local counsel. |
| 4/4/2022 | Maximillian Feldman | $450.00 | 0.4 | $180.00 | Telephone conference with A. Peterson regarding case status; review docket; review motion to disqualify judge. |
| 4/4/2022 | Roberta Kaplan | $700.00 | 0.5 | $350.00 | E-mails re: local counsel; recusal motion. |
| 4/4/2022 | Shawn Crowley | $700.00 | 0.1 | $70.00 | Correspondence re local counsel. |
| 4/5/2022 | Joshua Matz | $700.00 | 1.3 | $910.00 | Conversation with Monica + conversation with potential local counsel + ████████ |
| 4/5/2022 | Maximillian Feldman | $450.00 | 1.0 | $450.00 | Correspondence with J. Matz and S. Crowley regarding recusal motion; draft litigation hold notice. |
| 4/5/2022 | Shawn Crowley | $700.00 | 2.0 | $1,400.00 | Call with J. Matz and local counsel; review complaint; calls with client. |
| 4/6/2022 | Anna Peterson | $375.00 | 1.8 | $675.00 | Review █████ and make edits to the same; call with prior counsel to discuss █████ and take notes on the same. |
| 4/6/2022 | Joshua Matz | $700.00 | 4.5 | $3,150.00 | Review complaint and continue revisions to ████ |
| 4/6/2022 | Kelsey Dietrich | $150.00 | 0.1 | $15.00 | Add deadline for DNC response in Trump v. Clinton to docketing calendar. |

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 4/6/2022 | Maximillian Feldman | $450.00 | 1.4 | $630.00 | Revise [redacted] and email correspondence with A. Peterson regarding same; circulate [redacted] to KHF team; email correspondence with M. Guardiola and G. Wilson regarding [redacted]; telephone conference with G. Wilson, M. Parnell, and KHF team regarding [redacted] |
| 4/6/2022 | Shawn Crowley | $700.00 | 0.6 | $420.00 | Call with Graham Wilson re [redacted] |
|  | Anna Peterson | $375.00 | 5.4 | $2,025.00 | Review order denying motion to recuse; call with J. Matz, S. Crowley, and M. Feldman to discuss [redacted] take notes on the same; follow up call with M. Feldman to discuss research needed for [redacted] and other outstanding tasks; review case law and treatises addressing legal claims against client; analyze in light of complaint; draft document summarizing legal claims and allegations for purposes of [redacted] |
| 4/7/2022 | Joshua Matz | $700.00 | 2.8 | $1,960.00 | Continue review of Complaint + study Court's recusal order + email client update [redacted] + call w counsel to Gibson Dunn. |
| 4/7/2022 | Kelsey Dietrich | $150.00 | 0.3 | $45.00 | Set docket updates for Trump v. Clinton matter to be distributed to team; attention to file management. |

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 4/7/2022 | Maximillian Feldman | $450.00 | 2.5 | $1,125.00 | Telephone conference with J. Matz, S. Crowley, A. Peterson regarding [redacted]; analysis regarding [redacted] and draft email to client regarding same; review A. Peterson analysis of claims in connection with [redacted]; email correspondence with J. Matz concerning [redacted]. |
| 4/7/2022 | Shawn Crowley | $700.00 | 1.2 | $840.00 | Common interest call with counsel for Perkins Coie re strategy. |
| 4/11/2022 | Joshua Matz | $700.00 | 0.5 | $350.00 | Call w Levy Firestone counsel re: case strategy. |
| 4/11/2022 | Joshua Matz | $700.00 | 1.4 | $980.00 | Client call re: [redacted] |
| 4/11/2022 | Shawn Crowley | $700.00 | 1.1 | $770.00 | Common interest call with counsel for Fusion and discussion with J. Matz re same; call with client re [redacted] |
| 4/12/2022 | Anna Peterson | $375.00 | 0.1 | $37.50 | Review documents showing service sent by J. Matz and coordinate with case manager for workspace organization. |
| 4/12/2022 | Joshua Matz | $700.00 | 0.4 | $280.00 | Further outreach re: potential local counsel. |
| 4/12/2022 | Joshua Matz | $700.00 | 0.1 | $70.00 | Correspond w client re: [redacted] Send Monica an email [redacted] |
| 4/12/2022 | Joshua Matz | $700.00 | 0.3 | $210.00 | [redacted] |
| 4/12/2022 | Joshua Matz | $700.00 | 0.7 | $490.00 | Call with Graham Wilson + follow up. |
| 4/12/2022 | Kelsey Dietrich | $150.00 | 0.5 | $75.00 | Attention to file management of received summonses. |
| 4/13/2022 | Anna Peterson | $375.00 | 0.2 | $75.00 | Review notes from call with common interest group and email S. Crowley about the same. |
| 4/13/2022 | Joshua Matz | $700.00 | 0.4 | $280.00 | Review email summary of common interest call earlier in day re: litigation strategy. |
| 4/13/2022 | Joshua Matz | $700.00 | 2.0 | $1,400.00 | Revise and send client draft [redacted] |
| 4/13/2022 | Joshua Matz | $700.00 | 0.7 | $490.00 | Calls and emails re: obtaining local counsel. |
| 4/13/2022 | Shawn Crowley | $700.00 | 0.7 | $490.00 | Common interest call; discussion with J. Matz re strategy. |

25

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 4/14/2022 | Anna Peterson | $375.00 | 0.5 | $187.50 | Call with S. Crowley to discuss case status and needed research; review previous research on claims in complaint. |
| 4/14/2022 | Shawn Crowley | $700.00 | 0.3 | $210.00 | Conference with Anna Collins Peterson re strategy. |
| 4/15/2022 | Anna Peterson | $375.00 | 2.7 | $1,012.50 | Research claims in complaint and potential defenses; take notes on the same. |
| 4/15/2022 | Joshua Matz | $700.00 | 0.4 | $280.00 | Call re: local counsel representation. |
| 4/15/2022 | Kelsey Dietrich | $150.00 | 0.7 | $105.00 | Compile recent court filings in Trump v. Clinton. |
| 4/15/2022 | Shawn Crowley | $700.00 | 1.0 | $700.00 | Call with potential local counsel Wilfredo Ferrer. |
| 4/16/2022 | Maximillian Feldman | $450.00 | 0.1 | $45.00 | Review docket updates. |
| 4/17/2022 | Maximillian Feldman | $450.00 | 0.4 | $180.00 | Review Court order concerning trial date and email correspondence with KHF team regarding same; review Williams & Connolly draft motion to dismiss. |
| 4/18/2022 | Anna Peterson | $375.00 | 2.2 | $825.00 | Research ▮▮▮▮▮; analyze the same in light of allegations in complaint; take notes on the same; draft email to M. Feldman summarizing the same. |
| 4/18/2022 | Joshua Matz | $700.00 | 0.9 | $630.00 | Correspondence re: declination by potential local counsel and follow up with Monica re: next steps ▮▮▮▮▮ |
| 4/18/2022 | Maximillian Feldman | $450.00 | 0.7 | $315.00 | Telephone conference with A. Peterson regarding case status; correspondence with S. Crowley regarding claims; email correspondence with A. Peterson regarding research and review research. |
| 4/19/2022 | Anna Peterson | $375.00 | 0.8 | $300.00 | Call with team to discuss status and plan for filings; review docket alerts and brief sent by common interest counsel. |
| 4/19/2022 | Joshua Matz | $700.00 | 0.5 | $350.00 | Prepare for and participate in call with Shawn, Max, and Anna re: latest developments and next steps in MTD practice. |
| 4/19/2022 | Joshua Matz | $700.00 | 0.7 | $490.00 | Prepare for, participate in, and debrief call with potential local counsel. |

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 4/19/2022 | Maximillian Feldman | $450.00 | 2.4 | $1,080.00 | Telephone conference with J. Matz, S. Crowley, and A. Peterson regarding motion to dismiss; review complaint and legal research regarding same. |
| 4/19/2022 | Shawn Crowley | $700.00 | 0.6 | $420.00 | Team conference re strategy; correspondence with client. |
| 4/19/2022 | Joshua Matz | $700.00 | 0.2 | $140.00 | Correspond w/ DWS staff re: ▮▮▮ |
| 4/20/2022 | Anna Peterson | $375.00 | 5.2 | $1,950.00 | Take notes on allegations in complaint specific to client; review case law and treatises addressing ▮▮▮ analyze the same in light of allegations in complaint; take notes on the same. |
| 4/20/2022 | Joshua Matz | $700.00 | 1.3 | $910.00 | Prepare for, participate in, and update client on joint defense call re: motion to dismiss strategy. |
| 4/20/2022 | Kelsey Dietrich | $150.00 | 0.7 | $105.00 | Prepare binder for S. Crowley of briefs in Trump v. Clinton matter. |
| 4/20/2022 | Maximillian Feldman | $450.00 | 0.2 | $90.00 | Draft motion to dismiss outline. |
| 4/20/2022 | Joshua Matz | $700.00 | 0.3 | $210.00 | Correspond with David Damron re: scheduling call and ▮▮▮ |
| 4/21/2022 | Anna Peterson | $375.00 | 5.3 | $1,987.50 | Call with M. Turner to discuss matter and research needs; review motion to dismiss filed by other defendant to identify arguments to incorporate; call with M. Feldman to discuss arguments, additional research, and plan for outlining brief. |
| 4/21/2022 | Joshua Matz | $700.00 | 0.8 | $560.00 | Participate in and follow up on call with Monica. |
| 4/21/2022 | Joshua Matz | $700.00 | 0.2 | $140.00 | Email update to Monica re: ▮▮▮ |
| 4/21/2022 | Joshua Matz | $700.00 | 0.2 | $140.00 | Correspond with KHF team about timing on drafting MTD. |
| 4/21/2022 | Joshua Matz | $700.00 | 0.7 | $490.00 | Review draft MTD circulated by HRC counsel. |
| 4/21/2022 | Joshua Matz | $700.00 | 0.2 | $140.00 | Further update to Monica re: ▮▮▮ |
| 4/21/2022 | Joshua Matz | $700.00 | 1.5 | $1,050.00 | Correspondence w counsel to HRC + additional legal research into structure of draft MTD. |

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 4/21/2022 | Maggie Turner | $375.00 | 4.5 | $1,687.50 | Met with J. Matz and A. Peterson to discuss new matter; reviewed and analyzed background materials (complaint, Clinton motion to dismiss, research documents) and began research into elements of claims. |
| 4/21/2022 | Maximillian Feldman | $450.00 | 1.0 | $450.00 | Telephone conference with A. Peterson regarding outline of brief and research; review A. Peterson research. |
| 4/21/2022 | Shawn Crowley | $700.00 | 0.8 | $560.00 | Call with DWS staff re ▮ |
| 4/21/2022 | Joshua Matz | $700.00 | 0.8 | $560.00 | Prepare for and participate in call with David, Tracie, and Steve about ▮ |
| 4/21/2022 | Joshua Matz | $700.00 | 0.2 | $140.00 | Correspond with local counsel about ▮ |
| 4/22/2022 | Anna Peterson | $375.00 | 3.3 | $1,237.50 | Draft outline of arguments for motion to dismiss regarding ▮; review briefs addressing similar claims, analyze in light of allegations in complaint, and take notes on the same. |
| 4/22/2022 | Joshua Matz | $700.00 | 0.3 | $210.00 | Correspond with Monica re: ▮ |
| 4/22/2022 | Joshua Matz | $700.00 | 0.3 | $210.00 | Review email received from Gibson Dunn re: proposed motion for extension of time to respond to answer, and follow up urgently with Monica re: ▮ |
| 4/22/2022 | Joshua Matz | $700.00 | 1.2 | $840.00 | Correspond with local counsel about ▮ + follow up correspondence w local counsel. |
| 4/22/2022 | Kelsey Dietrich | $150.00 | 0.3 | $45.00 | Internal correspondence re pro hac vice appearance for S. Crowley; attention to file management. |

28

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 4/22/2022 | Maximillian Feldman | $450.00 | 3.0 | | Analysis regarding complaint and Clinton brief; telephone conference with A. Peterson regarding motion to dismiss brief; draft outline of ███████ of ███████ |
| 4/22/2022 | Shawn Crowley | $700.00 | 0.2 | $1,350.00 | motion to dismiss brief. |
| | | | | $140.00 | Discussion with J. Matz re strategy. |
| 4/22/2022 | Joshua Matz | $700.00 | 1.3 | | Emails about ███████ + ███████ connecting to local counsel and w Shawn Crowley + calls |
| | | | | $910.00 | with Gibson Dunn re: status updates |
| 4/23/2022 | Anna Peterson | $375.00 | 0.6 | | Review and circulate filings; draft outline of arguments for motion to dismiss regarding ███████; review briefs addressing similar claims, analyze in ███████ light of allegations in complaint. |
| | | | | $225.00 | |
| 4/23/2022 | Maximillian Feldman | $450.00 | 1.5 | | Draft outline of ███████ of motion to dismiss brief. |
| | | | | $675.00 | |
| 4/23/2022 | Shawn Crowley | $700.00 | 0.6 | | Call with client re ███████; correspondence with local counsel re motion for extension; review motion for extension. |
| | | | | $420.00 | |
| 4/24/2022 | Joshua Matz | $700.00 | 0.4 | | Review correspondence and drafts re: ███████ + filings over Saturday. |
| | | | | $280.00 | |
| 4/24/2022 | Joshua Matz | $700.00 | 0.2 | $140.00 | Correspond w DNC insurer. |
| 4/24/2022 | Joshua Matz | $700.00 | 2.3 | | Further review of the complaint with eye to potential separate legal arguments and MTD strategy. |
| | | | | $1,610.00 | |
| 4/25/2022 | Anna Peterson | $375.00 | 4.3 | | Correspond with M. Turner regarding additional research for motion to dismiss; draft outline of arguments for motion to dismiss regarding ███████; review briefs addressing similar claims, analyze in light of allegations in complaint; review docket entries and update filing deadlines based on the same; review cases addressing ███████ and |
| | | | | $1,612.50 | email M. Feldman about the same. |

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 4/25/2022 | Kelsey Dietrich | $150.00 | 1.8 | $270.00 | Attention to file management; management of Bloomberg alerts for Trump v. Clinton. |
| 4/25/2022 | Maggie Turner | $375.00 | 3.5 | $1,312.50 | Researched ████ |
| 4/25/2022 | Maximillian Feldman | $450.00 | 5.4 | $2,430.00 | Email correspondence with team regarding court order on expedited briefing of Trump motion for extension of time; draft section of motion to dismiss brief concerning ████; legal research iso motion to dismiss brief; correspondence with A. Peterson and M. Turner regarding legal research; email correspondence with J. Quinn concerning ████ legal analysis. |
| 4/25/2022 | Shawn Crowley | $700.00 | 0.2 | $140.00 | Correspondence with local counsel re pro hac vice motion. |
| 4/25/2022 | Joshua Matz | $700.00 | 0.2 | $140.00 | Send client update on Court granting extension motions |
| 4/26/2022 | Anna Peterson | $375.00 | 2.5 | $937.50 | Call with M. Feldman and M. Turner to discuss edits and revisions to motion to dismiss outline; make edits to outline to reflect the same. |
| 4/26/2022 | Joshua Matz | $700.00 | 0.6 | $420.00 | Correspondence re: litigation schedule + legal research re: potential MTD issues. |
| 4/26/2022 | Maggie Turner | $375.00 | 2.4 | $900.00 | Researched ████ reviewed and analyzed MTD outline by cross-referencing HRC brief; met with associate team to discuss substantive issues and any research holes in outline. |
| 4/26/2022 | Maximillian Feldman | $450.00 | 4.3 | $1,935.00 | Legal research iso motion to dismiss; revise outline of motion to dismiss; telephone conference with A. Peterson and M. Turner regarding motion to dismiss; review docket updates; revise PHV application. |

30

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|------|-----------|------|------|----------------|-------------|
| 4/26/2022 | Shawn Crowley | $700.00 | 0.7 | $490.00 | Correspondence with local counsel re pro hac vice motion; call with local counsel ▓ |
| 4/27/2022 | Anna Peterson | $375.00 | 3.0 | $1,125.00 | Review edits and comments on outline from M. Feldman; revise outline to respond to the same. |
| 4/27/2022 | Kelsey Dietrich | $150.00 | 1.6 | $240.00 | Draft shell for Motion to Dismiss; update internal files with recent court filings. |
| 4/27/2022 | Maggie Turner | $375.00 | 0.6 | $225.00 | Reviewed and analyzed MTD outline to determine any research holes or edits in preparation to send to J. Matz. |
| 4/27/2022 | Maximillian Feldman | $450.00 | 0.8 | $360.00 | Revise outline of motion to dismiss; correspondence with A. Peterson regarding motion to dismiss; attention to PHV application. |
| 4/28/2022 | Anna Peterson | $375.00 | 3.6 | $1,350.00 | Call with J. Matz, S. Crowley, M. Feldman, and M. Turner to discuss outline for motion to dismiss and additional areas of research; follow up call with M. Feldman and M. Turner regarding the same; review ▓ and take notes on the same; begin drafting brief in support of motion to dismiss. |
| 4/28/2022 | Joshua Matz | $700.00 | 1.8 | $1,260.00 | Carefully review draft outline for MTD papers + call with KHF team to share feedback for full draft. |
| 4/28/2022 | Joshua Matz | $700.00 | 0.2 | $140.00 | Review and discuss client inquiry re: local representation. |
| 4/28/2022 | Maggie Turner | $375.00 | 3.7 | $1,387.50 | Met with J. Matz and S. Crowley to discuss MTD outline; met with associate team to discuss game plan for ▓ additional research and drafting; researched ▓ |
| 4/28/2022 | Maximillian Feldman | $450.00 | 1.0 | $450.00 | Telephone conference with KHF team regarding outline of brief; telephone conference with A. Peterson and M. Turner regarding planning for brief. |

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 4/28/2022 | Shawn Crowley | $700.00 | 1.1 | $770.00 | Correspondence with client; review outline of motion to dismiss and team conference re same. |
| 4/29/2022 | Anna Peterson | $375.00 | 6.3 | $2,362.50 | Review research sent by M. Turner; review cases addressing ▮▮▮ analyze in light of allegations in complaint; draft arguments in brief in support of motion to dismiss. |
| 4/29/2022 | Maggie Turner | $375.00 | 5.2 | $1,950.00 | Researched ▮▮▮ as result of discussions about MTD outline; researched ▮▮▮ |
| 4/29/2022 | Maximillian Feldman | $450.00 | 1.1 | $495.00 | Draft ▮▮▮ and circulate to team; correspondence with A. Peterson regarding motion to dismiss brief; review M. Turner research concerning ▮▮▮ |
| 4/30/2022 | Anna Peterson | $375.00 | 1.0 | $375.00 | Revise draft of motion to dismiss and draft email to M. Feldman about the same. |
| 5/1/2022 | Maximillian Feldman | $450.00 | 0.1 | $45.00 | Review draft of motion to dismiss brief. |
| 5/2/2022 | Joshua Matz | $700.00 | 0.6 | $420.00 | Correspondence re strategy for briefs |
| 5/2/2022 | Maggie Turner | $375.00 | 3.4 | $1,275.00 | Researched Eleventh Circuit pleading standards ▮▮▮, researched comparison cases in Eleventh Circuit ▮▮▮ |
| 5/2/2022 | Maximillian Feldman | $450.00 | 4.5 | $2,025.00 | Draft motion to dismiss brief; email correspondence with M. Turner regarding research; email correspondence with J. Matz and S. Crowley regarding brief; legal research iso motion to dismiss brief. |
| 5/2/2022 | Shawn Crowley | $700.00 | 0.1 | $70.00 | Correspondence with client. |
| 5/3/2022 | Joshua Matz | $700.00 | 0.8 | $560.00 | Review latest district court filings and several relevant cases ▮▮▮ |
| 5/3/2022 | Maggie Turner | $375.00 | 5.0 | $1,875.00 | Researched ▮▮▮ |
| 5/3/2022 | Maximillian Feldman | $450.00 | 4.0 | $1,800.00 | Draft motion to dismiss brief; legal research iso motion to dismiss brief. |

Page 10 of 26

32

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 5/3/2022 | Maximillian Feldman | $450.00 | 4.4 | $1,980.00 | Draft motion to dismiss brief; legal research iso motion to dismiss brief. |
| 5/4/2022 | Anna Peterson | $375.00 | 3.0 | $1,125.00 | Review draft motion to dismiss and make edits to the same; correspond with M. Feldman and M. Turner about the same. |
| 5/4/2022 | Kelsey Dietrich | $150.00 | 0.4 | $60.00 | Circulate to team J. Podesta's Motion to Dismiss; add date for status conference to firm docket and circulate same to team. |
| 5/4/2022 | Maggie Turner | $375.00 | 4.8 | $1,800.00 | Edited draft brief, drafted research email based on notes from J. Matz call summarizing research done on brief. |
| 5/4/2022 | Maximillian Feldman | $450.00 | 6.2 | $2,790.00 | Draft motion to dismiss brief; legal research iso motion to dismiss brief; email correspondence with A. Peterson and M. Turner regarding brief and related research; email correspondence with J. Matz and S. Crowley regarding brief; email correspondence with J. Matz and S. Crowley regarding ▮▮▮ |
| 5/4/2022 | Roberta Kaplan | $700.00 | 0.5 | $350.00 | Attention to PHV; scheduling conf. |
| 5/4/2022 | Shawn Crowley | $700.00 | 0.2 | $140.00 | Correspondence with client re updates. |
| 5/5/2022 | Anna Peterson | $375.00 | 1.2 | $450.00 | Review draft and research in advance of call; call with J. Matz, S. Crowley, M. Feldman, and M. Turner to discuss edits to motion to dismiss; take notes on the same; begin making edits in light of the same. |
| 5/5/2022 | Joshua Matz | $700.00 | 0.4 | $280.00 | Review detailed analysis from Max, Maggie, and Anna re: research questions for MTD briefing |
| 5/5/2022 | Joshua Matz | $700.00 | 1.2 | $840.00 | Prepare for and participate in call re: draft MTD brief |
| 5/5/2022 | Maggie Turner | $375.00 | 2.2 | $825.00 | Researched ▮▮▮ researched ▮▮▮; met with J. Matz to discuss motion to dismiss draft. |

Page 11 of 26

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 5/5/2022 | Maximillian Feldman | $450.00 | 3.0 | $1,350.00 | Telephone conference with KHF team regarding brief; review [redacted] legal research iso motion to dismiss brief. |
| 5/5/2022 | Shawn Crowley | $700.00 | 2.3 | $1,610.00 | Review motion to dismiss; correspondence with client; team call re motion to dismiss. |
| 5/6/2022 | Anna Peterson | $375.00 | 2.8 | $1,050.00 | Make edits to motion to dismiss; call with M. Feldman and M. Turner to discuss the same; draft email explaining edits regarding the same. |
| 5/6/2022 | Joshua Matz | $700.00 | 2.3 | $1,610.00 | Review draft DNC motion to dismiss brief and share with RAK for final review |
| 5/6/2022 | Maggie Turner | $375.00 | 3.1 | $1,162.50 | Researched [redacted]; edited brief draft per J. Matz comments. |
| 5/6/2022 | Maximillian Feldman | $450.00 | 2.9 | $1,305.00 | Telephone conference with A. Peterson and M. Turner regarding brief; legal research iso motion to dismiss brief; revise motion to dismiss brief. |
| 5/6/2022 | Roberta Kaplan | $700.00 | 0.7 | $490.00 | E-mails re: opp to motion to dismiss. |
| 5/6/2022 | Shawn Crowley | $700.00 | 0.4 | $280.00 | Correspondence with client; conference with J. Matz re motion to dismiss |
| 5/7/2022 | Maximillian Feldman | $450.00 | 0.6 | $270.00 | Attention to R. Kaplan edits to brief and internal correspondence regarding same. |
| 5/7/2022 | Roberta Kaplan | $700.00 | 2.7 | $1,890.00 | Edits to motion to dismiss. |
| 5/8/2022 | Anna Peterson | $375.00 | 1.0 | $375.00 | Review edits from R. Kaplan to motion to dismiss and review draft incorporating the same; email with M. Feldman and M. Turner regarding [redacted] in response to question from R. Kaplan. |
| 5/8/2022 | Joshua Matz | $700.00 | 0.5 | $350.00 | Begin [redacted] review. |
| 5/8/2022 | Joshua Matz | $700.00 | 1.7 | $1,190.00 | Review revised draft and share feedback |
| 5/8/2022 | Joshua Matz | $700.00 | 0.5 | $350.00 | Review revised [redacted] |
| 5/8/2022 | Joshua Matz | $700.00 | 0.2 | $140.00 | Address question from Max F re: MTD brief |
| 5/8/2022 | Maggie Turner | $375.00 | 2.7 | $1,012.50 | Incorporated R. Kaplan edits into brief draft; researched [redacted] to add to draft. |
| 5/8/2022 | Maximillian Feldman | $450.00 | 0.4 | $180.00 | Review complaint and motion to dismiss brief. |
| 5/8/2022 | Roberta Kaplan | $700.00 | 2.3 | $1,610.00 | Final edits to motion to dismiss. |

E

D, B

D, B

D, E

V, E

B

D

34

E

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 5/9/2022 | Anna Peterson | $375.00 | 1.3 | $487.50 | Confer with M. Feldman regarding information on argument by other defense counsel; review edits from local counsel; email M. Feldman and M. Turner regarding local rules for signatures. |
| 5/9/2022 | James Blum | $375.00 | 2.3 | $862.50 | DNC cite check. |
| 5/9/2022 | Kelsey Dietrich | $150.00 | 0.3 | $45.00 | Create shelf for corporate disclosure statement. |
| 5/9/2022 | Maggie Turner | $375.00 | 1.4 | $525.00 | Coordinated cite-check of brief; researched ███████; drafted corporate disclosure statement with help from case manager. |
| 5/9/2022 | Maximillian Feldman | $450.00 | 1.9 | $855.00 | Attention to correspondence with clients and local counsel ████████; correspondence with team regarding corporate disclosure certificate; review draft corporate disclosure certificate and circulate to J. Matz and S. Crowley; telephone conference with counsel for Neustar regarding briefs; correspondence with A. Peterson regarding ████; legal research regard ████. |
| 5/9/2022 | Shawn Crowley | $700.00 | 1.3 | $910.00 | Review motion to dismiss draft; correspondence with client re draft; correspondence with counsel for Neustar; call with counsel for Neustar. |
| 5/10/2022 | Anna Peterson | $375.00 | 2.2 | $825.00 | Draft section of motion to dismiss addressing ████████ review recent filing. |
| 5/10/2022 | Joshua Matz | $700.00 | 0.5 | $350.00 | Review further edits to MTD brief |
| 5/10/2022 | Kelsey Dietrich | $150.00 | 0.7 | $105.00 | Revise and format Motion to Dismiss; add extension of time for plaintiff's response to firm docket. |
| 5/10/2022 | Maggie Turner | $375.00 | 1.7 | $637.50 | Incorporated cite-check and local counsel edits. |
| 5/10/2022 | Maximillian Feldman | $450.00 | 2.2 | $990.00 | Revise and finalize brief iso motion to dismiss; correspondence with team regarding motion to dismiss; correspondence concerning corporate disclosure statement and ████ |
| 5/10/2022 | Shawn Crowley | $700.00 | 0.2 | $140.00 | Correspondence with client re ████ |

Page 13 of 26

D, B

B

35

B

B

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 5/11/2022 | Anna Peterson | $375.00 | 1.6 | $600.00 | Review brief filed by other defendants; review motion to dismiss and other documents for filing. |
| 5/11/2022 | Kelsey Dietrich | $150.00 | 1.0 | $150.00 | Format Motion to Dismiss for filing; save other defendants' Motions to Dismiss filed today to internal case file. |
| 5/11/2022 | Maggie Turner | $375.00 | 0.8 | $300.00 | Reviewed and analyzed filed Fusion brief; assisted with coordinating final proofing of brief. |
| 5/11/2022 | Maximillian Feldman | $450.00 | 0.6 | $270.00 | Attention to finalizing brief for filing. |
| 5/11/2022 | Roberta Kaplan | $700.00 | 0.8 | $560.00 | Attention to motion to dismiss. |
| 5/11/2022 | Shawn Crowley | $700.00 | 1.0 | $700.00 | Review Fusion motion to dismiss; correspondence with local counsel re filing; file MTD. |
| 5/11/2022 | Shawn Crowley | $700.00 | 0.3 | $210.00 | Correspondence with client re ▮▮ |
| 5/12/2022 | Anna Peterson | $375.00 | 3.2 | $1,200.00 | Review motions to dismiss filed by other defendants; draft summaries of the same; coordinate hard copy set of filings for R. Kaplan. |
| 5/12/2022 | Kelsey Dietrich | $150.00 | 0.3 | $45.00 | Save other defendants' Motions to Dismiss filed today to internal case file. |
| 5/12/2022 | Maggie Turner | $375.00 | 1.4 | $525.00 | Reviewed and summarized for team and client the other MTDs filed in the case. |
| 5/12/2022 | Maximillian Feldman | $450.00 | 0.1 | $45.00 | Review summary of parties' briefs. |
| 5/12/2022 | Roberta Kaplan | $700.00 | 0.6 | $420.00 | E-mails re: various motions; etc. |
| 5/12/2022 | Shawn Crowley | $700.00 | 0.1 | $70.00 | Correspondence with client re ▮▮ |
| 5/13/2022 | Maximillian Feldman | $450.00 | 0.2 | $90.00 | Attention to request from opposing counsel concerning extension and correspondence with S. Crowley regarding same. |
| 5/13/2022 | Roberta Kaplan | $700.00 | 0.8 | $560.00 | Emails with team re: filings and strategy. |
| 5/13/2022 | Shawn Crowley | $700.00 | 0.3 | $210.00 | Correspondence re defendant's request for extension of time. |
| 5/13/2022 | Maximillian Feldman | $450.00 | 0.1 | $45.00 | Coordinate call regarding ▮▮ |
| 5/13/2022 | Shawn Crowley | $700.00 | 0.1 | $70.00 | Correspondence with client re ▮▮ |
| 5/14/2022 | Roberta Kaplan | $700.00 | 0.6 | $420.00 | Emails re: status conf. |
| 5/16/2022 | Anna Peterson | $375.00 | 0.3 | $112.50 | Review motion to dismiss filed by other defendant. |

C

D, B

36

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 5/16/2022 | Kelsey Dietrich | $150.00 | 0.1 | $15.00 | Circulate to team Hillary For America's motion to dismiss. |
| 5/16/2022 | Maximillian Feldman | $450.00 | 0.1 | $45.00 | Review brief filed on behalf of HFA. |
| 5/16/2022 | Maximillian Feldman | $450.00 | 0.9 | $405.00 | Telephone conferences with S. Crowley regarding ▪▪▪; telephone conference with client staff regarding ▪▪▪ |
| 5/16/2022 | Shawn Crowley | $700.00 | 0.8 | $560.00 | Review ▪▪▪; conference with M. Feldman re ▪▪▪ and call with client re same. |
| 5/17/2022 | Maximillian Feldman | $450.00 | 0.1 | $45.00 | Clean up notes of client call concerning ▪▪▪. |
| 5/18/2022 | Maximillian Feldman | $450.00 | 0.5 | $225.00 | Prep for joint defense group call regarding scheduling conference; joint defense group call regarding scheduling conference. |
| 5/18/2022 | Roberta Kaplan | $700.00 | 0.7 | $490.00 | Call w/defense counsel re: strategy; e-mails w/D. Kendall re: same. |
| 5/18/2022 | Shawn Crowley | $700.00 | 0.7 | $490.00 | Joint defense call and discussion with R. Kaplan re same. |
| 5/18/2022 | Anna Peterson | $375.00 | 4.7 | $1,762.50 | Review secondary sources and case law addressing ▪▪▪; take notes and confer with M. Turner about the same; draft email to M. Feldman summarizing the same; follow up research about the ▪▪▪ same. Researched ▪▪▪ |
| 5/18/2022 | Maggie Turner | $375.00 | 1.7 | $637.50 | Correspondence with A. Peterson and M. Turner regarding ▪▪▪ research; analyze ▪▪▪ research. |
| 5/18/2022 | Maximillian Feldman | $450.00 | 0.4 | $180.00 | Review research regarding ▪▪▪ draft correspondence to client concerning ▪▪▪; correspondence with S. Crowley ▪▪▪ |
| 5/19/2022 | Maximillian Feldman | $450.00 | 0.6 | $270.00 | ▪▪▪ regarding ▪▪▪ |

37

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 5/19/2022 | Shawn Crowley | $700.00 | 0.2 | $140.00 | Correspondence with client re [redacted] and review research re same. |
| 5/20/2022 | Kelsey Dietrich | $150.00 | 0.4 | $60.00 | Save and circulate to team Joffe's, Danchenko's, and Neustar's Motions to Dismiss. |
| 5/20/2022 | Maximillian Feldman | $450.00 | 0.1 | $45.00 | Attention to correspondence from client concerning [redacted] |
| 5/20/2022 | Shawn Crowley | $700.00 | 0.1 | $70.00 | Correspondence with client. |
| 5/24/2022 | Kelsey Dietrich | $150.00 | 0.9 | $135.00 | Pull and circulate Dolan MTD; compile recent briefs for R. Kaplan review. |
| 5/24/2022 | Maximillian Feldman | $450.00 | 0.1 | $45.00 | Review additional motions to dismiss. |
| 5/26/2022 | Shawn Crowley | $700.00 | 0.1 | $70.00 | Joint defense correspondence. |
| 5/27/2022 | Kelsey Dietrich | $150.00 | 0.1 | $15.00 | Save and circulate Sullivan MTD. |
| 5/27/2022 | Maximillian Feldman | $450.00 | 0.1 | $45.00 | Review Jake Sullivan motion to dismiss brief. |
| 5/27/2022 | Roberta Kaplan | $700.00 | 0.8 | $560.00 | Attention to latest filings. |
| 5/31/2022 | Maximillian Feldman | $450.00 | 0.1 | $45.00 | Internal team correspondence regarding upcoming court conference. |
| 5/31/2022 | Roberta Kaplan | $700.00 | 0.4 | $280.00 | E-mails re: latest filing. |
| 5/31/2022 | Shawn Crowley | $700.00 | 0.2 | $140.00 | Correspondence with client; correspondence with local counsel. |
| 5/31/2022 | Shawn Crowley | $700.00 | 0.1 | $70.00 | Correspondence with client. |
| 6/1/2022 | Roberta Kaplan | $700.00 | 0.7 | $490.00 | E-mails re: status conf. |
| 6/2/2022 | Anna Peterson | $375.00 | 1.0 | $375.00 | Call in to court status conference; take and circulate notes on the same. |
| 6/2/2022 | Maximillian Feldman | $450.00 | 0.1 | $45.00 | Review notes of court conference |
| 6/2/2022 | Shawn Crowley | $700.00 | 0.8 | $560.00 | Call with local counsel re status conference; status conference |
| 6/3/2022 | Kelsey Dietrich | $150.00 | 0.1 | $15.00 | Attention to file management of court filings. |
| 6/3/2022 | Roberta Kaplan | $700.00 | 0.4 | $280.00 | E-mails w/counsel re: scheduling. |
| 6/6/2022 | Maximillian Feldman | $450.00 | 0.1 | $45.00 | Correspondence with K. Dietrich regarding case planning |
| 6/7/2022 | Maximillian Feldman | $450.00 | 0.2 | $90.00 | Correspondence with S. Crowley and J. Matz regarding planning |
| 6/10/2022 | Maximillian Feldman | $450.00 | 0.1 | $45.00 | Correspondence with A. Peterson regarding case planning |
| 6/14/2022 | Kelsey Dietrich | $150.00 | 0.3 | $45.00 | Add 7/6/22 status conference to firm calendar. |

Page 16 of 26

38

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 6/14/2022 | Roberta Kaplan | $700.00 | 0.4 | $280.00 | E-mails re: upcoming call. |
| 6/15/2022 | Maximillian Feldman | $450.00 | 0.6 | $270.00 | Joint defense group call regarding briefing; clean up notes of JDG call; email correspondence with S. Crowley and J. Matz regarding joint defense call |
| 6/15/2022 | Roberta Kaplan | $700.00 | 0.9 | $630.00 | Joint defense call re: scheduling etc.; follow-up. |
| 6/15/2022 | Shawn Crowley | $700.00 | 0.1 | $70.00 | Review notes of joint defense call |
| 6/21/2022 | Maximillian Feldman | $450.00 | 1.3 | $585.00 | Analysis regarding amended complaint |
| 6/22/2022 | Anna Peterson | $375.00 | 1.2 | $450.00 | Review amended complaint and email from M. Feldman regarding the same. |
| 6/22/2022 | Kelsey Dietrich | $150.00 | 0.6 | $90.00 | Attention to file management of recent court filings. |
| 6/22/2022 | Maximillian Feldman | $450.00 | 0.8 | $360.00 | Analysis regarding amended complaint; email correspondence with team regarding amended complaint; email correspondence with team regarding recusal of magistrate judge; email correspondence with team regarding JDG plan for briefing |
| 6/22/2022 | Shawn Crowley | $700.00 | 0.4 | $280.00 | Review amended complaint; conference with J. Matz re strategy for motion to dismiss |
| 6/23/2022 | Maximillian Feldman | $450.00 | 0.9 | $405.00 | Telephone conference with joint defense group regarding briefing; analysis regarding ▉ |
| 6/23/2022 | Roberta Kaplan | $700.00 | 0.6 | $420.00 | Joint defense e-mails. |
| 6/23/2022 | Shawn Crowley | $700.00 | 0.7 | $490.00 | Joint defense call re amended complaint |
| 6/24/2022 | Maximillian Feldman | $450.00 | 1.6 | $720.00 | Analysis regarding ▉ |
| 6/27/2022 | Anna Peterson | $375.00 | | $262.50 | Review notes from recent calls and emails regarding motion to dismiss; confer with M. Feldman about status of the same; review prior briefing and research on |
| 6/27/2022 | Maximillian Feldman | $450.00 | 0.4 | $180.00 | Research and analysis regarding ▉ claims |
| 6/28/2022 | Anna Peterson | $375.00 | 0.7 | $262.50 | Review prior briefing on ▉; review cases cited by other defendants. |
| 6/28/2022 | Maximillian Feldman | $450.00 | 0.6 | $270.00 | Research and analysis regarding ▉ claims; review docket |

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 6/28/2022 | Shawn Crowley | $700.00 | 0.2 | $140.00 | Correspondence with client re [redacted] correspondence with local counsel re same |
| 6/28/2022 | Shawn Crowley | $700.00 | 0.2 | $140.00 | Correspondence with client re [redacted] |
| 6/29/2022 | Anna Peterson | $375.00 | 1.7 | $637.50 | Review case law and Florida treatises addressing [redacted]; summarize the same and send to M. Feldman; review docket. |
| 6/29/2022 | Maximillian Feldman | $450.00 | 2.7 | $1,215.00 | Draft summary of section on [redacted] |
| 6/30/2022 | Anna Peterson | $375.00 | 0.2 | $75.00 | Review outline of [redacted] argument and email M. Feldman comments on the same. |
| 6/30/2022 | Maximillian Feldman | $450.00 | 0.5 | $225.00 | Draft outline of [redacted] |
| 6/30/2022 | Shawn Crowley | $700.00 | 0.2 | $140.00 | Attention to outline of motion to dismiss; joint defense correspondence |
| 7/1/2022 | Anna Peterson | $375.00 | 1.7 | $637.50 | Identify new allegations in amended complaint to address in motion to dismiss; take notes on the same; review docket for order on extension request. |
| 7/1/2022 | Roberta Kaplan | $700.00 | 0.5 | $350.00 | E-mails w/SC re: schedule, etc. |
| 7/1/2022 | Shawn Crowley | $700.00 | 1.2 | $840.00 | Joint defense correspondence; review outline of motion to dismiss; review amended complaint; joint defense call |
| 7/4/2022 | Maximillian Feldman | $450.00 | 0.4 | $180.00 | Analysis regarding arguments to be included in motion to dismiss brief; email correspondence with team regarding motion to dismiss briefing |
| 7/4/2022 | Roberta Kaplan | $700.00 | 0.3 | $210.00 | E-mails w/Crowley re: status. |
| 7/5/2022 | Anna Peterson | $375.00 | 2.3 | $862.50 | Review and respond to emails from team regarding extension and deadlines for motion to dismiss; draft [redacted] section of motion to dismiss; review case law related to the same; review amended complaint in light of the same. |
| 7/5/2022 | Kelsey Dietrich | $150.00 | 0.4 | $60.00 | Update firm docket with extended deadline for defendants' MTD and due date for DNC portion of same; provide signature blocks to S. Crowley for Gibson Dunn use in final motion. |

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 7/5/2022 | Maximillian Feldman | $450.00 | 0.5 | $225.00 | Review A. Peterson draft of motion to dismiss [redacted] section; legal research regarding [redacted] |
| 7/5/2022 | Roberta Kaplan | $700.00 | 1.2 | $840.00 | Joint defense call; attention to court order. |
| 7/5/2022 | Shawn Crowley | $700.00 | 1.0 | $700.00 | Prepare for joint defense call; joint defense call; discussion with R. Kaplan re MTD |
| 7/6/2022 | Anna Peterson | $375.00 | 0.4 | $150.00 | Review draft brief section on [redacted] and provide edits on the same. |
| 7/6/2022 | Maximillian Feldman | $450.00 | 2.0 | $900.00 | Draft [redacted] section of brief; legal research iso [redacted] section; correspondence with A. Peterson regarding brief; correspondence with team regarding brief |
| 7/6/2022 | Shawn Crowley | $700.00 | 0.3 | $210.00 | Review draft motion to dismiss |
| 7/7/2022 | Joshua Matz | $700.00 | 0.4 | $280.00 | Review brief |
| 7/7/2022 | Maximillian Feldman | $450.00 | 0.5 | $225.00 | Revise [redacted] section; legal research iso motion to dismiss brief; review additional sections of motion to dismiss brief |
| 7/7/2022 | Shawn Crowley | $700.00 | 0.5 | $350.00 | Review motion to dismiss drafts; joint defense correspondence |
| 7/8/2022 | Anna Peterson | $375.00 | 0.4 | $150.00 | Review brief excerpts from other defendants; correspond with team about the same. |
| 7/8/2022 | Maximillian Feldman | $450.00 | 0.9 | $405.00 | Review and comment on drafts of various sections of motion to dismiss brief; email correspondence with KHF team regarding motion to dismiss brief; review Plaintiff filing |
| 7/8/2022 | Shawn Crowley | $700.00 | 1.0 | $700.00 | Joint defense correspondence; review drafts of MTD |
| 7/9/2022 | Anna Peterson | $375.00 | 2.7 | $1,012.50 | Review draft motion to dismiss sections from other defendants; insert brief sections and additional arguments [redacted] review case law and filings related to the same; email M. Feldman about the same. |
| 7/10/2022 | Anna Peterson | $375.00 | 0.7 | $262.50 | Review additional motion to dismiss sections circulated by other defendants; provide edits and suggestion for review by M. Feldman to the same. |

41

0326.002 &003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|------|-----------|------|------|----------------|-------------|
| 7/10/2022 | Maximillian Feldman | $450.00 | 3.2 | $1,440.00 | Review draft sections of brief from others JDG members; revise sections of brief and circulate to team; email correspondence with A. Peterson regarding brief; email correspondence with J. Matz regarding brief and updates to clients |
| 7/11/2022 | Anna Peterson | $375.00 | 2.0 | $750.00 | Review proposed edits to motion to dismiss and section addressing ███████ arguments; send edits to the same to M. Feldman; call with M. Feldman to discuss the same. |
| 7/11/2022 | Maximillian Feldman | $450.00 | 1.1 | $495.00 | Telephone conference and email correspondence with A. Peterson regarding brief; revise brief and circulate to J. Matz |
| 7/12/2022 | Anna Peterson | $375.00 | 0.9 | $337.50 | Review draft of motion to dismiss circulated by joint defense group; provide edits on and correspond with M. Feldman regarding the same. |
| 7/12/2022 | Maximillian Feldman | $450.00 | 1.8 | $810.00 | Analysis regarding ███████ issue raised by Gibson Dunn; email correspondence with J. Matz regarding same; revise brief and circulate to team |
| 7/13/2022 | Anna Peterson | $375.00 | 0.2 | $75.00 | Review revised motion to dismiss sent by joint defense group. |
| 7/13/2022 | Maximillian Feldman | $450.00 | 0.2 | $90.00 | Review revised joint defense group brief; email correspondence with team regarding same |
| 7/13/2022 | Shawn Crowley | $700.00 | 1.0 | $700.00 | Review motion to dismiss; joint defense correspondence |
| 7/14/2022 | Kelsey Dietrich | $150.00 | 0.5 | $75.00 | Update internal files with recent court filings. |
| 7/14/2022 | Maximillian Feldman | $450.00 | 0.1 | $45.00 | Review correspondence concerning scheduling |
| 7/15/2022 | Anna Peterson | $375.00 | 0.1 | $37.50 | Review email from joint defense counsel summarizing call with opposing counsel. |
| 7/15/2022 | Kelsey Dietrich | $150.00 | 0.2 | $30.00 | File management of correspondence with counsel for defendants re joint defense. |
| 7/15/2022 | Maximillian Feldman | $450.00 | 0.2 | $90.00 | Dial into meet-and-confer regarding scheduling and review summary of same |
| 7/15/2022 | Shawn Crowley | $700.00 | 0.2 | $140.00 | Joint defense correspondence |
| 7/21/2022 | Anna Peterson | $375.00 | 0.3 | $112.50 | Review extension and request proposed scheduling order filed by plaintiff. |

Page 20 of 26

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 7/21/2022 | Kelsey Dietrich | $150.00 | 0.1 | $15.00 | Update firm docket with extended deadline for plaintiff's response to motions to dismiss. |
| 7/21/2022 | Maximillian Feldman | $450.00 | 0.3 | $135.00 | Review documents filed by Plaintiff regarding scheduling; attention to correspondence from joint defense group regarding call on reply brief |
| 7/21/2022 | Shawn Crowley | $700.00 | 0.3 | $210.00 | Review court orders re scheduling and internal correspondence re same |
| 7/26/2022 | Maximillian Feldman | $450.00 | 0.6 | $270.00 | Telephone conference with JDG regarding reply brief; email correspondence with C. Gonzalez regarding case background |
| 7/26/2022 | Shawn Crowley | $700.00 | 0.4 | $280.00 | Joint defense call re motion to dismiss |
| 8/4/2022 | Carmen Iguina Gonzalez | $500.00 | 2.2 | $1,100.00 | Review amended complaint and consolidated motion to dismiss in anticipation of plaintiff's opposition filing. |
| 8/4/2022 | Maximillian Feldman | $450.00 | 0.8 | $360.00 | Review Trump opposition brief; circulate initial analysis on Trump opposition brief to team |
| 8/5/2022 | Anna Peterson | $375.00 | 1.1 | $412.50 | Review plaintiff's opposition to defendants' motion to dismiss; review and respond to correspondence from team about the same; review email from joint defense group call regarding plan for reply brief. |
| 8/5/2022 | Carmen Iguina Gonzalez | $500.00 | 1.3 | $650.00 | Review plaintiff's opposition to motion to dismiss; prepare for and participate in defense counsel call to discuss plaintiff's opposition and plans for reply. |
| 8/5/2022 | Maximillian Feldman | $450.00 | 1.6 | $720.00 | Analysis regarding Plaintiff's opposition to motion to dismiss; email correspondence with KHF team regarding same; telephone conference with joint defense group regarding opposition to motion to dismiss |
| 8/5/2022 | Shawn Crowley | $700.00 | 0.5 | $350.00 | Joint defense call re MTD reply and internal correspondence re same |
| 8/8/2022 | Anna Peterson | $375.00 | 1.4 | $525.00 | Locate authorities addressing ▮▮▮▮▮▮ for inclusion in reply brief; email M. Feldman about the same. |

Page 21 of 26

43

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 8/8/2022 | Carmen Iguina Gonzalez | $500.00 | 0.3 | $150.00 | Review and revise language to add to reply brief re: ▮. |
| 8/8/2022 | Maximillian Feldman | $450.00 | 1.1 | $495.00 | Correspondence with A. Peterson regarding research on ▮; review A. Peterson research; draft section of defendants' reply brief; email correspondence with KHF team regarding same; email correspondence with Williams & Connolly regarding reply brief |
| 8/9/2022 | Carmen Iguina Gonzalez | $500.00 | 0.4 | $200.00 | Review draft of reply in support of consolidated motion to dismiss. |
| 8/9/2022 | Maximillian Feldman | $450.00 | 0.8 | $360.00 | Review reply brief; email correspondence with KHF team regarding same |
| 8/10/2022 | Carmen Iguina Gonzalez | $500.00 | 0.1 | $50.00 | Emails with M. Feldman, A. Collins Peterson and S. Crowley re: notes of call with joint defense counsel re: reply brief. |
| 8/10/2022 | Maximillian Feldman | $450.00 | 0.3 | $135.00 | Telephone conference with joint defense group; email correspondence with KHF team regarding joint defense call |
| 8/11/2022 | Anna Peterson | $375.00 | 0.1 | $37.50 | Review edits to reply brief and correspondence about the same. |
| 8/11/2022 | Maximillian Feldman | $450.00 | 0.5 | $225.00 | Correspondence with S. Crowley regarding motion to dismiss brief; correspondence with clients ▮ |
| 8/12/2022 | Kelsey Dietrich | $150.00 | 1.1 | $165.00 | Review and pull recent court filings and update internal files with same. |
| 8/15/2022 | Kelsey Dietrich | $150.00 | 0.5 | $75.00 | Update internal files with recent filings in case; email to M. Feldman re same. |
| 8/15/2022 | Maximillian Feldman | $450.00 | 0.1 | $45.00 | Email clients as-filed version of brief |
| 9/1/2022 | Maximillian Feldman | $450.00 | 0.2 | $90.00 | Review Plaintiff filings |
| 9/8/2022 | Maximillian Feldman | $450.00 | 0.6 | $270.00 | Review decision dismissing complaint and correspondence with team regarding same |
| 9/8/2022 | Roberta Kaplan | $700.00 | 1.9 | $1,330.00 | Attention to decision on motion to dismiss; emails with team and client. |

Page 22 of 26

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 9/8/2022 | Shawn Crowley | $700.00 | 0.5 | $350.00 | Review MTD opinion and correspondence with client |
| 9/9/2022 | Anna Peterson | $375.00 | 1.7 | $637.50 | Review opinion on motion to dismiss and draft summary for client of the same; review correspondence from client and joint defense group regarding |
| 9/9/2022 | Carmen Iguina Gonzalez | $500.00 | 0.4 | $200.00 | Review MTD decision; emails with joint defense team re: next steps. |
| 9/9/2022 | Maximillian Feldman | $450.00 | 0.1 | $45.00 | Review A. Peterson summary of decision for client |
| 9/9/2022 | Roberta Kaplan | $700.00 | 1.4 | $980.00 | Attention to dismissal decision; emails re: same. |
| 9/9/2022 | Shawn Crowley | $700.00 | 0.2 | $140.00 | Correspondence with clients re |
| 9/10/2022 | Roberta Kaplan | $700.00 | 0.7 | $490.00 | Emails with D. Kendall re: |
| 9/12/2022 | Carmen Iguina Gonzalez | $500.00 | 0.1 | $50.00 | Review proposed agenda for joint defense call re: |
| 9/12/2022 | Roberta Kaplan | $700.00 | 0.6 | $420.00 | Emails re: possible sanctions. |
| 9/13/2022 | Carmen Iguina Gonzalez | $500.00 | 0.6 | $300.00 | Prepare for and participate in joint defense call re: |
| 9/13/2022 | Maximillian Feldman | $450.00 | 0.7 | $315.00 | Joint defense call |
| 9/13/2022 | Shawn Crowley | $700.00 | 0.7 | $490.00 | Joint defense call re |
| 9/14/2022 | Maximillian Feldman | $450.00 | 0.1 | $45.00 | Review client correspondence |
| 9/14/2022 | Shawn Crowley | $700.00 | 0.2 | $140.00 | Correspondence with clients re |
| 9/14/2022 | Shawn Crowley | $700.00 | 0.2 | $140.00 | Telephone conference with DWS staff regarding |
| 9/16/2022 | Maximillian Feldman | $450.00 | 0.3 | $135.00 | |
| 9/16/2022 | Shawn Crowley | $700.00 | 0.4 | $280.00 | Call with clients re |
| 9/19/2022 | Carmen Iguina Gonzalez | $500.00 | 0.2 | $100.00 | Quick review of draft of sanctions motion; email KHF team re: review of draft. |
| 9/19/2022 | Maximillian Feldman | $450.00 | 0.6 | $270.00 | Review draft sanctions motion |
| 9/19/2022 | Shawn Crowley | $700.00 | 0.3 | $210.00 | Review draft sanctions motion |
| 9/20/2022 | Carmen Iguina Gonzalez | $500.00 | 2.0 | $1,000.00 | Review and provide comments on draft motion for sanctions; emails with R. Kaplan, S. Crowley, M. Feldman and A. Collins Peterson re: same. |

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 9/20/2022 | Maximillian Feldman | $450.00 | 2.0 | $900.00 | Email correspondence with team regarding draft sanction motion; work on declaration and supporting materials in connection with potential sanctions motion; review comments on sanctions motion |
| 9/20/2022 | Shawn Crowley | $700.00 | 0.4 | $280.00 | Attention to sanctions motion and internal correspondence re same |
| 9/21/2022 | Carmen Iguina Gonzalez | $500.00 | 0.6 | $300.00 | Draft paragraphs concerning experience as counsel in support of fees application for sanctions motion; email with S. Crowley re: draft; share KHF comments on draft of sanctions motion with joint defense counsel. |
| 9/21/2022 | Maximillian Feldman | $450.00 | 2.2 | $990.00 | Work on declaration and supporting materials in connection with potential sanctions motion and email correspondence with team regarding same |
| 9/21/2022 | Shawn Crowley | $700.00 | 0.3 | $210.00 | Correspondence and discussion re sanctions motion |
| 9/22/2022 | Maximillian Feldman | $450.00 | 1.1 | $495.00 | Work on declaration and supporting materials in connection with potential sanctions motion; email correspondence with team regarding same |
| 9/22/2022 | Roberta Kaplan | $700.00 | 0.9 | $630.00 | Attention to affidavit re: fees. |
| 9/22/2022 | Shawn Crowley | $700.00 | 0.7 | $490.00 | Attention to fees affidavit and internal discussion re same |
| 9/23/2022 | Maximillian Feldman | $450.00 | 0.3 | $135.00 | Work on supporting materials in connection with potential sanctions motion; email correspondence with team regarding same |
| 9/26/2022 | Carmen Iguina Gonzalez | $500.00 | 1.2 | $600.00 | Review revised draft of sanctions motion, research ▬ and proposed additional revisions to draft; review joint defense counsel's email re: questions concerning motion for sanctions; email with S. Crowley, M. Feldman, and A. Collins Peterson re: same. |
| 9/26/2022 | Maximillian Feldman | $450.00 | 0.1 | $45.00 | Review correspondence from C. Iguina Gonzalez regarding sanctions motion |

Page 24 of 26

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 9/27/2022 | Anna Peterson | $375.00 | 2.2 | $825.00 | Review example declaration sent by M. Feldman; search for relevant case law addressing ▮▮▮▮▮; take notes on the same; email C. Iguina Gonzalez about the same; review local rules and other procedural guidance regarding filing procedure and email C. Iguina Gonzalez about the same. |
| 9/27/2022 | Maximillian Feldman | $450.00 | 0.6 | $270.00 | Correspondence with team regarding sanctions and attorney fees issues; correspondence with A. Peterson regarding legal research; review materials related to attorneys fees and declaration |
| 9/28/2022 | Carmen Iguina Gonzalez | $500.00 | 0.3 | $150.00 | Prepare for and participate in call with joint defense counsel re: motion for sanctions and request for fees. |
| 9/28/2022 | Maximillian Feldman | $450.00 | 0.1 | $45.00 | Correspondence with S. Crowley regarding attorney fees |
| 9/28/2022 | Shawn Crowley | $700.00 | 0.6 | $420.00 | Joint defense call re sanctions motion; correspondence with local counsel re same |
| 9/29/2022 | Anna Peterson | $375.00 | 1.1 | $412.50 | Revise declaration in support of fees motion to conform to joint defense group; email M. Feldman and case manager about the same. |
| 9/29/2022 | Carmen Iguina Gonzalez | $500.00 | 0.1 | $50.00 | Emails with S. Crowley, M. Feldman, and A. Collins Peterson re: motion for sanctions and supporting affidavits. |
| 9/29/2022 | Maximillian Feldman | $450.00 | 1.4 | $630.00 | Work on materials related to attorney fees in connection with sanctions motion |
| 9/29/2022 | Shawn Crowley | $700.00 | 0.1 | $70.00 | Attention to fees affidavit and correspondence re same |
| 9/30/2022 | Anna Peterson | $375.00 | 0.3 | $112.50 | Review correspondence with finance staff regarding billing for sanctions motion and update declaration in light of the same. |
| 9/30/2022 | Maximillian Feldman | $450.00 | 0.3 | $135.00 | Email correspondence with finance staff regarding billing for sanctions motion |
| 9/30/2022 | Shawn Crowley | $700.00 | 0.3 | $210.00 | Correspondence re sanctions motion; call with local counsel re same |

B

47

0326.002 & 003 Fees

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|------|-----------|------|------|----------------|-------------|
|      |           |      | 374.3 | $179,337.50   |             |

Page 26 of 26

# EXHIBIT C



# CHRISTOPHER SUNDBY

Christopher Sundby joined Gelber Schachter & Greenberg, P.A. after serving as a law clerk to Judge Adalberto Jordan on the United States Court of Appeals for the Eleventh Circuit.

Chris became only the second student to receive both a law degree and a PhD in neuroscience through Vanderbilt University's joint law and neuroscience program. Chris graduated Order of the Coif and served as Senior Articles Editor on the *Vanderbilt Law Review* and worked in the Vanderbilt Appellate Litigation Clinic. He also served as a teaching assistant for Evidence Law and gave guest lectures in the Law and Neuroscience and Introduction to Psychology courses. While at Vanderbilt he received the Scholastic Excellence award for earning the top grade in Contracts Law, Patent Law, and Law and Neuroscience. He was also awarded the Best Oralist Award for the mock trial competition.

Chris was a National Institute of Justice Graduate Research Fellow and his research focused on the psychological underpinnings of the Federal Rules of Evidence and the formation and retrieval of memory. He has published in a range of journals serving different audiences including the *Texas Law Review*, *The SciTech Lawyer*, and *Memory and Cognition*, and he has presented his research at several national conferences.

Chris lives with his fiancé and dog in Coconut Grove.

## ASSOCIATE

### CONTACT INFORMATION

Email: csundby@gsgpa.com
Phone: 305-728-0965
Fax: 305-728-0951
Address:
One Southeast Third Avenue
Suite 2600
Miami, Florida 33131-1715
    Download V-card

### EDUCATION

Vanderbilt Law School, J.D., Order of the Coif

Vanderbilt Brain Institute, Ph.D., Neuroscience

Oberlin College, B.A., High Honors

### CLERKSHIPS

Honorable Adalberto Jordan, United States Court of Appeals for the Eleventh Circuit

### STATE BAR ADMISSIONS

Florida

Gerald Greenberg Recognized as White Collar Criminal Defense Lawyer of the Year by Best Lawyers

Gelber Schachter & Greenberg congratulates our partner Gerald Greenberg for being honored as White Collar Criminal Defense Lawyer of the [...]

MORE NEWS →

News & Analysis

Contact

Sitemap

Legal Disclaimer

E-mail: info@gsgpa.com

©2022 Gelber Schachter & Greenberg, P.A. All rights reserved.

Created by South Florida Web Des





**PARTNER**



RANKED IN
Chambers
USA
2022

Gerald Greenberg

## CONTACT INFORMATION

Email: ggreenberg@gsgpa.com

Phone: 305-728-0953

Fax: 305-728-0951

Address:

One Southeast Third Avenue

Suite 2600

Miami, Florida 33131-1715

Download V-card

## EDUCATION

Yale Law School, J.D.

University of Pennsylvania, M.A., History

University of Pennsylvania, B.A., *summa cum laude*

## CLERKSHIPS

Honorable Stanley Marcus, United States Court of Appeals for the Eleventh Circuit

Honorable Allyne Ross, United States District Court for the Eastern District of New York

## STATE BAR ADMISSIONS

Florida

# GERALD GREENBERG

"I treat each client the way I hope a family member would be treated – with respect, diligence, and total responsiveness."

Gerald Greenberg has received wide acclaim as one of a small group of attorneys in South Florida with extensive experience in both white collar criminal matters and high-stakes commercial litigation. Deeply familiar with both federal and state courts due to his work as a federal prosecutor and private lawyer, Jerry combines passionate courtroom advocacy with patient and careful review of legal issues, strong writing skills, and compassion for his clients.

Jerry has been honored for multiple years as one the "Top 100" lawyers in Miami by *Super Lawyers*, and he is among the few local attorneys recognized for both commercial litigation and criminal defense in *Best Lawyers*, which named him White Collar Criminal Defense lawyer of the year in its 2021 edition. The prestigious *Chambers and Partners* has recognized him as one of South Florida's leading attorneys for White-Collar Crime and Government Investigations, describing him as "an incredibly bright, well-rounded lawyer," and praising him as "easy to work with, thorough and always prepared."

After receiving Bachelors and Masters Degrees in History at the University of Pennsylvania and a law degree at Yale Law School, where he was a member of the *Yale Law Journal*, Jerry worked as a law clerk to Judge Stanley Marcus on the United States Court of Appeals for the Eleventh Circuit and Judge Allyne Ross on the United States District Court for the Eastern District of New York.

Following his clerkships, Jerry served as an Assistant United States Attorney in the Southern District of Florida, prosecuting cases involving narcotics, fraud, money laundering, violent crime and gangs, firearm violations, immigration crimes, and domestic terrorism. He also argued multiple cases before the Eleventh Circuit Court of Appeals. After leaving the United States Attorney's Office, Jerry was a shareholder at one of Florida's most respected law firms before becoming one of the founders of Gelber Schachter & Greenberg, PA in 2012.

On the criminal side, Jerry represents both companies and individuals in a wide variety of matters, including internal investigations, grand jury inquiries, and indicted cases. Representative recent cases have involved allegations of health care fraud, anti-kickback violations, tax crimes, securities fraud, wire fraud, antitrust offenses, importation offenses and a variety of other financial crimes. In addition to representing defendants and investigated parties, Jerry also has an extensive practice representing witnesses and victims in federal investigations. Moreover, as a member of the Criminal Justice Act panel of attorneys for the Southern District of Florida, Jerry has represented defendants in cases

involving narcotics violations, firearms matters, and other offenses. In all of his cases, Jerry works closely with his clients and their families to help navigate the legal, personal, economic, and emotional challenges inherent in the criminal justice system while striving to achieve the best outcomes possible that allow all involved to move on with their lives.

On the civil side, Jerry has represented plaintiffs and defendants in a variety of important matters before federal and state courts as well as domestic and international arbitration tribunals. His clients have included companies, individuals, and local governments. Jerry's civil matters often overlap with his criminal practice, including a number of qui tam and other cases involving health care fraud, anti-kickback claims, antitrust violations, and other quasi-criminal activity. He has also represented clients in commercial matters, employment and restrictive covenant cases, contract disputes, defamation claims, product liability matters, international business controversies, health care billing questions, and purchase-and-sale disagreements. While Jerry always assists his clients in finding the most efficient resolutions possible, he recognizes that not all cases can be settled and has achieved significant successes for his clients at trial.

Jerry has also played an active role in pro bono and public interest matters, representing individuals and organizations in trials, appeals, and administrative proceedings regarding voting rights, public safety, civil rights, due process, inmate rights, immigration, fair housing, and education law issues. For example, Jerry and his partners represented civic groups and individuals in the groundbreaking constitutional challenge to Florida's improperly-drawn congressional and state legislative districts, which resulted in the court-ordered creation of new, legal maps under Florida's Fair Districts Amendments. In addition, Jerry represented various children's health and physicians' organizations as amici curiae in a successful federal First Amendment challenge to a Florida law prohibiting doctors from inquiring about the presence of firearms in their patients' homes.

Aside from the practice of law, Jerry is active in a wide range of community activities. Along with his wife, Jerry operates the Thanksgiving Baskets Fund, which collects donations and prepares holiday meals for hundreds of South Florida families every year. He also serves on the Zoning Board for the Village of Pinecrest, the Advisory Board of the Education Fund, and the Board of the Indian & Forest Acres Scholarship Foundation. Previously, Jerry has been on the Board of the Trustees for the Southern Florida Chapter of the Leukemia & Lymphoma Society, the Board of Directors of Big Brothers Big Sisters of Miami, and the Board of the Bet Shira Congregation. He has also served as a "Big Brother" for twenty years, taught as an adjunct professor at the Florida International University School of Law, served as Vice-Chairman of a Florida Bar Grievance Committee, and run multiple marathons to raise money for blood cancer research and patient support.

A native Miamian, Jerry lives with his wife and three children in Pinecrest.



# NATALIE BEDOYA MCGINN

**PARTNER**

**CONTACT INFORMATION**

Email: nmcginn@gsgpa.com
Phone: 305-728-0964
Fax: 305-728-0951
Address:
One Southeast Third Avenue
Suite 2600
Miami, Florida 33131-1715
        Download V-card

**EDUCATION**

Duke University School of Law, J.D.

Harvard College, B.A.

**CLERKSHIPS**

Honorable Stanley Marcus, United
States Court of Appeals for the
Eleventh Circuit

Honorable Edward R. Korman, United
States District Court for the Eastern
District of New York

**STATE BAR ADMISSIONS**

Florida

New York

Natalie Bedoya McGinn is a partner at Gelber Schachter & Greenberg, P.A.

Natalie's practice includes a variety of criminal, civil, and appellate matters. In her criminal work, Natalie represents companies and individuals in white-collar matters involving allegations of health care fraud, Foreign Corrupt Practices Act violations, money laundering, and various other offenses. Natalie also represents witnesses in federal investigations and clients in connection with internal investigations. In her civil work, Natalie represents plaintiffs and defendants in commercial matters, contract disputes, and cases involving such claims as fraud, defamation, and breach of fiduciary duty.

Natalie received her Bachelor of Arts degree from Harvard College and her law degree from Duke University School of Law. At Duke, she served as the Editor-in-Chief of the *Duke Law Journal* and as a teaching assistant for both Legal Writing and Constitutional Law. She also received the Faculty Award for Constitutional Law and Civil Rights, the James S. Bidlake Memorial Award for Superior Achievement in Legal Analysis, Research & Writing, and the Justin Miller Award for Intellectual Curiosity.

After graduating, Natalie served as a law clerk to Judge Stanley Marcus on the United States Court of Appeals for the Eleventh Circuit and Judge Edward R. Korman on the United States District Court for the Eastern District of New York. Natalie then joined a prominent national law firm in New York City as a litigation associate, focusing on white-collar investigations and complex commercial litigation. Following her time at the firm, Natalie re-entered public service by joining the Appeals Division of the New York County District Attorney's Office, where she gained extensive experience writing briefs and arguing appeals before New York appellate courts.

In 2019, Natalie was selected as one of the 40 outstanding South Florida lawyers under the age of 40 by the Cystic Fibrosis Foundation.

A native Floridian and fluent Spanish speaker, Natalie lives with her husband and three children in Coral Gables.

| Date | Timekeeper | Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 4/19/2022 | Gerald E. Greenberg | $525.00 | 0.5 | $262.50 | initial conference and review of materials |
| 4/23/2022 | Gerald E. Greenberg | $525.00 | 0.8 | $420.00 | preparation of Wasserman Schultz extension papers; related correspondence |
| 4/25/2022 | Gerald E. Greenberg | $525.00 | 0.5 | $262.50 | review of orders and filings; preparation of pro hac vice motion and corporate statement |
| 4/26/2022 | Gerald E. Greenberg | $525.00 | 0.4 | $210.00 | conferences re: position on motion; review of filings |
| 4/28/2022 | Gerald E. Greenberg | $525.00 | 0.3 | $157.50 | review of order and filings |
| 4/29/2022 | Gerald E. Greenberg | $525.00 | 0.2 | $105.00 | review of filings |
| 5/3/2022 | Gerald E. Greenberg | $525.00 | 0.3 | $157.50 | review of filings |
| 5/4/2022 | Gerald E. Greenberg | $525.00 | 0.3 | $157.50 | review of co-defendant motion and case filings |
| 5/9/2022 | Gerald E. Greenberg | $525.00 | 1 | $525.00 | review and revision of motion to dismiss |
| 5/9/2022 | Christopher S. Sundby | $262.50 | 2.4 | $630.00 | reviewed proposed motion to dismiss |
| 5/11/2022 | Gerald E. Greenberg | $525.00 | 0.7 | $367.50 | review of filings; coordination re: motion to dismiss |
| 5/11/2022 | Christopher S. Sundby | $262.50 | 0.6 | $157.50 | review filings |
| 6/2/2022 | Gerald E. Greenberg | $525.00 | 0.8 | $420.00 | status hearing; preparation call |
| 6/27/2022 | Gerald E. Greenberg | $525.00 | 0.3 | $157.50 | review of amended complaint |
| 6/28/2022 | Gerald E. Greenberg | $525.00 | 0.6 | $315.00 | review of amended complaint |
| 7/14/2022 | Gerald E. Greenberg | $525.00 | 0.4 | $210.00 | review of motion to dismiss |
| 7/14/2022 | Natalie B. McGinn | $375.00 | 1 | $375.00 | review amended complaint and motion to dismiss amended complaint; |
| 7/15/2022 | Natalie B. McGinn | $375.00 | 0.3 | $112.50 | review motion to dismiss amended complaint; |
| 8/18/2022 | Natalie B. McGinn | $375.00 | 0.6 | $225.00 | review joint motion to dismiss |
| 9/9/2022 | Gerald E. Greenberg | $525.00 | 0.8 | $420.00 | review of dismissal order; call with co-counsel |
| 9/28/2022 | Gerald E. Greenberg | $525.00 | 0.3 | $157.50 | preparation of sanctions declaration |
| 9/29/2022 | Gerald E. Greenberg | $525.00 | 0.3 | $157.50 | preparation of sanctions declaration |
| 9/30/2022 | Gerald E. Greenberg | $525.00 | 1 | $525.00 | preparation and organization of materials for fee motion; call with co-counsel |
| | | | 14.4 | $6,487.50 | |

Page 1 of 1

Objection Breakdown - DNC

| Entry No. | Page # | Block | Duplicative | Excessive | Vague | Clerical | Total |
|---|---|---|---|---|---|---|---|
| 1 | 23 | $1,087.00 | | | | | |
| 2 | 23 | $1,400.00 | | | | | |
| 3 | 23 | | $3,150.00 | | | | |
| 4 | 24 | $630.00 | | | | | |
| 5 | 24 | $2,025.00 | | | | | |
| 6 | 24 | $1,960.00 | | | | | |
| 7 | 25 | $1,125.00 | | | | | |
| 8 | 25 | | | | $1,400.00 | | |
| 9 | 26 | $825.00 | | | | | |
| 10 | 27 | | $1,080.00 | | | | |
| 11 | 27 | $1,987.50 | | | | | |
| 12 | 28 | $1,687.50 | | | | | |
| 13 | 29 | $1,350.00 | | | | | |
| 14 | 29 | $910.00 | | | | | |
| 15 | 29 | $1,610.00 | | | | | |
| 16 | 29 | $1,612.50 | | | | | |
| 17 | 30 | | | | $1,312.50 | | |
| 18 | 30 | $2,430.00 | | | | | |
| 19 | 30 | $900.00 | | | | | |
| 20 | 30 | $1,935.00 | | | | | |
| 21 | 31 | $1,350.00 | | | | | |
| 22 | 31 | $1,387.50 | | | | | |
| 23 | 32 | $2,362.50 | | | | | |
| 24 | 32 | | | | $1,950.00 | | |
| 25 | 32 | $495.00 | | | | | |
| 26 | 32 | $2,025.00 | | | | | |
| 27 | 32 | | | | $1,875.00 | | |
| 28 | 32 | | $1,800.00 | | | | |
| 29 | 33 | | $1,980.00 | | | | |
| 30 | 33 | | $1,125.00 | | | | |
| 31 | 33 | | $1,800.00 | | | | |
| 32 | 33 | | $2,790.00 | | | | |
| 33 | 33 | $450.00 | | | | | |
| 34 | 33 | $825.00 | | | | | |
| 35 | 34 | | | $1,350.00 | | | |
| 36 | 34 | $1,610.00 | | | | | |
| 37 | 34 | $1,050.00 | | | | | |
| 38 | 34 | | $1,610.00 | | | | |
| 39 | 34 | | | $1,162.50 | | | |
| 40 | 34 | $1,305.00 | | | | | |
| 41 | 34 | | $1,890.00 | | | | |
| 42 | 34 | | | $1,610.00 | | | |
| 43 | 35 | $525.00 | | | | | |
| 44 | 35 | $855.00 | | | | | |
| 45 | 35 | $910.00 | | | | | |
| 46 | 35 | $990.00 | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 47 | 36 | | | | | $150.00 | |
| 48 | 36 | $1,200.00 | | | | | |
| 49 | 37 | $1,762.50 | | | | | |
| 50 | 37 | | | | $637.50 | | |
| 51 | 40 | $637.50 | | | | | |
| 52 | 40 | $637.50 | | | | | |
| 53 | 40 | $840.00 | | | | | |
| 54 | 40 | $862.50 | | | | | |
| 55 | 41 | $700.00 | | | | | |
| 56 | 41 | $900.00 | | | | | |
| 57 | 41 | $1,012.50 | | | | | |
| 58 | 42 | $1,440.00 | | | | | |
| 59 | 42 | $750.00 | | | | | |
| 60 | 42 | $810.00 | | | | | |
| 61 | 43 | $412.50 | | | | | |
| 62 | 43 | $720.00 | | | | | |
| 63 | 44 | $495.00 | | | | | |
| 64 | 44 | | | | | $165.00 | |
| 65 | 44 | | | | | $75.00 | |
| 66 | 46 | $900.00 | | | | | |
| 67 | 46 | | $495.00 | | | | |
| 68 | 46 | $600.00 | | | | | |
| 69 | 47 | $825.00 | | | | | |
| **Total** | | **$55,119.50** | **$17,720.00** | **$4,122.50** | **$7,175.00** | **$390.00** | **$84,527.00** |

**Fees incured from Complaint to initial MTD**

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Roberta Kaplan | $700/ hour | 16.2 | $11,340.00 |
| Shawn Crowley | $700/ hour | 22.9 | $16,030.00 |
| Joshua Matz | $700/ hour | 42.4 | $29,680.00 |
| Maximillian Feldman | $450/ hour | 63.8 | $28,710.00 |
| Anna Collins Peterson | $375/ hour | 74 | $27,750.00 |
| Maggie Turner | $375/ hour | 48.1 | $18,037.50 |
| James Blum | $375/ hour | 2.3 | $862.50 |
| Kasey Dietrich | $150/ hour | 10.6 | $1,590.00 |
| Gerald Greenberg | $525/ hour | 5 | $2,625.00 |
| Christopher Sunby | $262.5/ hour | 3 | $787.50 |
| **Total** | | | **$137,412.50** |

**Fees incured initial MTD to dismissal**

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Roberta Kaplan | $700/ hour | 4.5 | $3,150.00 |
| Shawn Crowley | $700/ hour | 8.6 | $6,020.00 |
| Joshua Matz | $700/ hour | 0.4 | $280.00 |
| Carmen Iguina | $500/ hour | 4.3 | $2,150.00 |
| Maximillian Feldman | $450/ hour | 25.3 | $11,385.00 |
| Anna Collins Peterson | $375/ hour | 18.8 | $7,050.00 |
| Kasey Dietrich | $150/ hour | 3.4 | $510.00 |
| Gerald Greenberg | $525/ hour | 2.9 | $1,522.00 |
| Christopher Sunby | $262.5/ hour | 1.9 | $712.50 |
| **Total** | | | **$32,779.50** |

**Fees incured to date on sactions motion**

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Roberta Kaplan | $700/ hour | 3.6 | $2,520.00 |
| Shawn Crowley | $700/ hour | 4.4 | $3,080.00 |
| Carmen Iguina | $500/ hour | 5.5 | $2,750.00 |
| Maximillian Feldman | $450/ hour | 9.9 | $4,455.00 |
| Anna Collins Peterson | $375/ hour | 5.3 | $1,987.50 |
| Gerald Greenberg | $525/ hour | 1.6 | $840.00 |
| **Total** | | | **$15,632.50** |

|  |  |
|---|---|
| **Total Fees Incurred** | $170,192.00 |
| **Total Objections** | $84,527.00 |
| **New Fees Incurred =** | $85,665.00 |

|  |  |
|---|---|
| **Exhibit B:** | $169,075.00 |
| **Exhibit D:** | $11,099.00 |
| **Total Fees Incurred =** | $180,174.00 |
| **Total Objections** | $84,527.00 |

**New Fees Incurred =**   $95,647.00

Discrepancy in the reporting of Fees Incurred. Charts A, B, and C found on pages 3 and 4 which summarize fees associated with three different phases of the case show **$9,982** lower total fees than displayed in Exhibits B & D, which display a "true and correct copy of the hours worked by counsel at GSG for the DNC and Congresswoman Wasserman Schultz"

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Donald J. Trump,

        Plaintiff,

    v.

Hillary R. Clinton *et al.*,

        Defendants.

Civil Action No. 2:22-14102-DMM

**DECLARATION OF DAVID E. KENDALL IN SUPPORT OF
DEFENDANT HILLARY R. CLINTON'S MOTION FOR SANCTIONS AND FEES**

I, David E. Kendall, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.    I am Senior Counsel at Williams & Connolly LLP and counsel of record for Defendant Hillary R. Clinton in the above captioned matter.

2.    Attached as Exhibit A are the law firm website biographies of the attorneys at this firm (David E. Kendall, Katherine M. Turner, Michael J. Mestitz) and at the firm of our local counsel, David Oscar Markus, for whom Defendant Clinton seeks attorneys' fees. The biographies reflect the professional qualifications of those attorneys.

3.    Williams & Connolly LLP entered into a retention agreement with Defendant Clinton which covers representation in the present litigation. Defendant Clinton agreed to pay the firm's costs, fees, and expenses incurred in connection with the present suit, and agreed to pay the firm's customary hourly rates.

4.    Attached as Exhibit B is a true and correct copy of the hours worked by counsel for Defendant Clinton in this case. Counsel are not seeking reimbursement for the attorneys' customary hourly rates charged to the client. Instead, counsel seek fees at the following discounted hourly rates: for David E. Kendall and Katherine M. Turner at $700, for Michael J. Mestitz at

1

$450, and for David Oscar Markus at $625.  These discounted hourly rates represent discounts of 45%, 44%, 30% and 28% from rates actually billed and are consistent with the rates this Court concluded were reasonable in *Celsius Holdings, Inc v. A SHOC Beverage, LLC*, No. 21-cv-80740, 2022 WL 3568042 (July 19, 2022).  Exhibit B provides an accurate statement of the work billed or that will be billed by these attorneys on this case from March 24 to September 30, 2022, during the period for which discounted fees are sought.

5.      Consistent with the discussion in the Memorandum in Support of Sanctions and the information provided in Exhibit B, I summarize below in Charts A, B, and C the fees associated with the three different phases of the case.

6.      First, reflected in Chart A, the discounted fees incurred by Defendant Clinton from the filing of the initial complaint to the filing of Defendant Clinton's initial motion to dismiss total $44,975.

### Chart A:  Fees incurred from Complaint to initial MTD

| Timekeeper | Discounted Hourly Fee | Hours | Fees |
|---|---|---|---|
| David E. Kendall | $700 | 21 | $14,700 |
| Katherine M. Turner | $700 | 8 | $5,600 |
| Michael J. Mestitz | $450 | 34 | $15,300 |
| David Oscar Markus | $625 | 15 | $9,375 |

7.      Second, as reflected in Chart B, the discounted fees incurred by Defendant Clinton from the filing of Defendant Clinton's initial motion to dismiss to this Court's dismissal of the suit total $99,725.  During this period, the undersigned acted as coordinating counsel to facilitate the filing of a single joint motion to dismiss the Amended Complaint.

**Chart B:  Fees incurred from initial MTD to Court's dismissal of Amended Complaint**

| Timekeeper | Discounted Hourly Fee | Hours | Fees |
|---|---|---|---|
| David E. Kendall | $700 | 54.1 | $37,870 |
| Katherine M. Turner | $700 | 23.4 | $16,380 |
| Michael J. Mestitz | $450 | 58 | $26,100 |
| David Oscar Markus | $625 | 31 | $19,375 |

8.      Finally, as reflected in Chart C, the discounted fees incurred by Defendant Clinton in connection with the motion for sanctions, from the Court's dismissal of the suit to October 1, 2022, total $27,515.  During this period, the undersigned acted as coordinating counsel to facilitate the filing of a single joint Defendants' motion for sanctions.

**Chart C:  Fees incurred to date on sanctions motion**

| Timekeeper | Discounted Hourly Fee | Hours | Fees |
|---|---|---|---|
| David E. Kendall | $700 | 14.7 | $10,290 |
| Katherine M. Turner | $700 | 4.2 | $2,940 |
| Michael J. Mestitz | $450 | 24.8 | $11,160 |
| David Oscar Markus | $625 | 5 | $3,125 |

9.      I believe that the discounted rates claimed are reasonable given the professional qualifications of the billers as evidenced in Exhibit A for the Southern District of Florida market and given the rates approved by this Court in *Celsius*.

10.     In connection with this case, counsel incurred certain necessary costs for electronic legal research.  I understand that courts in this Circuit have held that legal research costs are not

ordinarily taxable as costs under 28 U.S.C. § 1920, but are properly considered a component of attorneys' fees. *Springer v. Convergy's Corp.*, No. 3:03-CV-302-J-99MCR, 2006 WL 8439203, at *2 (M.D. Fla. July 7, 2006). As such, in addition to the discounted fees set out above, Clinton requests an award of $4,197.31 incurred for electronic legal research.

11.     Consistent with Local Rule 7.3, counsel sent the draft sanctions motion and draft supporting declarations to Plaintiff's counsel on October 5, 2022. Defendants met and conferred in good faith with Plaintiff's counsel by Microsoft Teams twice, on October 13 and October 26, 2022, but were unable to reach any agreement as to either the Defendants' entitlement to or the amount of fees and expenses not taxable under 28 U.S.C. §1920 that are recoverable from Plaintiff and/or his counsel.


/s/ David E. Kendall
_____

David E. Kendall


Dated: October 31, 2022

# EXHIBIT A



# David E. Kendall

Senior Counsel
dkendall@wc.com
202-434-5145

**Education**

- Yale Law School, J.D., 1971; Note and Comment Editor, *Yale Law Journal*

- University of Oxford, M.A., 1968; Rhodes Scholarship

- Wabash College, B.A., *summa cum laude*, 1966; Phi Beta Kappa

**Recognitions**

- Received top rankings in general commercial litigation (2007-2018) and media and entertainment law (2004-2016) in *Chambers USA: America's Leading Lawyers for Business*

- Recognized as one of *The Best Lawyers in America ®* for over 25 years

- "Washington, D.C. Bet-The-Company Litigation Lawyer of the Year," *The Best Lawyers in America ®*, 2015

- "Washington, D.C. First Amendment Lawyer of the Year," *The Best Lawyers in America ®*, 2012

David Kendall has had a checkered legal career. His acquaintance with the legal process began when he was arrested several times (but convicted only once) in Mississippi during the summer of 1964 while attempting to register voters.

After studying at Oxford as a Rhodes Scholar, graduating from Yale Law School, and clerking for Justice Byron R. White, he spent five years as associate counsel at the NAACP Legal Defense & Educational Fund, Inc., litigating a variety of civil rights cases and defending a large number of death penalty cases. He represented clients at trial, before state supreme courts, in the Supreme Court of the United States, and in state and federal post-conviction proceedings. He argued *Coker v. Georgia*, 433 U.S. 584 (1977), in which the Supreme Court declared the death penalty unconstitutional for rape. He represented Florida Death Row inmate John Spenkelink in extensive appellate and post-conviction proceedings and represented Utah inmate Gary Gilmore's mother in seeking a stay of execution from the Supreme Court. *Gilmore v. Utah*, 429 U.S. 1012 (1976). He devised a legal challenge to lethal injection. *Chaney v. Heckler*, 718 F.2d 1174 (D.C. Cir. 1983), *rev'd* 470 U.S. 821 (1985).

At Williams & Connolly since 1978, and a partner from 1981 to 2014, Mr. Kendall continues his practice as Senior Counsel to the firm. He has litigated a variety of civil and criminal cases at the trial and appellate level and has had jury trials in the District of Columbia, Indiana, Maryland, Pennsylvania, Georgia, Alabama, and Minnesota. He has appeared in trial courts in 23 states and has argued appeals in six federal courts of appeal, seven state supreme courts, and the Supreme Court of the United States. David Kendall is highlighted in the 2014 edition of *The Legal 500* for his "diverse practice" which "sees him representing clients across the country from Maryland to Minnesota."

Mr. Kendall has represented a wide variety of criminal defendants who have been charged with such "white collar" offenses as conspiracy, bribery, mail fraud, wire fraud, and obscenity at trial and on appeal. He has represented numerous clients before state and federal grand juries in agency investigations and in corporate internal investigations (many of these representations are, thankfully, unknown to the general public). He represented Bechtel

WILLIAMS & CONNOLLY LLP®

1

7

Infrastructure in various criminal and civil investigations relating to the "Big Dig" in Boston.

In civil litigation, he has represented accounting firms in a number of different matters, including Arthur Andersen in the University Savings case in Houston. He has represented McGladrey & Pullen in the A.H. Robins bankruptcy proceedings arising out of the Dalkon Shield litigation, and other matters. He has represented another Big Four accounting firm in proceedings related to the firm's investment and tax strategies. He has represented clients in commercial arbitration, winning for the Baltimore Orioles $10 million and naming rights to the Camden Yards ballpark in 2001.

Mr. Kendall has represented lawyers and law firms in professional liability matters. He represented a number of clients during the savings and loan crisis of the 1980s and early 1990s, including accountants, lawyers, and S&L executives, in civil, criminal, and administrative proceedings. He began representing President and Mrs. Clinton in November 1993, in what was ostensibly a small savings and loan matter involving Whitewater Development Company, Inc. He went on to represent the Clintons in a variety of matters, including Independent Counsel, Senate, House of Representatives, FDIC, RTC, and bar counsel investigations, civil litigation, and the 1998-99 impeachment proceedings, and currently represents them in miscellaneous civil matters.

He has represented a number of individual and corporate media clients over the years, defending libel, privacy invasion, and copyright suits, fighting subpoenas to news gatherers, and prosecuting FOIA actions (arguing *Department of State v. Washington Post Co.*, 456 U.S. 595 (1982) in the Supreme Court). His clients have included The Washington Post, Newsweek, National Enquirer (where he supervised prepublication copy review for over a decade and a half), Playboy, Discovery Communications, U.S. Medicine, National Review, local television stations, and individual writers and journalists. He represented The Post at trial and on appeal in a marathon libel suit brought by the President of Mobil Oil and his son. *Tavoulareas v. Washington Post Co. et al.*, 817 F.2d 762 (D.C. Cir. 1987) (en banc). In a libel suit arising out of the motion picture *Missing*, he successfully defended its director, Constantin Costa-Gavras, and Universal City Studios, *Davis v. Costa-Gavras*, 654 F. Supp. 653 (S.D.N.Y. 1987), in a case that established First Amendment protections for "docudramas."

Over the years, Mr. Kendall has advised the Motion Picture Association of America, the Recording Industry Association of America, and several member companies of both organizations on a variety of First Amendment, copyright, and other legal issues at trial, in Congressional and administrative agency investigations, and with

respect to proposed legislation. He has represented a number of copyright holders in anti-piracy suits against various Napster-like Internet services, such as Scour, Aimster, Morpheus, KaZaA, and Grokster. He represented the motion picture studios in their 9-0 anti-piracy victory in the Supreme Court, *MGM et al. v. Grokster, et al.*, 545 U.S. 913 (2005). He has also represented content providers in litigation against satellite, cable, and over-the-air copyright piracy. He has represented AOL in a number of Internet matters and has advised various clients on issues arising out of the Digital Millennium Copyright Act.

He is the author of several articles on constitutional, media, and criminal law and has taught constitutional and media law courses as an Adjunct Professor at Columbia Law School and Georgetown University Law Center. He was a member of the five-person ABA Task Force that drafted the *ABA Standards for Criminal Justice: Fair Trial and Free Press* released in 1991. He is on the Board of Directors of the NAACP Legal Defense & Educational Fund, Inc.



# Katherine M. Turner

Partner
kturner@wc.com
202-434-5487

Katherine Turner is Co-Chair of Williams & Connolly's Accountant Liability and Congressional Investigations practice groups and is a member of the Firm's Executive Committee.  She has extensive experience in defending accounting firms in professional liability litigation and regulatory matters, including work for three of the Big Four firms and a prominent national accounting firm.  Her practice also encompasses complex litigation in several other substantive areas, including securities litigation and commercial contract disputes.  She has represented corporations, professional firms, and individuals in a range of federal and state cases, at both the trial and appellate levels, and in arbitration before AAA, CPR, JAMS, and FINRA.

Katherine also has significant experience in representing clients in congressional investigations, including representation of Secretary Hillary Rodham Clinton before the House Select Committee on Benghazi and a recent representation of a government official in a matter before the House Committee on Oversight and Reform.

*Benchmark Litigation* has recognized Katherine as a "Litigation Star" in the areas of commercial litigation and white-collar criminal defense, 2017 – 2023, and among the "Top 250 Women in Litigation" for the last seven years.

Katherine was born and raised near Philadelphia, Pennsylvania and graduated from Georgetown University, *summa cum laude*, in 2001.  She received her J.D., *cum laude*, from Harvard Law School, where she was an editor of the *Harvard Law Review*.  She joined Williams & Connolly in 2005, after serving as a law clerk to the Honorable Bruce Marshall Selya of the United States Court of Appeals for the First Circuit.

Katherine co-founded the Firm's Women's Initiative and previously served as its Co-Chair.  She has also served as Chair of the Firm's Intake Committee and a member of its Hiring Committee.

## Representative Experience

Though all cases vary and none is predictive, Katherine's experience includes:

- Current representation of Big Four accounting firm in arbitration related to audits of investment funds.

## Education

- Harvard Law School, J.D., *cum laude*, 2004; Primary Editing Chair, *Harvard Law Review*

- Georgetown University, B.A., *summa cum laude*, 2001; Phi Beta Kappa

## Recognitions

- "Local Litigation Star," *Benchmark Litigation*, 2017 – 2023

- "Top 250 Women in Litigation," *Benchmark Litigation*, 2016 – 2022

- "40 & Under Hot List", *Benchmark Litigation*, 2017 – 2020

- Selected to Washington, D.C. "Rising Stars" list, *Super Lawyers*, 2014 – 2019

10

- Current representation of national accounting firm in professional liability litigation concerning audits of investment funds.

- Current representation of national accounting firm and two foreign Big Four firms in PCAOB investigations.

- Current representation of national accounting firm in an SEC investigation.

- Successful defense of individual in Title IX hearing, resulting in a finding of not responsible.

- Ongoing representation of Fortune 50 technology company in pre-litigation analyses of commercial contract and employee disputes.

- Successful representation of Big Four accounting firm in a two-year PCAOB investigation related to audits of a lending company, resulting in no action taken against firm or its auditors.

- Representation of national accounting firm in successful resolution of professional liability cases involving audits of a health insurance company and an employee benefit plan.

- Successful representation of national accounting firm in defense of professional liability claims arising from audits of funds invested in the Petters Ponzi scheme, including prevailing at summary judgment against ~$1 billion claim brought by funds' bankruptcy trustee and defeating two investor suits at the motion-to-dismiss stage.

- Representation of Secretary Hillary Rodham Clinton before the House Select Committee on Benghazi and in connection with matters concerning her e-mail use.

- Representation of high-profile non-profit organization in internal investigation of board member's personal conduct.

- Representation of Fortune 50 healthcare company in successful resolution of securities class action litigation involving ~$900M in alleged damages.

- Successful defense of several interdealer brokers in disputes with their former employer in series of FINRA arbitrations.

- Successful defense of technology company in JAMS arbitration involving alleged violations of trademark agreement, resulting in judgment in favor of client on all claims and an award of attorney's fees, following full merits trial.

- Successful representation of Big Four accounting firm in appeal of trial verdict in which the jury had found liability to a non-client arising from an audit.

WILLIAMS & CONNOLLY LLP°



# Michael J. Mestitz

Associate
mmestitz@wc.com
202-434-5085

**Education**

- Stanford Law School, J.D., 2015; President, *Stanford Law Review*

- Vassar College, B.A., 2012; general and departmental honors, 2012; Phi Beta Kappa, Phi Beta Kappa Prize; Agnes Jackson Reynolds Prize; Vernon Venable Prize

**Recognitions**

- *Super Lawyers* Rising Star, 2020

- Named one of *The Best Lawyers in America® Ones to Watch* for Appellate Practice, 2021

Michael Mestitz focuses his practice on complex civil matters and appellate litigation. He has represented individual and corporate clients in high-stakes appeals in the U.S. Supreme Court, as well as federal and state appellate courts around the country. Michael has experience in a broad range of substantive areas, including federal statutory interpretation, contract law, securities class actions, and financial-services regulation. He has represented several Fortune 10 companies in appeals, trial courts, and government investigations. His pro bono practice focuses on representing criminal defendants and amici curiae in state and federal appellate courts. He is the co-chair of Williams & Connolly's LGBTQ+ affinity group.

Michael grew up in Minnesota and graduated from Vassar College with general honors, as well as departmental honors in each of his three majors. He received his Juris Doctor from Stanford Law School, where he served as the President of the Stanford Law Review. While at Stanford, he also participated in the Supreme Court Litigation Clinic, the Community Law Clinic, and the Kirkwood Moot Court Competition. He clerked for Judge Raymond C. Fisher of the United States Court of Appeals for the Ninth Circuit before joining Williams & Connolly in 2016.

## Representative Experience

Though all cases vary and none is predictive, Michael's experience includes:

- Successful representation of the respondent in *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029 (2019), resulting in an unanimous Supreme Court ruling that state nonjudicial foreclosure proceedings are not governed by the Fair Debt Collection Practices Act.

- Representation of petitioners in *Sanchez v. Mayorkas* in the U.S. Supreme Court, presenting the question whether eligible recipients of Temporary Protected Status may adjust to lawful-permanent-resident status.

- Representation of former Secretary of State Hillary Clinton in successful motions to dismiss in various federal district courts and a successful motion for summary affirmance in the D.C. Circuit.

- Representation and argument as appointed counsel on behalf of a criminal appellant in the Maryland Court of Special Appeals.

- Successfully obtained affirmance of judgment as a matter of law in favor of firm clients in a fraud case in the U.S. Court of Appeals for the Fifth Circuit.

- Representation of a Fortune 10 corporation in an investigation by the Federal Trade Commission.

- Representation of a major multinational company in arbitration proceedings regarding a multibillion dollar contract claim.

- Representation of organizations representing tens of thousands of businesses nationwide as amici before the U.S. Supreme Court urging the Court to hold that Title VII of the Civil Rights Act prohibits discrimination based on sexual orientation and gender identity in *Altitude Express, Inc. v. Zarda*, *Bostock v. Clayton County, Georgia*, and *R.G. & G.R. Harris Funeral Homes v. EEOC*.

- Representation of civil-rights organizations across the ideological spectrum as amici curiae before the U.S. Supreme Court in *Uzuegbunam v. Preczewski*, arguing that a live claim for nominal damages prevents a case from being moot.

# MARKUS / MOSS PLLC

M/M
40 NW 3rd Street, PH 1
Miami, FL 33128
305 379-6667

Home Page    Firm Profile    Attorney Profiles ⌄    Case Summaries    News and Articles    Blog    Contact Us

## David Oscar Markus

**David Oscar Markus** is one of few lawyers that can do it all.  He actually tries cases and argues appeals all around the country.  He teaches at the University of Miami School of Law and also to lawyers at legal education events.  He runs the well-known Southern District of Florida blog.  He also hosts a successful podcast, For the Defense.  And he frequently advocates for criminal justice reform in opinion pieces.



David is a *magna cum laude* graduate of Harvard Law School. He is known for his creative and unrelenting approach to cases, which leads to wins in trials and appeals. David focuses on high-stakes criminal litigation for both white collar and traditional criminal matters.  You can access his resume here. (PDF)



Best Lawyers named David "Lawyer of the Year" for White Collar Criminal Law in 2020 and for General Criminal Defense in both 2022 and 2017.  And the Dade County Bar Association awarded him the "Legal Luminary" award for criminal defense, an honor voted on by members of the legal community. In 2015, the National Law Journal selected him as one of the Trailblazers for White Collar Criminal Defense in the entire country.  Back when he was 29 years old (in 2002), the National Law Journal



### Education

- J.D., *magna cum laude*, Harvard Law School, 1997

- B.A., Emory University, 1994 (Phi Beta Kappa)

### Bar Admissions

- United States Supreme Court

- State of Florida

- Southern and Middle Districts of Florida

- Eleventh Circuit Court of Appeals

- Federal Court of Claims

- admitted *pro hac vice* to various trial and appellate courts

### Awards

- Lawyer of the Year, General Criminal Defense, 2022 & 2017

selected him as a birthday candidate on one of his murder cases when he was 30 years old, and it has recognized one of his federal trial victories as one of the top ten defense verdicts in the country that year. He is also a fellow in the American College of Trial Lawyers.

In one trial victory, David not only beat all 141 counts in federal court for a doctor, but then won attorneys' fees and costs of over $600,000 for his client in a first-of-its-kind ruling. Based on that case, he was awarded the highest honor — the Rodney Thaxton "against all odds" award — by the Florida Association of Criminal Defense Lawyers. Although the 11th Circuit reversed the fee award in a number of controversial opinions, the court referred to Markus as an "elite" and "superb" attorney. (See page 9 of the opinion here). In another case, David challenged the way the federal court system in Miami selected jurors (alphabetically by last name) and won, which changed the jury selection process in the District (click here). After obtaining a fair jury, Markus' client was found not guilty. He never stops fighting for his clients.



GALLERY

David Oscar Markus leaving the Federal Courthouse in Miami after a hearing in which he represented Carnival Corporation.

Based on this type of creative and unique lawyering, in 2010, David was one of eight finalists in the country for best white-collar criminal lawyer in the country by Chambers & Partners, which quoted market sources saying that David is "the whole package," and "a creative, courageous and tenacious courtroom advocate." And he was named to that very prestigious short list of 8 best white-collar criminal defense lawyers again in 2011 (he was the only lawyer listed who was not from a large firm). The 2012 Chambers said this: "David Markus received strong praise from peers and clients alike, who describe him as 'a legal genius and brilliant strategist with a great demeanor.'" A recent Chambers & Partners described David as a "wickedly smart and a terrific trial lawyer. ... Clients say that he is 'thrilling' to watch in court and that 'his passion appreciation and enjoyment for his work are contagious." And in 2014, that publication identified David as "one of the best trial lawyers around: very smart, highly respected and thoroughly prepared." In 2016, Chambers said: "David Markus is one of the most talented criminal defense lawyers in Florida. He has a wealth of litigation experience and is regularly sought after for his counsel in high-stakes tax and criminal antitrust cases. Sources also describe him as an 'extremely creative thinker and a great oral advocate' who gets 'tremendous results.'" Chambers has also explained: "David Markus is amazing, not only because of the strength and genius of his arguments and motions, but also because of his brilliant and astonishing performances during the hearings. Additionally, he radiates so much confidence, and that in itself soothes the usual anguish and anxiety that you endure during these types of situations. Last but not least, he is such a great human being." In 2020, that publication said that David "is an exceptional trial lawyer," "an incredible oral advocate" and that "he's pretty fearless in terms of dealing with the government."

Since 2010, David has been listed as one of the top 100 lawyers in Miami and in all of Florida by SuperLawyers. He is one of the few criminal defense lawyers to received such an honor. He is frequently named as one of the top lawyers in the Best Lawyers in America, South Florida Legal Guide, Florida Trend Magazine, Chambers & Partners, and the South Florida Business Journal. He was one of 20 lawyers named a key partner by the South Florida Business Journal in 2011 and again in 2012. The Daily Business Review named him a finalist for Most Effective Lawyer in Criminal Justice (one of three lawyers in Miami) in 2006, 2009, 2011, 2012, and 2015. He won the award in 2018. The district judges in the Southern District of Florida presented him with the Eugene Spellman Criminal Justice Act Award in 2013.

While at Harvard, David argued in front of Supreme Court Justice Anthony Kennedy who named him best oralist. (The argument, which was carried on C-Span, can be viewed here. David's argument begins at 57:42). David was mentored by Alan Dershowitz while in law school (click here for a picture of them together at Harvard). After graduating from Harvard, David served as law clerk to the Honorable Edward B. Davis, then-Chief United States District Judge, Southern District of Florida. Following his clerkship, David

---

**Best Lawyers)**

- Lawyer of the Year, White Collar Criminal Defense, 2020 (Best Lawyers)

- Most Effective Criminal Lawyers, 2018 (Daily Business Review)

- Trailblazer, White Collar Criminal Law, 2015 (National Law Journal)

- Top 40 litigator under 40 years old, 2002 (National Law Journal)

- Top Lawyer, White Collar Criminal Defense and non-White Collar Criminal Defense, 2007-present (Best Lawyers in America by U.S. News)

- Listed as Most Influential Lawyers in Miami, 2012 (Poder Hispanic Magazine)

- Band 1, Chambers & Partners, 2015-present

- Top Miami Criminal Lawyer, 2002-present (South Florida Legal Guide)

- Top 100 SuperLawyer in Miami, 2010-present (SuperLawyers)

- South Florida Business Journal Key Partners Award, 2011, 2012

- AV Rated (Martindale Hubbell)

- Top Lawyer, 2007-present (Chambers & Partners)

- Finalist, Best White Collar Attorney in the United States 2010, 2011 (Chambers & Partners)

- Finalist, Most Effective Criminal Defense Lawyer, 2015, 2012, 2011, 2009, 2006 (Daily Business Review)

worked as an associate doing criminal defense work with attorney Williams Colson in Washington, D.C., and then practiced as an Assistant Federal Public Defender in Miami.



David Oscar Markus teaches future lawyers at Harvard Law School

David is a past-president of the Florida Association of Criminal Defense Lawyers – Miami Chapter and past-president of the Federal Bar Association, South Florida Chapter, 2007-08. He served for ten years as the Southern District of Florida's national representative for the Criminal Justice Act Panel, and is the vice-chair of the National Association of Criminal Defense Lawyer's amicus committee. David also has co-authored the Fourth Amendment Forum, published in NACDL's The Champion. He is frequently asked to serve on committees for the Southern District of Florida.

David frequently lectures on different aspects of the criminal trial and appeal. He currently teaches a White Collar Law seminar at the University of Miami School of Law and previously taught legal writing there. David also has taught Advanced Criminal Procedure and White Collar Law at Florida International University College of Law. He often speaks to other criminal defense lawyers on ethics and zealously representing criminal defendants charged with serious crimes. His lengthy list of lectures can be found on his resume.

David has also teamed with rakontur in the new podcast, For the Defense, which is about true criminal trial lawyers. In the podcast, he interviews other well-known criminal defense lawyers about their most interesting trials. You can listen to it here.



David speaking to criminal defense lawyers at NACDL's annual conference about how to win "pill-mill" cases.

David is often quoted in publications around the country, including The Miami Herald, The Sun-Sentinel, The Palm Beach Post, the Daily Business Review, USA Today, The New York Times, The Wall Street Journal, The Boston Globe, Law.com, and CNN.com. He has written opinion pieces for numerous publications, and is the author of the popular Southern District of Florida blog, which has been described by the New Times as "the definitive source on South Florida's federal court system." He recently wrote a chapter in a book for lawyers; his chapter was titled "*Battling Goliath, Trying to Win in the Court of Appeals.*"

David is a frequent opinion contributor, arguing for criminal justice reform and for individual rights. He has written pieces in the Washington Post, USA Today, Miami Herald, New York Daily News, law.com Newsmax, and others. In this recent op-ed, co-authored with Mona Markus, he explains how the government frequently and unjustly prosecutes doctors. In another, he argues that cameras should be permitted in federal courtrooms as a check on prosecutors and judges.

He is also a regular contributor for The Hill:

Chauvin verdict: Don't hate his lawyer
Social media is mightier than Gov. DeSantis's guns
Bannon and Maxwell cases display DOJ press strategy chutzpah
Federal judge rightly upset over wrongful jailing of Michael Cohen
Cellphones haven't stopped cops from lying — only courts can do that
Former prosecutors outraged at decision to dismiss the Flynn case should focus on the real problems
Lori Loughlin case should be dismissed if the prosecutors cheated
Let's use Roger Stone's case to fix our broken justice system
Michael Avenatti should not be in solitary confinement
We're addicted to jail

Felicity Huffman and why prosecutors can't cause deceit

Justice Gorsuch channels his inner-Scalia, and that's good for criminal defendants

Kim Kardashian is the hero that criminal justice reform needs

Federal prosecutors are trying to bully 'Aunt Becky' into pleading guilty

#MeToo has lost its way: In defense of Joe Biden

Barr and Rosenstein likely made correct legal decision on obstruction

Four years for Paul Manafort is the right sentence

A small next step for criminal justice reform: Fix good time credit

Paul Manafort should not be sentenced to 20 years in prison

OPR should investigate real prosecutorial misconduct, not Secretary of Labor Alex Acosta

Special counsel's office wrong to arrest Roger Stone instead of letting him self-surrender

Absolutely nothing wrong with Manafort's lawyers talking to Trump's lawyers

Mueller should not get to decide whether Manafort is lying

Brett Kavanaugh would not have been treated fairly had he been a defendant

Should Kavanaugh be confirmed if we don't know who is telling the truth

Five simple rules for judging Kavanaugh and his accusers

Kavanaugh won't be charged

David is committed to zealously representing each and every one of his clients. He has built a reputation for winning the most difficult cases with creative strategies. David takes each case personally and does not like to lose.

You can email David Markus at dmarkus@markuslaw.com

---

## Contact Us

Markus/Moss focuses on criminal defense representation at the trial and appellate level.

**Email David Markus:**
dmarkus@markuslaw.com

40 NW Third Street, Penthouse One
Miami, FL 33128
305 379-6667

## Office Location

Get Directions



---

Home Page | Firm Profile | Attorney Profiles | News and Articles | Case Summaries | Blog | Contact Us

Copyright © 2005-2014 Markus/Moss Disclaimer: Material presented on this website is intended for information purposes only. It is not intended as professional or legal advice and should not be construed as such.

Websites for Law Firms: Law Firm Design

17

# EXHIBIT B

| | Date | Timekeeper | Discounted Rate | Billed Hours | Amount Claimed | Description |
|---|---|---|---|---|---|---|
| | 3/24/2022 | MESTITZ, MICHAEL J. | $450 | 1.5 | $675 | Review complaint and outline responses re: Trump v. Clinton lawsuit. |
| | 3/24/2022 | KENDALL, DAVID E. | $700 | 2 | $1,400 | Review Trump v. Clinton et al. complaint; teleconferences and emails; file review. |
| | 3/25/2022 | MESTITZ, MICHAEL J. | $450 | 0.6 | $270 | Research Anti-SLAPP law. |
| | 3/25/2022 | KENDALL, DAVID E. | $700 | 1 | $700 | Research on new Trump complaint; teleconferences. |
| | 3/25/2022 | MESTITZ, MICHAEL J. | $450 | 1.1 | $495 | Outline responses to complaint. |
| B | 3/27/2022 | KENDALL, DAVID E. | $700 | 2 | $1,400 | Legal research on Trump lawsuit; review state law; research statute of limitations; emails and clips. |
| B | 3/28/2022 | TURNER, KATHERINE M. | $700 | 1 | $700 | Review Trump complaint in Trump v. Clinton lawsuit; team meeting re: same; call with ████ re: same. |
| | 3/28/2022 | MESTITZ, MICHAEL J. | $450 | 1.3 | $585 | Prepare for and meet re: case strategy; follow-up research. |
| B | 3/28/2022 | KENDALL, DAVID E. | $700 | 1.5 | $1,050 | Emails and teleconferences; meet with in-house team to discuss motion to dismiss; conference call with ████ ; legal research. |
| | 3/29/2022 | TURNER, KATHERINE M. | $700 | 0.1 | $70 | Review conflict disclosure. |
| | 3/29/2022 | KENDALL, DAVID E. | $700 | 1 | $700 | Teleconferences and emails; debrief call with ████. |
| | 3/30/2022 | KENDALL, DAVID E. | $700 | 0.7 | $490 | File review; research; teleconference with ████. |
| E B | 4/1/2022 | MARKUS, DAVID O. | $625 | 15 | $9,375 | April 2022:  Confer and strategize via email and telephone with counsel regarding case, initial appearances, local rules, and complaint; review complaint; review draft motion to dismiss; draft and file pro hac motions; review and file response to motion to expedite. |
| D | 4/2/2022 | MESTITZ, MICHAEL J. | $450 | 2 | $900 | Reviewing RICO complaint and drafting motion. |
| | 4/4/2022 | KENDALL, DAVID E. | $700 | 0.8 | $560 | File review and status report to client/ review plaintiff's motion to revise TJ. |
| | 4/5/2022 | MESTITZ, MICHAEL J. | $450 | 5.1 | $2,295 | Researching and drafting MTD. |
| | 4/6/2022 | TURNER, KATHERINE M. | $700 | 0.2 | $140 | Emails w/ team re local counsel for Trump suit. |
| | 4/6/2022 | MESTITZ, MICHAEL J. | $450 | 2 | $900 | Researching and drafting MTD. |
| | 4/7/2022 | MESTITZ, MICHAEL J. | $450 | 0.5 | $225 | Call with joint defense group. |
| | 4/7/2022 | TURNER, KATHERINE M. | $700 | 0.7 | $490 | Joint defense call re Trump MTD; call w/ DEK re the same. |
| B | 4/7/2022 | KENDALL, DAVID E. | $700 | 1.5 | $1,050 | Teleconference re: local counsel; research on motion to dismiss; conference call with ████ teleconference with counsel for ████ and other defendants. |
| | 4/7/2022 | MESTITZ, MICHAEL J. | $450 | 1.8 | $810 | Revising draft MTD. |
| | 4/8/2022 | MESTITZ, MICHAEL J. | $450 | 1.3 | $585 | Call with counsel. |
| B | 4/8/2022 | KENDALL, DAVID E. | $700 | 1.5 | $1,050 | Teleconferences and emails; edit draft motion to dismiss; legal research; conference call with team; conference call with ██ |
| B | 4/8/2022 | TURNER, KATHERINE M. | $700 | 3.5 | $2,450 | Reviewing, editing MTD Trump suit; JD calls w/ counsel for HFA re the same; call w/ team re the same. |
| E | 4/9/2022 | MESTITZ, MICHAEL J. | $450 | 2.6 | $1,170 | Revising draft per team comments. |
| | 4/11/2022 | KENDALL, DAVID E. | $700 | 0.5 | $350 | Edit and revise draft motion to dismiss; emails with local counsel. |
| | 4/12/2022 | KENDALL, DAVID E. | $700 | 0.5 | $350 | Emails and teleconferences ████ and others; review third draft of motion to dismiss. |
| D | 4/12/2022 | MESTITZ, MICHAEL J. | $450 | 1.1 | $495 | Revising draft MTD. |
| | 4/12/2022 | MESTITZ, MICHAEL J. | $450 | 1.2 | $540 | Research and email re anti-SLAPP procedure. |
| | 4/13/2022 | MESTITZ, MICHAEL J. | $450 | 0.3 | $135 | Call with counsel. |
| | 4/13/2022 | MESTITZ, MICHAEL J. | $450 | 0.4 | $180 | Revising draft MTD. |
| | 4/13/2022 | MESTITZ, MICHAEL J. | $450 | 0.5 | $225 | Call with counsel. |
| | 4/13/2022 | TURNER, KATHERINE M. | $700 | 1 | $700 | Joint defense calls re Trump MTD. |

| | Date | Name | Rate | Hours | Amount | Description |
|---|---|---|---|---|---|---|
| B | 4/13/2022 | KENDALL, DAVID E. | $700 | 1.5 | $1,050 | Conference call with counsel for client; other calls and emails; revisit and edit draft to circulate; call with local counsel. |
| | 4/14/2022 | TURNER, KATHERINE M. | $700 | 0.5 | $350 | Reviewing pro hac motion and local rules; emails w/ D. Kendall re ▮. |
| B | 4/14/2022 | KENDALL, DAVID E. | $700 | 2 | $1,400 | Teleconferences and emails with counsel for co-defendants; teleconference with Trump lawyers; file appearance; teleconference with local counsel; draft pro hac vice motion; revise our motion to dismiss; circulate to other counsel. |
| B | 4/15/2022 | KENDALL, DAVID E. | $700 | 1.5 | $1,050 | Teleconference with ▮; email re: interview; file review; work at revising Trump motion to dismiss. |
| | 4/18/2022 | MESTITZ, MICHAEL J. | $450 | 0.5 | $225 | Call with counsel. |
| B | 4/18/2022 | TURNER, KATHERINE M. | $700 | 1 | $700 | Emails re Trump MTD; call w/ M. Mestitz re the same; call w/ A. Otterberg and M. Mestitz re MTD; reviewing ▮. |
| D | 4/18/2022 | MESTITZ, MICHAEL J. | $450 | 5.4 | $2,430 | Revising draft MTD. |
| B | 4/19/2022 | KENDALL, DAVID E. | $700 | 1.2 | $840 | Teleconferences with counsel for co-defendants in Trump suit; emails; review and revise draft motion to dismiss. |
| D | 4/19/2022 | MESTITZ, MICHAEL J. | $450 | 2.2 | $990 | Revising draft MTD and preparing tables. |
| | 4/20/2022 | MESTITZ, MICHAEL J. | $450 | 0.6 | $270 | Call with counsel. |
| | 4/20/2022 | MESTITZ, MICHAEL J. | $450 | 0.9 | $405 | Tracking MTD coverage. |
| D | 4/20/2022 | MESTITZ, MICHAEL J. | $450 | 1.1 | $495 | Finalizing MTD for filing. |
| B | 4/20/2022 | KENDALL, DAVID E. | $700 | 1.8 | $1,260 | Conference call with defense counsel; call with individual lawyers; finalize motion to dismiss; file. |
| B | 4/21/2022 | KENDALL, DAVID E. | $700 | 1 | $700 | Teleconferences and emails; review motions and other pleadings; calls with counsel for other defendants. |
| B | 4/22/2022 | KENDALL, DAVID E. | $700 | 1.2 | $840 | Conference call with ▮; review Trump motion and research; teleconferences and emails. |
| | 4/22/2022 | MESTITZ, MICHAEL J. | $450 | 1.6 | $720 | Research re amendment of complaints and SOL. |
| | 4/25/2022 | MESTITZ, MICHAEL J. | $450 | 0.5 | $225 | Emailing re docket materials. |
| | 4/25/2022 | MESTITZ, MICHAEL J. | $450 | 1.5 | $675 | Assembling codefendant feedback. |
| | 4/27/2022 | MESTITZ, MICHAEL J. | $450 | 0.5 | $225 | Emailing re docket materials. |
| B | 4/29/2022 | KENDALL, DAVID E. | $700 | 1 | $700 | Briefing call with ▮; telecons and emails; conf call with ▮. |
| B E | 5/1/2022 | MARKUS, DAVID O. | $625 | 10 | $6,250 | May 2022: Confer and strategize via email and telephone with counsel and co-defendants' counsel regarding case, motion to dismiss, discovery and other issues; review numerous filings, including court orders and filings from co-defendants including motion to dismiss; prepare and send email to counsel regarding stipulation and order and file same. |
| | 5/9/2022 | MESTITZ, MICHAEL J. | $450 | 0.7 | $315 | Reviewing ▮ draft MTD. |
| | 5/18/2022 | KENDALL, DAVID E. | $700 | 0.5 | $350 | Conference call with defense counsel in Trump v. Clinton. |
| | 5/20/2022 | KENDALL, DAVID E. | $700 | 0.7 | $490 | Respond to Questions re ▮; file review; report to client. |
| | 5/23/2022 | KENDALL, DAVID E. | $700 | 1 | $700 | Telecons with ▮; clips check; review ▮; report to client. |
| | 5/30/2022 | MESTITZ, MICHAEL J. | $450 | 0.8 | $360 | Drafting and emailing stipulation/stipulated motion. |
| | 5/31/2022 | TURNER, KATHERINE M. | $700 | 0.5 | $350 | Reviewing, editing editorial; email to DEK re the same. |
| | 5/31/2022 | MESTITZ, MICHAEL J. | $450 | 0.6 | $270 | Drafting and emailing stipulation/stipulated motion. |

| | | | | | |
|---|---|---|---|---|---|
| **B**<br>**E** | | | | | |
| | 6/1/2022 MARKUS, DAVID O. | $625 | 8 | $5,000 | June 2022:  Confer and strategize via email and telephone with counsel and co-defendants' counsel regarding hearing before the magistrate judge, new motions to dismiss, discovery and other issues; review numerous filings, including court orders, amended complaint; review drafts of motions to dismiss; review and file proposed joint stipulation. |
| | 6/1/2022 MESTITZ, MICHAEL J. | $450 | 0.4 | $180 | Emailing re status conference. |
| | 6/2/2022 MESTITZ, MICHAEL J. | $450 | 0.4 | $180 | Preparing inventory of counsel. |
| | 6/2/2022 MESTITZ, MICHAEL J. | $450 | 0.5 | $225 | Strategy meeting. |
| | 6/2/2022 MESTITZ, MICHAEL J. | $450 | 1.3 | $585 | Status conference; follow up re same. |
| **B** | 6/2/2022 KENDALL, DAVID E. | $700 | 1.5 | $1,050 | Telecons and emails; status conference (Zoom) before Judge Reinhart; follow-up. |
| | 6/2/2022 TURNER, KATHERINE M. | $700 | 1.5 | $1,050 | Team mtg re amended complaint; prepare for, attend status conference. |
| | 6/10/2022 KENDALL, DAVID E. | $700 | 1 | $700 | Research viability of ▓ investigations of ▓▓▓▓ data; email to Trump lawyers; review June 2 transcript; report to client. |
| **B** | 6/14/2022 KENDALL, DAVID E. | $700 | 1.2 | $840 | Review S/L cases and cases on amended pleadings; telecons with ▓▓▓▓ counsel and ▓▓ lawyer; meet with researcher. |
| **B** | 6/15/2022 KENDALL, DAVID E. | $700 | 1 | $700 | Conference call with all defense counsel in Trump v. Clinton et al; file review; meet with in-house team. |
| | 6/16/2022 TURNER, KATHERINE M. | $700 | 0.5 | $350 | Reviewing statute of limitations research; mtg w/ A. Asabor re the same. |
| | 6/17/2022 TURNER, KATHERINE M. | $700 | 0.3 | $210 | Reviewing, editing MTD work plan; phone call w/ D. Kendall re same. |
| **B** | 6/17/2022 KENDALL, DAVID E. | $700 | 1 | $700 | Review pleadings; review file and emails and draft plan for all defendants to create consolidated Motion to Dismiss; telecons. |
| | 6/21/2022 TURNER, KATHERINE M. | $700 | 0.5 | $350 | Reviewing legal research re statute of limitations. |
| **B** | 6/21/2022 KENDALL, DAVID E. | $700 | 2 | $1,400 | Telecons and emails; report to client re ▓▓▓▓▓; file review and begin drafting "battle plan" for MTD of Amended Complaint. |
| **B** | 6/22/2022 KENDALL, DAVID E. | $700 | 3 | $2,100 | Review Trump amended complaint (193 pages); compare to original complaint; draft battle plan for defense counsel to file consolidated MTD; telecons and emails. |
| | 6/23/2022 TURNER, KATHERINE M. | $700 | 0.2 | $140 | Reviewing court order; emails w/ team re the same. |
| | 6/23/2022 TURNER, KATHERINE M. | $700 | 0.5 | $350 | Joint defense call re amended complaint. |
| | 6/23/2022 KENDALL, DAVID E. | $700 | 3.5 | $2,450 | Conference call with defense counsel re Trump amended complaint; post-call action memo; compare to complaint; begin drafting Statute of Limitations portion of MTD; telecons and emails. |
| | 6/27/2022 TURNER, KATHERINE M. | $700 | 0.1 | $70 | Reviewing case correspondence; emails to team. |
| | 6/27/2022 KENDALL, DAVID E. | $700 | 3 | $2,100 | Draft revised "Battle Plan" for consolidated MTD & send to defense counsel; telecons with Trump lawyer; telecons with ▓▓▓▓ and others. |
| | 6/28/2022 KENDALL, DAVID E. | $700 | 2 | $1,400 | Emails & phone calls; research & begin drafting revised statute-of-limitations arguments for consolidated MTD. |
| | 6/28/2022 MESTITZ, MICHAEL J. | $450 | 2.5 | $1,125 | Researching RICO tolling law. |
| **B** | 6/29/2022 KENDALL, DAVID E. | $700 | 1.7 | $1,190 | Legal research; review pleadings & continue drafting SOL argument for new MTD; emails. |
| | 6/30/2022 TURNER, KATHERINE M. | $700 | 0.2 | $140 | Reviewing docket and case correspondence. |
| **B** | 6/30/2022 KENDALL, DAVID E. | $700 | 2 | $1,400 | Calls with Trump lawyers to negotiate schedule; draft joint stipulation motion and file; continue research on S/L; begin drafting Clinton campaign Defendants' part of MTD; conferences with counsel for ▓▓▓▓ re ▓▓▓▓. |

| | Date | Name | Rate | Hours | Amount | Description |
|---|---|---|---|---|---|---|
| B E | 7/1/2022 | MARKUS, DAVID O. | $625 | 6 | $3,750 | July 2022: Review court order re scheduling and other filings; confer and strategize with counsel re upcoming deadlines, motion practice, and other issues; review and offer comments re draft motions; file motion for extension of time. |
| | 7/1/2022 | TURNER, KATHERINE M. | $700 | 0.3 | $210 | Reviewing court order; emails re the same. |
| B E | 7/1/2022 | KENDALL, DAVID E. | $700 | 4.2 | $2,940 | Draft, circulate and file extension of time motion; two conf. calls with defense counsel; contact Trump counsel and SD Fla. Clerk's office; legal research on time limits; draft agenda for July 5; five calls with other defense counsel. |
| | 7/5/2022 | TURNER, KATHERINE M. | $700 | 0.5 | $350 | Joint defense call re Trump MTD; follow-up emails re the same. |
| B | 7/5/2022 | KENDALL, DAVID E. | $700 | 1.7 | $1,190 | Conf. call with other defense counsel re new filing date and procedures for preparing consolidated motion; telecons and emails; work on our section of MTD. |
| B | 7/6/2022 | KENDALL, DAVID E. | $700 | 1.2 | $840 | Memo re possible procedure for MTD; telecon re filing motion for more pages; work on our section of MTD; review ███ section. |
| B | 7/7/2022 | KENDALL, DAVID E. | $700 | 1.7 | $1,190 | Revise our SOL section of MTD - circulate; emails and conf. calls; report to client; ███████ . |
| E | 7/7/2022 | TURNER, KATHERINE M. | $700 | 5.5 | $3,850 | Reviewing amended complaint; reviewing, editing draft brief. |
| | 7/8/2022 | KENDALL, DAVID E. | $700 | 1 | $700 | Calls, emails, work on MTD and more-pages motion. |
| | 7/8/2022 | TURNER, KATHERINE M. | $700 | 1 | $700 | Reviewing, editing HRC/other HRC defendants' insert for brief. |
| | 7/10/2022 | MESTITZ, MICHAEL J. | $450 | 2.3 | $1,035 | Review material. |
| B | 7/11/2022 | KENDALL, DAVID E. | $700 | 1.2 | $840 | Work on consolidated MTD; phone call with counsel; emails; drafting MTD. |
| | 7/11/2022 | MESTITZ, MICHAEL J. | $450 | 4.5 | $2,025 | Integrating codefendants' edits and sections into MTD; revising same. |
| B | 7/12/2022 | KENDALL, DAVID E. | $700 | 1.5 | $1,050 | Work on MTD; edit second draft; draft sections for ██████ ; phone calls and emails. |
| | 7/12/2022 | MESTITZ, MICHAEL J. | $450 | 1.6 | $720 | Editing defendant-specific sections of MTD. |
| | 7/13/2022 | MESTITZ, MICHAEL J. | $450 | 1.6 | $720 | Editing MTD draft; compiling codefendants' edits. |
| B | 7/13/2022 | KENDALL, DAVID E. | $700 | 2.2 | $1,540 | Re-draft sections of MTD; proofread; communication with Plaintiff's counsel; coordinate with other defense counsel; changes to MTD and fill-in section. |
| D | 7/13/2022 | TURNER, KATHERINE M. | $700 | 4.8 | $3,360 | Reviewing, editing MTD Trump amended complaint. |
| B | 7/14/2022 | KENDALL, DAVID E. | $700 | 2 | $1,400 | Analyze and coordinate many emails re final edits; communicate with Plaintiff's counsel; finalizing and file MTD. |
| B | 7/14/2022 | MESTITZ, MICHAEL J. | $450 | 7.9 | $3,555 | Proofing, cite-checking, editing, and inputting and checking tables; finalizing and filing MTD. |
| B | 7/15/2022 | MESTITZ, MICHAEL J. | $450 | 1 | $450 | Meet and confer call; follow-up re same; checking press coverage of MTD. |
| B | 7/15/2022 | KENDALL, DAVID E. | $700 | 1.2 | $840 | Video conference with Trump lawyers; review other Defendant's filings; telecons and emails. |
| | 7/21/2022 | TURNER, KATHERINE M. | $700 | 0.2 | $140 | Call w/ D. Kendall and M. Mestitz re Trump reply brief. |
| | 7/21/2022 | MESTITZ, MICHAEL J. | $450 | 0.7 | $315 | Call re Trump motion for extension and strategy; follow up re same. |
| B | 7/21/2022 | KENDALL, DAVID E. | $700 | 1 | $700 | Review recent Trump filings; draft opposition and set up phone call with other defense counsel; emails and telecons. |
| | 7/22/2022 | MESTITZ, MICHAEL J. | $450 | 1.1 | $495 | Drafting opposition to motion re scheduling order. |
| | 7/26/2022 | TURNER, KATHERINE M. | $700 | 0.1 | $70 | Call w/ D. Kendall re Trump reply brief. |
| | 7/26/2022 | MESTITZ, MICHAEL J. | $450 | 0.9 | $405 | Call and follow-up re Reply planning. |

| | Date | Name | Rate | Hours | Amount | Description |
|---|---|---|---|---|---|---|
| | 7/26/2022 | KENDALL, DAVID E. | $700 | 1 | $700 | Zoom call with 18 defense counsel re replies to Trump opposition to MTD; follow up emails and telecons. |
| B E | 8/1/2022 | MARKUS, DAVID O. | $625 | 7 | $4,375 | August 2022:  Review and offer comments on opposition to motion to dismiss; review and email local rule regarding spacing; review and offer comments on reply memo; review and file unopposed motion for leave to file excess page limits; file reply; review other defendants' replies; confer with counsel. |
| | 8/4/2022 | MESTITZ, MICHAEL J. | $450 | 0.6 | $270 | Reviewing Trump opposition. |
| | 8/5/2022 | KENDALL, DAVID E. | $700 | 2.2 | $1,540 | Review Trump opposition to our MTD; memo to team re response. |
| B | 8/5/2022 | TURNER, KATHERINE M. | $700 | 1.2 | $840 | Reviewing proposed briefing plan; emails and phone calls w/ M. Mestitz re the same; joint defense call; update to D. Kendall re the same; reviewing, editing draft extension motion. |
| | 8/5/2022 | MESTITZ, MICHAEL J. | $450 | 0.3 | $135 | Joint Defense call. |
| | 8/5/2022 | MESTITZ, MICHAEL J. | $450 | 5.4 | $2,430 | Reviewing and analyzing Trump filings; preparing Reply. |
| | 8/6/2022 | KENDALL, DAVID E. | $700 | 1.2 | $840 | Review other Trump responses; begin drafting SOL response; emails. |
| | 8/6/2022 | MESTITZ, MICHAEL J. | $450 | 4.8 | $2,160 | Drafting Reply sections. |
| | 8/8/2022 | MESTITZ, MICHAEL J. | $450 | 2.3 | $1,035 | Revising draft Reply sections. |
| D | 8/9/2022 | TURNER, KATHERINE M. | $700 | 4 | $2,800 | Reviewing, editing reply brief in support of MTD Trump complaint. |
| D | 8/9/2022 | MESTITZ, MICHAEL J. | $450 | 4.2 | $1,890 | Combining draft sections; revising draft Reply. |
| | 8/10/2022 | KENDALL, DAVID E. | $700 | 1.5 | $1,050 | Review and edit consolidated reply motion to Trump opposition; emails and telecons. |
| | 8/10/2022 | TURNER, KATHERINE M. | $700 | 0.5 | $350 | Joint defense call re reply brief; emails re reply brief. |
| | 8/10/2022 | MESTITZ, MICHAEL J. | $450 | 0.3 | $135 | Joint defense call. |
| | 8/10/2022 | MESTITZ, MICHAEL J. | $450 | 4 | $1,800 | Proofing, cite-checking, and revising Reply; integrating edits from defense group. |
| | 8/11/2022 | KENDALL, DAVID E. | $700 | 1 | $700 | Final review of reply, edits and proof; emails. |
| | 8/11/2022 | TURNER, KATHERINE M. | $700 | 1 | $700 | Reviewing, editing reply brief in support of MTD Trump complaint. |
| D | 8/11/2022 | MESTITZ, MICHAEL J. | $450 | 3.2 | $1,440 | Finalizing and filing reply brief. |
| B E | 9/1/2022 | MARKUS, DAVID O. | $625 | 5 | $3,125 | September 2022:  Review numerous pleadings, including government response and plaintiff's opposition; review court order dismissing case; research sanctions issues. |
| B | 9/9/2022 | KENDALL, DAVID E. | $700 | 1.5 | $1,050 | Emails & telecons; analyze Judge Middlebrooks' 65 page opinion; begin organizing defense counsel for sanctions motion. |
| | 9/9/2022 | MESTITZ, MICHAEL J. | $450 | 1.2 | $540 | Reviewing opinion and emailing re same; legal research. |
| | 9/10/2022 | MESTITZ, MICHAEL J. | $450 | 1.5 | $675 | Legal research and motion outline. |
| | 9/11/2022 | MESTITZ, MICHAEL J. | $450 | 2 | $900 | Legal research and motion outline. |
| | 9/12/2022 | KENDALL, DAVID E. | $700 | 0.7 | $490 | Telecons and emails review decision; draft and circulate agenda for defense counsel call on sanctions. |
| | 9/12/2022 | MESTITZ, MICHAEL J. | $450 | 0.4 | $180 | Call with DEK and follow-up tasks. |
| | 9/12/2022 | MESTITZ, MICHAEL J. | $450 | 3.4 | $1,530 | Drafting sanctions motion. |
| | 9/13/2022 | KENDALL, DAVID E. | $700 | 2 | $1,400 | Begin drafting sanctions motion; legal research; telecons & emails; conf call with 25 defense counsel. |
| | 9/13/2022 | MESTITZ, MICHAEL J. | $450 | 0.6 | $270 | Joint defense call and follow-up notes. |
| | 9/13/2022 | TURNER, KATHERINE M. | $700 | 0.5 | $350 | Prepare for, participate in joint defense call re motion for sanctions. |
| | 9/15/2022 | KENDALL, DAVID E. | $700 | 1 | $700 | Telecons & emails; research on sanctions motion. |
| | 9/16/2022 | KENDALL, DAVID E. | $700 | 1 | $700 | Research and begin drafting sanctions motion in Trump v. Clinton et al. |
| E | 9/18/2022 | MESTITZ, MICHAEL J. | $450 | 7.4 | $3,330 | Joint defense call and follow-up notes. |

| | | | | | |
|---|---|---|---|---|---|
| B | 9/19/2022 | KENDALL, DAVID E. | $700 | 2.2 | $1,540 | Review and revise 1st draft of sanctions motion; edit; check records; research on SD Florida local rules; circulate draft and cover email to Defendants counsel group. |
| | 9/19/2022 | TURNER, KATHERINE M. | $700 | 2 | $1,400 | Reviewing, editing motion for sanctions; emails w/ team re the same. |
| | 9/20/2022 | KENDALL, DAVID E. | $700 | 0.7 | $490 | Edit motion for sanctions; legal research; telecons re motion. |
| | 9/21/2022 | KENDALL, DAVID E. | $700 | 1 | $700 | Review and incorporate defense counsel's suggestions to master sanctions motion. |
| | 9/21/2022 | MESTITZ, MICHAEL J. | $450 | 0.5 | $225 | Team call and follow-up. |
| | 9/21/2022 | TURNER, KATHERINE M. | $700 | 0.2 | $140 | Call w/ D. Kendall and M. Mestitz re motion for sanctions. |
| | 9/22/2022 | MESTITZ, MICHAEL J. | $450 | 3.6 | $1,620 | Revising draft sanctions motion. |
| | 9/22/2022 | TURNER, KATHERINE M. | $700 | 1 | $700 | Reviewing, editing motion for sanctions. |
| | 9/23/2022 | MESTITZ, MICHAEL J. | $450 | 1 | $450 | Revising draft sanctions motion; emailing re same. |
| | 9/26/2022 | KENDALL, DAVID E. | $700 | 0.7 | $490 | Work on sanctions motion and legal research. |
| | 9/26/2022 | MESTITZ, MICHAEL J. | $450 | 1.1 | $495 | Research and drafting re sanctions declaration. |
| B | 9/27/2022 | KENDALL, DAVID E. | $700 | 1.5 | $1,050 | Work on sanctions template declaration from defense counsel; legal research; draft memo to other defense counsel and agenda for conference call. |
| | 9/27/2022 | TURNER, KATHERINE M. | $700 | 0.1 | $70 | Reviewing draft email to joint defense group re motion for sanctions. |
| | 9/27/2022 | MESTITZ, MICHAEL J. | $450 | 1.6 | $720 | Prep; call with DEK; follow-up re declaration and costs. |
| | 9/28/2022 | KENDALL, DAVID E. | $700 | 1 | $700 | Zoom call with about 25 other defense lawyers re sanctions motion; telecons, emails and follow-up. |
| | 9/28/2022 | TURNER, KATHERINE M. | $700 | 0.3 | $210 | Joint defense call re motion for sanctions. |
| | 9/28/2022 | MESTITZ, MICHAEL J. | $450 | 0.5 | $225 | Joint call and prep re same; follow-up. |
| | 9/29/2022 | KENDALL, DAVID E. | $700 | 0.7 | $490 | Research and work on DEK fees affidavit; telecons with other defendants' counsel. |
| | 9/29/2022 | TURNER, KATHERINE M. | $700 | 0.1 | $70 | Emails w/ team re motion for sanctions. |
| | 9/30/2022 | KENDALL, DAVID E. | $700 | 0.7 | $490 | Revise & redraft DEK declaration re fees & costs sought; memo to client. |

Objection Breakdown - Clinton

| Entry No. | Page # | Block | Duplicative | Excessive | Vague | Total |
|-----------|--------|-----------|-------------|------------|-------|-------|
| 1 | 19 | $1,400.00 | | | | |
| 2 | 19 | $700.00 | | | | |
| 3 | 19 | $1,050.00 | | | | |
| 4 | 19 | $9,375.00 | | | | |
| 5 | 19 | | $900.00 | | | |
| 6 | 19 | $1,050.00 | | | | |
| 7 | 19 | $1,050.00 | | | | |
| 8 | 19 | $2,450.00 | | | | |
| 9 | 19 | | | $1,170.00 | | |
| 10 | 19 | | $495.00 | | | |
| 11 | 20 | $1,050.00 | | | | |
| 12 | 20 | $1,400.00 | | | | |
| 13 | 20 | $1,050.00 | | | | |
| 14 | 20 | $700.00 | | | | |
| 15 | 20 | | $2,430.00 | | | |
| 16 | 20 | $840.00 | | | | |
| 17 | 20 | | $990.00 | | | |
| 18 | 20 | | $495.00 | | | |
| 19 | 20 | $1,260.00 | | | | |
| 20 | 20 | $700.00 | | | | |
| 21 | 20 | $840.00 | | | | |
| 22 | 20 | $700.00 | | | | |
| 23 | 20 | $6,250.00 | | | | |
| 24 | 21 | $5,000.00 | | | | |
| 25 | 21 | $1,050.00 | | | | |
| 26 | 21 | $840.00 | | | | |
| 27 | 21 | $700.00 | | | | |
| 28 | 21 | $700.00 | | | | |
| 29 | 21 | $1,400.00 | | | | |
| 30 | 21 | $2,100.00 | | | | |
| 31 | 21 | $1,190.00 | | | | |
| 32 | 21 | $1,400.00 | | | | |
| 33 | 22 | $3,750.00 | | | | |
| 34 | 22 | $2,940.00 | | | | |
| 35 | 22 | $1,190.00 | | | | |
| 36 | 22 | $840.00 | | | | |
| 37 | 22 | $1,190.00 | | | | |
| 38 | 22 | | | $3,850.00 | | |
| 39 | 22 | $840.00 | | | | |
| 40 | 22 | $1,050.00 | | | | |
| 41 | 22 | $1,540.00 | | | | |
| 42 | 22 | | $3,360.00 | | | |
| 43 | 22 | $1,400.00 | | | | |
| 44 | 22 | $3,555.00 | | | | |
| 45 | 22 | $450.00 | | | | |
| 46 | 22 | $840.00 | | | | |

| 47 | 22 | $700.00 | | | | |
| 48 | 23 | $4,375.00 | | | | |
| 49 | 23 | $840.00 | | | | |
| 50 | 23 | | $2,800.00 | | | |
| 51 | 23 | | $1,890.00 | | | |
| 52 | 23 | | $1,440.00 | | | |
| 53 | 23 | $3,125.00 | | | | |
| 54 | 23 | $1,050.00 | | | | |
| 55 | 23 | | | $3,330.00 | | |
| 56 | 24 | $1,540.00 | | | | |
| 57 | 24 | $1,050.00 | | | | |
| **Total** | | **$78,510.00** | **$14,800.00** | **$8,350.00** | **$0.00** | **$101,660.00** |

### Fees incured from Complaint to initial MTD

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| David E. Kendall | $700/ hour | 21 | $14,700.00 |
| Katherine M. Turner | $700/ hour | 8 | $5,600.00 |
| Michael J. Mestitz | $450/ hour | 34 | $15,300.00 |
| David Oscar Markus | $625/ hour | 15 | $9,375.00 |
| **Total** | | | **$44,975.00** |

### Fees incured initial MTD to dismissal

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| David E. Kendall | $700/ hour | 54.1 | $37,870.00 |
| Katherine M. Turner | $700/ hour | 23.4 | $16,380.00 |
| Michael J. Mestitz | $450/ hour | 58 | $26,100.00 |
| David Oscar Markus | $625/ hour | 31 | $19,375.00 |
| **Total** | | | **$99,725.00** |

### Fees incured to date on sactions motion

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| David E. Kendall | $700/ hour | 14.7 | $10,290.00 |
| Katherine M. Turner | $700/ hour | 4.2 | $2,940.00 |
| Michael J. Mestitz | $450/ hour | 24.8 | $11,160.00 |
| David Oscar Markus | $625/ hour | 5 | $3,125.00 |
| **Total** | | | **$27,515.00** |

| | |
|---|---|
| **Total Fees Incurred** | $172,215.00 |
| **Total Objections** | $101,660.00 |
| **New Fees Incurred =** | $70,555.00 |

| | |
|---|---|
| **Exhibit B:** | $172,215.00 |
| **Total Fees Incurred =** | **$172,215.00** |
| **Total Objections** | $101,660.00 |
| **New Fees Incurred =** | **$70,555.00** |

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Donald J. Trump,

       Plaintiff,

  v.

Hillary R. Clinton *et al.*,

       Defendants.

Civil Action No. 2:22-14102-DMM

## **DECLARATION OF ROBERT P. TROUT IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS AND FEES**

I, Robert P. Trout, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.    I am a Of Counsel at Schertler Onorato Mead & Sears, LLP, counsel of record for HFACC, Inc. and John Podesta in the above captioned matter. Prior to joining my current firm in March 2021, I was a partner in my own firm, Trout Cacheris & Solomon, which I founded in 1996 upon leaving the DC office of Holland & Knight, where I was a partner. I have been engaged in the practice of law since 1973.

2.    Attached as Exhibit A are the law firm website biographies of the attorneys at Schertler Onorato Mead & Sears, LLP for whom HFACC, Inc. and John Podesta seek attorneys fees. The biographies reflect the professional qualifications of those attorneys.

3.    Schertler Onorato Mead & Sears, LLP entered into retention agreements with HFACC, Inc. and John Podesta covering the present litigation. HFACC, Inc. and John Podesta agreed to pay all of Schertler Onorato Mead & Sears, LLP's costs, fees, and expenses incurred in connection with the present suit, and agreed to pay the firm's customary rates, which for this matter are $1,000 per hour for partners, $600 per hour for associates, and $150 per hour for paralegals.

4.    Attached as Exhibit B is a true and correct copy of the hours worked by counsel for

1

HFACC, Inc. and John Podesta. HFACC, Inc. and John Podesta are not seeking reimbursement for the attorneys' customary hourly rates described in Paragraph 3. Instead, HFACC, Inc. and John Podesta seek fees at discounted hourly rate for the attorneys as described in Exhibit B and below. These discounted hourly rates are consistent with the rates this Court concluded were reasonable in *Celsius Holdings, Inc v. A SHOC Beverage, LLC*, No. 21-cv-80740, 2022 WL 3568042 (July 19, 2022). Exhibit B also provides an accurate statement of the work provided by Schertler Onorato Mead & Sears, LLP, during the periods for which discounted fees are sought.

5.     Consistent with the discussion in the Memorandum in Support of Sanctions and the information provided in Exhibit B, I summarize below in Charts A, B, and C the fees associated with three different phases of the case: the fees incurred from the filing of the initial complaint to the filing of HFACC, Inc.'s and John Podesta's initial motions to dismiss; the fees incurred between the filing of HFACC, Inc.'s and John Podesta's motions to dismiss to the Court's order dismissing the suit; and the fees incurred to date in connection with the motion for sanctions.[1]

6.     As reflected in Chart A, the discounted fees incurred by HFACC, Inc. and John Podesta from the filing of the initial complaint to the filing of HFACC, Inc.'s and John Podesta's initial motions to dismiss total $2,343.

7.     As reflected in Chart B, the discounted fees incurred by HFACC, Inc. and John Podesta from the filing of HFACC, Inc.'s and John Podesta's initial motions to dismiss to this Court's dismissal of the suit total $13,406.

8.     As reflected in Chart C, the discounted fees incurred by HFACC, Inc. and John Podesta in connection with the motion for sanctions, to date, total $4,600.

---

[1] The fees reflected in Exhibit B and summarized in charts A, B, and C do not include fees incurred in this matter that are reflected in block billing entries that include activities for other matters for which my firm was engaged to represent HFACC, Inc.

**Chart A:  Fees incurred from Complaint to initial MTD**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Robert P. Trout (Partner) | $700 | 0 | 0 |
| Paola Pinto (Associate) | $450 | 4.7 | $2,115 |
| Sarah Wilson (Paralegal) | $120 | 1.9 | $228 |

**Chart B:  Fees incurred initial MTD to dismissal**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Robert P. Trout (Partner) | $700 | 14 | $9,800 |
| Paola Pinto (Associate) | $450 | 6.6 | $2,970 |
| Natalie Henriquez (Paralegal) | $120 | 5.3 | $636 |

**Chart C:  Fees incurred to date on sanctions motion**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Robert P. Trout (Partner) | $700 | 2.2 | $1,540 |
| Paola Pinto (Associate) | $450 | 6.8 | $3,060 |

9.     I believe that the discounted rates claimed are reasonable given the professional qualifications of the billers as evidenced in Exhibit A for the Southern District of Florida market and given the rates approved by this Court in *Celsius*.

10.     Consistent with local Rule 7.3, counsel sent the motion papers and exhibits to Plaintiff's counsel on to Plaintiff's counsel on October 5, 2022.  Defendants met and conferred in good faith with Plaintiff's counsel by Microsoft Teams twice, on October 13 and October 26, 2022, but were unable to reach any agreement as to either the Defendants' entitlement to or the amount of fees and expenses not taxable under 28 U.S.C. §1920 that are recoverable from Plaintiff and/or

his counsel.

/s/

Robert P. Trout

Dated October 28, 2022

# Exhibit A



CONTACT US

# ROBERT P. TROUT



## ROBERT P. TROUT

### OF COUNSEL

✉ rtrout@schertlerlaw.com
📞 (202) 628-4199
🪪 Vcard
in Linkedin

**EDUCATION:**

University of Virginia School of Law
Washington & Lee University

**BAR ADMISSIONS:**

District of Columbia
Maryland
Virginia

**PRACTICE FOCUS:**

› White-Collar Criminal Defense
  & Government Investigations

› Securities Litigation &
  Enforcement

› Civil Litigation

› Antitrust Litigation and
  Enforcement





## OVERVIEW  —

Robert P. Trout has over 40 years' experience in civil and criminal litigation. His practice has concentrated primarily on complex commercial litigation and white-collar criminal defense, as well as the defense of administrative agency enforcement actions. He began his legal career at the Department of Justice, where he served for two years in the Criminal Division, followed by four years as an Assistant United States Attorney in

Baltimore, Maryland. After serving as Associate Deputy Independent Counsel in 1995-96, he founded Trout Cacheris & Solomon PLLC, where he practiced until joining Schertler Onorato Mead & Sears in 2021.

## EXPERIENCE     −

Representative matters:

Representation of individuals in investigations by Special Counsel Mueller and by Senate and House Intelligence Committees.

Representation of a Member of Congress in Constitutional challenge to the first ever FBI search of a Congressional office.

Defense of former Congressman, in eight-week jury trial, in major public corruption case involving allegations of bribery, honest services fraud and FCPA violations. After the Supreme Court decision in United States v. McDonnell, we brought a Section 2255 motion that resulted in the vacation of most counts of conviction and a substantial reduction in sentence.

Successful defense, in a two-week jury trial, of the CEO of a government contracting firm against charges of bribery of a public official and honest services wire fraud.

Representation of Special Committee of the Board of Directors regarding Department of Justice investigation of a company's alleged distribution of adulterated food products.

Representation of former CIA agent in criminal prosecution for leaking classified information.

Representation of BP employee in criminal investigation stemming from Deepwater Horizon explosion.

Defense of Merrill Lynch investment banker in Congressional investigation, criminal investigation, SEC suit, NYSE investigation, and civil suits arising from collapse of Enron.

Representation of major law firm in defense of legal malpractice suits.

Served as Special Counsel to the Council of the District of Columbia investigating allegations of cronyism and irregularities in the contracting practices of the D.C. Department of Parks and Recreation.

Defense of a former Fannie Mae employee in a DOJ civil False Claims Act investigation into transactions involving multi-million dollar apartment complexes.

Defense of large construction company and its principal in civil and criminal false claims investigations.

Defense of mortgage broker in criminal fraud prosecution.

Defense of individuals in criminal pharmaceutical case involving misbranded drugs.

Representation of individuals in major antitrust investigations, including those alleged to be involved in international price-fixing cartels.

Defense of a commercial landlord in civil false claims litigation brought by the District of Columbia.

Representation of a major manufacturer in antitrust civil suits concerning alleged price-fixing in urethanes chemicals and in the foam industry.

Representation of companies and individuals in suits alleging that departing employees misappropriated trade secrets and proprietary information and tortiously interfered with contracts.

## BACKGROUND —

One of the original members of the Steering Committee of the Litigation Section of the District of Columbia Bar, Mr. Trout served as Chair of the Litigation Section in 1984-85. He previously served for six years, including one year as Chair, on the Attorney Grievance Committee of the United States District Court for the District of Columbia. He recently served as a member of the American Bar Association Standing Committee on the Federal Judiciary, which conducts evaluations of the professional qualifications of nominees to the federal bench. He has been active in the DC Bar's efforts to promote alternative dispute resolution ("ADR") and he has served as a volunteer mediator for both the United States District Court and the District of Columbia Superior Court. Mr. Trout is a member of the bars of the District of Columbia, Virginia, and Maryland, and he is admitted to practice before a number of federal courts, including the U.S. Supreme Court, the U.S. Court of Appeals for the D.C. Circuit, the Fourth Circuit, the Third Circuit, the Seventh Circuit, the Ninth Circuit, the Tenth Circuit, and the Federal Circuit, as well as the U.S. Tax Court.

## RECOGNITION —

Mr. Trout is a Fellow of the American College of Trial Lawyers, and he has served as Chair of the College's State Committee for the District of Columbia. He is listed in The Best Lawyers in America in four categories (White Collar Criminal Defense, Bet-the-Company Litigation, Commercial Litigation, and Securities Litigation), and he is also listed in Super Lawyers, Chambers USA Guide America's Leading Lawyers for Business, and Washingtonian Magazine's Top Lawyers.



CONTACT US

# PAOLA PINTO



## PAOLA PINTO
### ASSOCIATE

✉ ppinto@schertlerlaw.com
☎ (202) 628-4199
▣ Vcard
in Linkedin

**EDUCATION:**
Georgetown University Law Center
The George Washington University

**BAR ADMISSIONS:**
Florida
District of Columbia

**PRACTICE FOCUS:**

› White-Collar Criminal Defense
  & Government Investigations

› Criminal Defense

› Civil Litigation

## OVERVIEW ⎯

Paola Pinto joined Schertler & Onorato, LLP in 2019 as an associate. Before joining the firm, Ms. Pinto clerked for the Honorable Mathew J. Fader, Chief Judge of the Maryland Court of Special Appeals. Ms. Pinto is a native Spanish speaker and is proficient in French.

## EXPERIENCE ⎯

Representative Matters:

- Represented employees of an international pharmaceutical company in an investigation by the Department of Justice.

- Represented former employee of multinational food and beverage corporation in an investigation by the Securities and Exchange Commission.

- Represented students in Title IX investigations by various Universities.

- Represented advertising agency as a defendant in multiple civil lawsuits.

## BACKGROUND       —

Ms. Pinto is a 2018 cum laude graduate of Georgetown University Law Center, where she was a member of the Appellate Litigation Clinic. She received her undergraduate degree, cum laude, in Political Science from The George Washington University.

Ms. Pinto's prior experience includes a clerkship with the Maryland Court of Special Appeals, as well as appellate work before a United States Court of Appeals and Board of Immigration Appeals. During law school, she completed legal externships in the Mexico City office of a global law firm and in the general counsel's office of a multinational company. In both roles, she regularly worked on legal matters in English and in Spanish.

# ATTORNEYS

The attorneys of Schertler Onorato Mead & Sears bring deep experience, practical judgment, and vigorous advocacy to the matters we handle. Our lawyers include former federal prosecutors, former members of the Antitrust and Tax Divisions of the Department of Justice, and a former Assistant to the Solicitor General. We have tried cases large and small, have briefed and argued numerous appeals, and also have the skill and acumen to negotiate resolutions of matters when it is in the best interests of our clients.  More detailed biographies of our attorneys are accessible below.

## PARTNERS

David Schertler

Danny C. Onorato

Christopher B. Mead

Stuart A. Sears

Amy Conway-Hatcher

David H. Dickieson

Habib F. Ilahi

Lisa Manning

## OF COUNSEL

Lisa H. Schertler

Tara N. Tighe

Robert P. Trout

## ASSOCIATES

Noah J. Cherry

Paola Pinto



EXPERIENCE.

JUDGMENT.

RESULTS.

To learn more about Schertler Onorato Mead & Sears

CONTACT US

11

# Exhibit B

SCHERTLER ONORATO MEAD & SEARS – Hillary for America (HFACC) Billing Entries[1]

| | Date | Timekeeper | Discounted Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|---|
| | 4/29/2022 | Pinto, Paola | $450 | 0.5 | $225 | Drafting Motion to appear pro hac vice. |
| | 5/2/2022 | Pinto, Paola | $450 | 2.5 | $1,125 | Drafting motion to dismiss. |
| | 5/10/2022 | Wilson, Sarah | $120 | 1.3 | $156 | Reviewing Trump civil suit on behalf of Ms. Pinto. |
| | 5/11/2022 | Wilson, Sarah | $120 | 0.6 | $72 | Compiling list of accusations related to HFA in Trump's civil complaint on behalf of Ms. Pinto. |
| B | 5/12/2022 | Pinto, Paola | $450 | 1.7 | $765 | Revising and editing motion to dismiss Trump suit; reviewing other filings in civil litigation; communications with Mr. Trout. |
| | 6/2/2022 | Pinto, Paola | $450 | 0.5 | $225 | Hearing on Trump lawsuit. |
| | 6/2/2022 | Trout, Robert P. | $700 | 0.5 | $350 | Participate in status conference for Trump civil suit. |
| | 6/14/2022 | Trout, Robert P. | $700 | 0.1 | $70 | Review and respond to correspondence among joint defense group regarding Trump lawsuit. |
| | 6/27/2022 | Trout, Robert P. | $700 | 0.6 | $420 | Review correspondence from Kendall relating to response to amended complaint; telephone conference with Pinto; telephone conference with Kendall. |
| | 7/1/2022 | Trout, Robert P. | $700 | 0.4 | $280 | Zoom conference with common interest group. |
| | 7/5/2022 | Pinto, Paola | $450 | 0.2 | $90 | Telephone conference with counsel for other defendants in Trump lawsuit. |
| | 7/8/2022 | Trout, Robert P. | $700 | 0.3 | $210 | Review of correspondence and drafts of motion for additional pages. |
| B | 7/9/2022 | Trout, Robert P. | $700 | 1.5 | $1,050 | Review and edit draft of motion to dismiss; review correspondence and draft from Debevoise regarding Mook; correspondence with Kendall. |
| | 7/10/2022 | Trout, Robert P. | $700 | 0.8 | $560 | Review correspondence and draft re Sullivan; correspondence with Kendall and Pinto; correspondence with Podesta. |

[1] Not including fees incurred in this matter that are reflected in block billing entries that include activities for other matters for which Schertler Onorato Mead & Sears was engaged to represent HFACC, Inc.

| | Date | Timekeeper | Discounted Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|---|
| | 7/11/2022 | Henriquez, Natalie | $120 | 1.5 | $180 | Preparing document for allegations against Mr. Podesta. |
| B | 7/11/2022 | Pinto, Paola | $450 | 2.5 | $1,125 | Telephone conference with other counsel regarding motion to dismiss; legal research regarding First Amendment: reviewing amended complaint |
| B | 7/11/2022 | Trout, Robert P. | $700 | 2.3 | $1,610 | Conference call with Kendall and counsel for Mook and Sullivan; legal research; review motion for more pages; telephone conference with Pinto regarding motion to dismiss correspondence with Pinto; telephone conference with Podesta; work on motion dismiss. |
| B | 7/12/2022 | Henriquez, Natalie | $120 | 3.8 | $456 | Preparing notes on RICO Conspiracy and protections afforded to political speech for Mr. Podesta. |
| | 7/12/2022 | Trout, Robert P. | $700 | 3.2 | $2,240 | Work on motion to dismiss; correspondence with Pinto; correspondence with Kendall; correspondence with Baker and Podesta. |
| | 7/13/2022 | Pinto, Paola | $450 | 0.9 | $405 | Communications with Mr. Trout; reviewing draft motion to dismiss complaint in Trump lawsuit. |
| | 7/13/2022 | Trout, Robert P. | $700 | 0.8 | $560 | Telephone conference with Kendall; correspondence with Pinto; review draft motion to dismiss; correspondence with Baker and Podesta. |
| | 7/21/2022 | Trout, Robert P. | $700 | 0.1 | $70 | Correspondence with Kendall. |
| | 7/26/2022 | Pinto, Paola | $450 | 0.7 | $315 | Joint defense conference regarding Trump suit; drafting memorandum of the same; discussions with Mr. Trout. |
| | 7/26/2022 | Trout, Robert P. | $700 | 0.2 | $140 | Conference and correspondence with Pinto; review correspondence from Pinto; review correspondence from Mestitz. |
| | 8/5/2022 | Pinto, Paola | $450 | 1.5 | $675 | Review opposition to motion to dismiss; joint defense conference call regarding Trump suit. |
| B | 8/9/2022 | Trout, Robert P. | $700 | 2 | $1,400 | Review of draft reply; correspondence with Williams & Connolly with suggested edits; correspondence with clients. |
| | 8/10/2022 | Pinto, Paola | $450 | 0.3 | $135 | Joint defense conference on Trump suit; reviewing draft reply. |

14

| Date | Timekeeper | Discounted Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 8/10/2022 | Trout, Robert P. | $700 | 0.3 | $210 | Prepare for and participate in joint defense call. |
| 8/11/2022 | Trout, Robert P. | $700 | 0.8 | $560 | Review of revised draft of reply; correspondence with clients. |
| 8/15/2022 | Trout, Robert P. | $700 | 0.1 | $70 | Correspondence to client. |
| 9/13/2022 | Pinto, Paola | $450 | 0.8 | $360 | Joint defense zoom conference on Trump suit. |
| 9/13/2022 | Trout, Robert P. | $700 | 0.5 | $350 | Conference call regarding sanctions. |
| 9/15/2022 | Trout, Robert P. | $700 | 0.2 | $140 | Telephone conference with Kendall. |
| 9/19/2022 | Pinto, Paola | $450 | 0.3 | $135 | Reviewing sanctions motion. |
| 9/23/2022 | Trout, Robert P. | $700 | 0.3 | $210 | Correspondence with Kendall regarding sanctions motion; review and respond to correspondence from Kendall regarding sanctions motion. |
| 9/28/2022 | Pinto, Paola | $450 | 0.3 | $135 | Telephone conference with Joint Defense group on Trump Lawsuit. |
| 9/28/2022 | Trout, Robert P. | $700 | 0.8 | $560 | Telephone conference with Kendall. Prepare for conference call and review of draft declaration; legal research; conference call with common interest group; telephone conference with Kendall. |
| 9/28/2022 | Pinto, Paola | $450 | 5.4 | $2,430 | Drafting declaration in support of sanctions motion in Trump Lawsuit; reviewing March through August billing entries regarding Trump Lawsuit to support sanctions declaration; drafting exhibits to sanctions declaration; communications with Mr. Trout. |
| 10/2/2022 | Trout, Robert P. | $700 | 0.4 | $280 | Review and revise draft declaration on fees. |

B

15

Objection Breakdown – HPACC

| Entry No. | Page # | Block | Duplicative | Excessive | Vague | Total |
|-----------|--------|-------------|-------------|-----------|---------|-------------|
| 1 | 13 | $765.00 | | | | |
| 2 | 13 | $1,050.00 | | | | |
| 3 | 14 | $1,125.00 | | | | |
| 4 | 14 | $1,610.00 | | | | |
| 5 | 14 | $2,240.00 | | | | |
| 6 | 14 | $1,400.00 | | | | |
| 7 | 15 | $2,430.00 | | | | |
| **Total** | | **$10,620.00** | **$0.00** | **$0.00** | **$0.00** | **$10,620.00** |

**Fees incured from Complaint to initial MTD**

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Robert P. Trout | $700/ hour | 0 | $0.00 |
| Paola Pinto | $450/ hour | 4.7 | $2,115.00 |
| Sarah Wilson | $120/ hour | 1.9 | $228.00 |
| **Total** | | | **$2,343.00** |

**Fees incured initial MTD to dismissal**

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Robert P. Trout | $700/ hour | 14 | $9,800.00 |
| Paola Pinto | $450/ hour | 6.6 | $2,970.00 |
| Natalie Henriquez | $120/ hour | 5.3 | $636.00 |
| **Total** | | | **$13,406.00** |

**Fees incured to date on sactions motion**

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Robert P. Trout | $700/ hour | 2.2 | $1,540.00 |
| Paola Pinto | $450/ hour | 6.8 | $3,060.00 |
| **Total** | | | **$4,600.00** |

| | |
|---|---|
| **Total Fees Incurred** | $20,349.00 |
| **Total Objections** | $10,620.00 |
| **New Fees Incurred =** | **$9,729.00** |

| | |
|---|---|
| **Exhibit B:** | $20,349.00 |
| **Total Fees Incurred =** | **$20,349.00** |
| **Total Objections** | $10,620.00 |
| **New Fees Incurred =** | **$9,729.00** |

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Donald J. Trump,

            Plaintiff,

    v.

Hillary R. Clinton *et al.*,

            Defendants.

Civil Action No. 2:22-14102-DMM

---

**DECLARATION OF WENDY B. REILLY IN SUPPORT OF
DEFENDANTS' MOTION FOR SANCTIONS AND FEES**

I, Wendy B. Reilly, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.      I am a counsel at Debevoise & Plimpton LLP ("Debevoise"), counsel of record for Robert Mook in the above-captioned matter.

2.      Mr. Mook retained Debevoise to represent him in connection with the present litigation.  Attached as Exhibit A are the law firm website biographies of the attorneys at Debevoise for whom Mr. Mook seeks attorneys' fees:  partner Andrew J. Ceresney, counsel Wendy B. Reilly, senior associate Isabela Garcez, and associate Alexa Busser Lopez.  The biographies reflect the professional qualifications of these attorneys.

3.      Attached as Exhibit B is a true and correct copy of the hours worked by counsel for Mr. Mook for whom he seeks attorneys' fees.  Mr. Mook is not seeking reimbursement for the aforementioned attorneys' customary hourly rates.  Instead, Mr. Mook seeks fees at discounted hourly rates, as described in Exhibit B and below.  These discounted hourly rates are consistent with the rates this Court concluded were reasonable in *Celsius Holdings, Inc v. A SHOC Beverage, LLC*, No. 21-cv-80740, 2022 WL 3568042 (July 19, 2022).  Exhibit B also provides an accurate statement of the work provided by Debevoise during the periods for which fees are sought.

1

4.    Consistent with the discussion in the Memorandum in Support of Sanctions and the information provided in Exhibit B, I summarize below in Charts A, B, and C the fees associated with three different phases of the case: the fees incurred from the filing of the initial complaint to the filing of Mr. Mook's initial motion to dismiss; the fees incurred between the filing of Mr. Mook's initial motion to dismiss to the Court's order dismissing the suit; and the fees incurred as of September 30, 2022 in connection with the motion for sanctions.

5.    As reflected in Chart A, the discounted fees incurred from the filing of the initial complaint to the filing of Mr. Mook's initial motion to dismiss total $36,312.50.

6.    As reflected in Chart B, the discounted fees incurred from the filing of Mr. Mook's initial motion to dismiss to this Court's dismissal of the suit total $24,192.50.

7.    As reflected in Chart C, the discounted fees incurred in connection with the motion for sanctions, as of September 30, 2022, total $9,105.

**Chart A: Discounted Fees Incurred from Complaint to Initial MTD**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Andrew J. Ceresney | $700 | 2.2 hours | $1,540.00 |
| Wendy B. Reilly | $550 | 20.8 hours | $11,440.00 |
| Isabela Garcez | $450 | 35.6 hours | $16,020.00 |
| Alexa Busser Lopez | $375 | 19.5 hours | $7,312.50 |

**Chart B: Discounted Fees Incurred from Initial MTD to Dismissal**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Wendy B. Reilly | $550 | 26.0 hours | $14,300.00 |
| Isabela Garcez | $450 | 8.9 hours | $4,005.00 |
| Alexa Busser Lopez | $375 | 15.7 hours | $5,887.50 |

**Chart C:  Discounted Fees Incurred as of September 30, 2022 on Sanctions Motion**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Wendy B. Reilly | $550 | 11.4 hours | $6,270.00 |
| Isabela Garcez | $450 | 2.3 hours | $1,035.00 |
| Alexa Busser Lopez | $375 | 4.8 hours | $1,800.00 |

8.     I believe that the discounted rates claimed are reasonable for the Southern District of Florida market given the professional qualifications of the billers as evidenced in Exhibit A and given the rates approved by this Court in *Celsius*.  These rates reflect 57%-66% discounts from these attorneys' customary rates.

9.     In connection with this case, counsel also incurred necessary costs for electronic legal research.  I understand that courts in this Circuit have held that legal research costs are not ordinarily taxable as costs under 28 U.S.C. § 1920, but are properly considered a component of attorneys' fees.  *Springer v. Convergy's Corp.*, No. 3:03-CV-302-J-99MCR, 2006 WL 8439203, at *2 (M.D. Fla. July 7, 2006).  As such, in addition to the discounted fees set out above, Mr. Mook requests an award of $597.08 incurred for electronic legal research.

10.     Consistent with local Rule 7.3, Defendants' counsel sent the motion papers and exhibits to Plaintiff's counsel on October 5, 2022.  Defendants' counsel met and conferred in good faith with Plaintiff's counsel by video conference on October 13 and October 26, 2022, but were unable to reach agreement as to either the Defendants' entitlement to or the amount of fees and expenses not taxable under 28 U.S.C. § 1920 that are recoverable from Plaintiff and/or his counsel.

Wendy B. Reilly

_____
Wendy B. Reilly
October 27, 2022

# EXHIBIT A



Andrew J. Ceresney
Partner, New York

aceresney@debevoise.com
+1 212 909 6947



# Andrew J. Ceresney
Partner

## Andrew J. Ceresney is a partner in the New York office and Co-Chair of the Litigation Department.

Mr. Ceresney represents public companies, financial institutions, asset management firms, accounting firms, boards of directors, and individuals in federal and state government investigations and contested litigation in federal and state courts. Mr. Ceresney has many years of experience prosecuting and defending a wide range of white collar criminal and civil cases, having served in senior law enforcement roles at both the United States Securities and Exchange Commission and the U.S. Attorney's Office for the Southern District of New York. Mr. Ceresney also has tried and supervised many jury and non-jury trials and argued numerous appeals before federal and state courts of appeal.

Mr. Ceresney is ranked in the top band for Securities Enforcement by *Chambers USA* (2022), where he is lauded by fellow practitioners and clients as "incredibly smart," "the real deal," with "the right temperament to handle tough situations." He is said to be "very revered, very smart and well credentialed," and "at the top of his game." He has been described as "knock-your-socks-off impressive," "incredibly strategic," and has received further praise for being a "marquee name" in the market with a "compendious knowledge of the facts" and an "extraordinary memory." Mr. Ceresney was named to *Securities Docket's* 2020 "Enforcement 40," their list of the 40 best securities enforcement defense lawyers in the business. He receives further recognition from *Chambers USA* (2022) as a leading practitioner in White Collar Crime and Criminal Defense,

**Debevoise
&Plimpton**

Andrew J. Ceresney
Partner, New York

aceresney@debevoise.com
+1 212 909 6947

where clients have noted that he is "brilliant, strategic, thorough and thoughtful" and declare that "there is no better lawyer to have by your side." Sources have also credited his "unparalleled industry experience" and his "ability to bring insights and strategic advice." Mr. Ceresney is also recommended as a Leading Lawyer by *The Legal 500 US* (2022).

Prior to rejoining Debevoise in 2017, Mr. Ceresney served for nearly four years as the Director of Enforcement at the SEC under Chair Mary Jo White. In that role, he oversaw approximately 1,400 SEC personnel, supervising law enforcement efforts in 12 offices throughout the country, including matters related to financial reporting and accounting, asset management, insider trading, market structure, and the Foreign Corrupt Practices Act (FCPA). Under his leadership, the Division brought a record number of cases, including pathbreaking and significant cases across the entire spectrum of the securities industry. Mr. Ceresney also helped broaden the use of the SEC's analytical tools to detect and investigate financial misconduct, while enhancing the Enforcement Division's litigation capacity and improving morale. As Director of Enforcement, Mr. Ceresney worked closely with the high-level leadership of other regulators, including the Department of Justice, many U.S. Attorney's offices, CFTC, New York Attorney General, New York Department of Financial Services, FINRA and CFPB.

Prior to joining the SEC in 2013, Mr. Ceresney Co-Chaired the White Collar & Regulatory Defense Group at Debevoise. During that time, he represented various financial institutions, accounting firms, companies and individuals, including a major financial institution in investigations and litigation relating to origination, securitization and servicing of mortgages. Mr. Ceresney played an integral role in negotiating the historic $25 billion national mortgage settlement between the federal government, 49 state attorneys general and some of the country's largest banks. His practice focused on a wide range of issues, including securities-related and money laundering for financial institutions, and investigations and civil matters relating to accounting fraud, FCPA, valuation issues, complex financial instruments, insider trading and disclosure issues. He also handled matters involving the pharmaceutical industry, including government investigations of promotional practices and class action litigation.

Prior to joining Debevoise in 2003, Mr. Ceresney served as a Deputy Chief Appellate Attorney in the U.S. Attorney's Office for the Southern District of New York. During his tenure at the U.S. Attorney's Office, Mr. Ceresney was a member of the Securities and Commodities Fraud Task Force and the Major Crimes Unit and handled numerous white collar criminal investigations, trials and appeals, including matters relating to securities fraud, mail fraud, money

**Debevoise
&Plimpton**

Andrew J. Ceresney
Partner, New York

aceresney@debevoise.com
+1 212 909 6947

laundering, public corruption and obstruction of justice.

Mr. Ceresney served as a law clerk to the Hon. Dennis Jacobs, formerly Chief Judge of the U.S. Court of Appeals for the Second Circuit from 1997 to 1998; and the Hon. Michael B. Mukasey, formerly Chief Judge of the U.S. District Court for the Southern District of New York, from 1996 to 1997. Mr. Ceresney received his J.D. in 1996, from Yale Law School, where he was essays editor of the *Yale Law Journal*. He obtained his B.A. *summa cum laude* Phi Beta Kappa, from Columbia University in 1993.

Mr. Ceresney is a member of the Board of Advisors of the Yale Law School Center for the Study of Corporate Law.

**Debevoise**
**& Plimpton**

Andrew J. Ceresney
Partner, New York

aceresney@debevoise.com
+1 212 909 6947

## ANDREW J. CERESNEY'S SELECT REPRESENTATIONS

### Financial Institutions

A large financial services institution in an SEC investigation focused on its share class selection and revenue sharing arrangements that resulted in a declination by the government.

JPMorgan Chase & Co. in federal and state investigations of mortgage servicing, foreclosure, and origination related issues, including in connection with $25 billion settlement with DOJ, State Attorneys General and other federal authorities.

A major insurer in SEC and DFS investigations related to financial reporting and internal controls issues.

A clearing firm and its subsidiaries in various SEC examination and enforcement matters.

A high-profile financial information content provider in an SEC investigation.

A large global hedge fund in an SEC investigation related to alleged Rule 105 violations.

A large hedge fund in an SEC investigation related to trading.

Robinhood in its SEC and FINRA settlements relating to best execution practices and payment for order flow.

A major financial institution in DOJ Mortgage Fraud Task Force, SEC and AG investigations of mortgage-backed securitizations.

JPMorgan Chase in investigations by several State Attorneys General and a federal regulator into credit card collections and debt sale practices.

UBS in federal and state regulatory investigations relating to auction-rate securities.

A leading financial institution in a Department of Justice investigation relating to alleged money laundering and Bank Secrecy Act violations.

A major investment bank in an internal investigation relating to mispricing of subprime securities and representation in follow-up government investigations.

A major accounting firm in a Public Company Accounting Oversight Board inquiry.

A national accounting firm in U.S. Attorney's Office and SEC investigations relating to collateralized debt obligations.

Major financial institutions on Anti-Money Laundering and Bank Secrecy Act compliance issues, including a review of Bank Secrecy Act compliance for these institutions.

JPMorgan Chase Bank, N.A. in civil lawsuits filed by the Massachusetts and New York attorneys general alleging consumer protection violations based upon the bank's use of the Mortgage Electronic Registration System and allegations that the banks foreclosed without proper standing.

### Technology, Media & Telecommunications

SolarWinds Corporation, a software developer, in its investigation of the December 2020 high profile cyber attack.

A global technology company in an SEC investigation involving revenue recognition and other accounting issues.

A real estate company in an SEC investigation and other regulatory inquiries.

A technology company in an SEC investigation related to key performance indicators.

A private equity firm in an SEC investigation focused on technology investments.

Time Warner Book Group and New York Times editor Timothy O'Brien in a libel action brought by Donald J. Trump relating to the publication of Mr. O'Brien's book "TrumpNation," which was dismissed on motion for summary judgment for failure to demonstrate actual malice.

A large media company in U.S. Attorney's Office investigation of alleged improper subscription practices.

### Cryptocurrency

Tether, Bitfinex and related entities in a putative class action relating to the sufficiency of reserves for Tether tokens.

Tether, Bitfinex and related entities in a putative class action asserting Commodities Exchange Act, antitrust and fraud claims based on alleged manipulation of the price of cryptocommodities.

A digital currency exchange in an NYAG inquiry.

Ripple with ongoing civil litigation in the Southern District of New York against the Securities and Exchange Commission regarding the legal and regulatory status of XRP.

A public company engaged in Bitcoin mining operations and blockchain investments in an SEC investigation.

### Healthcare

A pharmaceutical company in an SEC investigation of investor disclosures relating to FDA communications that resulted in a declination by the government.

A global pharmaceutical company in an SEC investigation.

Forest Laboratories in multi-district litigation class action suits arising from the marketing and promotion of Celexa and Lexapro.

Forest Laboratories and Forest Pharmaceuticals in the settlement of civil and criminal investigations led by the United States Department of Justice and the United States Attorney's Office for the District of Massachusetts, and related civil qui tam litigation, regarding marketing, promotional and other activities for its products Celexa, Lexapro and Levothroid.

A large hospital corporation in an insider trading investigation conducted by the U.S. Attorney's Office and SEC.

### Conglomerates

A global shoe and apparel company in a federal corruption investigation.

A Brazilian industrial company in an FCPA investigation.

A major international conglomerate in conducting FCPA due diligence on numerous M&A transactions.

An internal review for the Audit Committee of BG Group relating to issues arising in an investigation by Italian authorities into allegations of corruption in a project in Brindisi, Italy.

# Debevoise & Plimpton

**Andrew J. Ceresney**
Partner, New York

aceresney@debevoise.com
+1 212 909 6947

A large, multinational company on compliance with the Foreign Corrupt Practices Act in connection with various foreign business ventures.

A Special Committee of the Board of Tommy Hilfiger in an internal investigation and United States Attorney's Office investigation of tax accounting issues related to offshore subsidiaries.

## Individual Representations

Kenneth D. Lewis, former CEO of Bank of America, in regulatory matters relating to the Merrill Lynch acquisition, including defense against civil claims brought by the New York Attorney General and various civil securities and derivative cases.

A former senior manager at AIG in an investigation of valuation of credit default swaps.

The former officer of a public company in a filed SEC action in the United States District Court for the Southern District of New York alleging accounting fraud and revenue recognition violations.

Wendy B. Reilly
Counsel, New York

wbreilly@debevoise.com
+1 212 909 6316



# <u>Wendy B. Reilly</u>
## Counsel

Ms. Reilly is a counsel in the firm's Litigation Department. Her practice focuses on complex commercial litigation, including contract disputes and bankruptcy-related litigation and advice, particularly on behalf of investment banking, financial advisory and asset management clients. She also has significant experience with white collar criminal defense and SEC investigations and enforcement actions. Ms. Reilly maintains an active pro bono practice as well, and she received the 2005 inMotion "Commitment to Justice" award, the 2015 *New York Law Journal* "Lawyers Who Lead by Example" Pro Bono award, the 2016 Chambers Diversity "Pro Bono Lawyer of the Year" award and the 2019 Sanctuary for Families' "Above & Beyond Pro Bono Achievement Award."

Ms. Reilly joined the firm in 2001. From 2000 to 2001 she clerked for Justice James H. Coleman, Jr. of the New Jersey Supreme Court. Ms. Reilly received a J.D. with honors from Rutgers Law School in Newark in 2000, where she was a Marsha Wenk fellow, a managing editor of the *Rutgers Law Review* and a

**Debevoise**
**&Plimpton**

Wendy B. Reilly
Counsel, New York

wbreilly@debevoise.com
+1 212 909 6316

recipient of the Alumni Senior Prize. She received her undergraduate degree *magna cum laude* from Douglass College, Rutgers University in 1997.

Ms. Reilly is a member of the Bars of New York and New Jersey and is admitted to practice before the Southern and Eastern Districts of New York, the District of New Jersey and the Second and Third Circuit Courts of Appeals.

**Debevoise & Plimpton**

**Wendy B. Reilly**
Counsel, New York

wbreilly@debevoise.com
+1 212 909 6316

## WENDY B. REILLY'S SELECT REPRESENTATIONS

**YPF S.A.**, as a co-defendant with the Argentine Republic, in litigation brought by Petersen Energía and Eton Park in the S.D.N.Y. arising from the Republic's 2012 intervention in YPF, temporary occupation of 51% of YPF's capital stock held by Repsol S.A., and subsequent expropriation of that capital stock.

**GlaxoSmithKline**, in obtaining a seven-figure verdict, after a jury trial, in a commercial dispute with a contractual counter-party; and in obtaining an eight-figure arbitration award, following trial, with another contractual counterparty.

**The D. E. Shaw Group and Madison Dearborn Partners** in their $327 million litigation win against TerraForm for breach of contract arising from the plaintiffs' sale of First Wind Holdings, LLC to TerraForm and SunEdison Inc.

**CHC Group**, one of the largest global commercial helicopter service companies in the world, as aircraft counsel in its Chapter 11 proceedings in the U.S. Bankruptcy Court for the Northern District of Texas, in which CHC successfully restructured more than $2 billion in indebtedness. Debevoise was named joint winners of "Restructuring Deal of the Year (Over $1 B to $5 B)" at the 12th Annual M&A Advisor Turnaround Awards for this representation.

**American Airlines** in litigation arising out of the September 11, 2001 terrorist attacks.

**JC Flowers** in litigation brought by the MF Global bankruptcy trustee seeking to recover dividends paid in connection with preferred stock.

**A class of minority sheet metal workers** in winning a contempt judgment against their union, after a three-day trial, based on the union's discriminatory practices and non-compliance with affirmative action orders. Debevoise handled this matter pro bono.

**GoldenTree Asset Management** in employment/ERISA litigation arising out of the bankruptcy of Source Home Entertainment.

**The former General Counsel of Computer Associates** in Department of Justice and SEC investigations of accounting irregularities.

**The former President of North America sales for Lucent** in litigation with the Company and the SEC.

A high-profile financial information content provider in an SEC investigation.

**Isabela Garcez**

Associate, New York

imgarcez@debevoise.com

+1 212 909 6636



# Isabela Garcez
## Associate

### Isabela Garcez is an associate in the Litigation Department.

Ms. Garcez joined Debevoise in 2016. From 2018 to 2019, she clerked for the Hon. Raymond J. Dearie of the United States District Court for the Eastern District of New York. Ms. Garcez received a J.D. from New York University Law School in 2016, where she was an executive editor of the *NYU Journal of Law and Business*. Ms. Garcez received her B.A. from the University of Pennsylvania in 2011. Ms. Garcez is fluent in Portuguese.

**Debevoise & Plimpton**

**Isabela Garcez**
Associate, New York

imgarcez@debevoise.com
+1 212 909 6636

## ISABELA GARCEZ'S SELECT REPRESENTATIONS

A securities brokerage platform in an internal investigation into recent outage issues and responding to related regulatory inquiries.

The Alavi Foundation in a civil forfeiture action, resulting in the successful reversal of adverse jury verdicts by the U.S. Court of Appeals for the Second Circuit.

A Special Committee of the Board of Trustees of the University of Rochester in an independent investigation of all claims alleged in EEOC and federal complaints filed by eight current and former University faculty members and students.

Capital One in a resolution with FinCEN regarding its AML program, without criminal charges being filed.

www.debevoise.com



**Debevoise**
**&Plimpton**

Alexa Busser Lopez
Associate, New York

ablopez@debevoise.com
+1 212 909 6415



# <u>**Alexa Busser Lopez**</u>

# Associate

Alexa Busser Lopez is an associate in the Litigation Department.

Ms. Lopez joined Debevoise in 2020. Ms. Lopez received a J.D. from Columbia Law School and an LL.M. from the University of Amsterdam in 2020. At Columbia, she was a Harlan Fiske Stone Scholar, a notes editor of the *Journal of Transnational Law*, and a coach for the Immigration Moot Court. Ms. Lopez received a B.A. from Colby College in 2017.

**Debevoise**
**&Plimpton**

Alexa Busser Lopez
Associate, New York

ablopez@debevoise.com
+1 212 909 6415

## ALEXA BUSSER LOPEZ'S SELECT REPRESENTATIONS

Robinhood Markets and affiliates in multiple putative
class action lawsuits arising from outages on
Robinhood's trading platform.

# EXHIBIT B

| | Date | Timekeeper Name | Discounted Rate | Time | Amount Claimed | Narrative |
|---|---|---|---|---|---|---|
| | 3/24/2022 | Ceresney, Andrew J. | $700.00 | 0.3 | $ 210.00 | Review Trump complaint. Emails with Robby. |
| | 4/5/2022 | Ceresney, Andrew J. | $700.00 | 0.1 | $ 70.00 | Emails with Robby. |
| | 4/5/2022 | Reilly, Wendy B. | $550.00 | 0.6 | $ 330.00 | Emails to & from R. Mook, A. Ceresney, I. Garcez re: Trump lawsuit; emails to & from R. Trout re: Trump lawsuit; emails to & from D. Kendall re: Trump lawsuit |
| | 4/7/2022 | Reilly, Wendy B. | $550.00 | 0.1 | $ 55.00 | Emails to & from R. Trout, A. Ceresney, I. Garcez re: Trump lawsuit |
| | 4/8/2022 | Garcez, Isabela | $450.00 | 1.2 | $ 540.00 | Reviewing Trump complaint to identify relevant sections for client; participating in call w/ common interest counsel |
| B | 4/8/2022 | Reilly, Wendy B. | $550.00 | 1.4 | $ 770.00 | Call with defense counsel re: Trump lawsuit; call with I. Garcez re: Trump lawsuit; review summary re: Trump lawsuit |
| | 4/11/2022 | Garcez, Isabela | $450.00 | 0.8 | $ 360.00 | Participating in call w/ common interest counsel; correspondence w/ W. Reilly re personal jurisdiction question; conducting research into personal jurisdiction question |
| | 4/12/2022 | Garcez, Isabela | $450.00 | 0.2 | $ 90.00 | Call w/ A. Lopez re Trump lawsuit research |
| | 4/13/2022 | Ceresney, Andrew J. | $700.00 | 0.4 | $ 280.00 | Call with JDA group |
| | 4/13/2022 | Garcez, Isabela | $450.00 | 1.5 | $ 675.00 | Participating in joint defense call re Trump lawsuit; drafting update of call for W. Reilly and A. Ceresney |
| | 4/14/2022 | Ceresney, Andrew J. | $700.00 | 0.3 | $ 210.00 | Review call summary. Review brief. |
| | 4/17/2022 | Ceresney, Andrew J. | $700.00 | 0.6 | $ 420.00 | Review Clinton brief. Email to team re Mook brief. |
| | 4/17/2022 | Reilly, Wendy B. | $550.00 | 0.1 | $ 55.00 | Emails to & from A. Ceresney, I. Garcez re: Trump lawsuit |
| | 4/18/2022 | Ceresney, Andrew J. | $700.00 | 0.1 | $ 70.00 | Review comments on brief. |
| | 4/18/2022 | Garcez, Isabela | $450.00 | 0.5 | $ 225.00 | Correspondence re brief |
| | 4/18/2022 | Reilly, Wendy B. | $550.00 | 0.4 | $ 220.00 | Emails to & from A. Ceresney, I. Garcez re: H. Clinton motion to dismiss Trump lawsuit. |
| | 4/19/2022 | Ceresney, Andrew J. | $700.00 | 0.1 | $ 70.00 | Review edits to brief. |
| | 4/19/2022 | Reilly, Wendy B. | $550.00 | 0.5 | $ 275.00 | Review H. Clinton draft motion to dismiss Trump lawsuit |
| | 4/20/2022 | Garcez, Isabela | $450.00 | 0.5 | $ 225.00 | Correspondence w/ W. Reilly and library re article in Trump lawsuit complaint |
| | 4/20/2022 | Reilly, Wendy B. | $550.00 | 2.0 | $1,100.00 | Review H. Clinton draft motion to dismiss; call with defense counsel re: Trump lawsuit |
| B | 4/21/2022 | Garcez, Isabela | $450.00 | 3.8 | $1,710.00 | Drafting brief for MTD; meeting w/ W. Reilly re Trump lawsuit |

| | Date | Name | Rate | Hours | Amount | Description |
|---|---|---|---|---|---|---|
| B | 4/21/2022 | Reilly, Wendy B. | $550.00 | 1.0 | $ 550.00 | Mtg. w/ I. Garcez re: Trump litigation; emails to & from Gibson re: extension request; review & revise extension motion |
| B | 4/22/2022 | Garcez, Isabela | $450.00 | 2.8 | $1,260.00 | Correspondence w/ W. Reilly, A. Ceresney and R. Mook re local counsel; calls w/ B. Stekloff re local counsel; call w/ B. Barzee re representation; drafting NOA for B. Barzee; correspondence w/ Gibson re local counsel; drafting brief |
| B | 4/22/2022 | Reilly, Wendy B. | $550.00 | 1.5 | $ 825.00 | Emails to & from R. Mook, Gibson Dunn, A. Ceresney, I. Garcez re: extension request in Trump lawsuit; emails to & from W. Barzee, A. Ceresney, I. Garcez re: local counsel notice of appearance in Trump lawsuit; review & revise draft notice of appearance for local counsel in Trump lawsuit |
| | 4/25/2022 | Reilly, Wendy B. | $550.00 | 0.2 | $ 110.00 | Emails to & from Gibson re: extension motions |
| | 4/26/2022 | Reilly, Wendy B. | $550.00 | 0.3 | $ 165.00 | Emails from Gibson re: Trump lawsuit; docket updates re: Trump lawsuit |
| | 4/27/2022 | Garcez, Isabela | $450.00 | 1.6 | $ 720.00 | Correspondence w/ B. Barzee re PHV motions and engagement letter; drafting PHV for SD FL |
| | 4/28/2022 | Lopez, Alexa Busser | $375.00 | 0.6 | $ 225.00 | Call with I. Garcez re motion to dismiss brief. |
| B | 4/28/2022 | Garcez, Isabela | $450.00 | 4.5 | $2,025.00 | Finalizing Ceresney PHV motion; drafting engagement letter for B. Barzee;  correspondence and meeting w/ W. Reilly re Trump lawsuit; call w/ A. Lopez re Trump lawsuit; revising list of lawsuit defendant counsel; correspondence w/ A. Lopez re trump lawsuit brief |
| B | 4/28/2022 | Reilly, Wendy B. | $550.00 | 1.5 | $ 825.00 | Review & revise local counsel engagement letter & pro hac vice motion papers re: Trump lawsuit; emails to & from I. Garcez re: Trump lawsuit; mtg. w/ I. Garcez re: Trump lawsuit |
| D B | 4/29/2022 | Garcez, Isabela | $450.00 | 4.1 | $1,845.00 | Finalizing PHV motions; correspondence w/ W. Barzee and R. Mook re engagement letter; calls and correspondence w/ A. Lopez re Trump lawsuit brief; drafting MTD brief for trump lawsuit. |
| D | 4/29/2022 | Lopez, Alexa Busser | $375.00 | 2.6 | $ 975.00 | Review Trump complaint and H. Clinton MTD discuss MTD with I. Garcez. |
| | 5/2/2022 | Lopez, Alexa Busser | $375.00 | 0.9 | $ 337.50 | Draft portions of MTD brief. |
| B | 5/2/2022 | Garcez, Isabela | $450.00 | 4.0 | $1,800.00 | Drafting brief for MTD in Trump Lawsuit; correspondence w/ W. Reilly re PHV filing in Trump lawsuit; correspondence w/ local counsel re engagement letter |

| | | | | | | |
|---|---|---|---|---|---|---|
| B | 5/3/2022 | Garcez, Isabela | $450.00 | 2.3 | $1,035.00 | Correspondence w/ W. Reilly re NOA; call w/ A. Lopez re edits to MTD brief; revising MTD brief; correspondence w/ A. Lopez re MTD edits |
| | 5/3/2022 | Lopez, Alexa Busser | $375.00 | 3.0 | $1,125.00 | Research RICO conspiracy standing, revise RICO conspiracy section of MTD brief. |
| | 5/4/2022 | Lopez, Alexa Busser | $375.00 | 4.1 | $1,537.50 | Revise MTD and discuss with I. Garcez re same. |
| E | 5/4/2022 | Reilly, Wendy B. | $550.00 | 2.9 | $1,595.00 | Review & revise motion to dismiss brief re: Trump lawsuit; emails to & from I. Garcez, A. Lopez re: same |
| D | 5/4/2022 | Garcez, Isabela | $450.00 | 2.0 | $ 900.00 | Revising draft of MTD brief; correspondence w/ A. Lopez, W. Reilly and re same. |
| D | 5/5/2022 | Lopez, Alexa Busser | $375.00 | 1.0 | $ 375.00 | Revise motion to dismiss. |
| B | 5/5/2022 | Reilly, Wendy B. | $550.00 | 1.3 | $ 715.00 | Review & revise motion to dismiss brief re: Trump lawsuit; emails to & from I. Garcez, A. Lopez re: same; call with R. Mook, I. Garcez re: draft motion to dismiss brief re: Trump lawsuit |
| D | 5/5/2022 | Garcez, Isabela | $450.00 | 1.4 | $ 630.00 | Revising MTD for Trump lawsuit |
| E | 5/6/2022 | Lopez, Alexa Busser | $375.00 | 2.0 | $ 750.00 | Revise brief, cite check brief. |
| D | 5/6/2022 | Reilly, Wendy B. | $550.00 | 2.0 | $1,100.00 | Review & revise motion to dismiss brief re: Trump lawsuit; emails to & from A. Ceresney, I. Garcez, A. Lopez re: motion to dismiss brief |
| D | 5/6/2022 | Garcez, Isabela | $450.00 | 0.7 | $ 315.00 | Revising MTD for Trump lawsuit |
| D | 5/7/2022 | Ceresney, Andrew J. | $700.00 | 0.3 | $ 210.00 | Review MTD brief. |
| D | 5/7/2022 | Reilly, Wendy B. | $550.00 | 0.1 | $ 55.00 | Emails to & from A. Ceresney, I. Garcez re: draft motion to dismiss brief |
| E | 5/8/2022 | Garcez, Isabela | $450.00 | 0.3 | $ 135.00 | Sending draft of MTD brief to client |
| D | 5/9/2022 | Lopez, Alexa Busser | $375.00 | 0.9 | $ 337.50 | Revise MTD. |
| | 5/9/2022 | Reilly, Wendy B. | $550.00 | 1.1 | $ 605.00 | Emails to & from A. Ceresney, I. Garcez, A. Lopez re: motion to dismiss brief; call with I. Garcez re: motion to dismiss brief re: Trump lawsuit |
| D | 5/9/2022 | Garcez, Isabela | $450.00 | 2.0 | $ 900.00 | Revising MTD for Trump lawsuit |
| | 5/10/2022 | Lopez, Alexa Busser | $375.00 | 3.4 | $1,275.00 | Call with W. Reilly and I. Garcez, review other Trump complaints, revise MTD and prepare table of contents and table of authorities . |
| | 5/10/2022 | Reilly, Wendy B. | $550.00 | 2.0 | $1,100.00 | Emails to & from A. Ceresney, I. Garcez, A. Lopez re: motion to dismiss brief; review & revise motion to dismiss brief; video call with I. Garcez, A. Lopez re: motion to dismiss brief |

| Date | Name | Rate | Hours | Amount | Description |
|---|---|---|---|---|---|
| 5/10/2022 | Garcez, Isabela | $450.00 | 1.0 | $ 450.00 | Call w/ W. Reilly and A. Lopez re motion filing; correspondence w/ local counsel re MTD filing |
| 5/11/2022 | Lopez, Alexa Busser | $375.00 | 1.0 | $ 375.00 | Revise MTD and prepare for filing. |
| 5/11/2022 | Reilly, Wendy B. | $550.00 | 1.8 | $ 990.00 | Review & revise motion to dismiss brief; emails to & from R. Mook, A. Ceresney, I. Garcez, A. Lopez re: motion to dismiss brief |
| 5/11/2022 | Garcez, Isabela | $450.00 | 0.4 | $ 180.00 | Correspondence w/ local counsel re motion filing |
| 5/14/2022 | Reilly, Wendy B. | $550.00 | 0.1 | $ 55.00 | Emails to & from K. Meeks re: Trump/Florida lawsuit |
| 5/16/2022 | Reilly, Wendy B. | $550.00 | 0.1 | $ 55.00 | Review docket updates re: Trump lawsuit |
| 5/18/2022 | Lopez, Alexa Busser | $375.00 | 0.4 | $ 150.00 | Attend call with joint defense group |
| 5/18/2022 | Reilly, Wendy B. | $550.00 | 0.4 | $ 220.00 | Defense call re: Trump/Florida lawsuit |
| 5/18/2022 | Garcez, Isabela | $450.00 | 0.5 | $ 225.00 | Correspondence w/ W. Reilly re Trump lawsuit conference |
| 5/27/2022 | Reilly, Wendy B. | $550.00 | 0.2 | $ 110.00 | Emails to & from Williams & Connolly, Gibson re: stipulation in Trump/Florida lawsuit |
| 5/31/2022 | Reilly, Wendy B. | $550.00 | 0.1 | $ 55.00 | Review magistrate judge's order re: conference in Trump/Florida lawsuit |
| 5/31/2022 | Garcez, Isabela | $450.00 | 0.1 | $ 45.00 | Correspondence re Trump v. Clinton conference |
| 6/1/2022 | Garcez, Isabela | $450.00 | 0.2 | $ 90.00 | Correspondence w/ W. Reilly and local counsel re conference |
| 6/1/2022 | Reilly, Wendy B. | $550.00 | 0.1 | $ 55.00 | Emails to & from Gibson, William & Connolly, Debevoise re: preparation for court conference in Trump/Florida lawsuit |
| 6/2/2022 | Garcez, Isabela | $450.00 | 1.4 | $ 630.00 | Correspondence w/ team re plaintiff filing in Trump lawsuit; participating in status conference in Trump lawsuit |
| 6/2/2022 | Lopez, Alexa Busser | $375.00 | 1.6 | $ 600.00 | Attend status conference and discuss next steps with team. |
| 6/2/2022 | Reilly, Wendy B. | $550.00 | 1.5 | $ 825.00 | Attend virtual Court conference re: Trump/Florida lawsuit; emails to & from A. Ceresney, I. Garcez, A. Lopez re: Trump/Florida lawsuit |
| 6/3/2022 | Garcez, Isabela | $450.00 | 0.6 | $ 270.00 | Correspondence w/ W. Reilly and JD counsel re availability for Trump lawsuit conference |
| 6/3/2022 | Reilly, Wendy B. | $550.00 | 0.3 | $ 165.00 | Emails to & from defense counsel, Debevoise team re: Trump lawsuit |
| 6/14/2022 | Reilly, Wendy B. | $550.00 | 0.3 | $ 165.00 | Joint defense emails re: Trump lawsuit |
| 6/15/2022 | Garcez, Isabela | $450.00 | 0.2 | $ 90.00 | Participating in call w/ JDC; correspondence w/ team re same |
| 6/15/2022 | Reilly, Wendy B. | $550.00 | 0.6 | $ 330.00 | Video call with defense counsel re: Trump lawsuit |
| 6/21/2022 | Lopez, Alexa Busser | $375.00 | 0.3 | $ 112.50 | Review amended complaint. |
| 6/21/2022 | Reilly, Wendy B. | $550.00 | 0.1 | $ 55.00 | Emails to & from A. Lopez re: Trump's amended complaint |
| 6/22/2022 | Lopez, Alexa Busser | $375.00 | 1.4 | $ 525.00 | Review amended complaint and prepare redline. |

| | | | | | | |
|---|---|---|---|---|---|---|
| 6/22/2022 | Reilly, Wendy B. | $550.00 | 0.7 | $ | 385.00 | Review allegations re: R. Mook in Trump's amended complaint; review proposed work plan from D. Kendall; emails to & from A. Ceresney, A. Lopez re: same |
| 6/23/2022 | Lopez, Alexa Busser | $375.00 | 1.0 | $ | 375.00 | Meet with joint defense group and draft summary re meeting. |
| 6/23/2022 | Reilly, Wendy B. | $550.00 | 1.0 | $ | 550.00 | Video call with defense counsel re: Trump lawsuit |
| 6/27/2022 | Garcez, Isabela | $450.00 | 0.2 | $ | 90.00 | Reviewing correspondence from JDC |
| 6/27/2022 | Reilly, Wendy B. | $550.00 | 0.1 | $ | 55.00 | Emails from defense counsel re: Trump lawsuit |
| 6/28/2022 | Lopez, Alexa Busser | $375.00 | 0.1 | $ | 37.50 | Review new filings. |
| 6/28/2022 | Reilly, Wendy B. | $550.00 | 0.1 | $ | 55.00 | Review docket updates from Trump lawsuit |
| 6/30/2022 | Reilly, Wendy B. | $550.00 | 0.2 | $ | 110.00 | Review docket updates in Trump lawsuit; review joint stipulation to extend deadlines for motions to dismiss; emails to & from defense counsel, Debevoise re: same |
| 6/30/2022 | Lopez, Alexa Busser | $375.00 | 0.1 | $ | 37.50 | Review filings in Trump v. Clinton. |
| 7/1/2022 | Reilly, Wendy B. | $550.00 | 0.7 | $ | 385.00 | Video call with defense counsel re: Trump lawsuit; review revised extension request; review docket updates; review Court order re: second extension request in Trump lawsuit |
| 7/1/2022 | Lopez, Alexa Busser | $375.00 | 3.8 | $1,425.00 | | Attend joint defense group call, draft motion to dismiss. |
| 7/5/2022 | Lopez, Alexa Busser | $375.00 | 1.9 | $ | 712.50 | Call with W. Reilly and I. Garcez, revise MTD brief. |
| 7/5/2022 | Reilly, Wendy B. | $550.00 | 1.2 | $ | 660.00 | Video call with defense counsel in Trump lawsuit re: motion to dismiss briefing; video call with I. Garcez, A. Lopez re: motion to dismiss briefing; emails to & from D. Kendall re: draft rider for motion to dismiss brief |
| 7/5/2022 | Garcez, Isabela | $450.00 | 0.7 | $ | 315.00 | Reviewing redline of trump complaint; call w/ W. Reilly and A. Lopez re response to complaint |
| 7/6/2022 | Lopez, Alexa Busser | $375.00 | 1.0 | $ | 375.00 | Draft Mook section of motion to dismiss. |
| 7/6/2022 | Reilly, Wendy B. | $550.00 | 0.1 | $ | 55.00 | Emails to & from D. Kendall, K. Meeks re: motion to dismiss briefing |
| 7/6/2022 | Garcez, Isabela | $450.00 | 2.0 | $ | 900.00 | Revising draft of response to Trump Complaint |
| 7/7/2022 | Lopez, Alexa Busser | $375.00 | 0.4 | $ | 150.00 | Revise motion to dismiss section. |
| 7/7/2022 | Reilly, Wendy B. | $550.00 | 2.3 | $1,265.00 | | Review & revise draft rider for motion to dismiss brief (Trump lawsuit); emails to & from D. Kendall, A. Ceresney, I. Garcez, A. Lopez re: same |
| 7/7/2022 | Garcez, Isabela | $450.00 | 0.1 | $ | 45.00 | Correspondence w/ joint defense counsel re response to Trump complaint |

| | Date | Name | Rate | Hours | Amount | Description |
|---|---|---|---|---|---|---|
| | 7/8/2022 | Reilly, Wendy B. | $550.00 | 1.5 | $ 825.00 | Review & revise rider to motion to dismiss Trump lawsuit; emails to & from A. Ceresney, I. Garcez, A. Lopez re: same |
| | 7/11/2022 | Lopez, Alexa Busser | $375.00 | 0.4 | $ 150.00 | Attend call with defense subgroup. |
| B | 7/11/2022 | Reilly, Wendy B. | $550.00 | 1.4 | $ 770.00 | Call with defense counsel re: motion to dismiss; review & revise draft motion to dismiss; emails to & from defense counsel re: motion to dismiss |
| | 7/12/2022 | Lopez, Alexa Busser | $375.00 | 0.1 | $ 37.50 | Update W. Reilly on defense group call. |
| | 7/12/2022 | Reilly, Wendy B. | $550.00 | 0.8 | $ 440.00 | Review & revise draft motion to dismiss; emails to & from defense counsel re: same |
| | 7/13/2022 | Lopez, Alexa Busser | $375.00 | 0.4 | $ 150.00 | Attend call with joint defense group. |
| | 7/13/2022 | Reilly, Wendy B. | $550.00 | 2.3 | $1,265.00 | Review & revise draft motion to dismiss Trump's lawsuit; emails to & from defense counsel, Debevoise re: same |
| | 7/14/2022 | Lopez, Alexa Busser | $375.00 | 0.3 | $ 112.50 | Share MTD with client. |
| | 7/14/2022 | Garcez, Isabela | $450.00 | 0.2 | $ 90.00 | Reviewing filed motion; correspondence w/ A. Lopez re same |
| B | 7/14/2022 | Reilly, Wendy B. | $550.00 | 3.2 | $1,760.00 | Review & revise draft motion to dismiss Trump's lawsuit; emails to & from defense counsel, R. Mook, Debevoise re: same |
| | 7/15/2022 | Lopez, Alexa Busser | $375.00 | 0.1 | $ 37.50 | Review correspondence with joint defense group. |
| | 7/21/2022 | Lopez, Alexa Busser | $375.00 | 0.2 | $ 75.00 | Review and send case filings. |
| | 7/21/2022 | Reilly, Wendy B. | $550.00 | 0.1 | $ 55.00 | Emails re: motion to dismiss briefing |
| | 7/22/2022 | Lopez, Alexa Busser | $375.00 | 0.2 | $ 75.00 | Review and send case filings. |
| | 7/22/2022 | Reilly, Wendy B. | $550.00 | 0.2 | $ 110.00 | Review docket updates; emails to & from A. Lopez re: same |
| | 7/26/2022 | Lopez, Alexa Busser | $375.00 | 0.1 | $ 37.50 | Coordinate reply drafting. |
| | 7/26/2022 | Reilly, Wendy B. | $550.00 | 0.7 | $ 385.00 | Video call with defense counsel re: motion to dismiss briefing; emails to & from M. Mestitz, I. Garcez, A. Lopez re: same |
| | 7/26/2022 | Garcez, Isabela | $450.00 | 0.5 | $ 225.00 | Correspondence w/ W. Reilly re FL rules on reply; correspondence re joint defense call follow up |
| | 8/4/2022 | Lopez, Alexa Busser | $375.00 | 0.4 | $ 150.00 | Review opposition to MTD. |
| | 8/4/2022 | Reilly, Wendy B. | $550.00 | 0.1 | $ 55.00 | Emails to & from A. Lopez re: Trump's opposition brief |
| | 8/5/2022 | Lopez, Alexa Busser | $375.00 | 0.6 | $ 225.00 | Attend joint defense group meeting. |
| | 8/5/2022 | Reilly, Wendy B. | $550.00 | 0.9 | $ 495.00 | Emails to & from R. Mook, A. Lopez re: Trump's opposition brief; review Trump's opposition brief |
| | 8/5/2022 | Garcez, Isabela | $450.00 | 0.5 | $ 225.00 | Participating in JDG call; updating team re same |
| | 8/9/2022 | Lopez, Alexa Busser | $375.00 | 0.6 | $ 225.00 | Review draft reply brief. |

| | Date | Name | Rate | Hours | Amount | Description |
|---|---|---|---|---|---|---|
| | 8/9/2022 | Reilly, Wendy B. | $550.00 | 0.3 | $ 165.00 | Emails to & from I. Garcez, A. Lopez re: defendants' reply brief |
| | 8/9/2022 | Garcez, Isabela | $450.00 | 0.5 | $ 225.00 | Reviewing draft reply brief; correspondence w/ team re same |
| B | 8/10/2022 | Reilly, Wendy B. | $550.00 | 3.9 | $2,145.00 | Review & revise defendants' draft reply brief; review Trump's opposition brief; emails re: draft reply brief |
| | 8/10/2022 | Garcez, Isabela | $450.00 | 0.5 | $ 225.00 | Participating in JDG call re reply brief; circulating reply brief to client; correspondence w/ team re JDG call |
| | 8/11/2022 | Lopez, Alexa Busser | $375.00 | 0.2 | $ 75.00 | Review revisions to reply brief. |
| | 8/11/2022 | Reilly, Wendy B. | $550.00 | 0.1 | $ 55.00 | Emails re: defendants' reply brief |
| | 8/11/2022 | Garcez, Isabela | $450.00 | 0.5 | $ 225.00 | Reviewing final version of reply brief |
| | 8/12/2022 | Reilly, Wendy B. | $550.00 | 0.1 | $ 55.00 | Emails to & from A. Lopez re: defendants' reply brief |
| | 8/12/2022 | Garcez, Isabela | $450.00 | 0.2 | $ 90.00 | Correspondence w/ A. Lopez re sending filed reply brief to client |
| | 8/23/2022 | Reilly, Wendy B. | $550.00 | 0.1 | $ 55.00 | Review docket entries for new court filings |
| | 9/6/2022 | Reilly, Wendy B. | $550.00 | 0.1 | $ 55.00 | Emails to & from A. Lopez re: new court filing by D. Trump |
| | 9/6/2022 | Lopez, Alexa Busser | $375.00 | 0.1 | $ 37.50 | Review docket updates. |
| | 9/8/2022 | Lopez, Alexa Busser | $375.00 | 0.2 | $ 75.00 | Review order granting MTD. |
| | 9/8/2022 | Reilly, Wendy B. | $550.00 | 0.2 | $ 110.00 | Emails to & from A. Ceresney, A. Lopez re: Court decision granting defendants' motion to dismiss D. Trump's Florida lawsuit |
| | 9/9/2022 | Reilly, Wendy B. | $550.00 | 1.4 | $ 770.00 | Review Court's decision on motion to dismiss; emails to & from R. Mook, A. Ceresney, I. Garcez, A. Lopez re: same; emails from defense counsel re: same |
| | 9/12/2022 | Garcez, Isabela | $450.00 | 0.1 | $ 45.00 | Correspondence w/ W. Reilly re JDG call |
| B | 9/12/2022 | Reilly, Wendy B. | $550.00 | 1.8 | $ 990.00 | Review Court order on motions to dismiss; review Court's prior opinion on sanctions; review transcript of Trump's counsel commenting on Court's order; emails to & from D. Kendall, I. Garcez re: agenda for defense counsel call |
| B | 9/13/2022 | Garcez, Isabela | $450.00 | 1.3 | $ 585.00 | Participating in JDG call re sanctions motion in Trump v. Clinton lawsuit; discussions with A. Lopez re JDG call; drafting summary of JDG call for A. Ceresney |
| | 9/13/2022 | Reilly, Wendy B. | $550.00 | 0.8 | $ 440.00 | Video call with defense counsel re: motion to dismiss decision & potential sanctions motion; emails to & from I. Garcez re: same |
| | 9/14/2022 | Lopez, Alexa Busser | $375.00 | 0.6 | $ 225.00 | Review timesheets re: exhibit to sanctions motion. |
| | 9/14/2022 | Reilly, Wendy B. | $550.00 | 0.3 | $ 165.00 | Emails to & from I. Garcez, A. Lopez re: draft sanctions motion |
| | 9/14/2022 | Garcez, Isabela | $450.00 | 0.3 | $ 135.00 | Drafting summary of JDG call for team |

| Date | Name | Rate | Hours | Amount | Description |
|---|---|---|---|---|---|
| 9/19/2022 | Reilly, Wendy B. | $550.00 | 0.2 | $ 110.00 | Review draft sanctions motion; review email from D. Kendall re: same |
| 9/20/2022 | Reilly, Wendy B. | $550.00 | 0.5 | $ 275.00 | Review draft sanctions motion |
| 9/21/2022 | Lopez, Alexa Busser | $375.00 | 0.4 | $ 150.00 | Review draft sanctions motion. |
| 9/21/2022 | Reilly, Wendy B. | $550.00 | 1.1 | $ 605.00 | Review & revise draft sanctions motion; emails to & from A. Lopez re: same |
| 9/22/2022 | Reilly, Wendy B. | $550.00 | 0.8 | $ 440.00 | Review & revise draft sanctions motion; emails to & from Williams & Connolly, A. Lopez re: same |
| 9/23/2022 | Lopez, Alexa Busser | $375.00 | 1.4 | $ 525.00 | Prepare exhibit for sanctions motion. |
| 9/23/2022 | Reilly, Wendy B. | $550.00 | 1.1 | $ 385.00 | Emails to & from D. Kendall re: draft sanctions motion; emails to & from A. Lopez re: draft sanctions motion; review & revise draft sanctions motion |
| 9/28/2022 | Lopez, Alexa Busser | $375.00 | 1.3 | $ 487.50 | Attend joint defense call, draft declaration re: sanctions motion. |
| 9/28/2022 | Garcez, Isabela | $450.00 | 0.3 | $ 135.00 | Discussion w/ A. Lopez re JDG call and sanctions motion declaration |
| 9/28/2022 | Reilly, Wendy B. | $550.00 | 0.7 | $ 385.00 | Video call with defense counsel group re: sanctions motion; emails to & from I. Garcez, A. Lopez re: sanctions motion; review draft declaration re: sanctions motion |
| 9/30/2022 | Garcez, Isabela | $450.00 | 0.3 | $ 135.00 | Correspondence re sanctions motion declaration for Trump lawsuit |
| 9/30/2022 | Lopez, Alexa Busser | $375.00 | 0.9 | $ 337.50 | Draft declaration for sanctions motion. |
| 9/30/2022 | Reilly, Wendy B. | $550.00 | 2.5 | $1,375.00 | Review & revise exhibits to declaration in support of sanctions motion; email to Williams & Connolly re: sanctions motion; emails to & from R. Mook, A. Ceresney, I. Garcez, A. Lopez re: sanctions motion |

B

B

Objection 1 on 3 Breakdown - Mook

| Entry No. | Page # | Block | Duplicative | Excessive | Vague | Total |
|---|---|---|---|---|---|---|
| 1 | 19 | $770.00 | | | | |
| 2 | 19 | $1,710.00 | | | | |
| 3 | 20 | $1,260.00 | | | | |
| 4 | 20 | $825.00 | | | | |
| 5 | 20 | $2,025.00 | | | | |
| 6 | 20 | $825.00 | | | | |
| 7 | 20 | $1,845.00 | | | | |
| 8 | 20 | | $975.00 | | | |
| 9 | 20 | $1,800.00 | | | | |
| 10 | 21 | $1,035.00 | | | | |
| 11 | 21 | | | $1,595.00 | | |
| 12 | 21 | | $900.00 | | | |
| 13 | 21 | | $375.00 | | | |
| 14 | 21 | $715.00 | | | | |
| 15 | 21 | | $630.00 | | | |
| 16 | 21 | | | $750.00 | | |
| 17 | 21 | | $1,100.00 | | | |
| 18 | 21 | | $315.00 | | | |
| 19 | 21 | | $210.00 | | | |
| 20 | 21 | | $55.00 | | | |
| 21 | 21 | | | $135.00 | | |
| 22 | 21 | | $337.50 | | | |
| 23 | 21 | | $900.00 | | | |
| 24 | 24 | $770.00 | | | | |
| 25 | 24 | $1,760.00 | | | | |
| 26 | 25 | $2,145.00 | | | | |
| 27 | 25 | $990.00 | | | | |
| 28 | 25 | $585.00 | | | | |
| 29 | 26 | $385.00 | | | | |
| 30 | 26 | $1,375.00 | | | | |
| **Total** | | **$20,820.00** | **$5,797.50** | **$2,480.00** | **$0.00** | **$29,097.50** |

### Discounted Fees Incurred from Complaint to MTD

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Andrew J. Ceresney | $700/ hour | 2.2 | $1,540.00 |
| Wndy B. Reilly | $550/ hour | 20.8 | $11,440.00 |
| Isabela Garcez | $450/ hour | 35.6 | $16,020.00 |
| Alexa Busser Lopez | $3758/ hour | 19.5 | $7,312.50 |
| Total | | | $36,312.50 |

### Discounted Feed incurred from initial MTD to dismissal

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Wndy B. Reilly | $550/ hour | 26 | $14,300.00 |
| Isabela Garcez | $450/ hour | 8.9 | $4,005.00 |
| Alexa Busser Lopez | $3758/ hour | 15.7 | $5,887.50 |
| Total | | | $24,192.50 |

### Discounted Fees incurred to date on sactions motion

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Wndy B. Reilly | $550/ hour | 11.4 | $6,270.00 |
| Isabela Garcez | $450/ hour | 2.3 | $1,035.00 |
| Alexa Busser Lopez | $3758/ hour | 4.8 | $1,800.00 |
| Total | | | $9,105.00 |

| | |
|---|---|
| Total Fees Incurred | $69,610.00 |
| Total Objections | $29,097.00 |
| New Fees Incurred = | $40,513.00 |

| | |
|---|---|
| Exhibit B: | $69,300.00 |
| Total Fees Incurred = | $69,300.00 |
| Total Objections | $29,097.00 |
| New Fees Incurred = | $40,203.00 |

Discrepancy in the reporting of Fees Incurred. Charts A, B, and C found on page 2 and 3 which summarize fees associated with three different phases of the case show **$310** higher total fees than displayed in Exhibit B, which displays a "true and correct copy of the hours worked by counsel for Mr. Mook."

# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Donald J. Trump,

        Plaintiff,

    v.

Hillary R. Clinton *et al.*,

        Defendants.

Civil Action No. 2:22-14102-DMM

### DECLARATION OF JOSHUA A. LEVY IN SUPPORT OF
### DEFENDANTS' MOTION FOR SANCTIONS AND FEES

I, Joshua A. Levy, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.     I am a partner at Levy Firestone Muse LLP, counsel of record for Fusion GPS, Glenn Simpson, and Peter Fritsch in the above captioned matter.

2.     Attached as Exhibit A are the law firm website biographies of the attorneys at Levy Firestone Muse LLP for whom Fusion GPS, Glenn Simpson, and Peter Fritsch seek attorneys fees. The biographies reflect the professional qualifications of those attorneys.

3.     Levy Firestone Muse LLP entered into a retention agreement with Fusion GPS, Glenn Simpson, and Peter Fritsch covering the present litigation. Fusion GPS, Glenn Simpson, and Peter Fritsch agreed to pay all of Levy Firestone Muse LLP's costs, fees, and expenses incurred in connection with the present suit, and agreed to pay discounted hourly rates from the firm's customary rates.

4.     Attached as Exhibit B is a true and correct copy of the hours worked by counsel for Fusion GPS, Glenn Simpson, and Peter Fritsch. Fusion GPS, Glenn Simpson, and Peter Fritsch are not seeking reimbursement for the attorneys' already discounted hourly rates described in Paragraph 3. Instead, Fusion GPS, Glenn Simpson, and Peter Fritsch seek fees at an additionally

discounted hourly rate for the attorneys as described in Exhibit B and below.  Specifically, Fusion

GPS, Glenn Simpson, and Peter Fritsch are seeking reimbursement at the following additionally

discounted hourly rates: $700/hr for Joshua A. Levy (partner); $600/hr for Rachel Clattenburg

(partner); $300/hr for Kevin Crenny (associate); and $300/hr for E. Andrew Sharp (associate).

These additionally discounted hourly rates are consistent with the rates this Court concluded were

reasonable in *Celsius Holdings, Inc v. A SHOC Beverage, LLC*, No. 21-cv-80740, 2022 WL

3568042 (July 19, 2022).  Exhibit B also provides an accurate statement of the work provided by

Levy Firestone Muse during the periods for which discounted fees are sought.

5.      Attached as Exhibit C is the law firm website biography of Adam S. Fels, an attorney

at Fridman Fels & Soto, PLLC for whom Defendants Fusion GPS, Peter Fritsch, and Glenn Simpson seek

attorneys fees.  The biography reflects his professional qualifications.

6.      Fridman Fels & Soto, PLLC entered into a retention agreement with Defendants

Fridman Fels & Soto, PLLC in connection with the present litigation.  Defendants Fusion GPS, Peter

Fritsch, and Glenn Simpson agreed to pay all of Fridman Fels & Soto, PLLC's costs, fees, and

expenses incurred in connection with the present suit, and agreed to pay a discounted rate from the

firm's customary rate.  Fridman Fels & Soto, PLLC are charging Defendants Fusion GPS, Peter

Fritsch, and Glenn Simpson $600 per hour.

7.      Attached as Exhibit D is a true and correct copy of the hours worked by Adam S.

Fels at Fridman Fels & Soto, PLLC for Defendants Fusion GPS, Peter Fritsch, and Glenn Simpson.

Defendants Fusion GPS, Peter Fritsch, and Glenn Simpson seek fees at the already discounted hourly

rate for Mr. Fels as described in Exhibit B and below.  These discounted hourly rates are consistent

with the rates this Court concluded were reasonable in *Celsius Holdings, Inc v. A SHOC Beverage,*

*LLC*, No. 21-cv-80740, 2022 WL 3568042 (July 19, 2022).  Exhibit D also provides an accurate

statement of the work provided by Fridman Fels & Soto, PLLC during the periods for which discounted fees are sought.

8.      Consistent with the discussion in the Memorandum in Support of Sanctions and the information provided in Exhibits B & D, I summarize below in Charts A, B, and C the fees associated with three different phases of the case: the fees incurred from the filing of the initial complaint to the filing of the initial motion to dismiss by Fusion GPS, Glenn Simpson, and Peter Fritsch; the fees incurred between the filing of Fusion GPS's, Glenn Simpson's, and Peter Fritsch's motion to dismiss to the Court's order dismissing the suit; and the fees incurred to date in connection with the motion for sanctions.

9.      As reflected in Chart A, the discounted fees incurred by Fusion GPS, Glenn Simpson, and Peter Fritsch from the filing of the initial complaint to the filing of Fusion GPS's, Glenn Simpson's, and Peter Fritsch's initial motion to dismiss total $31,550.00.

10.     As reflected in Chart B, the discounted fees incurred by Fusion GPS, Glenn Simpson, and Peter Fritsch from the filing of Fusion GPS's, Glenn Simpson's, and Peter Fritsch's initial motion to dismiss to this Court's dismissal of the suit total $18,690.00.

11.     As reflected in Chart C, the discounted fees incurred by Fusion GPS, Glenn Simpson, and Peter Fritsch in connection with the motion for sanctions, to date, total $5,580.

**Chart A: Fees incurred from Complaint to initial MTD**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Joshua A. Levy | $700/hr | 0.5 | $350.00 |
| Rachel Clattenburg | $600/hr | 27.0 | $16,200.00 |
| Kevin P. Crenny | $300/hr | 41.5 | $12,450.00 |
| E. Andrew Sharp | $300/hr | 2.5 | $750.00 |
| Adam S. Fels | $600/hr | 3.0 | $1,800.00 |

**Chart B: Fees incurred initial MTD to dismissal**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Rachel Clattenburg | $600/hr | 14.7 | $8,820.00 |
| Kevin Crenny | $300/hr | 26.9 | $8,070.00 |
| Adam S. Fels | $600/hr | 3.0 | $1,800.00 |

**Chart C: Fees incurred to date on sanctions motion**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Rachel Clattenburg | $600/hr | 5.4 | $3,240.00 |
| Kevin Crenny | $300/hr | 3.4 | $1,020.00 |
| Adam S. Fels | $600/hr | 2.2 | $1,320.00 |

12.     I believe that the discounted rates claimed are reasonable for the Southern District of

Florida market given the professional qualifications of the billers as evidenced in Exhibits A and C

and given the rates approved by this Court in *Celsius*.

13.     Consistent with local Rule 7.3, counsel sent the draft sanctions motion and draft

supporting declarations to Plaintiff's counsel on October 5, 2022. Defendants met and conferred

4

in good faith with Plaintiff's counsel by Microsoft Teams twice, on October 13 and October 26,

2022, but were unable to reach any agreement as to either the Defendants' entitlement to or the

amount of fees and expenses not taxable under 28 U.S.C. §1920 that are recoverable from Plaintiff

and/or his counsel.

Date: October 27, 2022                           /s/ Joshua A. Levy

                                        Joshua A. Levy

# EXHIBIT A

# Levy | Firestone | Muse

PRACTICES   LAWYERS   NEWS   CONTACT



## Joshua A. Levy

PARTNER

———

Mr. Levy's practice encompasses commercial litigation and complex white collar matters with a specialty in the representation of clients under investigation by the Justice Department, grand juries, Congress, government enforcement agencies, inspector generals, and internal corporate inquiries.

Mr. Levy's specialized services and guidance have proven invaluable for clients caught in the middle of parallel proceedings for over two decades.  He has created strategic defenses for high-profile, high-stakes matters by managing legal, professional, political and reputational threats to achieve successful outcomes.

A former counsel to the U.S. Senate Committee on Homeland Security and Government Affairs (investigating government failures in Hurricane Katrina) and, prior to that, U.S. Senator Charles E. Schumer of New York, Mr. Levy has been a member of the Georgetown Law adjunct faculty for over 15 years.

While in private practice, Mr. Levy has helped conduct large scale investigations on behalf of clients.  Representative matters include:

7

On behalf of the Government of Rwanda, Mr. Levy helped lead an investigation into the role of
the French government in connection with the Genocide against the Tutsi, in Rwanda, resulting in
a 600-page report.

On behalf of the Major League Baseball Players Association, Mr. Levy co-led an investigation into
the conduct of certain agents arising out of the Biogenesis scandal.

Mr. Levy has also represented companies, non-profits and individuals under investigation.  For
example:

Mr. Levy has represented dozens of other companies and individuals in congressional
investigations, including inquiries into the January 6, 2021 attack on the US Capitol, the Covid-19
pandemic, Russia's interference in the 2016 US election, Benghazi, Operation Fast & Furious,
private security contracting in Afghanistan, and many other subject matters. Since 2007, Mr. Levy
has co-taught a seminar on "Congressional Investigations" at Georgetown Law.

He represented Paula Broadwell, biographer to General David Petraeus, in Justice Department
criminal investigations that resulted in no charges for her.

He represented Ray Curry, President of the United Auto Workers (UAW), in Justice Department
criminal investigations that resulted in no charges for him. The UAW Ethics Ombudsman also
cleared President Curry of any ethics violations.

He has represented several hospital, pharmaceutical and medical device company executives in
Justice Department criminal investigations resulting in no charges for those clients.

A specialist in healthcare fraud law, Mr. Levy teaches "Healthcare Fraud and Abuse" at
Georgetown Law.  He has been involved in matters relating to pharmaceutical and medical device
claims, hospital over-billing claims, Anti-Kickback Statute violations and Stark Law abuses.  Mr.
Levy's experience with healthcare fraud matters have included complex negotiations with U.S.
Attorneys Offices, the Department of Justice, the Department of Health and Human Services
Office of Inspector General, and state agencies, and as well as the FDA and foreign regulatory
agencies.  For example, he worked with a team of attorneys on behalf of Dinesh Thakur, in his
landmark False Claims Act case against Ranbaxy, producing the largest drug safety settlement

8

Joshua A. Levy | Levy Firestone Muse LLP

Case 2:22-cv-14102-DMM   Document 297   Entered on FLSD Docket 12/15/2022   Page 177 of
USCA11 Case: 23-13177   Document: 114-3   Date Filed: 06/10/2024   Page: 527 of 704
326

against a generic drug company, in U.S. history.

As a litigator, Mr. Levy represented Fusion GPS and its principals in four RICO suits filed against them, all of which the courts have dismissed.  *See Trump v. Clinton,* Case No. 22-cv-14102-DMM (SDFL Order on Motions to Dismiss Sept. 8, 2022); *Nunes v. Fusion GPS,* Case No. 1:19-cv-01148-RDA-TCB (EDVA Order of Dismissal with Prejudice Mar. 31, 2021); *Nunes v. Fusion GPS*, Case No. 1:19-cv-1148-LO-TCB (E.D.VA. Order of Dismissal Feb. 21, 2020); *Halvorssen v. Simpson*, Case No. 2:18-cv-2684 (ENV) (RLM) (E.D.N.Y. Order of Dismissal with Prejudice Aug. 26, 2019), affirmed by the U.S. Court of Appeals for the Second Circuit (Mar. 18, 2020).

Mr. Levy also represented Fusion GPS and one of its principals, Glenn Simpson, in a defamation case filed against them by Russian oligarchs, Mikhail Fridman, Petr Aven and German Khan. That case is dismissed. *Fridman v. Bean LLC*, Case No. 1:17-cv-2041-RJL (D.D.C. Stipulation of Dismissal with Prejudice Mar. 18, 2022).

In a civil action alleging violations of the Federal Advisory Committee Act, Mr. Levy successfully moved to quash subpoenas served by a Canadian mining consortium on its political rivals, who fought for the protection of the Bristol Bay, Alaska watershed (home to the world's largest wild sockeye salmon fishery) and against the "Pebble Mine" that would destroy it.  *See, e.g.,* Pebble Limited Partnership v. EPA, 310 F.R.D. 575 (D.Alaska  2015).

Mr. Levy has expertise in the False Claims Act, the Foreign Corrupt Practices Act and the UK Bribery Act.  He has conducted dozens of internal investigations, created compliance programs, trained employees and helped perform due diligence with regard to a company's potential exposure under these statutes.

Before co-founding Levy Firestone Muse LLP in 2014, Mr. Levy practiced in the litigation and white collar defense groups at Arnold & Porter LLP and Stein, Mitchell & Muse LLP. He has been named a *Super Lawyer for White Collar* in Washington, DC, 2013-2022. Prior to practicing law, he served as a judicial law clerk to the Honorable Joan A. Lenard, U.S. District Court for the Southern District of Florida (1999-2001).

For nearly two decades, Mr. Levy has practiced innovative law in complex matters to the

9

Joshua A. Levy | Levy Firestone Muse LLP

Case 2:22-cv-14102-DMM   Document 297   Entered on FLSD Docket 12/15/2022   Page 178 of
326
USCA11 Case: 23-12377   Document: 14-6   Date Filed: 06/16/2024   Page: 528 of 704

satisfaction. His clients benefit from the combined levels of government, and from US
companies, US non-profits and global entities facing US inquiries and US litigation.

✉ jal@levyfirestone.com

📞 (202) 261-6564   OFFICE

📞 (202) 360-0677   CELL

⭐ Practice Areas

Litigation

White Collar

Congressional Investigations

Healthcare Fraud

Whistleblowers

Personal Injury/Medical Malpractice

🎓 Education

University of Michigan Law School
J.D. 1999

Columbia University
MASTERS OF INTERNATIONAL AFFAIRS 1999

Columbia University
B.A. 1994

💼 Professional Associations

Georgetown University Law Center Adjunct Professor
2007–PRESENT

Washington Lawyer's Committee on Civil Rights and Urban Affairs, Board
2019-PRESENT

Tzedek DC, Advisory Committee
2019-PRESENT

D.C. Bar Litigation Section, Steering Committee
2009–2012

ABA Standing Committee on Law & National Security
2001–2005

10

Young National Security Lawyers Group

2001–2005

## Admissions

District of Columbia

New York

---

# Contact

✉ info@levyfirestone.com

🌐 900 17th Street NW
Suite 1200
Washington, DC 20006

🌐 575 Fifth Avenue
14th Floor
New York, NY 10017

📞 (202) 845-3215   MAIN

🖨 (202) 595-8253   FAX

© 2022 Levy Firestone Muse LLP    Legal Notices    This website is attorney advertising.

  

https://www.levyfirestone.com/lawyers/joshua-levy/[30/09/2022, 13:13:58]

Rachel Clattenburg | Levy Firestone Muse LLP

Case 2:22-cv-14102-DMM   Document 297   Entered on FLSD Docket 12/15/2022   Page 180 of
326
USCA11 Case: 23-13177   Document: 114-3   Date Filed: 06/10/2024   Page: 530 of 704



# Levy | Firestone | Muse

PRACTICES      LAWYERS      NEWS      CONTACT

# Rachel Clattenburg

**PARTNER**

Ms. Clattenburg is a member of the firm's litigation and
investigations practice groups. She has represented clients in
high profile, high stakes investigations and litigation.

Ms. Clattenburg has represented clients in business litigation, RICO cases, defamation cases,
personal injury, whistleblower actions, Freedom of Information Act (FOIA) litigation, and in
response to third party subpoenas in civil litigation.  She has also represented clients in response
to grand jury subpoenas and other inquiries from federal enforcement agencies and
congressional committees. Prior to joining Levy Firestone Muse LLP, she worked as an attorney
for the public interest law firm Public Citizen Litigation Group where she litigated numerous FOIA
cases. Ms. Clattenburg has experience in both federal district and appellate courts.

Representative matters include:

- Represented Fusion GPS and its principals in four RICO suits filed against them, all of which the
  courts have dismissed.  *See Trump v. Clinton,* Case No. 22-cv-14102-DMM (SDFL Order on
  Motions to Dismiss Sept. 8, 2022); *Nunes v. Fusion GPS,* Case No. 1:19-cv-01148-RDA-
  TCB (EDVA Order of Dismissal with Prejudice Mar. 31, 2021); Nunes *v. Fusion GPS*, Case No.
  1:19-cv-1148-LO-TCB (E.D.VA. Order of Dismissal Feb. 21, 2020); *Halvorssen v. Simpson*, Case

12

Rachel Clattenburg | Levy Firestone Muse LLP

Case 2:22-cv-14102-DMM   Document 297   Entered on FLSD Docket 12/15/2022   Page 181 of
No. 236-cv-2684 (EN23) (RBM) (E.D.N.Y.) Order of Dismissal Date Filed 06/Aug/2020, Page: 531 of 704
236

affirmed by the U.S. Court of Appeals for the Second Circuit ([Mar. 18, 2020](#)).

- Represented Fusion GPS and one of its principals, Glenn Simpson, in a defamation case filed against them by Russian oligarchs, Mikhail Fridman, Petr Aven and German Khan. That case is [dismissed](#). *Fridman v. Bean LLC*, Case No. 1:17-cv-2041-RJL (D.D.C. Stipulation of Dismissal with Prejudice Mar. 18, 2022).

- Co-represented Dr. Dennis Burke, in a [whistleblower lawsuit](#) against Massachusetts General Hospital, resulting in a $13 million settlement.

- Represented Fusion GPS and its principals Glenn Simpson, Peter Fritsch and Tom Catan before multiple congressional committees during their inquiries into the Russian government's interference in the 2016 US presidential elections.

- On behalf of the Rwandan government, Ms. Clattenburg has been part of the team at Levy Firestone Muse LLP that has been investigating the role of the French government in connection with the 1994 Genocide against the Tutsi.

She is a member of the New York and District of Columbia Bars and is admitted to practice in the U.S. District Court for the District of Columbia, the U.S. District Court for the District of Maryland, and the Second, Third and Ninth Circuits.

Ms. Clattenburg served as a law clerk to the Honorable S. Martin Teel, Jr., U.S. Bankruptcy Court for the District of Columbia. During law school, she worked for the Honorable Roger J. Miner of the Second Circuit Court of Appeals. Ms. Clattenburg graduated first in her class, *summa cum laude*, from Albany Law School and Phi Beta Kappa from Princeton University.

✉ [rmc@levyfirestone.com](mailto:rmc@levyfirestone.com)

📞 [202.845.3215](tel:2028453215) OFFICE

⭐ Practice Areas

[Litigation](#)

[White Collar](#)

[Congressional Investigations](#)

13

Rachel Clattenburg | Levy Firestone Muse LLP

Case 2:22-cv-14102-DMM   Document 297   Entered on FLSD Docket 12/15/2022   Page 182 of
USBOard Case: 23-13177   Document: 114-3   Date Filed: 06/10/2024   Page: 532 of 704
326

Whistleblowers

Personal Injury/Medical Malpractice

## Education

Albany Law School
summa cum laude
Order of the Coif
J.D. 2010

Princeton University
Phi Beta Kappa
B.A. 2007

## Admissions

District of Columbia

New York

# Contact

info@levyfirestone.com

900 17th Street NW
Suite 1200
Washington, DC 20006

575 Fifth Avenue
14th Floor
New York, NY 10017

(202) 845-3215   MAIN

(202) 595-8253   FAX

14

Kevin P. Crenny | Levy Firestone Muse LLP

Case 2:22-cv-14102-DMM   Document 297   Entered on FLSD Docket 12/15/2022   Page 183 of
326
USCA11 Case: 23-13177   Document: 114-3   Date Filed: 06/10/2024   Page: 533 of 704



# Levy | Firestone | Muse

PRACTICES    LAWYERS    NEWS    CONTACT

# Kevin P. Crenny

## ASSOCIATE

Kevin P. Crenny is an associate with Levy Firestone Muse.

Before joining the firm, he clerked for Judge Stanley Marcus of the U.S. Court of Appeals for the Eleventh Circuit, Judge Rudolph Contreras of the U.S. District Court for the District of Columbia, and Judge John D. Bates of the U.S. District Court for the District of Columbia, in his capacity as Chair of the Judicial Conference Standing Committee on the Rules of Practice and Procedure. Mr. Crenny graduated *cum laude* from Harvard Law School, where he served as an Executive Editor on the *Harvard Law Review*.

He is a member of the District of Columbia and Michigan bars.

Representative matters include:

- Represented Fusion GPS and one of its principals, Glenn Simpson, in a defamation case filed against them by Russian oligarchs, Mikhail Fridman, Petr Aven and German Khan. That case is [dismissed](). *Fridman v. Bean LLC*, Case No. 1:17-cv-2041-RJL (D.D.C. Stipulation of Dismissal with Prejudice Mar. 18, 2022).

- Represented Fusion GPS and its principals in a RICO suit filed by former President Donald J. Trump. The Court dismissed the case. *See Trump v. Clinton,* Case No. 22-cv-14102-DMM (SDFL

15

Kevin P. Crenny | Levy Firestone Muse LLP

Case 2:22-cv-14102-DMM  Document 297  Entered on FLSD Docket 12/15/2022  Page 184 of
Order on Motion Case 1:23-cr-13375 Sept. 8 Document: 114-3  Date Filed: 06/10/2024  Page: 534 of 704
326

✉ kcrenny@levyfirestone.com

★ Practice Areas

Litigation

White Collar

Congressional Investigations

Healthcare Fraud

Whistleblowers

Personal Injury/Medical Malpractice

▣ Education

Harvard Law School
cum laude
J.D. 2018

Fordham University
summa cum laude
B.A. 2011

◔ Admissions

District of Columbia

Michigan

# Contact

✉ info@levyfirestone.com

◔ 900 17th Street NW
Suite 1200
Washington, DC 20006

◔ 575 Fifth Avenue
14th Floor



# Levy | Firestone | Muse

PRACTICES     LAWYERS     NEWS     CONTACT

# E. Andrew Sharp

ASSOCIATE

Mr. Sharp joined Levy Firestone Muse LLP after graduating from Georgetown University Law Center in 2019.

Mr. Sharp has represented individuals and companies under investigation and in litigation. His representative matters include:

- Representation of an individual investigated for his alleged involvement in a government contracting kickback scheme, resulting in no criminal charges.

- Representation of Fusion GPS and its principals in litigation filed against them by three Russian billionaires, who collectively own a majority of Alfa Bank, Russia's largest commercial bank.

- On behalf of the Rwandan government, Mr. Sharp has been part of the team that has been investigating the role of the French government in connection with the 1994 Genocide against the Tutsi, in Rwanda.

Prior to joining the firm, Mr. Sharp was a journalist covering NBA basketball at ESPN and Sports

<span style="color:red">17</span>

E. Andrew Sharp | Levy Firestone Muse LLP

Case 2:22-cv-14102-DMM   Document 297   Entered on FLSD Docket 12/15/2022   Page 186 of
430 with releases regularly published in Granta, The New York, and the Sports Illustrated magazine.   Page: 536 of 704
Illustrated with releases regularly published Document 14-326 and in Sports Illustrated magazine.

Mr. Sharp resides in Washington D.C. and is a member of the District of Columbia bar.

✉ eas@levyfirestone.com

📞 (202) 819-2720   OFFICE

⭐ Practice Areas

Litigation

White Collar

Congressional Investigations

Healthcare Fraud

Whistleblowers

Personal Injury/Medical Malpractice

📖 Education

Georgetown University Law Center
J.D. 2019

Boston College
B.A. 2009

🌐 Admissions

District of Columbia

# Contact

✉ info@levyfirestone.com

🌐 1701 K Street NW
Suite 350
Washington, DC 20006

📞

http://web.archive.org/web/20211016075120/https://www.levyfirestone.com/lawyers/andrew-sharp/[30/09/2022, 13:13:50]

# EXHIBIT B

**EXHIBIT B to Decl. of Joshua A. Levy**
**In Support of Defs.' Mot. for Sanctions & Fees**

| Date (DD/MM/YYYY) | Timekeeper | Discounted Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 06/04/2022 | Rachel M. Clattenburg | $600.00 | 1.2 | $720.00 | Reviewing Trump v. Clinton lawsuit and legal research |
| 07/04/2022 | Joshua A. Levy | $700.00 | 0.5 | $350.00 | Telecons with co-counsel |
| 07/04/2022 | Rachel M. Clattenburg | $600.00 | 2.7 | $1,620.00 | Analysis: legal research re motion to dismiss |
| 07/04/2022 | Kevin P. Crenny | $300.00 | 3.5 | $1,050.00 | Call with R. Clattenburg; legal research for Motion to Dismiss. |
| 08/04/2022 | Rachel M. Clattenburg | $600.00 | 0.5 | $300.00 | Legal Research re motion to dismiss; confer with K. Crenny re research |
| 08/04/2022 | Kevin P. Crenny | $300.00 | 5.4 | $1,620.00 | Calls with R. Clattenburg; legal research re motion to dismiss |
| 11/04/2022 | Rachel M. Clattenburg | $600.00 | 2.3 | $1,380.00 | Common interest call re motion to dismiss; call with Kevin re motion to dismiss; legal research and drafting motion to dismiss. |
| 11/04/2022 | Kevin P. Crenny | $300.00 | 4.2 | $1,260.00 | Analyze Complaint; calls and  with R. Clattenburg and co-counsel; assemble and analyze alleged timeline of allegations |
| 12/04/2022 | Rachel M. Clattenburg | $600.00 | 3.1 | $1,860.00 | Legal research and drafting motion to dismiss; |
| 12/04/2022 | Kevin P. Crenny | $300.00 | 5.2 | $1,560.00 | Continue research and drafting motion to dismiss all claims, including calls and conversations with R. Clattenburg. |
| 13/04/2022 | Rachel M. Clattenburg | $600.00 | 2.5 | $1,500.00 | Common Interest call with counsel for defendants re motions to dismiss; legal research and drafting motion to dismiss; |
| 13/04/2022 | Kevin P. Crenny | $300.00 | 0.8 | $240.00 | Call with codefendants and follow-up call with R. Clattenburg |
| 14/04/2022 | Rachel M. Clattenburg | $600.00 | 3.1 | $1,860.00 | Confer with team re motion to dismiss (0.5); editing motion (0.5); review Trump v. Clinton draft and confer with Kevin (0.8); legal research and drafting motion to dismiss (1.3) |
| 14/04/2022 | Kevin P. Crenny | $300.00 | 4.4 | $1,320.00 | Review draft brief from co-counsel; draft Motion to Dismiss background section; |

1

**EXHIBIT B to Decl. of Joshua A. Levy**
**In Support of Defs.' Mot. for Sanctions & Fees**

| Date (DD/MM/YYYY) | Timekeeper | Discounted Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| | | | | | legal research and drafting Motion to Dismiss |
| 15/04/2022 | Rachel M. Clattenburg | $600.00 | 0.5 | $300.00 | Reviewing brief from counsel for co-defendant (0.4); call with Kevin re drafting brief (0.1) |
| 15/04/2022 | Kevin P. Crenny | $300.00 | 4.1 | $1,230.00 | Complete research and first draft of motion to dismiss. |
| 17/04/2022 | Rachel M. Clattenburg | $600.00 | 1.0 | $600.00 | Review draft motion to dismiss |
| 18/04/2022 | Rachel M. Clattenburg | $600.00 | 1.8 | $1,080.00 | Drafting motion to dismiss and email to HRC counsel re motion to dismiss (1.5); confer with Kevin re legal research (0.3) |
| 18/04/2022 | Kevin P. Crenny | $300.00 | 1.4 | $420.00 | Review co-Defendant brief and draft feedback email; review R. Clattenburg comments on Fusion Motion to Dismiss brief and make edits. |
| 19/04/2022 | Rachel M. Clattenburg | $600.00 | 0.4 | $240.00 | Review revised Trump v. Clinton motion to dismiss by HRC; confer with Kevin re our brief and plan for revising |
| 19/04/2022 | Kevin P. Crenny | $300.00 | 0.3 | $90.00 | Review new draft of co-defendant's motion and discuss edits to Fusion's motion with R. Clattenburg. |
| 20/04/2022 | Rachel M. Clattenburg | $600.00 | 2.3 | $1,380.00 | Joint defense call re motions to dismiss; confer with Kevin on phone re revising brief based on case re incorporation; drafting new section on RICO standing for MTD; confer with Kevin re motion; draft pro hac motions. |
| 20/04/2022 | Kevin P. Crenny | $300.00 | 4.6 | $1,380.00 | Call with co-defendants' counsel; research re Fla. briefing procedure; review and finalize pro hac vice motion and certification; expand on arguments in motion to dismiss to avoid incorporating co-defendant briefing. |
| 21/04/2022 | Rachel M. Clattenburg | $600.00 | 0.5 | $300.00 | Reviewing draft motion for extension; call with Kevin re motion for extension and Trump request for extension |

E

D

B

B

**EXHIBIT B to Decl. of Joshua A. Levy**
**In Support of Defs.' Mot. for Sanctions & Fees**

| Date (DD/MM/YYYY) | Timekeeper | Discounted Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| | | | | | to amend complaint; common interest email re our recommendation |
| 21/04/2022 | Kevin P. Crenny | $300.00 | 0.7 | $210.00 | Call to S.D. Fl. Clerk's office re filing pro hac vice motions; conversations with R. Clattenburg re motions for extension of time, including review of draft motion and review of Trump proposal. |
| 22/04/2022 | Rachel M. Clattenburg | $600.00 | 2.0 | $1,200.00 | drafting motion to dismiss and legal research |
| 22/04/2022 | Kevin P. Crenny | $300.00 | 0.3 | $90.00 | Review R. Clattenburg edits to Motion to Dismiss; review Trump motion for extension of time and discuss with R. Clattenburg and J. Levy. |
| 25/04/2022 | Rachel M. Clattenburg | $600.00 | 0.3 | $180.00 | Review motion to dismiss |
| 25/04/2022 | Kevin P. Crenny | $300.00 | 1.2 | $360.00 | Implement R. Clattenburg edits to Motion to Dismiss and make additional edits. |
| 26/04/2022 | Kevin P. Crenny | $300.00 | 0.2 | $60.00 | Review and implement J. Levy edits to Motion to Dismiss. |
| 02/05/2022 | Rachel M. Clattenburg | $600.00 | 0.5 | $300.00 | Revising motion to dismiss; confer with Kevin re legal arguments |
| 02/05/2022 | Kevin P. Crenny | $300.00 | 1.4 | $420.00 | Review counsel for codefendants' suggestions re draft and make related edits to draft motion to dismiss; incorporate J. Levy and R. Clattenburg edits to motion to dismiss, including correspondence. |
| 04/05/2022 | Rachel M. Clattenburg | $600.00 | 0.9 | $540.00 | Confer with K. Crenny on edits to our motion; review Trump Twitter archive; review revised motion to dismiss; confer with K. Crenny on the minute order re status conference and review the local rules |
| 04/05/2022 | Kevin P. Crenny | $300.00 | 1.3 | $390.00 | Review court order and related rules re upcoming hearing; review Podesta motion to dismiss; revise draft motion to dismiss to incorporate additional discussion of tweets and |

D

B

3

**EXHIBIT B to Decl. of Joshua A. Levy**
**In Support of Defs.' Mot. for Sanctions & Fees**

| Date (DD/MM/YYYY) | Timekeeper | Discounted Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| | | | | | circulate draft to client for review. |
| 05/05/2022 | Rachel M. Clattenburg | $600.00 | 0.4 | $240.00 | confer with K. Crenny re corporate disclosure |
| 05/05/2022 | Kevin P. Crenny | $300.00 | 0.6 | $180.00 | Prepare corporate disclosure statement for filing with Motion to Dismiss. |
| 09/05/2022 | E. Andrew Sharp | $300.00 | 2.5 | $750.00 | Editing and cite checking Trump Motion to Dismiss |
| 10/05/2022 | Rachel M. Clattenburg | $600.00 | 0.5 | $300.00 | Reviewing and editing final draft of brief and 7.1 statement |
| 10/05/2022 | Kevin P. Crenny | $300.00 | 1.0 | $300.00 | Finalize Motion to Dismiss and Rule 7.1 disclosure statement for filing. |
| 11/05/2022 | Rachel M. Clattenburg | $600.00 | 0.5 | $300.00 | confer with local counsel re motion to dismiss; confer with Kevin re same |
| 11/05/2022 | Kevin P. Crenny | $300.00 | 0.9 | $270.00 | Add material on sufficiency of attorneys fees as RICO injury to motion to dismiss and research speculative damages argument. |
| 18/05/2022 | Rachel M. Clattenburg | $600.00 | 0.3 | $180.00 | Joint defense call regarding June 2 conference set by the Court |
| 18/05/2022 | Kevin P. Crenny | $300.00 | 0.4 | $120.00 | Call with counsel for codefendants re upcoming hearing. |
| 31/05/2022 | Rachel M. Clattenburg | $600.00 | 0.3 | $180.00 | Legal research re re motion to stay discovery pending motion to dismiss |
| 01/06/2022 | Rachel M. Clattenburg | $600.00 | 1.0 | $600.00 | Confer with Adam Fels re hearing tomorrow and strategy for Rule 16 scheduling (0.4); review docket in preparation for hearing and draft email to joint defense group re hearing (0.6) |
| 02/06/2022 | Rachel M. Clattenburg | $600.00 | 0.6 | $360.00 | Status hearing before Judge Reinhart (0.5); call with A. Fels re hearing (0.1) |
| 02/06/2022 | Kevin P. Crenny | $300.00 | 0.6 | $180.00 | Attend status conference by Zoom. |
| 15/06/2022 | Rachel M. Clattenburg | $600.00 | 0.5 | $300.00 | Joint defense call re strategy for briefing second round of Motion to Dismiss |
| 15/06/2022 | Kevin P. Crenny | $300.00 | 0.6 | $180.00 | Joint defense group call (0.5); conversations re case deadlines (0.1) |

**EXHIBIT B to Decl. of Joshua A. Levy**
**In Support of Defs.' Mot. for Sanctions & Fees**

| Date (DD/MM/YYYY) | Timekeeper | Discounted Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 21/06/2022 | Kevin P. Crenny | $300.00 | 0.6 | $180.00 | Research procedural rules re filing deadlines and holidays (0.4); initial review of amended complaint (0.2). |
| 22/06/2022 | Kevin P. Crenny | $300.00 | 2.5 | $750.00 | Review Amended Complaint for substantive changes and new allegations concerning. clients. |
| 23/06/2022 | Rachel M. Clattenburg | $600.00 | 0.7 | $420.00 | Joint defense call re strategy for responding to Amended Complaint |
| 23/06/2022 | Kevin P. Crenny | $300.00 | 0.9 | $270.00 | Joint defense group call. |
| 24/06/2022 | Kevin P. Crenny | $300.00 | 2.7 | $810.00 | Draft motion to dismiss section on Malicious prosecution. |
| 27/06/2022 | Rachel M. Clattenburg | $600.00 | 0.8 | $480.00 | revise section on malicious prosecution for second motion to dismiss |
| 27/06/2022 | Kevin P. Crenny | $300.00 | 0.2 | $60.00 | Coordinate review of amended complaint for allegations of conduct in 2017 for statute of limitations defense. |
| 29/06/2022 | Rachel M. Clattenburg | $600.00 | 2.2 | $1,320.00 | Research and drafting malicious prosecution section |
| 29/06/2022 | Kevin P. Crenny | $300.00 | 2.1 | $630.00 | Edits to draft motion to dismiss section on malicious prosecution claims. |
| 01/07/2022 | Rachel M. Clattenburg | $600.00 | 2.3 | $1,380.00 | Reviewing amended complaint for new allegations; drafting start of motion to dismiss (2.0); joint defense call re deadlines and coordinating (0.3) |
| 01/07/2022 | Kevin P. Crenny | $300.00 | 1.6 | $480.00 | Call and correspondence with R. Clattenburg, J. Levy, and co-counsel re Motion to Dismiss and extension (1.0); Edit abbreviated version of Motion to Dismiss section re malicious prosecution (0.6). |
| 05/07/2022 | Rachel M. Clattenburg | $600.00 | 0.7 | $420.00 | Joint defense call re drafting (0.2); editing the malicious prosecution section (0.5) |
| 05/07/2022 | Kevin P. Crenny | $300.00 | 0.6 | $180.00 | Call with co-defendants (0.4); follow up edits on section of motion to dismiss (0.2). |
| 07/07/2022 | Kevin P. Crenny | $300.00 | 4.0 | $1,200.00 | Draft Fusion-specific material for joint Motion to |

5

EXHIBIT B to Decl. of Joshua A. Levy
In Support of Defs.' Mot. for Sanctions & Fees

| Date (DD/MM/YYYY) | Timekeeper | Discounted Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| | | | | | Dismiss, including additional review of Amended Complaint (3.7); review draft brief sections from other firms (0.3). |
| 08/07/2022 | Rachel M. Clattenburg | $600.00 | 0.6 | $360.00 | Revising draft insert specific to Fusion Defendants (0.3); reviewing draft sections of brief from joint defense group (0.3) |
| 08/07/2022 | Kevin P. Crenny | $300.00 | 0.6 | $180.00 | Review draft brief sections by other firms. |
| 10/07/2022 | Rachel M. Clattenburg | $600.00 | 0.7 | $420.00 | Editing Fusion section of brief (0.2); reviewing amended complaint (consolidated) (0.5) |
| 10/07/2022 | Kevin P. Crenny | $300.00 | 0.2 | $60.00 | Assemble latest draft of Fusion-specific section of Motion to Dismiss. |
| 11/07/2022 | Rachel M. Clattenburg | $600.00 | 0.1 | $60.00 | Joint defense call with Ben Peacock (Ohr's counsel) re section of brief specific to our defendants |
| 11/07/2022 | Kevin P. Crenny | $300.00 | 1.0 | $300.00 | Review draft materials from other firms and coordinate with counsel for N. Ohr. |
| 12/07/2022 | Rachel M. Clattenburg | $600.00 | 0.4 | $240.00 | Reviewing consolidated brief and email Ben Peacock re individual section |
| 12/07/2022 | Kevin P. Crenny | $300.00 | 0.2 | $60.00 | Correspondence with counsel for co-defendants re motion to dismiss and Plaintiff's scheduling motion. |
| 13/07/2022 | Rachel M. Clattenburg | $600.00 | 0.5 | $300.00 | review final brief and send edits to Williams & Connolly |
| 13/07/2022 | Kevin P. Crenny | $300.00 | 0.3 | $90.00 | Review latest draft of Motion to Dismiss and correspondence with co-counsel re same. |
| 15/07/2022 | Kevin P. Crenny | $300.00 | 0.6 | $180.00 | Call with opposing counsel (0.4); file management re court records (0.2). |
| 21/07/2022 | Kevin P. Crenny | $300.00 | 0.3 | $90.00 | Review filings by plaintiff and court orders, |
| 26/07/2022 | Rachel M. Clattenburg | $600.00 | 0.4 | $240.00 | Joint defense call - strategy for reply brief |
| 26/07/2022 | Kevin P. Crenny | $300.00 | 0.4 | $120.00 | Call with co-defendants re reply in support of motion to dismiss. |
| 05/08/2022 | Rachel M. Clattenburg | $600.00 | 1.0 | $600.00 | Joint defense call re reply brief (0.4); review |

**EXHIBIT B to Decl. of Joshua A. Levy**
**In Support of Defs.' Mot. for Sanctions & Fees**

| Date (DD/MM/YYYY) | Timekeeper | Discounted Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| | | | | | Opposition brief from Trump (0.6) |
| 05/08/2022 | Kevin P. Crenny | $300.00 | 4.7 | $1,410.00 | Call with other counsel for co-defendants re motion to dismiss reply (0.5); review opposition to motion to dismiss, research and draft reply section re malicious prosecution (4.2). |
| 08/08/2022 | Kevin P. Crenny | $300.00 | 0.6 | $180.00 | Finalize draft of material re malicious prosecution for consolidated reply brief. |
| 09/08/2022 | Rachel M. Clattenburg | $600.00 | 0.4 | $240.00 | Review and edit reply brief |
| 10/08/2022 | Rachel M. Clattenburg | $600.00 | 1.2 | $720.00 | Review and edit reply brief (1.0); joint defense call re reply brief (0.2). |
| 10/08/2022 | Kevin P. Crenny | $300.00 | 1.0 | $300.00 | Review and offer edits on draft of consolidated Reply re Motion to Dismiss (0.8); call with counsel for co-defendants re Motion to Dismiss Reply (0.2). |
| 11/08/2022 | Kevin P. Crenny | $300.00 | 0.2 | $60.00 | Review final draft of consolidated Reply re Motion to Dismiss. |
| 12/09/2022 | Rachel M. Clattenburg | $600.00 | 0.5 | $300.00 | Reviewing case law on fees |
| 12/09/2022 | Kevin P. Crenny | $300.00 | 0.2 | $60.00 | Strategize re possible motion for sanctions. |
| 13/09/2022 | Rachel M. Clattenburg | $600.00 | 0.2 | $120.00 | Call with Adam Fels re fees motion |
| 13/09/2022 | Kevin P. Crenny | $300.00 | 0.8 | $240.00 | Call with counsel for co defendants (0.7); review material re fees (0.1). |
| 15/09/2022 | Kevin P. Crenny | $300.00 | 0.2 | $60.00 | Review material re motion for sanctions and/or fees. |
| 19/09/2022 | Rachel M. Clattenburg | $600.00 | 0.6 | $360.00 | Review draft motion for sanctions |
| 19/09/2022 | Kevin P. Crenny | $300.00 | 0.7 | $210.00 | Review and perform additional research for draft consolidated motion for sanctions. |
| 20/09/2022 | Kevin P. Crenny | $300.00 | 0.5 | $150.00 | Additional research for draft consolidated motion for sanctions. |
| 21/09/2022 | Rachel M. Clattenburg | $600.00 | 0.3 | $180.00 | Edit motion for sanctions |
| 28/09/2022 | Rachel M. Clattenburg | $600.00 | 0.2 | $120.00 | Joint Defense call re motion for sanctions |

E

**EXHIBIT B to Decl. of Joshua A. Levy**
**In Support of Defs.' Mot. for Sanctions & Fees**

| Date (DD/MM/YYYY) | Timekeeper | Discounted Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 28/09/2022 | Rachel M. Clattenburg | $600.00 | 1.1 | $660.00 | Drafting declaration and exhibits for Motion for Sanctions |
| 28/09/2022 | Kevin P. Crenny | $300.00 | 0.5 | $150.00 | Call with counsel for co defendants re motion for fees. |
| 29/09/2022 | Rachel M. Clattenburg | $600.00 | 1 | $600.00 | Draft affidavit in support of motion for sanctions, and supporting exhibits |
| 30/09/2022 | Rachel M. Clattenburg | $600.00 | 1.5 | $900.00 | Draft affidavit in support of motion for sanctions, and supporting exhibits |
| 30/09/2022 | Kevin P. Crenny | $300.00 | 0.5 | $150.00 | Review affidavit and supporting exhibits |

# EXHIBIT C





*Partner*

 +1 305 569 7746

www.linkedin.com/in/adam-fels-819621195/

afels@ffslawfirm.com

Download vCard

**Adam S. Fels** is a founding partner of Fridman Fels & Soto, PLLC. His practice focuses on international money laundering cases, white-collar criminal defense, and complex internal investigations.



the prosecution team, including Mr. Fels, were honored with the 2019 U.S. Department of Justice Attorney General's Award for Exceptional Service, the Department's highest award for employee performance.

Throughout his thirteen-year career as a federal prosecutor, Mr. Fels successfully managed and directed a wide array of criminal investigations and cases in district court, and successfully argued several cases in federal courts of appeal. Mr. Fels also handled some of the Miami U.S. Attorney's Office's highest profile cases, including a variety of counterterrorism prosecutions, and the prosecution of some of the most prominent Colombian drug cartel leaders of the time. He has developed expertise in several areas of federal criminal practice, including Title III wiretaps, classified information litigation, money laundering and other financial investigations, mortgage fraud, and customs enforcement. He was cleared for top secret information and granted access to sensitive compartmented information.

Mr. Fels has lectured extensively to various audiences, including domestic and foreign law enforcement personnel and university students. His seminars and guest lectures have addressed international criminal procedure, money laundering, terrorist financing, and psychology of the courtroom. He has participated on state-sponsored money laundering panels on three continents.

Prior to his tenure as a federal prosecutor in Miami, Mr. Fels served as a Senior Trial Attorney with the Department of Justice's Office of Special Investigations in Washington, DC, where he worked to denaturalize and deport several World War II concentration camp guards who had unlawfully entered the United States after the war.  For his role in bringing Nazi camp guards to justice, Mr. Fels was recognized alongside other OSI attorneys with the first U.S. Department of Justice Assistant Attorney General Award for Human Rights Law Enforcement.

https://www.ffslawfirm.com/attorneys/adam-s-fels/



> "Duped" and "egged on": Capitol rioters use Trump as excuse in court," CBS News, February 16, 2021, available at https://www.cbsnews.com/news/capitol-riot-suspects-trump-blame-court/

> "DBR Recognizes Most Effective Lawyers for 2019," Daily Business Review, November 15, 2019, available at https://www.law.com/dailybusinessreview/2019/11/15/dbr-recognizes-most-effective-lawyers-for-2019/?slreturn=20191015145223

> "Opinion: Will El Chapo's Trial Change Organized Crime Forever?" The New York Times, February 14, 2019, available at https://www.nytimes.com/2019/02/14/opinion/el-chapo-trial-witnesses.html

> "Notorious Drug Lord Joaquin "El Chapo" Guzman Convicted," CBS Miami, February 12, 2019, available at https://miami.cbslocal.com/2019/02/12/notorious-drug-lord-joaquin-el-chapo-guzman-convicted/

> "Joaquín 'El Chapo' Guzmán's trial: From shocking to bizarre," BBC.com, February 4, 2019, available at https://www.bbc.com/news/world-us-canada-46282173

> "'El Chapo' trial jurors heard the accused Mexican drug lord's voice — or did they?" USA Today, December 19, 2018, available at https://www.usatoday.com/story/news/2018/12/19/did-el-chapo-drug-trial-jurors-hear-accused-mexican-drug-lord-voice-secret-tape/2360588002/

> "El Chapo Trial Updates," Newsweek, December 13, 2018, available at "https://www.newsweek.com/joaquin-el-chapo-guzman-loera-sinaloa-cartel-brooklyn-jorge-milton-cifuentes-1258241

> "Las leyendas de El Chapo, a juicio," El Pais, November 18, 2018, available at https://elpais.com/internacional/2018/11/16/actualidad/1542382504_906964.html

> "Main witness against 'El Chapo' will be 'El Chapo,' prosecutor says," NBC News, November 14, 2018, available at https://www.nbcnews.com/news/crime-courts/el-chapo-opening-arguments-delayed-because-anxious-juror-n935761

> "As El Chapo trial opens, attorneys offer contrasting portraits of 'mythological' drug lord," Washington Post, November 13, 2018, available at



Years In Prison," Sun-Sentinel, November 26, 2016, available at https://www.sun-sentinel.com/local/palm-beach/fl-palm-beach-hoax-bomb-threat-sentencing-20161129-story.html

> "Man touted as one of biggest drug dealers ever gets 35 years," AP News, July 25, 2016, available at https://apnews.com/b67b14c742334f0cb07a35513cf92162

> "South Florida brothers sentenced to long prison terms for terrorist plot in New York," Miami Herald, June 10, 2015, available at https://www.miamiherald.com/news/local/crime/article23669335.html

> "Los detalles de la detención en Aruba del general venezolano Hugo Carvajal," Infobae, July 25, 2014, available at https://www.infobae.com/2014/07/25/1583091-los-detalles-la-detencion-aruba-del-general-venezolano-hugo-carvajal/

> "Individual Who Provided False Statements Regarding Attempted Support Of Extremist Group Pleads Guilty And Is Sentenced," U.S. Dept. of Justice, July 24, 2014, available at https://www.justice.gov/usao-sdfl/pr/individual-who-provided-false-statements-regarding-attempted-support-extremist-group

> "United States Attorney for the Southern District of Florida Announces Guilty Plea of Colombian Narcotics Kingpin," FBI, January 24, 2014, available at https://archives.fbi.gov/archives/miami/press-releases/2014/united-states-attorney-for-the-southern-district-of-florida-announces-guilty-plea-of-colombian-narcotics-kingpin

> "Manhattan, Brooklyn, And Miami U.S. Attorneys Announce Extradition Of Colombian Narcotics Kingpin," U.S. Dept. of Justice, July 9, 2013, available at https://www.justice.gov/usao-edny/pr/manhattan-brooklyn-and-miami-us-attorneys-announce-extradition-colombian-narcotics

> "Miami Jury Convicts Guatemalan Drug Kingpin of Distributing Cocaine Knowing it Would be Imported into the United States," U.S. Dept. of Justice, May 8, 2012, available at https://www.justice.gov/archive/usao/fls/PressReleases/2012/120508-01.html

> "High-Level Colombian BACRIM Narco-Trafficker Indicted on Cocaine Conspiracy Charges," FBI, February 9, 2011, available at https://archives.fbi.gov/archives/miami/press-releases/2011/mm020911a.htm

32

Menu



> Recipient of Attorney General's David Margolis Award for Exceptional Service, 2019

> "Most Effective Lawyer" for Criminal Law, Daily Business Review, 2019

> Recipient of Federal Law Enforcement Foundation Award, 2019

> Recipient of Timothy Evans Award for Outstanding Assistant United States Attorney, 2012

> Recipient of Assistant Attorney General Award for Human Rights Law Enforcement, 2008



33



 www.linkedin.com/in/adam-fels-819621195/

 afels@ffslawfirm.com
 Download vCard

# Education

> J.D., University of Chicago Law School

> A.B., Columbia University

# Bar Admissions

> Florida Bar

> District of Columbia Bar

> US Court of Appeals for the Eleventh Circuit

> US District Court for the Southern District of Florida

> US District Court for the Middle District of Florida

CONTACT US TODAY

34

# EXHIBIT D

**EXHIBIT D to Decl. of Joshua A. Levy**
**In Support of Defs.' Mot. for Sanctions & Fees**

| Date (DD/MM/YYYY) | Timekeeper | Discounted Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 22/04/2022 | Adam S Fels | 600 | 0.6 | $360.00 | Exchange emails with co-counsel regarding joint motion for extension; review pro hac filings, prepare notice of appearance, pay pro hac fees; file notice of appearance and pro hac motions. |
| 28/04/2022 | Adam S Fels | 600 | 0.1 | $60.00 | Review docket; send co-counsel orders granting pro hac motions. |
| 11/05/2022 | Adam S Fels | 600 | 2.3 | $1,380.00 | Review complaint (split with co-defendants); review draft motion to dismiss; research legal issues relating to legal fees as injury under RICO; exchange emails with co-counsel; file motion to dismiss. |
| 01/06/2022 | Adam S Fels | 600 | 1 | $600.00 | Calls with co-counsel to discuss upcoming status conference hearing; research local rules re: Rule 26 conference; review docket for entries relating to scheduling order |
| 02/06/2022 | Adam S Fels | 600 | 0.7 | $420.00 | Attend status conf (split with co-defendants); T/C with co-counsel |
| 01/07/2022 | Adam S Fels | 600 | 0.9 | $540.00 | Review portion of Amended Complaint (split with co-defendants); research, review and edit malicious prosecution section (split with co-defendants) |
| 05/07/2022 | Adam S Fels | 600 | 0.2 | $120.00 | Review of revised malicious prosecution section (split with co-defendants) |
| 15/07/2022 | Adam S Fels | 600 | 0.2 | $120.00 | Participate on status call with Plaintiffs & Defendants (split with co-defendant) |
| 13/09/2022 | Adam S Fels | 600 | 0.8 | $480.00 | Review Court's order dismissing case; research Rule 11 rulings by J. Middlebrooks; participate in call with counsel to discuss same (all split with co-defendants). |
| 22/09/2022 | Adam S Fels | 600 | 0.3 | $180.00 | Review of draft sanctions motion (split with co-defendants); T/C with co-counsel re: same. |
| 28/09/2022 | Adam S Fels | 600 | 1.1 | $660.00 | Appear at teleconference to discuss fees; T/C with Rachel Clattenburg to discuss fees; |

**EXHIBIT D to Decl. of Joshua A. Levy**
**In Support of Defs.' Mot. for Sanctions & Fees**

| | | | | | prepare chart breaking down fees. |
|---|---|---|---|---|---|

Objection Breakdown Fusion

| Entry No. | Page # | Block | Duplicative | Excessive | Vague | Total |
|-----------|--------|-----------|-------------|------------|----------|-------------|
| 1 | 20 | | $1,620.00 | | | |
| 2 | 20 | | $1,380.00 | | | |
| 3 | 20 | $1,260.00 | | | | |
| 4 | 20 | $1,320.00 | | | | |
| 5 | 21 | | | $1,230.00 | | |
| 6 | 21 | | $1,080.00 | | | |
| 7 | 21 | $1,380.00 | | | | |
| 8 | 21 | $1,380.00 | | | | |
| 9 | 22 | | $1,200.00 | | | |
| 10 | 22 | $390.00 | | | | |
| 11 | 26 | | | $1,410.00 | | |
| 12 | 36 | $1,380.00 | | | | |
| 13 | 36 | $600.00 | | | | |
| 14 | 36 | $660.00 | | | | |
| **Total** | | **$8,370.00** | **$5,280.00** | **$2,640.00** | **$0.00** | **$16,290.00** |

38

### Fees incurred from Complaint to initial MTD

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Joshua A. Levy | $700/ hour | 0.5 | $350.00 |
| Rachel Clattenburg | $600/ hour | 27 | $16,200.00 |
| Kevin P. Crenny | $300/ hour | 41.5 | $12,450.00 |
| E. Andrew Sharp | $300/ hour | 2.5 | $750.00 |
| Adam S. Fels | $600/ hour | 3 | $1,800.00 |
| Total | | | $31,550.00 |

### Fees incurred initial MTD to dismissal

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Rachel Clattenburg | $600/ hour | 14.7 | $8,820.00 |
| Kevin Crenny | $300/ hour | 26.9 | $8,070.00 |
| Adam S. Fels | $600/ hour | 3 | $1,800.00 |
| Total | | | $18,690.00 |

### Fees incurred to date on sanctions motion

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Rachel Clattenburg | $600/ hour | 5.4 | $3,240.00 |
| Kevin Crenny | $300/ hour | 3.4 | $1,020.00 |
| Adam S. Fels | $600/ hour | 2.2 | $1,320.00 |
| Total | | | $5,580.00 |

| | |
|---|---|
| **Total Fees Incurred** | $55,820.00 |
| **Total Objections** | $16,290.00 |
| **New Feed Incurred =** | **$39,530.00** |

| | |
|---|---|
| **Exhibit B:** | $50,900.00 |
| **Exhibit D:** | $4,920.00 |
| **Total Fees Incurred** | $55,820.00 |
| **Total Objections** | $16,290.00 |
| **New Feed Incurred =** | **$39,530.00** |

# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Donald J. Trump,

        Plaintiff,

    v.

Hillary R. Clinton *et al.*,

        Defendants.

Civil Action No. 2:22-14102-DMM

## DECLARATION OF JOSHUA BERMAN IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS AND FEES

I, Joshua Berman, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.    I am a partner at Clifford Chance US LLP ("Clifford Chance"), counsel of record for Bruce and Nellie Ohr in the above captioned matter.

2.    Attached as Exhibit A are biographies of the attorneys at Clifford Chance for whom Bruce and Nellie Ohr seek attorneys' fees. The biographies reflect the professional qualifications of those attorneys.

3.    Clifford Chance entered into a retention agreement with Mr. and Mrs. Ohr covering the present litigation. Mr. Ohr has a modest insurance policy that covers certain fees related to the present litigation, but only covers attorneys' fees up to $300 per hour. Mr. and Mrs. Ohr agreed to pay all of Clifford Chance's costs, fees, and expenses incurred in connection with the present suit that are not covered by this insurance policy, and agreed to pay discounted rates, which for this matter are $800 per hour for my time, and $500 per hour for associate Benjamin Peacock. These rates represent a nearly 40 percent discount from standard Clifford Chance rates.

4.    Attached as Exhibit B is a true and correct copy of the hours worked by counsel for Defendants Bruce and Nellie Ohr. Defendants Bruce and Nellie Ohr seek fees at the already discounted

1

hourly rate for the attorneys as described in Exhibit B and below.  These significantly discounted hourly rates are consistent with the rates this Court concluded were reasonable in *Celsius Holdings, Inc v. A SHOC Beverage, LLC*, No. 21-cv-80740, 2022 WL 3568042 (July 19, 2022).  Exhibit B also provides an accurate statement of the work provided by Clifford Chance during the periods for which discounted fees are sought.

5.      Attached as Exhibit C is the law firm website biography of the attorney at Fridman Fels & Soto, PLLC ("Fridman Fels") for whom Defendants Bruce and Nellie Ohr seek attorneys' fees.  The biography reflects the professional qualifications of this attorney.

6.      Fridman Fels & Soto, PLLC entered into a retention agreement with Defendants Bruce and Nellie Ohr in connection with the present litigation.  Bruce and Nellie Ohr agreed to pay all of Fridman Fels's costs, fees, and expenses incurred in connection with the present suit, and agreed to pay a discounted rate from the firm's customary rate.  Fridman Fels is charging Defendants Bruce and Nellie Ohr $500 per hour.

7.      Attached as Exhibit D is a true and correct copy of the hours worked by Fridman Fels for Defendants Bruce and Nellie Ohr.  Defendants Bruce and Nellie Ohr seek fees at the already discounted hourly rate for the attorneys as described in Exhibit D and below.  These discounted hourly rates are consistent with the rates this Court concluded were reasonable in *Celsius Holdings, Inc v. A SHOC Beverage, LLC*, No. 21-cv-80740, 2022 WL 3568042 (July 19, 2022).  Exhibit D also provides an accurate statement of the work provided by Fridman Fels during the periods for which discounted fees are sought.

8.      Consistent with the discussion in the Memorandum in Support of Sanctions and the information provided in Exhibit B and Exhibit D, I summarize below in Charts A, B, and C the fees associated with three different phases of the case: (A) the fees incurred from the filing of the

initial complaint to the filing of Mrs. Ohr's initial motion to dismiss; (B) the fees incurred between

the filing of Mrs. Ohr's initial motion to dismiss and the Court's order dismissing the suit; and (C)

the fees incurred to date in connection with the motion for sanctions.

9.     As reflected in Chart A, the discounted fees incurred by Mr. and Mrs. Ohr from the

filing of the initial complaint to the filing of initial motion to dismiss total $25,760.

10.     As reflected in Chart B, the discounted fees incurred by Mr. and Mrs. Ohr from the

filing of the initial motion to dismiss to this Court's dismissal of the suit total $26,820.

11.     As reflected in Chart C, the discounted fees incurred by Mr. and Mrs. Ohr in

connection with the motion for sanctions, to date, total $6,330.

### Chart A:  Fees incurred from Complaint to initial MTD

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Joshua Berman | $800 / hour | 4.2 hours | $3,360 |
| Benjamin Peacock | $500 / hour | 40.3 hours | $20,150 |
| Adam Fels | $500 / hour | 4.3 hours | $2,150 |
| Victoria Pantin | $125 / hour | 0.8 hours | $100 |

### Chart B:  Fees incurred initial MTD to dismissal

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Joshua Berman | $800 / hour | 1.9  hours | $1,520 |
| Benjamin Peacock | $500 / hour | 47.6 hours | $23,800 |
| Adam Fels | $500 / hour | 3 hours | $1,500 |

**Chart C:  Fees incurred to date on sanctions motion**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Joshua Berman | $800 / hour | 0.6 hours | $480 |
| Benjamin Peacock | $500 / hour | 10.6 hours | $5,300 |
| Adam Fels | $500 / hour | 1.1 hours | $550 |

12.     I believe that the discounted rates claimed are reasonable given the professional qualifications of the billers as evidenced in Exhibit A and Exhibit C for the Southern District of Florida market and given the rates approved by this Court in *Celsius*.

13.     In connection with this case, counsel also incurred necessary costs in the amount of $400 for admission to this court *pro hac vice*.  As such in addition to the costs and fees set out above, Mr. and Mrs. Ohr request and award of $400 for these fees.

14.     Consistent with local Rule 7.3, counsel sent the motion papers and exhibits to Plaintiff's counsel on October 5, 2022.  Counsel for Mr. and Mrs. Ohr, together with counsel for other defendants, met and conferred with Plaintiff's counsel on October 26, 2022, but were unable to reach an agreement regarding defendants' entitlement to fees and expenses or the amount of such fees and expenses.

 /s/
_____

Joshua Berman
October 31, 2022

4

# EXHIBIT A

# CLIFFORD CHANCE

Partner



Joshua Berman, a seasoned trial and appellate lawyer, has over twenty years of experience handling white collar and government investigations matters both in the private sector and in government. Josh represents and provides counsel to corporate clients, Boards of Directors and individuals in government, Congressional and internal investigations, civil litigation, information security, and securities enforcement proceedings. Josh has expertise in developing global compliance and training programs for companies, and handling due diligence in connection with anti-corruption and other potential fraud matters.

Prior to joining Clifford Chance, Josh served as Deputy General Counsel for the U.S. Department of Commerce. There, he was responsible for a wide array of substantive matters, including: CFIUS, international export sanctions, cybersecurity, ethics guidance, data privacy, international anti-corruption efforts, Congressional investigations and oversight, Treasury tax regulations, ECPA reform, counter-terrorism efforts, FirstNet, telecommunications and intellectual property matters.

From 1997 to 2001, Josh served as an Assistant U.S. Attorney for the Southern District of New York, where he supervised, investigated, prosecuted and tried cases relating to securities fraud, white collar crime, terrorism, espionage, health care fraud, public corruption, obstruction of justice, bank fraud, immigration fraud, anti-piracy and copyright infringement, money laundering, racketeering, cybercrime, and organized and violent crime. Josh served on team of counter-terrorism prosecutors who investigated and prosecuted al Qaeda members and associates overseas and within the U.S. From 2001-2002, Josh served as Associate Investigative Counsel on the high profile Webster Commission for the Review of FBI Security Matters where he led a large multi-agency team of intelligence agents examining lapses in FBI national security in the wake of Robert Hanssen's espionage. From 2002-2004, Josh was a senior Trial Counsel for the U.S. Department of Justice, Criminal Division, Public Integrity Section, where he supervised, investigated and prosecuted investigations and prosecutions of high profile corruption, FEC and campaign finance cases.

Josh is a member of our global Corruption Risk team.

## Contact details

Clifford Chance, Washington D.C.

+12029125174

Email me

Follow me on LinkedIn

Practice area Litigation, dispute resolution & risk management

## Career and qualifications

- Cornell University (BA, Government) 1991
- University of Michigan Law School (JD Law) 1994
- Assistant U.S. Attorney (SDNY), U.S. Department of Justice 1997
- Associate Investigative Counsel, Webster Commission for the Review of FBI Security Programs, U.S. Department of Justice 2001
- Senior Trial Attorney, Criminal Division, Public Integrity Section, U.S. Department of Justice 2002
- Partner, SNR Denton 2004
- Partner, Katten Muchin Rosenman 2010
- Deputy General Counsel, U.S. Department of Commerce 2016
- Joined Clifford Chance as Partner 2017



Corruption **Risk**

We help businesses to build resilience, sustain growth and be better prepared

**Relevant experience**      **Publications and insights**

## News and client work

Clifford Chance advises Japan Bank for International Cooperation on acquiring US$110 million equity in NuScale to advance clean energy

New York/Tokyo: Leading international law firm Clifford Chance has advised Japan Bank for International Cooperation (JBIC) on acquiring US$110 million of prefe...

**26 April 2022**

# BENJAMIN PEACOCK
## NEW YORK



BENJAMIN PEACOCK
**Associate**

**T** +1 212 878 8051
**E** benjamin.peacock@
clifffordchance.com

Benjamin Peacock is a senior associate in Clifford Chance's Litigation & Dispute Resolution practice in New York. He represents clients in cross-border criminal and regulatory investigations and complex commercial litigation and arbitration.

Prior to joining Clifford Chance, Benjamin interned at the New England Legal Foundation, where he assisted in authoring briefs for the United States Court of Appeals for the First Circuit and the Supreme Courts of Massachusetts, New Hampshire and Maine.

Benjamin received a JD from the New York University School of Law and a BA in philosophy from the University of Georgia. He is admitted to practice in New York.

**Representative matters include representing:**

- A major financial institution in regulatory investigations alleging manipulation of LIBOR, and in subsequent implementation of settlement undertakings

- A joint venture in connection with investigations by CFTC and NYAG of spoofing and other foreign exchange market-related misconduct.

- A large international financial institution in connection with a spoofing investigation by the CME

- A major Asian financial institution in connection with CME investigations into trading of energy and agricultural futures

- A vertically integrated energy company in connection with a review of policies and risk assessment of its global commodities-trading operations.

- A major US financial institution in connection with remediation of its foreign exchange trading practices

- A hedge fund in connection with a review of policies and risk assessment of its global commodities- and securities-trading operations.

- A digital assets company in connection with an SEC investigation into its offering of digital tokens

- A cryptocurrency exchange in connection with a joint DOJ and CFTC investigation of trading practices on the exchange

- A digital assets company in connection with U.S. regulatory issues

- Defeated all DOJ FCPA charges against Lawrence Hoskins at trial, with remaining money laundering counts resulting in a 15-month sentence that is currently under appeal

# EXHIBIT B

Exhibit B - Clifford Chance fee chart(24004627221.1)

| Date | Attorney | Discounted Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 4/13/2022 | Joshua Berman | 800 | 0.5 | $ 400.00 | Communications with joint-defense team; review complaint and analyze next steps. |
| 4/14/2022 | Joshua Berman | 800 | 0.5 | $ 400.00 | Further communcations with joint defense team and with client re next steps. |
| 4/15/2022 | Benjamin Peacock | 500 | 1.5 | $ 750.00 | Analyze complaint and potential legal defenses. |
| 4/18/2022 | Joshua Berman | 800 | 1.2 | $ 960.00 | Communication with joint-defense team and plaintiff's counsel; analyze complaint and potential legal defenses. |
| 4/18/2022 | Benjamin Peacock | 500 | 5 | $ 2,500.00 | Legal research for motion to dismiss; outline potential defenses. |
| 4/19/2022 | Joshua Berman | 800 | 0.5 | $ 400.00 | Review docket; telephone conference with B. Peacock re next steps. |
| 4/19/2022 | Benjamin Peacock | 500 | 3.5 | $ 1,750.00 | Legal research for motion to dismiss; outline potential defenses; telephone conference with J. Berman re same. |
| 4/20/2022 | Joshua Berman | 800 | 0.7 | $ 560.00 | Joint-defense call; attention to selection of local counsel. |
| 4/20/2022 | Benjamin Peacock | 500 | 4.5 | $ 2,250.00 | Joint-defense call; telephone conference with Adam Fels re engagement; draft motion for extension of time; e-mails with plaintiff's counsel re same; draft *pro hac vice* motions. |
| 4/21/2022 | Joshua Berman | 800 | 0.1 | $ 80.00 | Finalize filings; communications with joint-defense counsel re same. |
| 4/21/2022 | Benjamin Peacock | 500 | 4.7 | $ 2,350.00 | Review draft Fridman Fels and Soto engagement letter; communications with client re same; outline arguments for motion to dismiss. |
| 4/22/2022 | Joshua Berman | 800 | 0.1 | $ 80.00 | Resolve local counsel and filing issues re extension of time. |
| 4/22/2022 | Benjamin Peacock | 500 | 1.7 | $ 850.00 | Finalize motion for extension of time and *pro hac vice* motions; e-mail and telephone conferences with local counsel re filing; e-mail Bruce and Nellie Ohr re status and next steps. |
| 4/25/2022 | Joshua Berman | 800 | 0.2 | $ 160.00 | Attention to plaintiff question re motion to amend complaint; communciations with joint-defense counsel. |
| 4/27/2022 | Joshua Berman | 800 | 0.2 | $ 160.00 | Review draft client letter to DOJ re Westfall representation. |
| 4/28/2022 | Benjamin Peacock | 500 | 0.5 | $ 250.00 | Edit draft client Westfall letter; e-mail J. Berman re same. |
| 5/4/2022 | Benjamin Peacock | 500 | 6.5 | $ 3,250.00 | Legal research in connection with motion to dismiss; draft same. |
| 5/5/2022 | Benjamin Peacock | 500 | 4.5 | $ 2,250.00 | Legal research in connection with motion to dismiss; draft same. |
| 5/6/2022 | Benjamin Peacock | 500 | 3.5 | $ 1,750.00 | Legal research in connection with motion to dismiss; draft same. |
| 5/10/2022 | Joshua Berman | 800 | 0.2 | $ 160.00 | Review draft motion to dismiss. |
| 5/10/2022 | Benjamin Peacock | 500 | 1.2 | $ 600.00 | Revise draft motion to dismiss; e-mail clients re same; e-mails with J. Berman and A. Fels re same. |
| 5/11/2022 | Benjamin Peacock | 500 | 3.2 | $ 1,600.00 | Final edits to draft motion to dismiss; multiple telephone conferences and e-mails with A. Fels re same. |
| 5/13/2022 | Benjamin Peacock | 500 | 0.3 | $ 150.00 | Attention to request for extension of time from plaintiff's counsel. |
| 5/18/2022 | Benjamin Peacock | 500 | 1 | $ 500.00 | Attend joint-defense call; e-mails with J. Berman re status and next steps. |
| 5/25/2022 | Benjamin Peacock | 500 | 0.2 | $ 100.00 | E-mail Bruce Ohr re status. |
| 5/26/2022 | Benjamin Peacock | 500 | 0.5 | $ 250.00 | Review proposed stipulation; e-mail counsel for H. Clinton re same. |

10

Exhibit B - Clifford Chance fee chart(24004627221.1)

| | Date | Name | Rate | Hours | | Amount | Description |
|---|---|---|---|---|---|---|---|
| | 5/26/2022 | Benjamin Peacock | 500 | 0.4 | $ | 200.00 | Attend meeting with summer intern to introduce matter and discuss next steps. |
| | 6/2/2022 | Joshua Berman | 800 | 0.2 | $ | 160.00 | Telephone conference with B. Peacock re strategy and next steps. |
| | 6/2/2022 | Benjamin Peacock | 500 | 2.5 | $ | 1,250.00 | Court conference; follow-up telephone conferences with J. Berman and A. Fels re same; e-mail Bruce and Nellie Ohr re same. |
| | 15-Jun | Benjamin Peacock | 500 | 1 | $ | 500.00 | Joint-defense call. |
| | 21-Jun | Benjamin Peacock | 500 | 3.4 | $ | 1,700.00 | Analyze amended complaint and evaluate defenses. |
| | 22-Jun | Joshua Berman | 800 | 0.2 | $ | 160.00 | Analyze amended complaint. |
| | 22-Jun | Benjamin Peacock | 500 | 1.7 | $ | 850.00 | Further analysis of amended complaint; legal research in connection with same. |
| | 23-Jun | Joshua Berman | 800 | 0.5 | $ | 400.00 | Joint-defense call. |
| B | 23-Jun | Benjamin Peacock | 500 | 3.4 | $ | 1,700.00 | Joint-defense call; telephone conference with DOJ re Westfall issues; legal reseach in connection with same. |
| | 24-Jun | Joshua Berman | 800 | 0.3 | $ | 240.00 | Analyze arguments for renewed motion to dismiss. |
| | 24-Jun | Benjamin Peacock | 500 | 5.5 | $ | 2,750.00 | Further analysis of Westfall issues; further analysis of amended complaint and related legal research. |
| | 29-Jun | Benjamin Peacock | 500 | 1.9 | $ | 950.00 | Review and revise draft malicious-prosecution section of renewed motion to dismiss; joint-defense communications in connection with same. |
| | 1-Jul | Joshua Berman | 800 | 0.2 | $ | 160.00 | Joint-defense call. |
| B | 1-Jul | Benjamin Peacock | 500 | 4.5 | $ | 2,250.00 | Joint-defense call; revise malicious-prosecution section of renewed motion to dismiss; joint-defense communications re same; telephone conference with DOJ re Westfall issues; follow-up e-mails with J. Berman re same. |
| B | 5-Jul | Benjamin Peacock | 500 | 2.9 | $ | 1,450.00 | Further communication with DOJ re Westfall issues; revise draft motion to dismiss; joint-defense communications re same. |
| | 11-Jul | Benjamin Peacock | 500 | 0.7 | $ | 350.00 | Revise draft motion to dismiss; multiple joint-defense communciations re same. |
| | 12-Jul | Benjamin Peacock | 500 | 2.5 | $ | 1,250.00 | Revise draft motion to dismiss; joint-defense communications re same. |
| | 13-Jul | Benjamin Peacock | 500 | 2.2 | $ | 1,100.00 | Further analysis of issues related to renewed motion to dismiss; e-mails with A. Fels re same. |
| | 14-Jul | Benjamin Peacock | 500 | 0.6 | $ | 300.00 | Review filed opposition to motion to dismiss. |
| | 15-Jul | Joshua Berman | 800 | 0.5 | $ | 400.00 | Meet-and-confer with plaintiff's counsel and joint-defense team. |
| | 15-Jul | Benjamin Peacock | 500 | 0.7 | $ | 350.00 | Meet-and-confer with plaintiff's counsel and joint-defense team; e-mail Bruce and Nellie Ohr re same. |
| | 26-Jul | Benjamin Peacock | 500 | 0.5 | $ | 250.00 | Joint-defense call. |
| | 4-Aug | Benjamin Peacock | 500 | 2.5 | $ | 1,250.00 | Analyze plaintiff's opposition to motion to dismiss. |
| B | 5-Aug | Benjamin Peacock | 500 | 1.7 | $ | 850.00 | Further analysis of opposition to motion to dismiss; e-mail clients re same; outline points for opposition. |
| | 8-Aug | Benjamin Peacock | 500 | 1.3 | $ | 650.00 | Draft and revise "malicious prosecution" argument for reply brief. |
| B | 10-Aug | Benjamin Peacock | 500 | 3.2 | $ | 1,600.00 | Review reply brief; e-mails with Bruce and Nellie Ohr re same; joint-defense call. |
| | 11-Aug | Benjamin Peacock | 500 | 2.5 | $ | 1,250.00 | Final review of reply brief in preparation for filing; e-mails with clients re same. |
| E | 8-Sep | Benjamin Peacock | 500 | 2.7 | $ | 1,350.00 | Review Order Granting Motion to Dismiss; e-mail J. Berman re same. |

Exhibit B - Clifford Chance fee chart(24004627221.1)                                    Page 3

| | | | | | | |
|---|---|---|---|---|---|---|
| 9-Sep | Joshua Berman | | 800 | 0.3 | $ 240.00 | Review Order Granting Motion to Dismiss; preliminary consideration of sanctions issues. |
| 9-Sep | Benjamin Peacock | | 500 | 1.7 | $ 850.00 | Analysis of next steps including sanctions; e-mail Bruce and Nellie Ohr re Order and related issues. |
| 12-Sep | Joshua Berman | | 800 | 0.3 | $ 240.00 | Address issue re sanctions. |
| 13-Sep | Benjamin Peacock | | 500 | 0.5 | $ 250.00 | Legal research re legal standard for sanctions; telephone conference with A. Fels re same. |
| 23-Sep | Benjamin Peacock | | 500 | 1.9 | $ 950.00 | Review draft motion for sanctions; legal research in connection with same. |
| 28-Sep | Benjamin Peacock | | 500 | 0.3 | $ 150.00 | Review materials provided by A. Fels in connection with motion for sanctions; telephone conference with A. Fels re same. |
| 10/2/2022 | Benjamin Peacock | | 500 | 1.5 | $ 750.00 | Draft declaration to accompany motion for sanctions and prepare exhibits to same. |
| 3-Oct | Benjamin Peacock | | 500 | 2 | $ 1,000.00 | Revise declaration to accompany motion for sanctions and prepare exhibits to same; e-mail Bruce and Nellie Ohr re same. |
| | | | | 105.2 | $ 54,610.00 | |

12

# EXHIBIT C







*Partner*

 +1 305 569 7746

14





Before forming Fridman Fels & Soto, PLLC, Mr. Fels served as an Assistant United States Attorney in the Southern District of Florida for thirteen years, specializing in international money laundering, counternarcotics, and counterterrorism prosecutions. He also served as a Special Assistant United States Attorney in both the Southern District of New York and the Eastern District of New York. Mr. Fels was one of the lead prosecutors and delivered the opening statement in the Government's successful prosecution of Joaquin "El Chapo" Guzmán, one of the largest drug kingpins ever tried in the United States. The members of the prosecution team, including Mr. Fels, were honored with the 2019 U.S. Department of Justice Attorney General's Award for Exceptional Service, the Department's highest award for employee performance.

Throughout his thirteen-year career as a federal prosecutor, Mr. Fels successfully managed and directed a wide array of criminal investigations and cases in district court, and successfully argued several cases in federal courts of appeal. Mr. Fels also handled some of the Miami U.S. Attorney's Office's highest profile cases, including a variety of counterterrorism prosecutions, and the prosecution of some of the most prominent Colombian drug cartel leaders of the time. He has developed expertise in several areas of federal criminal practice, including Title III wiretaps, classified information litigation, money laundering and other financial investigations, mortgage fraud, and customs enforcement. He was cleared for top secret information and granted access to sensitive compartmented information.



concentration camp guards who had unlawfully entered the United States after the war.  For his role in bringing Nazi camp guards to justice, Mr. Fels was recognized alongside other OSI attorneys with the first U.S. Department of Justice Assistant Attorney General Award for Human Rights Law Enforcement.

Before joining the Department of Justice, Mr. Fels spent four years as a commercial litigation and appellate associate in the Washington, D.C. office of Latham & Watkins LLP, participating in several trials and developing expertise in internal investigations. Mr. Fels began his legal career by clerking for United States District Judge Donald M. Middlebrooks in the Southern District of Florida.

# News Reports and Media Accounts

> "Duped" and "egged on": Capitol rioters use Trump as excuse in court," CBS News, February 16, 2021, available at https://www.cbsnews.com/news/capitol-riot-suspects-trump-blame-court/

> "DBR Recognizes Most Effective Lawyers for 2019," Daily Business Review, November 15, 2019, available at https://www.law.com/dailybusinessreview/2019/11/15/dbr-recognizes-most-effective-lawyers-for-2019/?slreturn=20191015145223

> "Opinion: Will El Chapo's Trial Change Organized Crime Forever?" The New York Times, February 14, 2019, available at https://www.nytimes.com/2019/02/14/opinion/el-chapo-trial-witnesses.html

16






> "El Chapo Trial Updates," Newsweek, December 13, 2018, available at "[https://www.newsweek.com/joaquin-el-chapo-guzman-loera-sinaloa-cartel-brooklyn-jorge-milton-cifuentes-1258241](https://www.newsweek.com/joaquin-el-chapo-guzman-loera-sinaloa-cartel-brooklyn-jorge-milton-cifuentes-1258241)

> "Las leyendas de El Chapo, a juicio," El Pais, November 18, 2018, available at [https://elpais.com/internacional/2018/11/16/actualidad/1542382504_906964.html](https://elpais.com/internacional/2018/11/16/actualidad/1542382504_906964.html)

> "Main witness against 'El Chapo' will be 'El Chapo,' prosecutor says," NBC News, November 14, 2018, available at [https://www.nbcnews.com/news/crime-courts/el-chapo-opening-arguments-delayed-because-anxious-juror-n935761](https://www.nbcnews.com/news/crime-courts/el-chapo-opening-arguments-delayed-because-anxious-juror-n935761)

> "As El Chapo trial opens, attorneys offer contrasting portraits of 'mythological' drug lord," Washington Post, November 13, 2018, available at [https://www.washingtonpost.com/world/national-security/el-chapo-trial-begins-drug-kingpin-faces-life-in-prison/2018/11/12/52846f2a-e466-11e8-b759-3d88a5ce9e19_story.html](https://www.washingtonpost.com/world/national-security/el-chapo-trial-begins-drug-kingpin-faces-life-in-prison/2018/11/12/52846f2a-e466-11e8-b759-3d88a5ce9e19_story.html)

> "Miami judge orders ex-Panamanian president sent home to face criminal charges," Miami Herald, August 31, 2017, available at "[https://www.miamiherald.com/news/nation-world/article170521432.html](https://www.miamiherald.com/news/nation-world/article170521432.html)

> "Man Who Made Bomb Threats to Palm Beach County Schools Sentenced to More Than 3 Years In Prison," Sun-Sentinel, November 26, 2016, available at [https://www.sun-sentinel.com/local/palm-beach/fl-palm-hoax-bomb-threat-sentencing-20161129-story.html](https://www.sun-sentinel.com/local/palm-beach/fl-palm-hoax-bomb-threat-sentencing-20161129-story.html)

> "Man touted as one of biggest drug dealers ever gets 35 years," AP News, July 25, 2016, available at [https://apnews.com/b67b14c742334f0cb07a35513cf92162](https://apnews.com/b67b14c742334f0cb07a35513cf92162)

> "South Florida brothers sentenced to long prison terms for terrorist plot in New York," Miami Herald, June 10, 2015, available at [https://www.miamiherald.com/news/local/crime/article23669335.html](https://www.miamiherald.com/news/local/crime/article23669335.html)






southern-district-of-florida-announces-guilty-plea-of-colombian-narcotics-kingpin

› "Manhattan, Brooklyn, And Miami U.S. Attorneys Announce Extradition Of Colombian Narcotics Kingpin," U.S. Dept. of Justice, July 9, 2013, available at https://www.justice.gov/usao-edny/pr/manhattan-brooklyn-and-miami-us-attorneys-announce-extradition-colombian-narcotics

› "Miami Jury Convicts Guatemalan Drug Kingpin of Distributing Cocaine Knowing it Would be Imported into the United States," U.S. Dept. of Justice, May 8, 2012, available at https://www.justice.gov/archive/usao/fls/PressReleases/2012/120508-01.html

› "High-Level Colombian BACRIM Narco-Trafficker Indicted on Cocaine Conspiracy Charges," FBI, February 9, 2011, available at https://archives.fbi.gov/archives/miami/press-releases/2011/mm020911a.htm

# Publications

› "OSI's Prosecution of World War II Persecutor Cases," United States Attorneys Bulletin, January 2006

# Awards and Recognition

› Recipient of Attorney General's David Margolis Award for Exceptional Service, 2019

18



Menu





19



Menu





📞 305 569 7746

www.linkedin.com/in/adam-fels-819621195/

✉ afels@ffslawfirm.com
Download vCard

# Education





## Bar Admissions

> Florida Bar

---

> District of Columbia Bar

---

> US Court of Appeals for the Eleventh Circuit

---

> US District Court for the Southern District of Florida

---

> US District Court for the Middle District of Florida

---

CONTACT US TODAY





22

# EXHIBIT D

Exhibit D - Fridman Fels Fee Chart

| Date | Timekeeper | Discounted Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 4/21/2022 | Adam S Fels | 500 | 1.2 | $ 600.00 | Review and edit pro hac motions, certifications and proposed orders; review and edit motion for extension of time and draft proposed order; draft notice of appearance; initial filings; exchange emails with co-counsel re: initial filings. |
| 4/22/2022 | Victoria Pantin | 125 | 0.8 | $ 100.00 | Collection of previous CM/ECF filings and save into client's folder. |
| 5/10/2022 | Adam S Fels | 500 | 2.1 | $ 1,050.00 | Review Complaint (split with co-defendants); Review motion to dismiss; research legal issues in 11th Cir/SDFL relating to cognizable RICO injuries; defamatory statements re: political candidates; existence of proceeding in context of malicious prosecution case; annotate draft brief. |
| 5/11/2022 | Adam S Fels | 500 | 1 | $ 500.00 | Additional review of motion to dismiss; T/C with co-counsel re: same; file motion. |
| 6/1/2022 | Adam S Fels | 500 | 0.4 | $ 200.00 | Call with co-counsel to discuss upcoming status conference hearing. |
| 6/2/2022 | Adam S Fels | 500 | 0.7 | $ 350.00 | Attend status conf (split with co-defendants); T/C with co-counsel |
| 7/1/2022 | Adam S Fels | 500 | 0.9 | $ 450.00 | Review portion of Amended Complaint (split with co-defendants); research, review and edit malicious prosecution section (split with co-defendants) |
| 7/5/2022 | Adam S Fels | 500 | 0.2 | $ 100.00 | Review of revised malicious prosecution section (split with co-defendants) |
| 7/13/2022 | Adam S Fels | 500 | 0.6 | $ 300.00 | Review issue in draft motion to dismiss re: "federal defendants" in malicious prosecution section; exchange emails with co-counsel re: same. |
| 7/15/2022 | Adam S Fels | 500 | 0.2 | $ 100.00 | Participate on status call with Plaintiffs & Defendants (split with co-defendant) |
| 9/13/2022 | Adam S Fels | 500 | 0.8 | $ 400.00 | Review Court's order dismissing case; research Rule 11 rulings by J. Middlebrooks; participate in call with counsel to discuss same (all split with co-defendants). |
| 9/22/2022 | Adam S Fels | 500 | 0.2 | $ 100.00 | Review of draft sanctions motion (split with co-defendants). |
| 9/28/2022 | Adam S Fels | 500 | 0.9 | $ 450.00 | Appear at teleconference to discuss fees; T/C with co-counsel to discuss fees; prepare chart breaking down fees. |
| 4/21/2022 | | | | $ 400.00 | Pro hac vice fees paid for co-counsel |
| **TOTAL** | | | | **$5,100.00** | |

B

B

B

24

Objection Breakdown - Ohr

| Entry No. | Page # | Block | Duplicative | Excessive | Vague | Total |
|---|---|---|---|---|---|---|
| 1 | 10 | $1,750.00 | | | | |
| 2 | 10 | $2,250.00 | | | | |
| 3 | 10 | $2,350.00 | | | | |
| 4 | 10 | $850.00 | | | | |
| 5 | 10 | | $1,750.00 | | | |
| 6 | 11 | $1,700.00 | | | | |
| 7 | 11 | $2,250.00 | | | | |
| 8 | 11 | $1,450.00 | | | | |
| 9 | 11 | $850.00 | | | | |
| 10 | 11 | $1,600.00 | | | | |
| 11 | 11 | | | $1,350.00 | | |
| 12 | 24 | $600.00 | | | | |
| 13 | 24 | $1,050.00 | | | | |
| 14 | 24 | $500.00 | | | | |
| **Total** | | **$17,200.00** | **$1,750.00** | **$1,350.00** | **$0.00** | **$20,300.00** |

**Fees incured from Complaint to initial MTD**

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Joshua Berman | $800/ hour | 4.2 | $3,360.00 |
| Benjamin Peacock | $500/ hour | 40.3 | $20,150.00 |
| Adam Fels | $500/ hour | 4.3 | $2,150.00 |
| Victoria Pantin | $125/ hour | 0.8 | $100.00 |
| **Total** | | | **$25,760.00** |

**Fees incured initial MTD to dismissal**

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Joshua Berman | $800/ hour | 1.9 | $1,520.00 |
| Benjamin Peacock | $500/ hour | 47.6 | $23,800.00 |
| Adam Fels | $500/hour | 3 | $1,500.00 |
| **Total** | | | **$26,820.00** |

**Fees incured to date on sactions motion**

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Joshua Berman | $800/ hour | 0.6 | $480.00 |
| Benjamin Peacock | $500/ hour | 10.6 | $5,300.00 |
| Adam Fels | $500/ hour | 1.1 | $550.00 |
| **Total** | | | **$6,330.00** |

| | |
|---|---|
| **Total Fees Incurred** | $58,910.00 |
| **Total Objections** | $20,300.00 |
| **New Fees Incurred =** | $38,610.00 |

| | |
|---|---|
| **Exhibit B:** | $54,610.00 |
| **Exhibit D:** | $5,100.00 |
| **Total Fees Incurred =** | **$59,710.00** |
| **Total Objections** | $20,300.00 |
| **New Fees Incurred =** | **$39,410.00** |

Discrepancy in the reporting of Fees Incurred. Charts A, B, and C found on pages 3 and 4 which summarize fees associated with three different phases of the case show **$800** lower total fees than displayed in Exhibits B & D, which display a "true and correct copy of the hours worked by counsel for Defendants Bruce and Nellie Ohr."

# EXHIBIT 8

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Donald J. Trump,

                Plaintiff,

      v.

Hillary R. Clinton *et al.*,

                Defendants.

Civil Action No. 2:22-14102-DMM

**DECLARATION OF FRANKLIN MONSOUR JR. IN SUPPORT OF
DEFENDANTS' MOTION FOR SANCTIONS AND FEES**

I, Franklin Monsour Jr., declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.      I am a partner at Orrick Herrington & Sutcliffe LLP ("Orrick"), counsel of record for Igor Danchenko in the above captioned matter.

2.      Attached as Exhibit A is my firm website biography demonstrating my professional qualifications, as the attorney for whom Mr. Danchenko seeks attorneys fees.

3.      Orrick entered into a retention agreement with Mr. Danchenko in connection with the present litigation.  Mr. Danchenko agreed to pay all of Orrick's costs, fees, and expenses incurred in connection with the present suit, and agreed to pay the firm's customary rates.

4.      Attached as Exhibit B is a true and correct copy of the hours worked by counsel for Mr. Danchenko.  Mr. Danchenko is not seeking reimbursement for the customary hourly rates mentioned in Paragraph 3.  Instead, Mr. Danchenko seeks fees at a discounted hourly rate for the attorneys as describe in Exhibit B and below.  These discounted hourly rates are consistent with the rates this Court concluded were reasonable in *Celsius Holdings, Inc v. A SHOC Beverage, LLC*, No. 21-cv-80740, 2022 WL 3568042 (July 19, 2022).  Exhibit B also provides an accurate statement of the work provided by Orrick during the periods for which discounted fees are sought.

5.       Consistent with the discussion in the Memorandum in Support of Sanctions and the information provided in Exhibit B, I summarize below in Charts A, B, and C the fees associated with three different phases of the case:  the fees incurred from the filing of the initial complaint to the filing of Mr. Danchenko's initial motion to dismiss; the fees incurred between the filing of Mr. Danchenko's motion to dismiss to the Court's order dismissing the suit; and the fees incurred to date in connection with the motion for sanctions.

6.       As reflected in Chart A, the discounted fees incurred by Mr. Danchenko from the filing of the initial complaint to the filing of Mr. Danchneko's initial motion to dismiss total $5,600.

7.       As reflected in Chart B, the fees incurred by Mr. Danchenko from the filing of Mr. Danchenko's initial motion to dismiss total to this Court's dismissal of the suit total $10,220.

8.       As reflected in Chart C, the discounted fees incurred by Mr. Danchenko in connection with the motion for sanctions, to date, total $1,540.

**Chart A:  Fees incurred from Complaint to initial MTD**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Franklin Monsour Jr. | $700 per hour | 8 | $5,600 |

**Chart B:  Fees incurred initial MTD to dismissal**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Franklin Monsour Jr. | $700 per hour | 14.6 | $10,220 |

**Chart C:  Fees incurred to date on sanctions motion**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Franklin Monsour Jr. | $700 per hour | 2.2 | $1,540 |

9.     I believe that the discounted rates claimed are reasonable given the professional qualifications of the billers as evidenced in Exhibit A for the Southern District of Florida market and given the rates approved by this Court in *Celsius*.

10.     In connection with this case, counsel incurred necessary costs for electronic legal research.  I understand that courts in this Circuit have held that legal research costs are not ordinarily taxable as costs under 28 U.S.C. § 1920, but are properly considered a component of attorneys' fees.  *Springer v. Convergy's Corp.*, No. 3:03-CV-302-J-99MCR, 2006 WL 8439203, at *2 (M.D. Fla. July 7, 2006).  As such, in addition to the discounted fees set out above, Mr. Danchenko requests an award of $6,389 incurred for electronic legal research.  Attached as Exhibit C is a true and correct copy of the amount of incurred for electronic legal research.

11.     Consistent with local Rule 7.3, counsel sent the draft sanctions motion and draft supporting declarations to Plaintiff's counsel on October 5, 2022.  Defendants met and conferred in good faith with Plaintiff's counsel by Microsoft Teams twice, on October 13 and October 26, 2022, but were unable to reach any agreement as to either the Defendants' entitlement to or the amount of fees and expenses not taxable under 28 U.S.C. §1920 that are recoverable from Plaintiff and/or his counsel.

  */s/ Franklin Monsour Jr.*
Franklin Monsour Jr.

Date: October 27, 2022

# EXHIBIT A





# Franklin Monsour, Jr.

**Partner**
New York

**T** +1 212 506 3512
**E** fmonsour@orrick.com

Franklin Monsour is a white collar and investigations partner who defends clients in criminal and civil government actions and complex commercial litigation.

### Honors

- B.B. Allen Award, 2013
- Commendation by the Defense Criminal Investigative Service (DCIS), 2017
- Patriotic Service Medal by the US Army, 2017
- Commendation by the Drug Enforcement Administration (DEA), 2013

### Education

- J.D., Benjamin N. Cardozo School of Law, 2003, Dean's Merit Scholar, *Moot Court* editorial board member, *Jacob Burns Medal* recipient for moot court performance, Best Writing Award for Criminal Justice
- B.A., Virginia Commonwealth University, 1999, *cum laude*

As a former federal prosecutor for the Southern District of Florida, in Miami, Franklin was lead counsel in negotiating multiple record settlements totaling over $100 million in False Claims Act, Anti-Kickback Statute, healthcare fraud and civil penalty recoveries. He also prosecuted numerous criminal cases including the largest compounding pharmacy fraud case to go to trial.

Franklin frequently represents clients in the life sciences and healthcare industries in both criminal and civil investigations brought by the Department of Justice and other regulatory agencies such as the DEA and FDA. He also represents clients in FCPA, securities and fraud-related civil cases, including civil RICO actions. In doing so, Franklin relies on his prior experience as an Assistant US Attorney in Miami where he prosecuted numerous criminal and civil regulatory cases. He was lead counsel on multiple False Claims Act, Anti-Kickback Statute cases resulting in record resolutions. He was also lead counsel in a DEA drug diversion case against one of the largest pharmacy chains resulting in the record civil penalty under the Controlled Substances Act. That case developed the template for DEA actions against drug distribution centers alleged to distribute suspiciously large amounts of prescription narcotics.

Franklin prosecuted numerous criminal cases involving fraud, narcotics and violent crimes. He has successfully tried a variety of criminal and civil cases to verdict, including a five-week federal trial convicting a pharmacist and a co-conspirator of conspiracy to commit healthcare fraud, pay kickbacks and money laundering. That case is the largest compounding pharmacy fraud case to go to trial, involving numerous co-conspirators in billing well over $30 million to the US military's health insurance program.

In addition to litigation, Franklin applies his Government experience in helping clients develop sophisticated compliance programs to preempt and resolve Anti-Kickback Statute and broader anti-corruption and FCPA enforcement issues.

Franklin understands what factors motivate investigations, actions, and litigation, and what factors conclude them. He builds strong relationships with clients to navigate difficult situations, developing defenses and strategies to resolve cases successfully, from negotiation through trial.

## Admissions

- New York

# EXHIBIT B

| Date | Timekeeper | Discounted Rate | Time | Amount Claimed | Description | |
|------|-----------|-----------------|------|----------------|-------------|---|
| 5/6/2022 | Monsour, Franklin | $700 | 2.00 | $1,400.00 | Research and outline thereto for MTD. | |
| 5/12/2022 | Monsour, Franklin | $700 | 1.00 | $700.00 | Research and draft MTD. | |
| 5/13/2022 | Monsour, Franklin | $700 | 1.00 | $700.00 | Draft MTD and research thereto. | |
| 5/18/2022 | Monsour, Franklin | $700 | 2.00 | $1,400.00 | Draft and revise MTD brief. | |
| 5/20/2022 | Monsour, Franklin | $700 | 2.00 | $1,400.00 | Draft and revise MTD brief. | |
| 6/2/2022 | Monsour, Franklin | $700 | 1.20 | $840.00 | Prepare for and attend status conference. | |
| 6/15/2022 | Monsour, Franklin | $700 | 0.50 | $350.00 | Joint defense zoom conference. | |
| 6/23/2022 | Monsour, Franklin | $700 | 0.50 | $350.00 | Call with codefendant counsel. | |
| 6/30/2022 | Monsour, Franklin | $700 | 0.20 | $140.00 | Review case filings and correspondence. | |
| 7/1/2022 | Monsour, Franklin | $700 | 0.50 | $350.00 | Meet and confer and correspondence on motion for extension. | |
| 7/5/2022 | Monsour, Franklin | $700 | 0.50 | $350.00 | Joint defense call. | |
| 7/12/2022 | Monsour, Franklin | $700 | 2.00 | $1,400.00 | Work on draft motion. | |
| 7/13/2022 | Monsour, Franklin | $700 | 2.00 | $1,400.00 | Review draft motion and make edits thereto. | |
| 8/5/2022 | Monsour, Franklin | $700 | 0.50 | $350.00 | Call with Defense group to plan reply brief. | |
| 8/5/2022 | Monsour, Franklin | $700 | 2.50 | $1,750.00 | Review prior briefs and exhibits and confer thereto. | |
| 8/10/2022 | Monsour, Franklin | $700 | 2.00 | $1,400.00 | Review draft reply and revise and confer with client thereto. | |
| 8/11/2022 | Monsour, Franklin | $700 | 2.20 | $1,540.00 | Review revised reply brief and make edits thereto; confer with co-defense counsel. | |
| 9/13/2022 | Monsour, Franklin | $700 | 0.50 | $350.00 | Joint defense strategy call. | not billed yet |
| 9/28/2022 | Monsour, Franklin | $700 | 0.50 | $350.00 | Call with co-defendant counsel to discuss sanctions motion. | not billed yet |
| 9/30/2022 | Monsour, Franklin | $700 | 1.20 | $840.00 | Review sanctions motion and revise affidavit. | not billed yet |

# EXHIBIT C

## DISBURSEMENTS

| Date | Tkpr. | Description | Quantity | Bill Amt | Check No. | Print On Bill? | Disb ID |
|------|-------|-------------|----------|----------|-----------|----------------|---------|
| 05/05/22 | FM | Lexis Research ；；；*Inv No.* Entry employee: 16673 | | 1,637.00 | | Y | 40083841 |
| 05/06/22 | FM | Lexis Research ；；；*Inv No.* Entry employee: 16673 | | 594.00 | | Y | 40083842 |
| 05/08/22 | FM | Lexis Research ；；；*Inv No.* Entry employee: 16673 | | 396.00 | | Y | 40089027 |
| 05/12/22 | FM | Lexis Research ；；；*Inv No.* Entry employee: 16673 | | 198.00 | | Y | 40089028 |
| 05/13/22 | FM | Lexis Research ；；；*Inv No.* Entry employee: 16673 | | 1,683.00 | | Y | 40089029 |
| 05/15/22 | FM | Lexis Research ；；；*Inv No.* Entry employee: 16673 | | 198.00 | | Y | 40095211 |
| 05/16/22 | FM | Lexis Research ；；；*Inv No.* Entry employee: 16673 | | 1,287.00 | | Y | 40095212 |
| 07/12/22 | FM | Lexis Research ；；；*Inv No.* Entry employee: 16673 | | 297.00 | | Y | 40138354 |
| 07/13/22 | FM | Lexis Research ；；；*Inv No.* Entry employee: 16673 | | 99.00 | | Y | 40138355 |
| **Disbursement Total** | | | | **$6,389.00** | | | |



Objection Breakdown - Danchenko

| Entry No. | Page # | Block | Duplicative | Excessive | Vague | Total |
|-----------|--------|-------|-------------|-----------|-------|-------|
| 1 | 11 | | | | $1,637.00 | |
| 2 | 11 | | | | $594.00 | |
| 3 | 11 | | | | $396.00 | |
| 4 | 11 | | | | $198.00 | |
| 5 | 11 | | | | $1,683.00 | |
| 6 | 11 | | | | $198.00 | |
| 7 | 11 | | | | $1,287.00 | |
| 8 | 11 | | | | $297.00 | |
| 9 | 11 | | | | $99.00 | |
| **Total** | | **$0.00** | **$0.00** | **$0.00** | **$6,389.00** | **$6,389.00** |

12

**Fees incured from Complaint to initial MTD**

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Franklin Monsour Jr. | $700/ hour | 8 | $5,600.00 |
| **Total** | | | **$5,600.00** |

**Fees incured initial MTD to dismissal**

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Franklin Monsour Jr. | $700/ hour | 14.6 | $10,220.00 |
| **Total** | | | **$10,220.00** |

**Fees incured to date on sactions motion**

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Franklin Monsour Jr. | $700/ hour | 2.2 | $1,540.00 |
| **Total** | | | **$1,540.00** |

|  |  |
|---|---|
| **Total Fees Incurred** | $17,360.00 |
| **Total Objections** | $6,389.00 |
| **New Fees Incurred =** | $10,971.00 |

|  |  |
|---|---|
| **Exhibit B:** | $17,360.00 |
| **Exhibit C:** | $6,389.00 |
| **Total Fees Incurred =** | **$23,749.00** |
| **Total Objections** | $6,389.00 |
| **New Fees Incurred =** | **$17,360.00** |

Discrepancy in reporting of Fees Incurred.  Charts A, B, and C found on pages 2 and 3 which summarize fees associated with three different phases of the case shows **$6389** lower total fees than displayed in Exhibits B & C, which display a "true and correct copy of the hours worked by counsel for Mr. Danchenko."

13

# EXHIBIT 10

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Donald J. Trump,

        Plaintiff,

   v.

Hillary R. Clinton *et al.*,

        Defendants.

Civil Action No. 2:22-14102-DMM

## DECLARATION OF JOHN M. MCNICHOLS IN SUPPORT OF
## DEFENDANTS' MOTION FOR SANCTIONS AND FEES

I, John M. McNichols, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.      I am a partner at Williams & Connolly LLP ("W&C), counsel of record for Security Services LLC, d/b/a Neustar Security Services ("NSS"), a Defendant in the above captioned matter.

2.      W&C entered into a retention agreement with NSS in connection with the present litigation to serve as lead counsel. NSS agreed to pay all of W&C's costs, fees, and expenses incurred in connection with the present suit, and agreed to pay the firm's customary rates.

3.      Attached as Exhibit A are the law firm website biographies of the attorneys at W&C for whom NSS seeks attorneys' fees. The biographies reflect the professional qualifications of those attorneys.

4.      Attached as Exhibit B is a true and correct copy of the hours worked by counsel for NSS. NSS is not seeking reimbursement for the attorneys' customary hourly rates. Instead, NSS seeks fees at discounted hourly rate for the attorneys as described in Exhibit B and below. These discounted hourly rates are consistent with the rates this Court concluded were reasonable in *Celsius Holdings, Inc v. A SHOC Beverage, LLC*, No. 21-cv-80740, 2022 WL 3568042 (July 19,

1

2022).  Exhibit B also provides an accurate statement of the work provided by Greenberg Traurig during the periods for which discounted fees are sought.

5.      Attached as Exhibit C is the law firm website biography of the attorney at Greenberg Traurig for whom NSS seeks attorneys' fees.  The biography reflects the professional qualifications of that attorney.

6.      Greenberg Traurig also entered into a retention agreement with NSS in connection with the present litigation to serve as local counsel.  NSS agreed to pay all of Greenberg Traurig costs, fees, and expenses incurred in connection with the present suit, and agreed to pay the firm's customary rates.

7.      Consistent with the discussion in the Memorandum in Support of Sanctions and the information provided in Exhibit B, I summarize below in Charts A, B, and C the fees associated with three different phases of the case:  the fees incurred from the filing of the initial complaint to the filing of NSS's initial motion to dismiss; the fees incurred between the filing of NSS's motion to dismiss to the Court's order dismissing the suit; and the fees incurred to date in connection with the motion for sanctions.

8.      As reflected in Chart A, NSS incurred no fees during the first phase of the case.  NSS was not named a defendant until filing of the amended complaint and therefore incurred no fees.

**Chart A:  Fees incurred from Complaint to initial MTD**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| John M. McNichols | $700 | 0 | $0 |
| Kathryn E. Garza | $300 | 0 | $0 |
| Allison S. Eisen | $300 | 0 | $0 |
| James E. Gillenwater | $700 | 0 | $0 |

9.      As reflected in Chart B, the discounted fees incurred by NSS from the filing of NSS's initial motion to dismiss to this Court's dismissal of the suit total $50,950.

**Chart B:  Fees incurred initial MTD to dismissal**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| John M. McNichols | $700 | 37.2 | $26,040 |
| Kathryn E. Garza | $300 | 43.2 | $12,960 |
| Allison S. Eisen | $300 | 20 | $6,000 |
| James E. Gillenwater | $700 | 8.5 | $5,950 |

10.      As reflected in Chart C, the discounted fees incurred by NSS in connection with the motion for sanctions, to date, total $2,270.

**Chart C:  Fees incurred to date on sanctions motion**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| John M. McNichols | $700 | 2.6 | $1,820 |
| Kathryn E. Garza | $300 | 0 | $0 |
| Allison S. Eisen | $300 | 1.5 | $450 |
| James E. Gillenwater | $700 | | |

11.      I believe that the discounted rates claimed are reasonable given the professional qualifications of the billers as evidenced in Exhibit A and Exhibit C for the Southern District of Florida market and given the rates approved by this Court in *Celsius*.

12.      In connection with this case, counsel incurred necessary costs for electronic legal research.  I understand that courts in this Circuit have held that legal research costs are not ordinarily taxable as costs under 28 U.S.C. § 1920, but are properly considered a component of attorneys' fees.  *Springer v. Convergy's Corp.*, No. 3:03-CV-302-J-99MCR, 2006 WL 8439203, at *2 (M.D. Fla. July 7, 2006).  As such, in addition to the discounted fees set out above, NSS

requests an award of $327.98 incurred for electronic legal research.

13.    Consistent with local Rule 7.3, counsel sent the draft sanctions motion and draft supporting declarations to Plaintiff's counsel on October 5, 2022.  Defendants met and conferred in good faith with Plaintiff's counsel by Microsoft Teams twice, on October 13 and October 26, 2022, but were unable to reach any agreement as to either the Defendants' entitlement to or the amount of fees and expenses not taxable under 28 U.S.C. §1920 that are recoverable from Plaintiff and/or his counsel.

 /s/ *John M. McNichols*
John M. McNichols
October 27, 2022

# EXHIBIT A



# John McNichols

**Partner**
jmcnichols@wc.com
D 202-434-5043

**Education**
- University of Michigan Law School, J.D., cum laude, 2003: Executive Note Editor, Michigan Law Review; Semifinalist, Campbell Moot Court Competition
- Yale University, B.A., 2000

**Practice Focus**
- Civil Litigation and Trial Practice
- Commercial Litigation
- Criminal Defense and Government Investigations
- Unfair Competition, Trade Secrets and Restrictive Covenants

**Recognitions**
- AV Preeminent Peer Review Rated by Martindale-Hubbell

**Admissions**
- Virginia
- District of Columbia
- Maryland
- United States Supreme Court
- United States Court of Appeals for the District of Columbia, First, Third, Fourth, Ninth, and Federal Circuits
- United States District Court for the Eastern District of Virginia, District of Maryland, District of Columbia, and District of Colorado
- United States Court of Federal Claims

John McNichols focuses his practice in trial litigation, with emphasis in trade secret disputes involving technology companies. John has multiple clients in the Dulles Technology Corridor, including Appian Corporation and Neustar Security Services. He has tried multiple civil cases in both state and federal court, representing both plaintiffs and defendants. Outside of his civil trial practice, John has also represented criminal defendants in multiple matters, including a recent conspiracy trial in federal court in Maryland resulting in a jury acquittal.

John is an Adjunct Professor of Evidence at the Antonin Scalia Law School at George Mason University, and an Associate Editor of *Litigation News*, where he writes the quarterly column on technology and the law. Before joining Williams & Connolly in 2005, he clerked for a year for Judge T. S. Ellis III of the U.S. District Court for the Eastern District of Virginia. John is also a former noncommissioned officer of the U.S. Army Special Forces.

## Representative Experience

Though all cases vary and none is predictive, John's experience includes:

- A three-week securities fraud bench trial in federal court in Delaware
- A one-week federal criminal trial on behalf of an insurance agent accused of fraud and money laundering
- A one-week federal criminal conspiracy trial premised on identity theft and automobile theft
- A one-week federal criminal conspiracy trial based on alleged fraudulent payroll claims against an insurance company
- A one-week civil trial in Virginia state court defending a military contractor against claims of unlawful termination
- A one-week commercial arbitration between an international lodging company and one of its franchisees
- A one-week commercial arbitration concerning a residential building contract

- Two commercial arbitrations between an international media company and its exclusive trademark licensee

## Resources

**Publications**

- *How Do You Cross-Examine Siri If You Think She's Lying?*, March 2022

- *John McNichols Authors Article Explaining New Notice Standard for FLSA Collective Actions*, November 2021

- *John McNichols Authors Article Discussing Non-Fungible Tokens ("NFTs")*, November 2021

- *John McNichols Authors Article "Cryptocurrency: The Coin of the Future?"*, August 2021

- *Keeping One's Public Face Private*, June 2021

- *New Ethics Advice on Working from Home in a Pandemic*, June 2021

- *John McNichols Authors ABA's Litigation News Article: "Evidence of Juror Dishonesty Requires Evidentiary Hearing"*, January 2021

- *John McNichols Authors Article for ABA's Litigation News: "Law Firm Not Liable to Adverse Party for Groundless Suit"*, December 2020

- *Delaware's Daubert Standards for Toxic Tort Cases: An Issue of Nationwide Importance* , July 2020

- *John McNichols Authors Article on New Notice Standard Established in FLSA Collective Actions*, July 2020

- *New Ethics Advice on Working from Home in Pandemic*, July 2020

- *Best Practices in Veteran Hiring: Balancing Employer Risks and Goals with Applicant Rights*, May 2020

- *John McNichols Authors Article on Heightened Pleading Standards for Anonymous Online Activity*, April 2020

- *John McNichols Authors "First Amendment Bars Non-disparagement Clause in Settlement"*, December 2019

- *Transforming Veteran Hiring: The Legal Implications of the Defense Department's "Skillbridge" Program*, October 2019

- *John McNichols and Joshua Tully Co-Author "Tips for Using the Foundational Voir Dire"*, May 2019

**Presentations**

- *Extraterritorial Application of U.S. Law under the Defend Trade Secrets Act*, September 2016

- *John McNichols and Chris Geyer Speak on Panel Hosted by the Federal Circuit Bar Association*, September 2016

- *Current Issues in D&O Liability & Insurance 2016*, May 2016



# Kathryn E. Garza

Associate
kgarza@wc.com
D 404-343-5722

**Education**

- The University of Texas School of Law, J.D., with honors, 2020: Texas Law Review, Member

- The University of Texas, B.A., 2015

**Admissions**

- District of Columbia

Kathryn received her Juris Doctor from the University of Texas School of Law, graduating with honors. After law school, Kathryn clerked for Judge Randy Crane of the United States District Court for the Southern District of Texas. Prior to law school, she spent three sessions working at the Texas House of Representatives. Kathryn is passionate about mentorship and serves on the board of Law Clerks for Diversity.

## Publications:

(Note) *Qui Tam Tension: The Appropriate Standard of Review in Government-Requested FCA Dismissals, Texas Law Review*



# Allison Eisen

Associate
aeisen@wc.com
D 202-434-5354

**Education & Honors**

- New York University School of Law, J.D., *cum laude*, 2018; AnBryce Scholar; Articles Editor, *New York University Law Review*

- Duke University, B.A., 2015

**Bar & Court Admissions**

- New York

- United States District Court for the Southern District of New York and for the Eastern District of New York

**Government Experience**

- Law Clerk, Judge Ann M. Donnelly, United States District Court for the Eastern District of New York, 2020-2021

**Limitations**

Admitted in New York. Practice in the District of Columbia supervised by members of the D.C. Bar as required by D.C. App. R. 49(c)(8).

# EXHIBIT B

| | Date | Timekeeper | Discount Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|---|
| | 06/06/22 | GARZA, KATHRYN E. | $300.00 | 0.50 | $150.00 | Call with M. Mestitz (Clinton Counsel) re: Trump v. Clinton update; attend weekly meeting. |
| | 06/15/22 | GARZA, KATHRYN E. | $300.00 | 0.50 | $150.00 | Attend Trump v. Clinton common interest call. |
| | 06/21/22 | GARZA, KATHRYN E. | $300.00 | 0.50 | $150.00 | Review amended complaint in Trump v. Clinton; circulate to client. |
| B | 06/22/22 | GARZA, KATHRYN E. | $300.00 | 3.40 | $1,020.00 | Review Trump v. Clinton amended complaint; prepare for weekly huddle; attend weekly huddle; perform follow up assignments. |
| B | 06/23/22 | GARZA, KATHRYN E. | $300.00 | 3.60 | $1,080.00 | Circulate summary of amended complaint; correspond re: Trump v. Clinton motion to dismiss organization; participate in joint defense group call; prepare for and participate in call with Neustar defendants to coordinate motion to dismiss drafting. |
| | 06/24/22 | GARZA, KATHRYN E. | $300.00 | 2.90 | $870.00 | Draft motion to dismiss portions assigned to Neustar defendants. |
| | 06/26/22 | GARZA, KATHRYN E. | $300.00 | 1.00 | $300.00 | Draft section of motion to dismiss for Trump v. Clinton case. |
| B | 06/27/22 | EISEN, ALLISON S. | $300.00 | 2.30 | $690.00 | Edit motion to dismiss section; draft language for insurer; attend call with K. Hughes and J. McNichols. |
| | 06/27/22 | GARZA, KATHRYN E. | $300.00 | 1.20 | $360.00 | Revise motion to dismiss section. |
| D | 06/28/22 | EISEN, ALLISON S. | $300.00 | 2.50 | $750.00 | Draft motion to dismiss and discuss with team. |
| D | 06/28/22 | GARZA, KATHRYN E. | $300.00 | 2.80 | $840.00 | Discuss motion to dismiss draft with A. Eisen; meeting with A. Eisen and J. McNichols to discuss draft motion. |
| B | 06/28/22 | MCNICHOLS, JOHN M. | $700.00 | 5.00 | $3,500.00 | Review Trump amended complaint; review previous motions practice; review draft portion of motion to dismiss Trump amended complaint; discussion with A. Eisen re: draft motion to dismiss. |
| D | 06/29/22 | EISEN, ALLISON S. | $300.00 | 3.00 | $900.00 | Draft motion to dismiss and discuss with team; attend team huddle. |
| B | 06/29/22 | GARZA, KATHRYN E. | $300.00 | 1.70 | $510.00 | Revise motion to dismiss section; attend team meeting; participate in weekly huddle. |
| B | 06/29/22 | MCNICHOLS, JOHN M. | $700.00 | 3.80 | $2,660.00 | Review Trump amended complaint; revise motion to dismiss; review previous motions practice; legal research on federal statutory claims; attend status teleconference with comms team. |
| | 06/30/22 | GARZA, KATHRYN E. | $300.00 | 1.80 | $540.00 | Revise motion to dismiss section; meeting with J. McNichols to review edits to motion to dismiss. |
| B | 06/30/22 | MCNICHOLS, JOHN M. | $700.00 | 3.30 | $2,310.00 | Revise draft motion to dismiss; discussion with K. Garza re: same; discussion to D. Kendall (Clinton Counsel) re: arguments about DNS data; emails with S. Southall (TransUnion counsel) re: Trump amended complaint and motion to dismiss; review comments on draft. |
| D | 07/01/2022 | EISEN, ALLISON S. | $300.00 | 2.00 | $600.00 | Edit motion to dismiss section and discuss with W&C team. |
| D, E | 07/01/2022 | GARZA, KATHRYN E. | $300.00 | 6.30 | $1,890.00 | Revise motion to dismiss section. |
| | 07/01/2022 | GARZA, KATHRYN E. | $300.00 | 0.50 | $150.00 | Participate in joint defense call. |
| B | 07/01/2022 | MCNICHOLS, JOHN M. | $700.00 | 1.60 | $1,120.00 | Emails and Zoom call with defense group re: extension request; teleconference with A. Eisen and K. Garza re: next steps; revise draft motion to dismiss; emails with D. Kendall re: arguments about DNS data; emails with R. Joffe counsel and TransUnion counsel re: motion to dismiss. |
| D | 07/05/2022 | EISEN, ALLISON S. | $300.00 | 1.00 | $300.00 | Edit motion to dismiss section and discuss with W&C team. |

USCA11 Case: 23-13177    Document: 114-3    Date Filed: 06/10/2024    Page: 609 of 704

| | Date | Timekeeper | Discount Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|---|
| D | 07/05/2022 | GARZA, KATHRYN E. | $300.00 | 3.00 | $900.00 | Participate in joint defense group call; revise motion to dismiss section. |
| | 07/05/2022 | MCNICHOLS, JOHN M. | $700.00 | 0.90 | $630.00 | Teleconference with defense group; emails with Clinton counsel re: draft of section on statutory claims; calls with K. Garza and A. Eisen re: drafting of motion to dismiss; emails with J. Gillenwater (Greenberg Traurig) re: local counsel representation in Southern District of Florida; emails with Neustar counsel (S. Southall) re: Neustar v. NSS as proper defendant and argument in common brief. |
| B | 07/06/2022 | EISEN, ALLISON S. | $300.00 | 2.2 | $660.00 | Send draft motion to dismiss to client; draft and send signature block to joint defense group; attend team huddle; further edit draft motion to dismiss. |
| | 07/06/2022 | GARZA, KATHRYN E. | $300.00 | 1.8 | $540.00 | Attend weekly huddle; revise motion to dismiss to incorporate S. Southall's edits. |
| | 07/06/2022 | MCNICHOLS, JOHN M. | $700.00 | 0.40 | $280.00 | Teleconference with comms group re: status of Trump v Clinton lawsuit; review draft motion briefing and edits from TransUnion counsel and Joffe counsel; emails with K. Hughes re: same; emails with K. Garza re: edits to motion briefing. |
| E | 7/7/2022 | EISEN, ALLISON S. | $300.00 | 1 | $300.00 | Edit NSS portion of motion to dismiss. |
| | 7/7/2022 | GARZA, KATHRYN E. | $300.00 | 2.8 | $840.00 | Revise motion to dismiss section; correspond with JDG counsel. |
| D | 7/7/2022 | MCNICHOLS, JOHN M. | $700.00 | 2.8 | $1,960.00 | Emails and discussions with K. Garza re: motion briefing; review and revise draft section of motion to dismiss; emails with Neustar defendants' group re: same. |
| D | 7/8/2022 | MCNICHOLS, JOHN M. | $700.00 | 1.3 | $910.00 | Emails regarding motion to enlarge page limit on motion to dismiss; review draft motion to enlarge; call with S. Southall re: Neustar v. NSS and common briefing; emails with Perkins Coie counsel (N. Hart) re: common briefing. |
| | 7/9/2022 | MCNICHOLS, JOHN M. | $700.00 | 0.9 | $630.00 | Review entire draft motion to dismiss prepared by Perkins counsel; emails with Kate Moran (Gibson Dunn) re: same. |
| D | 7/11/2022 | EISEN, ALLISON S. | $300.00 | 1.5 | $450.00 | Edit motion to dismiss section and discuss with W&C team. |
| B | 7/11/2022 | GARZA, KATHRYN E. | $300.00 | 3.6 | $1,080.00 | Review motion to dismiss draft; revise defendant-specific motion to dismiss section; correspond re the same; circulate the same to K. Meeks. |
| B | 7/11/2022 | MCNICHOLS, JOHN M. | $700.00 | 1 | $700.00 | Review revised draft motion to dismiss; emails with Kate Moran (Gibson Dunn) re: sames; emails and teleconference with K. Garza and A. Eisen re: edits to draft motion; call with S. Southall re: Neustar section on motion to dismiss; emails regarding pro hac vice applications. |
| | 7/12/2022 | EISEN, ALLISON S. | $300.00 | 0.30 | $90.00 | Review DNS statements in joint motion to dismiss. |
| | 7/12/2022 | GARZA, KATHRYN E. | $300.00 | 1.00 | $300.00 | Rewiew motion to dismiss draft; circulate thoughts and edits. |
| | 7/12/2022 | MCNICHOLS, JOHN M. | $700.00 | 0.80 | $560.00 | Emails with Kate Moran (Gibson Dunn) and K. Garza re: revisions to draft motion to dismiss and "shotgun pleading" argument; emails with J. Gillenwater re: pro hac vice applications; email with paralegal (A. McDonough) re: new filings in Trump matter; emails with K. Hughes re: attorneys' fee issue; emails with Joffe team and A. Eisen re: DNS data being publicly available in response to K. Moran inquiry; emails with Trump counsel P. Ticktin re: pre-trial schedule. |
| | 7/13/2022 | EISEN, ALLISON S. | $300.00 | 0.50 | $150.00 | Attend team huddle. |
| | 7/13/2022 | GARZA, KATHRYN E. | $300.00 | 0.60 | $180.00 | Attend weekly team huddle. |
| | 7/13/2022 | GARZA, KATHRYN E. | $300.00 | 0.20 | $60.00 | Circulate invite for meet and confer re: scheduling report. |

| Date | Timekeeper | Discount Rate | Time | Amount Claimed | Description |
|------|-----------|---------------|------|----------------|-------------|
| 7/13/2022 | MCNICHOLS, JOHN M. | $700.00 | 1.10 | $770.00 | Emails with K. Garza and Joffe team re: public availability of DNS data; emails with Clinton counsel and Trump counsel re: scheduling order; weekly teleconference with comms team re: developments in case; call with S. Southall (TU counsel) re: litigation hold; emails with K. Hughes re: same. |
| 7/14/2022 | GARZA, KATHRYN E. | $300.00 | 2.30 | $690.00 | Review motion to dismiss for grammatical errors. |
| 7/14/2022 | MCNICHOLS, JOHN M. | $700.00 | 0.10 | $70.00 | Emails with Clinton counsel re: meet and confer with Trump counsel. |
| 7/15/2022 | EISEN, ALLISON S. | $300.00 | 0.50 | $150.00 | Prepare for and attend meet and confer with Trump counsel. |
| 7/15/2022 | GARZA, KATHRYN E. | $300.00 | 0.50 | $150.00 | Attend meet and confer re: scheduling report. |
| 7/15/2022 | MCNICHOLS, JOHN M. | $700.00 | 0.50 | $350.00 | Discussion with K. Garza re: meet and confer with Trump counsel re: moving trial date |
| 7/20/2022 | EISEN, ALLISON S. | $300.00 | 0.1 | $30.00 | Attend team huddle. |
| 7/21/2022 | MCNICHOLS, JOHN M. | $700.00 | 0.2 | $140.00 | Emails regarding Trump motion for extension of time and order by Judge Middlebrooks; emails regarding Trump filing of motion to continue; email from court resetting deadlines on pending motions. |
| 7/22/2022 | MCNICHOLS, JOHN M. | $700.00 | 0.1 | $70.00 | Emails regarding order on motion to substitute parties by United States of America. |
| 7/25/2022 | MCNICHOLS, JOHN M. | $700.00 | 0.1 | $70.00 | Call with J. Gillenwater re: representation of Christopher Steele; emails with K. Hughes re: same. |
| 7/26/2022 | GARZA, KATHRYN E. | $300.00 | 0.3 | $90.00 | Attend joint defense group meeting; circulate summary to team. |
| 7/26/2022 | MCNICHOLS, JOHN M. | $700.00 | 0.3 | $210.00 | Attend defense group teleconference; emails regarding defense group plan for reply brief. |
| 08/05/2022 | GARZA, KATHRYN E. | $300.00 | 0.40 | $120.00 | Attend joint defense group call. |
| 08/05/2022 | MCNICHOLS, JOHN M. | $700.00 | 3.70 | $2,590.00 | Review Trump opposition to motion to dismiss; emails with K. Hughes and M. Rodkin re: same; draft summary; emails and telephone call with TransUnion counsel re: same; defense group teleconference re: reply brief; emails with Clinton counsel re: same; review draft motion for page limit extension; draft reply brief;  review motion for extension of time by USA. |
| 08/06/2022 | MCNICHOLS, JOHN M. | $700.00 | 4.30 | $3,010.00 | Review order on government request for extension of time; draft reply brief on DNS data; review case law cited in Trump opposition. |
| 08/08/2022 | MCNICHOLS, JOHN M. | $700.00 | 0.10 | $70.00 | Emails regarding draft reply brief. |
| 08/09/2022 | MCNICHOLS, JOHN M. | $700.00 | 1.80 | $1,260.00 | Review draft of DNS data section of reply brief in support of motion to dismiss; emails regarding draft reply brief; review complete draft reply brief; emails with Clinton counsel re: same; review order granting page limit extension; emails with K. Hughes and M. Rodman re: draft reply brief; review Judge Middlebrooks' order on Orbis Business Intelligence's request for an extension of time to answer. |
| 08/10/2022 | EISEN, ALLISON S. | $300.00 | 0.50 | $150.00 | Review of reply brief; attend joint defense call. |
| 08/10/2022 | MCNICHOLS, JOHN M. | $700.00 | 0.30 | $210.00 | Conference call with defense group re: draft reply brief; review draft reply brief; emails with J. Gillenwater re: potential authorities for argument on trade secret claim; emails with K. Hughes re: entity name in briefing. |
| 08/11/2022 | EISEN, ALLISON S. | $300.00 | 1.20 | $360.00 | Proofread and finalized reply brief. |

B
E
B
B
B

USCA11 Case: 23-13177    Document: 114-3    Date Filed: 06/10/2024    Page: 611 of 704

| Date | Timekeeper | Discount Rate | Time | Amount Claimed | Description |
|---|---|---|---|---|---|
| 08/11/2022 | MCNICHOLS, JOHN M. | $700.00 | 1.10 | $770.00 | Review proposed final draft of reply brief in support of motion to dismiss Trump lawsuit; review new filings by co-defendants. |
| 08/18/2022 | MCNICHOLS, JOHN M. | $700.00 | 0.10 | $70.00 | Review motion to substitute party; review order from Judge Middlebrooks granting motion in part. |
| 08/22/2022 | MCNICHOLS, JOHN M. | $700.00 | 0.10 | $70.00 | Emails with K. Hughes re: status of case and forthcoming rulings. |
| 08/26/2022 | EISEN, ALLISON S. | $300.00 | 0.70 | $210.00 | Draft update on lawsuit for insurer. |
| 08/26/2022 | MCNICHOLS, JOHN M. | $700.00 | 0.70 | $490.00 | Emails with Kevin on Trump lawsuit; review summary of lawsuit by A. Eisen. |
| 08/27/2022 | EISEN, ALLISON S. | $300.00 | 0.70 | $210.00 | Edit update on lawsuit for insurer. |
| 08/27/2022 | MCNICHOLS, JOHN M. | $700.00 | 0.80 | $560.00 | Revise summary of Trump lawsuit; emails with Allie re: same. |
| 7/5/2022 | GILLENWATER, JAMES E. | $700.00 | 0.60 | $420.00 | Reviewed amended complaint and correspondence with team re: motion to dismiss. |
| 7/8/2022 | GILLENWATER, JAMES E. | $700.00 | 0.20 | $140.00 | Filed notice of appearance. |
| 7/11/2022 | GILLENWATER, JAMES E. | $700.00 | 0.70 | $490.00 | Prepared pro hac vice motions and correspondence with W &C re: same. |
| 7/12/2022 | GILLENWATER, JAMES E. | $700.00 | 1.10 | $770.00 | Prepared and filed pro hac vice motions and proposed orders and correspondence with court re: same; reviewed draft motion to dismiss. |
| 7/13/2022 | GILLENWATER, JAMES E. | $700.00 | 1.90 | $1,330.00 | Reviewed draft motion to dismiss and correspondence with W &C re: same. |
| 7/26/2022 | GILLENWATER, JAMES E. | $700.00 | 0.30 | $210.00 | Team call to discuss reply in support of motion to dismiss. |
| 8/5/2022 | GILLENWATER, JAMES E. | $700.00 | 1.20 | $840.00 | Reviewed Plaintiffs opposition to motion to dismiss and call with team to discuss reply. |
| 8/9/2022 | GILLENWATER, JAMES E. | $700.00 | 0.60 | $420.00 | Reviewed opposition to motion to dismiss and reviewed reply issues. |
| 8/10/2022 | GILLENWATER, JAMES E. | $700.00 | 1.50 | $1,050.00 | Reviewed draft reply and provided comments re: same. |
| 8/11/2022 | GILLENWATER, JAMES E. | $700.00 | 0.40 | $280.00 | Reviewed final draft reply. |

D

# EXHIBIT C

 GreenbergTraurig

# James E. Gillenwater

SHAREHOLDER
gillenwaterj@gtlaw.com

MIAMI
D +1 305.579.0767
T +1 305.579.0500



James Gillenwater has represented clients such as Fortune 500 companies, world leaders, and Olympians in high-stakes international disputes, including trials and arbitrations. His litigation experience spans commercial and securities class actions, business disputes, intellectual property matters, and products liability cases. James has also handled complex white collar investigations and regulatory matters such as OFAC delistings and INTERPOL red notice cancellations. James's international representations focus on Latin America, and have involved Argentina, Bolivia, China, Colombia, the Dominican Republic, Guatemala, Haiti, Mexico, Panama, Spain, South Korea, Switzerland, Turkey, the United Kingdom, and Venezuela.

James has wide-ranging motion practice experience and has authored briefs for the U.S. Supreme Court, federal appellate and district courts, state courts, and a variety of government agencies. He has tried cases in both federal and state court and argued before courts across the country, including the U.S. Court of Appeals for the D.C. Circuit.

## Capabilities

Litigation  |  Class Action Litigation  |  Commercial Litigation  |  International Arbitration & Litigation  |  Intellectual Property Litigation  |  Equine Industry Group

## Experience

### Representative Matters

- Won dismissal of civil RICO and theft of trade secrets lawsuit filed by former U.S. President on behalf of an American tech company. *See* Law360, <u>Trump's RICO Suit Against Clinton Dismissed As 'Manifesto'</u>; Law.com, <u>Judge Trashes Trump's RICO Lawsuit Against Hillary Clinton, Perkins Coie</u>.

- Won dismissal of a $75 million putative fraud class action on behalf of a U.K. digital payment company. *See* Law360, <u>UK Payments Co. Escapes Claims It Aided $75M Forex Fraud.</u>

- Argued and won summary judgment on behalf of a Chinese circuit board manufacturer in a multimillion-dollar international trademark infringement lawsuit. *See Shenzhen Kinwong Elec. Co. v. Kukreja*, 574 F. Supp. 3d 1191, 1195 (S.D. Fla. 2021).

18

© 2022 Greenberg Traurig, LLP

**GT** GreenbergTraurig                                                James E. Gillenwater

- Secured suspension of INTERPOL Red Notice and release of client wrongfully imprisoned in Turkey in connection with the assassination of Haitian president. *See* Greenberg Traurig Secures Samir Handal's Release from Turkish Prison and His Return to United States.

- Represented a Chinese tech company in a two-week breach of contract trial, precluding the plaintiff from recovering more than 99% of the damages sought, for which James's trial team was named 2019's most effective international litigators by the *Daily Business Review*. *See also* Law360, *11th Circ. Won't Touch Damages In Electronics Sale Suit.*

- Obtained dismissal of a federal securities fraud action against a national health care administration company. *See* Law360, "'Boilerplate' Mednax Stock Drop Suit Dismissed," and "Mednax Wins Ax Of Investors' Securities Suit."

- Secured dismissal of a consumer class action against an international resort operator on *forum non conveniens*. *See* Law360, "Suit Over Sandals' Fake Local Taxes Dismissed By Fla. Court."

- Argued and won numerous dispositive motions on behalf of a major transportation network company.

- Represented the former president and defense minister of a Latin American country in a month-long federal trial.°

- Obtained a seven-figure settlement in a federal breach of contract lawsuit on behalf of a Spanish agrochemical company.

- Represented professional soccer and rugby teams and athletes in antitrust actions, anti-doping cases, and disciplinary hearings before federal courts, judicial officers, and arbitral bodies, including the Court of Arbitration for Sport.

- Won dismissal of civil RICO and tort claims against a Latin American bank and its directors.°

- Achieved resolution of a series of mass tort cases for an international energy company.°

- Obtained dismissal of a federal securities fraud action against a major telecommunications company.°

- Navigated a DOJ Swiss bank investigation, ensuring the non-prosecution of a former executive.°

- Secured multiple OFAC sanctions delistings.°

°*The above representations were handled by Mr. Gillenwater prior to his joining Greenberg Traurig, P.A.*

## Recognition & Leadership

### Awards & Accolades

- Listed, *The Best Lawyers in America*, "Ones to Watch," Litigation - Securities, 2021-2022

- Listed, *Benchmark Litigation*, "40 & Under Hot List," 2022

- Listed, U.S. District Court for the Southern District of Florida, "Pro Bono Honor Roll," 2021

- *Law360*, "Legal Lion," 2020

- *Daily Business Review*, member of "Most Effective," International Litigation team, 2019

**GT** GreenbergTraurig                                      James E. Gillenwater

- *Law360*, "Legal Lion," 2018

- Capital Pro Bono High Honor Roll, 2015

### Professional & Community Involvement

- World Rugby Judicial Panelist, 2017-2018

- Athlete Representative, United States Olympic Committee Athletes' Advisory Council, 2010-2016

- United States National Rugby 7s Team

  - Player, 2006-2009; Captain, 2009

- Co-Founder, United States Rugby Players Association, 2016

- Albert Schweitzer Fellow, Durham, North Carolina, 2010-2011

- Fulbright Scholar, English Teaching Assistant, La Universidad Nacional de la Pampa, Santa Rosa, Argentina, 2007

## Credentials

### Education

- J.D., *magna cum laude*, Duke University School of Law, 2012

  - Order of the Coif

  - Note Editor, *Duke Law Journal*

  - Justin Miller Award for Citizenship

- B.S., *summa cum laude*, Vanderbilt University, 2005

### Clerkships

- U.S. District Court for the District of Connecticut

### Admissions

- Florida

- New York

- District of Columbia

- U.S. District Court for the Southern District of Florida

- U.S. District Court for the Eastern District of New York

- U.S. Court of Appeals for the District of Columbia Circuit

- U.S. Court of Appeals for the Eleventh Circuit

© 2022 Greenberg Traurig, LLP

**GT** GreenbergTraurig                                             James E. Gillenwater

## Languages

- Spanish, Fluent

- French, Fluent


## News, Insights & Events

August 05, 2022   PRESS RELEASE

**Greenberg Traurig Secures Samir Handal's Release from Turkish Prison and His Return to United States**

21

Objection Breakdown: NSS

| Entry No. | Page # | Block | Duplicative | Excessive | Vague | Total |
|---|---|---|---|---|---|---|
| 1 | 13 | $1,020.00 | | | | |
| 2 | 13 | $1,080.00 | | | | |
| 3 | 13 | $690.00 | | | | |
| 4 | 13 | | $750.00 | | | |
| 5 | 13 | | $840.00 | | | |
| 6 | 13 | $3,500.00 | | | | |
| 7 | 13 | $510.00 | | | | |
| 8 | 13 | $2,660.00 | | | | |
| 9 | 13 | $2,310.00 | | | | |
| 10 | 13 | | $600.00 | | | |
| 11 | 13 | | $1,890.00 | | | |
| 12 | 13 | $1,120.00 | | | | |
| 13 | 13 | $300.00 | | | | |
| 14 | 14 | | $900.00 | | | |
| 15 | 14 | $660.00 | | | | |
| 16 | 14 | | | $840.00 | | |
| 17 | 14 | | $1,960.00 | | | |
| 18 | 14 | | $910.00 | | | |
| 19 | 14 | | $450.00 | | | |
| 20 | 14 | $1,080.00 | | | | |
| 21 | 14 | $700.00 | | | | |
| 22 | 15 | $770.00 | | | | |
| 23 | 15 | | | $690.00 | | |
| 24 | 15 | $2,590.00 | | | | |
| 25 | 15 | $3,010.00 | | | | |
| 26 | 15 | $1,260.00 | | | | |
| 27 | 16 | | $840.00 | | | |
| **Total** | | **$23,260.00** | **$9,140.00** | **$1,530.00** | **$0.00** | **$33,930.00** |

**Fees incured from Complaint to initial MTD**

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| John M. McNichols | $700/ hour | 0 | $0.00 |
| Kathryn E. Garza | $300/ hour | 0 | $0.00 |
| Allison S. Eisen | $300/ hour | 0 | $0.00 |
| James E. Gillenwater | $700/ hour | 0 | $0.00 |
| **Total** | | | **$0.00** |

**Fees incured initial MTD to dismissal**

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| John M. McNichols | $700/ hour | 37.2 | $26,040.00 |
| Kathryn E. Garza | $300/ hour | 43.2 | $12,960.00 |
| Allison S. Eisen | $300/ hour | 20 | $6,000.00 |
| James E. Gillenwater | $700/ hour | 8.5 | $5,950.00 |
| **Total** | | | **$50,950.00** |

**Fees incured to date on sactions motion**

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| John M. McNichols | $700/ hour | 2.6 | $1,820.00 |
| Kathryn E. Garza | $300/ hour | 0 | $0.00 |
| Allison S. Eisen | $300/ hour | 1.5 | $450.00 |
| James E. Gillenwater | $700/ hour | | |
| **Total** | | | **$2,270.00** |

| | | |
|---|---|---|
| **Total Fees Incurred** | $53,220.00 |
| **Total Objections** | $33,930.00 |
| **New Fees Incurred =** | $19,290.00 |

| | | |
|---|---|---|
| **Exhibit B:** | $50,950.00 |
| **Total Fees Incurred =** | **$50,950.00** |
| **Total Objections** | $33,930.00 |
| **New Fees Incurred =** | $17,020.00 |

Discrepancy in the reporting of Fees Incurred. Charts A, B, and C found on pages 2 and 3 which summarize fees associated with three different phases of the case show **$2270** higher total fees than displayed in Exhibits B & D, which display a "true and correct copy of the hours worked by counsel for NSS."

# EXHIBIT 11

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Donald J. Trump,

               Plaintiff,

    v.

Hillary R. Clinton, *et al.*,

               Defendants.

Civil Action No. 2:22-14102-DMM

## DECLARATION OF STEVEN A. TYRRELL IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS AND FEES

I, Steven A. Tyrrell, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.      I am a partner at Weil Gotshal & Manges LLP ("Weil"), counsel of record for Rodney Joffe in the above-captioned matter.

2.      Prior to Plaintiff's filing of the above-captioned action in this District, I represented Joffe in other matters related to the same factual scenario that form the basis of Plaintiff's claims in this case. These include *United States of America v. Michael A. Sussmann*, Case No. 21-cr-582 (CRC) (D.D.C.), and *AO Alfa-Bank v. John Doe, et al.*, Civil Action No. 2021-10014165 (Fairfax Cnty. Cir. Ct.), which were pending in the District of Columbia and Virginia, respectively. Over the course of my representation of Joffe, which consisted of a substantial amount of work, I developed a detailed factual understanding of the underlying events, including highly-technical aspects of cyber security and DNS data. This knowledge was useful in developing responses to Plaintiff's claims in this matter, and allowed me to do so in an efficient matter.

3.      After Plaintiff filed his case in this District, I obtained the assistance of other Weil attorneys to assist in responding to the complaint and amended complaint. Attached as <u>Exhibit A</u>

1

are the law firm website biographies of the attorneys at Weil for whom Joffe seeks attorneys' fees. The biographies reflect the professional qualifications of those attorneys. We were also assisted by a Senior Litigation Paralegal at Weil, Ann Merlin.

4.      Weil entered into a retention agreement with Joffe in connection with the present litigation. Joffe agreed to pay all of Weil's costs, fees, and expenses incurred in connection with the present suit, and agreed to pay the firm's customary rates[1] (less a 10% discount), which for this matter are $1,435.50, $1,080, and $756 per hour for attorneys, respectively, and $387 for senior paralegals.[2]

5.      Attached as <u>Exhibit B</u> is a true and correct copy of the hours worked by counsel for Joffe. Joffe is seeking reimbursement for the attorneys' customary hourly rates described in Paragraph 3. <u>Exhibit B</u> also provides an accurate statement of the work provided by Weil during the periods for which fees are sought.

6.      Consistent with the discussion in the Memorandum in Support of Sanctions and the

---

[1] Joffe requests reimbursement at his counsel's ordinary non-local rates. Courts within this District and the Eleventh Circuit have recognized that out-of-market rates are appropriate where "use of an attorney from a higher-rate market who had extensive prior experience with a particular factual situation could be justified because of efficiencies resulting from that prior experience." *Achva Vahava, LLC v. Anglo Irish Bank Corp. PLC*, No. 10-80649-CIV, 2012 WL 13015034, at *3 (S.D. Fla. Aug. 2, 2012) (quoting *Am. Civil Liberties v. Barnes*, 168 F.3d 423, 438 (11th Cir. 1999)). This is precisely that case. As explained in this declaration, Mr. Tyrrell has represented Joffe in multiple other matters regarding the same factual situation that forms the basis of Plaintiff's claims. As such, non-local rates are warranted given counsel's experience with the particular factual situation and that it "represented the same client[ ] in other related litigation." *Rogers v. Nacchio*, 2007 WL 1064314, at *6 (S.D. Fla. Apr. 6, 2007). To do otherwise, particularly where Joffe had a meritorious personal jurisdiction defense, would "force [Joffe] to abandon [his] usual counsel, or require counsel to reduce their customary fees, simply because the lawsuit was filed in the Southern District of Florida." *Id.* at *8; *see also Tiara Condo. Ass'n, Inc. v. Marsh USA, Inc.*, 697 F. Supp. 2d 1349, 1363 (S.D. Fla. 2010) (awarding "New York City rates" given firm's prior representation of client and "amount of time and work the firm had already invested"). Further, the requested rates are reasonable because counsel exercised billing judgment and completed work in an efficient manner, leveraging Mr. Tyrrell's prior experience. *See* <u>Exhibit B</u>. Weil's rates are typical of those charged by large New York-based law firms. *See, e.g., Angelo, Gordon & Co., L.P. v. MTE Holdings, LLC*, No. 20 MISC. 23, 2021 WL 1353756, at *3 (S.D.N.Y. Apr. 12, 2021).

[2] Note that annual class year changes for Weil associates are effective as of the first of September. Thus, as of September 1, 2022, the associate rate for Leah Saiontz rose to $882.

2

information provided in <u>Exhibit B</u>, I summarize below in Charts A, B, and C the fees associated with three different phases of the case: the fees incurred from the filing of the initial complaint up to the filing of Joffe's initial motion to dismiss; the fees incurred between the filing of Joffe's motion to dismiss up to the Court's order dismissing the suit; and the fees incurred to date in connection with the motion for sanctions.

      7.      As reflected in Chart A, the fees incurred by Joffe from the filing of the initial complaint up to the filing of Joffe's initial motion to dismiss total $81,734.85.

      8.      As reflected in Chart B, the fees incurred by Joffe from the filing of Joffe's initial motion to dismiss up to this Court's dismissal of the suit total $118,568.90.

      9.      As reflected in Chart C, the fees incurred by Joffe in connection with the motion for sanctions, to date, total $25,434.90.

## Chart A: Fees incurred from Complaint to initial MTD

| Timekeeper | Hours | Fees |
|---|---|---|
| Steven A. Tyrrell | 15.9 | $22,824.45 |
| Edward Soto | 1 | $1,435.50 |
| Brian Liegel | 27.3 | $29,484.00 |
| Leah Saiontz | 33.8 | $25,552.80 |
| Ann Merlin (Senior Paralegal) | 6.3 | $2,438.10 |

3

**Chart B:  Fees incurred initial MTD to dismissal**

| Timekeeper | Hours | Fees |
|---|---|---|
| Steven A. Tyrrell | 53.4 | $76,655.70 |
| Ed Soto | 0.5 | $717.50 |
| Brian Liegel | 16.4 | $17,712.00 |
| Leah Saiontz | 30.5 | $23,058.00 |
| Ann Merlin | 1.1 | $425.70 |

**Chart C:  Fees incurred to date on sanctions motion**

| Timekeeper | Hours | Fees |
|---|---|---|
| Steven A. Tyrrell | 8.2 | $11,771.10 |
| Brian Liegel | 6.2 | $6,696.00 |
| Leah Saiontz | 7.9 | $6,967.80 |

10.     Further, in connection with responding to Plaintiff's complaint, Joffe incurred costs

of $200.  An itemized copy of this expense, which represents the *pro hac vice* filing fee in this

District, is attached hereto as Exhibit C.

11.     I believe that the rates claimed are reasonable given the professional qualifications

of the billers as evidenced in Exhibit A and that non-local rates are appropriate given my prior

representation of Joffe in related matters which allowed for efficient representation in this matter.

12.     In connection with this case, counsel incurred necessary costs for electronic legal

research.  I understand that courts in this Circuit have held that legal research costs are not

ordinarily taxable as costs under 28 U.S.C. § 1920, but are properly considered a component of

attorneys' fees.  *Springer v. Convergy's Corp.*, No. 3:03-CV-302-J-99MCR, 2006 WL 8439203,

4

at *2 (M.D. Fla. July 7, 2006).  As such, in addition to the fees set out above, Joffe requests an

award of $604.33 incurred for electronic legal research.  Attached as <u>Exhibit D</u> is a true and correct

copy of the amount incurred for electronic legal research.

13.     Consistent with local Rule 7.3, counsel sent the draft sanctions motion and draft

supporting declarations to Plaintiff's counsel on October 5, 2022.  Defendants met and conferred

in good faith with Plaintiff's counsel by Microsoft Teams twice, on October 13 and October 26,

2022, but were unable to reach any agreement as to either the Defendants' entitlement to or the

amount of fees and expenses not taxable under 28 U.S.C. §1920 that are recoverable from Plaintiff

and/or his counsel.


 */s/ Steven A. Tyrrell*
Steven A. Tyrrell, *admitted pro hac vice*
**WEIL GOTSHAL & MANGES LLP**
2001 M Street, N.W., Suite 600
Washington, D.C. 20036
Telephone: (202) 682-7000

*Counsel for Rodney Joffe*

DATE: October 26, 2022

5

# EXHIBIT A

Printed: October 04, 2022



# Steven A. Tyrrell

| Partner Washington, D.C. | +1 202 682 7213 | steven.tyrrell@weil.com |



**Steve Tyrrell serves as Managing Partner of the Firm's DC office and Co-Head of Weil's global White Collar Defense, Regulatory and Investigations practice. His practice focuses on white collar criminal defense, regulatory enforcement matters, and internal investigations.**

Steve previously served as Chief of the U.S. Department of Justice's Fraud Section from 2006 through 2009. In that capacity, he led the investigation, prosecution, and coordination of a broad range of sophisticated economic crime matters and enforcement initiatives, including matters involving the Foreign Corrupt Practices Act, corporate, securities, commodities and investment fraud, health care fraud, procurement fraud, stimulus and rescue fraud, mortgage fraud, consumer fraud, and identity theft. He also played a key role advising Department leadership on white collar crime-related legislation, crime prevention, public education and the Department's Financial Fraud Enforcement Task Force.

Prior to Steve's appointment as Chief of the Fraud Section in 2006, he served as Deputy Chief of the Counterterrorism Section of the Criminal Division, where he supervised a team of attorneys in connection with the investigation, prosecution, and coordination of a variety of international terrorism and terrorist financing matters. Steve also led a number of high-profile national security investigations and trained federal prosecutors and agents on relevant national security statutes, policies and practices.

Steve also served as an Assistant US Attorney in the US Attorney's Offices in the Southern District of Florida and the Northern District of New York. During his more than fifteen years as an Assistant US Attorney, Steve investigated and prosecuted a variety of criminal cases, with an emphasis on white collar matters, including but not limited to securities

## Practice Areas

› White Collar Defense, Regulatory and Investigations
› Securities Litigation

## Sectors

› Financial Services
› Healthcare and Life Sciences

## Admissions

› US Court of Appeals 10th Cir.
› District of Columbia
› US Bank Court-Dist of Columbia
› US Dist Court for DC
› Eastern District New York
› New York State
› Southern District New York

## Education

› SUNY Oneonta (B.A., 1980)
› New York Law School (J.D., cum laude, 1983)

FCPA, healthcare fraud, government contract fraud, bank fraud, tax fraud, FDA fraud, and public corruption, as well as related money laundering and asset forfeiture work. He also was lead counsel for the United States in nearly forty criminal jury trials.

In 2021, Steve was recognized among the Top 30 FCPA Practitioners in the United States by Global Investigations Review, which called him a "a sophisticated and nuanced lawyer who knows the ins and outs of the FCPA" and noted that he "has a declination record that few lawyers can match." Steve is currently recognized in Chambers Global and Chambers USA as one of the leading lawyers nationally and in Washington, D.C. for white collar crime, government investigations, and FCPA expertise. Chambers notes that he "offers impressive experience handling big-ticket investigations" and has quoted sources calling him "incredibly smart and strategic," "fantastic," "calm and levelheaded," with "a ton of experience and insight" and "impeccable integrity." In 2015, The National Law Journal recognized Steve as one of its inaugural "Trailblazers" nationwide for his distinguished career in the white collar crime area, and in 2020 the same publication honored him as one of its "Trailblazers" in Washington, D.C., noting that he has long been "at the forefront of … the investigation, prosecution, and defense of allegations of corporate crime." Since 2013, Steve also has been recognized as a recommended lawyer for Corporate Investigations and White-Collar Criminal Defense by Legal 500 US, in which clients have praised him as, among other things, "patient and collaborative." He is a recognized expert and frequent speaker on a host of white collar topics, including FCPA enforcement, securities fraud, corporate charging decisions, use of deferred and non-prosecution agreements, and monitors.

Early in his career, Steve served as Law Clerk to the Honorable Thomas J. McAvoy, United States District Court Judge for the Northern District of New York.

Steve is a graduate of New York Law School where he was the Research Editor of the Law Review.

### Key Representations

- Representing Vantage Drilling in connection with a DOJ and SEC investigation into alleged violations of the FCPA arising from the company's dealings with Petrobras.
- Representing and conducting an internal investigation for Sanofi in a joint DOJ and SEC investigation of alleged FCPA violations in various countries in emerging markets.

Represents a former employee of a major financial institution in connection with a DOJ criminal investigation into alleged manipulation of LIBOR.

- Represented HMT LLC in connection with a DOJ investigation into potential violations of the FCPA in Asia and South America, which resulted in a declination of prosecution under the DOJ's recently announced FCPA Pilot Program.

- Represented Innodata Inc. in connection with its disclosure to the DOJ and SEC of potential improper payments by employees of one of its foreign subsidiaries in Asia.

- Represented an India-based manufacturer of mining equipment in a joint DOJ and SEC investigation of alleged FCPA violations.

- Representing a senior executive of a global operator of retail department stores in a joint DOJ and SEC investigation of alleged FCPA violations in Central America and Asia.

- Representing two former employees of a multi-national spirits company in a joint DOJ and SEC investigation of alleged FCPA violations in Russia.

- Representing two senior executives of a global oil services industry company in a DOJ investigation of alleged violations of US export controls and sanctions laws.

- Conducted an internal investigation for a financial services company regarding allegations of improper payments in connection with its Nigerian operations.

- Represented a UK-based, global specialty chemicals company in a DOJ investigation of alleged violations of US export controls and sanctions laws.

- Designed and assisted in the implementation of anti-bribery and corruption policies and procedures for a UK-based, global specialty chemicals company.

- Designed and assisted in the implementation of anti-bribery and corruption policies and procedures for a multi-national telecommunications company.

- Designed and assisted in the implementation of anti-bribery and corruption policies and procedures for a multi-national financial services company.

- Designed and assisted in the implementation of anti-bribery and corruption policies and procedures for a global tax-free shopping and related financial services company.

- Designed anti-bribery and corruption policies and procedures for a multi-national family dining and entertainment company.

- Lead outside counsel for FCPA due diligence on Intel's acquisition of Altera Corp.

- Lead outside counsel for FCPA due diligence on Norwegian Cruise Line Holdings' acquisition of Prestige Cruises International.

- Lead outside counsel for FCPA due diligence on General Electric Co's. acquisition of Lufkin Industries.

- Lead outside counsel for FCPA due diligence on Oracle Corporation's acquisition of Acme Packet.

- Designed anti-bribery and corruption policies and procedures for a multi-national telecommunications equipment manufacturer.

- Lead outside counsel for FCPA due diligence on publicly traded, multi-national health care company's acquisition of the Eastern European operations of a competitor.

- Provided FCPA training for the Board of Directors of a global clothing manufacturer and retailer.
- Advising a global commercial aircraft leasing company on various anti-bribery and corruption compliance matters.
- Obtained dismissal of federal civil RICO action and related state claims brought by Greenpeace against The Dow Chemical Company.

## Awards and Recognition

› **Steven Tyrrell Named a Top FCPA Practitioner in the United States**
Award Brief — Global Investigations Review 2021

› **Steven Tyrrell Named a Leading Lawyer for FCPA: Nationwide**
Award Brief — Chambers USA

› **Steven Tyrrell Named a Leading Lawyer for White Collar Crime and Government Investigations: District of Columbia**
Award Brief — Chambers USA

› **Steven Tyrrell Named a Leading Lawyer for FCPA in the United States**
Award Brief — Chambers Global

› **Steven Tyrrell Named a "Recommended" Lawyer for Corporate Investigations and White-Collar Criminal Defense in the US**
Award Brief — Legal 500 US

## Speaking Engagements

› **General Counsel Interview**
Speaker(s): Steven A. Tyrrell
December 1, 2021 — National Harbor, MD — White Collar practice co-head Steven Tyrrell appeared at ACI's 38th Annual International Conference on the FCPA to interview a panel of general counsel from leading multinationals on their outlook for the year ahead on enforcement, compliance, whistleblowing, and other risks to address.

## Latest Thinking

› **Litigation Trends 2022**
Publication — By Weil's Litigation Department — Spring 2022

› **Litigation Trends 2021**
Publication — By Weil's Litigation Department — March 2021

› **How to build a data driven compliance programme**
Publication — Global Investigations Review — By Steven A. Tyrrell — December 10, 2020

## Firm News & Announcements

› **Weil Secures Dismissal for Computer Tech Executive Named in Trump Lawsuit**
Litigation Win — September 15, 2022

› **Weil's 2022 Litigation Trends Report**
Firm Announcement — April 06, 2022

Firm Announcement — November 12, 2021

Copyright © 2022 Weil, Gotshal & Manges LLP, All Rights Reserved. The contents of this website may contain attorney advertising under the laws of various states. Prior results do not guarantee a similar outcome. Weil, Gotshal & Manges LLP is headquartered in New York and has office locations in Beijing, Boston, Brussels, Dallas, Frankfurt, Hong Kong, Houston, London, Miami, Munich, New York, Paris, Princeton, Shanghai, Silicon Valley and Washington, D.C.

Printed: October 04, 2022



# Edward Soto

**Partner** Miami     +1 305 577 3177     edward.soto@weil.com



Ed Soto is Managing Partner of Weil's Miami office, and recently concluded serving for many years as Co-Head of the Firm's national Complex Commercial Litigation practice.

A senior trial partner, Ed concentrates his practice on the trial and supervision of complex commercial civil litigation, and has substantial experience in cases involving: antitrust, business torts, class actions, contracts, employment, fraud, insurance coverage, lender liability, products liability, professional liability, and securities litigation. He has also handled numerous internal investigations in these areas.

During more than 35 years of trial practice, Ed has established a consistent record of successful results in major complex cases in both state and federal courts and before arbitration panels. He has achieved successful outcomes for his clients at every phase of the litigation process – through case dispositive motions, trials, appeals, and settlements. During the past few years, he has achieved significant victories on behalf of American Airlines, Inc., Citicorp Services, Inc., ESPN, Inc., ExxonMobil, Financial Guaranty Insurance Corp., Fiserv, Inc., General Electric Company, Lehman Brothers Holdings Inc., Procter & Gamble, Repsol, and UnitedHealth Group.

Ed's notable representations include:

- Serving as lead counsel to Procter & Gamble in the high-profile multi-district litigation, *In re Denture Cream Products Liability Litigation*, in which more than 150 plaintiffs alleged that they were injured through their use of the popular denture cream, Fixodent. In this action, Ed successfully won three separate motions to exclude plaintiffs' general causation experts, including an affirmation on appeal to the U.S. Court of Appeals for the Eleventh Circuit in the lead case, which led to all of the plaintiffs stipulating to a dismissal with prejudice.
- Successfully defending Dometic Corp., a leading manufacturer of gas absorption refrigerators, in two putative class actions in the Southern District of Florida alleging that the cooling units in several models of the company's refrigerators purportedly contained a latent defect. Won an order granting summary judgment dismissing

## Practice Areas

- Complex Commercial Litigation
- International Arbitration
- Appeals and Strategic Counseling

## Areas of Focus

- Pro Bono

## Sectors

- Retail & Consumer Products
- Technology
- Transportation and Automotive

## Admissions

- US Court of Appeals 11th Cir.
- US Court of Appeals 3rd Cir.
- US Court of Appeals 5th Cir.
- State of Florida
- Middle District Florida
- Northern District Florida
- New York State
- Southern District Florida
- US Supreme Court
- DC Court of Appeals

## Education

- Florida State University (B.A., 1974)
- Columbia Law School (J.D., 1978)

13

motion for class certification and dismissal of the second lawsuit in its entirety as well.

- Successfully representing Nortek Global HVAC, LLC, a leading manufacturer of heating, ventilation and air conditioning equipment, in several putative class actions in Florida and Tennessee federal courts alleging that Nortek failed to disclose defects in its air conditioning equipment. Obtained denial of plaintiffs' motion for class certification in the Florida case, as well as the dismissal of all claims, with prejudice, in the Tennessee case.

- Serving as co-lead trial counsel to Financial Guaranty Insurance Corp. in connection with a six-week, contested trial in the chapter 9 bankruptcy case filed by the City of Detroit regarding the City's proposed plan of adjustment.

- Serving as lead trial counsel for global energy company Repsol in environmental litigation involving claims of "alter ego" and fraudulent conveyance. The Weil team secured a victory on all claims involving over $1 billion in damages while also succeeding on Repsol's $65 million counterclaim.

- Leading a team of trial lawyers to victory on behalf of Fiserv/Texas Data Control in a litigation brought by the Justice Department in a matter that was selected by the *National Law Journal* as the "Top Defense Victory of the Year."

- Serving as lead counsel for UnitedHealth Group in the successful defense of multi-billion dollar RICO and related conspiracy claims brought by a nationwide class of 700,000 doctors.

- Representing ExxonMobil in the successful defense of a putative nationwide class action brought by dealers alleging violations of the UCC and breach of contract with respect to gasoline pricing.

- Securing summary judgment for ESPN, Inc. in a litigation brought by boxing promoter Don King in connection with a documentary television program for which Mr. King sought $2.5 billion in damages.

Ed has received numerous accolades throughout his career. He is regularly recognized in Chambers USA as a Band 1 lawyer for Commercial Litigation in Florida, where clients have praised him as an "amazing lawyer who has the rare combination of being able to keep focused on the big picture of a case while also mastering all of the underlying details," "great at handling large teams and is extremely passionate on behalf of his clients," "an outstanding strategic attorney [who] is very persuasive in court and is great at managing complex cases," and for "always thinking several steps ahead of the opponent." They also note his "impeccable instincts," "unlimited capacity for absorbing details" and "creative approach to legal issues," and described him as a "gifted advocate," "a first-rate lawyer" and "a top, top litigator." In addition, he has been recognized by Legal 500 as one of the Leading Lawyers nationwide for Commercial Litigation, with commentators calling him an "experienced partner" and "one of the most renowned trial lawyers in Florida." He has also

Star" in Florida by Benchmark Litigation, as well as a "Best Lawyer" for Bet-the-Company Litigation, Commercial Litigation, and International Arbitration - Commercial by Best Lawyers in America. In 2020, Ed was recognized by South Florida's Daily Business Review as a "Florida Trailblazer" who has been an "agent of change" during his career as a trial lawyer. In 2017, Ed was recognized by Law360 as an MVP for Class Action. Since 2006, Ed has been recognized as a Florida Super Lawyer, most recently in the areas of Securities Litigation and Civil Defense Litigation.

He also serves in leadership roles of various public service organizations. He is on the Executive Committee of the Lawyers' Committee for Civil Rights Under Law, the Board of Directors of the Human Services Coalition, and the Chairman of the Board of Directors of Catalyst Miami. Ed has also served as a member of the Board of Trustees of the Ransom Everglades School, a member of the Board of Directors of Child Hope, Inc., and the Chairman of the Board of Directors of the Zoological Society of Florida. In 2022, in recognition of his significant pro bono work and contributions to these and other organizations over the years, Ed was honored by Chambers USA as its Pro Bono Lawyer of the Year in the publication's annual Diversity & Inclusion Awards.

Ed is currently a member of the Firm's Diversity Committee, Recruiting Committee, National Litigation Steering Committee, Computer Litigation Committee, National Associates Training Committee and E-Discovery Task Force.

Ed received a J.D. from Columbia Law School in 1978, and a B.A. from Florida State University in 1974.

## Awards and Recognition

› **Edward Soto Named 2022 Pro Bono Lawyer of the Year**
Award Brief — Chambers USA

› **Edward Soto Named Daily Business Review "Florida Trailblazer"**
Award Brief — Daily Business Review 2020

› **Edward Soto Profiled as a 2017 Class Action MVP**
Award Brief — Law360 2017

› **Edward Soto Ranked Band 1 for Litigation: General Commercial, Florida**
Award Brief — Chambers USA

› **Edward Soto Named a "Recommended" Lawyer for Commercial Litigation in the U.S.**
Award Brief — Legal 500 US

> **Ruhlen and Recent Trends in Favor of Remand**
> Alert — Class Action Monitor — By Edward Soto, Pravin R. Patel, Mark Pinkert and Katie Black — PDF — April 05, 2022

> **Full Daubert: Fifth Circuit Mandates Complete Evaluation of Expert Opinions at Class Certification**
> Alert — Class Action Monitor — By Edward Soto, Pravin R. Patel and Daniel P. Guernsey — PDF — Q3 2021

> **Supreme Court Clarifies Injury-in-Fact Requirements for Intangible Harms**
> Publication — Bloomberg Law Professional Perspectives — By Edward Soto, Pravin R. Patel Corey Brady — PDF — August 2021

> **Eleventh Circuit Holds that a Statutory Violation is Insufficient for Standing and Settlement**
> Alert — Class Action Monitor — By Edward Soto, Pravin R. Patel and Alli G. Katzen — PDF — June 04, 2021

> **Litigation Trends 2021**
> Publication — By Weil's Litigation Department — March 2021

## Firm News & Announcements

> **Weil Secures Dismissal for Computer Tech Executive Named in Trump Lawsuit**
> Litigation Win — September 15, 2022

> **Edward Soto Named Pro Bono: Lawyer of the Year at Chambers Diversity & Inclusion: North America Awards 2022**
> Firm Announcement — June 13, 2022

Copyright © 2022 Weil, Gotshal & Manges LLP, All Rights Reserved. The contents of this website may contain attorney advertising under the laws of various states. Prior results do not guarantee a similar outcome. Weil, Gotshal & Manges LLP is headquartered in New York and has office locations in Beijing, Boston, Brussels, Dallas, Frankfurt, Hong Kong, Houston, London, Miami, Munich, New York, Paris, Princeton, Shanghai, Silicon Valley and Washington, D.C.

Printed: October 04, 2022



# Brian Liegel

| **Associate Miami** | +1 305 577 3180 | brian.liegel@weil.com |



**Brian Liegel is an associate in Weil's Complex Commercial Litigation and Appeals and Strategic Counseling practices.**

Brian has substantial litigation experience across a broad range of disputes involving areas of law such as business torts, antitrust, fraud, product liability, regulatory investigations, environmental litigation, bankruptcy, and appeals.

Some of his recent notable experiences includes serving on Weil teams representing:

- Pilgrim's Pride in a series of federal class actions across the country brought by direct and indirect purchasers alleging the major chicken producers reduced output to raise the price of broiler chickens.
- National Public Finance Guarantee Corporation in connection with the Commonwealth of Puerto Rico's bankruptcy proceedings.
- Dometic, a major manufacturer of gas absorption refrigerators, in securing summary judgment and defeating class certification, as well as transfer and consolidation victories prior to those case dispositive rulings, in numerous putative nationwide consumer class actions in Florida and California federal courts alleging that the cooling units in several models of Dometic's refrigerators purportedly contained a latent defect.
- Nortek, a global manufacturer of HVAC systems, in multiple putative class actions in Florida and Tennessee federal courts alleging that Nortek failed to disclose defects in its air conditioning equipment. Brian and the Weil team obtained the denial of plaintiffs' motion for class certification in the Florida case, as well as the dismissal of all claims, with prejudice, in the Tennessee case

As a member of the Firm's Appeals and Strategic Counseling practice, Brian has represented clients in the United States Supreme Court, United States Courts of Appeals for the Second, Eleventh, and D.C. Circuits, and the Colorado Supreme Court.

**Practice Areas**

› Complex Commercial Litigation
› Appeals and Strategic Counseling

## Appeals and Strategic Counseling
PRECISION | CREATIVITY | JUDGMENT

**Admissions**

› State of Florida
› Middle District Florida
› Northern District Florida
› Southern District Florida
› US Court of Appeals 11th Cir.
› US Dist Court No. Illinois
› US Ct App Federal Circuit

**Education**

› University of Miami (B.A., 2012)
› Georgetown University Law Center (J.D., 2015)

Lawyers: Ones to Watch for commercial litigation, and
selected as a member of the Florida Board of Bar Examiner's
Practice Analysis Panel, which will evaluate the knowledge,
skills, and abilities that all newly licensed Florida lawyers
should have to be admitted to the bar.

Brian also is an active participant in the Firm's pro bono
initiatives. Most recently, Brian was appointed by the United
States Court of Appeals for the Eleventh Circuit to represent
an indigent individual on appeal and successfully overturned
the denial of social security benefits. Brian has also worked
with the Innocence Project, seeking to obtain post-conviction
relief for a client based on new scientific evidence, and as part
of a team of Weil attorneys which represented a victim of
human trafficking, successfully allowing the client to have her
criminal record expunged and vacated.

From September 2017 through September 2018, Brian served
as a judicial clerk for the Honorable Adalberto Jordan of the
United States Court of Appeals for the Eleventh Circuit.

## Awards and Recognition

› **Brian Liegel Recognized as Best Lawyers: One to Watch Honoree**
  Award Brief — Best Lawyers 2020-2023

## Latest Thinking

› **Third Circuit Cements Three-Way Split on Issue Classes**
  Publication | Class Action Monitor — By Drew Tulumello, Pravin R. Patel and Brian Liegel — PDF — January 19, 2022

› **Supreme Court Holds That "But-For" Causation Is Not Required For Specific Jurisdiction**
  Publication — By Zack Tripp, Pravin R. Patel, Brian Liegel and Elaina Aquila — April 08, 2021

› **Supreme Court Holds That "But-For" Causation Is Not Required For Specific Jurisdiction**
  Alert — Class Action Monitor — By Zack Tripp, Pravin R. Patel, Brian Liegel and Elaina Aquila — PDF — March 26, 2021

› **Avoiding Unreviewable Surprises in Arbitration Agreements**
  Alert — Class Action Monitor — By Gregory Silbert, Brian Liegel and Nathalie A. Sosa — PDF — March 2020

## Firm News & Announcements

› **Weil Secures Dismissal for Computer Tech Executive Named in Trump Lawsuit**
  Litigation Win — September 15, 2022

› **Weil Wins Appeal for Illumina Protecting Cutting-Edge DNA Sequencing Technology**
  Litigation Win — February 02, 2021

contain attorney advertising under the laws of various states. Prior results do not guarantee a similar outcome. Weil, Gotshal & Manges LLP is headquartered in New York and has office locations in Beijing, Boston, Brussels, Dallas, Frankfurt, Hong Kong, Houston, London, Miami, Munich, New York, Paris, Princeton, Shanghai, Silicon Valley and Washington, D.C.

Printed: October 04, 2022



# Leah Saiontz

| **Associate Miami** | +1 305 577 3134 | leah.saiontz@weil.com |
| --- | --- | --- |

Leah Saiontz is an associate in Weil's Complex Commercial Litigation practice, based in the Firm's Miami office. Prior to joining the Litigation Department, Leah was an associate in Weil's Restructuring Department. She has substantial experience across a broad range of disputes, involving areas of law such as antitrust, fraud, and bankruptcy (particularly domestic and cross-border corporate restructuring, distressed financing, and distressed M&A).

Leah's notable recent experience includes representing, among others:

- **Brooks Brothers Group, Inc.** and its affiliates, the oldest apparel company in the United States, in their chapter 11 cases, Canadian proceeding under the Companies' Creditors Arrangement Act, and going-concern sale of their international businesses.
- **Topgolf International, Inc.** in connection with its out-of-court equity recapitalization and credit agreement amendment.
- **EP Energy Corporation**, and its affiliated debtors, a public oil and natural gas exploration and production company, in their chapter 11 cases involving approximately $4.9 billion in funded debt obligations.
- The DIP Lender and Senior Secured Lender in the chapter 11 case of **George Washington Bridge Bus Station Development Venture.**
- Spanish energy company **Repsol** in connection with its complex environmental and bankruptcy litigation.

Leah received her B.A., magna cum laude, from Harvard College and received her J.D. from Harvard Law School.

## Practice Areas

› Complex Commercial Litigation

## Admissions

› New York State
› State of Florida

## Education

› Harvard College (B.A., 2016)
› Harvard Law School (J.D., 2019)

## Firm News & Announcements

› **Weil Secures Dismissal for Computer Tech Executive Named in Trump Lawsuit**
Litigation Win — September 15, 2022

Copyright © 2022 Weil, Gotshal & Manges LLP, All Rights Reserved. The contents of this website may contain attorney advertising under the laws of various states. Prior results do not guarantee a similar outcome. Weil, Gotshal & Manges LLP is headquartered in New York and has office locations in Beijing,

USCA11 Case: 23-13177   Document: 14-826   Date Filed: 06/10/2024   Page: 640 of 704

Princeton, Shanghai, Silicon Valley and Washington, D.C.

# EXHIBIT B

Time Entry Detail

| | Date | Timekeeper | Rate | Time | Description |
|---|---|---|---|---|---|
| | 4/13/2022 | Brian Liegel | $1,080.00 | 2.3 | Review and analyze RICO jurisdiction arguments in the Complaint |
| | 4/20/2022 | Brian Liegel | $1,080.00 | .8 | Participate in joint defense call |
| | 4/21/2022 | Brian Liegel | $1,080.00 | .7 | Review and analyze the S.D. FLA filing requirements and confer with S. Tyrrell re: extension to response to the Complaint |
| | 4/22/2022 | Brian Liegel | $1,080.00 | 1.1 | Draft motion for extension of time |
| | 4/25/2022 | Steven Tyrrell | $1,435.50 | .9 | Communications with client and counsel for other defendants regarding case status; review and analyze related materials |
| | 4/25/2022 | Brian Liegel | $1,080.00 | .3 | Review and analyze Court order on Plaintiff's request for extension to amend |
| | 4/26/2022 | Steven Tyrrell | $1,435.50 | .9 | Review and revise draft motion for extension of time, motion for admission *pro hac vice* and related filings; communications regarding status of case and related matters |
| B | 4/26/2022 | Ann Merlin (Paralegal) | $387.00 | 1.1 | Review, revise, electronically file and download and distribute *pro hac vice* motion, motion for extension of time, notice of appearance, email correspondence with judge forwarding proposed orders |
| B | 4/26/2022 | Brian Liegel | $1,080.00 | 1.4 | Revise motion for extension of time, *pro hac vice* motion and proposed order; file same |
| | 4/27/2022 | Steven Tyrrell | $1,435.50 | .4 | Review and analyze miscellaneous filings in the case |
| | 4/28/2022 | Steven Tyrrell | $1,435.50 | .4 | Review and analyze miscellaneous filings in the case |
| | 4/29/2022 | Steven Tyrrell | $1,435.50 | .3 | Review and analyze miscellaneous filings in the case |
| | 5/02/2022 | Steven Tyrrell | $1,435.50 | .3 | Review and analyze miscellaneous filings in the case |
| | 5/03/2022 | Steven Tyrrell | $1,435.50 | .4 | Communications regarding preparation of motion to dismiss; Review and analyze miscellaneous filings in the case |
| | 5/04/2022 | Steven Tyrrell | $1,435.50 | .3 | Communications regarding preparation of motion to dismiss and scheduling order; Review and analyze miscellaneous filings in the case |
| | 5/04/2022 | Brian Liegel | $1,080.00 | 2.7 | Review other defendants' motions to dismiss to identify arguments to adopt |
| D | 5/04/2022 | Leah Saiontz | $756.00 | 3.7 | Review other defendants' motions to dismiss to identify arguments to adopt; conference with B. Liegel re: same |
| | 5/05/2022 | Steven Tyrrell | $1,435.50 | .3 | Communications regarding preparation of motion to dismiss; Review and analyze miscellaneous filings in the case |
| | 5/05/2022 | Brian Liegel | $1,080.00 | 2.1 | Draft outline of arguments for motion to dismiss |
| D | 5/05/2022 | Leah Saiontz | $756.00 | 4.2 | Draft outline of arguments for motion to dismiss; conference with B. Liegel re: same |
| | 5/06/2022 | Steven Tyrrell | $1,435.50 | .5 | Communications regarding preparation of motion to dismiss; Review and analyze miscellaneous filings in the case |
| | 5/06/2022 | Brian Liegel | $1,080.00 | .2 | Confer with S. Tyrrell regarding coordination with co-defendants |
| D | 5/06/2022 | Leah Saiontz | $756.00 | 2.0 | Draft outline of arguments for motion to dismiss |
| | 5/07/2022 | Steven Tyrrell | $1,435.50 | .2 | Communications regarding preparation of motion to dismiss; Review and analyze miscellaneous filings in the case |
| | 5/09/2022 | Steven Tyrrell | $1,435.50 | .6 | Review and analyze draft outline of arguments for motion to dismiss; review and analyze recent filings; miscellaneous communications re: same |
| | 5/09/2022 | Brian Liegel | $1,080.00 | .8 | Draft outline of arguments for motion to dismiss |

| | Date | Attorney | Rate | Hours | Description |
|---|---|---|---|---|---|
| D | 5/09/2022 | Leah Saiontz | $756.00 | 4.1 | Draft outline of arguments for motion to dismiss |
| | 5/10/2022 | Steven Tyrrell | $1,435.50 | .4 | Communications regarding preparation of motion to dismiss; Review and analyze miscellaneous filings in the case |
| | 5/10/2022 | Leah Saiontz | $756.00 | 3.5 | Draft motion to dismiss |
| | 5/11/2022 | Steven Tyrrell | $1,435.50 | .2 | Review and analyze miscellaneous filings in the case |
| | 5/11/2022 | Brian Liegel | $1,080.00 | 1.1 | Review and analyze co-defendant motions to dismiss to evaluate adoption of arguments |
| E | 5/11/2022 | Leah Saiontz | $756.00 | 4.2 | Draft motion to dismiss |
| | 5/12/2022 | Brian Liegel | $1,080.00 | 2 | Revise draft of motion to dismiss |
| | 5/13/2022 | Steven Tyrrell | $1,435.50 | .3 | Review and analyze recent filings |
| | 5/13/2022 | Brian Liegel | $1,080.00 | 1.5 | Revise motion to dismiss |
| E | 5/13/2022 | Leah Saiontz | $756.00 | 7.2 | Revise motion to dismiss |
| D | 5/15/2022 | Brian Liegel | $1,080.00 | 3.1 | Revise motion to dismiss |
| | 5/16/2022 | Steven Tyrrell | $1,435.50 | .5 | Communications regarding preparation of motion to dismiss; Review and analyze miscellaneous filings in the case |
| | 5/16/2022 | Brian Liegel | $1,080.00 | 2 | Complete first draft of motion to dismiss |
| | 5/17/2022 | Steven Tyrrell | $1,435.50 | .4 | Communications regarding preparation of motion to dismiss; Review and analyze miscellaneous filings in the case |
| | 5/17/2022 | Brian Liegel | $1,080.00 | .2 | Correspond with S. Tyrrell re: status hearing |
| B | 5/18/2022 | Ed Soto | $1,435.50 | 1 | Review and comment on motion to dismiss; review of other related motions to dismiss in connection with same; correspondence re: same |
| B | 5/18/2022 | Steven Tyrrell | $1,435.50 | 3.8 | Review and revise draft motion to dismiss; related legal research; miscellaneous communications including with counsel to co-defendants re: same |
| | 5/18/2022 | Brian Liegel | $1,080.00 | 1.9 | Participate in joint defense call re: upcoming status hearing; revise brief and confer with S. Tyrrell re: same |
| D | 5/18/2022 | Leah Saiontz | $756.00 | 1.5 | Revise motion to dismiss |
| V | 5/19/2022 | Steven Tyrrell | $1,435.50 | 1 | Miscellaneous communications regarding coordination with co-defendants on motion to dismiss arguments; review and analyze materials re: same; review and analyze recent filings |
| | 5/19/2022 | Ann Merlin | $387.00 | 5.2 | Conduct citation check of motion to dismiss |
| D | 5/19/2022 | Brian Liegel | $1,080.00 | 1.9 | Revise motion to dismiss |
| D | 5/19/2022 | Leah Saiontz | $756.00 | 2.4 | Revise motion to dismiss |
| B | 5/20/2022 | Steven Tyrrell | $1,435.50 | 2.7 | Review, revise, and finalize motion to dismiss; review and analyze related materials and filings; miscellaneous communications re: same |
| D | 5/20/2022 | Brian Liegel | $1,080.00 | 1.2 | Revise and prepare motion to dismiss for filing |
| D | 5/20/2022 | Leah Saiontz | $756.00 | 1 | Finalize motion to dismiss for filing |
| | 5/23/2022 | Steven Tyrrell | $1,435.50 | .3 | Review and analyze miscellaneous recent filings |
| | 5/25/2022 | Steven Tyrrell | $1,435.50 | .2 | Review and analyze miscellaneous recent filings |
| | 5/26/2022 | Steven Tyrrell | $1,435.50 | .2 | Review and analyze miscellaneous recent filings |
| | 5/31/2022 | Steven Tyrrell | $1,435.50 | .4 | Review and analyze miscellaneous recent filings |
| | 6/01/2022 | Steven Tyrrell | $1,435.50 | .2 | Miscellaneous communications regarding upcoming status conference |
| | 6/02/2022 | Steven Tyrrell | $1,435.50 | .8 | Attend status conference by Zoom; miscellaneous communications re: same |
| | 6/03/2022 | Steven Tyrrell | $1,435.50 | .5 | Miscellaneous communications regarding scheduling next status conference, potential briefing schedule for renewed motions to dismiss, status of matter, and recent filings; review and analyze documents relating to same |
| | 6/06/2022 | Steven Tyrrell | $1,435.50 | .2 | Review and analyze recent filings |
| | 6/13/2022 | Steven Tyrrell | $1,435.50 | .2 | Miscellaneous communications with counsel for co-defendant |

| | 6/14/2022 | Steven Tyrrell | $1,435.50 | .4 | Miscellaneous communications with joint defense group regarding upcoming status conference and coordination of motions to dismiss anticipated amended complaint |
|---|---|---|---|---|---|
| | 6/15/2022 | Steven Tyrrell | $1,435.50 | .8 | Miscellaneous communications, including conference call with joint defense group, regarding upcoming status conference and coordination of motions to dismiss anticipated amended complaint |
| | 6/21/2022 | Steven Tyrrell | $1,435.50 | .4 | Review and analyze miscellaneous recent filings; communications re: same |
| B | 6/22/2022 | Steven Tyrrell | $1,435.50 | 3.9 | Review and analyze amended complaint; review and analyze related recent filings; miscellaneous communications with counsel for other defendants and others re: same |
| D | 6/22/2022 | Leah Saiontz | $756.00 | 3.2 | Review and analyze amended complaint with focus on new/amended arguments relevant to client |
| | 6/23/2022 | Steven Tyrrell | $1,435.50 | 1.7 | Misc. Communications with client and other defense counsel regarding preparation of motion to dismiss amended complaint; review and analyze recent filings |
| | 6/23/2022 | Brian Liegel | $1,080.00 | 1.3 | Participate in joint defense discussion re: briefing and analysis of amended complaint |
| | 6/23/2022 | Leah Saiontz | $756.00 | 1.2 | Discuss response to amended complaint with counsel to co-defendants |
| | 6/24/2022 | Brian Liegel | $1,080.00 | .3 | Review and analyze co-defendants' outline for motion to dismiss brief |
| | 6/27/2022 | Steven Tyrrell | $1,435.50 | 1.1 | Miscellaneous communications, including with other defense counsel, regarding preparation of motion to dismiss amended complaint; review and analyze recent filings |
| | 6/27/2022 | Leah Saiontz | $756.00 | 2.1 | Draft motion to dismiss amended complaint |
| | 6/28/2022 | Steven Tyrrell | $1,435.50 | .7 | Miscellaneous communications including with client and other defense counsel, regarding preparation of motion to dismiss amended complaint; review and analyze recent filings |
| | 6/28/2022 | Leah Saiontz | $756.00 | .4 | Draft motion to dismiss amended complaint |
| | 6/29/2022 | Steven Tyrrell | $1,435.50 | .6 | Miscellaneous communications regarding preparation of motion to dismiss amended complaint; review and analyze recent filings |
| B | 6/30/2022 | Steven Tyrrell | $1,435.50 | 1 | Miscellaneous communications regarding request for extension of time to file motion to dismiss amended complaint and related matters; review draft stipulation re: same; review and analyze recent filings |
| | 6/30/2022 | Brian Liegel | $1,080.00 | .5 | Revise brief insert for co-defendant |
| | 6/30/2022 | Leah Saiontz | $756.00 | 2.8 | Draft motion to dismiss amended complaint |
| B | 7/01/2022 | Steven Tyrrell | $1,435.50 | 1.7 | Miscellaneous communications regarding request for extension of time to file motion to dismiss amended complaint, draft of sections of motion to dismiss, and related matters; Review and analyze related materials and recent filings |
| | 7/01/2022 | Brian Liegel | $1,080.00 | 1.8 | Revise individual motion and joint motion and participate in joint defense call re: same |
| | 7/01/2022 | Leah Saiontz | $756.00 | 5.5 | Draft motion to dismiss amended complaint; participate in joint defense call re: same |
| B | 7/05/2022 | Steven Tyrrell | $1,435.50 | 3.4 | Miscellaneous communications, including conference call with defense counsel, regarding draft consolidated motion to dismiss, motion to increase page limit, and related matters; Review and analyze related materials; conduct legal research |
| | 7/05/2022 | Brian Liegel | $1,080.00 | .3 | Participate in joint defense call re: briefing |

| | | | | |
|---|---|---|---|---|
| 7/05/2022 | Leah Saiontz | $756.00 | .8 | Participate in joint defense call re: briefing; Review co-defendant draft of section of motion to dismiss |
| 7/06/2022 | Steven Tyrrell | $1,435.00 | 3.1 | Miscellaneous communications including with other defense counsel, regarding draft consolidated motion to dismiss and related matters; review and revise draft section of motion to dismiss; conduct legal research |
| 7/06/2022 | Brian Liegel | $1,080.00 | .8 | Revise draft motion to dismiss |
| 7/06/2022 | Leah Saiontz | $756.00 | .5 | Review co-defendant draft section of motion to dismiss |
| 7/07/2022 | Steven Tyrrell | $1,435.50 | 2.6 | Miscellaneous communications, including with other defense counsel, regarding draft consolidated motion to dismiss and related matters; review and revise draft section of motion to dismiss; miscellaneous legal research re: same; review motion for enlargement of page limit for motion to dismiss |
| 7/07/2022 | Brian Liegel | $1,080.00 | 1.2 | Revise motion to dismiss on personal jurisdiction and co-defendant's section of the joint motion |
| 7/08/2022 | Steven Tyrrell | $1,435.50 | 3.8 | Miscellaneous communications, including with other defense counsel, regarding draft consolidated motion to dismiss, motion for enlargement of page limit, and related matters; review and analyze related materials, including draft sections of motion to dismiss; conduct miscellaneous legal research re: same |
| 7/08/2022 | Ann Merlin | | 1.1 | Cite check motion to dismiss for lack of personal jurisdiction |
| 7/09/2022 | Brian Liegel | $1,080.00 | 1.4 | Draft individual insert for motion to dismiss |
| 7/11/2022 | Brian Liegel | $1,080.00 | 1.3 | Revise individual section of motion to dismiss and coordinate with group on edits |
| 7/12/2022 | Steven Tyrrell | $1,435.50 | 1.2 | Review and provide additional edits to the joint motion to dismiss the amended complaint; Miscellaneous communications re: same |
| 7/12/2022 | Brian Liegel | $1,080.00 | 1.3 | Review and analyze revised motion to dismiss and respond to questions from counsel to co-defendant |
| 7/13/2022 | Ed Soto | $1,435.50 | .5 | Review and comment on issues related to the proposed draft motion to dismiss; review and comment on correspondence related to same |
| 7/13/2022 | Steven Tyrrell | $1,435.50 | .6 | Review and provide additional edits to the supplemental motion to dismiss the amended complaint; communications re: same |
| 7/13/2022 | Leah Saiontz | $756.00 | .2 | Finalize motion to dismiss on personal jurisdiction |
| 7/14/2022 | Brian Liegel | $1,080.00 | .7 | Revise brief and file motion to dismiss on personal jurisdiction |
| 7/18/2022 | Steven Tyrrell | $1,435.50 | 1.4 | Miscellaneous communications, including with client, regarding motion to dismiss and related matters; review and analyze recent filings |
| 7/19/2022 | Steven Tyrrell | $1,435.50 | 1.4 | Miscellaneous communications, including with client and other counsel, regarding status of matter, ongoing coordination, and related matters; review and analyze materials re: same |
| 7/21/2022 | Steven Tyrrell | $1,435.50 | .7 | Miscellaneous communications, including with other defense counsel, regarding status of matter, ongoing coordination on preparation of reply in support of motion to dismiss, and related matters; and analyze recent filings |
| 7/22/2022 | Steven Tyrrell | $1,435.50 | .7 | Miscellaneous communications, including with client, regarding status of case and related matters; review and analyze recent filings |
| 7/25/2022 | Steven Tyrrell | $1,435.50 | .2 | Review recent filings |

26

| | | | | |
|---|---|---|---|---|
| 7/26/2022 | Steven Tyrrell | $1,435.50 | .5 | Miscellaneous communications, including call with other defense counsel, regarding coordination on preparation of reply in support of motion to dismiss and related matters |
| 7/28/2022 | Steven Tyrrell | $1,435.50 | .2 | Miscellaneous communications regarding preparation of reply in support of motion to dismiss amended complaint |
| 7/29/2022 | Steven Tyrrell | $1,435.50 | .4 | Miscellaneous communications regarding preparation of reply in support of motion to dismiss amended complaint and related matters |
| 7/29/2022 | Leah Saiontz | $756.00 | 1 | Draft reply in support of motion to dismiss based on lack of personal jurisdiction |
| 8/05/2022 | Steven Tyrrell | $1,435.50 | 4.7 | Miscellaneous communications, including Zoom conferences with joint defense group and specific co-defendants, regarding filings in opposition to motions to dismiss, preparation of reply in support of joint motion, and related issues; review and analyze filings and related materials |
| 8/05/2022 | Leah Saiontz | $756.00 | 4.1 | Draft response to reply re: personal jurisdiction |
| 8/08/2022 | Steven Tyrrell | $1,435.50 | 3.3 | Review, analyze and revise sections of reply in support of joint motion to dismiss; review and analyze draft reply in support of individual motion to dismiss for lack of personal jurisdiction; review and analyze related materials; review recent filings |
| 8/08/2022 | Brian Liegel | $1,080.00 | 4.3 | Draft reply in support of motion to dismiss |
| 8/08/2022 | Leah Saiontz | $756.00 | 3.1 | Draft reply in support of motion to dismiss; correspondence re: same |
| 8/09/2022 | Steven Tyrrell | $1,435.50 | 2.7 | Review and revise draft reply in support of individual motion to dismiss for lack of personal jurisdiction; review and analyze related materials; review recent filings; miscellaneous communications re: same |
| 8/09/2022 | Leah Saiontz | $756.00 | 2.8 | Draft response to reply re: personal jurisdiction; correspondence re: same |
| 8/10/2022 | Steven Tyrrell | $1,435.50 | 3.4 | Review and revise joint reply in support of motion to dismiss; review and revise reply in support of motion to dismiss on personal jurisdiction grounds; review and analyze related materials; miscellaneous communications, including Zoom conference with all defense counsel, re: same and related matters; review recent filings |
| 8/10/2022 | Leah Saiontz | $756.00 | 1.7 | Draft response to reply re: personal jurisdiction; correspondence re: same |
| 8/11/2022 | Steven Tyrrell | $1,435.50 | 2.6 | Review and provide final comments and edits for joint reply in support of motion to dismiss; review revise reply in support of motion to dismiss on personal jurisdiction grounds; review and analyze related materials; miscellaneous communications re: same and related matters; review recent filings |
| 8/11/2022 | Brian Liegel | $1,080.00 | 1.2 | Revise briefs on reply on motion to dismiss |
| 8/11/2022 | Leah Saiontz | $756.00 | 1.1 | Finalize and file motion to dismiss |
| 8/12/2022 | Steven Tyrrell | $1,435.50 | .6 | Review recent filings |
| 8/15/2022 | Steven Tyrrell | $1,435.50 | .5 | Review recent filings; misc. Communications re: same |
| 8/16/2022 | Steven Tyrrell | $1,435.50 | .4 | Review recent filings |
| 8/17/2022 | Steven Tyrrell | $1,435.50 | .3 | Review recent filings |
| 8/18/2022 | Steven Tyrrell | $1,435.50 | .5 | Review recent filings |
| 9/01/2022 | Steven Tyrrell | $1,435.50 | .2 | Review recent filings |
| 9/06/2022 | Steven Tyrrell | $1,435.50 | .2 | Review recent filings |
| 9/07/2022 | Steven Tyrrell | $1,435.50 | .2 | Review recent filings |

| | | | | |
|---|---|---|---|---|
| 9/08/2022 | Steven Tyrrell | $1,435.50 | .6 | Review recent filings; Miscellaneous communications, including with client, regarding order granting motion to dismiss |
| 9/09/2022 | Steven Tyrrell | $1,435.50 | 1.8 | Review order granting motions to dismiss; review and revise draft summary of order and next steps for client; Communications re: same; Communications with joint defense group regarding potential motion for sanctions |
| 9/09/2022 | Brian Liegel | $1,080.00 | 1.9 | Analyze court ruling and draft summary of same and appeal prospects |
| 9/09/2022 | Leah Saiontz | $882.00 | .9 | Analyze court ruling and draft summary of same |
| 9/12/2022 | Steven Tyrrell | $1,435.50 | .6 | Miscellaneous communications, including with joint defense group, regarding potential motion for sanctions; review and analyze related materials |
| 9/13/2022 | Steven Tyrrell | $1,435.50 | 1.0 | Miscellaneous communications, including with joint defense group, regarding potential motion for sanctions; review and analyze related materials |
| 9/13/2022 | Brian Liegel | $1,080.00 | .6 | Participate in group discussion re sanctions motion |
| 9/14/2022 | Leah Saiontz | $882.00 | 1.4 | draft insert for sanctions motion |
| 9/16/2022 | Steven Tyrrell | $1,435.50 | .4 | Communications regarding potential motion for sanctions |
| 9/20/2022 | Leah Saiontz | $882.00 | .8 | Draft insert for sanctions motion |
| 9/21/2022 | Steven Tyrrell | $1,435.50 | 1.7 | Review draft motion for sanctions; communications re: same; review and analyze related materials |
| 9/21/2022 | Brian Liegel | $1,080.00 | .9 | Revise sanctions motion |
| 9/23/2022 | Steven Tyrrell | $1,435.50 | .8 | Review and analyze revised draft motion for sanctions; communications, including with client, re: same. |
| 9/28/2022 | Steven Tyrrell | $1,435.50 | .7 | Communications with counsel for other defendants regarding sanctions motions; review and analyze revised draft motion and related materials |
| 9/28/2022 | Brian Liegel | $1,080.00 | .4 | Participate in conversation with joint defense group re sanctions |
| 9/29/2022 | Leah Saiontz | $882.00 | 4.8 | Draft declaration in support of fee request |
| 9/30/2022 | Brian Liegel | $1,080.00 | 2.4 | Draft declaration in support of fee request and confer with S. Tyrrell re: same; revise motion for sanctions |

28

# EXHIBIT C



-----Original Message-----
From: do_not_reply@psc.uscourts.gov <do_not_reply@psc.uscourts.gov>
Sent: Tuesday, April 26, 2022 12:44 PM
To: Merlin, Ann <Ann.Merlin@weil.com>
Subject: Pay.gov Payment Confirmation: FLORIDA SOUTHERN DISTRICT COURT

Your payment has been successfully processed and the details are below. If you have any questions or you wish to
cancel this payment, please contact: Financial Section at 305-523-5050.

   Account Number: 4283419
   Court: FLORIDA SOUTHERN DISTRICT COURT
   Amount: $200.00
   Tracking Id: AFLSDC-15589786
   Approval Code: 145485
   Card Number: ************ ▮
   Date/Time: 04/26/2022 12:43:29 ET

   NOTE: This is an automated message. Please do not reply

# EXHIBIT D

ID:              54613.0004                                                    PROFORMA #   12690315
CLIENT:          RODNEY JOFFE                                                  BILL #
MATTER:          TRUMP CIVIL RICO CASE

### ITEMIZED DISBURSEMENTS- 54613.0004 - TRUMP CIVIL RICO CASE

**NAME**

| DATE | DESCRIPTION | DISB TYPE | DISB ID# | AMOUNT |
|------|-------------|-----------|----------|--------|
| 09/20/22 | Saiontz, Leah | S061 | 41137121 | $552.29 |
| | ELECTRONIC RESEARCH | | | |
| | NY LEXIS - SAIONTZ, LEAH 08/05/2022 ACCOUNT 424YN6CXS | | | |
| 09/23/22 | Muller, Michael | S061 | 41151218 | $39.00 |
| | ELECTRONIC RESEARCH | | | |
| | PACER USAGE REPORT - NEW YORK OFFICE - AUGUST 2022 | | | |
| 09/26/22 | Merlin, Ann | S061 | 41139782 | $13.04 |
| | ELECTRONIC RESEARCH | | | |
| | MIAMI WESTLAW - MERLIN,ANN 08/08/2022 TRANSACTIONS: 15 | | | |

                                        **TOTAL DISBURSEMENTS**                            **$604.33**

## Objection Breakdown - Joffe

| Entry No. | Page # | Block | Duplicative | Excessive | Vague | Total |
|:---:|:---:|:---|:---|:---|:---|:---|
| 1 | 23 | $387.00 | | | | |
| 2 | 23 | $1,080.00 | | | | |
| 3 | 23 | | $756.00 | | | |
| 4 | 23 | | $756.00 | | | |
| 5 | 23 | | $756.00 | | | |
| 6 | 24 | | $756.00 | | | |
| 7 | 24 | | | $756.00 | | |
| 8 | 24 | | | $756.00 | | |
| 9 | 24 | | $1,080.00 | | | |
| 10 | 24 | $1,435.50 | | | | |
| 11 | 24 | $1,435.50 | | | | |
| 12 | 24 | | $756.00 | | | |
| 13 | 24 | | | | $1,435.50 | |
| 14 | 24 | | $1,080.00 | | | |
| 15 | 24 | | $756.00 | | | |
| 16 | 24 | $1,435.50 | | | | |
| 17 | 24 | | $1,080.00 | | | |
| 18 | 24 | | $756.00 | | | |
| 19 | 25 | $1,435.50 | | | | |
| 20 | 25 | | $756.00 | | | |
| 21 | 25 | $1,435.50 | | | | |
| 22 | 25 | $1,435.50 | | | | |
| 23 | 25 | $1,435.50 | | | | |
| 24 | 26 | $1,435.50 | | | | |
| 25 | 26 | $1,435.50 | | | | |
| 26 | 26 | $1,435.50 | | | | |
| 27 | 26 | $1,435.50 | | | | |
| 28 | 26 | | | | $1,435.50 | |
| 29 | 27 | $1,435.50 | | | | |
| 30 | 27 | $1,435.50 | | | | |
| 31 | 27 | | $756.00 | | | |
| 32 | 27 | $1,435.50 | | | | |
| 33 | 27 | | $756.00 | | | |
| 34 | 27 | $1,435.50 | | | | |
| 35 | 27 | | $756.00 | | | |
| 36 | 27 | $1,435.50 | | | | |
| 37 | 28 | $143.50 | | | | |
| 38 | 28 | $1,435.50 | | | | |
| 39 | 28 | | $1,080.00 | | | |
| **Total** | | **$26,014.00** | **$12,636.00** | **$1,512.00** | **$2,871.00** | **$43,033.00** |

### Fees incured from Complaint to initial MTD

| TimeKeeper | Hours | Fees |
|---|---|---|
| Steven A. Tyrrell | 15.9 | $22,824.45 |
| Edward Soto | 1 | $1,435.50 |
| Brian Liegel | 27.3 | $29,484.00 |
| Leah Sainontz | 33.8 | $25,553.00 |
| Ann Merlin | 6.3 | $2,438.10 |
| **Total** | | **$81,735.05** |

### ncured initial MTD to dismissal

| TimeKeeper | Hours | Fees |
|---|---|---|
| Steven A. Tyrrell | 53.4 | $76,655.70 |
| Edward Soto | 0.5 | $717.50 |
| Brian Liegel | 16.4 | $17,712.00 |
| Leah Sainontz | 30.5 | $23,058.00 |
| Ann Merlin | 1.1 | $425.70 |
| **Total** | | **$118,568.90** |

### cured to date on sactions motion

| TimeKeeper | Hours | Fees |
|---|---|---|
| Steven A. Tyrrell | 8.2 | $11,771.10 |
| Brian Liegel | 6.2 | $6,696.00 |
| Leah Sainontz | 7.9 | $6,967.80 |
| **Total** | | **$25,434.90** |

| | |
|---|---|
| **Total Fees Incurred** | $225,738.85 |
| **Total Objections** | $43,033.00 |
| **New Fees Incurred =** | $182,705.85 |

| | |
|---|---|
| **Exhibit B:** | $172,260.00 |
| **Exhibit D:** | $604.33 |
| **Total Fees Incurred =** | $172,864.33 |
| **Total Objections** | $43,033.00 |
| **New Fees Incurred =** | **$129,831.33** |

Discrepancy in the reporting of Fees Incurred. Charts A, B, and C found on pages 3 and 4 which summarize fees associated with three different phases of the case show **$52,874** higher total fees than displayed in Exhibits B & D, which display a "true and correct copy of the hours worked by counsel for Joffe"

# EXHIBIT 12

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Donald J. Trump,

               Plaintiff,

     v.

Hillary R. Clinton *et al.*,

               Defendants.

Civil Action No. 2:22-14102-DMM

### **DECLARATION OF ENJOLIQUÉ A. LETT IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS AND FEES**

I, Enjoliqué A. Lett, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.     I am a shareholder at Greenberg Traurig, P.A., counsel of record for Orbis Business Intelligence Ltd. in the above captioned matter.

2.     Attached as Exhibit A are the law firm website biographies of the attorneys at Greenberg Traurig, P.A. for whom Orbis Business Intelligence Ltd. seeks attorneys' fees. The biographies reflect the professional qualifications of those attorneys.

3.     Greenberg Traurig, P.A. entered into a retention agreement with Orbis Business Intelligence, Ltd. in connection with the present litigation. Orbis Business Intelligence Ltd. agreed to pay all of Greenberg Traurig, P.A.'s costs, fees, and expenses incurred in connection with the present suit.

4.     Attached as Exhibit B is a true and correct copy of the hours worked by counsel for Orbis Business Intelligence Ltd. Orbis Business Intelligence Ltd. is not seeking reimbursement for the attorneys' customary hourly rates described in Paragraph 3. Instead, Orbis Business Intelligence Ltd. seeks fees at discounted hourly rate for the attorneys as described in Exhibit B and below. These discounted hourly rates are consistent with the rates this Court concluded were

1

reasonable in *Celsius Holdings, Inc v. A SHOC Beverage, LLC*, No. 21-cv-80740, 2022 WL 3568042 (July 19, 2022).  Exhibit B also provides an accurate statement of the work provided by Greenberg Traurig, P.A. during the periods for which discounted fees are sought.

5.      Consistent with the discussion in the Memorandum in Support of Sanctions and the information provided in Exhibit B, I summarize below in Charts B and C the fees associated with two different phases of the case as applicable to Orbis Business Intelligence Ltd.:  the fees incurred between the filing of Orbis Business Intelligence Ltd.'s motion to dismiss to the Court's order dismissing the suit, and the fees incurred to date in connection with the motion for sanctions.

6.      As reflected in Chart B, the discounted fees incurred by Orbis Business Intelligence Ltd. from the filing of Orbis Business Intelligence Ltd.'s motion to dismiss to this Court's dismissal of the suit total $40,675.

7.      As reflected in Chart C, the discounted fees incurred by Orbis Business Intelligence Ltd. in connection with the motion for sanctions, to date, total $6490.

**Chart A:  Fees incurred from Complaint to initial MTD[1]**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Enjoliqué A. Lett | $700 | 0 | $0 |
| Akiesha G. Sainvil | $450 | 0 | $0 |

---

[1] Defendant Orbis Business Intelligence Ltd. was not purportedly served with process until after Plaintiff's filing of his Amended Complaint, therefore Defendant Orbis Business Intelligence Ltd. filed its Motion to Dismiss as to Plaintiff's Amended Complaint. Accordingly, Defendant Orbis Business Intelligence Ltd. did not incur any fees from the original Complaint to co-defendants' initial Motions to Dismiss.

**Chart B:  Fees incurred initial MTD to dismissal**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Enjoliqué A. Lett | $700 | 23.2 | $16,240 |
| Akiesha G. Sainvil | $450 | 54.3 | $24,435 |

**Chart C:  Fees incurred to date on sanctions motion**

| Timekeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Enjoliqué A. Lett | $700 | 7.3 | $5,110 |
| Akiesha G. Sainvil | $450 | 1.2 | $540 |

8.     I believe that the discounted rates claimed are reasonable given the professional qualifications of the billers as evidenced in Exhibit A for the Southern District of Florida market and given the rates approved by this Court in *Celsius*.

9.     Consistent with local Rule 7.3, counsel sent the motion papers and exhibits to Plaintiff's counsel on [DATE].  [FILL IN RESULT OF CONFERRAL].

  /s/ *Enjoliqué A. Lett*
Enjoliqué A. Lett

# EXHIBIT

## "A"

**GT** GreenbergTraurig



# Enjoliqué Aytch Lett

SHAREHOLDER

Enjolique.Lett@gtlaw.com

**MIAMI**
333 SE 2nd Avenue
Suite 4400
Miami, FL 33131
+1 305.579.0640

https://www.linkedin.com/in/enjoliqu%C3%A9-lett-0364641/

## Litigation | Products Liability & Mass Torts | Pharmaceutical, Medical Device & Health Care Litigation | Commercial Litigation | Pharmaceutical, Medical Device & Health Care

Enjoliqué Aytch Lett leads bet-the-company litigation on behalf of drug and medical device manufacturers. She has worked as lead counsel in all aspects of mass tort and multi-district litigation, and has substantial experience and background defending high-profile clients in complex commercial litigation.

Enjoliqué is passionate about service and devotes her time and efforts to professional organizations and to the community as a whole. She serves as Pro Bono Chair for the South Florida Chapter of the Federal Bar Association and the DRI Products Liability Committee, and mentors students at the University of Miami and Florida International University. She also mentors a former prisoner returning to society through a partnership with the Southern District of Florida's Court Assisted Reentry (C.A.R.E.) Program.

## Concentrations

- Litigation
- Products liability
- Pharmaceutical, medical device, and health care litigation
- Medical malpractice
- Commercial litigation

## Experience

### Representative Matters

- Won dismissal of lawsuit alleging civil RICO conspiracy and respondeat superior/vicarious liability claims filed by former U.S. President on behalf of British intelligence agency. *See* Law360, Trump's RICO Suit Against Clinton Dismissed As 'Manifesto'; Law.com, Judge Trashes Trump's RICO Lawsuit Against Hillary Clinton, Perkins Coie.
- Represents manufacturer of Chinese drywall in mass tort actions in the state and federal courts of Florida.

**GT** GreenbergTraurig

- Lead defense counsel for a hernia mesh medical device manufacturer in a high-profile MDL centralized in the District of New Hampshire against claims of strict product liability, negligence, breach of warranty, and other causes of action.°

- Lead a 20+ lawyer team representing a hernia mesh manufacturer in related state mass tort actions alleging strict product liability, negligence, breach of warranty, and other causes of action.°

- Represented sportswear giant, Under Armour, against a declaration judgment action where opponent attempted to show that its trademarks did not infringe on Under Armour's trademarks, and seeking the cancellation of Under Armour registered trademarks; prosecuted Under Armour's claims for trademark infringement, trademark dilution, unfair compensation, and cybersquatting under the Lanham Act, 15 U.S.C. § 1051, et seq.°

  *°The above representations were handled by Ms. Lett prior to her joining Greenberg Traurig, P.A.*

---

## Recognition & Leadership

### Awards & Accolades

- Listed, *Florida Trend* magazine, "Legal Elite – Commercial Litigation," 2022
  - "Up and Comer," 2022
- Team Member, a *Law360* "Product Liability Practice Group of the Year," 2021
- Listed, *Legal 500 United States,* 2021-2022
  - Dispute Resolution - Product Liability, Mass Tort and Class Action - Defense: Pharmaceuticals and Medical Devices, 2021-2022
  - Dispute Resolution - Product Liability, Mass Tort and Class Action - Defense: Consumer Products (Including Tobacco), 2021
- Listed, The National Black Lawyers, "Top 40 Under 40," 2015-2020
- Listed, Cystic Fibrosis Foundation, "40 Under 40 Outstanding Lawyers of South Florida," 2018
- Listed, *Super Lawyers* magazine, *Florida Super Lawyers,* "Rising Stars," 2019-2021
- Recognized, *Daily Business Review*, Professional Excellence Awards, "Young Lawyer on the Rise," 2017
- Listed, *Legacy Miami* magazine, "Miami-Dade County's 40 Under 40 Black Leaders of Today and Tomorrow," 2014
- Listed, *Super Lawyers* magazine, *Georgia Super Lawyers, "Rising Stars," 2011*

### Professional & Community Involvement

- Member, Editorial Board, *The Atlanta Lawyer*, 2010-2016
- Member, The Atlanta Bar Association, 2007-2016
- Chair, DRI Product Liability Diversity Committee, 2016-2019
  - Chair, DRI Product Liability Philanthropic Activities, 2019-Present
- Board Member, Federal Bar Association, South Florida Chapter, 2016-Present
  - Chair, Pro Bono Committee, Federal Bar Association, South Florida Chapter, 2016-Present
- Member, Gate City Bar Association, 2007-2016
- Member, Georgia Association for Women Lawyers (GAWL), 2007-2014

**GT** GreenbergTraurig

- Member, Georgia Association of Black Women Attorneys (GABWA), 2004-Present
- Member, The Lawyers' Committee for Civil Rights Under Law's Election Protection, 2008-2012
- Miami City Lead, Leadership Council on Legal Diversity, 2018-Present
  - Fellow, Leadership Council on Legal Diversity, 2017
- Member, Wilkie D. Ferguson, Jr. Bar Association, 2012-Present
- Young Lawyers Division Leadership Academy, State Bar of Georgia, 2010

## Credentials

### Education

- J.D., *cum laude*, University of Georgia School of Law, 2007
  - Editor-in-Chief, *Georgia Journal of International & Comparative Law*
  - Regional Best Brief, Frederick Douglass Moot Court Competition
- B.A., American University, 2003

### Clerkship

- Hon. Marcia G. Cooke, U.S. District Court for the Southern District of Florida, 2012-2014

### Admissions

- Florida
- Georgia
- U.S. District Court for the Northern District of Florida
- U.S. District Court for the Middle District of Florida
- U.S. District Court for the Southern District of Florida
- U.S. District Court for the Northern District of Georgia
- U.S. District Court for the Middle District of Georgia

## News, Insights & Presentations

### News

| | |
|---|---|
| 09.09.22 | Read the Doc: Judge Trashes Trump's RICO Lawsuit Against Hillary Clinton, Perkins Coie, *National Law Journal* |
| 09.09.22 | Trump Vows to Appeal Dismissal of RICO Lawsuit Against Hillary Clinton, Perkins Coie, *National Law Journal* |
| 09.09.22 | Trump's RICO Suit Against Clinton Dismissed As 'Manifesto', *Law360 Pulse* |
| 04.21.21 | Greenberg Traurig Hires Holland & Knight Litigator Amid Miami Expansion, *Daily Business Review* |
| 01.11.21 | Greenberg Traurig Sees Fast Growth in Products Liability Practice, *Daily Business Review* |
| 11.20.20 | Akerman Mass Tort Litigator Jumps to Greenberg Traurig, *Daily Business Review* |

**GT** GreenbergTraurig

## Insights

| 05.27.21 | Diversity, Equity, and Inclusion in Law Firms and Corporate Legal Departments, *Diversity Insider* | Published Article |
| 05.21.21 | Businesses Must Prepare to Defend Against Covid-19 Lawsuits Despite Shields, *Bloomberg Law Daily Labor Report* | Published Article |

## Presentations

| 10.30.22 | Product Liability in the 21st Century, International Bar Association (IBA) Annual Conference |
| 06.17.22 | Speaker, Opening Remarks- AS/COA Women's Hemispheric Network Forum – Miami 2022, AS/COA Women's Hemispheric Network Forum – Miami |
| 03.11.22 | Panelist, 6th Annual Miami Law Class Action & Complex Litigation Forum |
| 09.21.18 | MDL – To Centralize or Not to Centralize, That is the Question, Trial Network, Minneapolis Products Liability SuperCourse |

**GT** GreenbergTraurig



# Akiesha Gilcrist Sainvil

ASSOCIATE

Akiesha.Sainvil@gtlaw.com

**MIAMI**
333 SE 2nd Avenue
Suite 4400
Miami, FL 33131
+1 305.579.0642

**Litigation** | **Pharmaceutical, Medical Device & Health Care Litigation** | **Products Liability & Mass Torts** | **Pharmaceutical, Medical Device & Health Care**

Akiesha Gilcrist Sainvil focuses her practice on defending medical device, pharmaceutical, and consumer products manufacturers in high-stakes complex products liability and mass torts litigation. She handles and manages all aspects of litigation, ranging from pre-suit matters through trial, and onwards through appeal. Akiesha understands that there are often nationwide or global business implications for clients in all litigation and works to strategically align her representation of clients with those needs.

Akiesha brings a broad range of industry experience to her practice, having also defended major retailers, automotive and transportation companies, financial and health care institutions, and insurance providers in complex commercial litigation matters throughout the country in federal and state courts (including appellate courts) and in arbitration. Akiesha also clerked for Judge D. Michael Fisher of the United States Court of Appeals for the Third Circuit. In drawing upon this experience, she is able to quickly adapt to ever-changing business needs and develop creative litigation strategies.

Akiesha is also active in her community. She devotes herself to the advancement and promotion of diversity in the legal profession through her service as a mentor and advocate for young and aspiring lawyers. She currently serves as Miami City Lead for the Leadership Council on Legal Diversity's Success in Law School Mentoring Program. She also devotes time to pro bono efforts and actively supports the Miami Children's Museum.

## Concentrations

- Pharmaceutical, medical device, and health care litigation
- Products Liability
- Multidistrict litigation
- Class and mass action litigation

## Experience

**Representative Matters**

- Won dismissal of lawsuit alleging civil RICO conspiracy and respondeat superior/vicarious liability claims filed by former U.S. President on behalf of British intelligence agency. *See* Law360, Trump's RICO Suit

**GT** GreenbergTraurig

*Against Clinton Dismissed As 'Manifesto'*; Law.com, *Judge Trashes Trump's RICO Lawsuit Against Hillary Clinton, Perkins Coie*.

- Argued and won dismissal of a breach of warranty claim on behalf of medical device manufacturer of flush devices in state court product liability lawsuit.

- Key member of trial team that obtained a complete defense verdict following a two-week trial in July 2021 in a multimillion-dollar action involving cardiovascular intravascular device against our client, a medical device manufacturer of numerous life-saving devices and products.

- Represent manufacturer of flush medical devices against wrongful death suit involving product liability claims in state court.

- Defend medical device manufacturer of vascular devices against product liability claims in federal courts across the country.

- Served as National Coordinating Counsel for Fortune 50 Transportation Company.°

- Represented and defended manufacturers of various products, including HVAC systems, fire extinguishers, engines, and pharmaceutical drugs, against product liability actions in state and federal courts around the country.°

- Obtained summary judgment on behalf of a multinational retailing corporation in contract dispute in federal court.°

- Obtained dismissal on behalf of international banking and financial services institution in vehicle repossession class action in federal court.°

  *°The above representations were handled by Akiesha Gilcrist Sainvil prior to her joining Greenberg Traurig, P.A.*

### Internships

- Judicial Intern, Honorable David S. Cercone, U.S. District Court for the Western District of Pennsylvania

- Certified Legal Intern, Immigration Clinic, University of Pittsburgh School of Law

## Recognition & Leadership

### Awards & Accolades

- Listed, "*The Best Lawyers in America: Ones to Watch*," 2021-2023
  - Product Liability Litigation - Defendants, 2023
  - Mass Tort Litigation / Class Actions - Defendants, 2023
  - Commercial Litigation, 2021-2023
  - Alternative Dispute Resolution, 2021-2023
- Recognized, The National Black Lawyers, "Top 40 Under 40" Attorney in Florida, 2020-2022
- Recognized, *Daily Business Review*, Florida Legal Awards, "Diversity & Inclusion Honoree," 2022
- Listed, *Super Lawyers* magazine, *Florida Super Lawyers*, "Rising Stars," 2021-2022
- Team Member, a *Law360* "Product Liability Practice Group of the Year," 2021
- Recognized, Palm Beach Media Group's *Aventura Magazine*, "Top Lawyer," 2021-2022
- Recognized, *Legacy* Magazine, "40 Under 40: Black Leaders of Today and Tomorrow," 2020
- Selected, Leadership Council on Legal Diversity Program, "Pathfinder," 2017

GT | GreenbergTraurig

### Professional & Community Involvement

- Leadership Council on Legal Diversity (LCLD)
  - City Lead - Miami, Success in Law School Mentoring Program, 2020–Present
  - City Lead – Miami, Alumni Group, 2020
  - LCLD Pathfinder Program Participant, 2017
- The Florida Bar
  - Member, Diversity & Inclusion Committee, 2022-2023
  - Fellow, Wm. Reece Smith, Jr. (WRS) Leadership Academy, Class IX, 2021-2022
- Dade County Bar Association
  - Member, Diversity & Inclusion Committee
  - Member, Federal Court Committee
- Playmakers Young Professionals Support Group, Miami Children's Museum, 2019–Present
- Federal Bar Association
  - Member, South Florida Chapter
  - Member, Young Lawyers Division
- Museum Ambassadors, Children's Museum of Pittsburgh
- Alumna, International Association of Defense Counsel Trial Academy, 2016
- Allegheny County Bar Association
  - Council Member, Homer S. Brown Division, 2014–2017
  - Diversity Committee Co-Chair, Young Lawyer's Division, 2014–2015

## Credentials

### Education

- J.D., University of Pittsburgh School of Law, 2013
  - Senior Topics Editor, *Law Review*
- B.A., *cum laude*, University of Pittsburgh, 2010

### Admissions

- Florida
- Pennsylvania
- U.S. District Court for the Northern District of Florida
- U.S. District Court for the Southern District of Florida
- U.S. District Court for the Middle District of Florida
- U.S. District Court for the Eastern District of Pennsylvania
- U.S. District Court for the Western District of Pennsylvania
- U.S. Court of Appeals for the Third Circuit

**GT** GreenbergTraurig

### Clerkship

- Hon. D. Michael Fisher, U.S. Court of Appeals for the Third Circuit, 2013-2014

## News, Insights & Presentations

### News

| 09.09.22 | Read the Doc: Judge Trashes Trump's RICO Lawsuit Against Hillary Clinton, Perkins Coie, *National Law Journal* |
| 09.09.22 | Trump Vows to Appeal Dismissal of RICO Lawsuit Against Hillary Clinton, Perkins Coie, *National Law Journal* |
| 09.09.22 | Trump's RICO Suit Against Clinton Dismissed As 'Manifesto', *Law360 Pulse* |
| 06.22.22 | The Florida Bar Wm. Reece Smith, Jr., Leadership Academy, Class IX, Year in Review, *Florida Bar News* |
| 05.16.22 | Diversity: DEI Needs Attention At All Times, 'Not Just When People Are Watching,' Says Greenberg's Akiesha Sainvil, *Daily Business Review* |
| 11.20.20 | Akerman Mass Tort Litigator Jumps to Greenberg Traurig, *Daily Business Review* |

### Insights

| 01.18.22 | 5 Trends to Watch in 2022 Pharmaceutical, Medical Device & Health Care Litigation | Published Article |
| 05.27.21 | Diversity, Equity, and Inclusion in Law Firms and Corporate Legal Departments, *Diversity Insider* | Published Article |
| 05.21.21 | Businesses Must Prepare to Defend Against Covid-19 Lawsuits Despite Shields, *Bloomberg Law Daily Labor Report* | Published Article |
| 01.01.13 | Undocumented Immigrants: Lack of Equal Protection and Its Impact on Public Health, *Journal of Legal Medicine* | Published Article |

### Presentations

| 05.19.22 | Honoree, Diversity and Inclusion: Individual, Daily Business Review (DBR) - Florida Legal Awards 2022 |

# EXHIBIT

# "B"



Invoice No. :  1000083200
File No.      :  210459.010100
Bill Date     :  September 14, 2022

Orbis Business Intelligence

# **INVOICE**

Re:   Orbis/Trump v. Clinton

Legal Services through August 31, 2022:

<table>
<tr><td>Total Fees:</td><td>$</td></tr>
<tr><td><strong>Current Invoice</strong>:</td><td><strong>$</strong></td></tr>
</table>

EAL:EC

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, Florida 33131
Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

15

| | | | Page 1 |
|---|---|---|---|
| Invoice No.: | 1000083200 | | |
| Re: | Orbis/Trump v. Clinton | | |
| Matter No.: | 210459.010100 | | |

<br>

## Description of Professional Services Rendered:

| | DATE | TIMEKEEPER | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|---|---|
| | 08/01/22 | Enjolique A. Lett | Prepare for and confer with client concerning defense strategy. | 1.00 | |
| | 08/01/22 | Akiesha G. Sainvil | Strategy and introduction call with client concerning status of pending litigation, pertinent facts for motion to dismiss, and action plan for preparation of motion to dismiss | 0.40 | |
| | 08/03/22 | Enjolique A. Lett | Review and analyze service documents to Orbis. | 0.20 | |
| | 08/04/22 | Enjolique A. Lett | Correspond with client concerning questions regarding service. | 0.10 | |
| | 08/04/22 | Akiesha G. Sainvil | Analyze status of matter in furtherance of development of strategy and preparation of motion to dismiss, including review and attention to procedural posture of case based upon previous filings by other parties and reviewing and analyzing amended complaint | 1.80 | |
| | 08/05/22 | Enjolique A. Lett | Contact Plaintiff's counsel to discuss an agreed upon response deadline for Orbis. | 0.10 | |
| | 08/05/22 | Enjolique A. Lett | Further analyze service and waiver issues and correspond with client concerning same. | 0.80 | |
| | 08/08/22 | Enjolique A. Lett | Attempted contact and correspond with Plaintiff's counsel concerning agreed upon deadline for the response to Plaintiff's Amended Complaint. | 0.30 | |
| | 08/09/22 | Enjolique A. Lett | Revise Defendant Orbis' Unopposed Motion to Set Response Deadline and Proposed Order. | 0.40 | |
| | 08/09/22 | Enjolique A. Lett | Review Order Granting In Part Defendant Orbis Business Intelligence Ltd.'s Motion to Set Response Deadline to Plaintiff's Amended Complaint. | 0.10 | |
| | 08/09/22 | Enjolique A. Lett | Correspond with Plaintiff's counsel securing agreed upon response date. | 0.10 | |
| | 08/09/22 | Enjolique A. Lett | Review correspondence concerning agreed deadline for response to Amended Complaint | 0.10 | |
| B | 08/09/22 | Akiesha G. Sainvil | and drafting, reviewing, and revising unopposed motion and proposed order regarding same; Review and attention to prior pleadings of parties and continued review and analysis of amended complaint and party motions | 2.60 | |
| B | 08/10/22 | Akiesha G. Sainvil | Reviewing and assessing pleadings and attention to motion to dismiss strategy; correspondence with client concerning court order regarding motion to dismiss deadline and coordination for preparation of motion and declaration in support | 2.40 | |
| | 08/11/22 | Akiesha G. Sainvil | Reviewing and assessing pleadings and attention to motion to dismiss strategy; | 1.60 | |

| | Invoice No.: | 1000083200 | | Page 2 |
|---|---|---|---|---|
| | Re: | Orbis/Trump v. Clinton | | |
| | Matter No.: | 210459.010100 | | |

| | | | | |
|---|---|---|---|---|
| | | | coordination with client regarding declaration in support | |
| B | 08/12/22 | Akiesha G. Sainvil | Drafting, reviewing, and revising motion to dismiss; Reviewing and analyzing case law in support of arguments for motion to dismiss; Reviewing and assessing pleadings in furtherance of preparation of facts for motion to dismiss and declaration in support | 5.60 |
| B | 08/13/22 | Akiesha G. Sainvil | Drafting, reviewing, and revising motion to dismiss; reviewing and analyzing case law in support of arguments for motion to dismiss; continue reviewing and assessing pleadings in furtherance of preparation of motion to dismiss and declaration in support | 2.90 |
| B | 08/14/22 | Akiesha G. Sainvil | Drafting, reviewing, and revising declaration in support of motion to dismiss; Drafting, reviewing, and revising motion to dismiss; Reviewing and analyzing case law in support of arguments for motion to dismiss; Reviewing and assessing case pleadings in furtherance of preparation of motion to dismiss and declaration in support; Attention to local rules and procedure to ensure conformity in preparation for finalization and filing | 4.30 |
| | 08/15/22 | Enjolique A. Lett | Revise Motion to Dismiss. | 1.10 |
| | 08/15/22 | Enjolique A. Lett | Revise Declaration in support of the Motion to Dismiss. | 0.30 |
| | 08/15/22 | Akiesha G. Sainvil | Prepare for and attend meeting with client concerning status of motion to dismiss and declaration in support; Drafting, reviewing, and revising motion to dismiss and declaration in support | 4.70 |
| | 08/16/22 | Enjolique A. Lett | Multiple revisions of the Declaration of Chris Burrows in Support of Motion to Dismiss for Insufficiency of Service of Process and Lack of Personal Jurisdiction. | 1.30 |
| | 08/16/22 | Enjolique A. Lett | Review correspondence from client concerning details of attempted service on Orbis. | 0.10 |
| | 08/16/22 | Enjolique A. Lett | Draft Orbis Business Intelligence LTD's Corporate Disclosure Statement. | 0.40 |
| B | 08/16/22 | Akiesha G. Sainvil | Attention to, including drafting, reviewing, and revising, motion to dismiss, disclosure statement, and exhibits to motion to dismiss; Correspondence with client regarding service of process issue | 5.40 |
| | 08/17/22 | Enjolique A. Lett | Multiple revisions of Orbis Motion to Dismiss Plaintiff's Amended Complaint. | 4.00 |
| | 08/17/22 | Enjolique A. Lett | Research correct process and service of process under The Hague Convention. | 0.60 |
| B | 08/17/22 | Akiesha G. Sainvil | Correspondence with client concerning declaration in support of the motion to dismiss; Review and attention to motion to dismiss, including cite checks, proofreading, and finalizing document in preparation for transmittal to client | 3.70 |
| | 08/18/22 | Enjolique A. Lett | Revise and finalize the Orbis Business Intelligence Ltd.'s Motion to Dismiss. | 0.90 |

Invoice No.:        1000083200                                                                    Page  3
Re:              Orbis/Trump v. Clinton
Matter No.:      210459.010100

|   | | | | |
|---|---|---|---|---|
| | 08/18/22 | Enjolique A. Lett | Revise and finalize the Corporate Disclosure Statement for Orbis Business Intelligence Ltd. | 0.20 |
| B | 08/18/22 | Akiesha G. Sainvil | Finalizing motion to dismiss, corporate disclosure statement, and exhibits to motion to dismiss in preparation for filing; Correspondence with client concerning filings | 3.80 |
| | 08/19/22 | Enjolique A. Lett | Review and respond to correspondence from the client. | 0.30 |

<u>Total Time</u>:    51.50

<u>Total Fees</u>:      $



|  |  |
|---|---|
| Invoice No. : | 1000095573 |
| File No.     : | 210459.010100 |
| Bill Date   : | October 3, 2022 |

Orbis Business Intelligence

## <u>INVOICE</u>

Re:   Orbis/Trump v. Clinton

<u>Legal Services through October 3, 2022</u>:

|  |  |  |
|---|---|---|
| Total Fees: | $ |  |
| **Current Invoice**: | **$** |  |

EAL:EC

Greenberg Traurig, P.A.
333 S.E. 2nd Avenue | Suite 4400 | Miami, Florida 33131
Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

| | Invoice No.: | 1000095573 | | | Page 1 |
|---|---|---|---|---|---|
| | Re: | Orbis/Trump v. Clinton | | | |
| | Matter No.: | 210459.010100 | | | |

### Description of Professional Services Rendered:

| | DATE | TIMEKEEPER | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|---|---|
| | 09/02/22 | Enjolique A. Lett | Review and analyze Plaintiff's Response in Opposition to Defendant Orbis' Motion to Dismiss and related exhibits, and correspond with Attorney Sainvil concerning strategy for reply. | 0.90 | |
| B | 09/02/22 | Akiesha G. Sainvil | Reviewing and assessing pleadings, blocking out strategy for Reply in Support of Motion to Dismiss, and preparing email to client summarizing pleadings and setting forth strategy for Reply Brief | 1.40 | |
| | 09/06/22 | Enjolique A. Lett | Confer with Attorney Sainvil concerning arguments to address in the Reply Brief in Support of Orbis Business Intelligence's Motion to Dismiss. | 0.40 | |
| | 09/06/22 | Enjolique A. Lett | Review case law regarding RICO's Nationwide Service-of-Process Rule conferring personal jurisdiction when the defendant is not served in the United States in preparation for Orbis Business Intelligence's Reply in Support of Its Motion to Dismiss. | 0.60 | |
| B, E | 09/06/22 | Akiesha G. Sainvil | Drafting, reviewing, and revising Reply in Support of Motion to Dismiss, including attention to Plaintiff's response brief and assessing case law essential to reply brief arguments | 10.90 | |
| | 09/07/22 | Enjolique A. Lett | Draft and revise Orbis Business Intelligence's Reply in Support of the Motion to Dismiss. | 5.30 | |
| D, E, B | 09/07/22 | Akiesha G. Sainvil | Drafting, reviewing, and revising Reply in Support of Motion to Dismiss, including attention to Plaintiff's response brief and assessing case law essential to reply brief arguments | 2.80 | |
| | 09/08/22 | Enjolique A. Lett | Review and analyze Order Granting Defendants' Motions to Dismiss and draft correspondence to client concerning same. | 3.40 | |
| | 09/08/22 | Enjolique A. Lett | Revise and finalize Orbis Business Intelligence's Reply in Support of the Motion to Dismiss. | 0.30 | |
| | 09/12/22 | Enjolique A. Lett | Confer with co-defendants' counsel concerning potential sanctions against Plaintiff. | 0.30 | |
| | 09/12/22 | Enjolique A. Lett | Review decision of this Court imposing §1927 sanctions and a transcript of an interview of Plaintiff's counsel, Alina Habba in preparation for joint defense call on possible sanctions motions. | 0.60 | |
| | 09/13/22 | Enjolique A. Lett | Attend joint defense meeting concerning potential sanctions motions in the Trump v. Clinton case. | 0.70 | |

Invoice No.:   1000095573                                              Page 2
Re:       Orbis/Trump v. Clinton
Matter No.:   210459.010100

| | | | |
|---|---|---|---|
| 09/13/22 | Enjolique A. Lett | Draft correspondence to client summarizing joint defense meeting and plan of action concerning potential sanctions motions. | 1.20 |
| 09/13/22 | Akiesha G. Sainvil | Prepare for and attend joint defense call concerning motion for sanctions. | 0.60 |
| 09/21/22 | Enjolique A. Lett | Review initial draft of Defendants' Joint Motion for Sanctions. | 1.90 |
| 09/22/22 | Enjolique A. Lett | Correspond with counsel for co-defendants concerning the Defendants' Joint Motion for Sanctions. | 0.30 |
| 09/27/22 | Akiesha G. Sainvil | Reviewing and assessing motion for sanctions and coordinated strategy regarding same among defendants | 0.40 |
| 09/28/22 | Akiesha G. Sainvil | Attend joint defense call regarding sanctions motion and preparation of notes regarding same | 0.20 |
| 09/30/22 | Enjolique A. Lett | Review and revise final draft of Defendants' Joint Motion for Sanctions. | 1.00 |
| 09/30/22 | Enjolique A. Lett | Begin preparation of Declaration in Support of Defendants' Motion for Sanctions and Fees. | 1.70 |

Total Time:   34.90

Total Fees:            $

## Objection Breakdown - Orbis

| Entry No. | Page # | Block | Duplicative | Excessive | Vague | Total |
|-----------|--------|-------------|-------------|-----------|-----------|-------------|
| 1 | 16 | $1,170.00 | | | | |
| 2 | 16 | $1,080.00 | | | | |
| 3 | 17 | $2,520.00 | | | | |
| 4 | 17 | $1,305.00 | | | | |
| 5 | 17 | $1,935.00 | | | | |
| 6 | 17 | $2,430.00 | | | | |
| 7 | 17 | $1,665.00 | | | | |
| 8 | 18 | $90.00 | | | | |
| 9 | 20 | $630.00 | | | | |
| 10 | 20 | $4,905.00 | | | | |
| 11 | 20 | $1,260.00 | | | | |
| **Total** | | **$18,990.00** | **$0.00** | **$0.00** | **$0.00** | **$18,990.00** |

**Fees incured from Complaint to initial MTD**

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Enjolique A. Lett | $700/ hour | 0 | $0.00 |
| Akiesha G. Sainvil | $450/ hour | 0 | $0.00 |
| **Total** | | | **$0.00** |

**Fees incured initial MTD to dismissal**

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Enjolique A. Lett | $700/ hour | 23.2 | $16,240.00 |
| Akiesha G. Sainvil | $450/ hour | 54.3 | $24,435.00 |
| **Total** | | | **$40,675.00** |

**Fees incured to date on sactions motion**

| TimeKeeper | Discounted Fee | Hours | Fees |
|---|---|---|---|
| Enjolique A. Lett | $700/ hour | 7.3 | $5,110.00 |
| Akiesha G. Sainvil | $450/ hour | 1.2 | $540.00 |
| **Total** | | | **$5,650.00** |

| | |
|---|---|
| **Total Fees Incurred** | $46,325.00 |
| **Total Objections** | $18,990.00 |
| **New Fees Incurred =** | $27,335.00 |

| | |
|---|---|
| **Exhibit B:** | $46,605.00 |
| **Total Fees Incurred =** | **$46,605.00** |
| **Total Objections** | $18,990.00 |
| **New Fees Incurred =** | **$27,615.00** |

Discrepancy in the reporting of Fees Incurred. Charts A, B, and C found on pages 2 and 3 which summarize fees associated with three different phases of the case show $280 lower total fees than displayed in Exhibits B & D, which display a "true and correct copy of the hours worked by counsel for Orbis."

# CA11 81

Appellants' Motion for Judicial Notice or in the Alternative Motion for
Stay (June 9, 2023) (11th Cir. No. 22-13410)

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

DONALD TRUMP, et al.,

      Appellants,

v.

HILLARY CLINTON, et al.,

      Appellees.

**No. 22-13410-HH**
**Cons. With Nos: 22-14099-HH and 23-10387-J**

## APPELLANTS' MOTION FOR JUDICIAL NOTICE
## OR IN THE ALTERNATIVE MOTION FOR STAY

# TABLE OF CONTENTS

TABLE OF CONTENTS.........................................................................i

TABLE OF AUTHORITIES...............................................................ii

APPELLANTS' CERTIFICATE OF INTERESTED PERSONS

    AND CORPORATE DISCLOSURE STATEMENT ............................iii

**MOTION FOR JUDICIAL NOTICE**

    **OR IN THE ALTERNATIVE MOTION FOR STAY**...........................1

**BACKGROUND** .........................................................................2

**ARGUMENT** ...............................................................................3

    1.   Judicial notice of the Durham Report is entirely appropriate ...............3
    2.   The Facts in the Durham Report Necessitate Judicial Notice...............9
    3.   Alternatively, Staying All Procedures is Proper ...................................12

CONCLUSION ...............................................................................13

CERTIFICATE OF COMPLIANCE ...............................................15

CERTIFICATE OF SERVICE..........................................................16

# TABLE OF AUTHORITIES

## Cases

*Bryant v. Carleson*,

    444 F.2d 353, 357 (9th Cir. 1971) ........................................................ 6

*Coney v. Smith*,

    738 F.2d 1199, 1200 (11th Cir. 1984) ............................................... 4, 5

*Franken v. Mukamal*,

    449 Fed. App'x 776, 779 n.2 (11th Cir. 2011) ................................... 12

*K.T. v. Royal Caribbean Cruises, Ltd.*,

    931 F.3d 1041, 1047−48 (11th Cir. 2019) (Carnes, C.J., concurring) ........... 4, 5, 6

*Landy v. Federal Deposit Ins. Corp.*,

    486 F.2d 139, 151 (3d Cir. 1973) ........................................................ 6

*Rothenberg v. Sec. Mgmt. Co., Inc.*,

    667 F.2d 958, 960 (11th Cir. 1982) ............................................... 4, 5, 6

*Terrebonne v. Blackburn*,

    646 F.2d 997, 1000 n.4 (5th Cir. 1981) ............................................... 5

*United States v. Barton*,

    909 F.3d 1323 (11th Cir. 2018) ........................................................... 6

*United States v. Greer*,

    440 F.3d 1267, 1272 (11th Cir. 2006) ................................................. 6

*United States v. MacAndrew*,

2023 WL 196132, at *2 n.1 (D.D.C. Jan. 17, 2023)..........................................4, 6

**Other Authorities**

U.S. Dept. of Justice, Office of Special Counsel John H. Durham, *Report on Matters*

*Related to Intelligence Activities and Investigations Arising Out of the 2016 Presidential*

*Campaigns* (May 12, 2023) .....................................................................2, 9, 10, 11

**Rules**

11th Cir. R. 12.1-1..............................................................................................12

Fed. R. App. P. 12.1 ...........................................................................................12

Fed. R. Civ. P. 62.1.............................................................................................12

Fed. R. Evid. 201 .................................................................................................4

Fed. R. Evid. 201(d) .............................................................................................4

## APPELLANTS' CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Appellants Donald J. Trump, Alina Habba, Michael T. Madaio, Habba Madaio & Associates, Peter Ticktin, Jamie Alan Sasson, and The Ticktin Law Group include this Certificate of Interested Persons and Corporate Disclosure Statement, listing the parties and entities interested in this appeal, as required by 11th Cir. R. 26.1. Appellants certify that this is a complete list.

ABC Corporations

Aytch, Enjolique Dion

Barry, Stephen

Barzee, William R.

Berkowitz, Sean M.

Berman, Joshua Adam

Binnall, Jesse R.

Bosworth, Michael S.

Brozinsky, Noah

Ceresney, Andrew J.

Clattenburg, Rachel

Clinesmith, Kevin

Clinton, Hillary R.

Comey, James

Crenny, Kevin P.

Crowley, Shawn Geovjian

Danchenko, Igor

Democratic National Committee

DNC Services Corporation

Does' John

Dolan, Jr., Charles Halliday

Doumar, George R.A.

Eisen, Allison

Elias, Marc

Epps, Alexandra N.

Erickson-Pogorzelski, Anthony

Fassbender, Diana Marie

Feldman, Maximillian

Fels, Adam Seth

Fritsch, Peter

Fusion GPS

Garcez, Isabela M.

Garza, Kathryn E.

Gillenwater, James E.

Gonzalez, Juan Antonio

Greenberg, Gerald Edward

Habba, Alina

Habba Madaio & Associates

Harrington, Howard J.

Hart, Nancy

HFAAC, Inc.

Houlihan, Michael F.

Hunt, Patrick, Honorable

Janda, Sean R.

Joffe, Rodney

Kaplan, Roberta A.

Kastrenakes, Eleni Sevasti

Kendall, David Evan

Kiyonaga, Paul Y.

Klauber, Debra

Letter, Douglas

Levine, Jonathan Edward

Levy, Joshua

Lipshultz, Zachary Andrew

Madaio, Michael T.

Markus, David Oscar

Martinez, Roberto

McCabe, Andrew

McCarthy, John

McNichols, John Marcus

Meeks, Katherine Moran

Mestitz, Michael

Middlebrooks, Donald M. Honorable

Monsour, Jr. Franklin George

Mook, Robert E.

Muha, Christopher

Neuman, Sarah E.

Neustar Security Services

Neustar, Inc.

Ohr, Bruce

Ohr, Nellie

Olmedo-Rodriguez, Jennifer

Orbis Business Intelligence, Ltd.

Otterberg, April A.

Page, Lisa

Peacock, Benjamin

Perkins Coie, LLC.

Pettis, Eugene K.

Pinto, Paola

Pittard, William

Podesta, John

Reines, Phillipe

Reilly, Wendy B.

Roberts, Jared Joseph

Rosenstein, Rod

Sainvil, Akiesha Renee Gilcrist

Salzman, Joshua M

Sasson, Jamie Alan

Schar, Reid J.

Schiff, Adam

Schultz, Deborah Wasserman

Sigler, Geoffrey M.

Simpson, Glenn

Soto, Edward

Southall, Samantha

Steele, Christopher

Stekloff, Brian L.

Strzok, Peter

Sullivan, Jake

Sussman, Michael

Terrell, Stephen R.

The Ticktin Law Group

Ticktin, Peter David

Touhey, James G.

Trout, Robert P.

Trump, Donald J.

Turner, Katherine M.

Tyrrell, Steven

United States of America

Warin, Francis Joseph


Neustar, Inc. is a wholly owned subsidiary of TransUnion, which is a publicly
traded entity at NYSE:TRU.

## MOTION FOR JUDICIAL NOTICE
## OR IN THE ALTERNATIVE MOTION FOR STAY

The recent release of the Durham Report seismically alters the legal landscape of this case. While the district court previously held that President Trump and his counsel made frivolous factual and legal allegations, the Durham Report corroborates many facts and allegations about which the district court expressed skepticism. Notably, the Durham Report outlines the role that each RICO Appellee played to harm President Trump, and directly contradicts factual claims previously made by certain Appellees before the district court. This new evidence more than confirms the plausibility of President Trump's Amended Complaint; it is enough to surpass the motion to dismiss threshold and makes any award of sanctions wholly inappropriate.

Many of the Appellees oppose this Court's consideration of the Durham Report, and understandably so; it is devastating to their case. For even if they disagree with the findings of the report, the inescapable conclusion is that the district court was hasty in dismissing the case and simply wrong to impose sanctions. Accordingly, Appellants Donald J. Trump, Alina Habba, Michael T. Madaio, Habba Madaio & Associates, Peter Ticktin, Jamie Alan Sasson, and The Ticktin Law Group respectfully request that this Court take judicial notice of the Durham Report, or in the alternative, stay all proceedings in this case to allow for Appellants

to promptly make a Rule 62.1 motion for an indicative ruling in the district court. Appellees oppose this motion.

## BACKGROUND

The district court issued three orders that have since been consolidated into one for this appeal. On September 9, 2022, the district court dismissed President Trump's Amended Complaint with prejudice. Then, on November 10, 2022, the district court awarded Rule 11 sanctions to Appellee Dolan against President Trump's counsel, Alina Habba, Michael T. Madaio, Habba, Madaio, & Associates, Peter Ticktin, Jamie Alan Sasson, and The Ticktin Law Group. Finally, on January 19, 2023, the district court awarded sanctions to the remaining Appellees against President Trump, Alina Habba, and Habba, Madaio, & Associates.

On May 12, 2023, the government released the *Report on Matters Related to Intelligence Activities and Investigations Arising Out of the 2016 Presidential Campaigns*, authored by Special Counsel John H. Durham ("Durham Report"), which is the most comprehensive and current report on the investigation into the origin and maintenance of the Crossfire Hurricane investigation. U.S. Dept. of Justice, Office of Special Counsel John H. Durham, *Report on Matters Related to Intelligence Activities and Investigations Arising Out of the 2016 Presidential Campaigns* (May 12, 2023). Given the crossover between those events and the events alleged in President Trump's Amended Complaint, the Durham Report provides important context and support

2

to President Trump's prior legal and factual claims. Accordingly, President Trump and his counsel below bring this motion so this Court may fully consider the merits and factual basis of President Trump's Amended Complaint, showing that the underlying claims were plausible and that the award of sanctions was wholly inappropriate.

## ARGUMENT

Judicial notice of the Durham Report by this Court is not only appropriate, it is necessary to promote justice and judicial economy. The rules of evidence and this Court's precedent support the taking of judicial notice of an agency report like the Durham Report. This is especially true in a case like this where the circuit court is on equal footing with the district court to evaluate the report, and failure to take judicial notice would require filing a Rule 62.1 motion in the district court, which would result in needless expense of time and attorneys' fees since the issue would ultimately end up back with the Circuit Court, regardless of outcome.

**1. Judicial notice of the Durham Report is entirely appropriate.**

The Durham Report, released less than a month ago, provides a comprehensive investigative report by a United States agency into the origin of the Crossfire Hurricane investigation of President Trump, his campaign, and his associates. It qualifies as an agency report of which a court may take judicial notice, just like the District Court for the District of Columbia recently did with respect to

the Final Report of the Select Committee to Investigate the January 6th Attack on the United States Capitol ("January 6 Report"). *See United States v. MacAndrew*, 2023 WL 196132, at *2 n.1 (D.D.C. Jan. 17, 2023). Here, the Durham Report is far more than a report from a congressional committee, which is obviously politicized. Instead, it is the culmination of a years-long multinational investigation by respected federal prosecutors and investigators. At the very least, it shows the basis for plausibility and the complete absence in frivolity of Appellant's Amended Complaint.

More importantly, however, the rules of evidence and Eleventh Circuit cases show that judicial notice is appropriate, even in a case like this where the issues on appeal might have different standards of review, including abuse of discretion. *See* Fed. R. Evid. 201(d); *K.T. v. Royal Caribbean Cruises, Ltd.*, 931 F.3d 1041, 1047–48 (11th Cir. 2019) (Carnes, C.J., concurring); *Coney v. Smith*, 738 F.2d 1199, 1200 (11th Cir. 1984); *Rothenberg v. Sec. Mgmt. Co., Inc.*, 667 F.2d 958, 960 (11th Cir. 1982).

As an initial matter, Federal Rule of Evidence 201(d) allows judicial notice "at *any* stage of the proceeding." (emphasis added). Under Rule 201, a court may take judicial notice of any adjudicative fact "that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

Specifically, with respect to agency reports, such as the Durham Report at issue, the Eleventh Circuit has taken judicial notice, citing a Fifth Circuit case for the premise that "[a]bsent some reason for mistrust, courts have not hesitated to take judicial notice of agency records and reports." *Royal Caribbean*, 931 F.3d at 1047–48 (Carnes, C.J., concurring) (citing *Terrebonne v. Blackburn*, 646 F.2d 997, 1000 n.4 (5th Cir. 1981)).

In *Coney*, this Court held that "[a]lthough the state court proceedings on the suppression issue were not made a part of the record before the district court, we may take judicial notice of the same." *Coney*, 738 F.2d at 1200. In that case, the plaintiff, who previously pleaded guilty in a criminal action, brought a claim under Section 1983, claiming that his conviction was based on an illegal arrest and search. *Id.* at 1199. Prior to pleading guilty, however, the plaintiff litigated whether the arrest and search was illegal. *Id.* at 1200. Despite this proceeding not being before the district court, this Court took judicial notice of those proceedings in upholding the dismissal of the claim under the doctrine of collateral estoppel. *Id.*

*Rothenberg* was before this Court on abuse of discretion review for dismissing the plaintiff's derivative action, in a case where the plaintiff had also filed a separate, individual action. *Rothenberg* 667 F.2d at 960. This Court took judicial notice of the fact that the plaintiff's individual lawsuit was later dismissed because appellate courts are free to take judicial notice of "subsequent developments in cases that are a matter

of public record and are relevant to the appeal." *Id.* at 961 n.8. In coming to this conclusion, this Court cited the Third and Ninth Circuits, which had taken judicial notice of subsequent legal filings, proceedings, court decisions, and government reports. *Id.* (citing *Bryant v. Carleson*, 444 F.2d 353, 357 (9th Cir. 1971) and *Landy v. Federal Deposit Ins. Corp.*, 486 F.2d 139, 151 (3d Cir. 1973)). *See also United States v. Greer*, 440 F.3d 1267, 1272 (11th Cir. 2006) (taking judicial notice of where a county seat is located for venue purposes); *Royal Caribbean*, 931 F.3d at 1048 (Carnes, C.J., concurring) (citing *Coney* and *Greer* for the premise that courts can take judicial notice at any point in a proceeding).

In this case, like *Royal Caribbean, Coney,* and *Rothenberg*, the Durham Report represents a subsequent development that is a matter of public record of which this Court may take judicial notice. In particular, like *Royal Caribbean*, the information in the Durham Report derives from a source whose reliability is not reasonably questioned. *See also MacAndrew*, 2023 WL 196132, at *2 n.1 (taking judicial notice of the January 6th Report).

Additionally, in this case, no fact-finding or evidentiary hearing was conducted by the district court at any point. Therefore, this Court stands on equal footing with the district court as being readily capable of taking notice of the subsequent developments and information contained within the Durham Report. *Cf. United States v. Barton*, 909 F.3d 1323, 1327, 1330–32, 1336 (11th Cir. 2018) (emphasizing that in

a case where the district court had conducted a two-day, fact-intensive *Daubert* hearing, the deference owed to the fact-finding of the district court was particularly significant).

Not only did the district court conduct no evidentiary hearing, it made conclusory findings as to the plausibility of the allegations of the Amended Complaint. For example, after citing the many paragraphs of the Amended Complaint dealing with Mr. Comey's conduct as the FBI director, the district court concluded that "the implausible claim that Mr. Comey conspired with Ms. Clinton, given the impact of his announcements on her 2016 campaign, not only lacks substance, but is *categorically absurd*." Doc. No. 302. (emphasis added). This was a political conclusion. It is not *categorically absurd* to believe that Defendant Comey, as the FBI Director with a legacy and reputation to protect, would make the Clinton announcement in a way to do minimal damage to her campaign and preserve a semblance of impartiality on the part of the FBI, while still acting and conspiring to damage and derail President Trump's campaign. Indeed, the revelations of the Durham Report support the plausibility of this belief. The Durham Report indicates that Comey was aware of intelligence about a "Clinton Plan" to smear then-candidate Trump by affiliating him with Russia by August 3, 2016, at the latest, and potentially as early as July 29, 2016. Durham Report at 84–85. And yet, the FBI under Comey opened the Crossfire Hurricane investigation on July 31, 2016, based

upon unverified rumors about connections between the Trump campaign and Russia, and then kept it open, despite having no actual intelligence to support the rumors, and every reason to believe that the rumors were part of the Clinton Plan.

Judicial economy and efficiency also cry out for this Court to take judicial notice of the Durham Report. Here, the dismissal order, which is reviewed *de novo*, and the sanctions award are intertwined, and this Court should take judicial notice for consideration of the entire consolidated appeal rather than requiring any additional step of remand to the district court for only the sanctions aspect of the consolidated appeal. Such an additional step would cause needless expense of judicial and legal resources in a case where such expenditures are already a sticking point with the parties and the court.

A finding by this Court that the Durham Report supports the merits of the case under *de novo* review would necessarily undermine the sanctions findings. The intertwined nature of this consolidated appeal, plus the Eleventh Circuit precedent supporting judicial notice, even where the issue on appeal was reviewed on abuse of discretion, militate in favor of taking judicial notice of the Durham Report in this case. Given the substance of the Durham Report, it is also essential for this Court's evaluation of the issues on appeal.

## 2. The Facts in the Durham Report Necessitate Judicial Notice.

The Durham Report fundamentally changes the landscape for both the merits of this appeal and the issues for sanctions, making judicial notice essential. As discussed above, the district court's motion to dismiss order and sanctions orders are intertwined. The district court found many of President Trump's factual allegations to be implausible when dismissing his Amended Complaint. As a result, the district court used this "implausibility" as an excuse to award sanctions. The Durham Report lends credence, however, to President Trump's factual claims, making the district court's dismissal order inappropriate, and in turn, making the sanctions orders inappropriate.

Importantly, the Durham Report outlines Appellee Dolan's role in the Steele dossier. As the Durham Report notes, "the June 20, 2016 Steele Report reflected facts that Dolan learned during the June Planning trip to Moscow." Durham Report at 145. In June 2016, Appellee Dolan stayed at the Ritz Carlton, received a tour of the hotel, and met with senior staff, including the hotel's general manager. *Id.* Notably, on June 15, 2016, Appellee Dolan sent an email stating, "I'm in Russia making plans to be adopted in the event this mad man [Trump] gets elected." *Id.* at 144. Because of all this, the Durham Report noted, "[i]n light of these facts, there appears to be a real likelihood that Dolan was the actual source of much of the Ritz Carlton and Pavlov information contained in the Steele Reports." *Id.* at 148.

9

In addition, "[t]he Steele Report contained information that Danchenko had gathered directly from Dolan." *Id.* at 150. In fact, Russian official Galinka told the FBI that "she provided Dolan with information that would eventually be in the Steele Reports." *Id.* at 172. During all of this, Appellee Danchenko even emailed Appellee Dolan looking for "rumor[s]" because he was "working on a 'project against Trump'". *Id.* at 150. While Appellee Dolan has continued to maintain that he only provided [false] information on Manafort's firing, the Durham Report acknowledged that allegations in the September 2016 Steele report "bore substantial similarities to information that Dolan received in May and August 2016," which included information beyond Manafort's firing. *Id.* at 154.

Additionally, the Durham Report found that at least some actors central to the Crossfire Hurricane investigation had a "clear predisposition" against President Trump which was not shared in their investigation, or lack of investigation of Clinton. Durham Report at 47. The FBI rapidly opened its investigation into President Trump's campaign, during the height of his campaign for president against Appellee Clinton, despite "not possess[ing] any intelligence showing that anyone associated with the Trump campaign was in contact with Russian intelligence officers at any point during the campaign." *Id.* at 59. In fact, the Report concluded that the FBI's investigation significantly relied on leads from President Trump's political opponents. *Id.* at 18. The Durham Report found that there was disparate

treatment in the way that the FBI handled candidates Trump and Clinton. Specifically, the Report found that the FBI acted considerably more favorably to Appellee Clinton's campaign than President Trump's campaign. *Id.* at 68–81. One example of this is that the FBI provided defensive briefings to the Clinton campaign, but not the Trump campaign. Durham Report at 298. Thus, much of President Trump's allegations were corroborated.

Beyond these factual issues, the Durham Report lends credence to President Trump's equitable tolling argument. During President Trump's entire term, he was forced to address allegations from a baseless investigation, largely perpetuated by Appellees. As the Durham Report now confirms, the FBI opened an investigation into President Trump without "any actual evidence." Durham Report at 8. The FBI did so swiftly, without evaluating any of the 'evidence' given to them, through agents with hostile feelings towards President Trump. *Id.* at 9. Had the FBI carefully analyzed the information given to them from persons such as Appellees, it would have realized that there was no evidence that President Trump or his campaign were involved with Russia. *Id.* Notably, at this same time, the FBI received intelligence from a trusted source "pointing to a Clinton campaign plan to vilify Trump by tying him to Vladimir Putin so as to divert attention from her own concerns relating to her use of a private email server." *Id.* at 10.

11

Given the importance of these facts towards the merits of President Trump's Amended Complaint, and their inability to be reasonably questioned, judicial notice is wholly appropriate. Accordingly, Appellants respectfully request that this Court take judicial notice of all facts contained within the Durham Report.

### 3. Alternatively, Staying All Procedures is Proper.

If this Court declines to take judicial notice of the Durham Report, then Appellants ask that this Court stay all proceedings so that Appellants may promptly make a Rule 62.1 motion in the district court for an indicative ruling. "A party proffering newly discovered evidence may obtain an indicative ruling from a district court concerning relief from judgment pending appeal." *Franken v. Mukamal*, 449 Fed. App'x 776, 779 n.2 (11th Cir. 2011) (citing Fed. R. Civ. P. 62.1; Fed. R. App. P. 12.1).

Pursuant to 11th Cir. R. 12.1-1, "[a] party who files a motion in the district court that the district court lacks authority to grant because an appeal is pending must, within 14 days after filing the motion, serve and file a motion in this court to stay the appeal until the district court rules on the motion before it." Thus, if this Court declines to take judicial notice of the Durham Report, Appellants respectfully request that this Court stay all proceedings while Appellants file for an indicative ruling in the district court.

As discussed, however, this Court is just as a capable of giving judicial notice as the district court, and, therefore, such a motion in the district court should be unnecessary and superfluous. Requiring the additional step of filing with the district court would create a tremendous burden on all parties, and regardless of the district court's determination, the issue would end up in front of this Court once again. This Court has the authority and the ability to bypass that extra step.

## CONCLUSION

The Federal Rules of Evidence authorize this Court to take judicial notice of the Durham Report. Given the Durham Report's significance on the outcome of this case, Appellants ask that this Court do just that. Alternatively, should this Court decline to take judicial notice, Appellants respectfully request that the Court stay all proceedings in this appeal so that they can make a motion for an indicative ruling in the district court.

Dated: June 9, 2023                              Respectfully, submitted

                                                 */s/ Jesse R. Binnall*
                                                 Jesse R. Binnall
                                                 Jared J. Roberts
                                                 BINNALL LAW GROUP, PLLC
                                                 717 King Street, Suite 200
                                                 Alexandria, Virginia 22314
                                                 Phone: (703) 888-1943
                                                 Fax: (703) 888-1930
                                                 Email: jesse@binnall.com
                                                        jared@binnall.com

*Counsel for Donald J. Trump, Alina Habba, Michael T. Madaio, Habba Madaio & Associates, Peter Ticktin, Jamie Alan Sasson, and The Ticktin Law Group*

## CERTIFICATE OF COMPLIANCE

Undersigned counsel certifies that this document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(a) because this document contains 2,990 words.

Undersigned counsel further certifies that this document this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14 font size and Baskerville font.

Dated: June 9, 2023                                Respectfully Submitted,

                                                   */s/ Jesse R. Binnall*
                                                   Jesse R. Binnall

# CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2023, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

/s/ *Jesse R. Binnall*
Jesse R. Binnall

## CERTIFICATE OF SERVICE

I, David Oscar Markus, counsel for appellees and a member of the Bar of this Court, certify that on June 10, 2024, a copy of the attached Supplemental Appendix was filed with the Clerk through the Court's electronic filing system.  I further certify that all parties required to be served have been served.

/s/ *David Oscar Markus*
DAVID OSCAR MARKUS
*Counsel for Appellees*

JUNE 10, 2024