UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

Nos. 22-13410-H, 22-14099-H, 23-10387-H & 23-13177-H

DONALD J. TRUMP, *et al.*,

    Appellants,

v.

HILLARY R. CLINTON, *et al.*,

    Appellees.

_____/

**APPELLANTS' RESPONSE TO APPELLEES' MOTION
REGARDING CONTENTS OF THE MANDATE**

Appellants President Donald J. Trump, Alina Habba, Michael T. Madaio, Habba Madaio & Associates, Peter Ticktin, Jamie Alan Sasson, and The Ticktin Law Group, through counsel, hereby respond in opposition to the Appellees' Motion Regarding Contents of the Mandate and state as follows:

1.     Appellees' motion asks, for the first time in this case, that this Court include in its mandate an unprecedented instruction that post-judgment interest be imposed as of the original dates of the sanctions orders that were affirmed on appeal. However, in lieu of continuing interest obligations, each of those two sanctions orders was *stayed* by the district court, citing S.D. Fla. Local Rule 62.1 and its requirements for calculating the deposit amount. DE:309 (staying the January 19, 2023, inherent-powers sanctions order); DE:289 (staying the November 10, 2022, Rule 11 sanctions

order). Notably, the stays were granted without opposition by Appellees, as noted by the district court in its stay orders. Further, the stay orders approved Appellants' payment of bonds to the court registry. *Id.*

2. Pursuant to the district court's orders of stay, Appellants posted bonds for a specific amount—$1,031,788.33 and $72,901.67, respectively—into the registry of the district court, which suspended enforcement pending appeal. *Id.* In light of these stays, there is no basis for this Court to include in its mandate an instruction to the district court to impose post-judgment interest as of the original date of the sanctions orders. As this Court recognized in *Zelaya/Capital Int'l Judgment, LLC v. Zelaya*, 769 F.3d 1296, 1302 (11th Cir. 2014), "The federal courts ... have overwhelmingly held that statutory post-judgment interest ceases to accrue once disputed funds are deposited into the court's registry" because the deposit precludes further enforcement and satisfies the judgment to the extent of the deposited amount. *Id.* (citing *Cordero v. Jesus-Mendez*, 922 F.2d 11, 18–19 (1st Cir. 1990) (holding that post-judgment statutory interest stops accruing upon deposit into the registry)).

3. The purpose of a supersedeas bond is to substitute security in lieu of enforcement, not to create an additional liability. *Chalfonte Condo. Apartment Ass'n, Inc. v. QBE Ins. Corp.,* 695 F.3d 1215, 1232 (11th Cir. 2012) (supersedeas bond is intended "to secure the prevailing party against the risk that the judgment debtor will be unable to meet the obligations pending appeal and to protect the prevailing party from the costs that it incurs in foregoing execution of judgment until the appeal is decided."). Awarding interest during an unopposed stay, when Appellees are fully

secured by funds deposited into the court's registry, would produce an inequitable windfall rather than compensation. *See Insurance Co. of North America v. Lexow*, 937 F.2d 569, 571 (11th Cir. 1991) ("Post-judgment interest serves to reimburse the claimant for not having received the money in hand on that day.") (internal quotes and citation omitted).

4. Whether interest is owed pending payment *after* the stay is lifted by the district court is a separate matter not at issue. Moreover, the issue is not ripe during the stay. Appellants failed to even mention the stay order in their motion, nor do they cite any precedential authority on the timing or merits of their motion in the procedural posture of this case that would warrant granting the relief requested. Appellees ask this Court to resolve an interest dispute while the stays remain in effect. A mandate instruction now would therefore turn on contingent future events, which renders Appellees' request premature.

5. The Eleventh Circuit's ripeness doctrine turns on two factors: (1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration. *Pittman v. Cole*, 267 F.3d 1269, 1280 (11th Cir. 2001); *Harrell v. Fla. Bar*, 608 F.3d 1241, 1257–1258 (11th Cir. 2010). A claim is not ripe when it depends on contingent future events that may not occur as anticipated. *Atlanta Gas Light Co. v. FERC*, 140 F.3d 1392, 1404 (11th Cir. 1998); *Digital Props., Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997).

6. Here, neither prong is satisfied. The interest question during the stay period, where the amounts have been deposited into the registry, turns on factual and

equitable determinations the district court is best positioned to make when and if the stays are lifted. Nor is there hardship. Appellees are fully secured by the bonded funds in the registry and suffer no prejudice by awaiting the district court's resolution of this issue on remand.

7. By asking this Court to include in its mandate an instruction resolving a question the Court never addressed—the extent to which any post-judgment interest began to accrue on stayed sanctions orders secured by bonds deposited into the court's registry—Appellees seek belated review of an issue that, in any event, Appellants contend Appellees waived in the district court. Once the panel opinion issues, the mandate function may not be used to adjudicate new, disputed, or fact-dependent questions that are committed in the first instance to the district court. This Court's opinion affirmed the sanctions. It did not address, much less resolve, whether post-judgment interest accrues during an agreed stay. Issues not expressly, or impliedly, decided on appeal remain for the district court, to the extent not already implicitly decided by that court or waived. *Piambino v. Bailey*, 757 F.2d 1112, 1119–20 (11th Cir. 1985). Including the requested instruction would therefore improperly expand the mandate beyond what the Court decided in its opinion, and resolve a disputed enforcement question without a record, without adversarial briefing below, and without findings concerning the legal effect of the stays and supersedeas bonds. *Accord United States v. Campbell*, 26 F.4th 860, 872 (11th Cir. 2022) ("[F]ederal courts do not have '*carte blanche* to depart from the principle of

party presentation basic to our adversary system,' it is an 'abuse of discretion' for a court 'to override a [party's] deliberate waiver.'" (citing *Wood*, 566 U.S. at 472–73)).

8.  Appellees invoke Rule 37(a), which provides that when a money judgment is affirmed, interest is payable from the date the district court's judgment was entered, "unless the law provides otherwise." Rule 37(a), however, is silent as to stayed orders and judgments secured by funds deposited into the court's registry. Where a rule is silent on the effect of a stay, courts do not infer automatic interest accrual during the stay period. That silence confirms that interest questions tied to enforcement conditions, including stays, bonds, and registry deposits, are left to the district court. Rule 37(b) requires mandate instructions on interest only when the appellate court "modifies or reverses a judgment with a direction that a money judgment be entered in the district court." That circumstance is not present here.

9.  Although no judgment has been formally entered with respect to the sanctions orders, Appellees invoke Fed. R. Civ. P. 54(a), which provides that a judgment is "any order from which an appeal lies." As reflected in the record in this case, Appellees never sought post-judgment interest in the district court. They did not brief the issue on appeal. They did not raise it at oral argument. They consented to stays of both sanctions orders without reserving any claim to interest and without requesting any interest reservation as a condition of that consent. Only after the Court issued its opinion did Appellees raise the issue for the first time, by motion.

10. This course of conduct constitutes a waiver. A party may not acquiesce in a stay, accept the security of funds deposited into the court's registry, and then seek

5

retroactive monetary consequences that are inconsistent with that stay. *See Access Now, Inc. v. Southwest Airlines Co.,* 385 F.3d 1324, 1330–1331 (11th Cir. 2004) (an issue which a party has failed to raise in its appellate brief and oral argument is deemed abandoned, absent specified exceptional circumstances). *See also Anthony v. Georgia*, 69 F.4th 796, 807 (11th Cir. 2023) (appellant waives arguments not properly raised on appeal absent extraordinary circumstances). Nor are there extraordinary circumstances warranting an exception to the abandonment rule here, in particular where the matter raised by Appellees in their present motion is not purely legal in nature, but involves the evaluation and resolution of facts, including as to the agreed stay and bonded funds deposited into the court registry. In addition, Appellees were not precluded from raising the issue in the district court, yet failed to do so.

11. The Eleventh Circuit recognizes judicial estoppel as a doctrine designed to prevent parties from asserting inconsistent positions to gain an unfair advantage. *See, e.g., Smith v. Haynes & Haynes P.C.*, 940 F.3d 635, 643 (11th Cir. 2019). Appellees' conduct fits that rule. They consented to stays without reserving any claim to interest, remained silent through briefing and oral argument, and now seek retroactive interest only after the panel issued its opinion. Estoppel exists to prevent that kind of strategic reversal.

12. *BankAtlantic v. Blythe Eastman Paine Webber, Inc,* 12 F.3d 1045, 1052-53 (11th Cir. 1994), cited by the Appellees, is procedurally distinct from the instant case. There, the Court, in its opinion and decision on the merits, also remanded for

6

the calculation of interest due on the sanctions amount and taxable costs award contained in the district court's order. Thus, the issue of post-judgment interest was addressed in the Court's opinion—not subsequently, in a request to include it in the mandate, as Appellees improperly seek in our case. In its opinion, the Court found that BankAtlantic's mere failure to request post-judgment interest in the district court did not waive its right to post-judgment interest ordered as part of the resolution of the merits of the case. No question of an agreed stay of an order and use of a court registry deposit was presented, nor was there a failure to address the matter in briefing or by motion prior to decision on appeal.

13. Unlike in *BankAtlantic*, Appellees did not request post-judgment interest either in the district court *or* at any time prior to issuance of the Court's opinion on appeal. And in *BankAtlantic*, unlike the present case, there was no stay, no supersedeas bond, and the court addressed interest in its merits opinion, which did not occur here. Having failed to raise the matter in their briefing or at oral argument, and having consented to the stay, unlike the party in *BankAtlantic*, Appellees waived the issue. Any remedy or modification rights that Appellees may have would, at most, be a matter for the district court to consider if raised by Appellees in the district court following remand.

14. In *Bancamerica Com. Corp. v. Mosher Steel of Kansas, Inc.*, 103 F.3d 80, 82 (10th Cir. 1996), also cited by Appellees, the Tenth Circuit amended a previously-issued mandate to include an instruction to the district court regarding the granting of post-judgment interest on a monetary award, where the court's prior

7

opinion awarded only prejudgment interest, is both procedurally distinct and does not present the agreed stay of sanctions penalties that Appellees have failed to address in their motion. The court in *Bancamerica* noted that "in cases where interest is simply overlooked, a party who conceives himself entitled to interest from a date other than the date of entry of judgment in accordance with the mandate should be entitled to seek recall of the mandate for determination of the question." *Id.* Again, the question in *Bancamerica*, regarding timing of an interest issue that was resolved on the merits in the court's issuance of an opinion, is entirely distinct from an agreed stay as to which no request for any form of interest was ever made prior to issuance of the opinion.

15. The Appellees' newly-raised interest motion, which disregards undisputed procedural facts, including the district court's stay of the sanctions orders and unopposed payment of supersedeas bonds in the court registry, should be denied. Whether or not any claim for interest was waived; whether any such claim, even if waived for the period of the stay, remains available to the Appellees once a stay is lifted; and any other relief Appellees may seek ancillary to the judgments should be reserved to the district court. The Appellees' motion should be denied.

WHEREFORE, Appellants respectfully request that this Court deny the Appellees' Motion Regarding Contents of the Mandate.

Respectfully submitted,

| | |
|---|---|
| s/ Jesse R. Binnall | s/ Richard C. Klugh |
| s/ Jared J. Roberts | RICHARD C. KLUGH, ESQ. |
| BINNALL LAW GROUP, PLLC | Counsel for Appellants |
| Counsel for Appellants | 40 N.W. 3rd Street, PH 1 |
| 717 King Street, Suite 200 | Miami, Florida 33128-1838 |
| Alexandria, Virginia 22314 | Tel. No. (305) 536-1191 |
| Tel. No. (703) 888-1943 | |
| | s/ Alejandro Brito |
| | ALEJANDRO BRITO, ESQ. |
| | BRITO, PLLC |
| | Counsel for Appellants |
| | 2121 Ponce de Leon Boulevard |
| | Suite 650 |
| | Miami, Florida 33134 |
| | Tel. No. (305) 614-4071 |

*Counsel for President Donald J. Trump, Alina Habba, Michael T. Madaio, Habba Madaio & Associates, Peter Ticktin, Jamie Alan Sasson, and The Ticktin Law Group*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion contains 2,074 words and complies with the typeface and type-style requirement of Fed. R. App. P. 32(a)(5) and (6) because it was prepared in a WordPerfect proportionally spaced Times New Roman 14-point font.

s/ Richard C. Klugh
Richard C. Klugh, Esq.